IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>　　　　　Defendants. | No. CV-25-00663-PHX-DWL<br><br>**PRELIMINARY ORDER** |

The parties are advised of the following preliminary policies and procedures that will govern these proceedings.

**IT IS ORDERED** as follows:

### Governing Rules

Both counsel and *pro se* litigants must abide by the Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rules") and the Federal Rules of Civil Procedure.

### Service Deadline

Service of the summons and complaint on each defendant must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period. Any such request must set forth the reason why service has not been accomplished and request a specific short additional period of time. If the Court believes your reason constitutes "good cause," it will authorize a brief additional period to accomplish service.

Proof of service must be filed with the Clerk of Court, in the form of an affidavit, promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply with this requirement—absent proof of service, the Court will have no way of knowing that the complaint has been served.

This order serves as an express warning that the Court will dismiss this action, without further notice to Plaintiff(s), with respect to any Defendant that is not timely served. *See* Fed. R. Civ. P. 4(m).

### Forms of Papers

The parties shall adhere to all of the requirements of LRCiv 7.1, including the requirement that text and footnotes shall be no smaller than 13 point. The Court prefers Times New Roman 13-point font. Citations supporting any textual proposition shall be included in the text, not dropped in a footnote.

### Paper Courtesy Copies

Please do not send paper courtesy copies of pleadings, short procedural motions (*e.g.*, motion for extension of time), 26(f) reports, or stipulations. A paper courtesy copy of dispositive motions (or other lengthy motions that will be opposed) and any responses or replies thereto shall be either postmarked and mailed to the judge or hand-delivered *to the judge's mail box* located in the courthouse by the next business day after the electronic filing. Please do not attempt to deliver documents to the Judge's chambers. A copy of the face page of the Notice of Electronic Filing shall be appended to the last page of the courtesy copy. Courtesy copies of documents too large for stapling must be bound with a metal prong fastener at the top center of the document or submitted in three-ring binders.

### Amending Pleadings

Rule 15 of the Federal Rules of Civil Procedure and LRCiv 15.1 govern pleading amendments. Pursuant to LRCiv 15.1(b), if all parties consent to an amendment, leave of the Court is not necessary, so the parties shall not file a motion or stipulation. A party amending as a matter of course or with the opposing parties' consent must file a notice of

1 filing the amended pleading. The notice must specify whether the amendment is being
2 made pursuant to FRCP 15(a)(1) (amendment as a matter of course) or 15(a)(2)
3 (amendment with the opposing party's written consent). If the amendment is with the
4 opposing party's written consent, the certification required by LRCiv 15.1(b) must be
5 included in the notice, even if consent can be gleaned elsewhere on the record (*e.g.*,
6 consent given during a hearing). If the amendment is as a matter of course, the notice
7 shall specify whether Rule 15(a)(1)(A) or 15(a)(1)(B) permits the amendment and must
8 provide the applicable service date (the date that opened the 21-day window of time in
9 which amendment as a matter of course is permissible).

10 Before filing a motion for leave to amend, the party that wishes to amend must
11 seek the consent of the other parties in an attempt to file the amended pleading pursuant
12 to LRCiv 15.1(b). If any party is unwilling to consent, the motion for leave to amend
13 must indicate which party (or parties) will oppose the request. If a motion for leave to
14 amend a pleading fails to so indicate, the motion will be denied without prejudice for
15 failure to adhere to this order.

16 To amend by any means (as a matter of course, with the opposing party's consent,
17 or by motion), the amending party must file a copy of the amended pleading that
18 indicates in what respect it differs from the pleading which it amends, by bracketing or
19 striking through the text that was deleted and underlining the text that was added.
20 Microsoft Word users can create this copy by selecting the "Track Changes" option in the
21 "Review" panel before making any changes.

## Motions and Stipulations

23 Every motion or stipulation, however mundane, must cite the rule(s) and/or law(s)
24 that permit the Court to grant the requested relief. Requests for extensions of time must
25 include a brief explanation of why the extension is needed, to help the Court determine
26 whether there is good cause. *See* Fed. R. Civ. P. 6(b)(1)(A).

27 To ensure timely case processing, a party moving for an extension of time,
28 enlargement of page limitations, or leave to file a document under seal shall indicate in

the motion whether the non-movant opposes the request and intends to file a written response. If such a motion does not so indicate, it may be denied for failure to comply with this Order.

Motions and stipulations should be accompanied by proposed orders.[1] These proposed orders must not be on law firm letterhead and must not contain any information identifying the party submitting the order, and they must set forth the relief requested, rather than incorporating the motion or stipulation by reference. *See also* LRCiv. 7.1(b)(3). The proposed orders must be emailed—in Microsoft Word format (*not* PDF)—to lanza_chambers@azd.uscourts.gov. The subject line of the email must include the case name, case number, the words "proposed order for [name of motion]," and an indication of whether the motion is opposed or unopposed if this is not otherwise apparent from the name of the motion.

## Rule 12 Motions Are Discouraged

Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The Court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment, the movant must confer with the opposing party to determine whether such motion can be avoided; and (2) the movant must attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* Local Rule 12(c). The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals and certificates before the complaint was amended. Any motion lacking the required certification may be summarily stricken.

## Protective Orders

---

[1] A proposed order is not necessary for motions that will require a reasoned analysis from the Court, or for stipulations requesting issuance of the Court's standard protective order with no amendments.

- 4 -

1    The Court's standard protective order is available on the Judges' Orders, Forms & Procedures page on the Court's internet site.  If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the Court issue its standard protective order.  If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the Court's review.  In that case, all language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties' Word document with the tracked changes must be emailed to chambers.  The parties are reminded that the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not mean the Court will automatically order that filings containing such information be placed under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  In all cases, the parties shall adhere to the federal and local rules, including LRCiv 5.6, which details the local rules for sealing court records.

## Motions to Seal

LRCiv 5.6 governs sealing of court records in unsealed civil actions.  Every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard.  For example, the stringent "compelling reasons supported by specific factual findings" standard articulated in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), applies to filed motions and their attachments where the motion is "more than tangentially related to the merits of a case."  *Ctr. for Auto Safety*, 809 F.3d at 1101.  The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents.  Merely noting that a document was designated confidential by a party will not satisfy any applicable legal standard for sealing.

Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to

LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact.

**Emergencies and Expedited Consideration**

Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration*. This notice should set forth the grounds warranting accelerated resolution and identify the dates of the imminent events pertinent to the request. A request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered—a separate notice must be filed.

**Requests to Reschedule Court Dates**

The Court interprets LRCiv 7.3(b) as applying to requests to reschedule court dates due to attorney conflicts. As such, and to enable the court to efficiently manage cases, such requests must be made by motion or stipulation, must indicate the position of each other party, and (unless another party plans to file a written opposition, which would be appropriate only in rare circumstances) must propose to the Court at least three dates/times when all counsel are available for rescheduling purposes.

**Noncompliance**

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court. *See also* Local Rule 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

**IT IS FURTHER ORDERED** that Plaintiff(s) must promptly serve a copy of this Order on any Defendant(s) that have not yet appeared and file a notice of service with the Clerk of Court.

**IT IS FURTHER ORDERED** that unless the Court orders otherwise, the Clerk of Court shall **terminate** without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure within 90 days of filing the complaint.

Dated this 24th day of April, 2025.

Dominic W. Lanza
United States District Judge