**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>  Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>  Defendants. | No. CV-25-00663-PHX-DWL<br><br>**ORDER** |

In February 2023, an Arizona trial court issued an order declaring Plaintiff a vexatious litigant pursuant to A.R.S. § 12-3201. *Potter v. Ariz. House of Reps.*, 2024 WL 368095, *2 (Ariz. Ct. App. 2024). In February 2024, the Arizona Court of Appeals unanimously affirmed. *Id.* at *7 ("The Superior Court Did Not Abuse Its Discretion When It Designated Potter a Vexatious Litigant Under A.R.S. § 12-3201."). In June 2024, the Arizona Supreme Court denied review. *Id.*

In February 2025, Plaintiff, who is proceeding *pro se*, initiated this action. (Doc. 1.) In Counts One and Two of his operative pleading, Plaintiff raises an array of federal constitutional challenges to Arizona's vexatious litigant statute and its application to him. (Doc. 14 ¶¶ 113-214.) As to both claims, Plaintiff sues Kris Mayes, the Arizona Attorney General, and as to Count One, Plaintiff also sues Joseph Welty, the Presiding Judge of the Maricopa County Superior Court. (*Id.*) Among other forms of relief, Plaintiff seeks an order "[e]njoining Defendant Mayes from enforcing A.R.S. § 12-3201 injunctive orders" and an order "[p]ermanently enjoining Defendant Welty from enforcing A.R.S. § 12-3201,

which also precludes issuing any administrative [order] entering Plaintiff's name onto any vexatious litigant list or register." (*Id.* at 71.) In Count Three, Plaintiff asserts a claim under 42 U.S.C. § 1983 against the two purported state actors who allegedly caused the vexatious litigant motion to be filed against him, premised on the notion that the filing of that motion resulted in the violation of his federal constitutional rights. (*Id.* ¶¶ 215-37.) Finally, in Counts Four and Five, Plaintiff asserts various state-law tort claims. (*Id.* ¶¶ 238-69.)

Recently, Plaintiff filed a motion for a temporary restraining order and preliminary injunction as to his "First Amendment facial challenge to Arizona's vexatious litigant statute," seeking as relief an order "enjoin[ing] Defendants Mayes and Welty from enforcing the Statute in any manner." (Doc. 23 at 1, 4.) Additionally, Plaintiff recently filed a motion to require the U.S. Marshal to serve Judge Welty with process. (Doc. 25.)

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

It appears the Court lacks subject-matter jurisdiction over Plaintiff's federal claims in this action. *See, e.g.*, *Bashkin v. Hickman*, 411 F. App'x 998, 999 (9th Cir. 2011) ("Bashkin appeals pro se from the district court's judgment dismissing his 42 U.S.C. §§ 1983 and 1985 action challenging a state court decision declaring him a vexatious litigant. . . . We affirm. The district court properly concluded that the *Rooker-Feldman* doctrine barred Bashkin's action to the extent that he challenged the vexatious litigant order and any other state court orders and judgments, because the action is a 'forbidden de facto appeal' of state court judgments, and raises constitutional claims that are 'inextricably intertwined' with those prior state court judgments."); *Macleod v. Bexley*, 730 F. App'x 845, 848 (11th Cir. 2018) ("[A] state court order declar[ed] Macleod a vexatious litigant . . . [and] prohibited Macleod from pro se appearances and barred him from making additional pro se filings. Although couched in different terms, Macleod essentially asks

the federal courts to review the state court order. We will not do so, and, after de novo review, we find no error in the district court's refusal to do so. Under the *Rooker-Feldman* doctrine, the district court did not have jurisdiction to consider Macleod's complaint because it falls into the class of state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Similarly, Macleod's claim involves an order uniquely in furtherance of the state courts' ability to perform their judicial functions, and it is thus barred by the *Younger* abstention doctrine.") (cleaned up). *See generally Kleidman v. Administrative Presiding Justice Elwood Lui*, 2025 WL 1117432, *3 (C.D. Cal. 2025) ("[T]he Ninth Circuit has repeatedly determined that the *Rooker-Feldman* doctrine precludes a plaintiff from challenging the application of a vexatious litigant order.") (citations omitted).[1]

Accordingly,

**IT IS ORDERED** that Plaintiff must show cause, within seven days of the issuance of this order, why this action should not be dismissed for lack of subject-matter jurisdiction.

Dated this 16th day of May, 2025.

_____
Dominic W. Lanza
United States District Judge

---

[1] If the Court lacks subject-matter jurisdiction over Plaintiff's federal claims, it also lacks subject-matter jurisdiction over his state-law claims. *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").