**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, | No. CV-25-00663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Meza, et al., | |
| Defendants. | |

On January 27, 2025, *pro se* Plaintiff initiated this action by filing the complaint, which names Robert Meza, Karrin Taylor Robson, Alane Ortega, and Does 1-60 as Defendants, and paying the filing fee. (Docs. 1, 5.)

On May 12, 2025, Plaintiff filed the First Amended Complaint ("FAC"), adding two new Defendants: (1) Kris Mayes, in her official capacity as Arizona Attorney General; and (2) Joseph Welty, in his official administrative capacity as Presiding Judge of the Maricopa County Superior Court. (Doc. 14.) A few days later, Plaintiff filed a motion for temporary restraining order ("TRO") and preliminary injunction and a motion to require the U.S. Marshal to serve Judge Welty. (Docs. 23, 25.) After reviewing those materials, the Court issued an order to show cause ("OSC") why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. 26.) Plaintiff has now filed a lengthy response to the OSC, as well as a request for expedited consideration of his response. (Docs. 27, 28.)

Although the Court is not necessarily persuaded by Plaintiff's response to the OSC, it concludes that the jurisdictional and other issues raised by Plaintiff's FAC and motion

for TRO are better resolved through the adversarial process. The Court will thus order Attorney General Mayes, who has already appeared in this action (Doc. 24), to file a response to the motion for TRO by June 2, 2025. Plaintiff may file a reply by June 6, 2025. After the Court reviews the parties' briefing, it will decide whether a hearing is necessary. *Cf. Moncier v. Jones*, 803 F. Supp. 2d 815, 826 (E.D. Tenn. 2011) ("If a defendant is on notice, however, a request for a temporary restraining order may be treated as a motion for a preliminary injunction.").

As for Judge Welty, Rule 4(c)(3) provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Here, Plaintiff is not proceeding *in forma pauperis* and is not a seaman, so he is not entitled to assistance in effecting service—instead, the question whether to compel the U.S. Marshal to provide assistance lies within the Court's discretion. *See* Fed. R. Civ. P. 4, advisory committee note to 1993 amendment ("The court remains obligated to appoint a marshal, a deputy, or some other person to effect service of a summons in two classes of cases specified by statute: actions brought in forma pauperis or by a seaman. The court also retains discretion to appoint a process server on motion of a party."). "The Advisory Committee Notes for Rule 4 state that this authority is discretionary and should be exercised in favor of appointment when a law enforcement presence appears necessary or advisable to keep the peace. For example, a court's discretion might be exercised in favor of a Rule 4(c)(3) request when a hostile defendant threatens injury to the process server. The Advisory Committee Notes also state that, before turning to Rule 4(c)(3), a plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service and that court orders directing service by marshal should not be issued unless they really are necessary." *Hollywood v. Carrows Cal. Family Restaurants*, 2018 WL 7461690, * 1 (C.D. Cal. 2018) (cleaned up).

Given these considerations, the Court concludes in its discretion that Plaintiff's

request for service assistance should be denied. There is no indication that a law enforcement presence is necessary or advisable to keep the peace. Nor does it appear that Plaintiff has requested a waiver of service pursuant to Rule 4(d). The deadline to serve Judge Welty is August 11, 2025, so there is still plenty of time to request a waiver. *See* Fed. R. Civ. P. 4(d)(1)(F) (waiver request must "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver"). To the extent Plaintiff considers the delays inherent in requesting a waiver undesirable, Rule 4(e) provides methods for serving an individual (with exceptions not relevant here) within a judicial district of the United States. Plaintiff does not appear to have exhausted his options, and at any rate, because this is not a case that warrants burdening the U.S. Marshal with the responsibility of effecting service, the responsibility remains with Plaintiff. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."); *Henderson v. United States*, 517 U.S. 654, 662 (1996) ("Rule 4 changes made operative in 1983 completed a shift in responsibility for service from the United States marshals to the plaintiff.").

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for service assistance (Doc. 25) is **denied**.

2. Attorney General Mayes shall respond to the motion for TRO by June 2, 2025, and Plaintiff may file a reply by June 6, 2025.

Dated this 21st day of May, 2025.

_____
Dominic W. Lanza
United States District Judge