**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant Alane Ortega*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>　　　　　Defendants. | Case No.  2:25-cv-00663-PHX-DWL<br><br>**ALANE ORTEGA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>(Hon. Dominic W. Lanza) |

  Defendant Alane Ortega moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the First Amended Complaint for lack of subject matter jurisdiction.

**I.　Introduction**

  In his first amended complaint (FAC), Plaintiff Potter alleges that all named parties are citizens of Arizona. FAC at 34–36 ¶¶ 99–104. As a result, this Court cannot have subject matter jurisdiction over any state law claims under 28 U.S.C. § 1332 because there is not complete diversity of citizenship.

  Nor does this Court have federal question jurisdiction over Potter's claims against Ortega because Potter does not assert any federal claims <u>against her</u> – he asserts only state law claims for abuse of process and aiding and abetting abuse of process by Defendants Meza and Robson. FAC at 65–70. As a result, this Court does not have federal question jurisdiction over Potter's claims against Ortega.

Potter alleges that this Court has subject matter jurisdiction over these claims because they are "factually intertwined" with his federal claims against the other defendants. *See* Compl. At 37 ¶¶ 106–07. He appears to be asking the Court to exercise its discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

The statute, however, requires more than that state claims be "factually intertwined" with federal questions within the same action. Because Potter's state claims against Ortega do not meet the requirements for the Court to exercise supplemental jurisdiction, the Court should dismiss them.

And as set forth below, Potter has been deemed a vexatious litigant in Maricopa County Superior Court. Potter is trying to circumvent that order by filing this action.

## II.   Facts

Ortega is a family law attorney in Arizona. *See* FAC at 35 ¶ 102. She represents Potter's ex-wife, Defendant Doctor, in a long-running family court proceeding between her and Potter and in other suits later filed by Potter against Doctor. *See* FAC at 19 ¶ 58.n and 19–20 ¶ 59 (initial and subsequent representation), 67–68 ¶ 254 (listing later cases).

In 2023, the presiding judge of the Maricopa County Superior Court issued an order finding Potter to be a vexatious litigant and requiring Potter to obtain leave from relevant judicial authorities before he could file pleadings or other papers with the state court in that county. A copy of the order is attached as **Exhibit A**. Ortega requests that the Court take judicial notice of the order. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (The Court may take judicial notice of "undisputed matters of public record including documents on file in federal or state courts." (citation omitted)).

Potter makes the following allegations against Ortega:

1.     Ortega is the daughter-in-law of a non-profit organization's founder and "made [the founder] aware" that Potter "was on the cusp of filing a civil suit that would expose" the "Scheme" Potter alleges Defendant Meza carried out to secure public funds for certain organizations in return for covert payments. FAC at 5 ¶ 15; *see also* FAC at 2 ¶ 1 (summarizing the alleged "Scheme").

2.    Defendant Doctor engaged Ortega to represent her in 2020. FAC at 19 ¶ 58.n and 19–20 ¶ 59.

3.    Defendant Meza somehow "helped" Defendant Doctor "to secure Ortega as counsel" and "'helped' Ortega with litigation thereafter." FAC at 20 ¶ 60.b.

4.    Ortega objected to consolidation of two civil cases filed by Potter. FAC at 21 ¶ 60.c n.14.

5.    Ortega represents Defendant Doctor in another suit Potter filed against Doctor alleging malicious prosecution. FAC at 19–20 ¶ 59.

6.    Ortega conspired with Meza's counsel by phone and email and a "series of communications" to "intimidate" Potter and "discredit and damage him via factual misrepresentations" in court filings so as to "prevent criminal investigations into" Defendants Meza and Doctor and "maintain secrecy and prevent investigations into the Scheme." FAC at 44 ¶ 83; *see also* FAC at 3 ¶ 5 (describing referenced "second object" of the "Scheme").

7.    In the family court litigation in which Ortega represents Defendant Doctor, Ortega sought Potter's disclosure of his communications with an FBI agent and the Department of Homeland Security "to intimidate [Potter] and unlawfully learn details about [a] federal investigation." FAC at 30–31 ¶ 85.

8.    In the family court litigation, Ortega withheld required production of records "for the unlawful purpose of concealing financial information" required for a child support determination but that "implicated" Defendants Doctor's and Meza's participation in the "Scheme" and sought a protective order limiting the use of financial information used in the litigation to keep it away from "[g]overnment investigators" and to intimidate Potter with the threat of sanctions and being in contempt. FAC at 31–32 ¶¶ 87–89.

9.    Ortega made improper objections during a deposition in the child-support and custody litigation "to obstruct investigations and conceal information implicating [Defendants Doctor and Meza] in the Scheme." FAC at 32 ¶ 90.

SILENCE LAW GROUP

3

10. Ortega "instructed" Defendant Doctor "to present" a vexatious litigant order from the child-support and custody litigation to the Arizona Secretary of State "seeking to have the State identify [Potter] as a" perpetrator of domestic violence and to "delay, block, and/or limit financial documents production which might prove financial crimes." FAC at 32–33 ¶¶ 92–93.

