# EXHIBIT A

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

| | |
|---|---|
| IN THE MATTER OF PROHIBITING PHILLIP POTTER FROM FILING ANY LAWSUIT IN MARICOPA COUNTY WITHOUT OBTAINING PRIOR PERMISSION FROM THE COURT | ADMINISTRATIVE ORDER No. 2023- 159 |

      This matter was referred by the Honorable John Blanchard to consider issuing an administrative order declaring Phillip Potter a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

      Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

      Judge Blanchard's referral is a result of his order designating Mr. Potter a vexatious litigant in the case of *Phillp Potter v. Arizona House of Representatives, et. al.,* CV2022-008626. Judge Blanchard noted that beginning in 2021, Mr. Potter filed numerous lawsuits against various individuals and organizations alleging conspiracies between his ex-wife, his ex-in-laws, and various government actors and other parties. The allegations contain both frivolous and bizarre claims against the various defendants. In addition to the lawsuit before Judge Blanchard, the following list, attached as Attachment "A", sets forth other vexatious conduct by Mr. Potter in various other causes of action in this Court.

As Judge Blanchard has noted, the cases filed by the plaintiff allege causes of action that are unsupported by facts as alleged, argue legal positions that are not founded in the law or reasonable interpretations of the law, re-argue the same positions repeatedly with no regard for rulings of the Court, and promote abuse of process. Many allegations appear to be made solely for the purposes of harassing defendants.

For the reasons set forth above and incorporating the findings of fact and conclusions of law of Judge Blanchard, the Court finds that Mr. Potter has engaged in vexatious conduct by filing claims or requests for relief that have been subject to previous rulings in previous litigation; has unreasonably expanded court proceedings; and has brought court actions without "substantial justification" as defined in A.R.S. §12-349.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Potter's established pattern of abuse.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Potter may not file any new causes of action as a pro se litigant after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Potter may not file any further pleading or motion in any of his current lawsuits as a pro se litigant without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Potter must either cite this order in his application, or attach as an exhibit a copy of this order.

4. Any request for fee waiver or deferral may only be granted by the Civil Presiding Judge or his/her designee.

If approval for filing a new action by Mr. Potter is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Potter. This Administrative Order does not preclude Mr. Potter from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

Dated this 2nd day of November, 2023.

/S/ Joseph C. Welty
Honorable Joseph C. Welty
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Jeffrey Fine, Clerk of the Superior Court
               Hon. Danielle Viola, Civil Department Presiding Judge
               Hon. John Blanchard
               Raymond L. Billotte, Judicial Branch Administrator
               Luke Emerson, Civil Department Administrator
               Jessica Fotinos, Office of the Clerk of the Superior Court
               Phillip Potter
               Brett W. Johnson, Esq., Snell & Wilmer, L.L.P.
               Timothy A. Nelson, Esq., The Nelson Law Group, PLLC
               Kevin E. O'Malley, Esq., Gallagher & Kennedy, P.A.
               Hannah H. Porter, Esq., Gallagher & Kennedy, P.A.

ATTACHMENT "A"

**Case Number:** CV2021-005501

**Date Filed:** April 5, 2021

**Pleading Filed:** Complaint

**Listed Defendants:**
Tasneem Doctor; Abdulla Doctor; Brend Doctor; Christine Erchich; Michael Clancy; Hildebrandt Law, P.C.; John / Jane Does A- J; Companies

**Overview:**
Plaintiff files a 48-page lawsuit against his ex-wife and ex-in-laws but focuses most of the complaint on scandalous and irrelevant accusations as well as extensive details about alleged abuse and grotesque cult involvement by some of the defendants. The Court strikes 53 of these paragraphs in a minute entry dated August 23, 2021.

**Case Number:** CV2021- 005501
**Date Filed:** July 30, 2021
**Pleading Filed:** Response to Defendant Tasneem Doctor's Motion to Strike
**Overview:**
In opposing a motion to strike much of his Complaint, Plaintiff frivolously requests sanctions.

**Case Number:** CV2021-005501, CV2021-013210
**Date Filed:** October 11, 2021
**Pleading Filed:** Motion to Consolidate per Ariz. R. Civ. P. Rule 42(a)
**Overview:**
Plaintiff attempts to consolidate CV2021- 005501 and CV2021- 013210, which involve completely different factual and legal issues. The Motion is denied in a Minute Entry dated November 22, 2021.

