Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Phillip Potter,

                    Plaintiff,

v.

Robert Meza, et al.,

                    Defendants.

No. 2:25-cv-00663-PHX-DWL

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF RESPONSE TO ALANE ORTEGA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I, Phillip Potter, hereby depose and state as follows:

1. I submit this affidavit pursuant to 28 U.S.C. § 1746 in support of Plaintiff's July 18, 2025 Response to Alane Ortega's motion to dismiss the above-captioned lawsuit.

2. The statements set forth in this affidavit are based on my own personal knowledge and investigation unless stated otherwise.  These statements are true to the best of my knowledge and belief as of the date I sign this affidavit.

3. I am the Plaintiff in the above-captioned action.

4. Alane Ortega is a defendant in the above-captioned action.  She filed a July 11, 2025 motion to dismiss (Doc. 52) per Fed. R. Civ. P. 12(b)(1).

5. Therein, referenced on page 1, Ms. Ortega's counsel wrote, "[i]n 2023, the presiding judge of the Maricopa County Superior Court issued an order finding Potter to be a vexatious litigant and requiring Potter to obtain leave from relevant judicial authorities before he could file pleadings or other papers with the state court in that county. A copy of the order is attached as Exhibit A."  Counsel attached that "Exhibit A" to her motion to dismiss in this Court's electronic filing system.

6. The referenced "order" contained in Ms. Ortega's "Exhibit A" is captioned "ADMINISTRATIVE ORDER No. 2023- 159".  It is electronically signed by "Honorable Joseph C. Welty, Presiding Judge" and "DATED this 2nd day of November, 2023".

7.  That "ADMINISTRATIVE ORDER" records "COPIES:" as being sent to:
    "Hon. Jeffrey Fine, Clerk of the Superior Court
    Hon. Danielle Viola, Civil Department Presiding Judge
    Hon. John Blanchard
    Raymond L. Billotte, Judicial Branch Administrator
    Luke Emerson, Civil Department Administrator
    Jessica Fotinos, Office of the Clerk of the Superior Court
    Phillip Potter
    Brett W. Johnson, Esq., Snell & Wilmer, L.L.P.
    Timothy A. Nelson, Esq., The Nelson Law Group, PLLC
    Kevin E. O'Malley, Esq., Gallagher & Kennedy, P.A.
    Hannah H. Porter, Esq., Gallagher & Kennedy, P.A."

8. Plaintiff never received, and never saw, this "ADMINISTRATIVE ORDER" prior to it being referenced in Ms. Ortega's motion to dismiss.

9. Ms. Ortega has never referenced this "ADMINISTRATIVE ORDER" in FC2020-090224 or CV2021-005501 where she serves as counsel in both cases.

10. Judge Viola happened to preside over the CV2021-005501 case (*see* First Amended Complaint at 59-60) in November 2023 and never gave any indication in court proceedings that she was aware of this "ADMINISTRATIVE ORDER".

11. CV2021-005501 was reassigned to Judge Blanchard on July 1, 2025.  He issued an order rescheduling the initial trial date to accommodate his schedule and gave no indication that he was aware of this "ADMINISTRATIVE ORDER".

12. Attorneys Brett Johnson, Tim Nelson, Kevin O'Malley, and Hannah Porter were counsels in the CV2022-008626 public records case (*see* First Amended Complaint at 67-72) which was still on appeal on the "2nd day of November, 2023" during which time an appellate stay had been issued on the trial court's vexatious litigant order (*see* First Amended Complaint at 82).

13. At no time during CV2022-008626 appellate proceedings did attorneys Brett Johnson, Tim Nelson, Kevin O'Malley, or Hannah Porter give any indication that they were aware of the "ADMINISTRATIVE ORDER".

14. Attorney General Kris Mayes gave no indication that she was aware of the "ADMINISTRATIVE ORDER" in her June 3, 2025 motion to dismiss (Doc. 38) or in her July 18, 2025 reply (Doc. 53) to that motion.

15. The "ADMINISTRATIVE ORDER" appears as a link on the Maricopa County Superior Court at https://www.azcourts.gov/Vexatious-Litigants/List-of-Vexatious-Litigants/Maricopa.

16. That webpage presently lists twenty-seven (27) persons labeled as vexatious litigants.

17. Plaintiff appears as the 23rd name on that list.

18. The prior twenty-two (22) entries all appear in chronological order based on

the date of their respective signed administrative order.

