Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
| Plaintiff, | |
| v. | **PLAINTIFF'S AFFIDAVIT IN SUPPORT OF RESPONSE TO KARRIN TAYLOR ROBSON'S AND ROBERT MEZA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| Robert Meza, et al., | |
| Defendants. | |

I, Phillip Potter, hereby depose and state as follows:

1. I submit this affidavit pursuant to 28 U.S.C. § 1746 in support of Plaintiff's July 23, 2025 Response to Karrin Taylor Robson's and Robert Meza's joint motion to dismiss the above-captioned lawsuit.

2. The statements set forth in this affidavit are based on my own personal knowledge and investigation unless stated otherwise.  These statements are true to the best of my knowledge and belief as of the date I sign this affidavit.

3. I am the Plaintiff in the above-captioned action.

4. Karrin Taylor Robson and Robert Meza are defendants in the above-captioned action. They filed a July 11, 2025 Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. 51).

5. Therein, on the second to last page of a 338-page document (including exhibits), those defendants' counsel provided a "Certificate of Good Faith Consultation".

6. Per that Certificate, "counsel for Defendants Karrin Taylor Robson and Robert Meza certify that a meet and confer was held by phone with Plaintiff regarding the Joint Motion to Dismiss, but the parties were unable to resolve the subject of the Motion or agree that the pleading was curable in any part by a permissible amendment."

7. Those counsel are identified on the last page of "the Motion" as Derek Flint, Brett Johnson, and Charlene Warner (for Karrin Taylor Robson), and Timothy Nelson (for Robert Meza). Mr. Flint electronically signed his name to the Motion, and electronically signed Mr. Nelson's signature "with permission".

8. Mr. Flint previously sent Plaintiff a June 4, 2025 email which reads in full: "Please let us know your availability today, tomorrow, and Friday to meet and confer on a motion to extend our responsive pleading deadline and our forthcoming motion to dismiss." Brett Johnson and Legal Administrative Assistant Kayla McKernan were the only persons listed on the cc line. Mr. Nelson was not listed.

9. Plaintiff and Mr. Flint then spoke by phone on June 10, 2025 for approximately ten minutes.

10. There was no indication that any counsel was on that call other than Mr. Flint.

11. Mr. Flint asked Plaintiff to dismiss the complaint against Ms. Taylor Robson and emphasized that counsel otherwise would file a Rule 11 motion and a motion to find Plaintiff vexatious in the federal court.

12. Mr. Flint did not identify any complaint factual deficiency or inquire as to how the complaint might be amended to cure any perceived deficiency involving his client. No perceived factual deficiency or possible cure involving his client was discussed.

13. Mr. Flint also did not identify any complaint factual deficiency or inquire as to how the complaint might be amended to cure any perceived deficiency involving Mr. Meza.  No perceived factual deficiency or possible cure involving Mr. Meza was discussed.

14. Had the subject been raised on the call, Plaintiff would have explained to Mr. Flint that focused discovery could yield evidence that Plaintiff was the only records requestor that the Arizona House of Representatives, or any individual House member, had ever sought to attack and silence via an A.R.S. § 12-3201(A) motion.  And if such evidence existed, then there would be grounds to amend the complaint to add a 42 U.S.C. § 1983 "class of one" discrimination claim against Mr. Meza and Ms. Taylor Robson which Plaintiff points out on Response (p. 15, n. 10).

15. Mr. Flint did explain his client's position that (1) she cannot be brought to suit for a 42 U.S.C. § 1983 claim as a private party; (2) she did not commit Abuse of Process; and (3) she has immunity under the *Noerr-Pennington* doctrine.

16. Plaintiff explained in turn that (1) private persons can be brought to suit for 42 U.S.C. § 1983 violations under a "joint action" theory, and that theory formed a basis for the claim; (2) Ms. Taylor Robson did commit Abuse of Process; and (3) that *Noerr-Pennington* immunity did not apply to her litigation conduct, but even if that brand of immunity could apply, her conduct would qualify under the "sham litigation exception".

