**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant Alane Ortega*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-00663-PHX-DWL<br><br>**REPLY IN SUPPORT OF ALANE ORTEGA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>(Honorable Dominic W. Lanza) |

Plaintiff has the burden to establish this Court's subject-matter jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). He has not carried that burden. Ortega's Motion should be granted because this Court does not have subject-matter jurisdiction over Plaintiff's state-law claims against Ortega ("State Law Claims").

**I.　ARGUMENT**

　　**A.　The Other Defendants' Motions to Dismiss Are Irrelevant to Whether this Court has Subject-Matter Jurisdiction Over the State Law Claims Against Ortega.**

Plaintiff dedicates almost four pages of his Response to rehashing the other defendants' motions to dismiss. Response at 2–6. The other defendants' motions to dismiss do *not* "inform [the Motion] on jurisdiction" as he claims. *See* Resp. at 2:16–18.

First, no act by Ortega could have any effect on the constitutionality of the statutes Plaintiff challenges in his claims for which he names Attorney General Mayes as

1 defendant. *See* Resp. at 2–4. Those claims, thus, cannot support supplemental jurisdiction over the State Law Claims.

Second, any "concessions" Plaintiff reads into Meza's and Robson's argument in their motion to dismiss have no bearing on the Court's supplemental jurisdiction over the State Law Claims. *See* Resp. at 4:13–5:22 ("Pertinent to Ortega's MTD, Meza conceded . . ."), 6:3–7 ("[Meza and Robson] therefore conceding . . . ."). Whether Meza and Robson argued that the State Law Claims arose from the same facts as Plaintiff's claim in his Count Three has no bearing on whether they actually did or Plaintiff met *his* burden to show as much.

**B.     The Claims Against Ortega Do Not Arise from a Common Nucleus of Operative Fact.**

In his argument entitled, "III. The Court Has Supplemental Jurisdiction: The 'Real Action Is' in Federal Court," Plaintiff fails to explain how the State Law Claims arise from the same nucleus of operative fact as the federal question claims. *See* FAC at 6–12.[1] That is because they do not.

With regard to Ortega's secondary liability in Count Five, Plaintiff asserts that "one can only conclude that [the federal claim against Meza and the State Law Claims against Ortega and Meza] arise from a common nucleus of facts and will share common relevant evidence" because Ortega's alleged aiding and abetting was in furtherance of Meza's alleged state tort and Section 1983 violation. Resp. at 7:19–23. This conclusion is not required, and Plaintiff has not shown how this theory is viable.

First, there exists no claim under Arizona law of "aiding and abetting" a Section 1983 claim of deprivation of constitutional rights. *See Federico v. Maric*, 224 Ariz. 34, 36–37 ¶¶ 8–9 (App. 2010) (noting Arizona recognizes an aiding and abetting claim "as embodied in" Restatement (Second) of Torts § 867(b) (Am. Law Inst. 1979) against a

---

[1] This Reply responds to this Section's Subsection B on discretionary supplemental jurisdiction separately, below.

1  *tortfeasor*). Plaintiff's Count Three, therefore, cannot provide a federal-question
2  jurisdictional hook for his state law aiding and abetting claim against Ortega.

3  Second, none of the alleged facts connecting Ortega with Meza are relevant to
4  proving the Section 1983 claim, out of whose nucleus of *operative* facts the State claims
5  must also arise for the Court to have supplemental jurisdiction over them. Ortega is the
6  daughter-in-law of a non-profit's founder and "made the founder aware" of forthcoming
7  litigation by Plaintiff, *see* Mot. at 2:24–28; Meza "helped" Defendant Doctor "secure
8  Ortega as counsel" and "helped" Ortega with litigation thereafter, *see id.* at 3:3–4; even
9  that Ortega conspired with Meza's counsel to "intimidate" and "discredit" Plaintiff
10 through court filings, *see id.* at 3:9–14.

11 None of those alleged facts has any bearing on whether Meza deprived Plaintiff of
12 constitutional rights under color of state law through his actions in the public-records
13 lawsuit in which Ortega was not involved. In other words, those facts are not *operative*
14 with respect to the federal claim. Because the State Law Claims do not arise out of the
15 same nucleus of *operative* fact as Plaintiff's federal claim, this Court does not have
16 supplemental jurisdiction over them. This is true regardless of whether "Ortega and Meza
17 shared a common 'motivation' for committing tortious acts." Resp. at 10:8–11.

18 Because Plaintiff's federal claim against Meza does not arise from the same nucleus
19 of operative fact as his State Claims against Ortega, his remaining arguments are
20 superfluous. In any case, the *federal* claim against Meza does not "implicate the same
21 rights and remedies" as the *State* Claims against Ortega. Nor can Ortega be "jointly and
22 severally liable" with Meza for the federal claim against him in which Ortega has no part.
23 Plaintiff relies on the similarity of *state* claims against Meza and Ortega, but supplemental
24 jurisdiction requires that a state and *federal* claim arise from the same case or controversy,
25 not two state claims that happen to be brought in the same federal action.

