1
2
3
4
5

Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

6

7

8       **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE DISTRICT OF ARIZONA**

10

11

12      Phillip Potter,                          No. 2:25-cv-00663-PHX-DWL

13                          Plaintiff,

14                                               **MOTION TO STRIKE**
                                                 **KARRIN TAYLOR ROBSON'S**
        v.                                       **AND ROBERT MEZA'S**
15                                               **JOINT MOTION TO DISMISS**
        Robert Meza, et al.,                     **AND REPLY**
16
17                          Defendants.

18

19

20

21

22

23

24

25

26

OVERVIEW

Pursuant to LRCiv 7.2(m)(1), Plaintiff asks the Court to summarily strike Robert Meza's and Karrin Taylor Robson's Joint Motion to Dismiss ("JMTD", Doc. 51) and Reply (Doc. 59).  Meza never requested or participated in a meet and confer session, and he never communicated any complaint sufficiency issues to Plaintiff as local rules and the Court's Preliminary Order require.  Knowing those facts, Taylor Robson's counsel wrongfully included Meza's dismissal arguments in the JMTD and Reply.  Accordingly, the JMTD and Reply are filings prohibited by LRCiv 12.1(c), Fed. R. Civ. P. 11(b), and the Preliminary Order.  That said, Meza and Taylor Robson concede in those filings that Plaintiff plausibly pleads a First Amendment retaliation claim (Count Three) against Meza, meaning jurisdiction has been invoked and the case is destined for discovery.

FACTUAL BACKGROUND

Robert Meza and Karrin Taylor Robson ("Defendants"), through their respective counsel, filed the JMTD on July 11, 2025.  Taylor Robson's attorney, Mr. Derek Flint, sent a June 4, 2025 email notifying Plaintiff of a "forthcoming motion to dismiss".   That email cc'ed Taylor Robson's other counsel, Mr. Brett Johnson, and legal assistant Ms. Kayla McKernan (*see* Exhibit A).  Mr. Flint contacted Plaintiff again on June 7, 2025 via email to schedule the meet and confer session.  That email cc'ed Mr. Johnson, Ms. McKernan, and Taylor Robson's other counsel, Ms. Charlene Werner (*see* Exhibit B).  On June 9, Mr. Flint sent Plaintiff a Zoom calendar invite for the June 10 meeting with Mr. Johnson and Ms. Werner cc'ed (*see* Exhibit C).  The meet and confer took place as scheduled.  Plaintiff spoke only with Mr. Flint.  Nothing indicated anyone else was on the Zoom call.  Mr. Flint spoke only on behalf of his client.  He asked Plaintiff to dismiss or face a Fed. R. Civ. P. 11 motion.  Plaintiff declined.  Mr. Flint then explained that Taylor

Robson was entitled to "litigation privilege" on all counts. Plaintiff countered that litigation privilege does not apply to federal claims and did not apply to state claims in this instance. Mr. Flint also noted that his client's defense to Count Three would be based on her status as a private party who could not be sued under 42 U.S.C. § 1983. Plaintiff explained that Taylor Robson was being sued under a "joint action" theory, making her a "state actor". Mr. Flint posited that Counts Four and Five were subject to claim preclusion and did not apply to Taylor Robson's conduct. Plaintiff held that Counts Four and Five did apply to her and were not precluded under Arizona law. No discussion was had regarding possible amendment. On June 17, 2025, Ms. McKernan sent Plaintiff an email, with Mr. Johnson cc'ed, conveying a "Written Notice of Conduct That Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions".[1] Plaintiff responded to Ms. McKernan and Mr. Johnson on June 23, declining to dismiss and inquiring how Mr. Johnson could write in the Written Notice that Plaintiff had made "a demand for monies" when Mr. Johnson had not been on the meet and confer call, and Plaintiff had made no such demands. On June 26, Mr. Flint entered the email chain and responded: "To clarify, we suggested on the call that, in the interest of avoiding further litigation expenses, our client may be willing to forego the enforcement of her attorneys' fees judgment against you. It was not a firm settlement offer, nor was it any indication that we believe your case has merit. It does not. As the Court has already concluded in the order denying your motion for TRO, this lawsuit is an improper 'collateral attack on an existing state-court judgment' based on your 'planned violation of that judgment.'[2]

---

[1] Defendants attached that Written Notice as an exhibit to the JMTD (Doc. 51, Exh. 1).
[2] The Court issued its TRO decision (Doc. 47) on June 20, 2025 – ten days after Mr. Flint and Plaintiff spoke in the meet and confer, and six days before Mr. Flint's email response. Plaintiff has since shown Ninth Circuit precedent establishes that this suit is not a

Given that you will not voluntarily dismiss your claims against Ms. Taylor Robson, we will proceed as indicated in our June 23 letter." (*See* <u>Exhibit D</u>).  At no point during the meet and confer, or in follow-up correspondence, did Plaintiff and Mr. Flint discuss anything regarding Meza's complaint objections and issues, intention to file a dismissal motion, or inclusion in a joint motion to dismiss.

