**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant Alane Ortega*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Robert Meza, et al.,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00663-PHX-DWL<br><br>**ALANE ORTEGA'S RESPONSE TO PLAINTIFF'S MOTION TO TAKE LIMITED JURISDICTIONAL DISCOVERY**<br><br>(Hon. Dominic W. Lanza) |

In his Motion to Take Limited Jurisdictional Discovery ("Motion"), Plaintiff asks this court to permit "limited jurisdictional discovery to establish whether [Defendant Ortega's] conduct meets the 'joint action' test sufficient to add her as a defendant to the 42 U.S.C. § 1983 federal claim." Mot. at 2:20–23.

The Court should deny the Motion as to Ortega because the requested discovery would not uncover any facts bearing on this Court's supplemental jurisdiction over the state law claims against Ortega. To the extent Plaintiff seeks to amend his complaint to allege his Section 1983 claim to direct it against Ortega, the Court should disallow any such amendment as futile.

**I.　Argument**

A district court may allow discovery to aid its determination of whether it has subject matter jurisdiction over an action. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*,

556 F.2d 406, 430 n.24 (9th Cir. 1977). It may allow discovery "where pertinent facts bearing on the question of jurisdiction are in dispute." *America West Airlines, Inc. v. GPA Group*, 877 F.2d 793, 801 (9th Cir. 1989).

But it should deny a request for jurisdictional discovery when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977), or when the request is based on "little more than a hunch that it might yield jurisdictionally relevant facts," *see Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

### A. The Court Should Deny the Motion Because the Requested Discovery Would Uncover No Facts Bearing on the Question of Jurisdiction over the Claims Against Ortega.

Although Ortega denies most of Plaintiff's allegations involving her, no "facts bearing on the question of jurisdiction" are in dispute for the Court's consideration of her motion to dismiss. Ortega's motion made a facial attack on the Court's subject matter jurisdiction over the claims against her: she asserted that the allegations in the FAC are "insufficient on their face to invoke federal jurisdiction," *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

No fact that any discovery might uncover would support this Court's supplemental jurisdiction over Plaintiff's state law claims against Ortega based on the federal question claim against Meza. As to Count Five, no newly discovered fact could change the law to allow an Arizona aiding-and-abetting claim for aiding and abetting an alleged Section 1983 constitutional deprivation by a state officer. As to Count Four, no newly discovered fact could reveal a nucleus of *operative* facts common to both Meza's independent acts allegedly depriving Plaintiff of a constitutional right—done in a public records lawsuit in which Ortega was not involved—and Ortega's independent acts allegedly abusing process—done while representing Plaintiff's ex-wife in *entirely unrelated* family and civil litigation in which Meza had no role.

Plaintiff's request for jurisdictional discovery as to his claims against Ortega, therefore, should be denied because such discovery would not uncover any facts bearing on this Court's supplemental jurisdiction over the state law claims against Ortega.

### B. Plaintiff Should Be Denied Leave to Amend as Futile

Despite the title of his Motion, Plaintiff seeks evidence to show that Ortega, through "joint action," shares liability with Defendant Meza for allegedly depriving Plaintiff of a constitutional right under color of state law. *See* Mot. at 2:20–23. Plaintiff seems to misunderstand "jurisdictional discovery" as an opportunity to find evidence to justify amending his complaint to cure its jurisdictional deficiency by making Ortega a defendant of his Count Three Section 1983 claim. *See* Mot. at 6:23–8:22. He cites *Cato v. United States*, 70 F.3d 1103 (9th Cir. 1995), for the proposition that the Court must permit him as a pro se litigant to amend his complaint to cure any jurisdictional defect, *see id.* at 6:23–7:1, purports to explain the tests to show private party liability under Section 1983 and argue how they might apply to Ortega, *see id.* at 7:5–8:18, and then concludes "jurisdictional discovery" could, therefore, "show Ortega falls under the Court's original jurisdiction *as a Count Three defendant*, her supplemental jurisdiction defense would become moot," *id.* at 8:18–22 (emphasis added).

To the extent the Court is willing to consider Plaintiff's Motion as a request for leave to amend his complaint to expand his Section 1983 claim against Ortega, the Court should deny the amendment as futile. The same factual impossibilities fatal to Plaintiff's attempt to tie his state law claims against Ortega to his Section 1983 claim against Meza are also fatal to the plausibility of any allegation of Ortega's liability as a private party for the Section 1983 claim against Meza.

