KRISTIN K. MAYES
Attorney General
Firm State Bar No. 14000

Kara Karlson, Bar No. 029407
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, AZ  85004-1592
Telephone (602) 542-8323
Facsimile (602) 542-4385
Kara.Karlson@azag.gov
adminlaw@azag.gov

*Attorney for Defendant Presiding Judge of Maricopa County Joseph Welty*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Potter, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Robert Meza, et al,<br><br>Defendants. | Case No. 2:25-CV-00663-PHX-DWL<br><br>**JUDGE JOSEPH WELTY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Judge Joseph Welty ("Judicial Defendant"), presiding judicial officer in the Maricopa County Superior Court for the state of Arizona, moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  This Court lacks subject matter jurisdiction to hear this matter because there is no case or controversy between Plaintiff and the Judicial Defendant and Plaintiff's claims are barred by Eleventh Amendment immunity.  Alternatively, Plaintiff cannot state a claim for which relief can be granted because the Judicial Defendant is absolutely immune from liability for actions taken in his judicial capacity, and therefore Plaintiff cannot state a claim for which relief can be granted.  For these reasons, Plaintiff's Complaint against the Judicial

Defendant should be dismissed, and because these defects are not curable, he should not be granted leave to amend it.

## BACKGROUND

Since the Judicial Defendant was never served, he was not included in much of the background that was provided in Attorney General Mayes' Motion to Dismiss. (Doc. 38 at 1-3.) The allegations in the First Amended Complaint ("Complaint") applicable to the Judicial Defendant are as follows:

- That the Judicial Defendant is the Presiding Judge of the Maricopa County Superior Court, who is authorized by Arizona law to issue orders requiring vexatious litigants to pre-file documents for review before they may be filed by a person who is represented by counsel (Compl. ¶ 104); and

- That the Judicial Defendant's compliance with the procedures provided under Arizona law—which balances the constitutional rights of individual litigants and the burden on access to justice for other litigants, the court, and access to justice—violates Plaintiffs' rights. (Compl. ¶¶ 113-257).

The Judicial Defendant was not served, but is in receipt of the lawsuit, and files this Motion to Dismiss to avoid delaying the proceedings or increasing the cost of litigation on the parties.

## LEGAL ARGUMENT

The Plaintiff fails to state a claim that this Court is enable to entertain, and alternatively, fails to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). If this Court determines that it lacks jurisdiction to hear the claim, under Fed. R. Civ. P. 12(b)(1), then it should not reach the arguments under Fed. R. Civ. P. 12(b)(6). *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 73 (1997) (explaining that jurisdiction must be determined first, and finding that it is ultra vires for a court to reach the merits if it lacks jurisdiction). The authority to declare a litigant a vexatious litigant derives from the long historical precedent that courts have the inherent

authority to control their own dockets. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (explaining the All Writs Act is the basis for the court's authority to "enter pre-filing orders against vexatious litigants.") (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)).  This inherent authority is important not just to protect judicial resources, but to protect the rights of other litigants.  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  *De Long v. Hennessey*, 912 F.3d 1144, 1148 (9th Cir. 1990).  Arizona, like jurisdictions around the country, have a process delineated by statute and multiple safety valves to protect the rights of everyone before the Court, including vexatious litigants.

**I. This Court Lacks Subject Matter Jurisdiction to Hear this Matter.**

The U.S. Constitution provides for federal jurisdiction only when there is an actual "case" or "controversy" to adjudicate.  U.S. Const. Art. III.  "Standing is 'built on a single basic idea—the idea of separation of powers.'"  *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024) (quoting *United States v. Texas*, 559 U.S. 670, 675 (2023)).  At the pleading stage, the plaintiff must clearly "allege facts demonstrating" each element of standing.  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

**A. There is No Case or Controversy Between Plaintiff and the Judge.**

There is no case or controversy between Plaintiff and the Judicial Defendant. "Judges exist to resolve controversies about a law's meaning or its conformance to the Federal and State Constitutions, not to wage battle as contestants in the parties' litigation."  *Whole Woman's Health v. Jackson*, 595 U.S. 30, 40 (2021).  The Judicial Defendant's only action here was to review and approve the application to certify Plaintiff as a vexatious litigant, as allowed by Arizona law.  The Judicial Defendant had no part in drafting the law that the Plaintiff believes violates his rights, nor enforces the law that the Plaintiff believes violates his rights.  Rather, the Judicial Defendant performed a quintessential judicial function—making a ruling based on the record before

him—in his role as a judicial officer. Both the federal and state constitutions respect and must "remain faithful to this tripartite structure" that precludes the existence of a case or controversy here. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016); *see also* Ariz. Const. art. III (providing express separation of powers "into three separate departments, the Legislative, the Executive, and the Judicial."). There cannot be a case or controversy between the judge overseeing the court's business and a litigant before that court.

