| | |
|---|---|
| Brett W. Johnson, (#021527) | Timothy A. Nelson (#016274) |
| Derek C. Flint, (#034392) | THE NELSON LAW GROUP, PLLC |
| Charlene A. Warner, (#037169) | 24 West Camelback |
| SNELL & WILMER L.L.P. | Suite A#541 |
| One East Washington Street | Phoenix, Arizona 85013 |
| Suite 2700 | Telephone: 602.421.2681 |
| Phoenix, Arizona 85004-2556 | Facsimile: 602.456.9982 |
| Telephone: 602.382.6000 | Email: tim@nelsonlawsolutions.com |
| Facsimile: 602.382.6070 | |
| Email: bwjohnson@swlaw.com | *Attorney for Defendant Robert Meza* |
|        dflint@swlaw.com | |
|        cwarner@swlaw.com | |

*Attorneys for Defendant Karrin Taylor Robson*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
| Plaintiff, | |
| vs. | **DEFENDANTS ROBERT MEZA AND KARRIN TAYLOR ROBSON'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |
| Robert Meza, et al., | |
| Defendants. | |

Plaintiff's belated effort to strike Defendants Robert Meza's and Karrin Taylor Robson's ("Defendants'") July 11, 2025 Joint Motion to Dismiss ("JMTD") (Doc. 51) should be summarily denied.[1]  First, Mr. Potter's motion is not timely.  Fed. R. Civ. P. 12(f)(2) makes clear that motions to strike pleadings must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Here, Mr. Potter meets neither time frame.  He responded to the JMTD on July 23, 2025 (Doc. 55) without raising the meet and confer issue and Defendants have

---

[1] Mr. Potter does not contest that Ms. Taylor Robson satisfied her meet-and-confer obligation under LRCiv. 12.1(c).

filed their Reply (Doc. 59). His belated effort – 28 days after the JMTD was filed – to now strike the fully briefed JMTD should be denied on timeliness grounds alone.

Second, Mr. Potter's substantive position regarding who all had to participate in the meet and confer session is inapplicable to joint motions such as the JMTD. Rep. Meza and Ms. Taylor Robson moved *jointly* to dismiss.  Mr. Potter concedes (at 1-2) that counsel for Ms. Taylor Robson met and conferred with him on each of the grounds asserted in the JMTD, and that he rejected Defendants' position on each such ground.  Counsel for Ms. Taylor Robson informed counsel for Rep. Meza of the meet and confer session and Mr. Potter's positions on the grounds for the Motion.  Because Rep. Meza did not assert any grounds for dismissal that were not discussed in the meet and confer session, there was no need for a separate meet and confer on the same topics.  *See Vondran v. Antonelli*, CV-22-00790-PHX-DJH, 2022 WL 17903756, at *6 (D. Ariz. Dec 23, 2022) (denying motion to strike a second defendant's motion to dismiss for failing to meet and confer with Plaintiff where "requiring the parties to meet and confer again would not change the parties' stances on personal jurisdiction."); *see also Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.,* No. CV-19-05827-PHX-DWL, 2021 WL 778541, at *4 (D. Ariz. Mar. 1, 2021) (allowing a portion of a motion to dismiss to proceed because, "under these circumstances, further meeting-and-conferring about this particular counterclaim would have been pointless").

Indeed, Mr. Potter does not contend that had there been a separate meet and confer session with Meza's counsel, he would have in any way changed his position on any matter asserted in the JMTD. To the contrary, his opposition to the JMTD (which fails to even raise the meet and confer issue) confirms that he would not have changed his position.

Counsel for Meza and Taylor Robson accurately certified that "a meet and confer was held by phone with Plaintiff regarding the Joint Motion to Dismiss, but the parties were unable to resolve the subject of the Motion or agree that the pleading was curable in any part by a permissible amendment." Doc. 51.  Neither Local Rule 12.1 nor Fed. R. Civ. P. 11 requires that in the case of a joint motion, counsel for all the parties joining in the motion must all participate in the meet and confer session.  Mr. Potter's efforts to require

1  a different result would unnecessarily increase litigation costs – a result particularly
2  inappropriate when defending against a vexatious litigant.

3        Finally, Mr. Potter's efforts (at 7-9) to essentially file a "Surreply" regarding the
4  JMTD are without merit. Neither the Federal Rules of Civil Procedure nor the District's
5  Local Rules entitle a party to a sur-reply as a matter of right. *See* LRCiv 7.2. Indeed, "sur-
6  replies are highly disfavored and permitted only in extraordinary circumstances."
7  *Vondran*, 2022 WL 17903756, at *6 (quoting *Finley v. Maricopa Cty. Sheriff's Office*, 2016
8  WL 777700, *1 n.1 (D. Ariz. Feb. 29, 2016)). Mr. Potter's attempt to include additional
9  argument on the merits of the motion to dismiss is procedurally improper—particularly
10 because he's doing so in a untimely motion to strike that, itself, has no basis in the rules.

11       Even if the Court were to consider Mr. Potter's arguments on Sur-Reply, it should
12 reject them for three resons. First, it was Mr. Potter's choice to pursue frivolous and
13 entirely unsuccessful appeals of the trial court's rulings in the public records action without
14 first seeking to amend his complaint to bring the constitutional challenges he brings here.
15 Second, Mr. Potter in fact raised those constitutional challenges for the first time in his
16 state court appeals and lost. Third, Defendants' successful defense of Mr. Potter's appeals
17 cannot provide an independent basis for "ongoing" liability to him for the same reasons
18 that their successful initial motion to designate him as vexatious does not. Simply put: a
19 party cannot both willingly file frivolous appeals all the way to the State Supreme Court
20 and then claim harm from the successful defense of those appeals.

21 **Conclusion**

22
23       As is his pattern, Mr. Potter's motion to stike is is frivolous and should be summarily
24 denied. This Court should proceed to rule in Defendants' favor on the JMTD and enter an
25 award of attorneys' fees (including for having to respond to this motion) and costs in
26 Defendants' favor.
27
28

Dated: August 14, 2025

SNELL & WILMER L.L.P.

By: */s/Derek C. Flint (w/permission)*
    Brett W. Johnson
    Derek C. Flint
    Charlene A. Warner
    One East Washington Street
    Suite 2700
    Phoenix, Arizona 85004-2556
    Telephone:   602.382.6000
    Facsimile:   602.382.6070

*Attorneys for Defendant Karrin Taylor Robson*

THE NELSON LAW GROUP, PLLC

By: */s/ Timothy A. Nelson*
    Timothy A. Nelson
    24 West Camelback
    Suite A#541
    Phoenix, Arizona 85013
    Telephone:   602.421.2681
    Facsimile:   602.456.9982

*Attorney for Defendant Robert Meza*