Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
| Plaintiff, | |
| v. | **REPLY TO MOTION TO STRIKE KARRIN TAYLOR ROBSON'S AND ROBERT MEZA'S JOINT MOTION TO DISMISS AND REPLY** |
| Robert Meza, et al., | |
| Defendants. | |

In their Response, defendants Karrin Taylor Robson and Robert Meza ("Defendants") readily admit (1) Meza did not participate in any meet and confer session; and (2) neither defendant discussed Meza's specific grounds for dismissal with Plaintiff prior to filing their joint motion to dismiss ("JMTD"). But Defendants take the head-scratching position that the Court should disregard these admitted facts because "Rep. Meza and Ms. Taylor Robson moved *jointly* to dismiss." (Doc. 68, p. 2) (Emphasis original). Defendants provide no factual or legal rationale as to why their defiance of

local procedural rules and the Court's Preliminary Order should result in anything other than stricken filings.  As the Hon. Dominic Lanza noted elsewhere, "'[t]he Court is ordinarily a stickler for compliance with Local Rule 12.1(c).'  The purpose of Local Rule 12.1(c) is to avoid unnecessary motions practice, which squanders judicial resources and undermines Rule 1's objective of securing 'the just, speedy, and inexpensive determination of every action and proceeding.'  Local Rule 12.1(c) is intended 'to promote communication and an attempted resolution by opposing counsel prior to parties filing motions to dismiss'.  To that end, Local Rule 12.1(c) provides that a party contemplating filing a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) _must_ first engage in a meaningful conversation with its adversary about whether the perceived deficiencies might be cured by amendment.  If so, the parties can avoid motions practice, and its attendant costs and delays, by simply agreeing to the amendment.  Although such agreements may be rare in practice, it is still incumbent upon the parties to confer with each other in a sincere attempt to find common ground.  That didn't happen here." *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.,* No. CV-19-05827-PHX-DWL, 2021 WL 778541, at *2 (D. Ariz. Mar. 1, 2021) (emphasis added).  The Court should strike Defendants' filings as Plaintiff requests.

REBUTTAL

Defendants offer baseless defenses that (1) Plaintiff's motion to strike was untimely; and (2) Robert Meza's counsel was not required to participate in a meet and confer session, or to communicate with Plaintiff prior to Defendants filing the JMTD.

I. Plaintiff's Motion Was Timely

Citing Fed. R. Civ. P. 12(f)(2), Defendants argue that Plaintiff's motion to strike was "not timely". (Doc. 68, p. 1).  They note "Fed. R. Civ. P. 12(f)(2) makes clear that

motions to strike <u>*pleadings*</u> must be made 'either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.'" (Emphasis added). This defense is fatally flawed. As Defendants know, Fed. R. Civ. P. 12(f)(2) expressly applies to "pleadings", not to Fed. R. Civ. P. 12(b)(6) motions. Fed. R. Civ. P. 7(a)(1) defines a "pleading" as "a complaint", "an answer to a complaint", "an answer to a counterclaim designated as a counterclaim", "an answer to a crossclaim", "a third-party complaint", "an answer to a third-party complaint", or "a reply to an answer". Simply put, motions do not qualify as "pleadings". And Fed. R. Civ. P. 12(b)(6) motions are just that – motions. *See* Fed. R. Civ. P. 7(b) (a "motion" is a "request for a court order"); *see also* LRCiv 7.2; Preliminary Order (Doc. 13, pp. 3-4). Motions asking to strike motion papers adhere to LRCiv 7.2(m)(1), whereas motions asking to strike "pleadings" follow Fed. R. Civ. P. 12(f)(2) guidance. Critically, LRCiv 7.2(m)(1) motions lack the Fed. R. Civ. P. 12(f)(2) time constraint. Regardless, Plaintiff brought his motion to strike in expeditious fashion. The "timely" defense is frivolous.

