KRISTIN K. MAYES
Attorney General
Firm State Bar No. 14000

Kara Karlson, No. 029407
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, AZ 85004-1592
Telephone (602) 542-8323
Facsimile (602) 542-4385
Kara.Karlson@azag.gov
adminlaw@azag.gov
*Attorney for Defendant Presiding Judge of
Maricopa County Pamela Gates*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Robert Meza, et al,<br><br>Defendants. | Case No. 2:25-CV-00663-PHX-DWL<br><br>**REPLY IN SUPPORT OF JUDICIAL DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Judge Pamela Gates ("Judicial Defendant"), presiding judicial officer in the Maricopa County Superior Court for the state of Arizona, files this reply in support of the Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). (Doc. 67). The Judicial Defendant's Motion should be granted because this Court lacks jurisdiction due sovereign immunity, and she has judicial immunity for this decision.

**LEGAL ARGUMENT**

The issue before the Court as to the Judicial Defendant is limited: does the Plaintiff have an injury that can be redressed against a state judicial officer by the federal judiciary? He does not; this case should be dismissed for lack of federal jurisdiction, or alternatively, failure to state a claim.

**I.     Plaintiff Cannot Invoke Federal Jurisdiction Against a State Judicial Officer in Her Official Capacity.**

Plaintiff bears the burden, in all stages of the litigation, of demonstrating that the federal court has jurisdiction to hear the case and provide a remedy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements [of standing jurisprudence]."). Indeed, standing elements are "an indispensable part of the plaintiff's case." *Id.* Plaintiff cannot overcome the "irreducible Constitutional minimum" necessary to maintain his suit here, because the nature of his asserted claim has no remedy against this defendant in federal court. *Id.*

Plaintiff does not have standing to sue, because the Judicial Defendant is entitled to Eleventh Amendment immunity for the decision to declare the Plaintiff a vexatious litigant. Simply put, "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Munoz v. Super. Ct. of Los Angeles Cty.*, 91 F.4th 977, 981 (9th Cir. 2024). The decisions of *Munoz* and *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021) control here.

The Eleventh Amendment guarantees of sovereign immunity for the states prevents this Court from entertaining Plaintiff's against the Judicial Defendant. In *Whole Woman's Health*, the Supreme Court upheld a Texas law allowing private citizens to sue doctors or other health practitioners who performed or offered abortions after "'the physician detected a fetal heartbeat.'"[1] 595 U.S. at 35-36 (quoting Tex. Health & Safety Code Ann. §§ 171.104(a), 171.205(a)). Notably, the Supreme Court was unanimous that "state-court

---

[1] This decision preceded *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022) overturned Roe v. Wade, 410 U.S. 113 (1973) and *Planned Parenthood v. Casey*, 505 U.S. 833 (1992).

2

judges are not proper defendants" in federal litigation determining the contours of individual constitutional rights and the limitation of state law. *Id.* at 41. While the Supreme Court was divided as to many other issues in the case, it was unanimous that state court judges had judicial immunity. *Id.* In *Whole Woman's Health*, the Supreme Court determined which parties were entitled to sovereign immunity, specifically state court judges and their clerks, and which were not. *Id.* at 45-46. The Supreme Court dismissed the state court judge, explaining that the Constitution's sovereign immunity guarantee required dismissal. *Id.* at 51.

*Munoz*, applying *Whole Woman's Health*, explained that state judicial officers were not subject to suit in federal court and overruled *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004). *Munoz*, 91 F.4th at 981. In *Munoz*, the plaintiffs alleged that the state judicial defendants set unconstitutionally high bail requirements. *Id.* at 979. The Ninth Circuit agreed with the district court's decision dismissing the complaint for lack of jurisdiction. *Id.* at 979-80. The Ninth Circuit explained that both the state court itself and the state court judge was entitled to sovereign immunity. *Id.* at 980-81. "Consistent with *Jackson*, Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity." *Id.* at 981. The Judicial Defendant's action, made in her official capacity, is clothed with Eleventh Amendment immunity as an action taken as "an arm of the state" to which no exception applies. *Id.* at 980.

Plaintiff lacks standing because this Court cannot provide him with his requested remedy against the Judicial Defendant. "Remedies . . . ordinarily 'operate with respect to specific parties.'" *California v. Texas*, 593 U.S. 659, 672 (2021). The Judicial Defendant entered an administrative order declaring Plaintiff a vexatious litigant in Maricopa County's court of general jurisdiction. As a result of the order, other judges and the clerk of court are limited in what filings they can automatically process and file if Plaintiff proceeds pro se. The fact that this order binds the actions of other judicial officers, and

the fact that the Judicial Defendant is a party to this suit only based on her role as a judicial officer, confirms the judicial nature of the Administrative Order.

