Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
| Plaintiff, | |
| v. | **MOTION TO TAKE LIMITED JURISDICTIONAL DISCOVERY FROM PRESIDING JUDGE PAMELA GATES** |
| Robert Meza, et al., | |
| Defendants. | |

OVERVIEW

Plaintiff asks the Court to grant limited and readily available jurisdictional

discovery to establish facts which go to the Presiding Judge's Fed. R. Civ. P. 12(b)(1)

motion (Doc. 67).

BACKGROUND

Plaintiff sued the Hon. Joseph Welty, in his official administrative capacity as

Presiding Judge of the Maricopa County Superior Court, seeking prospective relief as

part of a First Amendment facial challenge to A.R.S. § 12-3201. (Doc. 14).  The Hon.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Pamela Gates has been substituted as the defendant since assuming the Presiding Judge position. (Doc. 77).  The Presiding Judge(s) filed a Fed. R. Civ. P. 12(b)(1) and (6) motion where both lack of jurisdiction and failure to state a claim rested on judicial immunity. (Doc. 67).  That motion is fully briefed (Doc. 79, Doc. 81).  The Presiding Judge(s) argued that an administrative order ("Administrative Order 2023-159") which Judge Welty issued to designate Plaintiff vexatious is a judicial order despite "the CV2022-008626 case record [being] devoid of the [administrative order]" (Doc. 79, p. 7) and despite its express title.  *See* Doc. 67, p. 8 ("The Judicial Defendant is a party to this action solely because of he entered an order determining the rights of parties as presiding judge in Maricopa County according to Arizona law. A.R.S. § 12-3201(A) ('[T]he presiding judge of the superior court … may designate a pro se litigant a vexatious litigant.')").  Looking at the documented facts rather than the Presiding Judge's factually empty dismissal narrative, Plaintiff noted on response that the "undisputed fact here is that the Hon. John Blanchard – the trial court judge assigned the CV2022-008626 case – conducted judicial proceedings and issued an appealable ruling, not [Judge] Welty." (Doc. 79, p. 6).  Furthermore, A.R.S. § 12-109(B)(1) makes clear that "administrative orders shall not ... [a]bridge, enlarge or modify substantive rights of a litigant" where there can be no doubt that the right of free access to the courts is not just a substantive right but a "fundamental right".  *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir. 1998) (the "right of access to the courts is a fundamental right protected by the Constitution").  Further still, Attorney General Kris Mayes separately assured the Court that, as a matter of procedural due process, Arizona courts "interpret A.R.S. § 12-3201 as requiring the procedural steps the Ninth Circuit imposes on prefiling requirements" (Doc. 38, p. 15) where "the Ninth Circuit has held that courts must provide notice and chance for a

hearing". (Doc. 38, 14). However, the facts show Judge Welty never conducted a hearing and there is no indication in court records that he was ever assigned to any part of the CV2022-008626 case. Instead, Judge Welty purports to have independently reviewed and approved an unrecorded "application" (Doc. 67, p. 3; Doc. 79, p. 7) from Judge Blanchard. Such applications are contemplated nowhere in statutes or approved procedural rules. Yet Judge Welty granted the application during appellate proceedings and after the Court of Appeals had stayed Judge Blanchard's judicial order. (Doc. 79, pp. 6-7). In sum, these dizzying facts neither fit nor support the Presiding Judge's narrative.

To complete the complex factual puzzle, and to assist the Court to determine whether dismissal is warranted on jurisdictional grounds, on September 9, 2025 Plaintiff requested the Presiding Judge produce easily accessible administrative records and court records which Plaintiff has an independent right to inspect as a member of the public regardless of any parallel litigation (*see* Exhibit A). Thirty (30) days has since passed, and Judge Gates failed to produce records although state statutes and procedural rules require "prompt" production, open communication, and an express denial to trigger review. *See* Ariz. R. Sup. Ct. 123 ("All case records are open to the public ... [and] [a]ll administrative records are open to the public. ... Upon receiving a request to inspect or obtain copies of records, the custodian shall promptly respond orally or in writing concerning the availability of the records, and provide the records in a reasonable time. ... The custodian is required to comply with any request for records. ... If a request cannot be granted within a reasonable time or at all, the custodian shall inform the applicant in writing of the nature of any problem delaying or preventing access, and if applicable, the specific federal or state statute, law, court or administrative rule or order that is the basis of the delay or denial. If access to any record is denied for any reason, the custodian shall

explore in good faith with the applicant alternatives to allow access to the requested

records, including redaction of confidential information. ... Any applicant who is denied

access to or copies of any record, bulk data, or compiled data pursuant to this rule, shall

be entitled to an administrative review of that decision by the presiding judge.").  Judge

Gates has been non-communicative beyond her counsel, Kara Karlson, acknowledging

receipt of the request the day it was made.  But in a quirk of Arizona Supreme Court

procedural rules, Judge Gates is also the official responsible for "administrative review"

of her own administrative decision to delay or deny records production which she

controls as those records' "custodian".  Facts contained in those records go to the