11. Ortega introduced "address confidentiality program authorization cards" as exhibits to motions in a discovery dispute in the family court litigation to serve "that unlawful purpose" identified in the previous paragraph. FAC at 33 ¶ 94.

As for the other defendants, Potter alleges that they violated his constitutional rights either by enforcing or being able to enforce allegedly unconstitutional state statutes or by depriving Potter of constitutional rights under color of law. FAC at 39–57 ¶¶ 113–207 (Count 1: vexatious litigant statute), 57–59 ¶¶ 208–14 (Count 2: criminal harassment statute), 59–65 ¶¶ 215–37 (Count 3: deprivation of constitutional rights by Defendants Meza and Robson).

## III. Legal Standard

Parties have the burden to establish jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts' "supplemental jurisdiction" is codified in 28 U.S.C. § 1367, which provides for supplemental jurisdiction over all claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

State law claims are part of the same "case" as federal claims when "they derive from a common nucleus of operative fact" and would be expected to be tried in one judicial proceeding. *See Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape and Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

Even when this standard is met, a district court has discretion over whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–350 (1988), *superseded by statute on other grounds*. The Court should dismiss claims

1 when a balance of the factors of "judicial economy, convenience, fairness, and comity"
2 indicate they belong in state court. *Id.*

### IV. The Federal Claims Against the Other Defendants Do Not Arise From the Same Common Nucleus of Operative Facts As the State Law Claims Against Ortega.

Potter's federal claims against the other defendants include the unconstitutionality of Arizona's vexatious litigant statute, the unconstitutionality of Arizona's statutory definition of criminal harassment, and deprivation under color of law of Potter's constitutional rights by Defendants Meza and Robson. FAC at 39–57 ¶¶ 113–207 (Count 1: vexatious litigant statute), 57–59 ¶¶ 208–14 (Count 2: criminal harassment), 59–65 ¶¶ 215–37 (Count 3: deprivation of constitutional rights by Defendants Meza and Robson).

Potter brings only Arizona common law claims against Ortega: abuse of process and aiding and abetting abuse of process allegedly committed by Meza and Robson. *See* FAC at 65 ¶¶ 238–39, 67–69 ¶¶ 249–59 (abuse of process); FAC at 69–70 ¶¶ 260–69 (aiding and abetting).

Potter alleges this court has jurisdiction over those claims because they are "factually intertwined" with his federal claims. FAC at 37 ¶¶ 106–07. But Potter alleges no facts sufficient to show that his state law claims derive from the same nucleus of operative fact as his federal-question claims or that the state and federal claims—against different defendants—would be expected to be tried in the same judicial proceeding. None of Ortega's actions have any bearing on the federal claims, including the constitutionality of any Arizona statute. The claims are not "intertwined" as Potter alleges and would not be tried in the same proceeding.

The elements of an Arizona claim for abuse of process are "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Fappani v. Bratton*, 243 Ariz. 306, 309 ¶ 9 (App. 2017).

Potter alleges seven specific acts by Ortega as meeting the first element. *See* FAC at 67–68 ¶ 254. Three of those acts are alleged to have been taken in Arizona Superior

SILENCE LAW GROUP

5

1  Court cases CV2021-005501, CV2021-013210, and FC2020-090224. These cases involve
2  Potter suing his ex-wife who Ortega represented in each of these matters, along with
3  dozens of other defendants associated with his ex-wife, including some of the defendants
4  in this case. *See generally* Attachment "A" to Exhibit A.

5  Ortega's alleged misconduct was, or could have been, addressed by these Courts.
6  Potter is seeking to relitigate these issues while circumventing the order restraining him
7  from filing any further vexatious actions in Arizona state courts.

8  But regardless of whether these issues are res judicata or whether Potter is
9  circumventing the vexatious litigant order, the Court does not have supplemental
10 jurisdiction over them. Whether Ortega engaged in abuse of process while representing
11 Potter's ex-wife in these matters has no relevance to the federal constitutional claims he
12 has asserted against the other defendants.

13 Even if the Court determined it had supplemental jurisdiction over the claims
14 against Ortega, it should decline to exercise it for the sake of judicial economy, comity
15 with the Arizona courts' decisions in Potter's state court cases and with its finding him a
16 vexatious litigant, and fairness and convenience for all parties other than Potter.

17 **Conclusion**

18 The Court should dismiss the claims against Ortega for lack of supplemental
19 jurisdiction or, alternatively, decline to exercise supplemental jurisdiction over them in the
20 interest of judicial economy, fairness, convenience, and comity.

22 DATED this 11th day of July, 2025.

**Silence Law Group PLLC**

*/s/ Trevor Cook*
Trevor Cook
Jeffrey Silence
*Attorneys for Defendant Alane Ortega*

*Certificate of Service*

I hereby certify that on 11th day of July, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all parties.

I have also caused to be mailed a courtesy copy of the foregoing to:

Honorable Dominic W. Lanza
United States District Court
Sandra Day O'Connor Courthouse, Suite 621
401 W. Washington St., SPC 46
Phoenix, Arizona 85003-2151


 */s/ Trevor Cook*
Trevor Cook