**Case Number:** CV2021-005501
**Date Filed:** January 26, 2022
**Pleading Filed:** Motion for Leave to Amend Complaint
**Listed Defendants:**
Tasneem Doctor; Abdulla Doctor; Brenda Doctor; Christine Ehrich; Michael Clancy; Hildebrandt Law, P.C.; Robert Meza; Alison Rapping; Lorrie Henderson; Jewish Family and Children's Services, Inc.; Shawn Emmons; PSA Behavioral Health Agency; Tad Gary; Mercy Care; Blue Cross and Blue Shield of Arizona, Inc.; Jeff Guldner; Don Brandt; Arizona Public Service Company; Pinnacle West Capital Corporation; Alane Ortega; John / Jane Does A-J; Companies 1-10 Saylor; Lorrie Henderson; Jewish Family and Children's Services, Inc.; Shawn Emmons; PSA Behavioral Health Agency; Tad Gary; Mercy Care; Blue Cross and Blue Shield of Arizona, Inc.; Jeff Guldner; Don Brandt; Arizona Public Service Company; Pinnacle West Capital Corporation; John / Jane Does A-J; Companies 1-10

**Overview:**
To get around the court's order striking irrelevant allegations against Defendant Meza and the denial of consolidation with CV2021-013210, Plaintiff changes the entire scope of his Complaint to include 479 paragraphs of allegations, 10 separate counts, and 14 additional defendants. This amended complaint essentially duplicates the issues raised in CV2021- 013210. This motion is denied in a Minute Entry dated March 29, 2022.

**Case Number:** CV2021-013210
**Date Filed:** October 15, 2021
**Pleading Filed:** Motion to Disqualify Counsel and to Compel Document Production and Testimony per Crime-Fraud Exception.

**Overview:**
Plaintiff alleges that counsel for his ex-wife committed criminal acts and requests disqualification and disclosure of privileged communications from every defendant's attorney. Plaintiff also requests sanctions. In denying Plaintiff's motion in a ruling dated January 19, 2022, the Court notes this as a "particularly abusive pleading."

**Case Number:** CV2021-013210
**Date Filed:** February 4, 2022
**Pleading Filed:** Motion to Alter Judgment

**Overview:**
Plaintiff seeks to overturn a ruling granting attorney's fees and costs to certain defendants.

**Case Number:** CV2021-013210
**Date Filed:** February 5, 2022
**Pleading Filed:** Motion to Alter Judgment
**Listed Defendants:**

**Overview:**
Plaintiff seeks to overturn the Court's January 19, 2022 ruling alleging frivolous due process violations that "render void any rulings already entered." The procedurally improper Motion is Denied in a Minute Entry dated May 16, 2022.

**Case Number:** CV2021-013210
**Date Filed:** February 7, 2022
**Pleading Filed:** Motion for Change of Judge for Cause

**Overview:**
Plaintiff asks for the judge to be removed for cause, and his rulings and orders vacated, due to "bias, prejudice, or interest." The motion is denied in a Minute Entry dated February 18, 2022.

**Case Number:** CV2021-013210
**Date Filed:** March 4, 2022
**Pleading Filed:** Response to Motion for Entry of Rule 54(b) Judgment

**Overview:**
Plaintiff frivolously attempts to avoid judgment by re-alleging the connection between CV2021-013210 and CV-2021-005501, attaching a 63-page, 283-paragraph Proposed Amended Complaint re- alleging the same claims.

**Case Number:** CV2021-013210
**Date Filed:** May 31, 2022
**Pleading Filed:** Motion for Relief from Judgment and Orders
**Overview:**
Plaintiff again attempts to circumvent the Court's rulings by alleging new evidence, mistake, and matters of statewide importance regarding Representative Meza. Plaintiff attaches his Proposed Amended Complaint. This motion is denied in a Minute Entry dated June 28, 2022.

**Case Number:** CV2021-013210
**Date Filed:** June 2, 2022
**Pleading Filed:** Supplement to Motion for Relief from Judgment and Orders

**Overview:**
Plaintiff provides additional irrelevant facts, alleging these new facts directly implicate many of the dismissed defendants.

**Case Number:** CV2021-013210
**Date Filed:** June 23, 2022
**Pleading Filed:** Motion to Take Judicial Notice of Facts
**Overview:**
Plaintiff requests judicial notice of unrelated and irrelevant facts regarding Representative Meza, who had already been dismissed. This motion is denied in a Minute Entry dated July 7, 2022.

**Case Number:** CV2021-017889
**Date Filed:** November 18, 2021
**Pleading:** Complaint
**Listed Defendants:** Courtney Hornback, John / Jane Does A- J, and ABC Companies 1- 10.

**Overview:**
Plaintiff files a lawsuit devoid of specific facts against an individual who allegedly hit his car at a red light.

**Case Number:** CV2022-014146
**Date Filed:** November 18, 2021
**Pleading:** Verified Complaint for Statutory Special Actions
**Listed Defendants:** Jami Snyder (Arizona Health Care Cost Containment System Director) and Mercy Care

**Overview:**
Plaintiff files a public records lawsuit against a private nonprofit, Mercy Care, to obtain documents allegedly in Mercy Care's possession regarding fundraising activities by Representative Meza. Mercy Care and Representative Meza were also named defendants in CV2021- 013210 and implicated in CV2021-005501.

**Case Number:** CV2022-014146
**Date Filed:** October 25, 2022
**Pleading:** Application for Order to Show Cause

**Overview:**
Plaintiff requests the court to enter an Order to Show Cause requiring Mercy Care to show cause why the relief in his Complaint should not be granted.