19. Plaintiff's name is the first out-of-order entry on that list.

20. The individual listed immediately before Plaintiff was designated a vexatious litigant on January 6, 2022 while the individual listed immediately after Plaintiff was designated a vexatious litigant on May 3, 2022.

21. Plaintiff visited this webpage shortly prior to filing his complaint, approximately on December 15, 2024, and he did not see his name listed.

22. It appears that Plaintiff's name was added to this list around the time that Judge Welty vacated his position as Presiding Judge of the Maricopa County Superior at some point this month.

23. The "ADMINISTRATIVE ORDER" cites as justification, "CV2021-017889", and summarizes, "Overview: Plaintiff files a lawsuit devoid of specific facts against an individual who allegedly hit his car at a red light." *See also* First Amended Complaint at 76.

24. CV2021-017889 court records show (1) Plaintiff filed that complaint on November 18, 2021 (*see* attached <u>Exhibit 1</u>); (2) that case's defendant, through counsel, answered on March 3, 2022 and therein "admit[s] she was negligent" (*see* attached <u>Exhibit 2</u>); (3) that case settled on March 10, 2023 (*see* attached <u>Exhibit 3</u>); and (4) was dismissed on April 19, 2023 (*see* attached <u>Exhibit 4</u>). Plaintiff won that suit without any incident, any baseless allegation, or any improper motive accusation.

25. The "ADMINISTRATIVE ORDER" also cites as justification, "CV2022-014146", and summarizes, (1) "Overview: Plaintiff files a public records lawsuit against a private nonprofit, Mercy Care, to obtain documents allegedly in Mercy Care's possession regarding fundraising activities by Representative Meza. Mercy Care and

Representative Meza were also named defendants in CV2021- 013210 and implicated in CV2021-005501"; and (2) "Overview: Plaintiff requests the court to enter an Order to Show Cause requiring Mercy Care to show cause why the relief in his Complaint should not be granted". Nothing in that trial court record indicates the trial court, or those defendants, had any issue with the complaint or the order to show cause.

26. Plaintiff provides these facts, not to prove that any state court case was decided in error, but to submit additional, newly established evidence supporting Plaintiff's First Amendment facial overbreadth challenge to A.R.S. § 12-3201; specifically, that the challenged statute's sweep violates the Petition Clause.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 18, 2025.

Phillip Potter

5

Exhibit 1

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
11/18/2021 4:21:54 PM
Filing ID 13628188

Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PHILLIP POTTER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COURTNEY HORNBACK; JOHN / JANE DOES A-J; and ABC COMPANIES 1-10,<br><br>Defendants. | Case No.:<br>**CV2021-017889**<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>**(Discovery Tier 2)** |

Plaintiff files this Complaint against Defendant, and alleges as follows:

### **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Phillip Potter is and was a resident of Maricopa County, Arizona at all relevant times.

2. Defendant Courtney Hornback is now and was a resident of Maricopa County, Arizona at all relevant times. If Defendant is married, all acts, errors and/or omissions complained of and material were for and on behalf of the marital

community.

3.  Defendants John Does and Jane Does 1-10, ABC Companies 1-10 (Corporations, Limited Liability Companies and/or Partnerships) are persons and entities whose true identities are unknown to Plaintiff, who together with named Defendants contributed to causing Plaintiff's injuries and damages. Plaintiff will amend his Complaint when the true names of those Defendants become known.

4.  Jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in Maricopa County, Arizona and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

5.  The amount of Plaintiff's damages qualifies this matter as a Tier 2 case in accordance with Rule 8(b)(2) of the Arizona Rules of Civil Procedure.

## **GENERAL ALLEGATIONS**

6.  Plaintiff incorporates by reference all prior allegations contained in this Complaint.

7.  On November 22, 2019, at approximately 7:15am, Defendant, the driver of a motor vehicle, was traveling Westbound on East Indian School Road in Scottsdale, Arizona, when Defendant negligently and carelessly failed to control the location and speed of her vehicle, causing it to strike Plaintiff's vehicle. Defendant failed to stop at a red light. City of Scottsdale police cited Defendant for a violation of A.R.S. § 28-645(A)(3).

## **COUNT ONE – NEGLIGENCE**

8.  Plaintiff incorporates by reference all prior allegations contained in this Complaint.

9. Defendant owed Plaintiff a duty of care to operate her vehicle in a safe, reasonable and attentive manner.

10. Defendant breached her duty of care owed to Plaintiff when she failed to operate her vehicle in a safe, reasonable or attentive manner and when she failed to exercise due care to avoid colliding with Plaintiff's vehicle.