17. On June 17, 2025, Ms. McKernan sent Plaintiff an email which reads in full: "On behalf of Brett Johnson, please see the attached 'Written Notice of Conduct that

3

Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL.' Please confirm receipt at your earliest convenience." Only Mr. Johnson was included on the cc line.

18. Attached to that June 17, 2025 email was the Written Notice of Conduct that Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL. That Written Notice is dated June 12, 2025, demands a five-day response, and can be seen in Exhibit 1 as part of the Motion (Doc. 51).

19. Plaintiff responded to Ms. McKernan and Mr. Johnson on June 23, 2025 declining to dismiss the case or any claim, and included a memorandum attached here as Exhibit A. Plaintiff added Mr. Flint to the cc line when responding.

20. As explained in that memorandum, Plaintiff takes issue with the second to last sentence of the "Written Notice" indicating his "demand for monies to dismiss Ms. Taylor Robson is unequivocally rejected and is further evidence of your intent in this matter." Plaintiff conveyed to Ms. Taylor Robson's counsel that Plaintiff "never made any 'demand for monies'" but that "Mr. Flint opened that call by spontaneously asking something to the effect of 'what would it take to make this go away?' On clarification, he made a meager settlement offer. I rejected it. Nothing more."

21. On information and belief, and evidence obtained, Mr. Johnson is attempting to lay the foundation for an unwarranted accusation that Plaintiff has demanded an extortionate settlement. But Plaintiff has never demanded anything from Ms. Taylor Robson beyond Mr. Meza's public records which were in her actual possession.

22. Mr. Flint responded with a June 26, 2025 email stating: "To clarify, we suggested on the call that, in the interest of avoiding further litigation expenses, our client may be willing to forego the enforcement of her attorneys' fees judgment against you."

23. With full knowledge that Plaintiff has never made any "demand" for any "monies", Mr. Flint and Mr. Johnson still submitted the "Written Notice" to the Court containing that inaccurate statement regarding a "demand for monies".

24. Mr. Flint's June 26, 2025 email also referenced the Court's interim denial of Plaintiff's motion for a temporary restraining order (Doc. 47) with the comment that "this lawsuit is an improper 'collateral attack on an existing state-court judgment' based on your 'planned violation of that judgment.'"

25. Plaintiff outlined in his Response to the Motion the many reasons why the Ninth Circuit would not consider Plaintiff's lawsuit to be a "collateral attack" (pp. 3-13) and would consider the "planned violation of that judgment" to be evidence of an imminent injury sufficient to bring the Attorney General to suit for being part of the statutorily-derived enforcement scheme, not as grounds to dismiss Ms. Taylor Robson (p. 4). *See* Doc. 49; Doc. 54, pp. 2-4, 17.  Plaintiff briefly touched on these points during the June 10, 2025 phone conversation before the Court issued Doc. 47.

26. The Written Notice also states the complaint "is clearly intended to continue the harassment of Ms. Taylor Robson, which was previously recognized by the Maricopa County Superior Court".

27. The trial court found Plaintiff did not harass Ms. Taylor Robson as Plaintiff points out in his Response (p. 6).  There can be no continuing harassment without prior harassment.  Accordingly, Plaintiff understands the Written Statement to be an ongoing attempt to maintain a false narrative that Ms. Taylor Robson somehow is a victim when, in reality, she can be brought to suit for her role in the injurious attacks which give rise to legitimate claims under U.S. Supreme Court and Ninth Circuit precedent, and state law.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 23, 2025.

*Phillip Potter*

# Exhibit A

June 23, 2025

Brett Johnson
Snell & Wilmer
One East Washington Street
Suite 2700
Phoenix, AZ 85004

Re: Letter Received June 17, 2025

Mr. Johnson,

I decline to dismiss your client or to abandon any claims brought in Case No. 2:25-cv-00663-PHX-DWL.  I'm also not sure if you were on the June 10th call that your colleague, Derek Flint, arranged but I never made any "demand of monies".  Mr. Flint opened that call by spontaneously asking something to the effect of "what would it take to make this go away?"  On clarification, he made a meager settlement offer.  I rejected it.  Nothing more.


Regards,

Phillip Potter