26 Plaintiff's "same evidence" argument again tries to create confusion about the
27 specific acts he alleges as constituting his state and federal claims to conjure the
28 impression they arise from the same nucleus of operative fact. But no evidence that would

3

1 be used to prove Ortega abused process under state law as alleged or aided and abetted
2 Meza's abuse of process under state law has any bearing on whether Meza deprived
3 Plaintiff of constitutional rights as alleged in the federal claim against him.

    **C.    If the Court had Supplemental Jurisdiction over the State Law Claims, Judicial Economy, Fairness, Convenience, and Comity Would All Be Bases for Declining to Exercise It.**

6     The Supreme Court long recognized supplemental jurisdiction over state-law
7 claims as discretionary, to be balanced against interests in judicial economy, convenience,
8 fairness, and comity. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349–50
9 (1988). These principles were codified in 28 U.S.C. § 1367(c), *see Artis v. Dist. Of*
10 *Columbia*, 583 U.S. 71, 75–76 (2018), which permits federal courts to decline to exercise
11 supplemental jurisdiction over a state-law claim otherwise constitutionally permissible for
12 the court to hear if the claim "raises a novel or complex issue of State law"; if the claim
13 "substantially predominates over the original-jurisdiction claims"; if the district court has
14 dismissed the original-jurisdiction claims; or if there exist "other compelling reasons" in
15 "exceptional circumstances."

16     Here, Plaintiff's state law claims against both Meza and Ortega substantially
17 predominate over the original-jurisdiction Section 1983 claim against Meza. Ortega's acts
18 in the proceedings in which Plaintiff alleges she abused process are entirely independent
19 of the alleged acts of Meza in separate and independent proceedings underpinning the
20 federal claim against him. Convenient vague allegations of Meza and Ortega "conspiring"
21 to achieve the same "purpose" do not change the nature of their entirely independent
22 alleged acts and that they were allegedly done in the course of separate and independent
23 proceedings.

24     The Court may also use the reasoning applied by the Court for the Central District
25 of California in *Whitaker v. Mac*, to decline supplemental jurisdiction over Plaintiff's State
26 Law Claims under 28 U.S.C. § 1367(c)(4) for compelling reasons under exceptional
27 circumstances, 411 F. Supp. 3d 1108, 1116–18 (C.D. Cal. 2019). In *Whitaker*, the plaintiff
28 tried to circumvent California's efforts to curtail vexatious litigation involving a particular

state law claim by relying on the federal court's supplemental jurisdiction over the claim when brought together with an ADA claim limited to injunctive relief. *Id.* at 1116. The court determined that "this situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents 'exceptional circumstances' and 'compelling reasons' that justify the Court's discretion to decline to exercise supplemental jurisdiction over Whitaker's [state law] claim in this action under 28 U.S.C. § 1367(c)(4). *Id.* The court went on to explain how its decision supported "the values of judicial economy, convenience, fairness, and comity." *Id.* at 1116–17.

Similar to California relative to the claim at issue in *Whitaker*, Arizona has expressed through legislation a state interest in curtailing vexatious litigation: A.R.S. § 12-3201 defines "vexatious litigants" and codifies courts' inherent power to restrain litigants from abusing the justice system, *see Contreras v. Bourke*, 258 Ariz. 223 (App. 2024) (recognizing inherent power of state courts); *see also Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) (recognizing same inherent power of federal district courts). Analogously to the situation in *Whitaker*, Plaintiff's attempt to evade the restrictions imposed on him by Arizona's legislature and judiciary by relying on supplemental jurisdiction to bring the State Law Claims presents exceptional circumstances and compelling reasons to justify this Court's declining to exercise supplemental jurisdiction over Plaintiff's State Law Claims. *See Whitaker*, 411 F. Supp. 3d at 1116. Such declination would, for the same reasons as in *Whitaker*, "support the values of judicial economy, convenience, fairness, and comity." *See id.* at 1116–17.

## II.   CONCLUSION

Because Plaintiff has not carried his burden to establish that this Court has supplemental jurisdiction over his state law claims against Ortega, those claims should be dismissed.

Even if the Court determines it has supplemental jurisdiction over the claims, it should decline to exercise it pursuant to 28 U.S.C. § 1367(c)(2) or (4) in the interests of judicial economy, convenience, fairness, and comity.

DATED this 25th day of July, 2025.

**Silence Law Group PLLC**

*/s/ Trevor Cook*
Trevor Cook
Jeffrey Silence
*Attorneys for Defendant Alane Ortega*