To be clear, Meza's counsel was not copied in any email between Plaintiff and Taylor Robson's counsel before or after the meet and confer, and did not attend the meet and confer.  Meza's counsel only contacted Plaintiff via email on May 27, 2025 requesting an extension of time to file a responsive pleading to July 11.  Plaintiff agreed and only heard from Meza's counsel again on June 17, when counsel sought permission to file a Stipulated Motion to extend the response date. (Doc. 44).  Absent any other form of communication, Defendants jointly filed their 338-page JMTD with exhibits on July 11. (Doc. 51).  A "Certificate of Good Faith Consultation" appears on page 337 and avows: "In accordance with LRCiv 12.1(c), undersigned counsel for Defendants Karrin Taylor Robson and Robert Meza certify that a meet and confer was held by phone with Plaintiff regarding the Joint Motion to Dismiss, but the parties were unable to resolve the subject of the Motion or agree that the pleading was curable in any part by a permissible amendment."  Page 338 includes counsels' signatures.  The name, "Timothy A. Nelson", is electronically signed "with permission" as "Attorney for Defendant Robert Meza".   As Taylor Robson's counsel, Mr. Flint electronically signed his name above Mr. Nelson's name.  Defendants then filed a joint Reply on July 30.  Mr. Nelson's name appears on Reply page 12 electronically signed "with permission" as "Attorney for Defendant

---

"collateral attack" and none of the counts are subject to claim preclusion under federal law or state law, although state claim preclusion law applies to this case. (Doc. 55, pp. 3-10).

Robert Meza".  As counsel who filed the Reply, Mr. Johnson electronically signed his name on that same page as Taylor Robson's attorney.

The parties participated in an August 5, 2025 Fed. R. Civ. P. 26(f) conference which included Mr. Flint and Mr. Nelson.  Within the context of the upcoming written report's "contemplated motion" section, Plaintiff shared the need to notify the Court that Meza's counsel did not participate in a meet and confer, and did not communicate any complaint sufficiency issues or possible amendment contrary to the JMTD's certificate of conferral.  Defendant's counsels declined to discuss a resolution absent a written motion.

ARGUMENT

I. Legal Standard

"[A] motion to strike may be filed ... if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."  LRCiv 7.2(m)(1).

II. The Court Should Strike the JMTD and the Reply As Filings Prohibited By Federal Rules, Local Rules, and a Court Order

The Court's Preliminary Order (Doc. 13, p. 4) "*requires* that: (1) before filing a Rule 12(b)(6) motion to dismiss ..., the movant *must* confer with the opposing party to determine whether such motion can be avoided; and (2) the movant *must* attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.  *See also* Local Rule 12(c).  The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, ... Any motion lacking the required certification may be summarily stricken."

LRCiv 12.1(c) reads: "No motion to dismiss for failure to state a claim ...,
pursuant to Federal Rule of Civil Procedure 12(b)(6), ..., will be considered or decided
unless the moving party includes a certification that, before filing the motion, the movant
notified the opposing party of the issues asserted in the motion and the parties were
unable to agree that the pleading was curable in any part by a permissible amendment
offered by the pleading party.  The movant may comply with this rule through personal,
telephonic, or written notice of the issues that it intends to assert in a motion.  A motion
that does not contain the required certification may be stricken summarily."