In his Motion, Plaintiff cherry-picks favorable phrases from decisions about Section-1983 liability to cobble together an artificial standard that makes it seem like he could allege facts sufficient to support Ortega's liability for a Section 1983 claim in connection with Meza. *See* Mot. at 7:5–8:4. But he cannot. The authorities he cites

1  undermine his claims of the plausibility of Ortega's liability for a Section 1983 claim
2  through "joint action" with Meza.
3        In *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139–40 (9th Cir.), the court
4  determined that private security guards were "clothed with the authority of state law" after
5  they trained with local police and were permitted to issue citations," *Tsao*, 698 F.3d at
6  1139–40 (quoting *Williams v. United States*, 341 U.S. 97, 99 (1951)). The state, through
7  the local police, had "so far insinuated itself into a position of interdependence with [the
8  private security guards] that it must be recognized as a joint participant in the challenged
9  [private] activity" by training the security guards, giving them police information, and
10 delegating authority to them to issue citations. *Id.* at 1140 (quoting *Gorenc*, 869 F.2d at
11 507)).
12       In *Gorenc v. Salt River Project Agr. Imp. And Power Dist.*, a former employee
13 brought a Section 1983 claim against SRP alleging his termination violated his
14 constitutional right to due process, 869 F.2d 503, 504 (9th Cir. 1989). The court
15 determined SRP's termination could not be "state action" as required for a Section 1983
16 claim because SRP was privately owned, privately run, not affiliated with or financed by
17 the state, and because the benefit from its actions ran to private landowners and not the
18 public.
19       In *Collins v. Womancare*, the court held that the facts of a private organization
20 making citizens arrests of protestors resulting in misdemeanor citations for violating an
21 injunction failed as a matter of law to satisfy the joint activity test for state action under
22 Section 1983, 878 F.2d 1145, 1146–47 (facts), 1154–55 (analysis and holding),  (9th Cir.
23 1989).
24       In *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742. (9th Cir. 2020), the court
25 held that a private hospital and some of its employees and others associated with it acted
26 under the color of state law when petitioning for the detention of and detaining a plaintiff
27 involuntarily for mental health treatment under a state statute. The court cited a number of
28 facts weighing for state action in its analysis: the physicians exercised the state's right to

SILENCE LAW GROUP

4

1  civilly commit the plaintiff to protect the public and the plaintiff, *id.* at 752; the state had
2  14th-Amendment obligations toward the plaintiff as one involuntarily committed it could
3  not "contract away" to private actors like the defendants, *id.* at 753; the defendants
4  coordinated with a county prosecutor in the conduct of a trial on a petition for involuntary
5  commitment, which was also required by statute, *id.* at 753–54; the physicians' challenged
6  activity "received clear state imprimatur" because it was subject to approval by court
7  order, *id.* at 754–55; the physicians were "affirmatively commanded" by state protocols
8  and criteria to perform some of the acts the plaintiff challenged, *id.* at 755–56; and the
9  hospital leased state property, *id.* at 756.

10  Unlike the private security guards and their relationship to the police in *Tsao*,
11  Ortega was not trained by Meza or authorized to perform his state functions. Similarly to
12  SRP in *Gorenc*, she is a private attorney working for private clients. None of her actions
13  in the family and civil law actions that underly her alleged abuse of process can
14  conceivably have benefited Meza or the general public in a way that would render them
15  state action. Ortega's legal practice does not and cannot operate under color of state law
16  in the way the private hospital and individual defendants did in *Rawson* through their
17  statutorily directed involvement in involuntary mental-health civil detentions. Like the
18  defendants' actions in *Collins*, Ortega's conduct in litigation—completely independent of
19  any action or influence of Meza—on behalf of a private client in her private practice fails
20  as a matter of law to satisfy the joint activity test Plaintiff insists on applying.

21  Plaintiff should be given leave to amend his complaint and some notice of its
22  deficiencies "*unless it is absolutely clear the deficiencies of the complaint could not be*
23  *cured by amendment.*" *See Cato v. United States*, 70 F.3d 1103 (9th Cir. 1995). The
24  jurisdictional deficiencies of Plaintiff's complaint as to Ortega cannot be cured by an
25  amendment alleging a Section 1983 claim against Ortega. Therefore, to the extent the
26  Court considers Plaintiff's motion a request for amend to leave, the Court should disallow
27  such amendment as futile.
28

## II. Conclusion

For the foregoing reasons, the Court should deny Plaintiff's Motion to Take Limited Jurisdictional Discovery as to Ortega and deny Plaintiff leave to amend his complaint to allege a Section 1983 claim against Ortega.

RESPECTFULLY SUBMITTED this 11th day of August, 2025.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Trevor Cook
Jeffrey Silence

*Attorneys for Defendant Alane Ortega*