Plaintiff also appears to attempt to invoke the standing of others by seeking to "permanently enjoin[] Defendant Welty from enforcing A.R.S. § 12-3201." (Compl. ¶ C.) To the extent this request for relief can be read to prevent the Judicial Defendant from entering vexatious litigant orders against others, this Plaintiff does not have standing to raise those claims. Standing prevents federal courts from becoming nothing more than "a vehicle for the vindication of the value interests of concerned bystanders." *United States v. Students Challenging Reg. Agency Proc.*, 412 U.S. 669, 687 (1973). Plaintiff cannot demonstrate the requisite personal injury to assert the rights of others, here.

Plaintiff lacks standing to bring this claim against the Judicial Defendant, and this Court should dismiss the Complaint with prejudice as to the Judicial Defendant.

**B. Plaintiff's Claims are Barred by the Eleventh Amendment.**

Plaintiff's claims are also barred by the Eleventh Amendment, based on principles of co-equal sovereigns between the federal government and the states. While the precise language of the Eleventh Amendment only refers to foreign citizens and citizens from other states, federal courts have long "understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact, unlimited by Article III's jurisdictional grant." *Va. Off. For Protection & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011). In other words, there is a strong presumption that states and their officers are immune from suit in federal court. Sovereign immunity may

be overcome if it is waived by the State, or if it is abrogated by appropriate congressional action. *Id.*

A narrow exception to sovereign immunity permits suits in federal court against state officials who are acting in their official capacity when the plaintiff seeks injunctive relief to prevent the enforcement of state laws that conflict with federal law. The *Ex Parte Young* exception does not apply here, because the Judicial Defendant does not enforce the law. 209 U.S. 123 (1908). Instead, he is a neutral arbiter. "Usually, [state court judges] do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Whole Woman's Health*, 595 U.S. at 39. Even in explaining the exemption to 11th Amendment immunity more than a century ago, *Ex Parte Young* did not countenance an injunction against a state court or its machinery. 209 U.S. at 163.

In short, Plaintiff has not overcome the high bar for Eleventh Amendment immunity, and cannot overcome that bar as to the Judicial Defendant. This Court does not have jurisdiction, and should dismiss the Complaint with prejudice as to the Judicial Defendant.

**C. No Amendment to the Complaint Can Vest Jurisdiction in this Court Against the Judicial Defendant.**

While Rule 15 of the Federal Rules of Civil Procedure generally apply a liberal amendment standard, no amendment can save the claim against the Judicial Defendant. "When justice requires, a district court should 'freely give leave' to amend a complaint." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (citing Fed. R. Civ. P. 15(a)(2)). However, leave to amend should not be granted when "it is clear that the complaint could not be saved by any amendment." *Id.* (citing *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).

Plaintiff cannot amend his Complaint in any way that provide this Court with jurisdiction over the Judicial Defendant. As a matter of law, there can be no case or controversy between Plaintiff and the Judicial Defendant because they are not adverse

1 parties. In our system of governance, judges are—and must remain—neutral arbiters, applying the facts that they are presented by the adverse parties present before them to the law as it exists. *Whole Woman's Health*, 595 U.S. at 39. No amendment can change the relationship of Plaintiff to the Judicial Defendant in this case.

Additionally, Plaintiff cannot amend his Complaint to overcome Eleventh Amendment immunity against the Judicial Defendant. Eleventh Amendment immunity may present a bar to amending a complaint when the amendment "would fail as a matter of law on a motion for summary judgment." *Yakama Indian Nation v State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999). Here, as a matter of law, the Eleventh Amendment bars Plaintiff's claims against the Judicial Defendant. *Whole Woman's Health*, 595 U.S. at 39-40. Plaintiff can allege no facts that alters this legal principle.

For these reasons, the Judicial Defendant should be dismissed from the Complaint, and the Court should not grant the Plaintiff leave to amend claims against the Judicial Defendant.

**II. The Complaint Fails to State a Claim for Which Relief May Be Granted.**

Alternatively, if the Court decides it has jurisdiction under the Federal Rules of Civil Procedure 12(b)(1), Plaintiff's claim against the Judicial Defendant should be dismissed pursuant to the Federal Rules of Civil Procedure 12(b)(6). *Moore v. Maricopa Cty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011) (explaining a district court "must first determine whether it has jurisdiction before it can decide whether a complaint states a claim.").

To survive a motion to dismiss under the Federal Rules of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

1 the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,
2 556 U.S. at 678. This Complaint does not meet the pleading threshold.

3       Plaintiff cannot state a claim for which relief can be granted because the Judicial
4 Defendant has judicial immunity. The foundational case on the exemption to sovereign
5 immunity, *Ex Parte Young*, 209 U.S. 123 (1908), allows federal courts to enjoin state
6 officers who *enforce* the law under certain circumstances. However, the Judicial
7 Defendant does not enforce the law, he applies it. More than a century ago, *Ex Parte*
8 *Young* explained that "an injunction against a state court would be a violation of the
9 whole scheme of our government." *Id.* at 163. More recently, the Supreme Court re-
10 affirmed the principles in *Ex Parte Young*, specifically as it applies to state court judges
11 and clerks who might be required to hear cases under Texas' anti-abortion statute, and
12 decided that "state-court judges are not proper defendants." *Whole Woman's Health*,
13 595 U.S. at 41.