## II. Meza Violated LRCiv 12.1(c) And The Preliminary Order

### A. Joint Motions Are Not Vehicles To Defy Local Rules And Court Orders

Defendants posit that Plaintiff's "substantive position regarding who all had to participate in the meet and confer session is inapplicable to joint motions such as the JMTD ... Neither Local Rule 12.1 nor Fed. R. Civ. P. 11 requires that in the case of a joint motion, counsel for all the parties joining in the motion must all participate in the meet and confer session." (Doc. 68, p. 2). According to Defendants' faulty logic, neither LRCiv 12.1(c) nor the Preliminary Order required Meza's counsel to meet and confer, or even to communicate with Plaintiff, prior to counsel lending his name to the JMTD's conferral certificate. Tellingly, Defendants cite to no legal authority or

interpretation of procedural language to support their position. They just declare it so.

Per LRCiv 12.1(c), "[n]o motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or motion for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless <u>the moving</u> party includes a certification that, <u>before</u> filing the motion, the <u>movant</u> notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *<u>The movant</u>* may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion. A motion that does not contain the required certification may be stricken summarily." Nowhere in that language can there be found any exception allowing a "movant" to lend his name to a joint motion for the purpose of avoiding his conferral obligations. Every "movant" must comply. And Meza did not.

Per the Preliminary Order, "[t]he Court therefore *<u>requires</u>* that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment, *<u>the movant must confer with the opposing party</u>* to determine whether such motion can be avoided; and (2) the movant must attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." Nothing in this order's language permits a movant to disregard their meet and confer obligations by joining in another's motion. The Court should strike.

B. Defendants' Highly Questionable Representations Were Intentional

Defendants claim that "[c]ounsel for Meza and Taylor Robson accurately certified that 'a meet and confer was held by phone with Plaintiff regarding the Joint Motion to

3

Dismiss, but the parties were unable to resolve the subject of the Motion or agree that the pleading was curable in any part by a permissible amendment.'"  In other words, Defendants strategically chose vague language to wordsmith around Meza's non-compliance.  This admission should deeply concern the Court.  Fed. R. Civ. P. 11(b)(2) and (3) require that "[e]very ... written motion, ... must be signed by at least one attorney of record in the attorney's name ... By presenting to the court a ... written motion, ... – whether by signing, filing, submitting, or later advocating it – an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support".  It seems Defendants (1) violated Fed. R. Civ. P. 11(b)(3) with a factually deceptive conferral certificate; and (2) violated Fed. R. Civ. P. 11(b)(2) by offering "defenses and other legal contentions [not] warranted by existing law" in their JMTD and in the instant motion's Response that a defendant need not comply with LRCiv 12.1(c) if he joins in a dismissal motion with a defendant who has complied, at least in part.  Defendants should have displayed candor and contrition in their Response to the motion to strike, not frivolity and defiance.  The Court should strike the filings.

C. Karrin Taylor Robson's Dismissal Arguments Differ From Meza's

Defendants next ask the Court to disregard Meza's non-compliance because "Rep. Meza did not assert any grounds for dismissal that were not discussed in the meet and confer session".  (Doc. 68, p. 2).  This argument fails for at least two reasons.  First, it is factually untrue.  Second, the argument would be immaterial even if true since the Preliminary Order "requires" each movant to meet and confer, as does LRCiv 12.1(c).

4

Returning to the first source of failure, Meza seeks *Noerr-Pennington* immunity as an elected government official (Doc. 51, pp. 8-12) but Taylor Robson's counsel never discussed that fact-dependent source of immunity with Plaintiff. Indeed, Defendants stand in decidedly different positions on immunity, meaning Taylor Robson and Meza had no common dismissal grounds for Taylor Robson's counsel to even discuss with Plaintiff. Meza and Taylor Robson have different attorneys, and Meza is brought to suit for acts taken under color of law as a government official to deprive fundamental rights, while Taylor Robson is a private person, public figure accused of injuring Plaintiff as a state actor under a "joint action" theory. Meza must demonstrate that his "litigation activities [were] brought by [a] government official[] to advance public goals". *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 535-41 (9th Cir. 2022). He made no such argument on JMTD or the JMTD Reply because he can make no such argument. Hence, Meza's immunity defense fails altogether as a matter of law. On the other hand, Taylor Robson makes a factual argument that she acted as a purely private person, not a state actor. Her arguable defense is one of fact, while Meza's untenable defense is one of law. Again, at no time did Taylor Robson's counsel discuss, nor could her counsel have discussed, Meza's unique immunity defense with Plaintiff. To be sure, Defendants readily admit that "[c]ounsel for Ms. Taylor Robson informed counsel for Rep. Meza of the meet and confer session and Mr. Potter's positions on the grounds for the Motion." (Doc. 68, p. 2). In other words, Defendants' counsels did not speak to one another until <u>after</u> Taylor Robson spoke with Plaintiff and heard "Mr. Potter's position" on her defenses, not on Meza's defenses, during the meet and confer. Exhibits that Plaintiff provided with the motion to strike show no discussion between the conferring parties was contemplated or had regarding Meza's defenses. And at no point in their JMTD or