Another factor belies Plaintiff's insistence that the Administrative Order is an administrative action that falls outside the protections of sovereign immunity. Plaintiff sought, and the Judicial Defendant agreed, to substitute the former Presiding Judge, Judge Welty, with the current Presiding Judge, Judge Gates. (Doc. 77). Successors in office automatically assume the role of the official who previously held the role when the real party is the government entity, or the sovereign. *Lewis v. Clarke*, 581 U.S. 155, 162 (2017). And "Defendants in an official-capacity action may assert sovereign immunity." *Id.* at 163 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-344 (2009)). The Judicial Defendant is entitled to sovereign immunity—and federal courts are prohibited by the Constitution—from issuing an order or injunction against her for her judicial determinations.

## II.  Plaintiff's Claims Against the Judicial Defendant Fail to State a Claim For Which This Court Can Provide Relief.

Even if Plaintiff could establish standing allowing the federal courts to become entangled in the day-to-day activities of the state's court of general jurisdiction, he still fails to state a case upon which relief may be granted as to the Judicial Defendant. Plaintiff can present his case against Arizona's vexatious litigant statute in this Court (as he is doing), but that does not mean he has a claim against the Judicial Defendant. Indeed, the law expressly prevents such lawsuits. *Munoz*, 91 F4th at 981.

Plaintiff spends many pages disputing that the Administrative Order declaring him a vexatious litigant is a judicial act. (Resp. at 4-10). Indeed, this distinction is key, because, as Plaintiff notes, administrative acts undertaken by a judicial officer are not entitled to judicial immunity. (*Id.* at 5). The four-part test elucidated in *Lund v. Cowan*, 5 F.4th 964 (9th Cir. 2021) at its core is whether a decision—in this case the identification of a vexatious litigant—is of judicial character. *Id.* at 971. Even informal or ex parte proceedings are entitled to judicial immunity. *Id.* ("We reject a cramped and illogical reading of a judicial act that would include only instances when a judge expressly decides

a formal motion or request."). While the designation of a person as a vexatious litigant is not a traditional "plaintiff v. defendant" lawsuit, the Administrative Order is a judicial order, which entitles the Judicial Defendant to judicial immunity based on the "functional" analysis of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 224 (1988).

The Administrative Order is "a general function normally performed by a judge" that is therefore entitled to judicial immunity. *See Lund*, 5 F.4th at 972 (citing *Mireles v. Waco*, 502 U.S. 9, 13 (1991)). Consider that if a disgruntled former business partner—even one who had prevailed over many lawsuits—created a declaration that the other was a vexatious litigant and filed it with the court, it would not have any force and effect. The court would not require the person labeled vexatious to either hire an attorney or pre-file complaints before allowing a lawsuit to be filed. The order only has the effect it does because it was issued by the Judicial Defendant in their official role as Presiding Judge of the Maricopa County Superior Court. The fact that it is labeled an administrative order does not mean it does not spring from the authority of the court.

Plaintiff relies primarily on *Forrester*, to emphasize that *administrative* acts by the courts are not clothed with judicial immunity. The Judicial Defendant agrees that the kinds of acts in *Forrester* were not—and indeed should not—be protected by judicial immunity. But *Forrester* is a *narrow* exception that is inapplicable here. The state court judge in *Forrester* sought absolute immunity for demoting and ultimately firing a female probation officer on the basis of her sex. 484 U.S. at 220-21. Employment decisions, procurement decisions, and other such decisions are outside the shield of judicial immunity because they are not inherently judicial acts. *Id.* at 226. The judge, or his or her designee, may make these non-judicial decisions; however, only the Presiding Judge (or another judge) is empowered to determine whether there is a sufficient basis to declare a person as a vexatious litigant. A.R.S. § 12-3201(A). Determining whether a person is a vexatious litigant, and issuing an order that restricts that person's ability to file additional litigation without guardrails is a judicial function.

The Court in *Forrester* discussed the need to balance protection from vexatious litigation against judicial officers and the need to allow for redress of certain harms in specific, narrow circumstances.

> [T]he Court emphasized that the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have. . . . If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions like to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

*Forrester*, 484 U.S. at 226-27. Indeed, *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) acknowledges "regulat[ing] the activities of abusive litigants" is a judicial act that "courts may impose." *Id.* (*quoting De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Simply put, a judicial order that designates a person a vexatious litigant is a judicial determination, and for that reason, the judicial officer making that determination is immune from civil liability.

Plaintiff argues that the Judicial Defendant is a proper party because, he believes, that Arizona's vexatious litigant law is unreviewable and bars Plaintiff's access to the Court. (Doc 79 at 8). This is inaccurate. The very footnote in the case cited by Plaintiff explains that administrative orders declaring a person a "vexatious litigant" *are* subject to appellate review in state court through a special action. *Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 16 n.8 (App. 2012) ("Because we do not have appellate jurisdiction over administrative orders, see A.R.S. § 12-2101, we must exercise special action jurisdiction to review such orders."). The Administrative Order at issue in this case is a judicial determination that does not unnecessarily restrict Plaintiff's ability to seek redress from the courts. It does, however, seek to balance Plaintiff's litigiousness and the other important duties of the courts, including the ability of other litigants to have access to justice. *Ringgold-Lockhart*, 761 F.3d at 1067.