Presiding Judge(s) jurisdictional defense, go to Plaintiff's ability to vindicate his federal

rights, and would greatly assist the Court in deciding where it has Article III jurisdiction

over the case and the Presiding Judge.[1]

---

[1] For clarity, Plaintiff does not seek these facts to overturn Judge Blanchard's judicial
order as relief in this civil action.  He seeks facts to demonstrate that A.R.S. § 12-3201
facially violates the First Amendment in a "substantial number of applications", including
as the statue was applied to him.  *Moody v. NetChoice, LLC,* 144 S. Ct. 2383, 2397 (2024)
("when a facial suit is based on the First Amendment, ... [a statute is void if] 'a substantial
number of applications are unconstitutional").  Plaintiff has reviewed the vexatious
litigant designations posted on the Arizona Supreme Court website (although the list
appears incomplete compared to appellate court records), and found that less than 30% of
known orders across the state, and a mere 24% of such orders from Maricopa County
courts meet criteria which the Ninth Circuit established.  *See Ringgold-Lockhart v. County
of Los Angeles,* 761 F.3d 1057, 1062 (9th Cir. 2014) ("Out of regard for the constitutional
underpinnings of the right to court access ... courts comply with certain procedural and
substantive requirements [including] ... mak[ing] substantive findings of frivolousness or
harassment; and [] tailor[ing] the order narrowly so as "to closely fit the specific vice
encountered.'").  In other words, more than 70% of the disputed statute's applications are
unconstitutional – a "substantial number".  Further, the orders which do not violate the
Petition Clause are compliant only because the judges who issued the particular orders
violated the permanent blanket injunction mandated per A.R.S. § 12-3201(B) ("A pro se
litigant who is designated a vexatious litigant may not file a new pleading, motion or other
document without prior leave of the court").  Arizona judges had to violate a core § 12-

ARGUMENT

I. Legal Standard

"Jurisdictional discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Laub v. U.S. Dep't of Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003); *LNS Enterprises LLC v. Cont'l Motors, Inc.,* 22 F.4th 852, 864 (9th Cir. 2022).

II. The Court Should Grant Limited Jurisdictional Discovery

The Presiding Judge(s) contend Administrative Order 2023-159 is a judicial order and therefore judicial immunity applies. Were that administrative order truly a judicial order then documents containing facts to that effect would exist in "court" records. But if that order is, as its title indicates, an administrative order then documents containing facts to that effect would exist in "administrative" records. In the end, the Presiding Judge(s) "controvert" facts which "bear on the question of immunity" but did not produce facts contained either in court records or in administrative records to support the basis for the conclusion that Administrative Order 2023-0159 is a judicial order. Judge Gates should be required to produce "a more satisfactory showing of the facts" upon which she relies to request jurisdictional dismissal. Indeed, Plaintiff can point to "Administrative" Order 2023-159 as well as to the lack of any entry of the supposed "application" and of the administrative order in the "court" docket as evidence that Administrative Order 2023-159 is not a judicial order, and therefore judicial immunity does not apply. *See Forrester*

---

3201 provision to meet Ninth Circuit requirements. Plaintiff is separately preparing a motion to take judicial notice of facts contained in the forementioned orders posted on the Arizona Supreme Court website although, ideally, the state officer defendants acting in their official capacities will stipulate to facts or concede the statute is unconstitutional.

*v. White,* 484 U.S. 219, 227-28, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) ("Judicial

immunity only applies to judicial acts, and not to 'the administrative, ... functions that

judges may on occasion be assigned by law to perform.' ... Administrative decisions,

even though they may be essential to the very functioning of the courts, have not

generally been regarded as judicial acts."). If Judge Gates wishes to take the opposing

position, the Court should require her to produce documents containing supportive facts.

A. Limited Jurisdictional Discovery is Warranted

A plaintiff may move for, and be granted, jurisdictional discovery by "describing

with any precision how such discovery could be helpful to the Court." *LNS Enters. LLC*

*v. Cont'l Motors, Inc.,* 22 F.4th 852, 858 (9th Cir. 2022). Discovery could be helpful to

the Court in this instance because Fed. R. Civ. P. 12(b)(1) motions are classified as

"facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

2004). However, the Presiding Judge(s) disregard that classification system. Judge

Welty and Judge Gates provided the narrative of a "factual" attack. But they did not

support that narrative with any attached affidavits, exhibits, records, or independently

verifiable facts outside the operative complaint. This puts the Court in a difficult

position. On one hand, a defendant who factually challenges jurisdiction may present

pertinent facts outside the complaint for the Court's consideration. *Id*. On the other hand,

in the absence of a defendant presenting those independently verifiable facts, a plaintiff is

entitled to have a complaint's facts accepted as true and construed in the light most

favorable to him. *Mecinas v. Hobbs,* 30 F.4th 890, 895-966 (9th Cir. 2022).