11. Defendant breached her duty of care owed to Plaintiff when Defendant operated her vehicle in such a negligent manner so as to cause the accident, as described in this Complaint, in which Plaintiff was injured. Said accident and injuries were caused solely by the negligence of Defendant without any negligence or contribution on the part of the Plaintiff.

12. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious bodily injuries, pain and suffering, hedonic damages and other damages.

## COUNT TWO – NEGLIGENCE PER SE

13. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

14. At all relevant times, Defendant owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a motor vehicle in the State of Arizona.

23. Defendant breached this duty when she failed to stop at a red light, as required by A.R.S. § 28-645.

24. Plaintiff was, at the time of the collision, within the class of persons whom the above-referenced statutes were meant to protect.

3

25. Defendant's failure to comply with the above-referenced statute created the type of collision against which the law was designed to protect.

26. Defendant's failure to comply with the above-referenced statutes was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

## DEMAND FOR JURY TRIAL

26. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant as follows:

1. For Plaintiff's general and special damages;

2. For Plaintiff's costs incurred in pursuing these claims;

3. For pre- and post-judgment interest to the extent provided by law;

4. For such further relief as the Court deems just and fair.

DATED this 18th day of November, 2021.

/s/ Phillip Potter
Phillip Potter
Plaintiff

ORIGINAL of the foregoing filed
This 18th day of November, 2021, with
The Clerk of the Superior Court.

By:  /s/ Phillip Potter

4

Exhibit 2

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
3/8/2022 1:57:38 PM
Filing ID 14023845

LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Jessica J. Kokal (029042)
jjk@bowwlaw.com
Jonathan Y. Yu (032238)
jyy@bowwlaw.com
Minute Entries/Orders cjg@bowwlaw.com

*Attorneys for Defendant Courtney Hornback*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| PHILLIP POTTER, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>COURTNEY HORNBACK; JOHN / JANE DOES A-J; and ABC COMPANIES 1-10,<br><br>        Defendants. | NO. CV2021-017889<br><br>**ANSWER**<br><br><br>(Honorable James Smith) |

Defendant Courtney Hornback, for her Answer to Plaintiff's Complaint, admits, denies, and alleges as follows:

1.      Defendant does not have sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.      Defendant admits she resided in Maricopa County at the time of the incident, but denies the remainder of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant does not have sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4.      Defendant admits jurisdiction and venue are appropriate in this Court, but does not have sufficient information to admit or deny the remainder of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5.      Defendant does not have sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6.      Defendant incorporates by reference her previous admissions, denials, and responses as if fully set forth herein.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant incorporates by reference her previous admissions, denials, and responses as if fully set forth herein.

9.      Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits she was negligent, but denies the remainder of allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant incorporates by reference her previous admissions, denials, and responses as if fully set forth herein.

14.     Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits the allegations contained in Paragraph 23[1] of Plaintiff's

---

[1] The Complaint as drafted omits paragraphs 15 – 22.

Complaint.

16.     Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

17.     Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant sets forth below her affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as acknowledgment any particular issue or subject matter is relevant to Plaintiff's allegation. Further, Defendant fully reserves her rights to assert additional defenses, counter-claims, cross-claims or third-party claims and/or to amend, supplement or augment this Answer, based on further investigation and discovery.

1.     Plaintiff's alleged damages may have been caused or contributed by his own negligent actions.

2.     Plaintiff may have failed to reasonably mitigate his injuries.

3.     Although Defendant does not presently have specific facts in support of these remaining defenses, Defendant wishes to put counsel for Plaintiff on notice Defendant hereby raises the following defenses, which through subsequent discovery may indeed be supported by the facts:  abatement, accord and satisfaction; anticipatory breach of contract; arbitration and award; assumption of the risk; discharge in bankruptcy; duress; estoppel; failure of consideration; failure to join indispensable parties; fraud; illegality; insufficiency of process and insufficiency of service of process; laches; lack of capacity; lack of condition precedent; economic loss rule; lack of jurisdiction of the subject matter; lack of jurisdiction of person;

license; mistake; misuses of products; payment; rescission; recoupment; release; repudiation; res judicata; setoff; statute of frauds; statute of limitations; venue; waiver; and any other defense contained in Rules 8(c) and 12(b), Arizona Rules of Civil Procedure, that discovery may reveal are applicable.

4.    Defendant adopts and incorporates all affirmative defenses plead or otherwise asserted by any and all other Parties herein.