A. Meza's Filings Are Prohibited by Procedural Rules and the Preliminary Order

1. Meza Did Not Notify Plaintiff, and Did Not Meet and Confer

The Preliminary Order "requires" that "before filing a Rule 12(b)(6) motion to
dismiss ..., the movant _must_ confer with the opposing party to determine whether such
motion can be avoided".  Meza did not confer with Plaintiff before lending his name to
the joint dismissal motion.  And per LRCiv 12.1(c), "the moving party ... before filing the
motion [must] notif[y] the opposing party of the issues asserted in the motion".  Meza did
not notify Plaintiff of any issues asserted in the JMTD or the Reply.  LRCiv 12.1(c) also
required Meza to discuss with the "pleading party" whether "the pleading was curable in
any part by a permissible amendment".  Meza engaged in no dismissal discussions with
Plaintiff and, therefore, did not discuss whether the operative complaint was curable.
Pursuant to LRCiv 7.2(m)(1), the Court should summarily strike the JMTD and the Reply
in whole as filings prohibited by LRCiv 12.1(c) and the Preliminary Order governing
Fed. R. Civ. P. 12(b)(6) motions.

2. Meza Knowingly Made Factual Contentions Not Supported By Evidence

LRCiv 12.1(c) also requires "the moving party [to] include[] a certification"

attesting that the required meet and confer took place, that each defendant party attended the meet and confer, and that requisite topical issues were addressed therein.  Meza's counsel had full knowledge that he did not attend any meet and confer with Plaintiff, and that he did not communicate with Plaintiff regarding the complaint's sufficiency at any point before the JMTD was filed (or since).  Pursuant to Fed. R. Civ. P. 11(b)(3),"[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ... (3) the factual contentions have evidentiary support".  Fed. R. Civ. P. 11(b)(3) mandates a "written motion" may only contain "factual contentions" which "an attorney" knows have "evidentiary support".  "[F]actual contentions" presented in the certificate of conferral, made through counsel, avowing that Meza complied with LRCiv 12.1(c) and the Preliminary Order have no "evidentiary support".  The Court should summarily strike the JMTD in whole as a filing prohibited by local and federal procedural rules governing Fed. R. Civ. P. 12(b)(6) motions.

B. Taylor Robson's Filings Are Prohibited By Rules and the Preliminary Order

Counsel for Taylor Robson had full knowledge that Meza did not participate in the meet and confer session.  Despite that knowledge, Mr. Flint offered "factual contentions" with no "evidentiary support" in the certificate of conferral avowing that Meza fulfilled his obligations under the Preliminary Order and LRCiv. 12.1(c), including the obligation to meet and confer, and to discuss the complaint's sufficiency with Plaintiff before filing.  Thus, Taylor Robson also violated the Preliminary Order, LRCiv 12.1(c), and Fed. R. Civ. P. 11(b)(3) when including Meza in the JMTD.  The Court should summarily strike the JMTD and the Reply in whole as filings prohibited by local procedural rules, federal

procedural rules, and a court order governing Fed. R. Civ. P. 12(b)(6) motions.

III. If the Court Declines to Strike the JMTD or Reply In Whole, It Should Strike a Portion of the Reply as Part of a Filing Prohibited By Fed. R. Civ. P. 11(b)(2) and (3)

Along with the general Fed. R. Civ. P. 11(b)(3) violations, the Reply also includes specific "defenses, and other legal contentions [knowingly not] warranted by existing law" on the topic of claim preclusion.  Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ... (2) the ..., defenses, and other legal contentions are warranted by existing law").

On Reply, Defendants attempt to salvage their claim preclusion defense by, for the first time, introducing "Ariz. R. Civ. P. 15(a), (d)" to support their position that Plaintiff was obligated to file all claims "because Plaintiff has made clear that his supposed 'injury' occurred after he filed the State Proceeding, but before the court issued its final judgment". (Doc. 59, p. 6).  Defendants know this "factual contention" mischaracterizes the timing of injuries that Plaintiff alleges and, thus, has no "evidentiary support".  Fed. R. Civ. P. 11(b)(3).  To be sure, the operative complaint is clear that Counts Three, Four, and Five involve tortious acts alleged to have continuously occurred after the CV2022-008626 judgment issued July 11, 2023.[3]  *See e.g.,* Doc. 14 at 82 ("Meza and Robson jointly and _continuously_ prosecuted the A.R.S. § 12-3201(A) motion over months of trial _and appellate proceedings_ where the December 12, 2022 motion was initially granted, the resulting injunctive Order was then _stayed on appeal over defendants' objections_, and

---

[3] *See* JMTD (Doc. 51) at page 12 ("There is no dispute that a final judgment was entered in the State Proceeding on July 11, 2023.").