14       Plaintiff seeks declaratory and injunctive relief against the Judicial Defendant as
15 to Count One only. (Doc. 14.) The Judicial Defendant is absolutely immune from suit
16 for the acts he takes in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355-
17 60 (1978). This includes immunity from injunctive relief. *Mullis v. U.S. Bankr. Ct. for*
18 *D. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) ("We hold that when a person . . . can
19 successfully assert judicial or quasi-judicial immunity from damages, that immunity also
20 will be declaratory and injunctive relief."). Judicial immunity serves numerous
21 important functions, including "protecting the finality of judgments," "discouraging
22 inappropriate collateral attacks," and "protect[ing] judicial independence by insulating
23 judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*,
24 484 U.S. 219, 225 (1988).

25       Judicial immunity from 42 U.S.C. § 1983 claims against state judicial officers is
26 guaranteed by law. Congress amended 42 U.S.C. § 1983 to clarify judicial immunity
27 precludes injunctive relief against state judicial officers as well. *Moore v. Urquhart*, 899
28

F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 (as amended by the [Federal Courts Improvement Act of 1996 'FCIA'] therefore provides judicial officers immunity from injunctive relief even when the common law would not."). "The text of the FCIA bars injunctive relief against 'a judicial offer' for acts or omissions taken in the officer's 'judicial capacity.'" *Id.* at 1104.

Plaintiff attempts to avoid judicial immunity by claiming that the Judicial Defendant's action here was "administrative," but that mischaracterizes the nature of the Complaint. The Judicial Defendant is a party to this action solely because of he entered an order determining the rights of parties as presiding judge in Maricopa County according to Arizona law. A.R.S. § 12-3201(A) ("[T]he presiding judge of the superior court . . . may designate a pro se litigant a vexatious litigant."). Entering an order relating to parties before the court is a judicial act. *See* BLACK'S LAW DICTIONARY (12th ed. 2024) (defining judicial act as "[a]n act involving the exercise of judicial power. Also termed *act of court*."). A judge acts in his or her judicial capacity—and is protected by judicial immunity—when he or she takes an action that is normal judicial function, in the judge's chambers, based on a controversy centered around a case before the court, and the events "arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (citing *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)).

Judicial immunity attaches to and protects judicial functions when they are exercised by a judicial officer. *Forrester*, 484 U.S. at 227. As the Supreme Court explained, judicial immunity is broad in scope:

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

*Stump*, 435 U.S. at 356-57.

The Judicial Defendant was acting in his judicial capacity when he entered the order declaring Plaintiff a vexatious litigant. He reviewed the record after reviewing the other matters in which Plaintiff had been involved, and made a judicial determination.[1] This is a quintessential judicial function, and as such, the Judicial Defendant is entitled to judicial immunity.

Finally, Plaintiff identifies no actions by the Judicial Defendant in the nearly twenty pages dedicated to Count One. Instead, those paragraphs are dedicated to arguments challenging Arizona's vexatious litigant statute. (Compl. ¶¶ 113-207.) Of course, the Judicial Defendant played no role in creating or enforcing the law that Plaintiff challenges. He only applied that law to the facts that were presented to him and issued the order declaring Plaintiff a vexatious litigant. The Complaint makes no allegations that the Judicial Defendant did anything improper. Accordingly, Plaintiff does not state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, this Complaint should be dismissed as to the Judicial Defendant pursuant to Federal Rules of Civil Procedure 12(b)(1), or alternatively 12(b)(6), without leave to amend.

Respectfully submitted this 11th day of August, 2025.

        Kristin K. Mayes
        Attorney General

        */s/ Kara Karlson*
        Kara Karlson
        Senior Litigation Counsel
        *Attorney for Defendant Judge Joseph Welty*

---

[1] *See* Admin. Order 2023-159 (Nov. 2, 2023) *available at* https://www.azcourts.gov/Vexatious-Litigants/List-of-Vexatious-Litigants/Maricopa. This court can take judicial notice of this order, Fed. R. Evid. 201, and not transform this Motion to Dismiss to one for summary judgment.

9

**CERTIFICATE OF CONFERRAL**

In accordance with the Court's April 24, 2025 Order (DE 13) and LR Civ. 12.1(c), the undersigned counsel notified Plaintiff of the defects that the Judicial Defendant was asserting via email on August 5, 2025, and requesting an agreeable time to discuss. On August 11, 2025, undersigned counsel discussed the defects in the Amended Complaint with the Plaintiff. The parties to the meet and confer could not reach an agreement as to amendment.

*/s/ Kara Karlson*
Kara Karlson
Senior Litigation Counsel
*Attorney for Defendant Judge Joseph Welty*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 11th day of August, 2025 I filed the forgoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means.


 /s/Monica Quinonez