JMTD Reply did either defendant argue that Meza's appearance in the CV2022-008626 state case did anything other than serve his personal interest – the absolute antithesis of what a government official must demonstrate to benefit from *Noerr-Pennington* immunity. (Doc. 55, pp. 16-17). The Court should strike the filings as Plaintiff requests.

D. Injury Is Not Required to Strike Per LRCiv 7.2(m)(1) Or LRCiv 12.1(c)

Next, Defendants offer that "Mr. Potter does not contend that had there been a separate meet and confer session with Meza's counsel, he would have in any way changed his position on any matter asserted in the JMTD.  To the contrary, his opposition to the JMTD (which fails to even raise the meet and confer issue) confirms that he would not have changed his position." (Doc. 68, p. 2).  This poorly developed argument seems to be something akin to a position that Plaintiff must demonstrate injury or prejudice to seek the requested relief, where Defendants speculate about what Plaintiff's "position" would have been had they complied with procedural requirements.  Plaintiff brought the motion to strike pursuant to LRCiv 7.2(m)(1) and LRCiv 12.1(c); both of which require Defendants to comply regardless of injury or prejudice to the opposing party.  That said, Plaintiff suffers injury and prejudice in the form of months-long delays of his complaint's resolution due to Defendants' non-compliance with procedural rules and court orders, and their continued evasiveness in the face of admitted non-compliance with those rules.[1]

---

[1] Defendants cite *Vondran v. Antonelli*, CV-22-00790-PHX-DJH, 2022 WL 17903756 (D. Ariz. Dec 23, 2022) and *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.,* No. CV-19-05827-PHX-DWL, 2021 WL 778541 (D. Ariz. Mar. 1, 2021) for support.  Those two cases do just the opposite.  The *Vondran* court overlooked the offending party's LRCiv 12.1(c) violation because that case was decided on jurisdictional grounds, not on the merits, and the offenders made honest efforts to remedy their error ("In light of these [jurisdictional] circumstances and the active steps taken by the Robinson Defendants to cure any harm caused by their failure to meet and confer, the Court finds that striking the First Motion is unnecessary.  ... [T]he Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.").  *Cartessa* only confirms *Vondran*, and once again supports Plaintiff's

E. Plaintiff's Motion To Strike Is Not A Sur-Reply

With little to no explanation, Defendants attempt to turn the tables and declare Plaintiff's motion to strike functions as a prohibited "sur-reply". It does not. Plaintiff merely pointed out in the motion to strike that Defendants' JMTD Reply also violated Fed. R. Civ. P. 11(b)(2) and (3) not because they presented new arguments for the first time on Reply but because those arguments had no basis in fact or law. (Doc. 64, pp. 7-9). Had Defendants' new argument been based in fact or law, the Court could have simply ignored it as untimely. However, because Defendants' new argument was knowingly baseless in fact and in law, the JMTD Reply was susceptible to being summarily stricken per LRCiv 7.2(m)(1) as a violation of procedural rules. The Court need not entertain any aspect of the new argument that government officials may make knowing misrepresentations to state courts as means to avoid public records production, and then transform A.R.S. § 12-3201 from its legitimate purpose as a litigation "shield" in civil proceedings into the improper purpose of a litigation "sword" in mandamus