For this reason, to the extent this Court finds it has jurisdiction, Plaintiff still fails to state a claim for which relief may be granted and the Judicial Defendant should be dismissed.

**III. Plaintiff's Responses to the Judicial Defendant's Motion Are Inapposite.**

Plaintiff dedicates considerable argument to the following points: 1) that the order, labeled administrative, precludes sovereign and judicial immunity; 2) that the Judicial Defendant improperly used *Mullis v. U.S. Bankr. Ct. for D. of Nev.*, 828 F.2d 1385 (9th Cir. 1987); and 3) uses this case as a collateral attack on his vexatious litigant status in Maricopa County Superior Court. None of these points are valid.

As an initial matter, the prior sections have explained that despite Plaintiff's assertions, the Court's decision that the Plaintiff is a vexatious litigant is protected by sovereign immunity, because it is an official act conducted by an arm of the state, or, alternatively, the Judicial Defendant is protected by judicial immunity. *See supra* Parts I-II.

Next, the sole citation to *Mullis* in the Judicial Defendant's Motion explained that judicial immunity extends to injunctive relief. (Doc. 67 at 7). While it is true that *Mullis* was based on immunity for federal bankruptcy judicial officials (and thus not based on 42 U.S.C. § 1983), the Judicial Defendant's Motion did not rely solely on this case for the unremarkable statement that judicial officers are also immune to injunctive relief. Instead, the next paragraph clarifies that 42 U.S.C. § 1983 was amended to extend judicial immunity to state judicial officers. (Doc. 67 at 7-8). In other words, the Judicial Defendant's Motion was not "deceptively edited," and Plaintiff's parsing of *Mullis* does not defeat the Judicial Defendant's judicial immunity.

Finally, Plaintiff's Response cannot be used as a collateral attack on the statute or the state court's determination that he is a vexatious litigant. Nonetheless, that is exactly what the Plaintiff argues throughout his Response. (Doc. 79 at 1-3, 14-17). Such end-runs around the state court's jurisdiction is one of the harms that the sovereign and judicial immunity doctrines are designed to prevent. *See Forrester*, 484 U.S. at 225 ("Judicial

immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error."). Plaintiff should not be allowed to use this Court to launch a collateral attack on the Judicial Defendant, who is required by Arizona law to issue administrative orders as necessary to protect the resources of the court and ensure access to justice for all Arizonans.

### IV. The Jurisdictional and Other Defects in Plaintiff's Complaint Cannot Be Remedied by Amendment, and Leave to Amend Should be Denied as to the Judicial Defendant.

Plaintiff seeks leave to amend his Complaint, not to remedy its deficiencies (which cannot be remedied) but to expand his claims against Judge Welty. Judge Welty was the prior Judicial Defendant, due to his role as Presiding Judge. Judge Gates was substituted in as the Judicial Defendant at Plaintiff's request, due to her role as the current Presiding Judge in Maricopa County Superior Court. (Doc. 77). Plaintiff should not be allowed to expand his lawsuit to include additional claims against a state judicial officer who is no longer a defendant in this matter.

Even if the Response is interpreted to refer to the current Judicial Defendant, that would not address the issues relevant here; Plaintiff cannot obtain the relief he seeks in this Court. Allowing Plaintiff to amend his Complaint (again) would inflict precisely the harm that sovereign and judicial immunity are designed to prevent. *See Forrester*, 484 U.S. at 225-27 (explaining that judicial immunity was intended to prevent collateral attacks on final judgments and vexatious litigation against judges by disgruntled litigants). While leave to amend a complaint should be freely given "[w]hen justice requires," it should not be granted when "the complaint could not be saved by any amendment." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (citations omitted). Plaintiff cannot remedy his Complaint by amendment, and his request to amend would only expand this litigation, not remedy the defects identified by the Judicial Defendant. For this reason, Plaintiff's Complaint should be dismissed without leave to amend as to the Judicial Defendant.

Finally, Plaintiff makes many claims throughout the Response that he claims the Judicial Defendant "admits," "does not deny," or "concedes" different points, including for example, that the Judicial Defendant allegedly "does not deny that he engaged in 'arbitrary and discriminatory application' of § 12-3201." (Doc. 79 at 14). To avoid confusion, the Judicial Defendant denies any allegation not affirmatively stated in the Motion and Reply, including denying any arbitrary and discriminatory application of the law.

## CONCLUSION

For these reasons, and the reasons stated in the Judicial Defendant's Motion to Dismiss (Doc 67), the Judicial Defendant respectfully requests that she be dismissed from this action for lack of jurisdiction, or alternatively, for failure to state a claim for which relief can be granted.

Respectfully submitted this 24th day of September, 2025.

    Kristin K. Mayes
    Attorney General

    */s/ Kara Karlson*
    Kara Karlson
    Senior Litigation Counsel
    *Attorney for Defendant Presiding Judge of*
    *Maricopa County Pamela Gates*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of September, 2025, I filed the forgoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/Monica Quinonez