Against this backdrop, limited jurisdictional discovery could be quite helpful to

the Court for at least two related reasons. First, requested discovery would bring

operative facts to light as to whether Administrative Order 2023-159 is an administrative

order or a judicial order, and functionally decide the dismissal motion on those facts. Second, Plaintiff has requested a hearing to decide the dismissal motion. Hearings are time- and resource-expensive propositions. Discovery would be helpful to conserve those judicial resources and "to secure the just, speedy, and inexpensive determination of [this] action and [these dismissal] proceeding[s]". Fed. R. Civ. P. 1. The Presiding Judge(s)' statements implicate the existence and availability of pertinent facts. Judge Gates is the custodian of both administrative records and court records which, upon examination, would reveal whether the administrative order is a judicial order or, as its title expressly suggests, is an administrative order. In sum, granting jurisdictional discovery would produce facts which decide the Presiding Judge(s) dismissal request on the briefing papers rather than through a resource-expensive hearing. In an ideal scenario, the Presiding Judge would simply produce the requested records.

    B. Plaintiff Seeks Specific Discovery

    A request for jurisdictional discovery should "articulate the specific discovery [a plaintiff] seek to conduct and how such discovery will enable them to make a prima facie showing of jurisdictional facts with respect to [the Defendant]." *Sharma v. Volkswagen AG,* 524 F. Supp. 3d 891, 905 (N.D. Cal. 2021). The "specific discovery" Plaintiff seeks to take from Judge Gates is production of all administrative records and court records (1) Presiding Judge Joseph Welty created, or relied on, to "designate" any authority to the Hon. John Blanchard to "designate a pro se litigant a vexatious litigant" in case CV2022-008626 per A.R.S. § 12-3201(A); (2) which contain, or reference, an "application" from the Hon. John Blanchard to Presiding Judge Joseph Welty to designate Phillip Potter a vexatious litigant; (3) which contain, or reference, communications the Hon. Joseph Welty made in any capacity with any other person regarding any "application" to

designate Plaintiff vexatious; and (4) which contain, or reference, communications the

Hon. Joseph Welty and/or the Hon. Pamela Gates made in any capacity with any other

person regarding Administrative Order 2023-159.

CONCLUSION

Because the Presiding Judge(s) produced no facts in support of Fed. R. Civ. P.

12(b)(1) jurisdictional dismissal, Plaintiff is not required, and carries no burden, to prove

Administrative Order 2023-159 is not a judicial order.  That said, jurisdictional discovery

would give the Court clarity on any question of Article III jurisdiction.


DATED this 9th day of October 2025.


By:  //s//
     Phillip Potter
     Plaintiff
     Pro Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit A

VIA E-MAIL ONLY

September 9, 2025

Kara Karlson
Senior Litigation Counsel
State Government Division - Elections
Office of the Arizona Attorney General
15 South 15th Avenue
Phoenix, AZ 85007

Re: Public Records Request

Ms. Karlson,

I am contacting you to request your client(s), the Presiding Judge(s) of the Maricopa County Superior Court (the Hon. Joseph Welty and the Hon. Pamela Gates), make records available for inspection pursuant to Ariz. R. Sup. Ct. 123 and A.R.S. § 39-121, *et seq.*.  Specifically, I ask for copies of all records maintained in any storage medium (e.g., email, text message, voicemail, physical papers, digital files, etc.) which:

1. The Presiding Judge created, or relied on, to "designate" any authority to the Hon. John Blanchard to "designate a pro se litigant a vexatious litigant".  *See* A.R.S. § 12-3201(A).
2. Contain, or reference, an "application" from the Hon. John Blanchard to the Presiding Judge to certify Phillip Potter as a vexatious litigant through case CV2022-008626.
3. Contain communications the Hon. Joseph Welty made with any other person regarding the previously referenced "application".
4. Reference, or contain communications the Hon. Joseph Welty and/or the Hon. Pamela Welty made with any other person regarding, Administrative Order 2023-159.

This request is not made for any commercial use.  Please let me know if there will be any production costs prior to actual production.

The requested records are in your clients' actual and constructive possession as the Presiding Judge[s] of the Maricopa County Superior Court, and should be readily available with minimal efforts through a search of government e-mail servers, personal devices, and digital files.

I ask that your client furnish an index of records or categories of records that are being withheld, if any, and the reasons those records or categories of records are being withheld, if any.

If possible, please provide digital copies of the requested records to phillip.t.potter@gmail.com.  Your client is welcome to provide a rolling response to expedite production and preserve resources.  If you have any questions, or if I can clarify any matter, you are welcome to contact

me via the forementioned email address or via phone at 480-459-0310.  I thought it best to route this request through you given current litigation.  Thank you for your help with this.

Regards,
Phillip Potter