5.    The Complaint fails to state a claim upon which relief can be granted against Defendant.

FOR FURTHER ANSWER BY WAY OF RESERVATION OF RIGHTS, Defendant specifically reserves her right to amend this answer and add additional claims or defenses as discovery proceeds and further information becomes available.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays:

1.    Plaintiff's Complaint be dismissed;

2.    Plaintiff take nothing thereby;

3.    Defendant is discharged with her lawful costs and attorney's fees incurred in this action; and

4.    For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of March, 2022.


BROENING OBERG WOODS & WILSON, P.C.


By: /s/ *Jonathan Y. Yu*
Jessica J. Kokal
Jonathan Y. Yu
2800 North Central Avenue, Suite 1600
Phoenix, Arizona 85004
*Attorneys for Defendant Courtney Hornback*

4

EFILED via AZTurboCourt this 8th day of
March, 2022, with an electronic copy to:

Honorable James Smith
Maricopa County Superior Court

COPY e-mailed and mailed this same date
to:

Phillip Potter
2301 N. 66th Street
Scottsdale, AZ 85257
phillip.t.potter@gmail.com
*Plaintiff Pro Per*

By /s/ *Nicole J. Smith*

Exhibit 3

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
3/10/2023 4:52:00 PM
Filing ID 15664150

1

LAW OFFICES
BROENING OBERG WOODS & WILSON
2    PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
3    PHOENIX, ARIZONA  85004
(602) 271-7700

4    Jessica J. Kokal (029042)
jjk@bowwlaw.com
5    Jonathan Y. Yu (032238)
jyy@bowwlaw.com
6    Minute Entries/Orders cjg@bowwlaw.com

7    *Attorneys for Defendant Courtney Hornback*

8

9    **SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**
10

11   | PHILLIP POTTER, an individual, | NO. CV2021-017889 |
     |---|---|
12   | Plaintiff, | |
     | | **NOTICE OF SETTLEMENT** |
13   | vs. | |
14   | COURTNEY HORNBACK; JOHN / JANE DOES A-J; and ABC COMPANIES 1-10, | |
15   | Defendants. | (Honorable Timothy J. Ryan) |
16

17          NOTICE IS HEREBY GIVEN the Parties have reached an amicable settlement in the

18   above-captioned matter as to Plaintiff's allegations against Defendant. Dismissal pleadings

19   will be filed in the near future after settlement documents have been executed.

20          RESPECTFULLY SUBMITTED this 10th day of March, 2023.

21

22                                    BROENING OBERG WOODS & WILSON, P.C.

23
                              By: /s/ *Jonathan Y. Yu*
24                                    Jessica J. Kokal
                                      Jonathan Y. Yu
25                                    2800 North Central Avenue, Suite 1600
                                      Phoenix, Arizona 85004
26                                    *Attorneys for Defendant Courtney Hornback*

EFILED via AZTurboCourt this 10th day of
March, 2023, with an electronic copy to:

Honorable Timothy J. Ryan
Maricopa County Superior Court

COPY e-mailed this same date to:

Phillip Potter
2301 N. 66th Street
Scottsdale, AZ 85257
phillip.t.potter@gmail.com
*Plaintiff Pro Per*

Jonathan Jamieson
East Valley Injury Law
1525 South Greenfield Road, Suite 100
Mesa, AZ  85206
jon@eastvalleyinjury.law

By /s/ *Debbie A. Egeland*

2

Exhibit 4

CLERK OF THE SUPERIOR COURT
FILED

APR 1 9 2023   9:00am

C. Lockhart, Deputy

LAW OFFICES
**BROENING OBERG WOODS & WILSON**
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700

Jessica J. Kokal (029042)
jjk@bowwlaw.com
Jonathan Y. Yu (032238)
jyy@bowwlaw.com
Minute Entries/Orders cjg@bowwlaw.com

*Attorneys for Defendant Courtney Hornback*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| PHILLIP POTTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY HORNBACK; JOHN / JANE DOES A-J; and ABC COMPANIES 1-10,<br><br>Defendants. | NO. CV2021-017889<br><br>**ORDER OF DISMISSAL WITH PREJUDICE**<br><br>(Honorable Timothy J. Ryan) |

In accordance with the stipulation of the parties, and good cause appearing,

IT IS ORDERED dismissing this case with prejudice with each side to bear their own fees and costs.

DATED this 18th day of APRIL 2023.

_____
Honorable Timothy Ryan
Judge of the Superior Court