the motion and Order were subsequently *argued through appeal* until defendants jointly filed their Answering Brief on October 10, 2023."); *see also* Doc. 14 at 66, 92-95, n. 14. It should go without saying but an appeal is taken after a judgment is issued.  *See* Ariz. R. Civ. App. 9(a) ("To appeal a judgment, a party must file a notice of appeal under Rule 8 no later than 30 days after entry of the judgment from which the appeal is taken").  Based on those true facts, claim preclusion does not apply as a matter of law because it has been established that "a claim arising after the date of an earlier judgment is not barred, even if it arises out of a *continuing* course of conduct that provided the basis for the earlier claim." *Frank v. United Airlines,* 216 F.3d 845, 851 (9th Cir. 2000) (emphasis added). Defendants cannot claim lack of knowledge of this long-standing precedent[4] because it was highlighted *in the same section 851* of the *Frank* case which Defendants cite in their JMTD to support another argument. (Doc. 51, p. 11).  In the end, Defendants know acts arising from a "continuing course of conduct" where acts occur after a judgment do not support claim preclusion under state law or federal law.  And Defendants know Counts Three, Four, and Five include CV2022-008626 post-judgment acts, events, and injuries. Indeed, in their JMTD, Defendants point to an irreparable injury evidenced in a post-judgment administrative (i.e., non-judicial) order dated November 2, 2023, caused by Defendants' continuous tortious conduct, but not discovered until July 2025 by anybody other than the judge who signed the order without distributing it or entering it into any record. (Doc. 51, p. 7; Doc. 55, Affid.).  The facts and the law show Counts Three, Four, and Five (1) have never been adjudicated; (2) entail a continuing course of conduct which includes tortious acts occurring after July 11, 2023; and (3) speak to newly discovered

---

[4] *See Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

injuries which accrued after that date.[5]  *See Walk v. Ring,* 44 P.3d 990 (Ariz. 2002).

Because these factual and legal contentions were first raised on Reply, Plaintiff was deprived of any ability to challenge on Response.[6]  But this is not just a situation where Plaintiff has "been sandbagged by an argument improperly raised for the first time in a reply".  *Edwards v. Vemma Nutrition,* 2018 WL 11469695, *1 (D. Ariz. 2018).  Built on Fed. R. Civ. P. 11(b)(3) "factual contentions [that knowingly do not] have evidentiary support" *and* that were first introduced on Reply, Defendant's Ariz. R. Civ. P. 15 claim preclusion "defenses, and other legal contentions" are knowingly not "warranted by existing law" and, thus, violate Fed. R. Civ. P. 11(b)(2).  Pursuant to LRCiv 7.2(m)(1), the Court should summarily strike the described portions of the Reply going to claim preclusion for being part of a filing prohibited by Fed. R. Civ. P. 11(b)(2) and (3).

## CONCLUSION

Plaintiff asks the Court to summarily strike the JMTD and the Reply in whole as filings prohibited by various procedural rules and a court order, and find Defendants waived the right to challenge the complaint's sufficiency at the pleading stage.  Should the Court decline to grant that relief, Plaintiff asks the Court to summarily strike portions of the Reply going to claim preclusion as part of a filing prohibited by procedural rules.

DATED this 8th day of August 2025.

By: <u>//s//</u>
Phillip Potter
Plaintiff
Pro Se

---

[5] These post-judgment events, concerted acts, and injuries also eliminate any possible *Rooker-Feldman* defense, thus guaranteeing the Court has jurisdiction. (Doc. 55, pp. 3-5).
[6] *See Pruett v. Arizona,* 606 F.Supp.2d 1065, 1074 (D.Ariz.2009) ("The purpose of LRCiv 7.2(m)(1) is to require unitary briefs, including objections to evidence and to the propriety of arguments").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit A

 Gmail

Phil Potter <phillip.t.potter@gmail.com>

## Federal Court Lawsuit (No. 2:25-cv-00663-PHX-DWL)

**Flint, Derek** <dflint@swlaw.com>                                         Wed, Jun 4, 2025 at 7:14 AM
To: Phil Potter <phillip.t.potter@gmail.com>
Cc: "Johnson, Brett W. (PHX)" <bwjohnson@swlaw.com>, "McKernan, Kayla" <kmckernan@swlaw.com>

Mr. Potter,

Please let us know your availability today, tomorrow, and Friday to meet and confer on a motion to
extend our responsive pleading deadline and our forthcoming motion to dismiss.