---

position. In *Cartessa*, the Hon. Dominic Lanza noted that when performing their LRCiv 12.1(c) meet and confer obligations, "the parties must present to each other the merits of their respective positions with the same candor, *specificity*, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter. ... Nevertheless, Local Rule 12.1(c) places the burden on the movant to certify that 'the parties were unable to agree that the pleading was curable in any part by a permissible amendment' and here, because neither side engaged in any discussion of that topic during the [meet and confer] phone call, [Defendants] cannot credibly make this certification. ... Under Local Rule 12.1(c), a court may 'summarily' strike or deny a Rule 12(b)(6) or Rule 12(c) motion based on such non-compliance and the Court chooses, in its discretion, to employ that remedy here." In the case here, Defendants make no jurisdictional argument, never attempted to remedy their errors, never addressed Meza's dismissal arguments with any "specificity", and "cannot credibly make this certification" that Defendants discussed Meza's reasons for dismissal with Plaintiff. Like it did in *Cartessa*, the Court should strike the JMTD and JMTD Reply.

proceedings to keep those misrepresentations from coming to light. It matters not that Defendants were "successful" in their tortious misrepresentations and abuses of process since Plaintiff does not challenge the judgment here. He was injured by, and his dispute in federal court is with, the Defendants – one defendant for tortious acts performed as a government official and the other defendant for tortious acts performed as a state actor. *See Kougasian v. TMSL, Inc.,* 359 F.3d 1136 (9th Cir. 2004) (explaining that claim preclusion and the *Rooker-Feldman* doctrine do not apply when a plaintiff alleges government officials made misrepresentations in state court proceedings to deprive him of fundamental rights because such misrepresentations are "not an error by [a] court," but instead are "wrongful act[s] committed by the party or parties who engaged in the fraud"); Restatement (Second) of Torts § 682 (1977) ("Termination of the proceeding in favor of the plaintiff need not be shown" to plead or to prove Abuse of Process).

## CONCLUSION

Defendants have conceded that Plaintiff plausibly pleads a 42 U.S.C. § 1983 claim for damages against Meza. And Meza indisputably did not present his *Noerr-Pennington* immunity dismissal argument to Plaintiff, likely because Defendants' seasoned attorneys know that particular brand of immunity is unavailable to Meza as a matter of law. Furthermore, nowhere in the JMTD or JMTD Reply did Defendants argue that Meza acted to "advance public goals" – the necessary element for a government official to gain the benefits of *Noerr-Pennington* immunity. Defendants instead cling to their admitted defiance of procedural rules and court orders to delay discovery. The Court therefore should summarily strike the filings, or at least strike the filings insofar as Meza is involved, so that this case can quickly move toward a "just, speedy, and inexpensive determination of every action and proceeding" exactly as Fed. R. Civ. P. 1 and Local

Rule 12.1(c) intend. Indeed, these parties (Plaintiff and Defendants) have no dispute regarding Article III jurisdiction or Plaintiff's standing to bring claims for damages, and they have no legitimate dispute on the claim preclusion issue. *See Kougasian*; Doc. 55, pp. 5-11. In addition, Defendants' much-touted "success" in state court mandamus proceedings is immaterial given the nature of Plaintiff's claims in this case. *See* Doc. 55, pp. 11-17; Restatement (Second) of Torts § 682. It is time to proceed to the discovery stage so that the Court, and an eventual jury, can adjudicate all relevant facts to determine whether Taylor Robson can be considered a state actor (Defendants' sole legitimately arguable defense), and to determine the truth regarding every tortfeasors' (Robet Meza, Karrin Taylor Robson, and Alane Ortega)[2] concerted tortious acts and their respective liability relating to Plaintiff's irreparable and compensable injuries.

DATED this 18th day of August 2025.

By: //s//
Phillip Potter
Plaintiff
Pro Se

---

[2] Summarily striking the JMTD and JMTD Reply, or at least summarily striking the portions of those filings which go to Meza's defenses, would simultaneously resolve Alane Ortega's sole defense that the Court lacks supplemental jurisdiction over state claims where she appears as a defendant. (Doc. 52; Doc. 54; Doc. 56).