Best,

**Derek Flint**

**O:** 602.382.6405 |

dflint@swlaw.com

# SNELL

# & WILMER

swlaw.com | LinkedIn

One East Washington Street | Suite 2700 | Phoenix, AZ 85004-2556

Albuquerque | Boise | Dallas | Denver | Las Vegas | Los Angeles | Los Cabos | Orange County | Palo Alto | Phoenix | Portland | Reno-Tahoe | Salt Lake
City | San Diego | Seattle | Tucson | Washington, D.C.

This email and any attachments may be confidential and protected by legal privilege. If you have received this message in error, please do not disclose
the contents to anyone. Please notify the sender by return email and delete this email as well as any attachments from your system.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit B

 Gmail

## Federal Court Lawsuit (No. 2:25-cv-00663-PHX-DWL)

**Flint, Derek** <dflint@swlaw.com>                                          Sat, Jun 7, 2025 at 9:16 AM
To: Phil Potter <phillip.t.potter@gmail.com>
Cc: "Johnson, Brett W. (PHX)" <bwjohnson@swlaw.com>, "Warner, Charlene" <cwarner@swlaw.com>, "McKernan, Kayla" <kmckernan@swlaw.com>

Mr. Potter,

We will send a calendar invite for 9:30 a.m. on Tuesday. We will also discuss our forthcoming Rule 11 letter on that call.

[Quoted text hidden]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit C

          Phil Potter <phillip.t.potter@gmail.com>

## Meet and Confer
1 message

**Phillips, Callie** <cphillips@swlaw.com>                     Mon, Jun 9, 2025 at 8:44 AM
To: "phillip.t.potter@gmail.com" <phillip.t.potter@gmail.com>
Cc: "Johnson, Brett W. (PHX)" <bwjohnson@swlaw.com>, "Warner, Charlene" <cwarner@swlaw.com>



Hi there,

Derek Flint is
inviting you to a
scheduled Zoom
meeting.

# Join Zoom
# Meeting

Phone one-tap:      US: +16027530140,,97760236096#,,1#,,172681# or
+12133388477,,97760236096#,,1#,,172681#

Meeting URL:        https://swlaw.zoom.us/j/97760236096?pwd=
TNqKbbF4ShVRUojFS99wA5RUOy57vA.1

Meeting ID:          977 6023 6096

Password:           172681


**Join by Telephone**


For higher quality,
dial a number based
on your current
location.

Dial:
                    US: +1 602 753 0140 or +1 213 338 8477 or +1 720 928 9299 or +1 646
                    876 9923
                    Mexico: +52 554 161 4288 or +52 556 826 9800


Meeting ID:          977 6023 6096


Password:           172681


International
numbers


**Join from an
H.323/SIP room
system**


H.323:              144.195.19.161 (US West)
                    206.247.11.121 (US East)
                    159.124.15.191 (Amsterdam Netherlands)
                    159.124.47.249 (Germany)
                    159.124.104.213 (Australia Sydney)
                    159.124.74.212 (Australia Melbourne)

Meeting ID:        977 6023 6096

Password:          172681

SIP:               97760236096@zoomcrc.com

Password:          172681

IMPORTANT NOTICE: Zoom includes a feature that allows audio and any documents and other materials exchanged or viewed during the session to be recorded. If your session is being recorded, you will see an announcement to that effect and have the opportunity to leave the call if you so desire. By joining the session, you automatically consent to such recordings. If you do not consent to the recording, discuss your concerns with the meeting host prior to the start of the recording or do not join the session. Please note that any such recordings may be subject to discovery in the event of litigation.

---

**invite.ics**
4K

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit D

Gmail – Written Notice of Conduct that Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL

 Gmail

<span style="color:gray">Phil Potter &lt;phillip.t.potter@gmail.com&gt;</span>

## Written Notice of Conduct that Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL

3 messages

---

**McKernan, Kayla** &lt;kmckernan@swlaw.com&gt;                Tue, Jun 17, 2025 at 4:03 PM
To: "phillip.t.potter@gmail.com" &lt;phillip.t.potter@gmail.com&gt;
Cc: "Johnson, Brett W. (PHX)" &lt;bwjohnson@swlaw.com&gt;

Mr. Potter,

On behalf of Brett Johnson, please see the attached "Written Notice of Conduct that Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL." Please confirm receipt at your earliest convenience.

Thank you,

**Kayla McKernan**

Legal Administrative Assistant to Brett W. Johnson | Lilly Harris | T. Troy Galan

**O:** 602.382.6174

kmckernan@swlaw.com

## SNELL

## & WILMER

swlaw.com | LinkedIn

_____

One East Washington Street | Suite 2700 | Phoenix, AZ 85004-2556

Albuquerque | Boise | Dallas | Denver | Las Vegas | Los Angeles | Los Cabos | Orange County | Palo Alto | Phoenix | Portland | Reno-Tahoe | Salt Lake City | San Diego | Seattle | Tucson | Washington, D.C.

Gmail - Written Notice of Conduct that Violates Fed. R. Civ P. 11 and a Pre-Filed Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL

Case 2:25-cv-00663-DWL    Document 64    Filed 08/08/25    Page 21 of 23

This email and any attachments may be confidential and protected by legal privilege. If you have received this message in error, please do not disclose the contents to anyone. Please notify the sender by return email and delete this email as well as any attachments from your system.

 **2025 0617 Federal Court Rule 11 Letter.pdf**
404K

---

**Phil Potter** <phillip.t.potter@gmail.com>                                          Mon, Jun 23, 2025 at 8:11 AM
To: "McKernan, Kayla" <kmckernan@swlaw.com>
Cc: "Johnson, Brett W. (PHX)" <bwjohnson@swlaw.com>

My response is attached.
Regards,
Phillip Potter

[Quoted text hidden]

 **June 23 2025 Response to Rule 11 Letter.pdf**
50K

---

**Flint, Derek** <dflint@swlaw.com>                                                    Thu, Jun 26, 2025 at 6:27 AM
To: Phil Potter <phillip.t.potter@gmail.com>
Cc: "Johnson, Brett W. (PHX)" <bwjohnson@swlaw.com>, "McKernan, Kayla" <kmckernan@swlaw.com>

Mr. Potter,

To clarify, we suggested on the call that, in the interest of avoiding further litigation expenses, our client may be willing to forego the enforcement of her attorneys' fees judgment against you. It was not a firm settlement offer, nor was it any indication that we believe your case has merit. It does not. As the Court has already concluded in the order denying your motion for TRO, this lawsuit is an improper "collateral attack on an existing state-court judgment" based on your "planned violation of that judgment."

Given that you will not voluntarily dismiss your claims against Ms. Taylor Robson, we will proceed as indicated in our June 23 letter.

Best,

Derek

June 23, 2025

Brett Johnson
Snell & Wilmer
One East Washington Street
Suite 2700
Phoenix, AZ 85004

Re: Letter Received June 17, 2025

Mr. Johnson,

I decline to dismiss your client or to abandon any claims brought in Case No. 2:25-cv-00663-PHX-DWL.  I'm also not sure if you were on the June 10th call that your colleague, Derek Flint, arranged but I never made any "demand of monies".  Mr. Flint opened that call by spontaneously asking something to the effect of "what would it take to make this go away?"  On clarification, he made a meager settlement offer.  I rejected it.  Nothing more.


Regards,

Phillip Potter

Gmail - Written Notice of Conduct that Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL

Case 2:25-cv-00663-DWL    Document 64    Filed 08/08/25    Page 23 of 23

**Derek Flint**

**O:** 602.382.6405 I **M:** 435.659.9382

dflint@swlaw.com

# SNELL

# & WILMER

swlaw.com I LinkedIn

One East Washington Street | Suite 2700 | Phoenix, AZ 85004-2556

Albuquerque I Boise I Dallas I Denver I Las Vegas I Los Angeles I Los Cabos I Orange County I Palo Alto I Phoenix I Portland I Reno-Tahoe I Salt Lake City I San Diego I Seattle I Tucson I Washington, D.C.

This email and any attachments may be confidential and protected by legal privilege. If you have received this message in error, please do not disclose the contents to anyone. Please notify the sender by return email and delete this email as well as any attachments from your system.

**From:** Phil Potter <phillip.t.potter@gmail.com>
**Sent:** Monday, June 23, 2025 8:11 AM
**To:** McKernan, Kayla <kmckernan@swlaw.com>
**Cc:** Johnson, Brett W. (PHX) <bwjohnson@swlaw.com>
**Subject:** Re: Written Notice of Conduct that Violates Fed. R. Civ. P. 11 and Intent to File Motion for Sanctions in Potter v. Meza, No. 2:25-cv-00663-DWL

**[EXTERNAL]** phillip.t.potter@gmail.com

[Quoted text hidden]
[Quoted text hidden]