**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| IN THE MATTER OF PROHIBITING <u>STANLEY FISHMAN</u> FROM FILING ANY LAWSUIT IN A MARICOPA COUNTY JUSTICE COURT WITHOUT OBTAINING PRIOR PERMISSION FROM THE COURT | ADMINISTRATIVE ORDER No. 2015-095 |

This matter was referred to me by the Honorable C. Steven McMurry, Presiding Justice of the Peace for Maricopa County, to consider issuing an administrative order declaring Stanley Fishman a vexatious litigant in Maricopa County Justice Courts. An Administrative Order was issued in 2013 declaring Mr. Fishman a vexatious litigant in the Superior Court in Maricopa County. Superior Court Administrative Order 2013-060. Upon receipt of the referral from the Justice Courts, this Court reviewed the case filings in which Mr. Fishman is or has been involved in Justice Courts.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth*, 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira*, 188 Ariz. 252, 934 P.2d 816 (App. 1997). Filing abuses are normally controlled by rules of professional responsibility applicable to attorneys and by imposition of attorney fees or other monetary sanctions. Unfortunately, these tools are ineffective when dealing with an indigent, pro per plaintiff.

A review of the filings by Mr. Fishman in Maricopa County Justice Courts reveals at least 122 cases in which Mr. Fishman has been a party since 1997. Below is a summary of some of the cases filed by Mr. Fishman in recent years:

- On December 2, 2009, Mr. Fishman filed a complaint for $250 in damages against Burgess Seed and Plant Co. because he "bought tomato seeds. They were all bad. [He] had to hire someone to plant tomatoes." The case was dismissed for lack of prosecution. Case number CC2009691856.

- On December 2, 2009, Mr. Fishman filed a complaint for $1,500 in damages against Home Depot because Home Depot "refused to fix lawn mower [he] purchased. [He] had to get lawn people to mow grass." The case was dismissed for failure to appear. Case number CC2009691869.

- On August 19, 2010, Mr. Fishman filed a complaint for $2,500 in damages

against Black Bear Diner because he "drove into their parking lot. It was dark. They have no lights, hitting large pot holes, doing damage to my van at 24th Ave. & Bell." The court awarded Mr. Fishman no damages after hearing the case. Case number CC2010 474599 S.

- On November 29, 2010, Mr. Fishman filed a complaint for $1,000 in damages against Capital Asset Management because he "went to Dr. Vikas Ahmad hitting pothole causing damage to my van." The case was dismissed for failure to appear. Case number CC2010552995.

- On September 30, 2011, Mr. Fishman filed a complaint for $600 in damages against Mega Liquidations because "holes in their parking lot cause me to have tire blowouts." The case was dismissed for failure to serve. Case number CC2011 195067 SC.

- On April 11, 2014, Mr. Fishman filed a complaint for $2,500 in damages against KJ Home LLC because KJ Home LLC "refused to return deposit [of] $800 and fix damage van caused by them." The court dismissed the case after hearing the case. Case number CC2014062790 SC.

Based on a review of all the cases filed by Mr. Fishman in Maricopa County Justice Courts, the Court finds Mr. Fishman to be a vexatious litigant.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Fishman's established pattern of abuse.

Given all of the circumstances, it is ordered as follows:

1. Mr. Fishman may not file any new causes of action in any of the Maricopa County Justice Courts after the date of this order without leave of the Presiding Justice of the Peace or his/her designee.

2. Mr. Fishman may not file any new pleading, motion, or any other document in any non-criminal case in which judgment concluding the case has been entered without leave of the Presiding Justice of the Peace or his/her designee.[1]

Any motion for leave to file shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Fishman must either cite this order in his application, or attach as an exhibit a copy of this order. If approval for filing a new action is granted, a Justice Court clerk may accept subsequent filings in that cause number from Mr. Fishman.

---

[1] Mr. Fishman is not required to seek leave of Court before filing a "Notice of Appeal".

Mr. Fishman may object to this Order by submitting a written objection to the Office of the Presiding Judge within thirty (30) days of the date of this Order. Any such objection must specifically identify any factual errors in this Order.

Dated this 20th day of August, 2015

/s/ Janet E. Barton

_____

Honorable Janet E. Barton
Presiding Judge


Original:        Clerk of the Superior Court

Copies:          C. Steven McMurry, Presiding Justice of the Peace
                 Maricopa County Justices of the Peace
                 Raymond L. Billotte, Judicial Branch Administrator
                 Karen Westover, Deputy Court Administrator
                 Jeff Fine, Justice Court Administrator
                 Stanley Fishman

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

IN THE MATTER OF PROHIBITING    )
<u>ALAN N. ARIAV</u> FROM FILING ANY    )
LAWSUIT IN MARICOPA COUNTY    )    ADMINISTRATIVE ORDER
AGAINST BARBARA DALICANDRO    )    No. 2017 - 028
WITHOUT OBTAINING PRIOR    )
PERMISSION FROM THE COURT    )

      This matter was referred by the Honorable Joshua D. Rogers to consider issuing an administrative order declaring Alan N. Ariav a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

      Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997

      On March 6, 2015, Mr. Ariav filed a lawsuit in this Court against his next door neighbor Barbara Dalicandro alleging intrusion upon seclusion, nuisance, and intentional infliction of emotional distress. (Case number CV2015-001471.) The defendant filed a motion to dismiss, which was granted on May 6, 2015. In a minute entry dated July 14, 2015, the Court awarded the defendant attorneys' fees pursuant to A.R.S. §12-349(A)(1),(2) & (4). In awarding attorneys' fees, the Court found Mr. Ariav brought his lawsuit without substantial justification; Mr. Ariav's intention was to harass, embarrass and intimidate the defendant; and Mr. Ariav had engaged in abuse of discovery when he subpoenaed the defendant's business associates and attached the complaint containing unsubstantiated salacious and indecent allegations against her. The Court then sealed the entire record in the case.

      On January 5, 2016, Mr. Ariav filed a petition for an injunction against harassment against the same defendant alleging that she was harassing him through a shared block wall separating their homes. The Court denied the request for an initial injunction on January 11, 2016 and dismissed the case on March 1, 2016. (Case number CV2016-051242.)

      On March 14, 2016, Mr. Ariav filed another lawsuit against the same defendant, once again alleging intrusion upon seclusion, nuisance, and intentional infliction of emotional distress. (Case number CV2016-003816.) The complaint contained

numerous graphic allegations, many of which the Court found to be patently false. Mr. Ariav's complaint included allegations that the defendant was using psychic powers to "spy" on him through the wall between their homes, eavesdropping on his conversations and reading his thoughts. Mr. Ariav also claimed defendant sang vulgar songs day and night through the wall in order to harass him. Defendant filed a motion to dismiss which was granted by the Court on April 28, 2016. The Court also granted the defendant her attorneys' fees, finding that the lawsuit was groundless and without substantial justification and was brought primarily for the purpose of harassing the defendant.

The defendant also filed a motion with the Court to have Mr. Ariav declared a vexatious litigant. The Court granted the motion as to that case, and then referred the matter for consideration of an administrative order. In its minute entry, the Court referenced the fact that in Mr. Ariav has admitted in several pleadings to going to the defendant's front door and confronting her with a gun.

On June 9, 2016, Mr. Ariav filed another petition for an injunction against harassment against the same defendant, containing the same allegations he had raised in his previous lawsuits. The petition was denied by the Court. (Case number CV2016-052458.)

Mr Ariav's lawsuits against his neighbor have been baseless and are part of a campaign to harass her. Based on a review of the cases filed by Mr. Ariav against Ms. Dalicandro in Maricopa County Superior Court, the Court finds Mr. Ariav to be a vexatious litigant.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Ariav's established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Ariav may not file any new causes of action against Barbara Dalicandro after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Ariav may not file a new pleading, motion, or any other document in any civil case he currently has against Ms. Dalicandro without leave of the Civil Presiding Judge or his/her designee.

Any motion for leave to file any lawsuit, pleading or motion against Ms. Dalicandro shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Ariav must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Ariav against Ms. Dalicandro is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Ariav.

Dated this 9th day of March, 2017.

/s/ Janet E. Barton

_____

Honorable Janet E. Barton
Presiding Judge

Original:    Clerk of the Superior Court

Copies:      Hon. Michael K. Jeanes, Clerk of Superior Court
             Hon. Joseph Welty, Associate Presiding Judge
             Hon. Randall Warner, Civil Department Presiding Judge
             Raymond L. Billotte, Judicial Branch Administrator
             Peter Kiefer, Civil Court Administrator
             Alan N. Ariav
             Kent E. Cammack, Attorney for Ms. Dalicandro

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

IN THE MATTER OF PROHIBITING       )
<u>JASON LEE HARRIS</u> FROM FILING ANY   )    ADMINISTRATIVE ORDER
LAWSUIT IN MARICOPA COUNTY         )    No. 2017 - 029
WITHOUT OBTAINING PRIOR            )
PERMISSION FROM THE COURT          )

This matter was referred to me by the Honorable Randall H. Warner, Presiding Judge of the Civil Department, to consider issuing an administrative order declaring Jason Lee Harris a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, including Mr. Harris' memorandum to the Court as to why he should not be declared a vexatious litigant, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). Filing abuses are normally controlled by rules of professional responsibility applicable to attorneys and by imposition of attorney fees and other monetary sanctions. Unfortunately, these tools are ineffective when dealing with an indigent, pro per plaintiff.

Mr. Harris is currently serving a prison term with the Arizona Department of Corrections. A review of the filings by Mr. Harris in Maricopa County Superior Court reveals that Mr. Harris has filed 44 cases in Superior Court since 2011, including 12 cases in 2016, 8 cases in 2015, and 10 cases in 2014. The defendants in these cases are various governmental employees and entities, including criminal prosecutors, criminal defense attorneys, county jail and state prison officials and employees, police officers, courts, judges, and even civil attorneys representing government agencies in some of Mr. Harris' other civil suits. Below is a summary of some of the cases filed by Mr. Harris in recent years:

- On October 17, 2014, Mr. Harris filed a suit against Maricopa County Superior Court for failing to find him incompetent in one of his criminal cases. He sought $100 billion in damages. CV2014-013196.

- On June 9, 2015, Mr. Harris filed a suit against various unknown Department of Corrections employees, alleging they took his legal files. He sought $700 billion in damages. CV2015-007130.

- On August 21, 2015, Mr. Harris filed suit against the Maricopa County Sheriff's Office alleging an employee failed to mail one of his pleadings. He sought $4 trillion in damages. CV2015-010203.

- On April 4, 2016, Mr. Harris filed suit against two judges on the Arizona Court of Appeals for failing to provide him relief sought in his criminal cases. He sought $6.5 billion in damages. CV2016-091338.

- On May 20, 2016, Mr. Harris filed suit against the 9th Circuit Court of Appeals for failing to grant him relief sought in his criminal cases. He sought $28 billion in damages. CV2016-006226.

- Also on May 20, 2016, Mr. Harris filed suit against Arizona Attorney General Mark Brnovich for removing one of his other civil suits to federal district court. He sought $21 billion in damages. CV2016-006228.

Nearly every lawsuit filed by Mr. Harris has been either dismissed or removed to federal court. A number of the lawsuits were never served. Many are an attempt to seek relief in civil tort actions for his criminal convictions. Based on a review of the cases filed by Mr. Harris in Maricopa County Superior Court, the Court finds Mr. Harris to be a vexatious litigant.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Harris' established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Harris may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Harris may not file a new pleading, motion, or any other document in any non-criminal case in which judgment concluding the case has been entered without leave of the Civil Presiding Judge or his/her designee.

Any motion for leave to file shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Harris must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Harris.

Dated this 9th day of March, 2017.

/s/ Janet E. Barton

_____
Honorable Janet E. Barton
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Michael K. Jeanes, Clerk of Superior Court
               Hon. Joseph Welty, Associate Presiding Judge
               Hon. Randall Warner, Civil Department Presiding Judge
               Raymond L. Billotte, Judicial Branch Administrator
               Peter Kiefer, Civil Court Administrator
               Jason Lee Harris

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

IN THE MATTER OF PROHIBITING )
VICTOR M. BARREIRA FROM FILING )
ANY LAWSUIT IN MARICOPA COUNTY ) ADMINISTRATIVE ORDER
AGAINST LINDA M. FREDERICK OR ) No. 2018 - 075
YVETTE ANSEL WITHOUT OBTAINING )
PRIOR PERMISSION FROM THE )
COURT )

     This matter was referred by the Honorable Joseph C. Kreamer to consider issuing an administrative order declaring Victor M. Barreira a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

     Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997).

     On July 2, 2015, Linda Frederick filed a petition for dissolution of marriage against Mr. Barreira in Maricopa County Superior Court. (Case number FC2015-053529.) As of May 11, 2018, this dissolution action is still ongoing. While originally represented by counsel, Mr. Barreira's counsel withdrew in July of 2016 and Mr. Barreira has represented himself since that date. During the course of this dissolution action, Mr. Barreira has brought additional causes of action against Ms. Frederick, her attorney, and her family members. Below is a summary of causes of action brought by Mr. Barreira during the course of this dissolution action.

     On January 24, 2017, Mr. Barreira filed a petition for an order of protection against Bob Frederick, Ms. Frederick's father. (Case number FC2017-051934.) The petition was denied by the Court on the same day.

     On June 1, 2017, Mr. Barreira filed a lawsuit for defamation against Ms. Frederick's mother, Rita Frederick. (Case number CV2017-007222.) The case was dismissed by the Court on October 27, 2017.

     On June 5, 2017, Mr. Barreira filed a petition for an order of protection against his wife Linda Frederick. (Case number FC2017-053245.) An ex-parte order was initially granted, but the order of protection was later quashed by the Court.

On July 20, 2017, Mr. Barreira filed a civil lawsuit against his wife Linda Frederick titled "Marital Tort Complaint." (Case number CV2017-009292.) Ms. Frederick's motion to dismiss this lawsuit was granted by the Court on December 11, 2017.

On August 15, 2017, Mr. Barreira filed a civil lawsuit against Ms. Frederick's attorney, Yvette Ansel, and Ms. Ansel's law firm, Rubin and Ansel, for "fraud and intentional misrepresentation." (Case number CV2017-009750.) This case was dismissed by the Court on October 19, 2017, with costs awarded to the defendants and against Mr. Barreira.

In addition to these actions, Mr. Barreira has filed for two orders of protection against Linda Frederick's brother, Michael Martinez. (Case numbers FC2016-052441 and FC2017-052498.) Both orders were unopposed by Mr. Martinez and both were granted. Mr. Barreira has also filed a civil lawsuit against Mr. Martinez and his wife Alicia Martinez for "threats and assault." (Case number CV2017-071964.) While certain counts in this case were dismissed by the Court on May 8, 2018, the lawsuit is still ongoing.

Linda Frederick has filed a motion with the Court to have Mr. Barreira declared a vexatious litigant. While Mr. Barreira's lawsuits against Ms. Frederick's brother may or may not have merit, Mr. Barreira's lawsuits against Linda Frederick and her attorney outside of the dissolution action have been baseless and are an attempt to both harass Ms. Frederick and re-litigate issues from his domestic relations action. The Court finds Mr. Barreira to be a vexatious litigant.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Barreira's established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Barreira may not file any new causes of action against Linda Frederick or her attorney Yvette Ansel after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Any motion for leave to file any lawsuit, pleading or motion against Ms. Frederick or Ms. Ansel shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Barreira must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Barreira against Ms. Frederick or Ms. Ansel is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Barreira.

**IT IS FURTHER ORDERED** referring Petitioner Linda Frederick's motion to declare Victor Barreira a vexatious litigant to Judge Joseph C. Kreamer for consideration to declare Mr. Barreira a vexatious litigant specifically for case number FC2015-053529.

DATED this 15th day of May, 2018.

/s/ Janet E. Barton

_____
Janet E. Barton
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Chris DeRose, Clerk of Superior Court
               Hon. Randall Warner, Civil Department Presiding Judge
               Hon. Suzanne Cohen, Family Department Presiding Judge
               Hon. Joseph C. Kreamer
               Raymond L. Billotte, Judicial Branch Administrator
               Victor M. Barreira
               Yvette Ansel, Attorney for Ms. Frederick

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| IN THE MATTER OF PROHIBITING <u>JOSEPH LEE LARSON</u> FROM FILING ANY LAWSUIT IN MARICOPA COUNTY WITHOUT OBTAINING PRIOR PERMISSION FROM THE COURT | ADMINISTRATIVE ORDER<br>No. 2018 - 104 |

This matter was referred by the Honorable Joshua D. Rogers to consider issuing an administrative order declaring Joseph Lee Larson a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment as well as bringing court actions without substantial justification.

Mr. Larson was prosecuted and convicted in Mesa Municipal Court for domestic violence assault. While his criminal case was pending, on September 20, 2016, Mr. Larson filed a civil lawsuit in Superior Court against the Mesa Municipal Court and Municipal Court Judge J. Matias Tafoya. (Case number CV2016-096318.) His lawsuit was entitled "innocent until proven guilty" and the allegations consisted of generalized complaining about his criminal case and his life. He asked for $20 million in damages. Defendants filed a motion to dismiss. On November 28, 2016, Judge David Udall dismissed the civil lawsuit, finding that Mr. Larson had failed to state a claim and that Judge Tafoya had absolute immunity.

On October 6, 2016, Mr. Larson filed a civil lawsuit in Superior Court against attorney Susan Hawkins. (Case number CV2016-096496.) In the complaint he alleged that Ms. Hawkins, as his appointed attorney in his criminal case in Mesa Municipal Court, was trying to help the prosecution rather than him. He asked for $3.5 million in damages. Defendant filed a motion to dismiss for failure to state a claim which was granted by the Court on January 9, 2017.

After his conviction in Mesa Municipal Court, on September 22, 2017, Mr. Larson filed a civil lawsuit in Superior Court against Mesa Municipal Court, Judge Michelle Lou

Sang, the Mesa Prosecutor's Office, and attorney Susan Hawkins. (Case number CV2017-095927.) The complaint contained allegations that his criminal conviction was unjust and then went on to list the ways in which the defendants had ruined his life. Mr. Larson demanded more than $500 million in damages. The defendants filed a motion to dismiss which was granted by Judge Joshua Rogers on February 28, 2018.

Defendants Mesa Municipal Court, Judge Michelle Lou Sang and the Mesa Prosecutor's Office also filed a motion to have Mr. Larson declared a vexatious litigant. In their motion, the defendants argued that Mr. Larson's lawsuits relating to his criminal case in Mesa Municipal Court were without substantial justification, and contained baseless and frivolous claims that were an attempt to collaterally attack his criminal conviction and were also barred by absolute immunity, res judicata, and failure to state a claim for which relief could be granted. Furthermore, defendants argued that the lawsuits were intended to harass the defendants, and were consistent with other actions taken by Mr. Larson to harass and intimidate them, including sending threatening emails.

On March 20, 2018, Judge Rogers granted the motion to designate Mr. Larson a vexatious litigant in the civil case before him and then referred the matter for further consideration to have Mr. Larson declared a vexatious litigant for future cases.

The Court notes that Mr. Larson filed two other civil lawsuits in Superior Court on October 19, 2016. In case number CV2016-095708, Mr. Larson made allegations against a husband and wife claiming that they allowed him to be physically assaulted by their children when he was four or five years old (Mr. Larson is currently 38 years old). He demanded $1 million in damages. The other lawsuit, case number CV2016-095707, alleged that a therapist and Mormon Family Services provided services to him when he was between the ages of five and eight and caused him to repress unspecified memories for thirty years. Mr. Larson requested $50 million in the second lawsuit. Neither lawsuits were served and were dismissed pursuant to Rule 4(i) of the Rules of Civil Procedure.

The lawsuits Mr. Larson has filed in this Court are without any substantial justification. For the most part they contain no claims for which relief can be granted. Furthermore, his lawsuits are barred by the statute of limitations, res judicata, absolute judicial and prosecutorial immunity, or are an attempt to collaterally attack his criminal conviction in Mesa Municipal Court. Furthermore, his lawsuits related to his criminal case appear intended to further harass defendants he has previously threatened. The Court finds that the filing of these lawsuits by Mr. Larson constitute vexatious conduct as defined in A.R.S. § 12-3201.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Larson's established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Larson may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Larson must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Larson is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Larson.

Dated this 3rd day of July, 2018.

/s/ Janet E. Barton

_____
Janet E. Barton
Presiding Judge

Original:        Clerk of the Superior Court

Copies:         Hon. Chris DeRose, Clerk of the Superior Court
                Hon. Pamela Gates, Civil Department Presiding Judge
                Hon. Joshua D. Rogers
                Raymond L. Billotte, Judicial Branch Administrator
                Joseph Lee Larson
                Jason K. Reed, Attorney for City of Mesa defendants
                Mark Hawkins, Attorney for Susan Hawkins

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

IN THE MATTER OF PROHIBITING )
<u>ANTHONY CAMBONI</u> FROM FILING ANY )    ADMINISTRATIVE ORDER
LAWSUIT IN MARICOPA COUNTY )    No. 2018 - 133
WITHOUT OBTAINING PRIOR )
PERMISSION FROM THE COURT )

This matter was referred by the Honorable James D. Smith to consider issuing an administrative order declaring Anthony Camboni a vexatious litigant. Upon review of other matters filed in this Court and the Federal District Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment as well as bringing court actions without substantial justification.

Mr. Camboni's history of filing unmeritorious lawsuits is documented in detail in the ruling dated September 7, 2018 and filed on September 11, 2018 in CV 2017-050183. As stated therein, in 2011, Mr. Camboni filed a case in federal court involving the same issues of judicial immunity set forth in CV 2017-050183 (a civil case filed in this Court). Mr. Camboni filed his 2017 case even though the district court had rejected his claims against judicial officers based on judicial immunity. *See Camboni vs. McCain, et al., CV2017-050183. See also Camboni v. Arizona*, 2011 WL 3471056, *2-3 (D. Ariz. Aug. 8, 2011).

In 2012, in another case filed in the federal court system, the district court dismissed Mr. Camboni's putative RICO claims. *See Camboni v. MGM Grand Hotel, LLC*, 2012 WL 2915080 (D. Ariz. July 16, 2012). Mr. Camboni based his claims in *MGM Grand Hotel* on his dissatisfaction with the outcome of earlier, separate litigation. The district court also struck portions of Mr. Camboni's brief that consisted "solely of a lewd, personal attack on Lewis & Roca counsel . . . ." *Id.* at *7.

In *Camboni v. Allstate Insurance Co.*, No. 1 CA-CV 11-0592, 2012 WL 4571033 (Ariz. Ct. App. Oct. 2, 2012), Mr. Camboni received a continuance to retain counsel but

then requested another continuance a week before oral argument. *Id.* ¶ 6. He also filed several motions that required responses after those defendants had filed their answering briefs. *Id.* ¶ 16. Those motions included requests to suspend rules of civil appellate procedure, a motion to transfer to the Arizona Supreme Court, and a motion to remove the defendants' attorneys. *Id.* After his barrage of motions, a motions panel of Div. 1 of the Arizona Court of Appeals entered an order prohibiting Mr. Camboni from filing additional motions. *Id.*

Mr. Camboni returned to this Court and then the Court of Appeals in *Camboni v. Morrison,* No. 1 CA-CV 12-0725, 2013 WL 6506978 (Ariz. Ct. App. Dec. 10, 2013). According to the Court of Appeals, Mr. Camboni's opening brief was "not based in law" but "a cluster of arguments unrelated" to the relevant rulings. *Id.* ¶ 7. That Court assessed fees against Mr. Camboni under ARCAP 25 "in an effort to discourage him from similar appellate briefs in the future." *Id.* ¶ 14. The Court also awarded fees under A.R.S. § 12-349, explaining, "It is clear that Camboni is using the courts as a manner of harassing Defendants." *Id.* ¶ 15.

Another judicial officer of this Court noted in 2014 that Mr. Camboni "has filed the same allegations against the same Defendants on the same underlying facts." [Under Advisement Ruling (filed September 17, 2014), *Camboni v. MGM Grand Hotel, LLC*, No. CV2014-091593 (Maricopa Cty. Superior Ct.).] The Court explained that Mr. Camboni's claims were the subject of state and federal court actions, both of which ended with judgments against Mr. Camboni.

The Court of Appeals chastised Mr. Camboni in *Camboni v. Brnovich*, No. 1 CA-CV 15-0014, 2016 WL 388933 (Ariz. Ct. App. Feb. 2, 2016). That Court explained that "Camboni's appeal is frivolous and unsupported by any reasonable legal theory." *Id.* ¶ 12.

Mr. Camboni's most recent Arizona state appeal appears to be *Camboni v. Golden Hills HOA*, No. 1 CA-CV 15-0213, WL 6211790 (Ariz. App. Oct. 25, 2016). In that case Mr. Camboni used the title "king, ambassador". *Golden Hills* also involved Mr. Camboni improperly seeking to represent others although he is not a licensed lawyer. The Court noted again that Mr. Camboni's "opening brief sets forth no cognizable legal argument." *Id.* ¶ 11. As stated by the court, "Camboni has not complied with ARCAP, has not raised meritorious legal arguments, and has caused unnecessary motion practice—all of which has needlessly consumed the time of opposing counsel and the court." *Id.* ¶ 13.

In *Camboni v. McCain*, a case filed in this Court (CV 2016-004243), Mr. Camboni challenged John McCain's election to the United State Senate. Among other things, Mr. Camboni alleged that Sen. McCain committed perjury and that, as a Christian, Sen. McCain should concede the election to Mr. Camboni. In his 2017 lawsuit (CV 2017-050183), Mr. Camboni again listed Sen. McCain as a Defendant.

The Ninth Circuit's most recent disposition of an appeal from Mr. Camboni was four sentences and concluded that "the questions raised in this appeal are so insubstantial as not to require further argument." *Camboni v. Brnovich*, 2017 WL 4182114 (9th Cir. June 14, 2017). In that underlying litigation, Mr. Camboni sued several state officials and agencies. Mr. Camboni brought those claims in part out of dissatisfaction with the outcome in earlier, separate litigation. *Camboni v. Brnovich*, 2016 WL 4271850 (D. Ariz. Aug. 15, 2016).

In *Camboni v. McCain* (CV2017-050183), Mr. Camboni's operative pleading is 88 pages long and often indecipherable. As with many of his prior cases, his "claims" arise out of dissatisfaction with the results in earlier, separate litigation. Mr. Camboni's oppositions to motions to dismiss do not include meritorious arguments -- a recurring theme with his court submissions and are at times incomprehensible.

It is not only the lack of merit to Mr. Camboni's arguments that concerns the Court. Nearly every aspect of his conduct evidences frivolity. For example, Mr. Camboni has insisted on using the title of "king, ambassador". He has knowingly disregarded the notice of claim requirement (according to Mr. Camboni he voluntarily chose not to comply with § 12-821.01 by deciding 'to politely decline opportunity to file a Notice of Claim.')

He purported to represent his wife despite lacking a license to practice law. He referred to his wife in pleadings as his "slave" and "property". At times in his cases he has referred to certain defendants as "slaves" of Maricopa County or the State. He has argued that defendants communicate with the dead and the corpse they claim to represent. In a pleading filed in CV 2017-050183 he attached photographs of Governor Ducey with his family and Attorney General Brnovich with his family. He referred to each man's children and wife as "slaves."   He also referred to defense counsel as "slave owners".   He filed default applications against defendants who had appeared and moved to dismiss his claims

The Court may issue an order limiting a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail improper conduct such as that exhibited by Mr. Camboni.  *See* A.R.S. §12-3201. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Camboni's vexatious conduct and established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Camboni may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Camboni must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Camboni is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Camboni.

Dated this 13th day of September, 2018.

/s/ Janet E. Barton

_____
Honorable Janet E. Barton
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Chris DeRose, Clerk of the Superior Court
               Hon. Pamela Gates, Civil Department Presiding Judge
               Hon. James Smith
               Raymond L. Billotte, Judicial Branch Administrator
               Anthony Camboni

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

IN THE MATTER OF PROHIBITING )
<u>MITCHELL TAEBEL</u> FROM FILING ANY )
LAWSUIT IN MARICOPA COUNTY )       ADMINISTRATIVE ORDER
WITHOUT OBTAINING PRIOR )          No. 2019 - 011
PERMISSION FROM THE COURT )

Maricopa County Superior Court Administrative Order 2014-134 allows for a requestor to request a person be declared a vexatious litigant separate from any specific individual case. The Court has received such a request from the Arizona Attorney General's Office, by and through Assistant Attorney General Kara Lima, asking that an administrative order be issued declaring Mitchell Taebel a vexatious litigant. The matter will remain with the Presiding Judge of the Superior Court. A copy of the request was provided to Mr. Taebel and he responded on December 19, 2018 with a written objection to the request. Upon review of the pleadings, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, unreasonably expanding or delaying court proceedings, and bringing court actions without substantial justification.

On January 24, 2018, Mr. Taebel was arrested and charged in Maricopa County Superior Court with three counts of assault, endangerment, and unlawful flight from a law enforcement vehicle (*State v. Taebel,* CR2018-104389). Mr. Taebel was originally determined to be incompetent to stand trial for his charges and ordered into the restoration to competency program while in custody at the 4th Avenue Jail. (Mr. Taebel was subsequently determined to be competent on December 14, 2018.)

Throughout 2018, while in custody awaiting his criminal trial, Mr. Taebel filed at least 13 civil lawsuits against various government officials, entities, and judicial officers stemming from his custody and prosecution. In these lawsuits, Mr. Taebel made a variety of claims of malicious prosecution, of unlawfully high bond, and other allegations of constitutional violations involving his criminal case. The lawsuits contained demands for billions of dollars in damages. The allegations in these lawsuits have been found to be

unsupported by law or fact, and have been routinely dismissed. The following provides a list of civil cases filed by Mr. Taebel with the Superior Court:

**CV2018-005688**, *Taebel v. Greg Stanton*, (filed April 4, 2018; removed to federal court)

**CV2018-005993**, *Taebel v. Mark Brnovich*, (filed April 19, 2018; dismissed July 6, 2018)

**CV2018-008672**, *Taebel v. Commission on Judicial Conduct, State Bar of Arizona, and State of Arizona*, (filed June 13, 2018; dismissed November 28, 2018)

**CV2018-009066**, *Taebel v. State of Arizona, Doug Ducey, Scott Bales*, (filed June 19, 2018, dismissed August 27, 2018)

**CV2018-010031**, *Taebel v. Judge Sam Myers*, (filed August 1, 2018; dismissed October 5, 2018)

**CV2018-010410**, *Taebel v. Attorney General*, (filed July 27, 2018; dismissed September 26, 2018)

**CV2018-011152**, *Taebel v. Commissioner Jane McLaughlin*, (filed September 4, 2018; dismissed October 25, 2018)

**CV2018-011849**, *Taebel v. DPS Officer Gilberto Federico*, (filed August 30, 2018; case pending due to plaintiff's interlocutory appeal to the Court of Appeals)

**CV2018-011855**, *Taebel v. Commissioner Richard Nothwehr*, (filed August 29, 2018; dismissed November 1, 2018)

**CV2018-011979**, *Taebel v. Attorney General, Steve Yarbrough, J.D. Mesnard*, (filed September 10, 2018; dismissed October 25, 2018)

**CV2018-011980**, *Taebel v. Department of Public Safety*, (filed September 11, 2018; dismissed January 14, 2019)

**CV2018-012962**, *Taebel v. Commissioner Wendy Morton*, (filed October 11, 2018; ruling pending on motion to dismiss)

**CV2018-012991**, *Taebel v. [Deputy Public Defender] Alfanso Castillo*, (filed October 12, 2018).

The Attorney General's Office argues in its request that Mr. Taebel's lawsuits often contain numerous pleadings that unreasonably expand and delay court proceedings and

that the lawsuits are without substantial justification.[1] In Mr. Taebel's objection to the request to declare him a vexatious litigant, he argues that he has an absolute constitutional right to access to the courts and the Attorney General's request to declare him vexatious is further evidence of "kidnapping and negligence by the Governor and Office of the Attorney General." The rest of Mr. Taebel's pleading rehashes arguments against Maricopa County Superior Court Commissioner Jane McLaughlin regarding the bail determination at his initial appearance in January of 2018 (issues he raised in his now-dismissed civil lawsuit against her).

A review of some of the pleadings filed by Mr. Taebel in his lawsuits show conduct that is solely for the purpose of harassment or to unreasonably expand or delay court proceedings. In his lawsuits against both Superior Court Commissioner Morton, and Mr. Taebel's former public defender Alfanso Castillo, Mr. Taebel has filed motions to order their arrest. His lawsuit against Presiding Criminal Department Judge Sam Myers requested $150 billion in damages. In his lawsuit against Attorney General Mark Brnovich, Mr. Taebel filed seven more documents after his complaint but prior to the defendant's timely filing of a responsive pleading. Mr. Taebel's pleadings were variously identified as "Additional Memorandum," "Supplemental Memorandum," "Request for Admission to Defendant," "Motion to Change Judge," "Motion for Certiorari," "Motion for Injunction," and "Motion for Conference." A review of the docket in other cases reveals similar conduct.

Furthermore, the fact that almost all of the civil lawsuits filed by Mr. Taebel since April of 2018 have already been dismissed is evidence that these lawsuits are being filed without any substantial justification. Mr. Taebel is repeatedly raising issues in his civil lawsuits that concern his ongoing criminal prosecution, such as his allegations of unlawful arrest, unreasonable bond, and ineffective counsel. These issues should be raised in his criminal case. For the most part his lawsuits contain no claims for which relief can be granted. Furthermore, his lawsuits have been dismissed because they are barred by res judicata or by absolute judicial immunity.

For these reasons, the Court finds that the filing of these lawsuits by Mr. Taebel constitutes vexatious conduct as defined in A.R.S. § 12-3201.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Taebel's established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Taebel may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

---

[1] The Attorney General's Office also points out that Mr. Taebel has filed an additional twelve lawsuits against many of the same defendants in the Federal District Court of Arizona.

2. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Taebel must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Taebel is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Taebel.

Dated this  31st  day of January, 2019.


 /s/ Janet E. Barton
Honorable Janet E. Barton
Presiding Judge


Original:     Clerk of the Superior Court

Copies:       Hon. Jeffrey Fine, Clerk of the Superior Court
              Hon. Pamela Gates, Civil Department Presiding Judge
              Raymond L. Billotte, Judicial Branch Administrator
              Mitchell Taebel
              Kara L. Klima, Assistant Attorney General

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

IN THE MATTER OF PROHIBITING   )
<u>STEPHEN EDWARDS</u> FROM FILING   )
ANY LAWSUIT IN MARICOPA COUNTY  )
WITHOUT OBTAINING PRIOR      )
PERMISSION FROM THE COURT     )

ADMINISTRATIVE ORDER
No. 2019-029

This matter was referred by the Honorable Hugh Hegyi to consider issuing an administrative order declaring Stephen Edwards a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

A motion to declare Mr. Edwards a vexatious litigant was filed by the plaintiffs in CV2017-003266, *Lakewood Community Association v. 1630 S 36th L.L.C., et al.* Mr. Edwards, as the sole owner of 1630 S 36th L.L.C., is the defendant in the case. After notice to Mr. Edwards, Judge Hegyi held an evidentiary hearing on October 12, 2018. Mr. Edwards did not appear at the hearing or otherwise respond to the motion. On December 12, 2018, Judge Hegyi issued findings of fact and conclusions of law that are adopted and incorporated herein in this administrative order. (*See* minute entry dated December 12, 2018 in *The Lakewood Community Association v. 1630 S. 36th St. L.L.C., et al.*)

The Court is aware of forty-one civil cases in which Mr. Edwards has been a party in this Court; in none of the cases is there any record that he has been successful in any of his claims. As Judge Hegyi finds in his minute entry, since 2008 Mr. Edwards has brought the following twenty-four civil actions as a plaintiff in this Court—many involving the same set of defendants—none of which have been successful in any way:

1. CV2008-019061, *Stephen Edwards v. Alan Sfadi/Access Recover & Repossession*, filed August 8, 2008. Lawsuit against vehicle repossession of a SuperLimo vehicle. Dismissed.

2. ST2009-000234, *Stephen Edwards v. Maricopa County*, filed October 1, 2009. Unsuccessful challenge to property tax assessment.

3. ST2009-000235, *Stephen Edwards v. Maricopa County,* filed October 1, 2009. Unsuccessful challenge to property tax assessment.

4. CV2012-090065, *Stephen Edwards v. Martin Smith, et. al.,* filed January 1, 2012. Defamation and emotional distress claims against witnesses who testified against him in a lawsuit (CV2010-095487) filed against Mr. Edwards by his community association. Dismissed by stipulation of the parties on June 28, 2012.

5. CV2012-090245, *Stephen Edwards v. Michael Black*, filed February 8, 2012. Defamation claims against Mr. Black, an electrical contractor, for testimony by Mr. Black in CV2011-055841. (In the prior case, Mr. Black sued Mr. Edwards for breach of contract and won.)

6. CV2012-092110, *Stephen Edwards v. Innovative Cabinetry Designs, et. al.,* filed March 23, 2012. Alleged breach of contract and emotional distress claims against contractor. Motion to dismiss granted to defendant.

7. CV2012-095984, *Stephen Edwards v. Magnus Title Agency*, filed October 12, 2012. Mr. Edwards sued his title company for failure to disclose judgments against him to a lender. Dismissed.

8. CV2012-096539, *Stephen Edwards v. CIT Group*, filed October 23, 2012. Suit for breach of contract and negligence after defendant CIT Group attempted to obtain an outstanding judgment against Mr. Edwards. The Court of Appeals affirmed judgment in favor of CIT.

9. CV2012-096712, *Stephen Edwards v. Title Security Agency of Pinal County*, filed November 14, 2012. Suit brought against another title company for failing to disclose judgments against him to a lender. Dismissed.

10. CV2012-096901, *Stephen Edwards v. American Express, et al.,* filed October 31, 2012. Suit for breach of contract (removed to federal court).

11. CV2013-090995, *Stephen Edwards v. American Express,* filed October 17, 2013. Suit for negligence and breach of fiduciary duty. Dismissed.

12. CV2013-093124, *Stephen Edwards v. Title Security Agency of Pinal County*, filed April 25, 2013. Mr. Edwards re-sued the title company for the same facts in CV2012-096712. Dismissed.

13. CV2013-093125, *Stephen Edwards v. Magnus Title Agency*, filed April 25, 2013. Mr. Edwards re-sued the title company for same facts in CV2012-095984. Dismissed.

14. CV2015-009256, *Stephen Edwards v. Mike & Patricia Gardner*, filed December 28, 2015. Suit against his neighbors for defamation, infliction of emotional distress, libel, and slander regarding property issues. Arbitrator found in favor of defendants.

15. CV2015-009257, *Stephen Edwards v. Lakewood Community Assoc.,* filed December 28, 2015. Suit against his HOA for charging unreasonable fees and assessments, defamation, and using false evidence and testimony to obtain a judgment against him. Dismissed.

16. CV2015-012081, *Stephen Edwards v. Best Buy Co. of Minnesota, Inc.*, filed December 15, 2015. Alleges he was sexually assaulted by Best Buy employee who had grabbed and hugged him. Removed to federal court.

17. CV2015-094117, *Stephen Edwards v. Lakewood Community Assoc.,* filed July 21, 2015. Sued HOA for same facts as in his counterclaims in CV2014-092726. Dismissed.

18. CV2015-094118, *Stephen Edwards v. Sandra Smith, Maureen Mulvaney*, filed July 21, 2105. Same facts from CV20124-092726. Dismissed.

19. CV2016-002985, *Stephen Edwards v. Maureen Mulvaney*, filed April 14, 2016. Alleged neighbor gave permission to trespass on his property. Dismissed.

20. CV2016-002986, *Stephen Edwards v. Bob Gotlieb*, filed April 14, 2016. Alleged trespass against neighbor for parking on his property. Dismissed.

21. CV2016-003147, *Stephen Edwards v. PPH Corporation,* filed May 10, 2016. Sued his mortgage company alleging breach of contract, deceptive trade practices, tortious interference, breach of fiduciary duty, and unjust enrichment for failing to provide payoff amount on property on two occasions. Removed to federal court.

22. CV2016-004424, *Stephen Edwards v. James Smith*, et. al., filed February 5, 2016. Defamation lawsuit against members of Lakewood HOA Board. Partially dismissed.

23. CV2017-012833, *Stephen Edwards v. PHH Corporation,* filed October 3, 2017. Sued his mortgage company for allegedly providing plaintiff with two different payoff amounts on property, allegedly causing him to lose two prospective buyers. Dismissed.

24. CV2018-009743, *Stephen Edwards v. PHH Corporation, et al.,* filed July 8, 2018. Identical claims as in CV2017-012833, above.

25. CV2018-013307, *Stephen Edwards v. Quinten Cupps, et al.,* filed October 23, 2018. Sued attorney for Lakewood Community Association for failing to accept payments toward lien; sued the Lakewood Community Association for breach of contract and fiduciary duty; sued Judge Heygi's judicial assistant, alleging fraud to assist other defendants in obtaining a judgment against him. These claims are all related to a lawsuit brought against him by Lakewood Community Association, CV2017-003266. Not yet resolved.

Mr. Edwards has failed to prevail in any of these cases. The lawsuits are often brought against people who have taken legal action against Mr. Edwards. The lawsuits often raise claims and issues that have been previously adjudicated against Mr. Edwards in other cases. In addition, in this Court alone Mr. Edwards has had ten separate petitions for injunctions against harassment filed against him, including by the City of Mesa, Falcon Field airport, his prior attorney, and the judicial assistant of another Superior Court judge.

Furthermore, as Judge Hegyi points out in great detail in his minute entry, within his lawsuits Mr. Edwards has filed multiple pleadings that are harassing, threatening, insulting to both the Court and other litigants and often vulgar. In Judge Hegyi's case alone, Mr. Edwards has also filed numerous pleadings that are repetitive and without legal merit, such as constantly moving to strike pleadings filed by other parties, motions for change of judge, a motion to criminally prosecute other parties to the lawsuit, and numerous motions for reconsideration of the rulings of the Court. These pleadings require responses from other parties and the Court; the case is less than two years old, and currently has 335 docketed pleadings, orders, and minute entries.

Judge Hegyi's minute entry also points out that in some of the litigation in which Mr. Edwards is a party, it is in his capacity as the sole owner, member, or shareholder of another entity. These entities are "1630 S. 36th LLC," "Stephen S. Edwards, Inc.," "Super Trust Fund u/t/d/June 15, 2001," "Mesa Blue, LLC," and "Gucci Blue, LLC."

For the reasons above, and the reasons enumerated at great length in Judge Hegyi's minute entry, the Court finds that Mr. Edwards' is engaging in vexatious conduct as defined in A.R.S. § 12-3201.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Edwards' established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Edwards, either in his name or the names of the wholly owned subsidiaries "1630 S. 36th LLC," "Stephen S. Edwards, Inc.," "Super Trust Fund u/t/d/June 15, 2001," "Mesa Blue, LLC," and "Gucci Blue, LLC" may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2.  Mr. Edwards may not file any further pleading or motion in any of his current lawsuits without first seeking leave from the judicial officer assigned to that lawsuit.

3.  Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Edwards must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Edwards is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Edwards.

Dated this __26th__ day of February, 2019.

 /s/ Janet E. Barton_____
Honorable Janet E. Barton
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Jeffrey Fine, Clerk of the Superior Court
               Hon. Pamela Gates, Civil Department Presiding Judge
               Hon. Connie Contes
               Hon. Christopher Coury
               Hon. Colleen French
               Raymond L. Billotte, Judicial Branch Administrator
               Stephen Edwards
               The Lakewood Community Association

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

IN THE MATTER OF PROHIBITING
<u>WILLIAM J. MYERS, JR.</u> FROM FILING
ANY LAWSUIT IN MARICOPA COUNTY
WITHOUT OBTAINING PRIOR
PERMISSION FROM THE COURT

) ) ) ) )

ADMINISTRATIVE ORDER
No. 2019 - 097

This matter was referred by the Honorable David J. Palmer to consider issuing an administrative order declaring William J. Myers, Jr. a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

Judge Palmer's referral is a result of a motion by defendant Leah S. Freed to declare Mr. Myers a vexatious litigant filed in the case of *William J. Myers, Jr. v. Leah S. Freed,* Superior Court case number CV2018-096596. The defendant's motion stems from a number of lawsuits filed by Mr. Myers, including against the defendant, in which Mr. Myers attempts to relitigate the same claims over and over again. It began when Mr. Myers filed a wrongful termination lawsuit against his former employer Freescale Semiconductor in this Court on August 7, 2012. *See* CV2012-095170, *Myers v. Freescale Semiconductor.* That case was removed by the defendant to the U.S. District Court of Arizona on November 14, 2012. Ultimately, Freescale Semiconductor filed a motion for summary judgment which the district court granted in favor of the employer and against Mr. Myers.

Mr. Myers then filed a second complaint against Freescale Semiconductor on August 26, 2013. *See* CV2013-094060, *Myers v. Freescale Semiconductor.* Again, Freescale Semiconductor removed the case to federal court where it was dismissed on the grounds of *res judicata* with the defendant's attorneys fees being awarded against Mr. Myers.

On April 30, 2015 Mr. Myers filed a third lawsuit against Freescale Semiconductor in Superior Court alleging defamation of character and wrongful termination. The defamation of character allegations stemmed from his wrongful termination and the subsequent litigation of his previous lawsuits. *See* CV2015-093524, *Myers v. Freescale Semiconductor.* This lawsuit was dismissed by the court on the grounds of *res judicata* with Mr. Myers ordered to pay the defendant's attorneys' fees. Mr. Myers filed multiple notices of appeal in this matter which were dismissed.

Also on April 30, 2015, Mr. Myers filed a lawsuit in this Court against Freescale Semiconductor's attorney, Leah S. Freed, alleging the defendant made defamatory statements against him in her pleadings filed on behalf of her client Freescale Semiconductor. *See* CV2015-093525, *Myers v. Freed.* The Court dismissed this lawsuit based on absolute privilege and statute of limitations. Mr. Myers filed a notice of appeal in this case which was dismissed.

Mr. Myers filed two more lawsuits against Freescale Semiconductor, on December 22, 2015 and on March 28, 2016. *See* CV2015-096328 and CV2016-092450. Both lawsuits allege fraud on the court based on a claim that an affidavit filed by Freescale Semiconductor in the original 2012 lawsuit was a forgery (a claim made by Mr. Myers in the original lawsuit) as well as various other allegations including defamation of character and, again, wrongful termination. Mr. Myers first lawsuit was dismissed by the Court based on *res judicata*. In the second lawsuit, on July 24, 2017 summary judgment was granted in favor of Freescale Semiconductor, again based on *res judicata.*

On September 27, 2018, Mr. Myers filed another lawsuit against Freescale Conductor's attorney, Leah Freed and then immediately filed a lawsuit against Ms. Freed's law firm, Ogletree, Deakins, Nash, Smoak and Stewart. *See* CV2018-096596 and CV2018-096597, respectively. (The cases were consolidated under CV2018-096596.) In these cases, Mr. Myers once again alleges the affidavit filed in support of the original summary judgment motion in his original lawsuit against Freescale Semiconductor was a forgery, and therefore constitutes a fraud on the court by Ms. Freed and her law firm. On May 2, 2019 Judge Palmer dismissed the two consolidated cases with prejudice.

Mr. Myers has failed to prevail in any of these cases. His lawsuits continue to raise the same claims and issues that have been previously adjudicated against Mr. Myers. Furthermore, as Judge Palmer points out in great detail in his minute entry referring the vexatious litigant matter, numerous frivolous pleadings have beeb filed by Mr. Myers in many of these lawsuits. Many of the pleadings contain insulting and demeaning language aimed at Superior Court judges who have ruled against Mr. Myers in previous cases.

Additionally, in the time since Judge Palmer has referred this case for a vexatious litigation administrative order, Mr. Myers has filed another lawsuit against Freescale Semiconductor (CV2019-004491) once again alleging that the affidavit in support of Freescale Semiconductor's summary judgment motion back in his original 2012 wrongful termination lawsuit was forgery. Additionally, in the case dismissed with prejudice by Judge Palmer, Mr. Myers has filed on June 24, 2019 a notice he terms "Notice of Libelous

Statements Be Retracted Pursuant to A.R.S. §12-653.02" in which he alleges that Judge Palmer's findings in his ruling (as well as another judge in a previous ruling) are "libelous and malicious lies" that must be retracted.

The Court finds that Mr. Myers has filed multiple lawsuits for the purpose of harassment of defendants Freescale Semiconductor and its attorney Leah Freed; has filed claims and pleadings unreasonably expanding or delaying court proceedings; has brought multiple court actions without substantial justification; and has filed claims or requests for relief that have been the subject of previous rulings by a court in the same litigation. For the reasons above, and the reasons enumerated at great length in Judge Palmer's minute entry, the Court finds that Mr. Myers is engaging in vexatious conduct as defined in A.R.S. § 12-3201.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Myers' established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Myers may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Myers may not file any further pleading or motion in any of his current lawsuits without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Myers must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Myers is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Myers. This Administrative Order does not preclude Mr. Myers from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b). This Administrative Order only applies to Mr. Myers in his capacity as a *pro per* litigant, and not to any future legal counsel that might be retained by Mr. Myers.

Dated this  1st  day of August, 2019.


 /s/ Janet E. Barton
Honorable Janet E. Barton
Presiding Judge

Original:        Clerk of the Superior Court

Copies:         Hon. Jeffrey Fine, Clerk of the Superior Court
                Hon. Pamela Gates, Civil Department Presiding Judge
                Hon. David J. Palmer
                Raymond L. Billotte, Judicial Branch Administrator
                William J. Myers
                Leah S. Freed, Ogletree Deakins P.C.
                John Alan Doran, Sherman & Howard L.L.C.

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

IN THE MATTER OF PROHIBITING )
<u>GREGORY BEST</u> FROM FILING ANY )
LAWSUIT IN MARICOPA COUNTY )    ADMINISTRATIVE ORDER
WITHOUT OBTAINING PRIOR )    No. 2019-146
PERMISSION FROM THE COURT )

       This matter was referred by the Honorable Connie Contes to consider issuing an administrative order declaring Gregory Best a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

       Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

       Judge Contes' referral is a result of a motion by numerous defendants to declare Mr. Best a vexatious litigant filed in the case of *Gregory Best, Fair Acquisition, LLC. v. Steve Villarreal, et al.,* CV2018-015480. The defendants' motions stem from a number of lawsuits filed by Mr. Best in which Mr. Best attempts to relitigate the same claims regarding a bank's foreclosure and a trustee's sale of a single property located on S. 12th Street in Phoenix, Arizona. After notice to Mr. Best in a July 8, 2019 minute entry, Judge Contes held oral argument on the motions on August 9, 2019. Mr. Best acknowledged receiving the notice in an August 7, 2019 filing with the Court, but did not appear at the August 9, 2019 oral argument. On October 1, 2019, Judge Contes issued findings of fact and conclusions of law that are adopted and incorporated herein in this Administrative Order. (*See* minute entry dated October 1, 2019 in *Gregory Best, Fair Acquisition, LLC. V. Steve Villarreal, et al.,* which is attached to this Administrative Order as "Attachment A".)

       The same issues regarding the sale of the 12th Street property in the case before Judge Contes have been litigated in three previous cases in our Court: CV2016-017960, CV2017-000578, and CV2017-052422. In each of the previous cases, plaintiffs' claims

were dismissed. In each subsequent case filed in this Court, Mr. Best sued previous defendants, but expanded the list of defendants to include additional employees of previous defendants as well as legal counsel from previous cases. In CV2018-015480, the case before Judge Contes, Mr. Best has expanded the list of defendants to thirty-one individuals or companies. Many of these defendants named were legal counsel in the previous three cases regarding this same issue.

Mr. Best's complaint filed in Judge Contes' case contain 236 paragraphs. Many of these paragraphs repeat the same allegations that have been dismissed in previous lawsuits. Over one hundred paragraphs are devoted to what Mr. Best refers to as "attorney torts" and concern allegations of attorney misconduct in the previous cases. In her minute entry, Judge Contes finds that these attorney allegations constitute an unwarranted expansion of the litigation. Judge Contes also finds that within the same case, Mr. Best has repeatedly filed motions and pleadings that have previously been ruled upon.

Judge Contes also finds that Mr. Best had in other cases previously engaged in filing multiple lawsuits in which he repeated claims that had been adjudicated in prior litigation. In *Gregory Best v. Equity Realty Group, L.L.C., et. al.,* CV2016-015284, the Court dismissed Mr. Best's claims because he continued to raise the same issue that had previously been litigated in three prior cases in this Court. In that case, the Court granted defendant's motion to declare Mr. Best a vexatious litigant, as to that case alone. Such a designation has not prevented Mr. Best from continuing to file additional lawsuits in this Court.

Judge Contes' order further takes judicial notice of a lengthy history of lawsuits filed by Mr. Best in this Court in which he appealed adverse judgments only to have the Court of Appeals affirm this Court, including:

- *Best v. Edwards*, 217 Ariz. 497, 176 P.3d 695 (App. 2008)
- *Best v. Henderson*, 1 CA-CV 07-0398, 2008 WL 2154795 (App. May 20, 2008)
- *Best v. Fergerson*, 1 CA-CV 07-0506, 2008 WL 5057225 (App. Nov. 25, 2008)
- *Best v. Carson Messinger Elliott Laughlin & Ragan, P.L.L.C.*, 1 CA-CV 08-0702, 2009 WL 3115835 (App. Sept. 29, 2009)
- *Best v. State*, 1 CA-CV 08-0827, 2009 WL 3526586 (App. Oct. 29, 2009)
- *Best v. Mosely*, 1 CA-CV 10-0700, 2011 WL 4857770 (App. Oct. 13, 2011)
- *Best v. Castillo*, 1 CA-CV 10-0848, 2011 WL 6651275 (App. Dec. 20, 2011)
- *Best v. Zumoff*, 1 CA-CV 10-0465, 2011 WL 2693501 (App. July 12, 2011)
- *Best v. Miranda*, 229 Ariz. 246, 274 P.3d 516 (App. 2012)
- *Best v. Fanniel*, 1 CA-CV 11-0181, 2012 WL 724303 (App. Mar. 6, 2012)

- *Best v. Miranda*, 1 CA-CV 11-0178, 2012 WL 967048 (App. Mar. 20, 2012)
- *Best v. Sec. Title Agency, Inc.*, 1 CA-CV 11-0564, 2012 WL 5923806 (App. Nov. 27, 2012)
- *Best v. Warrick*, 1 CA-CV 11-0678, 2012 WL 6176858 (App. Dec. 11, 2012)
- *Best v. State ex rel. Horne*, 1 CA-CV 12-0145, 2013 WL 1632522 (App. Apr. 16, 2013)
- *Best v. Warrick*, 1 CA-CV 12-0043, 2013 WL 1653586 (App. Apr. 16, 2013).
- *Best v. Johnson*, 1 CA-CV 12-0461, 2013 WL 2456618 (App. June 4, 2013)
- *Best v. Foresight Inv. Group, LLC*, 1 CA-CV 12-0442, 2013 WL 3155831 (App. June 20, 2013)
- *Best v. Cortez*, 1 CA-CV 12-0593, 2013 WL 5820303 (App. Oct. 29, 2013)
- *Best v. Elston*, 1 CA-CV 13-0408, 2014 WL 2599925 (App. June 10, 2014)
- *Best v. State*, 2 CA-CV 2014-0064, 2014 WL 2803525 (App. June 17, 2014)
- *Best v. Rancho Tempe M.H.P., L.L.C.*, 2 CA-CV 2014-0155, 2015 WL 428354 (App. Jan. 29, 2015)
- *Best v. Hillard*, 2 CA-CV 2014-0154, 2015 WL 530138 (App. Feb. 10, 2015)
- *Best v. City of Phoenix*, 2 CA-CV 2014-0153, 2015 WL 1279268 (App. Mar. 20, 2015)
- *Best v. Garcia*, 2 CA-CV 2016-0106, 2017 WL 944187 (App. Mar. 10, 2017)
- *Best v. Residential Prop. Inv. & Mgmt. LLC*, 2 CA-CV 2017-0128, 2018 WL 2068300 (App. May 3, 2018)

The Court finds that Mr. Best has engaged in vexatious conduct by repeatedly filing claims or requests for relief that have been subject to previous rulings in both previous or the same litigation; has repeatedly filed court actions for the primary purpose of harassment; has unreasonably expanded court proceedings; and has brought court actions without "substantial justification" as defined in A.R.S. §12-349.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Best's established pattern of abuse. In light of the fact that Mr. Best has been previously deemed a vexatious litigant in an individual lawsuit in this Court,

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Best, as well as any entity in which Mr. Best is the sole owner, member, or shareholder, may not file any new causes of action as a pro se litigant after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Best, as well as any entity in which Mr. Best is the sole owner, member, or shareholder, may not file any further pleading or motion in any of his current lawsuits as a pro se litigant without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Best must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Best is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Best. This Administrative Order does not preclude Mr. Best from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

Dated this ___13th___ day of November, 2019.


___/s/ Joseph C. Welty_____
Honorable Joseph C. Welty
Presiding Judge

Attachment: A

Original:    Clerk of the Superior Court

Copies:     Hon. Jeffrey Fine, Clerk of the Superior Court
            Hon. Pamela Gates, Civil Department Presiding Judge
            Hon. Connie Contes
            Hon. Margaret R. Mahoney
            Raymond L. Billotte, Judicial Branch Administrator
            Keith Kaplan, Civil Department Administrator
            Gregory Best
            Kyle Kinney, Law Offices of Kyle A. Kinney, PLLC
            Jeffrey J. Goulder, Stinson Leonard Street LLP
            Michael Vincent, Stinson Leonard Street LLP
            Barry Becker, Barry Becker, P.C.
            Kevin Holliday, Hull, Holliday & Holliday, PLC

Granted with Modifications
***See eSignature page***

**Attachment: A**

Clerk of the Superior Court
*** Electronically Filed ***
S. Perez, Deputy
10/2/2019 8:00:00 AM
Filing ID 10941110

1   Jeffrey J. Goulder (010258)
    Michael Vincent (029864)
2   **STINSON LLP**
    Firm Identification Number (00462400)
3   1850 North Central Avenue, Suite 2100
    Phoenix, Arizona 85004-4584
4   Tel: (602) 279-1600
    Fax: (602) 240-6925
5   Email: jeffrey.goulder@stinson.com
            michael.vincent@stinson.com
6
    Attorneys for Defendants Jeffrey Goulder; Michael Vincent; Stinson
7   Leonard Street, LLP; BMO Harris Bank; Carmen Ruff, Larry Folks, Folks
    & O'Connor, PLLC aka Folks Hess Kass, PLLC; Kelly Zamitalo; and
8   Leann Walters

9

10                  **SUPERIOR COURT OF ARIZONA**

11                       **MARICOPA COUNTY**

12   GREGORY BEST, Fair Acquisition, LLC,     No. CV2018-015480
     Pro Per,
13                                            **ORDER: VEXATIOUS LITIGANT**
                        Plaintiffs,
14
15   v.
16   STEVE VILLARREAL, et al.,
17                       Defendants.
18

19          The Court has considered the following motions and joinders:

20          1.      Motion to Deem Plaintiff Gregory Best a Vexatious Litigant filed on February 15,

21   2019 by Steve Villarreal, 12th Street Property Trust, Kyle A. Kinney, and the Law Office of

22   Kyle A. Kinney, PLLC.

23          2.      Motion to Designate Plaintiff Gregory Best ("Best") as a Vexatious Litigant filed

24   on February 27, 2019 by BMO Harris Bank, Kelly Zamitalo, Leann Walters, Folks & O'Connor,

25   PLLC, Larry Folks, Carmen Ruff, Jeffrey Goulder, Michael Vincent, and Stinson Leonard Street

26   LLP.

27          3.      Notice of Joinder in Stinson Leonard Street LLP's Motion to Designate Plaintiff

28   as a Vexatious Litigant, filed February 28, 2019 by Steve Villareal, Steve Villareal, P.C.,

Foresight Land Investments, LLC, 12th Street Property Trust, Paris Weant, Specialty Property Investments Corporation, Land holdings, LLC, Kyle Kinney, and the Law Offices of Kyle A. Kinney, PLLC.

4. Notice of Joinder in Law Offices of Kyle A. Kinney, PLLC's Motion to Deem Plaintiff Gregory Best a Vexatious Litigant and Stinson Leonard Street LLP's Motion to Designate Plaintiff as a Vexatious Litigant, filed on March 1, 2019 by Hull, Holliday & Holliday, P.L.C., and Denise M. Holliday.

5. Notice of Joinder in Law Offices of Kyle A. Kinney, PLLC's Motion to Deem Plaintiff Gregory Best a Vexatious Litigant and Stinson Leonard Street LLP's Motion to Designate Plaintiff as a Vexatious Litigant, filed April 11, 2019 by Perfect Prestamos, Propiedades Perfectos, Ray Lucas, Lucas Land Consortium, L.L.C., Benjamin Urquhart, Barry Becker, and Barry Becker, P.C.

6. Defendants' Motion to Deem Plaintiff Gregory Best a Vexatious Litigant and Joinder in Motions Previously Filed, filed on July 9, 2019 by Joseph Uruqhart, Benjamin Urquhart, Ray Lucas, Lucas Land Consortium, L.L.C., Propiedades Perfectos, L.L.C., Perfect Prestamos, L.L.C., Barry Becker, and Barry Becker, P.C.

7. Notice of Joinder in Stinson Leonard Street LLP's Motion to Designate Plaintiff as a Vexatious Litigant, filed on February 28, 2019 by Steve Villareal, Steve Villareal, P.C., Foresight Land Investments, LLC, 12th Street Property Trust, Paris Weant, Specialty Property Investments Corporation, Land Holdings, LLC, Kyle Kinney, and the Law Offices of Kyle A. Kinney, PLLC.

Collectively, the parties listed above, with the exception of Hull, Holliday, & Holliday, P.L.C. and Denise Holliday, are referred to as "Movants." Because the Court has already entered a Rule 54(b) judgment in favor of Hull, Holliday, & Holliday, P.L.C. and Denise Holliday, at their request, they have no remaining issues in this litigation and the Court does not consider their joinder.

CORE/0807901.0583/154282272.2

## I.    Procedural History

Plaintiff Gregory Best ("Best") did not file responses to the above-mentioned motions and joinders, and the Defendants moved for summary disposition of those motions. This Court's July 8, 2019 Minute Entry denied the requests for summary disposition, noting that Best is entitled to due process through notice and an opportunity to oppose any order that restricts his future filings with the Court. Accordingly, the Court's Minute Entry, which reflects its service upon Best, set oral argument on the motions for August 9, 2019. Best acknowledged receipt of the July 8, 2019 Minute Entry in his "Notice of Appeal" filed August 7, 2019, in which he accused the Court of "schedul[ing] a vexatious oral argument without legal justification." Notwithstanding his awareness of the oral argument, Best failed to appear. The Court finds that Best was aware of the oral argument and that he voluntarily waived his right to be heard by failing to appear.

Following the oral argument, the Court took the matters presented under advisement and asked the parties to submit proposed written findings of fact and conclusions of law. August 9, 2019 Minute Entry. Movants have submitted proposed findings.

Having further considered the matters presented in the motions and at oral argument, and having Best's Objection to Order Deeming Gregory Best a Vexatious Litigant, filed September 8, 2019, the Court enters its recommendations to the Presiding Judge as follows.

## II.    Legal Standard

A.R.S. § 12-3201 provides, in part:

> A. In a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant.

> B. A pro se litigant who is designated a vexatious litigant may not file a new pleading, motion or other document without prior leave of the court.

> C. A pro se litigant is a vexatious litigant if the court finds the pro se litigant engaged in vexatious conduct.

. . .

3

E. For the purposes of this section:

    1. "Vexatious conduct" includes any of the following:

        (a) Repeated filing of court actions solely or primarily for the purpose of harassment.

        (b) Unreasonably expanding or delaying court proceedings.

        (c) Court actions brought or defended without substantial justification.

        (d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.

        . . .

        (f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

    2. "Without substantial justification" has the same meaning prescribed in section 12-349.

## III.   Findings of Fact

### A.   Best's History of Filing Meritless Claims

The Court finds Best has a pattern and practice of filing unmeritorious lawsuits in state courts. The Court takes judicial notice of the following decisions of the Arizona Court of Appeals. In <u>each</u> of these cases, Best brought a pro se appeal from an adverse judgment from this Court and in each of these cases, the Court of Appeals affirmed, rejecting Best's arguments:

- *Best v. Edwards*, 217 Ariz. 497, 176 P.3d 695 (App. 2008)
- *Best v. Henderson*, 1 CA-CV 07-0398, 2008 WL 2154795 (App. May 20, 2008)
- *Best v. Fergerson*, 1 CA-CV 07-0506, 2008 WL 5057225 (App. Nov. 25, 2008)
- *Best v. Carson Messinger Elliott Laughlin & Ragan, P.L.L.C.*, 1 CA-CV 08-0702, 2009 WL 3115835 (App. Sept. 29, 2009)
- *Best v. State*, 1 CA-CV 08-0827, 2009 WL 3526586 (App. Oct. 29, 2009)
- *Best v. Mosely*, 1 CA-CV 10-0700, 2011 WL 4857770 (App. Oct. 13, 2011)
- *Best v. Castillo*, 1 CA-CV 10-0848, 2011 WL 6651275 (App. Dec. 20, 2011)
- *Best v. Zumoff*, 1 CA-CV 10-0465, 2011 WL 2693501 (App. July 12, 2011)

4

- *Best v. Miranda*, 229 Ariz. 246, 274 P.3d 516 (App. 2012)
- *Best v. Fanniel*, 1 CA-CV 11-0181, 2012 WL 724303 (App. Mar. 6, 2012)
- *Best v. Miranda*, 1 CA-CV 11-0178, 2012 WL 967048 (App. Mar. 20, 2012)
- *Best v. Sec. Title Agency, Inc.*, 1 CA-CV 11-0564, 2012 WL 5923806 (App. Nov. 27, 2012)
- *Best v. Warrick*, 1 CA-CV 11-0678, 2012 WL 6176858 (App. Dec. 11, 2012)
- *Best v. State ex rel. Horne*, 1 CA-CV 12-0145, 2013 WL 1632522 (App. Apr. 16, 2013)
- *Best v. Warrick*, 1 CA-CV 12-0043, 2013 WL 1653586 (App. Apr. 16, 2013).
- *Best v. Johnson*, 1 CA-CV 12-0461, 2013 WL 2456618 (App. June 4, 2013)
- *Best v. Foresight Inv. Group, LLC*, 1 CA-CV 12-0442, 2013 WL 3155831 (App. June 20, 2013)
- *Best v. Cortez*, 1 CA-CV 12-0593, 2013 WL 5820303 (App. Oct. 29, 2013)
- *Best v. Elston*, 1 CA-CV 13-0408, 2014 WL 2599925 (App. June 10, 2014)
- *Best v. State*, 2 CA-CV 2014-0064, 2014 WL 2803525 (App. June 17, 2014)
- *Best v. Rancho Tempe M.H.P., L.L.C.*, 2 CA-CV 2014-0155, 2015 WL 428354 (App. Jan. 29, 2015)
- *Best v. Hillard*, 2 CA-CV 2014-0154, 2015 WL 530138 (App. Feb. 10, 2015)
- *Best v. City of Phoenix*, 2 CA-CV 2014-0153, 2015 WL 1279268 (App. Mar. 20, 2015)
- *Best v. Garcia*, 2 CA-CV 2016-0106, 2017 WL 944187 (App. Mar. 10, 2017)
- *Best v. Residential Prop. Inv. & Mgmt. LLC*, 2 CA-CV 2017-0128, 2018 WL 2068300 (App. May 3, 2018)

Thus, the Court is aware of at least twenty-five cases in which Best has litigated unsuccessful claims both in this Court and at the appellate level. In none of these cases was Best successful in reversing this Court's judgment against him. Best has also been involved in four other lawsuits regarding the same or closely-related issues as this lawsuit. The Court takes

5

judicial notice of the following cases:

- CV2016-017960, *Linda Lynaugh v. BMO Harris Bank et al.*
- CV2017-000578, *Gregory Best v. Steve Villarreal et al.*
- CV2017-052422, *12th Street Property Trust, et al. v. Linda Lynaugh, et al.*
- CV-19-04643-PHX-DJH, *Linda Lynaugh v. Michael Vincent et al.* (U.S. District Court for the District of Arizona)

As further explained below, in each of these cases Best, either in his own name or using the name of his close associate Linda Lynaugh ("Lynaugh") has litigated claims relating to the trustee's sale of a single property located on S. 12th Street in Phoenix, Arizona (the "12th Street Property"). Best/Lynaugh have had their claims dismissed in CV2016-017960, CV2017-000578, and in the present case. Best/Lynaugh unsuccessfully raised as affirmative defenses to an eviction in CV2017-052422 substantially the same attacks on the trustee's sale as they raised in CV2016-017960 and CV2017-000578. The federal lawsuit remains pending.

In addition to the aforementioned cases, Best has brought several other unmeritorious cases, which will be discussed later in this order. Based on all of these cases, the Court concludes that Best has consistently brought meritless cases in this forum.

**B.    Filing of Repetitive Claims Previously Determined/Expanding and Delaying Litigation**

In many instances, Best has filed claims in identical or nearly identical lawsuits. He frequently requests reconsideration by various procedural devices without any rational basis for doing so, refuses to accept the finality of rulings, and re-files nearly identical lawsuits with additional defendants. For example, in *Best v. Carson Messinger Elliott Laughlin & Ragan, P.L.L.C.*, 1 CA-CV 08-0702, 2009 WL 3115835 (App. Sept. 29, 2009), of which the Court takes judicial notice, the Court of Appeals noted that the Best had filed three frivolous lawsuits to "litigate the identical issue . . . in an attempt to obtain a different result than in the first case." 2009 WL 3115835, ¶ 35. The Court of Appeals sanctioned Best for "engaging in a practice of litigation that is intended to harass, is groundless, and is not made in good faith":

6

1

2

3

4

5

6

7

8

9

10

> The record supports an award of sanctions. In addition to filing the initial lawsuit against Fergerson and the Webb estate to obtain the real property at issue, Best also engaged and paid for Evenson to file the second suit to litigate the identical issue of Webb's testamentary capacity in an attempt to obtain a different result than in the first case. Best failed to appear for scheduled judgment debtor examinations arising from the first lawsuit and filed multiple motions, including requests for disciplinary proceedings against Fergerson's attorneys, in an attempt to avoid payment on the first judgment. He filed this third lawsuit accusing Fergerson and her counsel of misconduct in another attempt to undermine the original judgment and has now appealed its adverse ruling, seeking to reinstate a complaint whose obvious objective was to undo the prior litigation. The record demonstrates that Best is engaging in a practice of litigation that is intended to harass, is groundless, and is not made in good faith. We therefore grant Defendants' request for an award of reasonable attorneys' fees as a sanction in an effort to once again impress on Best the need to refrain from further vexatious litigation.

11    *Id.*

12    As another example, Best also has engaged in a separate series of lawsuits against various

13    property owners and lawyers. The Court takes judicial notice of CV2016-015284. In the June

14    11, 2018 Under Advisement Ruling (Docket Code 025) in that case, the Court expressly noted

15    Best's practice of filing *four* lawsuits on the same issue:

16

17

18

> Mr. Best's dispute has a long history, covering almost fifteen years, four lawsuits, and several appeals. In his rambling and redundant, 45-page, 370-paragraph, Third Amended Complaint here, Mr. Best has added some new parties, but he generally makes the same ambiguous allegations against the same parties he named in the three previous lawsuits.

19

20

21

22

June 11, 2018 Under Advisement Ruling (Docket Code 025) at 2. The Court incorporates by reference all of the findings in that ruling, and will highlight only some of them here. In that ruling, the Court found that Best admitted to suing a defendant without having any basis for a claim:

23

24

25

26

27

> At its core, this case is about a 2004 real estate contract. Mr. Best seeks to recover from any person he has identified who was involved in any transaction involving the property he sought to purchase, regardless of the person's role and even if the transaction did not close. During oral argument, Mr. Best acknowledged he added one party, Solid Ground Investment LLC, solely because he saw Solid Ground Investment LLC's name on a document and found out two of the other parties own it. He had no other basis for naming Solid Ground Investment LLC as a defendant. Ultimately, as explained below, only 9 of the 370 paragraphs to the Third Amended Complaint include any form of substantive allegations against the

28

7

Moving Defendants. Those nine paragraphs are conclusory and are insufficient to sustain a claim under the circumstances.

*Id.*

The Court further found that Best's allegations in CV2016-015284 were largely duplicative of his three prior lawsuits:

> In the Third Amended Complaint, Mr. Best copied and pasted allegations he has raised in previous lawsuits. Indeed, almost one third of the Third Amended Complaint is a verbatim copy of the complaint he filed in CV2014-013394 (the 2014 Lawsuit). Compare Third Amended Complaint (Docket # 216), at ¶¶157-270, 275-76, 278-84 with Amended Complaint (Docket #40), the 2014 Lawsuit, ¶¶19-131. The only differences are: (1) The paragraph numbers, (2) The addition of 10 paragraphs incorporating previous paragraphs by reference; and (3) The addition of five paragraphs (271-74, 277).

*Id.* at 2-3.

The Court also noted Best's prior history of meritless lawsuits:

> "[A]s in other cases Mr. Best has filed, the Third Amended Complaint fails to provide sufficient factual bases for the counts as to the moving defendants. *See, e.g., Best v. Elston*, No. 1 CA–CV 13–0408 (Ariz. App. June 10, 2014) (affirming dismissal of 97 paragraph complaint in *Gregory Best v. Gary Sundberg, et al*, Maricopa County No. CV2012–004989).

*Id.* at 3.

In CV2016-015284, the Court found that in Best's three prior lawsuits litigating the same or similar issues, the defendants had obtained dismissal on all claims (except for Best obtaining default judgments against parties who failed to defend). *Id.* Those prior lawsuits were CV2005-092538 (dismissed); CV2005-093565 (default judgment); and CV2014-013394 (summary judgment granted for defendants). In CV2014-013394, Best had filed an unsuccessful Rule 60 motion, then appealed. CV2016-015284 June 11, 2018 Under Advisement Ruling (Docket Code 025) at 4-5. The Court of Appeals affirmed. *Id.*

In CV2016-015284, the Court found that although the "core" of the case was a 2004 real estate contract, "Best seeks to recover from individuals and entities who were not parties to the 2004 Contract, some of whom he has sued in the previous three lawsuits. Mr. Best has amended his complaint three times in an effort to state a viable claim against the moving defendants." *Id.*

8

1    at 5. The Court dismissed with prejudice all of the claims against the moving defendants (except

2    for one defendant solely in his capacity to bind the marital community because his spouse was

3    still a defendant). *Id.* at 11.

4        In a separate ruling also issued on June 11, 2018 in CV2016-015284, and addressing a

5    different set of defendants' motions to dismiss, the Court further found that Best was improperly

6    re-litigating CV2014-013394:

> Mr. Best's claims against Driggs Title and Maria Ceja are barred by collateral estoppel. Almost one third of the Third Amended Complaint is a verbatim copy of the complaint he filed in the 2014 Lawsuit. The remaining allegations simply rehash issues Mr. Best actually raised in the 2014 Lawsuit. The additional evidence on which he focuses was the subject of his Rule 60 Motion in the 2014 Lawsuit. In short, Mr. Best had his day in court in the 2014 Lawsuit. He is not entitled to a second day.

11   CV2016-015284 June 11, 2018 Under Advisement Ruling (Docket Code 926) at 6.

12       The record in the present case shows that Best has to date continued this same pattern and

13   practice of repeatedly filing new lawsuits on previously-adjudicated issues and expanding

14   litigation by naming defense counsel in prior litigation as parties in subsequent lawsuits. *See*

15   *Carson Messinger*, 2009 WL 3115835, ¶ 35. In four separate lawsuits, including the present

16   case, Best has attempted to re-litigate final judgments and has expanded the proceedings by suing

17   the attorneys who represented the defendants in his earlier lawsuits. Best's expansion of

18   litigation by bringing subsequent lawsuits involving the same, previously-adjudicated issues but

19   adding counsel as parties is the same pattern that the Court of Appeals noted in *Carson*

20   *Messinger*, where his third lawsuit on the same issues also added counsel as defendants. *See id.* In

21   Best's recent lawsuits involving the 12th Street Property, he has also varied which employees of

22   the defendant entities he names as additional individual defendants.

23       1.    **CV2016-017960, *Linda Lynaugh v. BMO Harris Bank et al.* and**

24   **CV2017-052422, *12th Street. Property Trust, et al. v. Linda Lynaugh, et al.***

25       The Court takes judicial notice of CV2016-017960, in which Linda Lynaugh sued BMO

26   Harris Bank, its employee Leann Walters, Folks & O'Connor PLLC, Larry Folks ("Folks"), and

27   Folks' employee Carmen Ruff. In CV2016-017960, all of Lynaugh's claims were dismissed, and

28                                                  9

1    the Court of Appeals affirmed the judgments in two separate orders. *Lynaugh v. BMO Harris*
2    *Bank N.A.*, 1 CA-CV 18-0013, 2019 WL 386354 (App. Jan. 31, 2019) (bank and trustee
3    defendants); *Lynaugh v. 12th Street Property Trust*, 1 CA-CV 18-0375, 2019 WL 1929962 (App.
4    Apr. 30, 2019) (grantee of trustee's deed upon sale). The crux of the lawsuit was that a validly
5    noticed trustee's sale of the 12th Street Property was a "sham" sale.

6         Although Lynaugh was the named plaintiff in CV2016-017960, the evidence shows that
7    Best was the author of those filings. The Court finds that Best was involved in drafting the filings
8    in CV2016-017960 for several reasons. First, the Court notes that the complaint in CV2016-
9    017960 is in the same format as Best's filings in the present case, including the format of the
10   footer, which consistently lists the case number, the title of the filing (in all capital letters), and
11   then the page number in a distinctive "Page 1 of 36" format and font. Moreover, Lynaugh and
12   Best both list PO Box 24152, Phoenix, AZ as their address at the top of each filing. The Court
13   also takes notice of Lynaugh's Summons, attached as Ex. 2 to BMO et al.'s Motion to Designate
14   Plaintiff as a Vexatious Litigant, which lists Best, not Lynaugh, as its author at the top of the
15   page. And in CV2016-017960, Lynaugh also requested that Best, a non-lawyer, be permitted to
16   take depositions. Ex. 3 to BMO et al.'s Motion.

17        Next, the Court takes judicial notice of CV2017-052422, which was a post-trustee's sale
18   eviction action filed by 12th Street Property Trust against Lynaugh and Doe defendants for
19   possession of the 12th Street Property. Best injected himself into the lawsuit as the "boyfriend"
20   of Lynaugh and appeared as a John Doe occupant. CV2017-052422 April 6, 2017 Minute Entry
21   (Docket Code 023) at 3. Best claimed to be the "owner" of the 12th Street Property through "some
22   form of a partnership agreement with [Lynaugh]" and others. *Id.* at p. 4.

23        Finally, Best's complaint in the present case alleges his involvement in CV2016-017960
24   because he alleges that he was lied to, or otherwise involved with, CV2016-017960. Complaint
25   ¶¶ 20, 50, 154, 158, 164, 171, 174, 181-82, 184, 186, 214, 223. Thus, by Best's own judicial
26   admissions, he was involved in the litigation in CV2016-017960. The Court finds that Best has
27   been involved in litigation in bringing claims under Lynaugh's name.

28                                              10

1    According to the Court of Appeals, the claims in CV2016-017960 concerned a
2   foreclosure and trustee's sale of property on S. 12th Street (the "12th Street Property") owned in
3   the name of Lynaugh. 2019 WL 386354, ¶¶ 2-5. When Lynaugh failed to repay the balance owed
4   on a loan from BMO, BMO referred the matter to Folks, as trustee, to conduct foreclosure
5   proceedings. *Id.* ¶ 6. The 12th Street Property was sold at trustee's sale to 12th Street Property
6   Trust. *Id.* ¶ 8 n.2. After the sale had concluded, Lynaugh filed an unsuccessful TRO, then a
7   complaint against the following parties:

8        • BMO Harris Bank (formerly M&I Bank)

9        • Leann Walters (BMO employee)

10        • Sean Mahoney (BMO employee)

11        • Larry Folks (trustee)

12        • Folks & O'Connor PLLC (Folks' law firm)

13        • Carmen Ruff (Folks' employee)

14        • 12th Street Property Trust (grantee of trustee's deed upon sale)

15   *Id.* ¶ 8; CV2016-017960 Complaint ¶¶ 19, 20, 23, 32, 37.

16    Lynaugh brought claims for (1) fraud, (2) fraud by concealment, (3) an accounting, (4)
17   wrongful trustee's sale, (5) setting aside the trustee's sale, (6) slander of title, (7) quiet title, and
18   (8) "further counts." 2019 WL 386354, ¶ 8. In minute entries dated August 11, 2017 and
19   September 13, 2017, the Court granted summary judgment against Lynaugh on all of her claims.

20    In the Court's November 9, 2017 minute entry, the Court sanctioned Lynaugh under
21   A.R.S. § 12-349, finding that her claims were without substantial justification because they were
22   groundless, made in bad faith, and showed intent to harass. The Court specifically found that:

23        • Lynaugh filed a "rambling, 36-page, 253-paragraph complaint asserting claims
24          that were barred by statute and were clearly groundless."

25        • She filed a 37-page motion for summary judgment without seeking leave.

26        • She filed "numerous frivolous pleadings that served no purpose other than to force
27          the BMO Harris Bank Defendants to waste time and money responding to them,"

28                                              11

1  including nine page motions to strike declarations that BMO had offered in support
2  of its motion for summary judgment, a "Notice of Decision and Notice of
3  Investigation/Suspension," and a "Motion to Strike Sham Pleadings."

4  • "Even after her claims were resolved against her, she sought leave to amend her
5  complaint to re-urge the same claims that had already been considered and
6  rejected."

7  CV2016-017960 Nov. 9, 2017 Minute Entry at 2-3.

8  On appeal, the Court of Appeals affirmed the ruling on the merits, concluding that A.R.S.
9  § 33-811 barred her claims relating to the wrongful trustee's sale, and that her remaining claims
10  lacked merit. 2019 WL 386354, ¶ 1.

11  **2.    CV2017-000578, *Gregory Best v. Steve Villarreal et al.***

12  Before the Court entered a final judgment in CV2016-017960, Best filed another lawsuit
13  (CV2017-000578) alleging substantially similar claims involving the trustee's sale of the 12th
14  Street Property. In CV2017-000578, Best brought claims for trespass, tortious interference with
15  business expectancy, and A.R.S. § 33-420. CV2017-000578 Complaint. He sued the following:

16  • Steve Villarreal
17  • Foresight Investment Group LLC
18  • 12th Street Property Trust
19  • Walter Jackson
20  • Paris Weant
21  • Lucas Land Consortium LLC
22  • Tara Higgins
23  • Carmen Ruff

24  CV2017-000578 Docket; Complaint; Aug. 3, 2017 Affidavit of Service on Tara Higgins; Aug.
25  3, 2017 Affidavit of Service on Carmen Ruff.

26  Accordingly, Best in CV2017-000578 sued 12th Street Property Trust and Carmen Ruff
27  for a second time, before the claims in CV2016-017960 had proceeded to a final judgment.

28  12

1    Moreover, in CV2017-000578, Best sued another employee of Folks (the trustee), Defendant
2    Tara Higgins, although she had not been a defendant in CV2016-017960. CV2017-000578 Aug.
3    3, 2017 Affidavit of Service on Tara Higgins.

4         In its December 11, 2018 minute entry in CV2017-000578, the Court rejected Best's
5    claims, finding that Best had no standing to assert claims relating to the 12th Street Property
6    when Lynaugh—not Best—had been the previous owner of that property. In that ruling, the
7    Court also specifically held that the trustee's sale had been adjudicated as valid in CV2016-
8    0017960. Dec. 11, 2018 Minute Entry at 5. The Court further admonished Best for continuing
9    to argue that the default judgment he had obtained against one entity was binding on the other
10   defendants, noting that "Plaintiff has consistently argued that the default judgment as [sic]
11   binding evidence against the other parties. The Court once again reminds Plaintiff that the
12   findings of a default judgment are not binding as to the other Defendants." *Id.* n.2. The Court
13   cited its March 13, 2018 minute entry in which it had previously held that Best could not use a
14   default judgment against other parties. *Id.*

15        After the December 11, 2018 ruling, Best then filed the present case, but also filed an
16   "Emergency Motion for Rule 65(d) TRO and Immediate Injunction" in both CV2017-000578
17   and the present case. In CV2017-000578, the Court's January 9, 2019 minute entry again
18   admonished Best that the Court had "repeatedly told Plaintiff that the findings of a default
19   judgment against Foresight is not binding as to the other Defendants" and that "[t]he Court has
20   also ruled that Plaintiff has no ownership interest in the 12th Street Property, and has already
21   granted summary judgment against Plaintiff on all of his claims in this case."

22        The Court's January 25, 2019 minute entry sanctioned Best under A.R.S. § 12-349,
23   finding that he filed the suit without substantial justification and unreasonably expanded the
24   proceedings.

25        **3.    The Present Case**

26        On December 17, 2018, six days after the Court rejected his claims in CV2017-000578,
27   Best filed the present case (CV2018-015480). He expanded the list of defendants to include:

28                                            13

1    • Steve Villarreal
2    • Steve Villareal, P.C.
3    • Foresight Investment Group LLC
4    • Foresight Land Investments LLC
5    • 12th Street Property Trust
6    • Paris Weant
7    • Specialty Properties Investments Corporation
8    • Bayshore Holdings LLC
9    • Joseph Urquhart
10   • Benjamin A. Urquhart
11   • Land Holdings LLC
12   • CKAZ Investments
13   • Ray Lucas
14   • Lucas Land Consortium LLC
15   • Propiedades Perfectos LLC
16   • Perfect Prestamos LLC
17   • Kyle Kinney
18   • Law Offices of Kyle A. Kinney PLLC
19   • Denise Holliday
20   • Hull, Holliday & Holliday PLC
21   • Barry Becker
22   • Barry Becker PC
23   • Michael Vincent
24   • Jeffrey Goulder
25   • Stinson Leonard Street LLP
26   • BMO Harris Bank
27   • Carmen Ruff
28

14

- Larry Folks
- Folks & O'Connor PLLC
- Kelly Zamitalo
- Leann Walters

As mentioned previously, Best filed the same "Emergency Motion for Rule 65(d) TRO and Immediate Injunction" in the present case that he did in CV2017-000578, which the Court denied. Jan. 8, 2019 Minute Entry. Many of the defendants in the present case are the same defendants from Best's prior litigation, or were counsel for defendants in Best's prior litigation. Notably, Best sued BMO and Folks again, in addition to BMO's employee Zamitalo and Folks' employee Carmen Ruff. Best also sued 12th Street Property Trust for the third time.

Best further expanded this litigation by naming defense counsel from prior litigation as parties. Kinney and his law offices were counsel for 12th Street Property Trust in CV2016-017960 and CV2017-000578. Barry Becker and his law firm were counsel for Lucas Land Consortium LLC in CV2017-000578. Michael Vincent, Jeffrey Goulder, and Stinson Leonard Street LLP were counsel for BMO in CV2016-017960. Denise Holliday and Hull, Holliday & Holliday were counsel for 12th Street Property Trust in CV2017-052422, an unlawful detainer case brought by 12th Street Property Trust following the trustee's sale. Best has sued all of these attorneys in the present case.

Best's claims in the present litigation involve the same allegations that the trustee's sale of the 12th Street Property were "bogus" and "[f]ake, false, phony." Complaint ¶¶ 66-67. Best filed a rambling, 236-paragraph Complaint. His Complaint again argued that the default judgment against one Foresight entity was binding on other defendants. Complaint ¶¶ 65-66. Best alleges the same claims that had been rejected in CV2017-00578, including tortious interference with business expectancy and violations of A.R.S. § 33-420. Complaint ¶¶ 87, 94, 174. His allegations are too convoluted and lengthy to fully summarize here, but the thrust of the first half of his Complaint is that the trustee's sale of the 12th Street Property was wrongful. Complaint ¶¶ 8, 46, 218, 219, 229. He also accuses many of the Defendants of conspiring against

15

him through fraudulent transfers, forged documents relating to the trustee's sale, and other devices. *E.g.*, Complaint ¶¶ 67, 76-77. 82, 93, 95.

Best additionally devotes 102 paragraphs in his Complaint to "attorney torts." The Court finds that these allegations constitute an unwarranted expansion of litigation. Those tort allegations are too numerous to list here, but some of them include:

- That Denise Holliday and Hull, Holliday, & Holliday "voluntarily participated" in a "fraud scheme of claiming a valid ownership to 3606 S. 12th Street with a fake TDUS document," "filed a false claim in South Mountain Justice Court, CC2017-002064EA," "committed fraud by concealing the truth," "have been aiding and abetting Foresight through Steve Villarreal to hinder, delay, and defraud the Plaintiff of his right to Foresight's assets that discovery will show have been laundered through Steve Villarreal and the Holliday Law Firm." Complaint ¶¶ 137, 138, 144, 148.

- That Kyle Kinney and the Law Offices of Kyle A. Kinney "joined the conspiracy and became co-conspirators," "[i]n CV2017-000578 and CV2016-017960, . . . falsely stated 12th Street was the highest bidder at a Trustee's Sale when he knew he was lying," "coached and aided Defendants Villarreal, 12th Street, and Paris Weant to give evasive, untruthful, and deliberate falsehoods to Plaintiff," "personally obstructed depositions," and "used his special skills to file multiple false pleadings in CV2017-000578 and CV2016-017960." Complaint ¶¶ 153, 158, 162, 168, 171.

- That Barry Becker and Becker PC "joined the conspiracy," made "filings intended to deceive the Court and provide cover for the Defendants in CV2017-000578 and CV2017-004846 so they could continue with asset transfers while he knowingly aided and abetted the Defendants," and "participated with Defendants hide-the-assets scheme." Complaint ¶¶ 191, 196, 208.

- That Michael Vincent, Jeffrey Goulder, or Stinson Leonard Street LLP "interfered

16

1              with proceedings in CV2017-000578," made "deceptive and intentionally false"

2              statements to the Court," "spewed" falsehoods to Judge Mroz, "advanced a false

3              claim that a valid trustee's sale process had taken place," "unjustly enriched

4              themselves by using A.R.S. § 33-811 as a tool of fraud," and "filed false pleadings

5              in CV2016-017960 with the intent to knowingly hide accounting information."

6              Complaint ¶¶ 212, 213, 215, 216, 220, 224.

7      • That Larry Folks and Folks & O'Connor PLLC had "filed false pleadings in

8              CV2016-017960," "concealed the truth that Defendant Carmen Ruff had no

9              license or legal authority to conduct trustee's sales", "wrongfully had Carmen Ruff

10             create fake evidence," and "had Defendant Ruff violate notary laws to create fake

11             documents." Complaint ¶¶ 224, 226, 229, 230.

12      Best also names each prior judicial officer in CV2016-017960 and CV2017-00578 as a

13 witness, claiming that "Judge Mroz, Judge Kiley, and Commissioner Rees are witnesses to

14 Defendants' false pleadings" and that "[t]he named judges above will testify to Defendants'

15 fraud on the Court." Complaint ¶¶ 234, 235.

16      In its July 8, 2019 minute entry, the Court dismissed Best's claims, finding that the

17 trustee's sale had already been litigated in CV2016-017960 and Best had already been

18 adjudicated in CV2017-000578 to lack standing to pursue claims related to the 12th Street

19 Property, and he could not re-litigate those findings.

20           **4.**    **CV-19-04643-PHX-DJH,** *Linda Lynaugh v. Michael Vincent et al.*

21      At oral argument on the motions to declare Best a vexatious litigant, the Court was asked

22 to take judicial notice of a complaint filed in the U.S. District Court for the District of Arizona,

23 CV-19-04643-PHX-DJH. The Court will take judicial notice of that complaint. In that lawsuit,

24 Lynaugh sues Michael Vincent and Stinson Leonard Street LLP for alleged violations of the Fair

25 Debt Collection Practices Act relating to collection efforts on the award of § 12-349 sanctions

26 this Court awarded against Lynaugh in CV2016-017960. The Court notes that at the May 10,

27 2019 oral argument in the present case on the Defendants' motions to dismiss, Best mentioned

28                              17

1    that he would be pursuing relief in federal court. The federal lawsuit was filed in July 2019.

2        Based on Best's stated involvement in CV2016-017960 in litigating in Lynaugh's name,

3    as already detailed, and given the timing of Best's statements to the Court and the filing of the

4    federal lawsuit, the Court finds that Best is involved in the filing of CV-19-04643-PHX-DJH as

5    well.

6        For the foregoing reasons, the Court finds that Best has shown a pattern and practice of

7    repeatedly filing documents or requests for relief that have been the subject of previous rulings

8    by the court in the same litigation. There are additional facts that support this finding. For

9    example, as noted in Ex. 3 to BMO et al.'s Motion to Designate Plaintiff as a Vexatious Litigant,

10    Best sought to take Sean Mahoney's deposition in CV2016-017960. That case never proceeded

11    to discovery. In CV2017-000578, Best served an untimely notice of deposition of Mahoney

12    which was quashed by the Court in its November 20, 2018 minute entry. In the present case,

13    Best again served a notice of Mahoney's deposition in violation of Arizona Rule of Civil

14    Procedure 30(a)(1) and 26(f)(1), as noted in BMO's motion to quash that subpoena filed on April

15    17, 2019. On April 22, 2019, the Court quashed that subpoena.

16        The Court finds that Best's repeated efforts to take Mahoney's deposition after all claims

17    involving the trustee's sale were adjudicated in CV2016-017960, and also after the Court ruled

18    in CV2017-00578 that Best lacked standing to pursue claims for the 12th Street Property,

19    constitutes another basis for finding that Best unreasonably expands court proceedings.

20        To summarize, Best has unreasonably expanded and delayed court proceedings by not

21    only re-litigating decided issues, and by repeatedly noticing depositions in different lawsuits, but

22    also by engaging in his practice of suing defense counsel in new lawsuits. This Court has found

23    Best's claims to be without substantial justification under A.R.S. § 12-349 in CV2016-017960

24    and CV2017-000578, and the Court finds that Best's claims in the present case, CV2018-

25    015480, are also without substantial justification under § 12-349 and § 12-3201(E)(2). The Court

26    finds that Best has a pattern and practice of bringing court actions without substantial

27    justification.

28

18

### C.    Best's Use of Litigation to Harass

The Court finds that Best uses litigation as a tool of harassment. Recounting all instances of Best's harassment evidenced by the record before the Court would require more time than is available to this Court. As examples only, the Court finds Best has made the following improper statements and undertaken the following acts indicating his state of mind to use litigation to harass and to increase his opponents' litigation costs.

#### 1.    Best Has a History of Suing Opposing Counsel

First, Best has a demonstrated history of suing opposing counsel and accusing opposing counsel of misconduct in attempts to undermine prior judgments against him. The Court of Appeals found that Best's third lawsuit in the *Carson Messinger* matters "accused [a defendant] and her counsel of misconduct in another attempt to undermine the original judgment," with a complaint "whose obvious objective was to undo the prior litigation." 2009 WL 3115835, ¶ 35. The Court of Appeals stated that "[t]he record demonstrates that Best is engaging in a practice of litigation that is intended to harass, is groundless, and is not made in good faith." *Id.*

When the Court considers as a whole the allegations in CV2016-017960, CV2017-000578, and the present case, there is a clear pattern of Best suing lawyers and attempting to disqualify opposing counsel so as to increase his opponents' litigation costs. In CV2017-000578, Best filed a motion on November 5, 2018 to disqualify Barry Becker as counsel for some of the defendants. Best also filed a "Motion for Court to Discipline Attorney Kyle Kinney for Violation of Professional Conduct Rules" on November 9, 2018, in which Best accused Kinney of pleading "fake stories." In its December 11, 2018 minute entry, the Court denied both motions.

When Best filed the present suit, he named Kinney and Becker as defendants, along with Vincent and Goulder, who had represented BMO and Folks in CV2016-017960. Indeed, according to Best's complaint in the present suit, his claims against Vincent related in part to Vincent's single appearance on behalf of BMO in CV2017-000578 when the Court was ruling on Best's notice of Mahoney's deposition. Complaint ¶¶ 212-215. Best accuses Vincent of making "deceptive" and "interfering statements" in CV2017-000578. *Id.*

19

On February 18, 2019, Best filed a motion in the present case to disqualify Vincent and Goulder for conflicts. On March 19, 2018, Best filed a motion to disqualify Kinney for conflicts. On June 19, 2019, Best filed a motion to disqualify Becker for conflicts. The Court held oral argument on Best's motions and, in its July 8, 2019 minute entry, denied the motions to disqualify as unsupported by the law and facts. The Court of Appeals has held that claims against counsel for litigation-related conduct are sanctionable under Rule 11 as a matter of law. *Linder v. Brown & Herrick*, 189 Ariz. 398, 408, 943 P.2d 758, 768 (App. 1997) (applying absolute privilege to conduct in judicial proceedings). The Court finds that Best's actions in suing opposing counsel constitutes harassment of his opponents and their counsel. Best sues clients and their lawyers, then attempts to use the fact that the lawyers are also named defendants as a basis to disqualify the lawyers from representing their clients. Best's repeated claims and motions targeting the lawyer defendants in this case (and other cases) show his intent to harass his opponents.

**2.    Best Files Multiple Lawsuits So He Can Continually Cloud Title to Defendants' Properties Regardless of the Merits of His Claims**

The Court also finds that Best uses repeated lawsuits as a method for maintaining unmeritorious encumbrances on the 12th Street Property and other real estate properties through the filing of repeated lawsuits and notices of *lis pendens*, with the effect of continually clouding title to the properties regardless of whether Best's claims are dismissed in one particular lawsuit.

On January 12, 2017, after Best filed CV2017-000578, he recorded a notice of *lis pendens* with the Maricopa County Recorder, document 2017-00025775, identifying the subject parcels as Maricopa County Assessor parcel numbers 113-19-036, 113-26-023, 113-26-018A, 113-25-002, 113-25-004A, 113-26-012, and 113-26-014. The Court takes judicial notice of this public document. The Court also takes judicial notice of the fact that the Maricopa County Assessor's website shows that parcel 113-19-036 is the 12th Street Property.

Thus, at the time Best recorded the notice of *lis pendens* he knew that he was not the title owner of the 12th Street Property and had no right to file the notice of *lis pendens*. As the Court ruled in CV2016-017960, any claims that Lynaugh may have had involving the 12th Street

20

1  Property could not be had against the current title owner of that property because of A.R.S. §
2  33-811. *Lynaugh v. 12th Street Property Trust*, 1 CA-CV 18-0375, 2019 WL 1929962, ¶ 3 (App.
3  Apr. 30, 2019).

4          On January 8, 2019, after the Court had dismissed Best's claims in CV2017-000578 and
5  after Best re-filed the same and substantially similar claims in the present case, Best recorded
6  another notice of *lis pendens* (Maricopa County Recorder document 2019-0014463) in which
7  Best asserted claims against the same parcels as in his prior notice of *lis pendens*. The Court
8  takes judicial notice of that public document.

9          At the time Best recorded his second notice of *lis pendens* on January 8, 2019, Best knew
10 that (1) this Court had ruled in CV2016-017960 that Lynaugh had no valid claims for a wrongful
11 trustee's sale, and (2) this Court had ruled in CV2017-000578 that Best could not maintain
12 claims involving the 12th Street Property because he lacked standing and any claims would be
13 otherwise barred by § 33-811(C). Consequently, the Court finds that Best's filing on that date of
14 his second notice of *lis pendens* was intended to harass Defendants by restricting the
15 marketability of their properties despite Best's knowledge that he had no valid claims on those
16 properties. In reaching this decision, the Court takes judicial notice from the Maricopa County
17 Assessor's website that Defendant Perfect Prestamos is the current owner of record of parcels
18 113-26-018A, 113-25-002, 113-25-004A, 113-26-012, 113-26-014. Best named these parcels in
19 both his 2017 and 2019 notices of *lis pendens*.

20         The Court finds that Best has used both CV2017-00578 and this case as a vehicle for
21 clouding title to Defendants' properties by recording notices of *lis pendens* for claims that he
22 knows has no merit. Best files serial lawsuits to maintain notices of *lis pendens* on Defendants'
23 properties. Best recorded the notices of *lis pendens* to further his harassment against Defendants.
24 The Court finds Defendant 12th Street Property Trust lost parcel 113-19-036 by way of trustee's
25 sale while Best's *lis pendens* clouded the title. The Court takes judicial notice of the Trustee's
26 Deed Upon Sale recorded with the Maricopa County Recorder at document number 2019-
27 0040003. The Court further finds parcel 113-26-023 was lost by way of trustee's sale while

28                                                  21

1 | Best's *lis pendens* clouded the title. The Court takes judicial notice of the Trustee's Deed Upon

2 | Sale recorded with the Maricopa County Recorder at document number 2017-0951832.

3 |     **D.**    **Narrower Restrictions Will Not Deter Best**

4 |     The Court finds that Best's history of repeatedly filing lawsuits on already-adjudicated

5 | issues, refusing to accept the finality of rulings, and using litigation as a tool of harassment,

6 | combined with Best's maintenance of serial lawsuits to maintain notices of *lis pendens* against

7 | the 12th Street Property and other properties, supports an order that Best be designated a

8 | vexatious litigant and that he not be allowed to file any further pleading or motions with the

9 | Court unless he obtains leave from a judicial officer.

10 |     In making this finding, the Court takes judicial notice of the lengthy history of lesser

11 | sanctions that have been imposed upon Best but have proven insufficient to curtail his vexatious

12 | litigation. The Court will not recount every instance in which Best has been sanctioned, but only

13 | selected examples.

14 |     First, the Court of Appeals sanctioned Best for frivolous litigation in *Best v. Warrick*, 1

15 | CA-CV 12-0043, 2013 WL 1653586 (App. Apr. 16, 2013), stating that "Best's frivolous

16 | arguments, combined with his efforts to mislead this court, warrant sanctions." The Court of

17 | Appeals ruled that it would "impose sanctions against Best for filing a frivolous appeal." 2013

18 | WL 1653586, ¶¶ 18-19. The Court takes judicial notice of the *Warrick* case, which was an appeal

19 | from this Court's decision in CV2006-090128. Yet the Court of Appeals' monetary sanction

20 | against Best did not deter him from initiating further proceedings in CV2006-090128. Indeed,

21 | Best continued to litigate in CV2006-090128 eleven years after filing suit, and four years after

22 | the Court of Appeals sanctioned him. In 2017, Best issued a subpoena in CV2006-090128 for

23 | certain records of AutoNation; the Court quashed this subpoena in its June 8, 2017 minute entry.

24 | Thus, the Court of Appeals' sanction had no effect on Best's abuse of judicial process.

25 |     Another instance in which Best was monetarily sanctioned was in the *Carson Messinger*

26 | matter. There, the Court of Appeals, after noting that Best had filed three successive lawsuits

27 | attempting to re-litigate the same issue, granted the defendants' "request for an award of

28 | 22

1   reasonable attorneys' fees as a sanction in an effort to once again impress on Best the need to
2   refrain from further vexatious litigation." 2009 WL 3115835, ¶ 35. That did not curtail Best's
3   vexatious litigation either, as evidenced by the numerous lawsuits and proceedings that he has
4   filed after the Court of Appeals issued that ruling in 2009.

5          Significantly, the Court has previously declared Best to be a vexatious litigant in CV2016-
6   015284, but the ruling was limited in scope to only that lawsuit. In a December 1, 2017 minute
7   entry in CV2016-015284, the Court declared Best a vexatious litigant and held that "Best shall
8   require permission from the Court before filing anything new in this matter." Best continued to
9   file motions in CV2016-015284, and in the Court's February 1, 2018 minute entry, the Court
10  denied three motions filed by Best: "Plaintiff's Motion to Strike Affidavit of Manny Garcia and
11  Motion for Sanctions for Bad Faith Filing, filed January 12, 2018; Plaintiff's Motion to Strike
12  Affidavit of James B. Rolle III, filed January 12, 2018; and Plaintiff's Motion for Clear Title,
13  Pursuant to A.R.S. §33-420." Furthermore, in its August 22, 2018 minute entry in CV2016-
14  015284, the Court sanctioned Best a total of $12,770.50 in attorneys' fees, plus an additional
15  $5,000 to certain defendants as an award of double damages under § 12-349.

16         The Court finds that the vexatious litigant designation in CV2016-015284 has not
17  curtailed Best's vexatious litigation, as evidenced by his filing of CV2017-000578 and the
18  present case, among others. The Court finds that the very existence of the present lawsuit shows
19  that sanctions awarded against Best in predecessor lawsuits do not deter Best from engaging in
20  vexatious conduct.

21         Moreover, in the Court's January 25, 2019 minute entry in CV2017-000578, the Court
22  sanctioned Best a total of $39,900 in attorneys' fees for filing that lawsuit without substantial
23  justification and for unreasonably expanding the proceedings. Despite that award, Best has
24  continued to litigate the present suit against the same parties. As the Court ruled in its July 8,
25  2019 minute entry in this matter, Best improperly brought claims in the present suit despite Judge
26  Mroz ruling in CV2017-000578 that he lacked standing to assert claims relating to the 12th Street
27  Property and any such claims were also barred by A.R.S. § 33-811. The Court finds that Best's
28                                          23

1    conduct in maintaining the present suit despite the monetary sanctions awarded against him for
2    nearly-identical claims in CV2017-000578 to be substantial evidence that monetary sanctions
3    do not deter Best from filing vexatious lawsuits.

4         The Court also finds that any designation of Best as a vexatious litigant must target his
5    ability to file any pleadings or motions in any matter before the Court, as any order restricting
6    his filings in only a particular case or against particular parties would be ineffective. As the Court
7    has noted, Best has a history of selectively rotating through employees of particular entity
8    defendants and entities that share a common principal. For example, in CV2016-017960, BMO
9    employee Sean Mahoney was a named defendant but employee Kelly Zamitalo was not. In the
10   present case, Zamitalo is a named defendant but Mahoney is not. In CV2016-017960, Best sued
11   the 12th Street Property Trust, whose beneficiary is Steve Villarreal. CV2018-015480 Feb. 8,
12   2019 Motion to Dismiss at 7-8 ("Villarreal is the beneficiary"). In CV2017-000578, Best then
13   sued the 12th Street Property Trust and Steve Villarreal individually. In the present case, Best
14   adds three other entities where Steve Villarreal is a principal: Foresight Land Investments, LLC;
15   Specialty Properties Investment Corporation; and Land Holdings, LLC. The Court takes judicial
16   notice of these entities' ownership structure available through the Arizona Corporation
17   Commission at www.azcc.gov. Thus, to be effective, any vexatious litigant order must
18   encompass any filings by Best before the Court, regardless of the identity of the defendants or
19   case numbers.

20        The Court finds that a less restrictive vexatious litigant order was tried in CV2016-
21   015284, but proved ineffective to deter Best from filing additional meritless litigation (e.g.
22   CV2017-000578 and the present case). As the Court has noted, Best continued to file motions
23   in CV2016-015284 after the entry of the vexatious litigant order. Best also improperly served
24   subpoenas in CV2016-015284 in violation of the Arizona Rules of Civil Procedure; in its
25   September 10, 2018 minute entry, the Court ordered that it was "affirming the vexatious litigant
26   order such that Mr. Best now is required to seek permission of the Court before issuing any
27   subpoenas that relate to any of the dismissed parties."

28   24

1    The Court further finds that Best has shown an unwillingness to respect the rules
2  regarding subpoenaing non-parties to lawsuits. By that September 10, 2018 minute entry in
3  CV2016-015284, Best knew that he could not simply issue subpoenas to dismissed parties in a
4  case. Yet Best served a notice of deposition on Mahoney in CV2017-000578, which the Court
5  quashed in its November 20, 2018 minute entry. And Best again attempted to depose Mahoney
6  in the present case, forcing the Court in its April 22, 2019 Order to quash the notice of deposition.
7  Thus, even a vexatious litigant designation in CV2016-015284 and specific instructions to Best
8  that he needed to comply with the Arizona Rules of Civil Procedure before issuing subpoenas
9  on dismissed parties did not cause Best to evaluate whether he had a basis to issue subpoenas to
10  Mahoney in CV2017-000578 and in the present case.

11    The Court concludes that Best has consistently used litigation in this Court as a basis to
12  harass and to repeatedly litigate the same claims. The Court finds that Best's pattern and practice
13  of filing new lawsuits in which he names defense counsel from the prior lawsuit as additional
14  defendants, then files motions to disqualify counsel, shows a clear intent to harass and increase
15  the litigation costs for his opponents. The Court finds that Best makes the statements in his
16  pleadings with impunity because he believes himself to be immune to judgments and because of
17  the protection from defamation actions that the Court's mantle affords him. The Court finds that
18  neither the prospect of monetary sanctions nor a vexatious litigant designation that applies to
19  only one particular case will deter Best from filing future vexatious litigation because Best has
20  an established practice of filing new lawsuits after he loses an existing lawsuit. The Court finds
21  that Best particularly uses the serial filing of lawsuits to maintain a cloud of title over the 12th
22  Street Property and other of Defendants' properties despite knowing that his claims are not
23  meritorious.

24    The Court finds that the narrowest restriction that will deter Best from his longstanding
25  pattern and practice of vexatious litigation is an order prohibiting Best from filing any new
26  pleadings or motions with the Court unless he first obtains leave from a judicial officer.

27
28                                           25

**IV.    Conclusions of Law**

1.    Best has consistently filed court actions solely or primarily for the purpose of harassment.

2.    Best has consistently filed claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

3.    Best has consistently brought court actions without substantial justification, and has advanced claims that are meritless and not made in good faith.

4.    Best has consistently unreasonably expanded or delayed court proceedings.

5.    Best has engaged in repeated harassment of defendants in the court actions he has brought, both by his statements in pleadings and motions and his conduct in bringing lawsuits, filing notices of *lis pendens*, and suing opposing counsel.

**V.    Recommendations**

The Court recommends that Best be declared a vexatious litigant by the Maricopa County Superior Court Presiding Judge, pursuant to A.R.S. § 12-3201. The Court further recommends that Best, as well as any entity as to which Best is the sole owner, member, or shareholder be prohibited from filing any new pleading, motion or other document with this Court as a pro se litigant unless and until he first obtains prior leave of the Court, pursuant to A.R.S. § 12-3201(B).


DATED this _____ day of October, 2019.


_____
Hon. Connie Contes

26

# eSignature Page 1 of 1

Filing ID: 10941110   Case Number: CV2018-015480
Original Filing ID: 10807191

**Granted with Modifications**



/S/ Connie Contes Date: 10/1/2019
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2018-015480              SIGNATURE DATE: 10/1/2019

E-FILING ID #: 10941110                 FILED DATE: 10/2/2019 8:00:00 AM

BARRY C BECKER

JEFFREY J GOULDER

KEVIN W HOLLIDAY

KYLE A KINNEY

GREGORY BEST
P O BOX 24152 PHOENIX AZ 85074

JUDGE WELTY

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

IN THE MATTER OF PROHIBITING
<u>PETER STROJNIK</u> FROM FILING ANY
CIVIL LAWSUIT IN MARICOPA COUNTY
WITHOUT OBTAINING PRIOR
PERMISSION FROM THE COURT

ADMINISTRATIVE ORDER
No. 2022-001

This matter was referred by the Honorable Sara J. Agne to consider issuing an administrative order declaring Peter Strojnik a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

Judge Agne's referral is a result of defendants CGD Tempe, LP; Driftwood Hospitality Management, LLC; and Hilton Worldwide Holdings, Inc. filing a motion to declare Mr. Strojnik a vexatious litigant in the case of *Peter Strojnik v. CGD Tempe, LP, et. al.*, Superior Court case number CV2021-050418. The defendants' motion stems from a number of lawsuits filed by Mr. Strojnik, including against the defendants, and other various hotels, in which Mr. Strojnik attempts to assert claims under the Arizonans with Disabilities Act that the hotels contain architectural features that make them inaccessible for him in light of his disability. This follows numerous lawsuits brought by Mr. Strojnik under the federal Americans with Disabilities Act resulting in the United States District Court for the District of Arizona declaring Mr. Strojnik a vexatious litigant for "harassing attempts to unjustly enrich himself through frivolous ADA claims." *See Strojnik v. Driftwood Hosp. Mgmt., LLC ("Driftwood")*, 2021 WL 50456, *11 (D. Ariz. Jan. 6, 2021).

After notice to Mr. Strojnik to provide him an opportunity to respond to the defendants' motion, Mr. Strojnik filed a 91-page objection to the motion. On November 1, 2021, Judge Agne issued findings of fact and conclusions of law that are adopted and

incorporated herein in this Administrative Order. (*See* minute entry dated November 1, 2019 in *Peter Strojnik v. CGD Tempe, LP, et. al.*, which is attached to this Administrative Order as "Attachment A".)

As noted in Judge Agne's findings of facts and conclusions of law, Mr. Strojnik has previously been found to be a vexatious litigant in two federal courts in California and in the Arizona District Court for filing excessive ADA claims that the federal courts have found frivolous and harassing. Barred in January of 2021 from bringing ADA claims in Arizona District Court without first seeking leave of the court, Mr. Strojnik now brings actions in Superior Court under the Arizonans with Disabilities Act ("AzDA"), thus avoiding removal to the federal court. For example, in 2021, Mr. Strojnik has filed at least nineteen cases in the Arizona Superior Court asserting AzDA claims:

**Pima County**

| | |
|---|---|
| C20211644 | *Strojnik v. Marriott International, Inc., et al.* |
| C20211528 | *Strojnik v. Radisson Hotels International, Inc., et al.* |

**Coconino County**

| | |
|---|---|
| S0300CV202100007 | *Strojnik v. Light Stone Lodging, LLC, et al.* |
| S0300CV202100235 | *Strojnik v. Little America Hotels & Resorts, Inc.* |

**Maricopa County**

| | |
|---|---|
| CV2021-050024 | *Strojnik v. Little America Hotels & Resorts, Inc.* |
| CV2021-050035 | *Strojnik v. Stainslaw Szaflarski et al.* |
| CV2021-050399 | *Strojnik v. New Crescent et al.* |
| CV2021-050418 | *Strojnik v. CGD Tempe LP et al. (this action)* |
| CV2021-050607 | *Strojnik v. Mohit Developers LLC et al.* |
| CV2021-050758 | *Strojnik v. Best Western International, Inc.* |
| CV2021-050873 | *Strojnik v. Hyatt Hotels Corporation et al.* |
| CV2021-051171 | *Strojnik v. Sunil Patel et al.* |
| CV2021-051277 | *Strojnik v. Hyatt Hotels Corporation* |
| CV2021-051298 | *Strojnik v. IHG Franchising LLC et al.* |
| CV2021-051539 | *Strojnik v. Scott Barsellotti et al.* |

| CV2021-051558 | *Strojnik v. Marianne Krasson* |
| CV2021-051576 | *Strojnik v.Tomichi Village Inn Group LLC et al.* |
| CV2021-051844 | *Strojnik v. Ashford Scottsdale LP et al.* |
| CV2021-051917 | *Strojnik v. Light Stone Lodging LLC et al.* |
| CV2021-052131 | *Strojnik v. Accor Management US Inc* |

As Judge Agne's findings point out, the AzDA contains provisions requiring a person allegedly aggrieved by an architectural defect resulting in "inaccessibility" to provide a business entity with a written notice and opportunity to cure *prior* to filing a lawsuit against the business entity. *See* A.R.S. § 41-1492.08(E) (providing a 30 day cure period). Mr. Strojnik has repeatedly failed to follow this requirement before filing a lawsuit. Additionally, the law allows any aggrieved person who is subjected to discrimination in violation of section 41-1492.02 (prohibition of discrimination by public accommodations and commercial facilities) to institute a civil action "for preventative or mandatory relief, including an application for a permanent or temporary injunction, restraining order or other order." A.R.S. § 41-1492.08(A). While the court may award such other relief as the court considers appropriate, including monetary damages to aggrieved persons, punitive damages are not available. A.R.S. § 41-1492.09(B)(2). Nevertheless, as set forth in Judge Agne's findings, numerous courts have found that Mr. Strojnik's motives in filing his complaints is to habitually seek thousands of dollars in settlements with the defendants in exchange for a stipulated dismissal with prejudice that relates only to the property in question. He does not allege how he has been personally aggrieved by the defects, and has demonstrated a history of promising not to visit a defendant's other hotels in exchange for an additional settlement price.

The Court finds that Mr. Strojnik has filed multiple lawsuits for the purpose of harassment of defendants in order to seek settlement amounts from them. He has filed claims under the AzDA that fail to comply with the requirements of A.R.S. §41-1492 and has brought multiple court actions without substantial justification. For the reasons above, and the reasons enumerated at great length in Judge Agne's findings of fact and conclusions of law, the Court finds that Mr. Strojnik is engaging in vexatious conduct as defined in A.R.S. § 12-3201.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Strojnik's established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Strojnik may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Strojnik may not file any further pleading or motion in any of his current lawsuits without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Strojnik must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Strojnik is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Strojnik. This Administrative Order does not preclude Mr. Strojnik from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b). This Administrative Order only applies to Mr. Strojnik in his capacity as a *pro per* litigant, and not to any future legal counsel that might be retained by Mr. Strojnik.

Dated this __6th__ day of January, 2022.


__/s/ Joseph C. Welty_____
Honorable Joseph C. Welty
Presiding Judge


Original:     Clerk of the Superior Court

Copies:      Hon. Jeffrey Fine, Clerk of the Superior Court
            Hon. Pamela Gates, Civil Department Presiding Judge
            Hon. Sara J. Agne, Superior Court Judge
            Raymond L. Billotte, Judicial Branch Administrator
            Keith Kaplan, Civil Department Administrator
            Monica M. Ryden, Jackson Lewis P.C.
            Alejandro Perez, Jackson Lewis P.C.
            Peter Strojnik

# Attachment A

Hon. Sara Agne's November 1, 2021 Minute Entry

Granted with Modifications
***See eSignature page***

| ATTACHMENT A |

Clerk of the Superior Court
*** Electronically Filed ***
J. Holguin, Deputy
11/1/2021 8:00:00 AM
Filing ID 13549590

1   Monica M. Ryden (State Bar No. 023986)
    Alejandro Pérez (State Bar No. 030968)
2   **JACKSON LEWIS P.C.**
    2111 East Highland Avenue, Suite B-250
3   Phoenix, AZ 85016
    Telephone: (602) 714-7044
4   Facsimile: (602) 714-7045
    monica.ryden@jacksonlewis.com
5   alejandro.perez@jacksonlewis.com

6   Attorneys for Defendants

7              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8                **IN AND FOR THE COUNTY OF MARICOPA**

9   PETER STROJNIK,                    Case No.: CV2021-050418

10              Plaintiff,             **FINDINGS OF FACT AND**
                                       **CONCLUSIONS OF LAW**
11        v.

12  CGD TEMPE, LP; DRIFTWOOD
    HOSPITALITY MANAGEMENT, LLC;
13  HILTON WORLDWIDE HOLDINGS,
    INC. DIRECTLY OR THROUGH
14  FRANCHISING SUBSIDIARY,

15              Defendants.

16

17        Defendants CGD Tempe, LP and Driftwood Hospitality Management, LLC

18  ("Defendants") submitted proposed Findings of Fact and Conclusions of Law in

19  accordance with the Court's July 22, 2021 Order; the Court enters its findings below:

20                      **FINDINGS OF FACT[1]**

21        1.    Before Plaintiff Peter Strojnik ("Strojnik") was an ADA litigant, he was a

22  serial ADA litigator known for his "extortionate" and "pervasive" lawsuits. *See Advocs.*

23  *for Individuals with Disabilities, LLC v. MidFirst Bank ("MidFirst")*, 279 F. Supp. 3d

24  891, 893 (D. Ariz. 2017).

25

26        [1] Pursuant to Ariz. R. Evid. 201(b), the Court may judicially notice a fact that is
27  not subject to reasonable dispute because it: "(1) is generally known within the trial
    court's territorial jurisdiction; or can be accurately and readily determined from sources
28  whose accuracy cannot reasonably be questioned."

                                    1

2.      In April 2020, the United States District Court for the Central District of California declared *pro se* Plaintiff Strojnik a vexatious litigant. *Strojnik v. SCG Am. Constr. Inc. ("SCG")*, 2020 WL 4258814, *8 (C.D. Cal. Apr. 19, 2020). That court reviewed Strojnik's extensive ADA ligitation history and noted that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims." *Id.* at *7. The court recognized that although Strojnik is a *pro se* litigant, he is "also a former attorney with vast knowledge and experience in the realm of ADA cases" and yet continues to file "near identical lawsuits." *Id.* The court accordingly entered a pre-filing order enjoing Strojnik from filing ADA cases in the Central District of California without first obtaining certification from the Chief Judge of that district that his claims are not frivolous or asserted for an improper purpose. *Id.* at *8.

3.      In June 2020, the United States District Court for the Northern District of California declared *pro se* Plaintiff Strojnik a vexatious litigant. *Strojnik v. IA Lodging Napa First LLC ("IA Lodging")*, 2020 WL 2838814, *13 (N.D. June 1, 2021). The court found that Strojnik's litigation tactics are "frivolous and harssing." *Id.* The court accordingly entered a pre-filing order enjoing Strojnik from filing ADA cases in the Northern District of California without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing. *Id.*

4.      In January 2021, the United States District Court for the District of Arizona declared *pro se* Plaintiff Strojnik a vexatious litigant. *See Strojnik v. Driftwood Hosp. Mgmt., LLC ("Driftwood")*, 2021 WL 50456, *11 (D. Ariz. Jan. 6, 2021). The court found that the "wrongful behavior here is Strojnik's harassing attempts to unjustly enrich himself through frivolous ADA claims." *Id.* at *10. The court accordingly entered a pre-filing order enjoing Strojnik from filing ADA cases in the District of Arizona without first obtaining leave of the court. *Id.* The order further provides that the court will "automatically review Mr. Strojnik's ccomplaints to determine whether it is frivolous or asserted for an improper purpose in any ADA action brought by Mr.

2

Strojnik in state court and subsequently removed to the Arizona District Court." *Id.* Finally, the court's order precisely addresses the root of the wrongful behavior—Strojnik's financial incentives—and requires that Strojnik post a bond for ADA cases in the amount of $10,000. *Id.* at *11.

5.    In so ruling, the Arizona District Court's order noted that "Mr. Strojnik is the master of all of his claims, and if he wanted to avoid federal jurisdiction then he could have crafted a complaint that exclusively relies on state law." *Id.* at *10.

6.    Now, Strojnik brings these actions under the Arizonans with Disabilities Act ("AzDA"), instead of the Americans with Disabilities Act ("ADA"), thus avoiding removal to the federal court. *Compare Strojnik v. Little America Hotels & Resorts, Inc.,* CV2021-050024, Complaint filed 1/5/2021 (asserting ADA and AzDA claims) and *Strojnik v. Stainslaw  Szaflarski et al.,* CV2021-050035, Complaint filed 1/5/2021 (asserting ADA and AzDA claims) *with Strojnik v. New Crescent et al.,* CV20201-050399, Complaint filed 2/9/2021 (asserting AzDA claims only).

7.    In this year alone, Strojnik has filed at least nineteen cases in the Arizona Superior Court:

**Pima County**

| C20211644 | *Strojnik v. Marriott International, Inc., et al.* |
| C20211528 | *Strojnik v. Radisson Hotels International, Inc., et al.* |

**Coconino County**

| S0300CV202100007 | *Strojnik v. Light Stone Lodging, LLC, et al.* |
| S0300CV202100235 | *Strojnik v. Little America Hotels & Resorts, Inc.* |

**Maricopa County**

| CV2021-050024 | *Strojnik v. Little America Hotels & Resorts, Inc.* |
| CV2021-050035 | *Strojnik v. Stainslaw Szaflarski et al.* |
| CV2021-050399 | *Strojnik v. New Crescent et al.* |
| CV2021-050418 | *Strojnik v. CGD Tempe LP et al. (this action)* |
| CV2021-050607 | *Strojnik v. Mohit Developers LLC et al.* |

3

| CV2021-050758 | *Strojnik v. Best Western International, Inc.* |
| CV2021-050873 | *Strojnik v. Hyatt Hotels Corporation et al.* |
| CV2021-051171 | *Strojnik v. Sunil Patel et al.* |
| CV2021-051277 | *Strojnik v. Hyatt Hotels Corporation* |
| CV2021-051298 | *Strojnik v. IHG Franchising LLC et al.* |
| CV2021-051539 | *Strojnik v. Scott Barsellotti et al.* |
| CV2021-051558 | *Strojnik v. Marianne Krasson* |
| CV2021-051576 | *Strojnik v.Tomichi Village Inn Group LLC et al.* |
| CV2021-051844 | *Strojnik v. Ashford Scottsdale LP et al.* |
| CV2021-051917 | *Strojnik v. Light Stone Lodging LLC et al.* |
| CV2021-052131 | *Strojnik v. Accor Management US Inc* |

8.    The Complaint filed in this action is typical of Strojnik complaints: According to his Complaint, Strojnik is disabled.  (Compl. ¶ 2.)  He claims that architectural features at the hotel are "inaccessible." (Compl. ¶ 17.)

9.    Here is an example of his Stojnik's testing routine:  In February of 2021, he investigated the DoubleTree by Hilton Hotel.  (Compl. ¶ 11.)  First, Strojnik inspected the hotel's website for information on its ADA accommodations.  (Compl. ¶¶ 12-16.)  Then he visited the hotel where he discovery many alleged "misrepresentations" about accessiblity. (Compl. ¶ 17.)

10.    Strojnik's other Complaints show practically identical testing procedures, and they contain practically identical allegations.  *See, e.g., Strojnik v. New Crescent et al.,* CV2021-050399, Complaint filed 2/9/2021.

11.    The Complaints typically allege that Defendants negligently misresented their ADA compliance.  *See, e.g., Strojnik v. Marianne Krasson,* CV2021-051558, Complaint filed 5/6/2021; *Strojnik v. Scott Barselloti et al.,* CV2021-051539, Complaint filed 5/5/2021.  Here, Strojnik alleges that Defendants were involved in a civil conspiracy to commit fraud by using the Hilton brand name.  (Compl. at 11-12.)

Strangely, Strojnik requests attorney's fees. (Compl. at 5 and 14.) He does not explain how the Court may grant a *pro se* litigant attorney's fees.

12.     The Complaints demonstrate that Strojnik routinely ignores pre-filing requirements. Specifically, under the AzDA, an aggrieved person may not demand or collect money from the private entity before the end of the applicable time period under subsections E and F. A.R.S. § 41-1492.08(H). Strojnik flouts the law, sending purported notice and opportunity to cure letters after he has filed a lawsuit (Exhibit 3 to Defendants' Motion to Declare Plaintiff a Vexatious Litigant) or not at all. *See, e.g., Strojnik v. W2005 New Century Hotel Portfolio, L.P. et al.*, No. CV2020-055501, First Amended Complaint filed March 28, 2021 at ¶ 87 (challenging the statutory requirement).

13.     Strojnik is unconcerned whether he has entered into a prior settlement agreement that would prevent a lawsuit. In *Strojnik v. W2005 New Century Hotel Portfolio, L.P.*, No. CV2020-055501, the Arizona Superior Court found that a settlement agreement covered the claims brought in a lawsuit, and that Strojnik was in breach of contract in bringing the lawsuit against the defendants. *See* May 24, 2021 Minute Entry.

14.     Strojnik harasses and coerces parties into agreeing to extortive settlements. For example, in July of 2020, Driftwood was defending another action by Strojnik in the Southern District of California. *See Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC ("Mission Valley")*, 2020 WL 5544220 (S.D. Cal. Sept 16, 2020) (granting Driftwood's motion to dismiss). When Driftwood filed a motion to dismiss, Strojnik threatened to continue pursuit of frivolous claims against the subject property—and others he had never visited—unless Driftwood paid him $18,750 to release claims related to the subject property and an additional $1,500 per property, provided he had not sent a "pre-litigation letter" or filed a complaint. Strojnik wrote:

> We have now entered the standard ADA pattern: You filed a Motion to Dismiss, I responded (see attached), you will reply and then we wait.

> If the case is ultimately dismissed in the District Court for lack of standing, I will appeal, if I lose that, I will file the case in the State Court that has different standing requirements.... I will also reviview and potential add claims....
>
> All of this is very good for the litigation busienss; however, your client is not in the litigation business, it is in the lodging business, and this is very bad for the lodgin business.
>
> What is good for the lodging business but not so good for the legal business is settlement of claims.

*See* Exhibit 1 to Defendants' Motion to Declare Plaintiff a Vexatious Litigant. He then made his demands. *Id.*

15. By this time, Strojnik had already visited the booking website for two Driftwood's properties in Arizona—the day after Driftwood filed its motion to dismiss in California—and filed a lawsuit against two Driftwood properties in the Arizona Superior Court. *See Mission Valley*, No. 20cv0384 DMS (MSB), Motion to Dissmiss filed July 10, 2020 (Doc. 17); *Driftwood*, No. CV2020-054300, Complaint attached to July 16, 2020 email (Exh. 1) at ¶¶ 25, 35, 41 (Strojnik visited the website on July 10, 2020 and visited the two properities on July 11, 2020).

16. When Defendants removed the case to federal court, moved to dismiss, and moved to declare Strojnik a vexatious litigant, Strojnik threatened to continue pursuit of frivolous claims against Driftwood. Strojnik wrote:

> The point of this letter is to let you knw that a sniveling sex trafficer and recidivist segregationist must be cautious in choosing his battles. He must not make foolish emotional choices. He must not draw the battle lines without understanding strategic principles of litigation. He must not play checkers on a chess board. He must have a strategic plan; I will bet you a collar to a doughnut that Driftwood has no plan of action whatsoever. Remember, segregationists are emotional, small minded individuals with limited intellectual abilities and a complely blind view of greater society.
>
> So it looks like Driftwood and I will be joined at the hips until each and every Driftwood portfolio is absolutely, 100% ADA compliant. Any offers of settlement previously made are withdrawn.

6

1      Have a great day!

2  *See* August 24, 2020 letter, attached as Exhibit 2 to Defendants' Motion to Declare

3  Plaintiff a Vexatious Litigant.

4      17.    On January 6, 2021, the U.S. District Court for the District of Arizona

5  granted Driftwood's motion to dismiss and, as already discussed, declared Strojnik a

6  vexatious litigant.  *Driftwood*, 2021 WL 50456, at *11; *see also Strojnik v. Driftwood*

7  *Hospitality Mgmt. LLC*, 2021 WL 2454049 (D. Ariz. June 16, 2021) (amending its order

8  such that if Strojnik "fails to demonstrate standing or otherwise meet federal pleading

9  requirements, the Court shall dismiss *or remand* the case" to the state court.)

10     18.    On Feburary 11, 2021, Strojnik filed the present action against Driftwood.

11  (Compl.)

12     19.    On February 12, 2021, Strojnik sent a copy of the Complaint to

13  Driftwood's attorney with his congratulations.  Strojnik wrote:

14         I must again congratulate you on your excellent work in th

15         eprior DoubleTree case.  Well done!

16         But life goes on.  Just two days ago I wanted to get away
           from the stress of dealing with Arizona's excellent ADA
17         defense bar, so I booked an accessible room at the
           DoubleTree.    Unfortunately, the DoubleTree remains
18         woefully inaccessible.  I felt it my civic obligation to file suit
           in the Superior Court, attached....
19

20  *See* February 12, 2021 letter, attached as Exhibit 3 to Defendants' Motion to Declare

21  Plaintiff a Vexatious Litigant.

22     20.    Strojnik has demanded $13,985 to drop this lawsuit.  *See* March 12, 2021

23  letter, attached as Exhibit 4 to Defendants' Motion to Declare Plaintiff a Vexatious

24  Litigant.

25                    **CONCLUSIONS OF LAW**

26     21.    "Arizona courts possess inherent authority to curtail a vexatious litigant's

27  ability to initiate additional lawsuits."  *Madison v. Groseth*, 230 Ariz. 8, 14, 279 P.3d

28  633, 639 (App. 2012) (citing *Acker v. CSO Chevira*, 188 Ariz. 252, 254, 934 P.2d 816,

                                7

818 (App. 1997) (defining a court's inherent authority as "such powers as are necessary to the ordinary and efficient exercise of jurisdiction"); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (recognizing strong precedent establishing inherent authority of federal courts "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances")). Because access to courts is a fundamental right, *DeVries v. State*, 219 Ariz. 314, 321-22, ¶¶ 22-23, 198 P.3d 580, 587-88 (App. 2008), such orders must be entered sparingly and appropriately. *De Long*, 912 F.2d at 1147 (noting courts should rarely enter vexatious litigant orders, which serve as exceptions to the general rule of free access to courts).

22.    In *De Long v. Hennessey*, the Ninth Circuit set forth principles for courts to observe when ordering pre-filing restrictions: (1) to satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (3) the court must make "'substantive findings as to the frivolous or harassing nature of the litigant's actions,'" and (4) the order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147-48 (citation omitted). Arizona courts adherence to these principles to ensure that a litigant's access to courts is not inappropriately infringed upon. *Madison*, 230 Ariz. at 14, 279 P.3d at 639 (adopting the principals set forth in *De Long*).

*A. Notice and Opportunity to be Heard*

23.    This first step requires that the accused party have "an opportunity to oppose the entry of the order." *De Long*, 912 F.2d at 1147. This does not require a hearing. *See Molski v. Evergreen Dynsasty Corp. ("Evergreen")*, 500 F.3d 1047, 1058-59 (9th Cir. 2007) (citing *Pac. Harbor Cap., Inc v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (finding that an opportunity to be heard only requires the opportunity to brief the issue fully)); *IA Lodging*, 2020 WL 2838814, at *7 (same).

24.    Here, Strojik has filed a Response to Defendants' Vexatious Litigant Motion, thus satisfying the due process requirement. On May 12, 2021, Strojnik filed a

8

91-page objection (with exhibits). The Court has already denied Strojnik's request for an evidentiary hearing made in the Response because no further discovery, however limited, or evidentiary hearing would assist the Court in making the required determinations. *See* the Court's July 22, 2021 Minute Entry. Strojnik has had his opportunity to be heard. He further reurged his request for a hearing in an August 20, 2021, filing; the Court **DENIES** that request; no new circumstances or evidence have arisen showing good cause for the Court to hold an evidentiary hearing.

B. *An Adequate Record*

25.    "An adequate record for review should include a listing of all the cases and motions that led the [ ] court to conclude that a vexatous litigant order was needed." *De Long*, 912 F.2d at 1147. At a minimum, the record must show that the "litigant's activieis were numerous or abusive." *Id.*

26.    The Court will take judicial notice of the fact that Strojnik has filed thousands of ADA lawsuits across the western United States. *See* Ariz. R. Evid. 201(b) (allowing courts to take judicial notice of "generally known" facts or accurate and readily accessible facts from sources "whose accuracy cannot reasonably be questioned"). *See Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, n.2, 418 P.3d 967 (App. 2017) (we take judicial notice of other courts' records); *see also In re Peasley*, 208 Ariz. 27, n.15, 90 P.3d 764 (2004) (same).

27.    Defense counsel provided the Court with a list of cases filed by Strojnik in the Arizona Superior Court in 2021 alone, and referenced another case filed by Strojnik in 2020. The Court takes judicial notice of these cases. *See City of Phoenix v. Superior Court*, 110 Ariz. 155, 157, 515 P.2d 1175 (1973) ("We take judicial notice of Superior Court records.").

28.    There is no doubt that Strojnik's history and his *modus operandi* are well known. *Driftwood*, 2021 WL 50456, at *8 (citing *MidFirst*, 279 F.Supp.3d at 893 (describing attorney-Mr. Strojnik's ADA litigation tactics as "extortionate" and "pervasive," which included pursuing "upwards of 160 cookie-cutter lawsuits in federal

court and, from early to later 2016, more than 1,700 such suits in Arizona state court");
*Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1336 (E.D. Cal. 2020) ("Plaintiff Peter Strojnik . . . has filed thousands of disability discrimination cases against hotel defendants in state and federal courts, and this is one of those cases.");
*Strojnik v. 1530 Main LP*, 2020 WL 981031, at *1 (N.D. Tex. Feb. 28, 2020) (noting that Mr. Strojnik, a pro se plaintiff, was disbarred partly for filing "thousands" of ADA lawsuits); *Strojnik v. Host Hotels & Resorts, Inc.*, 2020 WL 2736975, at *1 (D. Haw. May 26, 2020) (same)).

29.    Even without a license to practice law, Strojnik continues to file ADA lawsuits across the country. For example, in June 2020, the Northern District of California found that Strojnik had filed 114 pro se ADA cases in California district courts, half of which eventually settled, and none of which have been tried on the merits. *IA Lodging*, 2020 WL 2838814, *7. Those findings, which the Court takes judicial notice of, were based on information provided by Strojnik. *Id.*; *see Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting a court may take notice of proceedings in other courts with direct relation to the matters at issue); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (noting a court may take judicial notice of undisputed matters of public record). In addition to a list of his cases filed in California, Strojnik told the Northern District of California Court that he had recovered a total of $249,079 in settlement fees from those cases. *IA Lodging*, 2020 WL 2838814, *7. That recovery, he claimed, was ultimately reduced by his claimed expense of $55,960 in filing and service fees, as well as $58,000 in "investigative fees." *Id.*

30.    In January 2021, the Arizona District Court requested information from Strojnik on his ADA filings in Arizona. *Driftwood*, 2021 WL 50456, *8. As of December 19, 2020, Strojnik claimed to have filed 64 cases with ADA claims in the Arizona Superior Court. *Id.* Of those, he had voluntarily dismissed fourteen and settled thirteen. *Id.* None had been tried on their merits. *Id.*

31.    The Arizona District Court also found that $7,500 represents a reasonable estimate of the average settlement for one of Strojnik's ADA cases. *Id.* Strojnik said that of his ADA filing in Arizona, he has settled thirteen cases, which would amount to just over $100,000. *Id.* ("Even if the Court accepted Mr. Strojnik's claimed 'initial expenses' beyond fees and service costs as legitimate, he would still be making about $75,000.")

32.    Finally, the Court takes judicial notice of the Case Search results listing Strojnik's *pro se* cases before the Arizona Superior Court in Maricopa County. *See City of Phoenix v. Superior Court*, 110 Ariz. 155, 157, 515 P.2d 1175 (1973) ("We take judicial notice of Superior Court records."). By the Court's count, as of August 11, 2021, Strojnik has filed 65 civil cases.

*C. Substantive Findings*

33.    Next the Court will make its "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1998)).

34.    Simply filing many claims, as Strojnik does, is not reason enough to find a litigant is vexatious. *See* A.R.S. § 12-3201(E). But when a serial litigant repeatedly files court actions solely or primarily for the purpose of harassment, that litigant become vexatious. A.R.S. § 12-3201; *see also Evergreen*, 500 F.3d at 1062 ("The district court could permissibly conclude that Molski used these lawsuits and their false and exaggerated allegations as a harassing device to extract cash settlements from the targeted defendants because of their noncompliance with the ADA.")

35.    Like a plaintiff that brings numerous claims, there is nothing inherently vexatious about settling a claim. Normally, Arizona courts encourage settlement to promote efficiency. However, a plaintiff's attempt to settle may become coercive and extortionate when he pursues a settlement amount well in excess of the actual personal cost of his foregoing injunctive relief. In this later instance, a plaintiff uses the ADA and AzDA not to vindiate the rights of disabled Arizonans, but rather, to unjustly enrich himself.

11

36. The AzDA attempts to avoid such litigation tactics by requiring an aggrieved person to provide written notice and opportunity to cure before filing a lawsuit. *See* A.R.S. § 41-1492.08(E) (providing a 30 day cure period).

37. If the private entitty is required to obtain a building permit or other similar form of government approval to make the changes necessary to cure the violation or comply with the law, the time is extended. *See* A.R.S. § 41-1492.08(F) (providing an additional 60 days).

38. "When filing a civil action pursuant to A.R.S. § 41-1492.08, an aggrieved person must file an affidavit, under penalty of perjury, that the aggrieved person has read the entire complaint, agrees with all of the allegationsa nd facts contained in the complaint and, unless authorized by statute or rule, is not receiving and has not been promised anything of value in exchange for filing the civil action." A.R.S. § 41-1492.08(G).

39. "An aggrieved person or the aggrieved person's attorney may not demand or collect money from the private entity before the end of the applicable time period under subsections E and F of this section but may state that the private entity may be civilly liable for a violation of this article." *See* A.R.S. § 41-1492.08(H).

40. Strojnik did not give the required notice and opportunity to cure, and demanded money from the outset. *See* February 12, 2021 letter, attached as Exhibit 3 to Defendants' Motion to Declare Plaintiff a Vexatious Litigant (sent one day after Strojnik filed this action).

41. Even more important, Strojnik has demonstrated vexatious conduct.

42. Vexatious conduct, as defined by A.R.S. § 12-3201, may include any of the following:

    (a) Repeated filing of court actions solely or primarily for the purpose of harassment.

    (b) Unreasonably expanding or delaying court proceedings.

    (c) Court actions brought or defended without substantial justification.

(d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.

(e) A pattern of making unreasonable, repetitive and excessive requests for information.

(f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

43.    Strojnik has repeatedly filed court actions solely or primarily for the purpose of harassment.

44.    There is no serious doubt that Strojnik exaggerates his injuries.    The Arizona District Court and many others have critiqued. Strojnik's "longstanding" failure to show a "connection between a barrier and [his] disability." *IA Lodging*, 2020 WL 2838814, at *11.  This is not news to Strojnik.  And yet despite these admonishments, he continues to file defective complaints.  Faced with a blatant unwillingness to explain how alleged non-conformities cause him injury, thic Court can only conclude, and so finds, that Strojnik habitually over-exaggerates his injuries.

45.    Additionally, Strojnik has no financial incentive to bring a genuine complaint or to try his cases on their merit.  In other words, Strojnik has brought court actions without substantial justification.  Consider the settlement details provided by Strojnik on his ADA cases in California and Arizon in which he asks for thousands of dollars to dismiss the claim with prejudice and additional money to promise not to visit other hotels.  There is enough information to make the inference that Strojnik has been making a large profit from the hundreds of ADA cases filed across the country, cases that have never been tested on their merits.

46.    Rephrasing his ADA or AzDA claims as negligence or fraud claims only exemplifies the abuse.  Strojnik alleges claims for negligence and fraud, repeatedly requesting relief for damages and punitive damages.  Under the ADA, however, a party may only seek injunctive relief to force non-compliant places of public accommodation to remediate barriers to access, and recover attorneys' fees and costs if successful. Damages are not available. *See Evergreen*, F.3d at 1061-62.

13

47.    The AzDA largely mirrors the federal statute, and any aggrieved person who is subjected to discrimination in violation of section 41-1492.02 (prohibition of discrimination by public accommodations and commercial facilities) may instititue a civil action "for preventative or mandatory relief, including an application for a permanent or temporary injunction, restraining orrder or other order."  A.R.S. § 41-1492.08(A).    While the court may award such other relief as the court considers appropriate, including monetary damages to aggrieved persons, punitive damages are not available.  A.R.S. § 41-1492.09(B)(2).

48.    Nevertheless, Strojnik habitually asks for thousands of dollars in damages in exchnage for a stipulated dismissal with prejudice that relates only to the property in question.  A promise not to visit a defendant's other hotels comes at an additional price. *See, e.g.,* Exhibits 1 and 4 to Defendant's Motion to Declare Plaintiff a Vexatious Litigant.

49.    The district court found this tactic particularly troublesome:

> Putting aside the fact that the ADA does not allow for damages, the fact that he is requesting additional payment to abstain from visiting hotels is plainly a request that unjustly enriches him. It further undermines his professed purpose for advancing his ADA claims. He has not incurred any damages or costs related to these other hotels, and so payment to not visit them is effectively a payment to prevent Mr. Strojnik from self-inflicting further legal injury. These efforts to "coerce settlement" are plainly "at odds with our system of justice." *Evergreen*, 500 F.3d at 1062. While the agreements require the other party's "[b]est efforts to remediate readily achievable [ADA] remediations," those efforts would not cover the hotels Mr. Strojnik promises to avoid. And in some settlements, this "best effort" is not required at all.

*Driftwood*, 2021 WL 50456, *10 (internal citations to record omitted).

50.    This Court agrees that Strojnik's professed puprose for advancing his AzDA claims is undermined by his coercive settlement tactics.

51.    In total, **THE COURT FINDS** Strojnik's litigation tactics frivolous and harassing. The Court recommends that the Presiding Judge for the Superior Court of

Arizona in and for Maricopa County designate Strojnik a vexatious litigant and enter an order to enjoin further abuse.

### D. Narrowly Tailored Order Preventing Abuse

52.    This Order must be "narrowly tailore to the vexatious litigant's wrongful behavior." *Evergreen*, 500 F.3d at 1061. It must add "a valuable layer of protection . . . for the courts and those targeted" by Strojnik's claims. *Id.* At the same time, it must not deny Strojnik "access to courts on any ADA claim" or AzDA claim "that is not frivolous." *Id.*

53.    "Arizona courts possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison*, 230 Ariz. At 14, 279 P.3d at 639.

54.    In addition, A.R.S. § 12-3201 grants Arizona courts the power to designate a *pro se* litigant a vexatious litigant.

55.    The wrongful behavior here is Strojnik's harassing attempts to unjustly enrich himself through frivolous ADA and AzDA claims. This behavior, to say the least, wastes "judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1149. Already confronted with Strojnik's behavior, two federal courts in California and the Arizona District Court have enjoined Strojnik from filing ADA claims in their respective districts without first filing ADA claims in their respective districts without first obtaining leave of court. *See SCG*, 2020 WL 4258814, at *8; *IA Lodging*, 2020 WL 2838814, at *13; *Driftwood*, 2021 WL 50456, *11. This Court should follow suit and adopt a similar order.

Accordingly,

**IT IS ORDERED** referring this matter to the Presiding Judge for the Superior Court of Arizona in and for Maricopa County designate Strojnik a vexatious litigant and enter an order to enjoin further abuse.

**IT IS FURTHER ORDERED** granting Defendants' Application for attorney's fees and awarding $33,722 to Defendants for the same. Defendants may submit a

proposed form of fees judgment no later than twenty days after the entry of these findings of fact, conclusions of law, and orders.

/s/ *Sara J. Agne*

Judge of the Superior Court

4822-0502-3988, v. 1

16

# eSignature Page 1 of 1

Filing ID: 13549590   Case Number: CV2021-050418
Original Filing ID: 13238998

**Granted with Modifications**



/S/ Sara Agne Date: 10/29/2021
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2021-050418

E-FILING ID #: 13549590

SIGNATURE DATE: 10/29/2021

FILED DATE: 11/1/2021 8:00:00 AM

MONICA RYDEN

PETER STROJNIK
7847 N CENTRAL AVE PHOENIX AZ 85020

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

IN THE MATTER OF PROHIBITING       )
<u>DAVID NOVAK</u> FROM FILING ANY      )
LAWSUIT IN MARICOPA COUNTY    )    ADMINISTRATIVE ORDER
WITHOUT OBTAINING PRIOR           )    No. 2022-002
PERMISSION FROM THE COURT      )

      This matter was referred by the Honorable Sara J. Agne to consider issuing an administrative order declaring David Novak a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

      Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth*, 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

      Judge Agne's referral is a result of defendants Ryan B. Novak and Alexandra Novak filing a motion to declare Mr. Novak a vexatious litigant in the case of *David Novak v. Ryan B. Novak, et. al.*, Superior Court case number CV2021-051120. The defendants' motion comes after David Novak ("Mr. Novak") filed three separate but identical lawsuits against them (CV2021-094221 and CV2021-051667, now consolidated under CV2021-051120). Defendants properly served the plaintiff with the motion to declare him a vexatious litigant, and plaintiff filed a response. On November 1, 2021, Judge Agne issued findings of fact and conclusions of law that are adopted and incorporated herein in this Administrative Order. (*See* minute entry dated November 1, 2021 in *David Novak v. Ryan B. Novak, et. al.*, which is attached to this Administrative Order as "Attachment A".)

      As enumerated in Judge Agne's findings of facts and conclusions of law, not only has Mr. Novak filed three actions against his son Ryan Novak and daughter-in-law Alexandra Novak that are without merit; over the previous ten years Mr. Novak has filed multiple lawsuits in Maricopa County Superior Court against various governmental employees, agencies, and political subdivisions. In *Novak v. Joseph Arpaipo, et. al.,* (CV2014-052767), Mr. Novak alleged various false arrest, unlawful seizure, and

fabricated criminal charges against the Sheriff's Office, Town of Fountain Hills, and Maricopa County Board of Supervisors, stemming from his criminal prosecution. The case was dismissed after removal to federal court.

In *Novak v. Office of Inspector General, et al.,* CV2014-053364, Mr. Novak sued the Arizona Department of Transportation, the ADOT Office of the Inspector General, the Arizona Department of Administration, and numerous state employees alleging false arrest, false oaths to a grand jury, fabrications of crimes, and other allegations. The case was dismissed by this Court in October of 2014.

In *Novak v. MCAO, et. al.,* CV2014-063431, Mr. Novak again alleged numerous false arrest, false prosecution charges, conspiracy, and other charges against Maricopa County, the Maricopa County Attorney's Office, and various county employees. The case was dismissed after removal to federal district court.

In *Novak v. Meritt,* CV2015-052043, Mr. Novak filed a defamation lawsuit against the defendant where he alleged the defendant provided false information to authorities resulting in Mr. Novak's arrest. This was dismissed by this Court.

In *Novak v. Maricopa County,* CV2015-054358, Mr. Novak sued the County for placing a restitution lien against Mr. Novak's vehicles stemming from his failure to pay restitution while serving a sentence of probation. The case was dismissed, as was his appeal to the Court of Appeals. 1 CA-CV 16-0115 (*Novak v. Maricopa County*).

In *Novak v. Paul Penzone, et. al.,* CV2017-055923, Mr. Novak sued Sheriff Penzone, Maricopa County, the Town of Fountain Hills, and various government employees for serving citations on him for various town code violations regarding the parking of his vehicles. The case was dismissed by this Court, as was his appeal to the Court of Appeals. 1 CA-CV 19-0129 (*Novak v. Penzone, et. al.).*

In *Novak v. Town of Fountain Hills,* CV2018-056251, Mr. Novak sued the Town of Fountain Hills for enforcing town code restrictions on parking his vehicles. The case was dismissed by this Court, as was his appeal to the Court of Appeals. 1 CA-CV 19-0412. (*Novak v. Town of Fountain Hills*).

In *Novak v. Mark Iacovino, et. al.,* CV2021-051120, Mr. Novak again sued the Town of Fountain Hills, and the Town Prosecutor regarding a citation for parking violations. The case was dismissed shortly after it was filed.

The Court finds that Mr. Novak has filed multiple lawsuits without substantial justification; that have been adjudicated in previous criminal or civil code violation actions; and are for the purpose of harassment of defendants. For the reasons above, and the reasons enumerated in Judge Agne's findings of fact and conclusions of law, the Court finds that Mr. Novak is engaging in vexatious conduct as defined in A.R.S. § 12-3201.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Novak's established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Novak may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Novak may not file any further pleading or motion in any of his current lawsuits without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Novak must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Novak is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Novak. This Administrative Order does not preclude Mr. Novak from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b). This Administrative Order only applies to Mr. Novak in his capacity as a *pro per* litigant, and not to any future legal counsel that might be retained by Mr. Novak.

Dated this ____6th____ day of January, 2022.


_/s/ Joseph C. Welty_____
Honorable Joseph C. Welty
Presiding Judge


Original:    Clerk of the Superior Court

Copies:    Hon. Jeffrey Fine, Clerk of the Superior Court
Hon. Pamela Gates, Civil Department Presiding Judge
Hon. Sara J. Agne, Superior Court Judge
Raymond L. Billotte, Judicial Branch Administrator
Keith Kaplan, Civil Department Administrator
Shawn C. White, Sternfels & White, P.L.L.C.
Frederick C. Horn, Sternfels & White, P.L.L.C.
David Novak

# Attachment A

Hon. Sara Agne's November 1, 2021 Minute Entry

Granted with Modifications
***See eSignature page***

ATTACHMENT A

Clerk of the Superior Court
*** Electronically Filed ***
J. Holguin, Deputy
11/1/2021 8:00:00 AM
Filing ID 13549560

1   **STERNFELS & WHITE, P.L.L.C.**
    **Shawn C. White, Esq. 022755**
2   **Frederick C. Horn 015458**
3   **16803 E. Palisades Blvd**
    **Fountain Hills, Arizona 85268**
4   **Telephone:    (480) 816-9985**
    **Facsimile:    (480) 816-5342**
5   **Email:        fhorn@sternfelslaw.com**

6   *Attorneys for Defendants*

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
                **IN AND FOR THE COUNTY OF MARICOPA**
8

9   DAVID NOVAK , an individual          CV 2021-051120
10
                            Plaintiff,   **FINDINGS OF FACT AND**
11                                       **CONCLUSIONS OF LAW**
    RYAN B. NOVAK AND ALEXANDRA
12  NOVAK
                                         **(Assigned: Honorable Sara J. Agne)**
13                          Defendants.
14

15      Defendants, Ryan B. Novak and Alexandra Novak, ("Defendants"), by and through

16  their legal counsel, Sternfels & White P.L.L.C., in accordance with the Minute Entry

17  dated 7/30/2021 submitted Proposed Findings of Fact and Conclusions of Law in support

18  of their Motion to Declare David Novak, Pro Se, a Vexatious Litigant. The Court enters

19  its findings and conclusions below.

20      As an initial matter, the Court **DENIES** Plaintiff's Motion to Compel filed July 16,

21  2021, for failure to comply with Ariz. R. Civ. P. 26(d) and 26(b)(1).

22
    **A. FINDINGS OF FACT:**
23

24      1. Since December 2011, Plaintiff, David Novak, has filed at least 13 separate

25          matters as a pro se plaintiff in Maricopa County Superior Court, including,

26

*(left margin vertical text)* STERNFELS & WHITE, P.L.L.C.  16803 E. Palisades Blvd.  Fountain Hills, Arizona 85268  (480) 816-9985

STERNFELS & WHITE, P.L.L.C.
16803 E. Palisades Blvd.
Fountain Hills, Arizona 85268
(480) 816-9985

the following:  **(a)** CV2011-056740 *(Novak v. Office of Inspector General and Aaron Eastin)*; **(b)** CV2014-052767 *(Novak v. Joseph Arpaio; Town of Fountain Hills, County of Maricopa, Maricopa County Board of Supervisors, et al)*; **(c)** CV2014-053364 *(Novak v. Office of Inspector General, State of Arizona, Arizona Department of Transportation; Aaron Eastin, et al)*; **(d)** CV2014-053431 *(Novak v. Scott Wolfram, Kristen Nordeen, Fran McCaroll, et al)*; **(e)** CV2015-052043 *(Novak v. Merritt)*; **(f)** CV2015-054358 *(Novak v. Maricopa County)*; **(g)** CV2017-055923 *(Novak v. Paul Penzone, et al)*; **(h)** CV2018-054913 *(Novak v. Neighbor)*; **(i)** CV2018-056521 *(Novak v. Town of Fountain Hills)*; **(j)** CV2021-051120 *(Novak v. Novak)*; **(k)** CV2021-051257 *(Novak v. Mark Iacovino, et al)*; **(l)** CV2021-051667 *(Novak v. Novak)*; and **(m)** CV2021-094221 *(Novak v. Novak)*.  Many of these cases were dismissed.

2. Plaintiff has also appealed adverse judgments rendered against him in at least three separate cases since 2016 namely: **(a)** 1 CA-CV 19-0412 *(Novak v. Fountain Hills)*; **(b)** 1 CA-CV 19-0129 *(Novak v. Penzone)*; and **(c)** 1 CA-CV 16-0115 *(Novak v. Maricopa County)*. In all of these cases, Plaintiff, David Novak was the named plaintiff of the underlying matter and acted as a "pro se" litigant in both the lower court matter and the appeals and filed pleadings claiming eligibility for fee waivers and thereby escaping the filing costs. The appellate court affirmed the ruling adverse to Plaintiff each time.

3. Plaintiff, David Novak, has also been named as a "pro se" litigant in the following matters filed in the U.S. District Court for the District of Arizona as follows: **(a)** 2:03-cv-01269-SMM—JRI *(Novak v. Pixler, et al);* **(b)** 2:14-cv-00897-DLR *(Novak v. Arpaio et al);* **(c)** 2:14-cv-01398-CDLR *(Novak v. Maricopa County Attorney's Office et al);* and **(d)** 2:15-cv-02234-JJT *(Novak v. State of Arizona).* All such matters were dismissed.

4. Plaintiff has filed three separate legal actions, two of which are against his son, Ryan Novak and his daughter-in-law, Alexandra Novak. David Novak has filed two Lis Pendens against real property owned in Arizona by Ryan and Alexandra Novak without foundation or merit.

5. Pursuant to A.R.S. § 12-3201 Plaintiff has repeatedly filed court actions over the past 10 years that are solely or primarily for the purpose of harassment. Most, if not all, of these actions were brought without substantial justification and most were dismissed by judgment not in David Novak's favor.

6. Plaintiff is a vexatious litigant who files actions in a predatory fashion, without legal cause or justification against numerous persons and entities for the purpose of harassment and to delay other proper proceedings

7. Defendants filed a Motion to Declare Plaintiff Vexatious Litigant with good cause and served the Plaintiff in a proper manner pursuant to the laws of the state of Arizona. Plaintiff responded to the Motion and the issues have been fully briefed before this Court.

STERNFELS & WHITE, P.L.L.C.
16803 E. Palisades Blvd.
Fountain Hills, Arizona 85268
(480) 816-9985

8. Plaintiff's duplicative and harassing litigation in State and Federal Court is pursued by Plaintiff in bad faith and with an improper motive to harass, annoy and make the eviction action against him more costly for Defendants. Plaintiff's actions have caused Defendants needless expense and have unnecessarily burdened this Court. This Court's imposition of a pre-filing restriction as a sanction on Plaintiff for being a vexatious litigant is the only sanction available to adequately protect the Court and Defendants.

## B. **CONCLUSIONS OF LAW**

1. The Court has personal jurisdiction over Plaintiff, David Novak, because he is a resident of Maricopa County, Arizona. Plaintiff has acted "Pro Se" in all matters material hereto.

2. The Court has subject matter jurisdiction over the issues pursuant to ARIZ. REV. STAT. § 12-3201 (2021).

3. A court shall take judicial notice if requested by a party and supplied with the necessary information. ARIZ. R. EVID. 201(d) (2021). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by result tosources whose accuracy cannot reasonably be questioned. ARIZ. R. EVID. 201(b) (2021).

4. The superior court may properly take judicial notice of its own records. *State v. Camino*, 118 Ariz. 89, 90 (1977).

STERNFELS & WHITE, P.L.L.C.
16803 E. Palisades Blvd.
Fountain Hills, Arizona 85268
(480) 816-9685

4

5. Courts take judicial notice of other actions involving similar parties and issues and of the pleadings therein and in passing upon the pleadings in one action they may and should consider the record in the other. *Regan v. First Nat'l Bank*, 55 Ariz. 320, 326 (1940); *see also Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73 (1970).

6. The Court has the right to take "judicial notice" of cases filed by the Plaintiff David Novak "pro se" in the courts in Arizona at the state level and the disposition of those cases.

7. The Court has the inherent power to impose sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Aloe Vera of America, Inc. v. United States*, 376 F.3d 960, 964-965 (9th Cir. 2004). *See also* ARIZ. REV. STAT. § 12-3201, which provides the superior court's Presiding Judge with the authority to designated a pro se litigant as a vexatious litigant.

8. When a Court seeks to impose pre-filing restrictions as a sanction against a vexatious litigant, it must (1) satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (3) the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) the order "must be narrowly tailored to closely fit the specific vice encountered." *Madison v. Groseth*, 230 Ariz. 8, 14-15,

STERNFELS & WHITE, P.L.L.C.
16803 E. Palisades Blvd.
Fountain Hills, Arizona 85268
(480) 816-9985

5

(2012) (*citing DeLong v. Hennessey*, 912 F. 2d 1144, 1147-48 (9th Cir. 1990)).

9. The pleadings and the record are complete with respect to the filing of the Motion to Declare Plaintiff a Vexatious Litigant.

10. Plaintiff was provided notice and an opportunity to oppose the Motion, as well as these Findings of Fact and Conclusions of Law.

11. The actions of Plaintiff, David Novak, in filing claims, complaints, appeals, motions, and proceedings without justification or merit waste judicial resources and place an undue financial and legal burden on those litigants that are required to respond and defend without any having any recourse against the vexatious litigant.

12. The actions of Plaintiff, David Novak, in filing claims, complaints, motions, appeals and proceedings interfere with the orderly administration of justice by diverting judicial resources from those matters filed by litigants willing to follow the rules and those meritorious matters that deserve prompt judicial attention.

13. The actions of Plaintiff, David Novak are for the purpose of harassment and intimidation rather than serving a legal objective.

14. The actions of Plaintiff, David Novak, were without substantial justification which means the claims or defense are groundless and not made in good faith.

6

15. Plaintiff, David Novak, is a vexatious litigant and should not be permitted to file any new pleadings, motions, or other documents in this Court without prior leave from the presiding judge of Maricopa County Superior Court.

16. With this ruling, then, this Court so refers these consolidated matters (CV2020-051120, CV2021-051667, and CV2021-094221) to the Presiding Judge of the Superior Court of the State of Arizona in and for the County of Maricopa for his consideration of an Order effecting the same.

DATED this __29th____ day of October, 2021.


_/s/ Sara J. Agne_____
Hon. Sara J. Agne, Judge

STERNFELS & WHITE, P.L.L.C.
16803 E. Palisades Blvd.
Fountain Hills, Arizona 85268
(480) 816-9985

7

# eSignature Page 1 of 1

Filing ID: 13549560   Case Number: CV2021-051120
Original Filing ID: 13255791

**Granted with Modifications**



/S/ Sara Agne Date: 10/29/2021
Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2021-051120

E-FILING ID #: 13549560

SIGNATURE DATE: 10/29/2021

FILED DATE: 11/1/2021 8:00:00 AM

FREDERICK C HORN

DAVID NOVAK
15001 N STRATFORD CIR FOUNTAIN HILLS AZ
85268

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

IN THE MATTER OF PROHIBITING RANDY ⟩
SHELDON MEILLEUR FROM FILING ANY ⟩
LAWSUIT IN MARICOPA COUNTY AGAINST ⟩    ADMINISTRATIVE ORDER
LISA POSADA WITHOUT OBTAINING PRIOR ⟩    No. 2022-053
PERMISSION FROM THE COURT ⟩
⟩

   This matter was referred by the Honorable Sherry K. Stephens to consider issuing an administrative order declaring Randy Sheldon Meilleur a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

   Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention.  *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997).

   On April 25, 2019, Mr. Meilleur filed a lawsuit against Lisa Posada (CV2019-006428) alleging that while representing him in his criminal case, Ms. Posada engaged in various acts that ultimately cost him damages of over $500,000. The lawsuit was dismissed on August 12, 2019. The next day, August 13, 2019, Mr. Meilleur filed a second lawsuit against Ms. Posada (CV2019-011383). The day after that, August 14, 2019, Mr. Meilleur filed a third lawsuit against Ms. Posada (CV2019-011393). Both of these lawsuits contained the same allegations as the first lawsuit, and were subsequently dismissed on September 23, 2019 and November 4, 2020, respectively.

   Within the three lawsuits against Ms. Posada, Mr. Meilleur filed numerous frivolous and redundant pleadings. On November 21, 2020, Judge Stephens designated Mr. Meilleur a vexatious litigant as to the three lawsuits against Ms. Posada and ordered that he not be allowed to file any new pleadings, motions, or other documents in the cases without prior leave of the court.

   Additionally, in November of 2020, Mr. Meilleur filed a fourth lawsuit against Ms. Posada (CV2020-014620), once again over issues related to her representation of him in his criminal case. Though it doesn't appear Ms. Posada has ever been served, from

November of 2020 through July of 2021 Mr. Meilleur filed numerous pleadings in the case. After July 23, 2021, all activity on the case stopped. On March 7, 2022, the Court ordered the case be placed on the dismissal calendar, to be dismissed on May 6, 2022 unless a final judgment, stipulation to dismiss, request for a status conference, or a motion to continue is filed. On April 26, 2022, Mr. Meilleur filed a "Motion Request for Entry of Default" in the case.

A search of the superior court's case database shows that Mr. Meilleur filed for two injunctions against harassment in 2019. Otherwise, except for the lawsuits against Ms. Posada, Mr. Meilleur has filed only one other lawsuit with the superior court. (*Meillur v. Quick Bail, Inc.*, CV2019-012751.) However, based on his past behavior, it is likely that should his current case against Ms. Posada be dismissed, he will simply file another lawsuit against her.

The Court finds that the lawsuits against Ms. Posada are brought without substantial justification and are intended primarily for the purpose of harassing her. The Court may issue an order limiting a *pro se* litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Meilleur's established pattern of abuse. Therefore,

**IT IS ORDERED** as follows:

1. Mr. Meilleur may not file any new causes of action against Lisa Posada after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Any motion for leave to file any lawsuit, pleading or motion against Ms. Posada shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Meilleur must either cite this order in his application or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Meilleur against Ms. Posada is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Meilleur. This Administrative Order does not preclude Mr. Gerdes from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

Dated this ___3rd___ day of May, 2022.


__/s/ Joseph C. Welty_____
Honorable Joseph C. Welty
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Jeff Fine, Clerk of Superior Court
                Hon. Pamela Gates, Civil Presiding Judge
                Raymond L. Billotte, Judicial Branch Administrator
                Luke Emerson, Civil Department Administrator
                Randy Sheldon Meilleur
                Dawn Sinclair, Attorney for Ms. Posada

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

IN THE MATTER OF PROHIBITING LAY
ALLEN GERDES FROM FILING ANY
LAWSUIT IN MARICOPA COUNTY
WITHOUT OBTAINING PRIOR
PERMISSION FROM THE COURT

)
)
)
)
)
)

ADMINISTRATIVE ORDER
No. 2022-054

This matter was referred by the Honorable John Hannah to consider issuing an administrative order declaring Lay Allen Gerdes a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

Judge Hannah's referral is a result of a motion to designate Mr. Gerdes a vexatious litigant filed by the defendant on December 10, 2021 in the case of *Lay Allen Gerdes v. AT&T Mobility, L.L.C.,* CV2021-018446. The motion also sought to dismiss the lawsuit because the issues had previously been adjudicated in an earlier lawsuit filed by Mr. Gerdes against AT&T (*Lay Allen Gerdes v. AT&T Mobility, L.L.C.,* CV2020-006585). The first lawsuit was dismissed on December 4, 2020, and the second lawsuit was filed the day before, on December 3, 2020. The dismissal of Mr. Gerdes first lawsuit was upheld on appeal.

Mr. Gerdes filed a response to the motion on December 20, 2021. On March 1, 2022, Judge Hannah issued findings of fact and conclusions of law that are adopted and incorporated herein in this Administrative Order. (*See* minute entry dated March 1, 2022 in *Lay Allen Gerdes v. AT&T Mobility, L.L.C.,* which is attached to this Administrative

Order as "Attachment A".) Judge Hannah also dismissed Mr. Gerdes' second lawsuit against AT&T because it was an attempt to litigate the same cause of action as in the first lawsuit and was therefor barred by the doctrine of res judicata. The second lawsuit against AT&T was brought without substantial justification and for the harassment of the defendant.

Mr. Gerdes has also filed numerous other lawsuits against various companies doing business in Maricopa County, including:

- *Gerdes v. Founders Healthcare, L.L.C.*, CV2015-000187 (dismissed for lack of service)

- *Gerdes v. Caldwell and Ober Law Office,* CV2013-015596 (dismissed by stipulation of the parties)

- *Gerdes v. Camelback Self Storage*, CV2016-015202 (dismissed by stipulation of the parties)

- *Gerdes v. Dunlap and Magee, et. al.*, CV2018-007511 (dismissed pursuant to Rule 12(b)(6))

- *Gerdes v. Theofore Horowitz, et.al.*, CV2018-013127 (dismissed pursuant to Rule 12(b)(6))

- *Gerdes v. Valley Wise Health Foundation*, CV2020-010771 (dismissed pursuant to Rule 12(b)(6))

- *Gerdes v. Gorman Property Management*, CV2020-010769 (still active)

- *Gerdes v. Dunlap & Magee Property Management*, CV2020-009870 (still active)

- *Gerdes v. La Porte Chrysler*, CV2020-004996 (dismissed pursuant to Rule 12(b)(6))

- *Gerdes v. Rally Sport Classics*, CV2020-004997 (dismissed for lack of prosecution)

- *Gerdes v. The Chevy Store*, CV2020-004974 (dismissed pursuant to Rule 12(b)(6))

- *Gerdes v. Dunlap & Magee, et. al.* CV2020-002031 (dismissed pursuant to Rule 12(b)(6))

In another case that was ordered dismissed by an arbitrator, the arbitrator found that Mr. Gerdes had "engaged in a pattern of willfully filing improper, dishonest and frivolous motions and filings" and had engaged in a "severe pattern of misconduct." "Ruling on Defendants' Motion for Rule 11 Sanctions" filed March 27, 2019 in *Gerdes v. Abdiel and Courtney Sotelo*, CV2018-007405.

The Court finds that Mr. Gerdes has engaged in vexatious conduct by filing claims or requests for relief that have been subject to previous rulings in previous litigation; has unreasonably expanded court proceedings; and has brought court actions without "substantial justification" as defined in A.R.S. §12-349.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Gerdes established pattern of abuse.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Gerdes may not file any new causes of action as a pro se litigant after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Gerdes may not file any further pleading or motion in any of his current lawsuits as a pro se litigant without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Gerdes must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action by Mr. Gerdes is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Gerdes. This Administrative Order does not preclude Mr. Gerdes from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

Dated this ___3rd___ day of May, 2022.

___/s/ Joseph C. Welty_____
Honorable Joseph C. Welty
Presiding Judge

Original:        Clerk of the Superior Court

Copies:          Hon. Jeffrey Fine, Clerk of the Superior Court
                 Hon. Pamela Gates, Civil Department Presiding Judge
                 Hon. John Hannah, Superior Court Judge
                 Raymond L. Billotte, Judicial Branch Administrator
                 Luke Emerson, Civil Department Administrator
                 Lay Allen Gerdes
                 Richard L. Cobb, Lake & Cobb, P.L.C.

# Attachment A

Hon. John R. Hannah Jr.
March 1, 2022 - Minute Entry

Clerk of the Superior Court
*** Electronically Filed ***
03/02/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-018446                                             03/01/2022


                                                  CLERK OF THE COURT
HONORABLE JOHN R. HANNAH JR                             A. Walker
                                                        Deputy


LAY ALLEN GERDES                          LAY ALLEN GERDES
                                          1001 E 8TH ST # 3003
                                          TEMPE AZ  85281

v.

A T & T MOBILITY L L C                    RICHARD L COBB


                                          COURT ADMIN-CIVIL-ARB DESK
                                          JUDGE HANNAH
                                          JUDGE WELTY


MINUTE ENTRY


        The Court has read and considered the request of defendant AT&T Mobility, LLC to have
*pro se* plaintiff Lay Allen Gerdes declared a vexatious litigant pursuant to A.R.S. section 12-3201.
The power to declare a vexatious litigant rests with the Presiding Judge or designee.  A.R.S. section
12-3201(A).  The Court will refer this matter accordingly, for consideration of whether Mr. Gerdes
should be designated a vexatious litigant.

        A *pro se* litigant is a vexatious litigant if the court finds the *pro se* litigant engaged in
vexatious conduct.  A.R.S. section 12-3201(C).  For this purpose, "vexatious conduct" includes
any of the following:

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-018446                                        03/01/2022

- Repeated filing of court actions solely or primarily for the purpose of harassment.
- Unreasonably expanding or delaying court proceedings.
- Court actions brought or defended without substantial justification.
- Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.
- A pattern of making unreasonable, repetitive and excessive requests for information.
- Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

A.R.S. section 12-3201(E).

The present case was dismissed on *res judicata* grounds because the plaintiff *pro se* unsuccessfully litigated the same cause of action in Maricopa County Superior Court No. CV2020-006585. The plaintiff lost in the prior case on a motion for summary judgment. The plaintiff changed his theory here, from breach of contract to fraud in the inducement of the contract, but the underlying facts are the same. The Court finds the present case was brought without substantial justification and for harassment of the defendant.

Mr. Gerdes has filed a total of 16 civil cases as plaintiff in Maricopa County Superior Court since 2013, nine of which (including this case and its predecessor) were filed in 2020 or 2021. Only one case is still being litigated. Maricopa County Superior Court No. CV2020-009870, consolidated with CV2020-010769. One was removed to United States District Court by the defendant. Maricopa County Superior Court CV2021-017893.

The rest of Mr. Gerdes' cases have failed at the earliest stages. Two cases were administratively dismissed for lack of service or lack of prosecution. Maricopa County Superior Court Nos. CV2015-000187, CV2020-004997. Three were dismissed by stipulation or unopposed motion after minimal litigation or no litigation at all. Maricopa County Superior Court Nos. CV2013-015596, CV2016-015202, CV2018-007511. Five in addition to the present case were dismissed on Rule 12(b) motions for various reasons including lack of personal jurisdiction and failure to state a claim. Maricopa County Superior Court Nos. CV2018-013127, CV2020-002031, CV2020-004974, CV2020-004996, CV2020-010771. The Court finds that these cases demonstrate a pattern of initiating litigation without substantial justification or for an improper purpose such as harassment.

A twelfth dismissed case was ordered dismissed by an arbitrator based on a "severe pattern of misconduct by the plaintiff." "Ruling on Defendants' Motion for Rule 11 Sanctions" filed March 27, 2019 in Maricopa County Superior Court No. CV2018-007405. The arbitrator found that the plaintiff had "engaged in a pattern of willfully filing improper, dishonest and frivolous motions and filings" even after having been "cautioned by the . . . arbitrator on numerous occasions

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2021-018446                                      03/01/2022

to comply with the rules." *Id.*  The case was subsequently "settled" and dismissed with prejudice. The Court finds that Mr. Gerdes engaged in abuse of discovery or conduct in discovery that resulted in the imposition of sanctions.

Several other cases show signs of abusive litigation conduct.   In CV2018-013127, for example, Mr. Gerdes sued the lawyers who had represented the defendant in one of the prior cases. In CV2020-004996, the plaintiff filed multiple memoranda opposing the same dismissal motion and asking for reconsideration after the motion had been granted.

For all these reasons,

IT IS ORDERED referring this matter to Presiding Judge Joseph Welty for his consideration of whether Lay Allen Gerdes should be designated a vexatious litigant.   It is recommended that the defendant's request for such designation should be granted.

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

| | |
|---|---|
| IN THE MATTER OF PROHIBITING PHILLIP POTTER FROM FILING ANY LAWSUIT IN MARICOPA COUNTY WITHOUT OBTAINING PRIOR PERMISSION FROM THE COURT | ADMINISTRATIVE ORDER No. 2023- 159 |

This matter was referred by the Honorable John Blanchard to consider issuing an administrative order declaring Phillip Potter a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

Judge Blanchard's referral is a result of his order designating Mr. Potter a vexatious litigant in the case of *Phillp Potter v. Arizona House of Representatives, et. al.,* CV2022-008626. Judge Blanchard noted that beginning in 2021, Mr. Potter filed numerous lawsuits against various individuals and organizations alleging conspiracies between his ex-wife, his ex-in-laws, and various government actors and other parties. The allegations contain both frivolous and bizarre claims against the various defendants. In addition to the lawsuit before Judge Blanchard, the following list, attached as Attachment "A", sets forth other vexatious conduct by Mr. Potter in various other causes of action in this Court.

As Judge Blanchard has noted, the cases filed by the plaintiff allege causes of action that are unsupported by facts as alleged, argue legal positions that are not founded in the law or reasonable interpretations of the law, re-argue the same positions repeatedly with no regard for rulings of the Court, and promote abuse of process. Many allegations appear to be made solely for the purposes of harassing defendants.

For the reasons set forth above and incorporating the findings of fact and conclusions of law of Judge Blanchard, the Court finds that Mr. Potter has engaged in vexatious conduct by filing claims or requests for relief that have been subject to previous rulings in previous litigation; has unreasonably expanded court proceedings; and has brought court actions without "substantial justification" as defined in A.R.S. §12-349.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Potter's established pattern of abuse.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Potter may not file any new causes of action as a pro se litigant after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Potter may not file any further pleading or motion in any of his current lawsuits as a pro se litigant without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Potter must either cite this order in his application, or attach as an exhibit a copy of this order.

4. Any request for fee waiver or deferral may only be granted by the Civil Presiding Judge or his/her designee.

If approval for filing a new action by Mr. Potter is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Potter. This Administrative Order does not preclude Mr. Potter from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

Dated this 2nd day of November, 2023.

/S/ Joseph C. Welty
Honorable Joseph C. Welty
Presiding Judge

Original:       Clerk of the Superior Court

Copies:         Hon. Jeffrey Fine, Clerk of the Superior Court
                Hon. Danielle Viola, Civil Department Presiding Judge
                Hon. John Blanchard
                Raymond L. Billotte, Judicial Branch Administrator
                Luke Emerson, Civil Department Administrator
                Jessica Fotinos, Office of the Clerk of the Superior Court
                Phillip Potter
                Brett W. Johnson, Esq., Snell & Wilmer, L.L.P.
                Timothy A. Nelson, Esq., The Nelson Law Group, PLLC
                Kevin E. O'Malley, Esq., Gallagher & Kennedy, P.A.
                Hannah H. Porter, Esq., Gallagher & Kennedy, P.A.

ATTACHMENT "A"

**Case Number:** CV2021-005501

**Date Filed:** April 5, 2021

**Pleading Filed:** Complaint

**Listed Defendants:**
Tasneem Doctor; Abdulla Doctor; Brend Doctor; Christine Erchich; Michael Clancy; Hildebrandt Law, P.C.; John / Jane Does A- J; Companies

**Overview:**
Plaintiff files a 48-page lawsuit against his ex-wife and ex-in-laws but focuses most of the complaint on scandalous and irrelevant accusations as well as extensive details about alleged abuse and grotesque cult involvement by some of the defendants. The Court strikes 53 of these paragraphs in a minute entry dated August 23, 2021.

**Case Number:** CV2021- 005501
**Date Filed:** July 30, 2021
**Pleading Filed:** Response to Defendant Tasneem Doctor's Motion to Strike
**Overview:**
In opposing a motion to strike much of his Complaint, Plaintiff frivolously requests sanctions.

**Case Number:** CV2021-005501, CV2021-013210
**Date Filed:** October 11, 2021
**Pleading Filed:** Motion to Consolidate per Ariz. R. Civ. P. Rule 42(a)
**Overview:**
Plaintiff attempts to consolidate CV2021- 005501 and CV2021-013210, which involve completely different factual and legal issues. The Motion is denied in a Minute Entry dated November 22, 2021.

**Case Number:** CV2021-005501
**Date Filed:** January 26, 2022
**Pleading Filed:** Motion for Leave to Amend Complaint
**Listed Defendants:**

Tasneem Doctor; Abdulla Doctor; Brenda Doctor; Christine Ehrich; Michael Clancy; Hildebrandt Law, P.C.; Robert Meza; Alison Rapping; Lorrie Henderson; Jewish Family and Children's Services, Inc.; Shawn Emmons; PSA Behavioral Health Agency; Tad Gary; Mercy Care; Blue Cross and Blue Shield of Arizona, Inc.; Jeff Guldner; Don Brandt; Arizona Public Service Company; Pinnacle West Capital Corporation; Alane Ortega; John / Jane Does A-J; Companies 1-10 Saylor; Lorrie Henderson; Jewish Family and Children's Services, Inc.; Shawn Emmons; PSA Behavioral Health Agency; Tad Gary; Mercy Care; Blue Cross and Blue Shield of Arizona, Inc.; Jeff Guldner; Don Brandt; Arizona Public Service Company; Pinnacle West Capital Corporation; John / Jane Does A-J; Companies 1-10

**Overview:**
To get around the court's order striking irrelevant allegations against Defendant Meza and the denial of consolidation with CV2021-013210, Plaintiff changes the entire scope of his Complaint to include 479 paragraphs of allegations, 10 separate counts, and 14 additional defendants. This amended complaint essentially duplicates the issues raised in CV2021- 013210. This motion is denied in a Minute Entry dated March 29, 2022.

**Case Number:** CV2021-013210
**Date Filed:** October 15, 2021
**Pleading Filed:** Motion to Disqualify Counsel and to Compel Document Production and Testimony per Crime-Fraud Exception.

**Overview:**
Plaintiff alleges that counsel for his ex-wife committed criminal acts and requests disqualification and disclosure of privileged communications from every defendant's attorney. Plaintiff also requests sanctions. In denying Plaintiff's motion in a ruling dated January 19, 2022, the Court notes this as a "particularly abusive pleading."

**Case Number:** CV2021-013210
**Date Filed:** February 4, 2022
**Pleading Filed:** Motion to Alter Judgment

**Overview:**
Plaintiff seeks to overturn a ruling granting attorney's fees and costs to certain defendants.

**Case Number:** CV2021-013210
**Date Filed:** February 5, 2022
**Pleading Filed:** Motion to Alter Judgment
**Listed Defendants:**

**Overview:**
Plaintiff seeks to overturn the Court's January 19, 2022 ruling alleging frivolous due process violations that "render void any rulings already entered." The procedurally improper Motion is Denied in a Minute Entry dated May 16, 2022.

**Case Number:** CV2021-013210
**Date Filed:** February 7, 2022
**Pleading Filed:** Motion for Change of Judge for Cause

**Overview:**
Plaintiff asks for the judge to be removed for cause, and his rulings and orders vacated, due to "bias, prejudice, or interest." The motion is denied in a Minute Entry dated February 18, 2022.

**Case Number:** CV2021-013210
**Date Filed:** March 4, 2022
**Pleading Filed:** Response to Motion for Entry of Rule 54(b) Judgment

**Overview:**
Plaintiff frivolously attempts to avoid judgment by re-alleging the connection between CV2021-013210 and CV-2021-005501, attaching a 63-page, 283-paragraph Proposed Amended Complaint re- alleging the same claims.

**Case Number:** CV2021-013210
**Date Filed:** May 31, 2022
**Pleading Filed:** Motion for Relief from Judgment and Orders
**Overview:**
Plaintiff again attempts to circumvent the Court's rulings by alleging new evidence, mistake, and matters of statewide importance regarding Representative Meza. Plaintiff attaches his Proposed Amended Complaint. This motion is denied in a Minute Entry dated June 28, 2022.

**Case Number:** CV2021-013210
**Date Filed:** June 2, 2022
**Pleading Filed:** Supplement to Motion for Relief from Judgment and Orders

**Overview:**
Plaintiff provides additional irrelevant facts, alleging these new facts directly implicate many of the dismissed defendants.

**Case Number:** CV2021-013210
**Date Filed:** June 23, 2022
**Pleading Filed:** Motion to Take Judicial Notice of Facts
**Overview:**
Plaintiff requests judicial notice of unrelated and irrelevant facts regarding Representative Meza, who had already been dismissed. This motion is denied in a Minute Entry dated July 7, 2022.

**Case Number:** CV2021-017889
**Date Filed:** November 18, 2021
**Pleading:** Complaint
**Listed Defendants:** Courtney Hornback, John / Jane Does A- J, and ABC Companies 1- 10.

**Overview:**
Plaintiff files a lawsuit devoid of specific facts against an individual who allegedly hit his car at a red light.

**Case Number:** CV2022-014146
**Date Filed:** November 18, 2021
**Pleading:** Verified Complaint for Statutory Special Actions
**Listed Defendants:** Jami Snyder (Arizona Health Care Cost Containment System Director) and Mercy Care

**Overview:**
Plaintiff files a public records lawsuit against a private nonprofit, Mercy Care, to obtain documents allegedly in Mercy Care's possession regarding fundraising activities by Representative Meza. Mercy Care and Representative Meza were also named defendants in CV2021- 013210 and implicated in CV2021-005501.

**Case Number:** CV2022-014146
**Date Filed:** October 25, 2022
**Pleading:** Application for Order to Show Cause

**Overview:**
Plaintiff requests the court to enter an Order to Show Cause requiring Mercy Care to show cause why the relief in his Complaint should not be granted.

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

IN THE MATTER OF PROHIBITING ) 
JOHN DANKO III FROM FILING ANY )
LAWSUIT IN MARICOPA COUNTY )    ADMINISTRATIVE ORDER
WITHOUT OBTAINING PRIOR )         No. 2023-135
PERMISSION FROM THE COURT )

This matter was referred by the Honorable Peter Thompson to consider issuing an administrative order declaring John Danko III a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

Judge Thompson's referral is a result of his order designating Mr. Danko a vexatious litigant in the case of *John Danko III v. Jonathan Adam Dessaules, et. al.,* CV2022-092712. Judge Thompson noted that Mr. Danko had filed over forty lawsuits in various courts which "are unsupported by facts as alleged, argue legal positions which are not founded in the law or reasonable interpretations of the law, re-argue the same positions again and again with no regard for rulings of the Court, and promote abuse of process." Judge Thompson further noted that Mr. Danko's cases make the same far-fetched allegations against the defendants; including that they committed assault, battery, negligent infliction of emotional distress, trespass, slander, defamation and abuse of process, without alleging factual bases for these allegations. Judge Thompson ordered that Mr. Danko "may not file any new pleading, motion or other document in this case or any other pending civil action without prior leave of the judge assigned to that case."

Mr. Danko appealed Judge Thompson's order to Division One of the Arizona Court of Appeals under case number 1 CA-CV 23-0017. Judge Thompson ordered a stay of proceedings in CV2022-092712 pending resolution of the appeal. On August 15, 2023, the Court of Appeals affirmed Judge Thompson's order finding that, while Mr. Danko

waived the issues at appeal by failing to cite to any legal authority or appropriate references to the record, the Court reviewed the record itself and found Judge Thompson properly designated Mr. Danko a vexatious litigant.

Attachment "A" to this Order is a table that the Clerk of the Superior Court has provided reflecting all lawsuits filed by Mr. Danko in the Superior Cour over the past three years: While Mr. Danko's appeal has been pending before the Court of Appeals, in the past four months he has filed 27 additional civil complaints in the Superior Court against various defendants in which he appears to allege the same types of allegations as in his previous cases. Many of these cases have been dismissed by the Court. Many appeals taken by Mr. Danko have been denied by the Court of Appeals. Many of the lawsuits have never been served on the defendants.

For the reasons set forth above and incorporating the findings of fact and conclusions of law of both Judge Thompson and the Court of Appeals, the Court finds that Mr. Danko has engaged in vexatious conduct by filing claims or requests for relief that have been subject to previous rulings in previous litigation; has unreasonably expanded court proceedings; and has brought court actions without "substantial justification" as defined in A.R.S. §12-349.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Danko established pattern of abuse.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Danko may not file any new causes of action as a pro se litigant after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2. Mr. Danko may not file any further pleading or motion in any of his current lawsuits as a pro se litigant without first seeking leave from the judicial officer assigned to that lawsuit.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Danko must either cite this order in his application, or attach as an exhibit a copy of this order.

4. Any request for fee waiver or deferral may only be granted by the Civil Presiding Judge or his/her designee.

If approval for filing a new action by Mr. Danko is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Danko. This Administrative

Order does not preclude Mr. Danko from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

Dated this 6th day of September, 2023.

_____/S/_____
Honorable Joseph C. Welty
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Jeffrey Fine, Clerk of the Superior Court
               Hon. Danielle Viola, Civil Department Presiding Judge
               Hon. Peter Thompson
               Raymond L. Billotte, Judicial Branch Administrator
               Luke Emerson, Civil Department Administrator
               Jessica Fotinos, Office of the Clerk of the Superior Court
               John Danko III
               Johnathan A. Dessaules, Dessaules Law Firm

ATTACHMENT "A"
Summary of Civil Cases Filed in Superior Court by John Danko III

| Case Number | Case Initiated | | Status |
|---|---|---|---|
| CV2020-093942 | 7.2.2020 | Brian Dumas | 10.25.2021 Mandate filed of Court of Appeals affirming Superior Court's dismissal of injunction against harrassment. |
| CV2021-012469 | 8.6.2021 | Sally Cotton, Cordell & Cordell PC, Whitney Thwaites | 4.21.2023 Court of Appeals order dismissing appeal filed. |
| CV2021-091836 | 4.14.2021 | Government Employees Insurance Company and Geico Casualty Company | 1.10.2023 ME dismissing case with prejudice. |
| CV2022-003426 | 3.21.2022 | Brian Oliver Dumas | 5.5.2022 ME denying motion for protective orders. |
| CV2022-090853 | 2.28.2022 | Carol Joy Elkins Faris | 12.19.2022 Order granting change of venue to Pima County; 3.23.23 ltr from Pima Court abandoning case due to non-payment of filing fees. |

| | | | |
|---|---|---|---|
| CV2022-090899 | 3.2.2022 | Jennifer Ann Naimolski and David Gerard Manzi | Transferred to Pima County; 8.16.2022 Ruling by Judge Gary Cohen dismissing case and returning the file to Maricopa County. |
| CV2022-090957 | 3.5.2022 | Brooklyn Danielle Yancey | 4.19.2023 Pltf filed a motion for default judgment |
| CV2022-091236 | 3.22.2022 | Brian Oliver Dumas | 9.12.2022 Pltf filed a motion for service by email from defs counsel. |
| CV2022-091257 | 3.23.2022 | Erica Leann Gadberry Leavitt and Berkshire Law Firm | 4.3.2023 Case transmitted to Court of Appeals Div One. |
| CV2022-091325 | 3.29.2022 | Brooklyn Danielle Yancey, Trava Danielle Yancey and Insureco Insurance Agency | 2.2.2023 ME staying proceedings pending resolution of appeal. |

| CV2022091377 | 3.30.2022 | Katherine Ann Py Wainscott, John Robert Clayton, James Bradley Wainscott, Barbara Ann Barker, Bloodhound Investigation Services, Jacklyn B. Clayton, Loretta Dupree Clayton, Lowcountry PI Services, Daniel Carson Boles, Andrew Sims Radeker, John Martin Grandland, Mark Andrew Peper and Christopher Michael Ramsey | 5.10.2023 appeals index filed. |
| CV2022091418 | 4.4.2022 | Amanda Stacia Chua | 3.24.2023 Court of Appeals rder dismissing appeal. |
| CV2022091498 | 4.11.2022 | Craig Louis Cline and Udall Law Firm | 5.11.2023 Letter from Court of Appeals to COC dismissing appeal. |
| CV2022091521 | 4.7.2022 | Mark D. Lammers | 1.5.2023 transmitted to Court of Appeals. |
| CV2022091558 | 4.12.2022 | Donald Darr Colburn | 5.18.2023 ME vacating ADR referral. |
| CV2022091584 | 4.14.2022 | Craig L. Cline | 5.17.2023 Court of Appeals order dismissing appeal for lack of jurisdiction. |

| | | | |
|---|---|---|---|
| CV2022091631 | 4.18.2022 | Jon T. Clabaugh, Jr. | 2.1.2023 ME staying case pendinng resolution of appeal filed. |
| CV2022091667 | 4.19.2022 | Catherine Townes Johnson | 2.2.2023 ME staying case pendinng resolution of appeal filed. |
| CV2022091728 | 4.22.2022 | Amanda Jones Johnson | 12.30.2022 Scheduling order followed by return mail for both pltf and def. |
| CV2022091833 | 4.29.2022 | Danielle N. Chronister | 4.4.2023 Court of Appeals order consolidating appeal and staying appeal. |
| CV2022091901 | 5.4.2022 | Sitar J. Bhatt | 3.6.2023 Court of Appeals order dismissing appeal. |
| CV2022091921 | 5.5.2022 | Craig L. Cline | 4.17.2023 appeals index filed. |
| CV2022091994 | 5.10.2022 | Suzanne L. Hawkins Duff | 4.4.2023 Court of Appeals order consolidating appeal and staying appeal. |
| CV2022092051 | 5.12.2022 | Craig L. Cline | 5.1.2023 ME denying pltfs motion for final signed order. |
| CV2022092321 | 5.31.2022 | James Benjamin Stevens | 4.4.2023 Court of Appeals order consolidating appeal and staying appeal. |

| | | | |
|---|---|---|---|
| CV2022092369 | 6.3.2022 | Stephanie Lasiter Jackson | 5.19.2023 ME granting defs motion to dismiss. |
| CV2022092712 | 6.22.2022 | Jonathan Adam Dessaules, Dessaules Law Firm and Douuglas Michael Imperi, , Jr. | 4.27.2023 appeals index filed. |
| CV2022093956 | 9.6.2022 | Susan Rawls Edwards Strom | 5.9.2023 appeals index filed. |
| CV2022094224 | 9.22.2022 | Jennifer Ann Naimolski Manzi | 5.19.2023 Defs request for removal from dismissal calendar and request to dismiss. |
| CV2022094850 | 11.2.2022 | Stephanie Ruotolo Fajardo | 4.18.2023 Letter from Court of Appeals to Jeff Fine re dismissal of appeal. |
| CV2023091914 | 4.25.2023 | Cordell & Cordell PC, Whitney Thwaites and Sally Colton | 8.31.23 - Some defs served and some just attempted. 8.16.23 Def filed response to motion to dismiss. |
| CV2023091973 | 4.28.2023 | Carol Joy Elkins Faris | 8.31.23 - Some defs served and some just attempted. |

| | | | |
|---|---|---|---|
| CV2023092021 | 5.2.2023 | Gary W. Reash, Jr., Paul Charles Larosa, II, Logan Armbruster, Ashley Nicole Phillips Croy, Brandon K. Croy, Joshua W. Ballentine, Vance Alan Stephenson, Matthew W. Kinard, Denise S. Jones, Jason A. Jones, Bary Dean Sowards and Neil Power | 8.31.23 - Some defs served and some just attempted. |
| CV2023092128 | 5.8.2023 | Charles Marion Grant, Inter-State Investigative Services Inc. and Randolph Lee Downer, Jr. | 8.31.12 Some defs served and some just attempted. |
| CV2023092173 | 5.10.2023 | Daniel Carson Boles | Def served 8.6.2023. |
| CV2023092255 | 5.15.2023 | Richard Giles Whiting | Def served 8.23.2023. |
| CV2023092320 | 5.17.2023 | Margaret Antley Collins | Def served 8.16.2023. |
| CV2023092344 | 5.18.2023 | Ashley Elizabeth Ameika | Def served 8.17.2023. |
| CV2023092612 | 6.5.2023 | Gregory Samuel Forman | Def served 8.23.2023. |
| CV2023092715 | 6.9.2023 | Jean Perrin Derrick | 8.23.23 non-service attempts; 8.30.23 ME - notice of intent to dismiss. |
| CV2023092772 | 6.13.2023 | Katherine Rose Myers Wilson | No service as of 8.31.23; 8.30.23 ME - notice of intent to dismiss. |
| CV2023092835 | 6.16.2023 | David Pierce Uffens | No service as of 8.31.23; 8.30.23 ME - notice of intent to dismiss. |

| | | | |
|---|---|---|---|
| CV2023092883 | 6.20.2023 | George Robin Alley | Def served 8.29.2023; 8.30.23 ME - notice of intent to dismiss. |
| CV2023093005 | 6.27.2023 | Kenneth Eldon Peck | No service as of 8.31.23; 8.28.23 motion to extend service. |
| CV2023093014 | 6.28.2023 | James Thomas McLaren | No service as of 8.31.23; fees waived. |
| CV2023093090 | 7.3.2023 | John Robert Bolt | No service as of 8.31.23; fees waived. |
| CV2023983122 | 7.6.2023 | Christopher Michael Ramsey, John Maartin Grandland, Andrew Sims Radeker, Mark Andrew Peper | No service as of 8.31.23; fees waived. |
| CV2023093159 | 7.7.2023 | Tracy D. Amos Fulmer | No service as of 8.31.23; fees waived. |
| CV2023093202 | 7.11.2023 | Michael Douglas Miller | No service as of 8.31.23; fees waived. |
| CV2023093341 | 7.18.2023 | Ketti Elizabeth McCormick, Ketti McCormick PLLC | No service as of 8.31.23; fees waived. |
| CV2023093347 | 7.18.2023 | James Luis Csontos, Black W. Whiteman | No service as of 8.31.23; fees waived. |
| CV2023093393 | 7.21.2023 | Aaron Matthew Finter | No service as of 8.31.23; fees waived. |
| CV2023093439 | 7.25.2023 | Bernadette Angelica Ruiz | No service as of 8.31.23; fees waived. |
| CV2023093516 | 7.28.2023 | Alyssa Nicole Haladay Richardson | No service as of 8.31.23; fees waived. |

| | | | |
|---|---|---|---|
| CV2023093592 | 8.1.2023 | Edina Alexia Tanja Strum | No service as of 8.31.23; fees waived. |
| CV2023093823 | 8.10.2023 | Jennifer Carr Savitz, Michelle Patricia Cruz, Michelle Smith Gorski, Alicia G Isaac Hoyt Pellegrin, Deborah Kirk Elder, Shelby Dorton, Cami Lynne Antrim, Debbie Trayham, Steven Gerald Lopz, Eduardo G. Cifuentes | No service as of 8.31.23; fees waived. |
| CV2023093875 | 8.14.2023 | Paul E. Willman | No service as of 8.31.23; fees waived. |

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA COUNTY**

| | |
|---|---|
| IN THE MATTER OF PROHIBITING JESSIE LEWIS FROM FILING ANY LAWSUIT IN MARICOPA COUNTY WITHOUT OBTAINING PRIOR PERMISSION FROM THE COURT | ) ) ) ) ) ) |

ADMINISTRATIVE ORDER
No. 2024- 046

     This matter was referred by the Honorable John R. Hannah, Jr. to consider issuing an administrative order declaring Jessie Lewis a vexatious litigant. Upon review of other matters filed in this Court, and considering all the matters presented, the Court makes the following findings and orders.

     Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). A.R.S. § 12-3201(E) defines vexatious conduct to include repeated filing of court actions solely or primarily for the purpose of harassment, filing claims unreasonably expanding or delaying court proceedings, bringing court actions without substantial justification, and filing claims or requests for relief that have been the subject of previous rulings by a court in the same litigation.

     Judge Hannah's referral is the result of a motion to designate Mr. Lewis a vexatious litigant filed by Defendants Maricopa County Attorney Rachel Mitchell, Deputy County Attorneys Barbara Marshall, Jason Kalish, and Ryan Green, and joined by Defendants Governor Katie Hobbs and AOC Director David Byers. The motion was filed on September 25, 2023, in the case of *Jessie Lewis v. State of Arizona, et al.,* CV2023-008314. After notice and an opportunity to respond to the motion seeking to declare him a vexatious litigant, Mr. Lewis did not respond. On November 6, 2023, Judge Hannah recommended that Mr. Lewis be designated a vexatious litigant.

     Mr. Lewis has a lengthy history of litigation that began after his criminal conviction in 2015. Mr. Lewis was arrested on September 22, 2014, by the Phoenix Police Department ("PPD") for being a prohibited possessor of a firearm. On March 23, 2015, a jury convicted Mr. Lewis of misconduct involving a weapon. Mr. Lewis filed numerous actions challenging his conviction. Each time he did not prevail, he appealed the court's ruling. He also began bringing civil actions against the arresting officers, a Phoenix Police Sergeant with unknown involvement in the arrest, PPD, three separate Phoenix Chiefs of Police, the prosecutors, his defense attorneys, and the Judge presiding over his trial. Not

content with suing those directly involved in his criminal prosecution, Mr. Lewis eventually expanded the field of defendants to include the State of Arizona and various government officials with no connection to his conviction.

Mr. Lewis knew that his legal theories had no merit because he repeatedly raised the allegations in his criminal case through direct appeals and Rule 32 proceedings. When he did not prevail, he appealed to the Court of Appeals. When his appeals failed, he initiated civil actions. When the civil actions did not prevail, he appealed yet again. When Mr. Lewis exhausted his ability to file in federal court without paying filing fees, he then shifted to litigating in state courts.

Below is a summary of Mr. Lewis's civil litigation directly related to his 2014 criminal prosecution.

In *Lewis v. City of Phoenix Police Department,* CV2014-014620, and *Lewis v. City of Phoenix Police Department,* CV2014-014620, Mr. Lewis filed companion lawsuits alleging that the PPD, then-Chief of Police Daniel Garcia, and Officer Nicholas Welch, one of the arresting officers in the criminal case, wrote a frivolous/retaliatory citation and failed to transport him to court. The court dismissed the complaints with prejudice in March and April, 2015.

In *Lewis v. State of Arizona,* CV-15-00411-PHX-JAT, U.S. Dist. Ct., Dist. of Ariz, Mr. Lewis filed a lawsuit against the State of Arizona; PPD Officers Mullen, Whitlock, and Welch (the arresting officers); PPD Sgt. Doherty; then-Deputy County Attorneys Jared Johnson and Scott Wolfram; and then-Attorney General Mark Brnovich. Mr. Lewis entitled his complaint as "Treason Against Plaintiff Lewis." The court dismissed the complaint but permitted Mr. Lewis an opportunity to amend. He filed an amended complaint against the arresting officers alleging a fabricated police report and that the officers conspired and constructed a false story. The district court did not address the merits of the complaint. Instead, the court identified 15 previous cases filed by Mr. Lewis. After an opportunity for Mr. Lewis to be heard, the Court determined that three of the cases counted as strikes under 28 U.S.C. § 1915(g) and dismissed the case. *Lewis v. State of Arizona,* CV-15-00411-PHX-JAT, U.S. Dist. Ct., Dist. Of Ariz., Order, Doc. 12 at 3.

In *Lewis v. Hon. John Ditsworth,* 1 CA-SA 15-0097, Mr. Lewis improperly filed a special action in the Court of Appeals seeking an appeal of his conviction despite receiving instructions on how to appeal his conviction. On April 15, 2015, the Court of Appeals declined to accept jurisdiction.

In *Lewis v. Hon. John Ditsworth,* 1 CA-SA 15-0133, Mr. Lewis filed another special action. The Court of Appeal again declined to accept jurisdiction on May 11, 2015.

In *Lewis v. Davison,* CV2015-005520, Mr. Lewis sued his criminal defense attorneys, Harla Davison and Zach Murphy, for ineffective assistance of counsel, legal malpractice, and racketeering. The court dismissed the action with prejudice because amendment was futile. Nevertheless, Mr. Lewis appealed the ruling asserting that

Davison and Murphy aided and abetted each other in a conspiracy to injure and oppress him. The Court of Appeals affirmed the dismissal. *Lewis v. Davison,* 2016 WL 7209680, ¶ 8 (Ariz. App. Dec. 13, 2016), 1 CA-CV 15-0857.

In *Lewis v. Ryan,* CV-17-00220-PHX-JAT, U.S. Dist. Ct., Dist. Of Ariz, Mr. Lewis filed a petition for writ of habeas corpus, raising four grounds. The court found that three grounds were without merit, and the fourth ground was procedurally barred. The court denied issuance of a certificate of appealability.  Mr. Lewis appealed to the Ninth Circuit. The Ninth Circuit rejected Plaintiff's request for a certificate of appealability and terminated the appeal. *Lewis v. Ryan,* 2018 WL 3868757 (9th Cir. July 13, 2018), 18-15226.

In *Lewis v. State of Arizona*, CV2019-094271, Mr. Lewis brought an action against the State of Arizona, then-Attorney General Mark Brnovich, Deputy County Attorney Jared Johnson, then-Chief of Police for PPD Jeri Williams, and PPD Officer Dusten Mullen alleging that they conspired to falsify and tamper with evidence in his criminal case and violated his state and federal constitutional rights. The State of Arizona and the Attorney General were not involved in the prosecution of his criminal case. The prosecutor, Jared Johnson, was entitled to prosecutorial immunity. The PPD personnel had previously been dismissed with prejudice. The trial court did not reach these defenses; it dismissed the action because Plaintiff failed to follow the court's orders. Mr. Lewis appealed, and the Court of Appeals dismissed the appeal for lack of jurisdiction. *Lewis v. State of Arizona,* 1 CA-CV 20-0224.

In *Lewis v. State of Arizona,* CV2019-094250, Mr. Lewis initiated a lawsuit against the State of Arizona, then-Attorney General Mark Brnovich, Deputy County Attorney Jared Johnson, then-Chief of Police for PPD Jeri Williams, PPD Officers Dusten Mullen, Taylor Whitlock, and Nicholas Welch. The lawsuit essentially duplicated the previous case that was dismissed, CV2019-094271. This time the lawsuit was dismissed *with prejudice* for failure to file a notice of claim, expiration of the statute of limitations, and failure to state a claim against the State of Arizona and then-Attorney General Mark Brnovich. The trial court found the last possible date of accrual for any causes of action related to his criminal case was May 1, 2015, when Mr. Lewis was sentenced. The trial court also addressed the fact that the State of Arizona and Attorney General Mark Brnovich were not involved in Mr. Lewis's criminal prosecution. Mr. Lewis appealed arguing that the statute of limitations was not triggered until the denial of his habeas petition on appeal. The Court of Appeals found that the latest da+te Plaintiff was injured was his sentencing on May 1, 2015, and affirmed the dismissal of the action.

In *Lewis v. Superior Court of Ariz.,* CV2020-092566, Mr. Lewis began a new campaign of harassment. He realized he could no longer directly attack his arrest or conviction due to the statute of limitations. He changed strategy and decided to litigate against individuals with no connection to his criminal prosecution based on radical new theories of securities fraud and tax claims. Specifically, Lewis began to allege that prosecutor Jared Johnson fraudulently obtained GSA bonds to fund the prosecution against Mr. Lewis. Mr. Lewis is referring to a process used by contractors bidding on

federal contracts for the United States General Service Administration, the procurement arm of the federal government. Contractors put up bonds in order to bid on a federal contract; bonds are not "sold" by the GSA. No state officials are involved in GSA bonds; it is a strictly federal process controlled by federal law. These bonds have no relation to the criminal justice system. Mr. Lewis began asserting that random public officials were responsible for these fraudulent bonds and were required to provide him with tax form 1099 OID. He alleged that he may send a demand letter to any person he so desires and, if they fail to provide him with the 1099 OID form, he may then file a lawsuit against them. He asserts that the demand letter restarts the statute of limitations, thereby freeing him to sue an unlimited number of individuals *ad infinitum*. He named as defendants the Superior Court of Arizona, previous Clerks of Court Michael L. Jeanes and Chris DeRose, current Clerk of Court Jeff Fine, K. Whitson, J. Cardenas, A. Gonzales, then-Arizona Secretary of State Katie Hobbs, and Arizona Treasurer Kimberly Yee, alleging that they were committing securities fraud and neglecting their fiduciary duties by selling GSA bonds and failing to recall them. Mr. Lewis's claim was frivolous on its face. However, the court did not need to reach the merits. The case was dismissed for failing to comply with the notice of claim statute. Mr. Lewis appealed, and the Court of Appeals affirmed the dismissal. *Lewis v. Superior Court of Arizona,* 2022 WL 16570916 (Ariz. App. Nov. 1, 2022), 1 CA-CV 21-0730.

In *Lewis v. U.S. Dist. Ct. Ariz.,* CV-22-00699-PHX-DJH, U.S. Dist. Ct. for the Dist. of Ariz., Mr. Lewis initiated an action against the United States District Court for the District of Arizona and the Honorable James A. Teilborg, Clerk of Court Debra D. Lucas, and L. Dixon. He entitled the action as "Petitioner Requesting All Records Related to Constructive Trust Account and the Current Holder and Purchaser of Bonds re: CR2014-146307-001-DT Under Title 5 U.S.C. § 552 Freedom of Information Act." The title unquestionably ties this 2022 action to his 2014 criminal case. He alleged that "all government officials and or employees conspired to illegally keep Jessie Lewis confined against his will[.]" The court did not reach the merits of the case and dismissed the action because he had been designated a vexatious litigant. He appealed, but the Ninth Circuit required him to pay the filing fee. He did not pay the fee, and the appeal was dismissed for failure to prosecute. *Lewis v. United States District Court for the District of Arizona,* 2022 WL 16945889 (9th Cir. Sept. 7, 2022), 22-15753.

In the action that prompted the motion to designate Mr. Lewis as a vexatious litigant, *Lewis v. State,* CV2023-008314, Mr. Lewis initiated an action against the State of Arizona, Attorney General Kristin K. Mayes, Governor Katie Hobbs, the Honorable John R. Ditsworth, L. Mitchell, Theresa Rodriguez, David K. Byers-Director of the Administrative Office of the Arizona Supreme Court, the State Bar of Arizona, Maricopa County Attorney Rachel H. Mitchell, Deputy County Attorney Barbara Marshall, Bureau Chief Jason Kalish, Division Chief Ryan Green, then-Deputy County Attorney Elizabeth Beringhaus, and then-Deputy County Attorney Jared L. Johnson, alleging that he demanded they provide him federal tax form 1099 OID and that they failed to do so. He tied the issuance of the GSA bonds to the prosecution of his criminal case. However, the only defendants related to his criminal case were the prosecutor, Jared Johnson, and the judge, the Honorable John R. Ditsworth. Both were entitled to absolute immunity, and the

statute of limitations expired eight years ago. Mr. Lewis had no colorable claim against the remainder of the Defendants. The Court dismissed the action for failure to state a claim and failure to comply with the notice of claim statute. Mr. Lewis appealed, and the appeal is pending. *Lewis v. State of Arizona,* 1 CA-CV 23-0713.

In *Lewis v. City of Phoenix Police Dep't,* CV2023-009839, Mr. Lewis filed a lawsuit against PPD and current Phoenix Chief of Police Michael Sullivan alleging that he sent them three letters in 2022 and 2023 regarding his false imprisonment and accepting their offer of oath for public service. He expected them to review his defensive claims regarding the reading of his Miranda rights, officers committing perjury, fraud, peonage, tampering with a public record, obstruction of justice, racketeering activity, and breach of contract – oath of office. These claims relate to Mr. Lewis's 2014 arrest and 2015 conviction. Under Mr. Lewis's theory, however, he may re-start the statute of limitations by sending letters demanding action. Their failure to meet his demands resulted in the lawsuit. The case is currently pending dismissal for lack of service.

Mr. Lewis has shown repeated abuse of the trial and appeals courts, in federal and state court. The federal court deemed him a vexatious litigant in 2015 and, ultimately, Mr. Lewis stopped filing new lawsuits in federal court because he was required to pay the filing fee. Mr. Lewis has asserted his intention to continue suing individuals under his theory that his demand letters create new causes of action.

For the reasons set forth above, the Court finds that Mr. Lewis has engaged in vexatious conduct by the repeated filing of court actions solely or primarily for the purpose of harassment and brought actions without "substantial justification" as defined in A.R.S. § 12-349.

The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds the orders set out below to be the least restrictive orders that will adequately address Mr. Lewis's established pattern of abuse.

**IT IS THEREFORE ORDERED** as follows:

1.  Mr. Lewis may not file any new causes of action as a pro se litigant in any way related to his criminal arrest, prosecution, or conviction, including the issuance of any alleged bonds, after the date of this order without leave of the Civil Presiding Judge or his/her designee.

2.  Any motion for leave to file any lawsuit shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Lewis must either cite this order in his application or attach as an exhibit a copy of this order.

3.  Any request for fee waiver or deferral may only be granted by the Civil Presiding Judge or his/her designee.

If approval for filing a new action by Mr. Lewis is granted, the Clerk of Court may accept subsequent filings in that cause number from Mr. Lewis. This Administrative Order does not preclude Mr. Lewis from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

Dated this 24th day of April, 2024.

/s/ Joseph C. Welty
Honorable Joseph C. Welty
Presiding Judge

Original:      Clerk of the Superior Court

Copies:        Hon. Jeffrey Fine, Clerk of the Superior Court
               Hon. Danielle Viola, Civil Department Presiding Judge
               Hon. John Hannah
               Raymond L. Billotte, Judicial Branch Administrator
               Luke Emerson, Civil Department Administrator
               Jessica Fotinos, Office of the Clerk of the Superior Court
               Kim Chamberlain, Office of the Maricopa County Attorney
               Anna G. Critz, Office of the Maricopa County Attorney
               Hannah Chute, Office of the Attorney General
               Lindsey Gilman, Office of the Attorney General
               Jessie Lewis, Arizona State Prison - Tucson

FILED

2016 FEB 24   AM 8: 24

LYNN FAZZ
CLERK OF SUPERIOR COURT
YUMA ARIZONA 85364

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| IN THE MATTER OF: | ) |
| LEONARD A. RIENDEAU | ) |
| And H. LORRAINE RIENDEAU | ) |
| husband and wife | ) |
| | ) |

Administrative Order
No. 2016-02
and
Amending Admin Order 2013-05

     The above matter has been referred to the undersigned by the Honorable Larry Kenworthy to address continuing concerns that the Riendeaus are vexatious litigants in on going litigation in Yuma County Superior Court Case #S1400CV201001521,  Riendeau  v Thomas, Thomas, Markson, PC et al.

     This court previously entered Findings and Orders under Administrative Order 2013-5 finding the Riendeaus to be vexations litigants in case #S1400CV200600284 Riendeau v Walmart.  The undersigned at that time ordered that the Riendeaus, individually and jointly were precluded from filing any further pleadings or motions pertaining to Riendeau v Walmart without permission of the Presiding Judge.  Unknown to the undersigned at the time, the Riendeaus had another pending lawsuit Riendeau v Thomas, Thomas and Markson PC et al, and above referenced.  The defendants in that case are the attorneys who represented Walmart in the first case.

     At the time the undersigned entered Administrative Order 2013-5, A.R.S. §12-3201 pertaining to vexatious litigants had not yet become law.  A.R.S.§ 12-3281 sets forth the

1

requirements and the protocol for the court to make findings and to issue orders with regards to vexatious litigants. These statutory requirements are consistent with pre-existing case law of Madison v Groseth 230 Ariz 8 (App 2012) and DeLong v Hennessey 912 F 2d 1144 (9th Circuit 1990).

Over the course of the Riendeau v Walmart and Riendeau v Thomas et al, litigation, there have been four appeals to the Arizona Court of Appeal filed by the Riendeaus. None have been successful. In the memorandum decision filed on October 2, 2012 in Riendeau v Thomas et al, the Appellate Court noted that the present case was directly related to the Riendeau v Walmart case and held that the Riendeau's claim for damages against the law firm for alleged fraud had no merit.

The Riendeaus filed a second appeal following the above memorandum decision and once again on April 21, 2015, the Appellate Court concluded the following:

> Appellants present no meritorious legal claim and seek to litigate issues that are not properly before us and that have been decided against them repeatedly in prior proceedings. Appellants have grossly expanded the legal proceedings that commenced in 2006 (Riendeau v Walmart), unduly, burdening opposing parties and the judicial system in the process. We therefore, award Appellees their costs and attorney fees on appeal upon compliance with ARCAP 21.

In entering its findings and orders in this administrative order, the undersigned adopts all of the facts as set forth in all four appellate decisions.

It would appear that final judgment has been entered in Riendeau v Thomas, Thomas and Markson et al., however, given the past vexatious behavior of the Riendeaus that may not be the case.

On February 16, 2016, counsel for the defendants Thomas, Thomas and Markson, P.C. filed a Motion for Order Declaring Plaintiffs Vexatious Litigants and have requested that the Plaintiffs, jointly and severally be declared to be vexatious and to restrict them from filing any further pleadings, including any derivative lawsuit and post judgment motions, to include the presently named defendants, their employees, their attorney Daniel A. Zanon, any future attorney

2

or agent, Allied World National Assurance Company, and all principal, subsidiaries and their employees.

Defendant's motion is well taken.  In fact, every criteria set forth under A.R.S. 12-3201 E 1 and 2, except ie have been unequivocally documented.  Plaintiff's conduct in both lawsuits clearly evidences their intent to harass, by litigation anyone or any entity remotely connected with their earlier original litigation involving Walmart.  This litigation is replete with frivolous and redundant motions, pleadings and requested relief previously denied.  This includes the substance of the complaint filed against the defendants Thomas, Thomas and Markson P.C. et al, which had no merit whatsoever.  Plaintiff's entire conduct, the undersigned concludes is without any justification, not just "without substantial justification".

The judicial system is available to all with access to the courts available to resolve meritorious and legitimate controversies.  The Riendeaus have been repeatedly sanctioned and ordered to pay attorney fees.  No pro se litigant(s) should be denied access to the courts unless it is clear that they are vexatious.  The Riendeaus have previously been found to be such and once again, qualify as such.

**IT IS ORDERED,** effective immediately, the following:

1.  Amending Administrative Order 2013-5 to include these findings and orders.

2.  Ordering the Riendeaus not file any new pleadings, motions or other document in S1400CV201001521 Riendeau v Thomas, Thomas and Markson P.C. et al without prior leave of the court.

3.  Ordering the Riendeaus to not file any new lawsuit or complaint against the defendants, their principals or employees, their attorney or agent(s) Allied World National Assurance Company and all principal, subsidiaries and employees anyone connected with case S1400CV200600284 Riendeau v Walmart without prior leave of the court.

4.  Ordering the Riendeaus not file any new lawsuit or complaint against any individual or entity without the Clerk of the Court first advising the Presiding Judge of the new litigation and providing copies of the pleadings and documents for the Presiding

1    Judge to review and determine if the new litigation is derivative or in any way related

2    to the prior cases.

3    5.   **IT IS FURTHER ORDERED** that a copy of this administrative order shall be

4    mailed to the Riendeaus and the defendants Thomas, Thomas, Markson P.C. and their

5    attorney.

7    DATED: February 23 , 2016.

9    _____
     Honorable John N. Nelson
     Presiding Judge

12   COPIES TO:

13   Hon. Larry Kenworthy
     Hon. John Paul Plante
14   Hon. Mark Wayne Reeves
     Hon. Maria Elena Cruz
15   Hon. David M. Haws
     Hon. Kathryn Stocking-Tate
16   Hon. Stephen J. Rouff
     Hon. Lisa Bleich
17   Hon. Lynn Fazz, Clerk of Superior Court
     Margaret C. Guidero, Court Administrator
18   Kathy Schaben, Trial Court Administrator
     Dona Miller-Robbins, Caseflow Manager

20   THOMAS, THOMAS & MARKSON
     Benjamin C. Thomas
21   Monique A. Simpson
     2700 North Central, Suite 800
22   Phoenix, AZ 85004

23   Daniel A. Zanon
     Biltmore Corporate Park
24   6245 North 24th Parkway, Suite 209
     Phoenix, AZ 85016

26   Leonard A. Riendeau and
     H. Lorraine Riendeau
27   2016 Camino Barranca
     Yuma, AZ 85364

4

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCONINO

In the Matter of:                            )
                                             )         ADMINISTRATIVE ORDER
PROHIBITING ESTRELLITA SEIT FROM             )            No. 2020-018
FILING ANY LAWSUIT IN COCONINO               )
COUNTY WITHOUT OBTAINING PRIOR               )
PERMISSION FROM THE COURT                    )

      This Court has reviewed eleven civil cases field by Estrellita Seit since April 28, 2020. The complaints do not conform with Arizona Rules of Civil Procedure, are nearly illegible to read, are devoid of any cognizable claim and are not raised under any legal violation of any statute or law. Ms. Seit has already been determined to be a vexatious litigant (A.R.S. §12-3201) in CV2020-00195, *Seit v. Francisco* by Honorable Mark Moran. While this Court gives great weight to the direction given to it by *Rowland v. Kellogg Brown and Root, Inc.,* 210 Ariz. 530 (App. 2005), the Arizona Rules of Civil Procedure are established to grant notice and due process to a defendant. Both constitutional requirements are absent from all of the complaints filed by Ms. Seit.

      Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant who engages in vexatious conduct as a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,*230 Ariz. 8, 15, 279 P.3d 633 (App.2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources form those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention.

      Based upon the numerous civil complaints filed by Ms. Seit in other civil matters and upon review of those pleadings, this Court find that Estrellita Seit is a vexatious litigant and that the proscriptions against Ms. Seit from filing any further pleadings or actions should be imposed.

      IT IS THEREFORE ORDERED:

1. Ms. Seit may not file any new causes of action as a pro se litigant in any of the Coconino County Justice or Superior Courts after the date of this order without leave of the Presiding Judge or his/her designee.

2. Ms. Seit may not file any new pleadings, motion, or any other documents in any non-criminal cases in which judgment concluding the case has been entered without leave of the Presiding Judge or his/her designee.

3. Any motion for leave to file any lawsuit, pleading or motion shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Ms. Seit must either cite this order in her application or attach as an exhibit a copy of this order.

If approval for filing a new action by Ms. Seit is granted, the Clerk of Court may accept subsequent filings in that cause number from Ms. Seit. This Administrative Order does not preclude Ms. Seit from filing a Notice of Appeal or a Notice of Cross-Appeal in accordance with Arizona Rules of Civil Appellate Procedure Rule 8(a) and (b).

DATED this _____ day of September, 2020.

HON. DAN R. SLAYTON
Presiding Judge

FILED
REBECCA PADILLA
CLERK OF SUPERIOR COURT

2022 DEC 23 AM 11: 07

MMM

BY_____
DEPUTY

# IN THE SUPERIOR COURT
### Pinal County, State of Arizona

| | |
|---|---|
| **IN THE MATTER OF THE DESIGNATION OF JOE ROBERSON AS A VEXATIOUS LITIGANT** | **ADMINISTRATIVE ORDER** |
| | No. 2022-000 74 |

Pursuant to the inherent authority of Arizona courts to curtail a vexatious litigant's ability to initiate additional lawsuits, as further codified in A.R.S. § 12-3201, the Civil Presiding Judge has authority under Pinal County Administrative Order No. 2021-00055 to designate a *pro se* litigant as vexatious. Such orders must be entered sparingly and appropriately.

In proceedings brought under cause numbers CV202200431 and incorporating CV202200366, CV202200392, CV202200406, CV202200461, and CV202201812, the Civil Presiding Judge afforded Joe Roberson notice and an opportunity to be heard, identified all relevant cases, pleadings, and other actions, made substantive findings as to the frivolous and harassing nature of his actions, and determined that pre-filing restrictions are necessary and appropriate, being narrowly tailored to closely fit the specific vice at issue.

Therefore, **IT IS ORDERED** designating Joe Roberson as a vexatious litigant and prohibiting him from filing any new pleading, motion, or other document without prior leave of the court.

**DATED** this 23rd day of December, 2022.

Christopher J. O'Neil, Civil Presiding Judge

Original:    Clerk of the Superior Court
Copies:      Judges, Pinal County
             Rebecca Padilla, Clerk of the Court
             Todd Zweig, Court Administration

IN THE MATTER OF PROHIBITING *RACHEL BRIDGES* FROM FILING ANY LAWSUIT
IN A COCONINO COUNTY SUPERIOR OR JUSTICE COURT WITHOUT FIRST
OBTAINING PRIOR PERMISSION FROM THE COURT

## AMENDED ADMINISTRATIVE ORDER No. 2017-02

Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court may designate a pro se litigant a vexatious litigant. In addition, courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth,* 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira,* 188 Ariz. 252, 934 P.2d 816 (App. 1997). Filing abuses are normally controlled by rules of professional responsibility applicable to attorneys and by imposition of attorney fees or other monetary sanctions. Unfortunately, these tools are ineffective when dealing with an indigent, pro per Plaintiff.

The standard to determine whether a litigant is a vexatious litigant is found in A.R.S. § 12-3201(C) and (E)(1) and (2). Vexatious conduct includes, "Court actions brought or defended without substantial justification." Id. at (E)(1)(c). The term "without substantial justification" is defined by A.R.S. 12-349 means that the claim or defense is groundless and is not made in good faith.

This Court also takes judicial notice of its own file in cause number CR 2014-00418. In that case the Plaintiff was examined pursuant to Arizona Rules of Criminal Procedure, Rule 11 and on February 12, 2015 found the Plaintiff to be incompetent. The Court ordered Plaintiff to participate in and successfully complete mental health court.

The Court presents a short synopsis of the Plaintiff's actions that are currently pending in this court, and of the allegations in her complaints:

1. On October 29, 2015, Plaintiff filed a complaint for $350,000 against John Allen for kidnapping, specifically "I was taken to Kauai, and lived in a public mall, my car was taken, I was asked to marry a morman man. I was 17 years old, and did not have medical consent to be treated." Case number: CV2015-00564.
2. On January 11, 2017, Plaintiff filed a complaint against Rohan Marley for $5,000,000 for unpaid wages, specifically "I have worked on tour and at shows for the company. There has been a lot said of me in there (sic) music. There has been sexual contact." Case number: CV2017-00017.
3. On January 18, 2017, Plaintiff filed a complaint against Greg Allen for $8,000,000 for kidnapping, specifically "As a minor I was asked to live with a family, that I did not know, they flew me to Hawaii to live in a mall, and took VW Jetta, CRX Honda." Case number: CV2017-00028.

ADMIN. ORDER # 2017-02
March 6, 2017
Page 2 of 3

4. On January 18, 2017, Plaintiff filed a complaint against Ginger Hoover for $10,000,000 for "I was sexually harassed at a "ashram," men came into my room as well as took my car." Case number CV2017-00027.

5. On February 14, 2017, Plaintiff filed a complaint against Don Swanson for $850,000 for quiet title alleging a lack of a certificate of acknowledgment per A.R.S. 33-503 and alleging that "The use of the electric/water is to a different 'place'. The title owner my father Robert Bridges." Case number CV2017-00077.

6. On February 16, 2017, Plaintiff filed a complaint against J.R. Murry for $750,000 for "injury from not enough snow—(real)." CV2017-00082.

The Court has reviewed all of the above court files and the Plaintiff's pleadings. The Court concludes that in each and every case, the Plaintiff has failed to state a claim for which relief could be granted pursuant to Rule 12(b)(6), Arizona Rules of Civil Procedure. The Court also finds that the Plaintiff in each and every complaint failed to comply with Civil Rule 8 in the form and content of her pleadings. The Court also finds that in each and every instance the actions were brought without substantial justification and that in fact, every complaint filed is nonsensical and in violation of Rule 11. Based upon all of the above, the Court finds by a preponderance of the evidence that the Plaintiff is a vexatious litigant.

The Court finds that the Plaintiff's pattern of filing civil lawsuits to be an abuse of process and the justice system, that the cases filed have no basis in law and are not brought in good faith or supported by allegations or affidavits that satisfy Rules 8 and 11. The Court finds that this pattern constitutes vexatious litigation. The Court finds the order set out below to be the least restrictive orders that will adequately address Ms. Bridges' established pattern of abuse.

**IT IS ORDERED:**

(1) Ms. Bridges may not file any new causes of action in any of the Coconino County Justice or Superior Courts after the date of this order without leave of the Presiding Judge or his/her designee.

(2) Ms. Bridges may not file any new pleading, motion, or any other document in any non-criminal case in which judgment concluding the case has been entered without leave of the Presiding Judge or his/her designee. The only exception to this part of the order is that Ms. Bridges is not required to seek leave of the Court before filing a "Notice of Appeal", or a petition for protective order.

Any motion for leave to file shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Ms. Bridges shall either cite this order in her application, or attach as an exhibit a copy of this order. If approval for filing a new action is granted, the Clerk of the Court may accept subsequent filings in that cause number *only* from Ms. Bridges.

ADMIN. ORDER # 2017-02
March 6, 2017
Page 3 of 3

Ms. Bridges may file a written objection to this Order by submitting within 30 days of the issuance of the order a written objection to the Presiding Judge of Coconino County. Ms. Bridges must set forth in the objection specific facts or law that is applicable that indicate factual or legal errors in this Order.



Hon. Mark R. Moran
Presiding Judge
Coconino County Superior Court

03·06·17
Date

**FILED**

LB  AUG 1 4 2024

**AMY J. HUNLEY**
**CLERK OF SUPERIOR COURT**
**BY:** _____

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF COCHISE**

**ADMINISTRATIVE ORDER NO. 2024-019**

**IN RE:  DESIGNATING CHASTITY TRUITT A VEXATIOUS LITIGANT IN CASE NO. DO202200340**

 Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court or designee may designate a pro se litigant a vexatious litigant in a noncriminal case. For the reasons stated in the Order Designating entered on August 9, 2024, in Case No. DO202200340, the Presiding Judge has designated Ms. Chastity Truitt a vexatious litigant in that case.

**IT IS ORDERED**

1.  Chastity Truitt may not file pleadings in Case No. DO202200340, expect as provided in the Order Designating entered on August 9, 2024.

2.  The Presiding Judge has authorized the Trial Court in Case No. DO202200340 to determine the procedure Ms. Truitt must follow to seek permission to file a pleading which she does not have advance permission to file.

**DATED** this _14th_ day of August 2024.

**DAVID THORN**
**Presiding Judge**

FILED

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

JAN 1 6 2025

AMY J. HUNLEY
CLERK OF SUPERIOR COURT
BY: _____

ADMINISTRATIVE ORDER NO. 2025-003

IN RE:  DESIGNATING JEANETTE ROPPE A VEXATIOUS LITIGANT IN CASE NO.

PB202200195

 Pursuant to A.R.S. § 12-3201, the Presiding Judge of the Superior Court or designee may designate a pro se litigant a vexatious litigant in a noncriminal case. For the reasons stated in the Order Designating entered on January 16, 2025, in Case No. PB202200195, the Presiding Judge has designated Ms. Jeanette Roppe a vexatious litigant in that case.

IT IS ORDERED

1. Jeanette Roppe may not file pleadings in Case No. PB202200195, expect as provided in the Order Designating entered on January 16, 2025.

2. The Presiding Judge has authorized the Trial Court in Case No. PB20220195 to determine the procedure Ms. Roppe must follow to seek permission to file a pleading which she does not have advance permission to file.

DATED this ___16th___ day of January 2025.

DAVID THORN
Presiding Judge

w\o

## SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI

| SCOTT BACKUS, | Case No. V1300DO201380058 | FILED |
|---|---|---|
| Petitioner, | | DATE: **NOV 0 8 2018** |
| | | 2:55 O'Clock P. M. |
| vs. | **AMENDED ORDER: DENYING** | |
| | | *DONNA MCQUALITY, CLERK* |
| ANGELA LYNN CACY nka ELLISON, | | BY: J. HARSHMAN |
| Respondent. | | **Deputy** |

| HONORABLE DON STEVENS | **BY:** Rosie Flores, Judicial Assistant |
|---|---|
| **VERDE SEASONAL PRO TEM** | **DATE:** November 8, 2018 |

The Court has received Petitioner's *Motion to Modify Parenting Time/Legal Decision-Making*, filed September 10, 2018, and Petitioner's *Request for Order Granting or Denying Legal Decision-Making Hearing,* filed October 11, 2018.

Since this case was first filed in 2013, Petitioner has filed approximately 188 pleadings seeking essentially the same relief: changes in parenting time and legal decision-making. These issues were resolved by trial on or about July 7, 2014 and orders were entered by the trial court on or about July 15, 2014. Those rulings were appealed by Petitioner, and in May 2016, the trial court's rulings were affirmed. Since that time, Petitioner has continued to file pleadings that ignore the prior rulings and continue to seek the same relief.

A.R.S. §25-411(L) requires that: "To modify any type of legal decision-making or parenting time, a person shall submit an affidavit or verified petition **setting forth detailed facts supporting the requested modification and shall give notice…The court shall deny the motion unless it finds adequate cause for hearing the motion is established by the pleadings…**" (emphasis added).

The Court has reviewed the analysis of the factors included in A.R.S. §25-403 described in detail in the trial Court's July 7, 2014 Order, and makes the following findings of fact and law:

1. This Court finds that the same factors identified by the trial court's ruling on July 7, 2014 apply to Petitioner's current *Motion* and lead to the same result for the current *Motion,* since his conviction and incarceration status does not appear to have materially changed.
2. The Court notes that Petitioner was indicted on or about April 18, 2018 for possession or use of dangerous drugs and possession of drug paraphernalia, and criminal impersonation (V1300CR201880167).
3. The Court notes that Petitioner was indicted December 6, 2017 for possession or use of dangerous drugs, possession or use of marijuana, and possession of drug paraphernalia. (V1300CR201780625).
4. The Court notes that the State of Arizona alleged prior convictions in V1300CR201780625, including aggravated assault per domestic violence (2012), and failure to register as a sex offender (2008), failure to register as a sex offender (2005) and attempted robbery (2000).
5. The Court has reviewed the factors in A.R.S. §25-403 and specifically finds that the best interests of the child would not be served by the relief sought by Petitioner.
6. The Court further finds that the current *Motion to Modify Parenting Time/Legal Decision-Making* fails to provide the detailed facts supporting the requested modification, as required by A.R.S. §25-411(L).

*V1300DO201380058*
*Backus v. Ellison*
*November 8, 2018*
*Page 2*

7. The Court finds that Petitioner has not established any cause, let alone adequate cause, for the requested modification.
8. The Court has reviewed Petitioner's suggestion that there are reasonable ways to allow parenting time while he is incarcerated. The Court finds that it is still not reasonable to subject a child of her age to parenting time in a correctional facility, with or without the use of electronic means.
9. The Court finds that Petitioner does not appear to have completed the Parent Education Program.

The Court notes that Respondent has not filed a written response to Petitioner's current pleadings. The Court finds that the failure to do so, in light of all of Respondent's prior objections and responses in opposition to relief requested by Petitioner, and the affirmative duty on Petitioner to demonstrate that there is a good faith basis for the requested relief that is likely to be in the child's best interests, does not warrant granting the relief sought.

**IT IS THEREFORE ORDERED** that Petitioner's *Motion to Modify Parenting Time/Legal Decision-Making*, filed September 10, 2018, and Petitioner's *Request for Order Granting or Denying Legal Decision-Making Hearing,* filed October 11, 2018, are **DENIED** in all respects.

**IT IS FURTHER ORDERED** that over the last five years that this matter has been pending, Petitioner has engaged in "vexatious conduct", as defined in Rule 10(G)(3)(c), Arizona Rules of Probate Procedure. The Court therefore finds that Petitioner shall not receive any further deferrals or waivers of filing fees or other costs in this matter without further Order from the Court. Petitioner shall also be required to obtain the Court's permission to file any future pleadings in this case. The time allowed for Petitioner to seek relief over and over again without demonstrating any new facts or substantial change in circumstances has now expired. The Court finds that Petitioner has failed to establish any apparent benefit to the minor child, and his efforts do not appear to the Court to have been taken in good faith.

**IT IS FURTHER ORDERED** deeming Petitioner, Scott Backus, as a vexatious litigant.

DATED this ___8th___ day of November, 2018.

HON. DON STEVENS
Judge of the Superior Court, Verde Division SPT

cc:    Scott Backus, c/o YCSO 2830 N. Commonwealth Dr., Camp Verde, AZ 86322
Angela Ellison, 4569 Verde View Dr., Cottonwood, AZ 86326
Clerk of the Court – Supervisor (e)

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
10/14/2020 2:37:27 PM
CASE C20202169

1

Timothy C. Bode (SBN 031484)

2

**TB** **TIFFANY & BOSCO**
     P. A.

3

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD

4

PHOENIX, ARIZONA 85016-4237
T: 602.255.6000 I F: 602.255.0103 I E: tcb@tblaw.com
*Attorneys for Defendant*

5

6

## PIMA COUNTY SUPERIOR COURT

7

## STATE OF ARIZONA

8

FRANKLIN BENNETT,                                     Case No. C20202169

9

              Plaintiff,

10

     vs.                                              **ORDER DESIGNATING PLAINTIFF A
                                                        VEXATIOUS LITIGANT**

11

LARRY H. MILLER DODGE & L.H.M.

12

Corp. TDR d/b/a REGESTERED [SIC]                      **\* \* \* As Modified by the Court \* \* \***

13

AGENT SOLUTIONS, INC.,
              Defendant.                              (Assigned to the Hon. Brenden Griffin)

14

15

        THIS MATTER having come before this Court on the Defendant LHM Corp TDR

16

d/b/a Larry H. Miller Dodge Ram Tucson's Motion to Dismiss Amended Complaint

17

("Motion") and the Court's Ruling entered September 9, 2020. Having considered the
allegations in the Motion, the memorandum and evidence file in support thereof, the

18

Court's Ruling, and the record before the Court, the Court finds as follows:

19

        **Plaintiff's First Lawsuit**

20

        1.      On January 8, 2018, Plaintiff filed a complaint against Defendant thereby

21

initiating Pima County Superior Court Case No. C20180144 ("First Lawsuit").

22

        2.      Plaintiff claims that he brought his vehicle to Defendant's dealership for
repairs that were performed in August and September 2017. Plaintiff alleges he brought

23

his Jeep to Defendant for repairs to the vehicle's brakes. While the vehicle was in

24

Defendant's possession, it was discovered that the vehicle's engine was damaged which

25

necessitated replacing the engine.

26

        3.      Defendant alleges it replaced Plaintiff's engine and that he paid Defendant
$7,359.00 for the engine and labor associated with replacing it.

27

        4.      On January 23, 2018, Plaintiff filed a request to amend the Complaint to

28

change the amount demanded from $250,000 to $1,500,000.

1

5.    Plaintiff's $1.5 million damage request has been based on his belief in the value of Defendant's ultimate parent company and is not actually connected to his alleged damages. Plaintiff also sought interest, punitive damages, costs, and attorneys' fees.

6.    The Court denied the request without prejudice by Order filed August 1, 2018.

7.    On August 20, 2018, Plaintiff filed a document titled Amendment for Judgment Amount.

8.    Also on August 20, 2018, Plaintiff filed an application for default.

9.    On August 22, 2018, Plaintiff filed Plaintiff's Motion to Amend Complaint seeking to amend his complaint "to reflect the additional losses plaintiff suffered."

10.    On August 30, 2018, Defendant filed a Motion to Dismiss or, in the Alternative, A Motion for A More Definite Statement.

11.    On September 14, 2018, Plaintiff filed Plaintiff's Motion For A Hearing To Provide Proof of Propper [sic] Service.

12.    On September 25, 2018, Plaintiff filed Plaintiff's Motion To Amend Complaint.

13.    Oral argument on the Motion to Dismiss was originally scheduled for October 22, 2018.

14.    That same day, the parties requested that the Court vacate and continue the hearing on information that Plaintiff had secured counsel and that a notice of appearance and stipulating regarding the requested continuance would be filed. [*See* Notice filed November 19, 2018.]

15.    Plaintiff's attorney failed to file a notice of appearance.

16.    Subsequently, Plaintiff filed Plaintiff's Motion To Amend Complaint three more times: twice on November 7, 2018 and once on November 28, 2018.

17.    Plaintiff's "Motion to Amend Complaint" were all identical.

18.    Defendant alleges that on or about November 13, 2018, Plaintiff propounded 21 Interrogatories on Defendant.

19.    An oral argument was held before this Court on December 4, 2018.

20.    Plaintiff's counsel and Plaintiff appeared at the hearing. Plaintiff's counsel represented he would be appearing in the First Lawsuit no later than December 6, 2018 but failed to do so. [*See* Minute Entry filed December 4, 2018.]

21.    At the hearing, this Court (i) denied Defendants Motion for A Hearing to Provide Proof of Proper Service, (ii) granted Defendant's Motion to Dismiss and, based on the representation that Plaintiff's counsel would appear in the case, (iii) ordered Plaintiff to file an amended complaint by no later than January 7, 2019. [*Id.*] The Court further advise that if Plaintiff failed to file an amended complaint by the deadline the Court may dismiss the First Lawsuit with Prejudice.

22.    Plaintiff failed to file an amended complaint and the Court dismissed the First Lawsuit without prejudice on January 15, 2019. [Order filed January 15, 2019.]

**Plaintiff's Second Lawsuit**

23.    Plaintiff, through counsel, filed a complaint against Defendant on February 13, 2019, thereby initiating Pima County Superior Court Case No. C20190717 ("Second Lawsuit").

24.    The Second Lawsuit concerned the same transaction and events.

25.    Plaintiff asserted claims for "Negligence" and "Intentional Infliction of Emotional Distress" and sought $1,500,000 in damages.

26.    The Second Lawsuit did not reference a contract, terms of a contract, or A.R.S. § 12-341.01.

27.    Plaintiff failed to timely serve Defendant with the Second Lawsuit.

28.    The Second Lawsuit was dismissed without prejudice on May 31, 2019.

**Plaintiff's Third Lawsuit**

29.    On September 30, 2019, Plaintiff filed a third lawsuit against Defendant, initiating Pima County Superior Court Case No. C20194803 ("Third Lawsuit").

30.    The Third Lawsuit concerned the same transaction and events.

31.    The Complaint again alleged claims for Negligence and Intentional Infliction of Emotional Distress and sough damages of $1,500,000.

32.    Plaintiff's cover sheet for the Third Lawsuit indicated that the "Nature of Action" was "Intentional Tort."

33.    Plaintiff's attorney, Mr. Swartz, was listed on almost all of the case initiating documents and the attorney appeared to sign all of the case initiating documents. Mr. Swartz was not listed on the cover sheet.

34.    On the same day, Plaintiff filed a document titled "Nature of Action and Jurisdictional Statement." This filing contained the same first eight (8) paragraphs that as Plaintiff's Complaint.

35.    On November 20, 2019 Plaintiff filed "Plaintiff's Amended Complaint."

36.    Plaintiff's Amended Complaint listed Plaintiff's name and contact information at the top of the pleading and was signed by Plaintiff individually. The certificate of service for the Amended Complaint indicated that the document was mailed to Mr. Swartz.

37.    Plaintiff's Amended Complaint was the exact same document he filed four separate times in the First Lawsuit. The Amended Complaint in the Third Lawsuit asserted a claim based on Defendant's purported "negligent and intentional conduct."

38.    On December 9, 2019, the Court filed a Notice Re: Impending Dismissal informing Plaintiff that the Third Lawsuit would be dismissed unless good cause was shown why service had not been made within the time periods prescribed in Rule 4.

39.    On January 15, 2020, Plaintiff filed Plaintiff's Motion To Extend Time For Service.

40.    Mr. Swartz's name and contact information appeared at the top of that pleading. The motion states that it was filed by Plaintiff "through counsel undersigned." The motion references "counsel undersigned" at least two more times and makes representations on behalf of Mr. Swartz.

41.    There was also a signature block for Mr. Swartz at the end of the Motion to Extend Time For Service. But Mr. Swartz did not sign the pleading. Instead, Plaintiff handwrote in a new signature block and signed his name individually.

42.    The pleading lists Mr. Swartz on the certificate of service.

43.    On February 11, 2020, Defendant filed a Motion to Dismiss on various grounds, including that Plaintiff failed to timely serve Defendant and Plaintiff's claims were barred by the statute of limitations.

44.    On March 6, 2020, Defendant filed a Notice of Non-Response and Request for Disposition noting that Plaintiff had failed to timely respond to the motion to dismiss.

45.    On March 9, 2020, Defendant's counsel received a document from Plaintiff titled "Plaintiff's Response To Defendant's Motion to Dismiss." [*See* Exhibit A attached to Defendant's Reply In Support of Motion to Dismiss filed in the Third Lawsuit on March 23, 2020.] The response listed Plaintiff's name and contact information at the top of the pleading. [*Id.*] However, the response was purportedly signed by Mr. Swartz and represented that Mr. Swartz was "Plaintiff's Attorney." [*Id.*] This document was never filed with the Court.

46.    Out of concern, Defendant's counsel emailed Mr. Swartz on March 9, 2020, inquiring about the validity of the document and his signature. [Exhibit B to 3/23/20 Reply.] Defendant alleges that Mr. Swartz never responded to that email.

47.    Plaintiff eventually filed a response on March 10, 2020, which was nearly identical to the response mailed to Defendant. The response listed Mr. Swartz's name and contact information at the top of the pleading and represented that Mr. Swartz was the attorney for Plaintiff.

48.    The response was also purportedly signed by Mr. Swartz. Mr. Swartz's signature on the response filed with the Court was materially different from Mr. Swartz's purported signature on the response mailed to Defendant. [*Compare* Exhibit A to 3/23/20 Reply, *with* Plaintiff's 3/10/20 response.]

49.    Further, Plaintiff incorrectly claimed in the response that he had served Defendant on November 11, 2019. He later claimed (again incorrectly) that he served Defendant on December 30, 2019 and again on February 21, 2020. There is no record of Plaintiff ever serving Defendant or its statutory agent on those dates. Plaintiff, for the first time, also claimed his claims were not time barred because there was an oral and written contract.

50.    Plaintiff's assertions in the response were contrary to his Complaint, Amended Complaint, and the record in the First Lawsuit, Second Lawsuit, and Third Lawsuit.

51.    Defendant alleges that Plaintiff and his former counsel never served Defendant with the Response, even though the certificate of mailing claims it was mailed to undersigned counsel.

52.    It appears Mr. Swartz paid a notice of appearance fee on March 10, 2020 in conjunction with the response. But if he had truly filed the complaint this fee would not have been necessary to file the response. Even though he paid the fee, Mr. Swartz never filed a notice of appearance.

53.    On April 30, 2020, Judge Bergin entered a Ruling granting Defendant's Motion to Dismiss and dismissing the Third Lawsuit without prejudice.

**Plaintiff's Fourth Lawsuit**

54.    That brings this series of cases to the instant lawsuit that was initiated by Plaintiff on May 21, 2020 ("Fourth Lawsuit").

55.    The Fourth Lawsuit arises from the same transaction, involves the same claims, seeks the same damages, and ultimately fails for the same reasons as the first three lawsuits.

5

56.    Plaintiff's complaint asserted claims for negligence and intentional infliction of emotional distress.

57.    On June 16, 2020, Defendant filed a Motion to Dismiss arguing that the claims were barred by the statute of limitations and that Plaintiff failed to state a claim for relief.

58.    Plaintiff subsequently filed an Affidavit and Application for Default on June 24, 2020. Defendant filed a Motion to Strike the application for default on June 30, 2020.

59.    Plaintiff filed a response to the motion to dismiss on June 30, 2020. That same day he filed a Motion to Strike the Motion to Dismiss.

60.    Plaintiff's response asserted new facts and new theories of relief that were not alleged in the Complaint. Specifically, Plaintiff alleged the existence of an unidentified oral contract and claimed Defendant had breached that contract.

61.    Defendant filed its reply in support of the motion to dismiss and a response to the motion to strike on July 9, 2020.

62.    On July 10, 2020, this Court entered a Ruling. The Ruling found that Plaintiff's claims arise out of a car repair that occurred more than two years before Plaintiff filed the complaint. Thus, Plaintiff's claims were filed after the two-year statute of limitations expired. It further found that Plaintiff could not amend his complaint through the motion-to-dismiss briefing granting the Motion to Dismiss.

63.    This Court gave Plaintiff until July 27, 2020, to file an amended complaint.

64.    On July 13, 2020, Plaintiff filed an Expedited Motion to Reconsider and Request for Hearing.

65.    This Court denied Plaintiff's motion in a ruling filed July 20, 2020.

66.    On July 27, 2020, Plaintiff filed an Amended Complaint.

67.    That same day Plaintiff had the clerk of court issue a Subpoena Duces Tecum directed to Defendant. Plaintiff's subpoena was dated July 27, 2020 and demanded that Defendant respond by August 3, 2020. The subpoena was served on Defendant's statutory agent on August 3, 2020.

68.    The subpoena was improper and abusive because a subpoena for documents is not the proper discovery method to direct at a party to a lawsuit and also because it is premature under Rule 26 since he has not served a disclosure statement.

69.    Defendant filed a Motion to Dismiss Amended Complaint ("Motion") on August 17, 2020. The Motion requested that this Court designate Plaintiff a vexatious litigant pursuant to A.R.S. § 12-3201.

70.    The Motion explained, among other things, that the allegations in the Amended Complaint were the exact same allegations as Plaintiff averred in the Complaint as well as the filings in the First, Second, and Third Lawsuits. Plaintiff had simply replaced references to "negligence" with references to an alleged "contract" in an effort to avail himself of a longer statute of limitations period. However, Plaintiff failed to include well-plead factual allegations that would establish or support his new contract claim.

71.    Defendant correctly stated that over the four lawsuits Plaintiff had filed at least ten documents titled Complaint, Amended Complaint, or Motion to Amend Complaint. Each complaint has failed to state a claim. The newest Amended Complaint did not correct those failures.

72.    Plaintiff filed a response (titled a reply) on August 31, 2020.

73.    On September 9, 2020, this Court entered the Ruling and granted the Motion for the reasons set forth in the Motion.

**Summary**.

74.    Plaintiff has filed four separate lawsuits, and many more pleadings, that all arise the same event. The Third and Fourth Lawsuit were initiated after the statute of limitations for Plaintiff's claims expired. This was repeatedly raised by Defendant. When confronted with this, Plaintiff attempted to convert his claims to a contract claim to avoid the statute of limitations issue. Accordingly, at least the Third and Fourth Lawsuit were brought without substantial justification. A.R.S. § 12-3201€(1)€.

75.    Further, Plaintiff's conduct has been vexatious. Plaintiff's allegations were unsupported.  He refused to cure deficiencies in his myriad filings despite countless opportunities to do so.  Defendant alleges that Plaintiff left harassing voice messages with Defendant's counsel.  Plaintiff repeatedly filed nearly identical documents in the different lawsuits.  And it is questionable whether Plaintiff misrepresented filings as being authored and signed by an attorney.  Given the totality of the conduct, the Court finds that the purpose of the conduct was to harass Defendant. A.R.S. § 12-3201€(1)(a)-(b).

76.    Plaintiff prematurely propounded interrogatories in the First Lawsuit. Most recently, after his Complaint was dismissed, Plaintiff had a subpoena issued directed at Defendant. The subpoena demanded records from Defendant and was served on the same date it demanded Defendant produce the records. The subpoena was improper and an abuse of the discovery process. Accordingly, the Court finds that Plaintiff engaged in

7

abuse of discovery and made unreasonable, repetitive and excessive requests for information, and expanded the scope of the proceedings. A.R.S. § 12-3201€(1)(b), (d)-€.

77.    Plaintiff initiated four separate lawsuits because Plaintiff failed to act on multiple occasions which resulted in lawsuits being dismissed. The First Lawsuit and Fourth Lawsuit were before this Court. Despite Plaintiff's complaints being dismissed, he repeatedly refiled the same complaint. As explained above, the Third and Fourth Lawsuit were founded on expired causes of action. Had Plaintiff complied with this Court's order in the First Lawsuit and filed his amended complaint this matter could have been resolved via the First Lawsuit. Instead, Plaintiff ignored that deadline and initiated three subsequent lawsuits. Thus, although three different judges were assigned Plaintiff's lawsuits, this Court finds that Plaintiff's conduct constitutes repeated filing of documents that have been the subject of previous rulings by the court in the same litigation. A.R.S. § 12-3201€(1)(f).

78.    Defendant also disclosed that Plaintiff left voicemails for Defendant's counsel claiming that Plaintiff will continue to advance his claims against Defendant despite the previous repeated dismissals. This is another indication that Plaintiff intends to continue to file lawsuits against Defendant despite his claims being without merit.

79.    In conclusion, this Court finds that Plaintiff has engaged in vexatious conduct as defined in A.R.S. § 12-3201€ for the reasons set forth in the Motion, and based on a review of the record in the First Lawsuit, Second Lawsuit, Third Lawsuit, and Fourth Lawsuit, as well as the factual findings set forth above.

Based on the foregoing finds, and for good cause appearing,

**IT IS THEREFORE ORDERED** designating Plaintiff Franklin Bennett a vexatious litigant pursuant to A.R.S. § 12-3201.

* * *

**THE COURT FURTHER ORDERS** that, from today forward:

Plaintiff Franklin Bennett must not file any new self-represented (*pro se*) lawsuit (action, matter, etc.) in Pima County Superior Court, unless her first gets prior permission from this Court.

**THE COURT FURTHER ORDERS** that, to get this Court's prior permission, Franklin Bennett must:

a. File a document entitled "Motion for Permission to File" and include on the first page of the Motion:

1. A note that Franklin Bennett is a "vexatious litigant"; and

2.  An additional note that the Motion should be sent to the Pima County Superior Court Presiding Judge; and

b.  Attach to the Motion the original of whatever document(s) Franklin Bennett seeks permission to file; and

c.  Explain in the Motion why Franklin Bennett should be allowed to file the attached proposed filing.

The Presiding Judge (or designee) will decide whether to give Franklin Bennett permission to file the proposed filing.

This Order doesn't apply to any criminal case or prevent Franklin Bennett from filing anything in a non-criminal case where he has a defendant status (e.g., where somebody is suing or making a claim against him).

DATE:  October 14, 2020

_B.J. Griffin_ /s/
**HON. BRENDEN J. GRIFFIN**
(ID: b20c1b68-c744-4a9d-a523-3d6c7f1ef962)

---

**COURT NOTICE**
RULE 5(a)(2)(A) ARCP REQUIRES THE ORIGINAL LODGING PARTY SERVE A COPY OF THIS SIGNED ORDER ON ALL PARTIES ENTITLED TO SERVICE

---

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
06/02/2025 11:58AM
BY: KLANE
DEPUTY

## SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| MICHAEL BERRY,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>CYNTHIA DE LA TORRE BERRY,<br><br>　　　　　Respondent. | **Case No.** S1300DO202480044<br><br><br>**ORDER DEEMING PETITIONER AS A VEXATIOUS LITIGANT** |

| | |
|---|---|
| **HONORABLE TINA R. AINLEY** | **BY:**　Dawn Paul, Judicial Assistant |
| **DIVISION　3** | **DATE:** June 2, 2025 |

This matter is before the Court upon receipt of the following pleadings, pursuant to A.R.S. §12-3201:

- Respondent's *Motion to Designate Petitioner a Vexatious Litigant* filed May 13, 2025
- Petitioner's *Response* filed May 14, 2025
- Respondent's *Reply* filed May 20, 2025
- Petitioner's *Reply to Respondent's Reply & Counter-Request for Sanctions for Bad Faith, Concealment, and Procedural Obstruction* filed May 20, 2025

Prior to May 13, 2025, Petitioner filed the following pleadings:

- Petitioner's *Motion to Address Fraudulent Testimony and Request for Evidentiary Hearing* filed April 22, 2025.
- Petitioner's *Notice of Filing: Social Media Harassment and Child Exploitation* filed April 22, 2025.
- Petitioner's *Motion to Address False Public Allegations and Contradictory Conduct by Respondent* filed April 23, 2025.
- Petitioner's *Motion for Temporary Orders Reinstating Parenting Time (Pre-Decree) Parenting Time, Request for Order to Show Cause, and Emergency Request for Expedited Hearing* filed April 28, 2025.
- Petitioner's *Verification* filed April 28, 2025.
- Petitioner's *Request for Expedited Ruling on Opposition to Motion to Extend Time to List the Marital Home for Sale and Counter-Request for Full Ownership and Repair in Best Interest of Children* filed April 28, 2025.
- Petitioner's *Certificate of Service* filed April 28, 2025.
- Petitioner's *Notice of Filing* filed April 28, 2025.
- Petitioner's *Opposition to Motion to Extend Time to List the Marital Home for Sale and Counter-Request for Full Ownership and Repair in Best Interest of Children* filed April 28, 2025.

-Petitioner's *Motion for Contempt of Court (Finding of Civil Contempt) and Request for Relief* filed April 29, 2025.
-Petitioner's *Expedited Motion for Court-Ordered Psychological Evaluation* filed April 29, 2025.
-Petitioner's *Motion to Clarify, Reinstate, and Protect Parenting Time; Notice of Parental Alienation Expedited* filed April 30, 2025.
-Petitioner's *Motion to Appoint Neutral Therapeutic Evaluator Expedited* filed April 30, 2025.
-Petitioner's *Notice of Filing of Previously Submitted Evidence in Support of Motion to Appoint Evaluator* filed May 1, 2025.
-Petitioner's *Certificate of Service* filed May 1, 2025.
-Petitioner's *Request for Subpoena Duces Tecum American Heritage Academy* filed May 2, 2025.
-Petitioner's *Request for Subpoena Duces Tecum to Cottonwood-Oak Creek School District* filed May 2, 2025.
-Petitioner's *Sworn Declaration of Michael Berry Regarding Mailing Restrictions, Youtube Comment and Statutory Violations* filed May 5, 2025.
-Petitioner's *Notice of Filing* filed May 5, 2025.
-Petitioner's *Certificate of Service* filed May 5, 2025.
-Petitioner's *Motion to Strike or Limit Respondent's 17th Supplemental Disclosure Statement* filed May 5, 2025.
-Petitioner's *Notice of Filing* filed May 5, 2025.
-Petitioner's *Certificate of Service* filed May 5, 2025.
-Petitioner's *Rebuttal to Respondent's Reply Re: Expedited Motion to Unseal DCS Report* filed May 6, 2025.
-Petitioner's *Motion to Modify Child Support and Spousal Maintenance* filed May 6, 2025.
-Petitioner's *Formal Rebuttal to Respondent's Eighteenth Supplemental Disclosure Statement* filed May 9, 2025.
-Petitioner's *Motion to Compel Disclosure of Medical, Educational and Therapeutic Records* filed May 9, 2025.
-Petitioner's *Motion to Strike and Preclude Specified Exhibits from Respondent's 18th Supplemental Disclosure* filed May 9, 2025.
-Petitioner's *Emergency Motion to Compel Disclosure, Request for Drug Testing and Mental Health Evaluation, and Order to Show Cause re: Parental Alienation and Non-Compliance* filed May 12, 2025.

After May 13, 2025, Petitioner filed the following pleadings:

-Petitioner's *Motion to Clarify or Preclude Sanctions and Notice of Self-Represented Litigant's Good Faith* filed May 14, 2025.
-Petitioner's *Expedited Objection and Sur-Reply to Respondent's Motion to Supplement Motion to Extend Time to List Marital Home for Sale* filed May 14, 2025.
-Petitioner's *Response to Motion to Strike and Motion to Deny Sanctions; Notice of Due Process and Good Faith Filings* filed May 15, 2025.
-Petitioner's *Emergency Mtn for Clarification, Enforcement of PT, and Immediate Reunification Plan Due to ongoing Parental Alienation and Child Endangerment*; filed May 16, 2025.
-Petitioner's *Motion to Set Emergency Hearing on Parental Alienation and Child Endangerment*; filed May 16, 2025.
-Petitioner's *Motion to Restrict 3rd Party Contact (Request to Limit Child Contact w/Dillon Lewis)*; filed May 19, 2025.
-Petitioner's *Motion to Disqualify Counsel*; filed May 21, 2025.

- Petitioner's *Renewed Notice of Conflict and Demand for Disqualification of Respondent's Counsel*; filed May 28, 2025.
- Petitioner's *Motion for Change of Venue*; filed May 30, 2025.
- Petitioner's *Motion to Stay Proceedings Pending Resolution of Motion for Change of Venue and Related Complaints*; filed May 30, 2025.
- Petitioner's *Emergency Motion for Sole Legal Decision-Making*; filed June 2, 2025.

As demonstrated above, Petitioner filed motions addressing the same issues while failing to wait for any response or ruling from the Court. Additionally, Petitioner filed several motions without legal authority. Pursuant to Administrative Order 2024-04, **IT IS ORDERED** granting Respondent's *Motion to Designate Petitioner a Vexatious Litigant*.

**IT IS FURTHER ORDERED** declaring Petitioner, MICHAEL BERRY, a vexatious litigant pursuant to A.R.S. §12-3201. Petitioner is precluded from filing any documents in this case without first obtaining leave of the Court.

**IT IS FURTHER ORDERED** granting Respondent's request for reasonable attorneys' fees and costs incurred in bringing the *Motion to Designate Petitioner a Vexatious Litigant*, pursuant to A.R.S. §§25-324 and/or 12-349. Counsel for Respondent shall file a *China Doll Affidavit* within ten (20) days of this Order.

**IT IS FURTHER ORDERED**, as appropriate, the Court will issue separate orders addressing outstanding *Motions* filed prior to this date.

Tina B. Ainley

eSigned by AINLEY, TINA R 06/02/2025 11:55:33 D6+i41S2

Hon. Tina. R. Ainley
Judge of the Superior Court

**cc:**
* Michael Berry, 522 W. Finnie Flat Rd., Ste. E107, Camp Verde, AZ. 86322; mberry4785@gmail.com, Petitioner (e)
* Julie A. LaBenz, Esq., *LaBenz Law, PLLC,* P.O. Box 20405, Sedona, AZ. 86341, Counsel for Respondent (e)
* Ct. Admin.; yavapaicourtadmin@courts.az.gov (e)

**SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI**

| | | |
|---|---|---|
| MELODY ANNE THOMAS-MORGAN,<br><br>Petitioner,<br><br>vs.<br><br>GREGORY ROBERT BODINE,<br><br>Respondent. | **Case No.** P1300DO20060917<br><br><br>**ORDER RE:<br>RESPONDENT'S MOTION<br>FOR RECONSIDERATION<br>OR CLARIFICATION** | **FILED**<br><br>DATE: NOV 27 2017<br><br>11:08 O'Clock ___ Ⰰ. M.<br><br>*DONNA MCQUALITY, CLERK*<br><br>BY: ___ B. Chamberlain ___<br>**Deputy** |

| | |
|---|---|
| **HONORABLE DON STEVENS** | **BY:** Felicia L. Slaton, Judicial Assistant |
| **DIVISION PTB** | **DATE:** November 20, 2017 |

The Court has received and carefully considered Respondent's *Motion for Reconsideration or Clarification* filed on November 7, 2017. The Court finds that the *Motion* is no more than a renewed attempt by Mr. Bodine to avoid his legal obligations based on what the Court found to be a self-imposed loss of income. Mr. Bodine cites Rule 84 Ariz.R.Fam.Law.P. in support of his *Motion*. Rule 84(C) allows the Court to summarily deny a motion for reconsideration with regard to one or more of the challenged rulings. The Court finds that the current *Motion* raises no new or substantive issues that were not otherwise resolved by the Court's extensive ruling on the *Motion for New Trial*, and should be summarily denied on that basis alone.

Respondent bases his entire argument on the undisputed fact (at least for purposes of the trial in this matter) that he was involuntarily terminated from his prior employment. The issue which supports the Court's prior rulings is whether the loss of employment was substantial and continuing. Respondent requested findings of fact and conclusions of law, and the Court provided a detailed ruling. Respondent's allegation that the Court has taken a "hard line" against Respondent and "...has not concerned itself with the hardship on Respondent" is frivolous. Rule 31, Ariz.R.Fam.Law.P. requires that a party signing a pleading represents to the Court that the pleading "...is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation." The Court finds that considering the Court's detailed ruling on Respondent's *Motion for New Trial*, Respondent's current pleading is interposed solely to harass Petitioner and cause Petitioner to incur additional attorney's fees. In addition, the Arizona Court of Appeals in *Bodine v Bodine, 1CA-CV-0066* in Respondent's appeal from the original spousal support order, rejected the very same financial hardship arguments that Respondent makes now.

Respondent continues to argue that it is Petitioner's obligation to prove what jobs and what salary levels are available or are likely to be available to Respondent in the future. In fact, it is Respondent's burden to show a substantial and continuing change in circumstances. Respondent's testimony that he would not be able to find the perfect replacement job if he made the effort to do so was based solely on Respondent's belief (essentially based on the mythical authority that "everyone knows") that older people are discriminated against (contrary to existing law). Respondent himself admitted that are jobs available for which he was well-qualified, even if at a somewhat lower salary. Instead of making a determined effort to secure one of those jobs, Respondent decided that he would not be hired or that they were beneath his willingness to accept. The Court found that Respondent was not hired because he did not make any reasonable effort and decided instead to seek another line of work as an independent consultant with no guarantee of making any income, solely because he thought that he deserved the opportunity to stop working full time. Whether Respondent acted out of spite toward

P1300DO20060917
*Bodine v Bodine*
*November 20, 2017*
*Page 2*

his former wife or because he is too proud to consider anything less than the job he had, Respondent's current *Motion* raises no new issues that were not directly or indirectly dealt with in the Court's prior rulings.

Respondent's *Motion* (p.7) asserts that this Court reopen and reconsider the prior rulings against him on the basis that the prior judge was subsequently sanctioned for other conduct. Respondent acknowledges that he appealed to the Arizona Court of Appeals and the relief he sought was denied. That is the judicial end of that inquiry and Respondent is legally barred from relitigating it again in this Court.

The Court's conclusion that Respondent did not make a good faith settlement offer was only one factor in determining whether attorney's fees should be awarded in favor of the prevailing party. Petitioner's offer would have resolved all of these issues and would have satisfied all of Respondent's obligations in a single lump sum which Respondent admittedly had the money to pay. The offer made by Respondent was nothing more than his position that Petitioner should accept his proposal or bear the costs and fees associated with trial, all without any recognition that Respondent was not likely to prevail at trial. Respondent could have and should have accepted Petitioner's offer, but decided instead to accept the risk that the Court would not accept his arguments. Having decided to accept the risk of an adverse outcome, Respondent will not now be heard to argue that he is still entitled to consideration or concessions from Petitioner or the Court.

Respondent's argument that attorney's fees should not be paid all at once and instead the Court should order that attorney's fees should be paid "...as Respondent has income..." is also frivolous and unreasonable. If nothing else is clear from this record, Respondent's conduct in this litigation guarantees that Respondent will do anything he can to delay or avoid the payment of his legal obligations to Petitioner as long as possible and will only pay what he is ordered to pay only when Respondent himself deems that he should or that he can afford after <u>his</u> own financial needs are met. The Court declines to adopt this novel and unreasonable view of the finality of legal obligations established by Court orders.

The Court finds that Respondent has continued to engage in "litigious and vexatious conduct and an unreasonable position" in an apparent effort to draw out this litigation to the financial detriment of Petitioner. Respondent's 23-page *Motion for Reconsideration* and 28 pages of exhibits is clear and convincing evidence of Respondent's lack of good faith in these proceedings and his true motive. If the settlement offers were only $7,500 apart, Respondent could have and should have negotiated terms or conditions that were acceptable to him. Having lost on all issues, the Court will not modify its prior orders or require Petitioner accept whatever Respondent decides to offer in his sole discretion, and always putting his own personal needs first.

The Court therefor finds that Respondent is a vexatious litigant and has exhausted all remedies at the trial court level. Respondent is therefore ordered not to file any further pleadings in this matter except with leave of Court, or as ordered or requested by the Court.

**IT IS THEREFORE ORDERED** that *Motion for Reconsideration or Clarification* is hereby DENIED in all respects

The Court has also received Petitioner's *Supplemental Application and Affidavit of Attorney's Fees*. Good cause appearing, and the fees charged to Petitioner appearing to be reasonable and consistent with the applicable standards for the award of fees to the successful party,

*P1300DO20060917*
*Bodine v Bodine*
*November 20, 2017*
*Page 3*

**IT IS HEREBY ORDERED** that Petitioner's supplement request for an award of attorney's fees is GRANTED. Petitioner's counsel shall submit a form of Order awarding such fees and such orders as needed to require the title company to release sufficient funds to pay the fees awarded to Petitioner, and to hold any remaining funds until further Order of the Court.

DATED this **20th** day of November, 2017.

_____
HON. DON STEVENS
Judge of the Superior Court, Division PTB

cc:     Stephen W. Polk- Prescott Law Group, PLC (e)
        Gregory R. Bodine- P.O. Box 11495, Prescott, AZ  86304

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
04/20/2020 3:08PM
BY: KAKENDRICK
DEPUTY

## SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| AUTONATION, INC., | **Case No.**  P1300CV201800814 |
| Plaintiff/Judgment Creditor, | **ORDER** |
| -vs- | |
| CHRISTOPHER ROBERT CAPLANIS, | |
| Defendant/Judgment Debtor. | |

| | |
|---|---|
| **HONORABLE DAVID L. MACKEY** | **BY:**    Jennifer Jaramillo<br>Judicial Assistant |
| **DIVISION 1** | **DATE:** April 20, 2020 |

The Court had held two motions from the Defendant in abeyance pending a determination by the Court of Appeals.  On April 6, 2020, the Court of Appeals dismissed the appeal.

The Court has now considered the Defendant's Motion to Strike Plaintiff's Untimely Answer filed on March 2, 2020.  The Court finds no merit to the Defendant's motion.

**IT IS ORDERED** the Defendant's Motion to Strike Plaintiff's Untimely Answer filed on March 2, 2020 is **DENIED**.

The Court has considered the Defendant's Motion for Reduction of Sanction Fees.  The Court has considered the Plaintiff's Response.  The Defendant has not filed a timely reply.  The Court also has considered the Defendant's conduct in multiple daily phone calls to the Court's Judicial Assistants over the past couple of weeks.  The Court notes that although the Court staff has attempted to be polite, the repeated contact has risen to harassment and does not involve the resolution of any legitimate issues.  The Defendant's conduct continues to show a total lack of respect for the Court as well as the Court's staff.

**IT IS ORDERED** the Defendant's Motion for Reduction of Sanction Fees is **DENIED**.

The Court finds that based upon the Defendant's multiple daily phone calls to the Court's Judicial Assistants the Defendant is a vexatious litigant pursuant to A.R.S. §12-3201 as such conduct amounts to "[a] pattern of making unreasonable, repetitive and excessive requests for information" as provided in A.R.S. §12-3201(E)(1)(e).

**IT IS ORDERED** the Defendant Christopher Robert Caplanis is a **vexatious litigant** pursuant to A.R.S. §12-3201 and is prohibited from filing any new pleading, motion or other document in this case without prior leave of the court.

*P1300CV201800614*
*Autonation v. Caplanis*
*April 20, 2020*
*Page 2*

      **IT IS FURTHER ORDERED** Defendant Christopher Robert Caplanis shall immediately stop calling the Court's office and Judicial Assistants for **ANY REASON**.  All further communication with the Court shall be through a written request which the Defendant must first seek leave of court to file. The Defendant Christopher Robert Caplanis is **WARNED** that his insistence on continuing to call the Court may result in further action by this Court including additional orders and sanctions from this Court.

eSigned by Mackey,David  04/20/2020 15:06:34 Azi1hpot

cc:    Carrie M. Francis, STINSON LEONARD STREET (e)
       Chris Robert Caplanis, 33521 S. Lapidary Place, #1, Black Canyon City, AZ 85324-8721

FILED
JAMES W. GIACOMINO
CLERK, SUPERIOR COURT
5/22/2025 8:58:53 AM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. DAWN R WALTON

CASE NO.    SP20200416

DATE:        May 22, 2025

SARAH WARREN
    Petitioner

and

CODY ALAN CASTRO
    Respondent
***
BEST INTEREST ATTORNEY
    Other

---

## O R D E R

### IN CHAMBERS ORDER RE: ASSORTED FILINGS & VEXATIOUS LITIGANT DESIGNATION

The Court is in receipt of the following pleadings filed in this matter on the shown dates:

1) Respondent's Motion for Combined Motion to Strike Investigative Evidence, for Evidentiary Hearing on Undisclosed Conflict, & Sanctions Against Petitioner's Counsel, filed on April 22, 2025.

2) Respondent's Emergency Motion for Stay Pending Appeal, filed on April 22, 2025.

3) Respondent's Motion for Notice of Appeal filed on April 29, 2025.

4) Respondent's Motion for Recusal of Judge Dawn Walton, filed on April 29, 2025.

5) Intervenor Daniel McDermott's Motion to Quash or Modify Subpoena, filed on April 30, 2025.

6) Petitioner's Motion for Designation of Respondent as a Vexatious Litigant Pursuant to A.R.S. § 12-3201, filed on April 23, 2025.

Upon review of the foregoing, and good cause appearing, the Court makes the following findings and orders:

As to the Motion to *Quash or Modify Subpoena* filed by Dr. Keith Dveirin through legal counsel Daniel McDermott,

**IT IS ORDERED** that the *Motion to Quash* is **GRANTED**.

As to the *Combined Motion to Strike Investigative Evidence, For Evidentiary Hearing on Undisclosed Conflict, and for Sanctions Against Petitioner's Counsel,*

_____Division 25_____
Judicial Administrative Assistant

**O R D E R**

Page  2                                    Date:  May 22, 2025                          Case No.:   SP20200416

IT IS ORDERED that the *Motion to Strike Investigative Evidence* is **DENIED**. The Court will hear oral argument on Respondent's Motion regarding Alleged Undisclosed Conflicts and Sanctions by/for Petitioner's Counsel at the continued hearing on June 19, 2025.

As to the *Motion for Remote Testimony of Adam Robertson*, the Court will allow the testimony of this witness as rebuttal as the BIA opened the door to the testimony during his line of questioning regarding Respondent's military service.

As to the *Motion for Recusal of Judge Dawn Walton*,

IT IS ORDERED that the Motion is **DENIED**.

The Court, having reviewed the *Motion to Designate Respondent, Cody Castro, a Vexatious Litigant*, pursuant to A.R.S. §12-3201, and good cause appearing,

**THE COURT FINDS AS FOLLOWS:**

1.  Respondent, Cody Castro has represented himself as a pro se litigant since September 18, 2024.

2.  Since that time Mr. Castro has filed or orally made approximately 35 separate motions.

3.  The Court has denied many of Mr. Castro's motions due to untimeliness, exceeding the scope and deadlines for discovery, and for being without merit or for legitimate legal purpose.

4.  At the September 18, 2024, hearing, the Court ordered financial sanctions against Respondent for failing to provide court-ordered (on April 12, 2024) discovery regarding Respondent's psychosexual evaluation(s), finding Respondent in contempt, that Respondent's failure was "unreasonable and willful", and assessing sanctions in the amount of $100.00 per day for each day Respondent failed to execute Release of Information forms. To date, the sanctions total approximately $24,000, as Respondent has refused to sign the ROI in violation of Court Orders and A.R.S §12-3201 E.1(d) [Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.]

5.  As indicated above, Respondent has filed approximately 35 separate motions from October 2024 through April 29, 2025. Many of these motions were repetitive, or the motions make unreasonable, excessive requests for information, or seek additional discovery long after discovery has ended, and many seek requests for relief that have been the subject of previous rulings by the Court in this same litigation. Some of the latest motions by Respondent seek irrelevant records from non-parties. As the Court record reflects, many if not most of these motions have been denied by the Court, and regarding discovery specifically, the Court reiterated in its most recent Order on April 8, 2025,

_____ Division 25 _____
Judicial Administrative Assistant

# ORDER

"Respondent's time for discovery requests has long passed". This Order and admonition to Respondent notwithstanding, Respondent has filed yet another discovery motion on April 14, 2025, after the April 8, 2025 Order denying additional discovery, seeking to add an additional witness and requesting additional disclosures.

A.R.S. § 12-3201 outlines the requirements for a finding that a party is a vexatious litigant. The statute states as follows:

> **A**. In a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant.
>
> …
>
> **C**. A pro se litigant is a vexatious litigant if the court finds the pro se litigant engaged in vexatious conduct.
>
> …
>
> **E**. For the purposes of this section:
> 1. "Vexatious conduct" includes any of the following:
> (a) Repeated filing of court actions solely or primarily for the purpose of harassment.
> (b) Unreasonably expanding or delaying court proceedings.
> (c) Court actions brought or defended without substantial justification.
> (d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.
> (e) A pattern of making unreasonable, repetitive and excessive requests for information.
> (f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

To designate a party a vexatious litigant, the litigant's conduct need only fall within just one of the definitions of vexatious conduct in (a) – (f), above.

The Arizona Court of Appeals has adopted the *De Long* principles: "(1) to satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (3) the court must make 'substantive findings as to the frivolous or harassing nature of the litigant's actions' and (4) the order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Madison v. Groseth*, 230 Ariz. 8, 14 (App. 2012). The "plaintiff's claims must not only be numerous, but patently without merit." *Id.*

_____Division 25_____
Judicial Administrative Assistant

**ORDER**

A vexatious litigant finding is rare. The litigant must be more than just litigious, their claims must also lack merit. The Respondent in this case has filed or made 35 motions with the Court or at the time of trial.  This only includes the motions made from the time period of October 29, 2024, through April 29, 2025.

Where a party continues to pursue claims the court has ruled on, despite "the court repeatedly explain[ing] to the contrary," it is within the Court's discretion to designate that party as a vexatious litigant. *See Gainey Ranch Community Assoc. v. Kraft*, No. 1 CA-CV 18-0179 (App. 2019) (**NOT REPORTED**).

As to sections (e), "A pattern of making unreasonable, repetitive and excessive requests for information", and (f), "Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation."

**THE COURT FINDS** that Respondent's motions are frivolous and harassing.  Out of the 35 motions filed by the Respondent, this Court has ruled on Respondent's Motion to Reconsider orders entered for a psychosexual evaluation no less than four (4) times; a Motion to Unseal the Testimony of a DCS caseworker from prior litigation three times, which includes an oral motion made at the time of trial; a Motion for Financial Disclosure by the Petitioner two times; three Motions for Modification of Legal Decision Making and Parenting Time as part of other motions and while the Court was and currently is in the middle of the Legal Decision Making and Parenting Time trial; and now two Motions for Recusal of this judicial officer, the first of which was denied by the presiding judge, Danelle Liwski.

The Respondent has been provided with reasons for the denial of his motions, including for lack of relevancy for unsealing testimony, or for denying the motions to reconsider prior orders, and failing to provide evidence of bias for the recusal motion.  Respondent, despite the denials and the reasons given, completely disregards the Court's orders and continues to repeatedly file the same motions.

**THE COURT FINDS,** specifically, that Respondent's requests for disclosure from Petitioner are harassing in nature, as disclosure has been made, and the time for additional disclosure requests has passed as the parties are in the midst of trial, but Respondent continues to make requests.  Respondent filed motions seeking additional discovery of not only Petitioner's finances, but also those of her parents (Maternal Grandparents) and her alleged boyfriend, all of whom are non-parties.  This Court denied these requests filed by Respondent on March 25, 2025, by Order dated April 8, 2025, but yet Respondent issued subpoenas to Petitioner's parents on April 17, 2025, for all of their "financial records for the last three years", in complete disregard of the Court's orders.

_____ Division 25 _____
Judicial Administrative Assistant

**O R D E R**

| Page 5 | Date: May 22, 2025 | Case No.: SP20200416 |

Additionally, Respondent has repeatedly requested that the Court unseal testimony from a Department of Child Safety worker from a previously litigated matter. The Court has denied the unsealing of the testimony as not relevant to the current matter, but Respondent has repeatedly filed the motion.

As to section (d), "Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant."

**THE COURT FINDS** that at the hearing on April 12, 2024, the Respondent agreed to and was ordered to execute Release of Information Forms ("ROI"). At the hearing on September 18, 2024, Respondent had not signed the forms and refused, on the record, to sign the Release of Information Forms. This Court ordered financial sanctions against Respondent for failing to provide court-ordered discovery regarding Respondent's psychosexual evaluation(s), finding Respondent in contempt, that Respondent's failure was "unreasonable and willful", and assessing sanctions in the amount of $100.00 per day for each day Respondent failed to execute Release of Information forms. As of May 15, 2025, the sanctions total approximately $24,000 as Respondent has continued to disobey Court orders by refusing to sign the ROI.

*De Long* **Principles:**

In designating a party as a vexatious litigant, the Court must follow the *De Long* principles adopted in *Madison*. They are as follows:

> (1) to satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order,

> (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order,

> (3) the court must make 'substantive findings as to the frivolous or harassing nature of the litigant's actions,' and

> (4) the order "must be narrowly tailored to closely fit the specific vice encountered."

*Madison*, 230 Ariz. at 14.2

**THE COURT FINDS** that, in this case, Respondent was afforded notice by opposing counsel's motion and had an opportunity to oppose the order. To date, Respondent has not responded to the Motion.

Respondent has filed the following pleadings:

_____ Division 25 _____
Judicial Administrative Assistant

**O R D E R**

Page  6                                           Date:  May 22, 2025                          Case No.:   SP20200416

1. Concerns Regarding Negligence, Misconduct and Possible Bias in Custody Proceedings 10/29/2024.

2. Respondent's Motion for Change of Judge 10/29/2024.

3. Motion for Contempt [Oral Request at time of hearing] 11/6/2024.

4. Motion to Dismiss for Fraud Upon the Court 1/8/2025.

5. Motion to Declare Petitioner a Vexatious Litigant 1/8/2025.

6. Motion for Reconsideration of Psychosexual Evaluation 1/8/2025.

7. Motion for Reconsideration of Sanctions Related to Psychosexual Evaluation 1/8/2025.

8. Motion for Reconsideration of China Doll Affidavit 1/8/2025.

9. Supplemental Motion to Reconsider and Motion to Vacate Order for Psychosexual 2/10/2025.

10. Respondent's Motion to Address Fraudulent Claims and Procedural Abuses 2/10/2025.

11. Respondent's Motion for School Enrollment Decision 2/10/2025.

12. Motion to Require Guardian Ad Litem to Report on Action Taken in Best Interests of Child or Be Removed 2/10/2025.

13. Amended Motion for Reconsideration 2/13/2025.

14. Motion for Reconsideration of February 13, 2025 In Chambers Ruling 2/18/2025.

15. Notice of Errata Regarding Motion for Reconsideration 2/21/2025.

16. Corrected Notice of Motion for Reconsideration of February 13, 2025 In Chambers Ruling 2/21/2025.

17. Notice of Appeal [Filed in the midst of trial] 3/4/2025.

18. Motion to Stay Trial Pending Appeal 3/4/2025.

19. Motion to Vacate Order, Declare Petitioner a Vexatious Litigant, Request Judicial Review and Seek Damages 3/7/2025.

20. Motion to Reconsider and Motion to Vacate Order for Psychosexual Evaluation, Sanctions Related to Psychosexual Evaluation, Reconsider psychosexual evaluation, Supplemental Motion to Reconsider and Vacate the Order [at trial] 3/10/2025.

21. Oral Motion to Unseal Testimony of DCS Worker 3/11/2025.

22. Motion for Full Financial Disclosure of Petitioner 3/14/2025.

23. Motion to Unseal Testimony of DCS Worker Jessica Kazandjian [Filed during multi-day trial] 3/25/2025.

24. Motion to Compel Petitioner to Disclose Additional Financial and Information Disclosure [Filed

_____Division 25_____
Judicial Administrative Assistant

**ORDER**

during multi-day trial] 3/25/2025.

25. Motion for Contempt of Petitioner and to Modify Legal Decision Making and Parenting Time [During multi-day trial for Legal Decision Making and Parenting Time] 3/25/2025.

26. Motion to Order Petitioner Counsel and BIA to Provide Exhibits Via Thumb Drive 3/14/2025.

27. Motion for Contempt for Fraudulent Documentation 4/9/2025.

28. Motion for Contempt for Violating Confidential Orders and Request to Modify Custody and Decision Making Authority [During multi-day trial for Legal Decision Making and Parenting Time] 4/9/2025.

29. Motion for Remote Testimony [During multi-day trial] 4/14/2025.

30. Motion to Unseal Testimony of DCS Worker Jessica Kazandjian 4/17/2025.

31. Emergency Motion to Stay Pending Appeal [filed in the Court of Appeals] 4/22/2025.

32. Appellant's Response to Order to Show Cause Why Appeal Should Not Be Dismissed [filed in the Court of Appeals] 4/22/2025.

33. Combined Motion to Strike Investigative Evidence for Evidentiary Hearing on Undisclosed Conflict and Sanctions Against Petitioner's Counsel 4/22/2025.

34. Motion for Recusal of Judge Dawn Walton 4/29/2025.

35. Motion for Notice of Appeal 4/29/2025.

As summarized above, **THE COURT FINDS** that most of Respondent's claims are frivolous, meritless and harassing.

**THE COURT FURTHER FINDS** that an order narrowly tailored *in the current/ongoing legal decision making, parenting time and child support matter* only will appropriately limit Respondent's vexatious conduct without offending Constitutional principles of procedural fairness.

**THEREORE, IT IS ORDERED** finding that Respondent is a vexatious litigant pursuant to A.R.S. 12-3201.

**THE COURT ORDERS that Respondent, Cody Alan Castro, shall utilize the following procedure in order to obtain permission to file pleadings in this matter:**

1. **Cody Alan Castro shall submit a signed, dated (and verified if required by Rule) pleading in a sealed envelope to this Division. Cody Alan Castro shall place the case caption and case number on the outside of the envelope and indicate that the envelope is to be delivered to the assigned judge's chambers.**

                    _____Division 25_____
                    Judicial Administrative Assistant

ORDER

Page 8                              Date: May 22, 2025                    Case No.:   SP20200416

2. Cody Alan Castro shall include a self-addressed, stamped envelope in the sealed envelope.

3. If the Court gives permission for Cody Alan Castro to file the pleading, and the pleading is ready for filing, then the Court will file the pleading with the Clerk's Office and mail a conformed copy back to Cody Alan Castro. Cody Alan Castro shall be responsible for serving the conformed copy on the opposing party/counsel pursuant to the Arizona Rules of Family Law Procedure.

4. If the pleading is approved but not ready for filing, then it will be mailed back to Cody Alan Castro with a request to send a pleading that meets the requirements for filing under the rules of procedure.

5. If the Court does not give permission for Cody Alan Castro to file the pleading, then the pleading will be mailed back to Cody Alan Castro with a statement indicating that permission was denied.

6. Failure by Cody Alan Castro to follow this procedure shall result in the Court rejecting Cody Alan Castro's pleading.

_____ /s/

HON. DAWN R. WALTON
(ID: d97c1f86-1a7c-4ba3-b903-aacef21d705c)

cc:    Hon. Danelle B. Liwski
       Matthew W Randle, Esq.
       Thea M. Gilbert, Esq.
       Clerk of Court - Civil Supervisor
       Clerk of Court - Legal Records Supervisor
       Court Services - Family Law

                                                    _____Division 25_____
                                                    Judicial Administrative Assistant

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT

JUL 25 2016

ARIZONA SUPERIOR COURT, PIMA COUNTY

16 JUL 25  AM 8: 16

HON. SARAH R SIMMONS                               CASE NO.        C20160226

BY: R. ST. GERMAINE, DEPUTY DATE:        July 21, 2016

JUDITH CHAPPEL
    Plaintiff

VS.

APAC CUSTOMER SERVICE INC
    Defendant

---

## R U L I N G

**IN CHAMBERS RULING:**

    Judith Chappel has filed a "request to overturn to Granted status to Defendant's Motion to Dismiss". The Court is treating this as a Motion for Reconsideration. The Motion for Reconsideration is DENIED. As Ms. Chappel previously has been advised, this case has been dismissed. Any further attempts to make filings in this case will be returned to Ms. Chappel without being filed.

    As noted in the July 12, 2016 ruling, any further action on the subject matter of Ms. Chappel's now-dismissed lawsuit can only take place if a new suit is filed.

_Sarah R. Simmons_ /s/
**HON. SARAH R. SIMMONS**
(ID: 1db875ec-b17d-40dd-9ba6-01014768fe22)

cc:    Hon. Sarah R Simmons
       Damian P Richard, Esq.
       Judith Chappel
       Case Management Services - Arbitration
       Case Management Services - Civil
       Clerk of Court - Civil Supervisor

                                       Mary Mieler
                                 Judicial Administrative Assistant

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
10/19/2022 4:35PM
BY: JHARSHMAN
DEPUTY

## SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| DAVID CARL, an unmarried man,<br><br>      Plaintiff,<br><br>vs.<br><br>THE UNKNOWN HEIRS OF RICKY GENE THOMPSON; WANDA M. THOMPSON; MICHAEL WAYNE COLE; JANE DOES I-X; JOHN DOES I-X; ABC CORPORATIONS; and RED, BLUE, GREEN, LLC's,<br><br>      Defendants. | **Case No.** V1300CV202180348<br><br><br>**ORDER** |

| | |
|---|---|
| **HONORABLE LINDA WALLACE** | **BY:** Melissa Crouse, Judicial Assistant |
| **DIVISION PRO TEM B** | **DATE:** October 19, 2022 |

The Court reviewed *Plaintiff's Motion to Designate Defendant Michael Wayne Cole as a Vexatious Litigant Pursuant to A.R.S. §12-3201* filed July 27, 2022. Defendant Michael Wayne Cole did not file a response.

The court may summarily grant a motion if the opposing party does not file a responsive memorandum. R. 7.1(b) ("The court may summarily grant or deny a motion if: […] (2) the opposing party does not file a responsive memorandum; […]).

**THEREFORE, IT IS HEREBY ORDERED** granting the *Motion* and declaring the Defendant Michael Wayne Cole is a vexatious litigant pursuant to A.R.S. 12-3201 and he is precluded from filing any documents in this case without first obtaining leave of the Court.

eSigned by WALLACE, LINDA 10/19/2022 16:06:58 XVuWsvu1

_____

Hon. Linda Wallace

Carl v Unknown Heirs of Ricky Gene Thompson, et al
V1300CV202180348
Order
October 19, 2022


cc:    Timothy P. Remick – Remick law, PLC (e)
       Shiloh K. Hoggard – Law Office of Shiloh K. Hoggard, PLLC (e)
       Michael Cole – 3030 N. 7th Street, #147, Phoenix, AZ 85014
       Brenda Holley/Charlie Van Landingham – Court Coordinator (e)



Electronic Service List
TIMOTHY P REMICK <tim@remicklawplc.com>
SHILOH K HOGGARD <Shiloh@hoggard-law.com>

FILED
TONI HELLON
CLERK, SUPERIOR COURT
10/17/2017 4:37:16 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. SARAH R SIMMONS

CASE NO.     C20174102

DATE:     October 17, 2017

MAIOLA COLEMAN
    Plaintiff

VS.

PIMA COUNTY
    Defendant

---

# R U L I N G

**CIVIL RULING**

On September 12, 2017, Defendant Pima County (hereafter "Pima County") filed an A.R.C.P 12(b)(6) motion to dismiss Plaintiff Maiola Coleman's (hereafter "Plaintiff") Complaint, for failure to state a claim upon which relief can be granted. Additionally, Defendant requests that this Court declare Plaintiff a vexatious litigant pursuant to A.R.S. §12-3201. On September 14, 2017, Plaintiff filed her response to Defendant's motion, wherein she asserts she began experiencing emotional and mental disturbance on October 2, 2015. Defendant filed a reply on September 22, 2017. The Court has read and considered the Parties' moving papers and the evidence presented therein.

    **1. Motion to Dismiss**

A party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." A.R.C.P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the Court must take all of the material allegations of the pleadings of the non-moving party as true. *Sierra Madre Development, Inc. v. Via Entrada Townhouses Association,* 20 Ariz. App. 550, 514 P.2d 503 (1973). However, mere conclusory statements are insufficient. *Peterson v. Newton,* 232 Ariz. 593, 595, 307 P.3d 1020, 1022 (App. 2013). *See also Cullen v. Auto-Owners Inc. Co.,* 218 Ariz. 417, 419, 189 P.3d 344, 356 (2008) (holding that mere conclusory statements are insufficient to state a claim upon which relief can be granted). Thus, dismissal under Rule 12(b)(6) is appropriate, "if, as a matter of law, plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof." *Leerer v. DMB Realty, LLC,* 234 Ariz. 397, 401 P.3d 909, 913.

                                               Melissa San Angelo
                                               Law Clerk

**R U L I N G**

Defendant asserts in its motion to dismiss that Plaintiff's first cause of action is barred by the applicable statute of limitations, while Plaintiff's remaining claims are barred by res judicata. To determine whether Plaintiff's claims are barred by the applicable statute of limitations and res judicata, the Court will analyze each of the claims separately. Plaintiff's claims, as written in her complaint, are enumerated as follows: (1) Carelessness and Wrongdoing; (2) Gross negligence and Carelessness; (3) Gross negligence and Carelessness; (4) Gross negligence and Carelessness.

i.    <u>Carelessness and Wrongdoing</u>

In her first cause of action, Plaintiff alleges Defendant violated its own policies and procedures in addressing employee complaints. Plaintiff specifically alleges that on October 2, 2015, she was subjected to a conference with employees of Defendant. In Plaintiff's opposition to the present motion, Plaintiff asserted Defendant and its employees' actions on October 2, 2015 caused her harm. Based on Plaintiff's allegations in both her Complaint and opposition, Plaintiff's first claim accrued on October 2, 2015.

The statute of limitations on all actions against a public entity or employee must be brought within one year after the cause of action accrues. A.R.S. §12-821. Thus, any claims related to October 2, 2015 were required to be brought on or before October 2, 2016. Plaintiff's complaint was filed on August 25, 2017. Therefore, Plaintiff's first claim is barred.

ii.    <u>Gross negligence and Carelessness</u>

Plaintiff asserts Defendant engaged in gross negligence and carelessness by listing her name and email on the intranet. This allegation was made by Plaintiff in her previous lawsuit against Defendant.[1] Under the doctrine of res judicata, "a final judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same claim." *Kent v. Carter-Kent,* 235 Ariz. 309, 314, 332 P.3d 56, 61 (App. 2014) *citing Dressler v. Morrison,* 212 Ariz. 279, 282, ¶ 15, 130 P.3d 978, 981 (2006). Plaintiff's previous lawsuit, which was her second against Defendant, was dismissed following Defendant's filing of a motion to dismiss pursuant to Rule 12(b)(6).

Supreme Court precedent has established that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. *Stewart v. U.S. Bancorp,* 297 F.3d 953, 957 (9th Cir. 2002) *citing Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981). Thus, the dismissal of Plaintiff's claim in the her second lawsuit amounted to a final judgment on the merits. Both Plaintiff and Defendant in the present lawsuit are the same parties involved in the previous matter. Further, the present claim

---

[1] *Coleman v. Pima County,* C20171674, *Complaint* at 3.

_____
Melissa San Angelo
Law Clerk

**R U L I N G**

Page 3                                    Date:  October 12, 2017                          Case No.:  C20174102

is the same as the one previously asserted against Defendant in Plaintiff's second lawsuit.  Therefore, res judicata applies to this claim.

       iii.      <u>Gross negligence and Carelessness</u>

       Plaintiff alleges Defendant used her personal email address, sending it to people in the community, nonprofit organizations, and staff on the intranet.  Similar to the claim before it, this allegation was also made in Plaintiff's second lawsuit against Defendant.[2]  Consequently, this claim was also dismissed pursuant to the Rule 12(b)(6) motion made by Defendant in the previous lawsuit.  As discussed above, res judicata applies to claims or cases dismissed for failure to state a claim upon which relief can be granted.  *Id.*  Thus, res judicata applies to this claim as well.

       iv.      <u>Gross negligence and Carelessness</u>

       Lastly, Plaintiff asserts Defendant provided an email address to staff, allegedly representing Plaintiff as an approved vendor working with Pima County in 2017.  Plaintiff raised this same claim in her previous lawsuit against Defendant, albeit it was worded differently.  Plaintiff previously alleged an email address was made in her name by Defendant, provided to staff, and posted on the interoffice system so that Plaintiff was represented as one who conducts business with Defendant.[3]  However, determining whether two claims are the same does not turn on whether they are identically worded, but instead on whether they arise out of the same transactional nucleus of facts.  *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000).

       The claim Plaintiff previously asserted and the one she has currently made against Defendant arises out of Defendant allegedly creating an email address in Plaintiff's name, and providing it in such a way that Plaintiff was represented as being someone engaged in business with Defendant.  Although Plaintiff did not previously indicate she was held out as an approved vendor of Defendant's, this difference is immaterial because the two claims arise out of the same facts: an email address being created in Plaintiff's name and disbursed to Defendant's employees, portraying Plaintiff as one conducting business with Defendant.  Thus, the two claims are the same for purposes of applying res judicata to the Plaintiff's claim in the present lawsuit.  This claim is barred.

       Plaintiff's Complaint fails to state a claim upon which relief can be granted, since her claims are barred by the applicable statute of limitations and the res judicata doctrine.  Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

---

[2] *Id.*

                                    <u>Melissa San Angelo</u>
                                          Law Clerk

**R U L I N G**

Page  4                        Date:  October 12, 2017                        Case No.:  C20174102

**2.  Motion to Designate Plaintiff  a Vexatious Litigant**

Access to the Court is a fundamental  Constitutional  right  of every individual.  *See*
*Bounds v. Smith,* 430 U.S. 817 (1977).  However, "Arizona  courts possess inherent  authority  to curtail  a
vexatious  litigant's  ability  to initiate  additional  lawsuits."  *Madison v. Groseth,* 280 Ariz.  8, 14, 279 P.3d 633,
639 (App. 2012).  At the request  of a party, a pro se litigant  may be designated  a vexatious  litigant.  A.R.S. §12-
3201. A "vexatious  litigant"  is one who repeatedly  files  court actions  solely  or primarily  for the purpose of
harassment.  A.R.S. §12-3201(E)(a).

The Court must satisfy  certain  elements  when ordering  pre-filing  restrictions  on vexatious  litigants,  as
established  in *De Long v. Hennessey,*  912 F.2d 1144 (9th Cir. 1990): "(1) to satisfy  due process, the litigant
must be afforded  notice  and an opportunity  to oppose the order; (2) the court must create an adequate record for
appellate  review that includes  a listing  of all cases and motions  leading  the court to enter the order; (3) the court
must make substantive  findings  as to the frivolous  or harassing  nature of the litigant's  actions;  and (4) the order
must be narrowly  tailored  to closely  fit the specific  vice encountered."  *Madison,* 280 Ariz. At 14, 279 P.3d at
639. Additionally,  the Ninth Circuit  created certain  factors for courts to consider  as guidance  when identifying
a vexatious  litigant  and creating an appropriate  remedy:  "(1) the litigant's  history  of litigation  and the nature of
prior lawsuits;  (2) the litigant's  motive  in filing  new lawsuits;  (3) whether  the litigant  is represented  by counsel;
(4) whether the litigant  has caused needless  expense to others or unduly  burdened  the court; and (5) whether
different  sanctions  would adequately  protect other parties and the court."  *Id.* at ft.9.

The Court has broken down its inquiry  into the four *De Long* elements,  listed  above.

1.  Notice  and an opportunity  to oppose the order

Defendant  filed  its application  to deem Plaintiff  a vexatious  litigant  along  with its motion
to dismiss,  pursuant  to Rule 12(b)(6), on September 12, 2017.  Plaintiff  filed  a response to Defendant's  motion
to dismiss,  which did not include  any opposition  to Defendant's  vexatious  litigant  application.  Nonetheless,
based on Plaintiff's  timely  response to Defendant's  motion to dismiss  contained  in the same document as its
application,  Plaintiff  received  notice  and an opportunity  to oppose the order.

2.  All cases and motions  leading  the Court to enter the order

i.        Pima County case number C20163952 – allegations  of wrongful  treatment,  recklessness,  and
          gross negligence.  Plaintiff's  claims  stem from the same incidents  as alleged  in the present case,
          dating  back to October 2, 2015.

---

[3] *Id.* at 2.

                                        _____
                                        Melissa  San Angelo
                                        Law Clerk

**R U L I N G**

ii.    Pima County case number C20171674 – same allegations as the above case, based on the same facts with the same operative date of October 2, 2015. Complaint dismissed for failure to state a claim upon which relief can be granted.

iii.    Pima County case number C20174102 (present case) – same operative facts as previously alleged in Plaintiff's previous two lawsuits against Defendant. Defendant's motion to dismiss granted on the day of this Ruling.

iv.    Pima County case number C20174708 – a fourth case against Defendant based on the same operative facts. Defendant filed a motion to dismiss along with an application to designate Plaintiff a vexatious litigant, both of which await decision.

3.   <u>Substantive findings as to the frivolous or harassing nature of litigant's actions</u>

i.    Plaintiff has filed claims, with essentially identical facts, allegations, and requested relief against Defendant in four consecutive lawsuits, all within approximately one year and two months.

ii.    Plaintiff has been unrepresented by counsel in each lawsuit filed against Defendant.

iii.    Plaintiff's fourth lawsuit against Defendant was filed after she responded to Defendant's motion to dismiss in the present case, and while this decision was pending, evidencing a motive to harass Defendant.

iv.    Plaintiff's practice of filing repetitive lawsuits against Defendant is harassing and contrary to the interests of justice. Additionally, this practice significantly wastes judicial time and causes needless expense on matters that have already been decided.

v.    Lesser sanctions, including dismissal, have proven ineffective in ending Plaintiff's harassing behavior, as evidenced by Plaintiff filing a third and fourth lawsuit against Defendant following the dismissal of Plaintiff's claims in her second lawsuit.

4.   <u>Order must be narrowly tailored</u>

Based on the Court's aforementioned findings, the Court finds that Plaintiff shall be enjoined from filing any future lawsuits in Pima County against Defendant, without leave of the Presiding Judge of the Pima County Superior Court. This Order is sufficiently narrow to address Plaintiff's harassing behavior against Defendant, and is warranted and appropriate under the circumstances. Therefore,

**IT IS ORDERED** that Plaintiff Maiola T. Coleman is found to be a vexatious litigant in her actions against Defendant.

 

 

                                               <u>Melissa San Angelo</u>
                                                  Law Clerk

**R U L I N G**

| Page 6 | Date: October 12, 2017 | Case No.: C20174102 |
|---|---|---|

     **IT IS FURTHER ORDERED** that Plaintiff Maiola T. Coleman is enjoined from filing any lawsuit, in which she is self-represented, in any Arizona Superior Court or Justice Court against Defendant in this action, without prior approval of the Presiding Judge or the Presiding Judge's designee of the county in which Plaintiff desires to file suit.

     **IT IS FURTHER ORDERED** that no Arizona Superior Court Clerk or Justice Court Clerk shall accept from Plaintiff for filing any future lawsuit against the Defendant in this lawsuit, without prior approval of the Presiding Judge or the Presiding Judge's designee of the county in which Plaintiff desires to file suit.

     **IT IS FURTHER ORDERED** that Plaintiff shall present a copy of this Order to the clerk of any court in which she desires to file any lawsuit against Defendant.

*Sarah R. Simmons* /s/

**HON. SARAH R. SIMMONS**
(ID: 01511d7a-7955-406a-a4b7-cd619f53036e)

cc:    Hon. Kyle Bryson, Presiding Judge
      James W Rappaport, Esq.
      Maiola Coleman
      Case Management Services - Civil
      Clerk of Court - Civil (with file)
      √ Toni Hellon, Clerk of the Superior Court (hand delivered)

                                                       Melissa San Angelo
                                                           Law Clerk



FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT
2015 FEB -6  PM 3: 49
BY_____
DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PINAL**

|  |  |
|---|---|
| IN THE MATTER OF PROHIBITING DALE MAISANO FROM FILING AN LAWSUITS IN PINAL COUNTY WITHOUT OBTAINING PERMISSION FROM THE COURT | ) ) ) ) ) ) |

**ADMINISTRATIVE ORDE**
**2015 _00009_**

Multiple Petitions filed by Dale Maisano were recently assigned to a single Commissioner/Judge Pro Tem, who observed a pattern of conduct and referred the Petitions to this division to determine whether Maisano should be designated as a vexatious litigant. Upon review of multiple lawsuits that were recently filed by Maisano, and considering all the matters presented, the Court makes the following findings and orders regarding Dale Maisano:

Our courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth*, 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. C.S. Chevira*, 188 Ariz. 252, 934 P.2d 816 (App. 1997). The Court can normally control filing abuses by the rules of professional responsibility applicable to attorneys or by the imposition of monetary sanctions, including attorney's fees. However, these avenues are not generally used when addressing a self-represented or pro se litigant.

In fact, the Arizona State Legislature recently enacted A.R.S. §12-3201 to address the filing abuses and to outline the manner in which a pro se litigant may be designated as a vexatious litigant. Vexatious conduct is defined as: "(1) repeated filing of court actions solely or primarily for the purpose of harassment; (2) unreasonably expanding or delaying court proceedings; (3) court actions brought or defended without substantial justification; (4) engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant; (5) a pattern of making unreasonable, repetitive and excessive requests for information; or (6) repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation." *See* A.R.S. §12-3201(C).

Administrative Order No. _____

A review of the pleadings filed by Maisano reveals that he has filed ten (10) Petitions for Writ of Habeas Corpus/Petition for Special Actions within the past three years. Maisano two (2) Petitions for Writ of Habeas Corpus in 2013, two (2) Petitions for Writ of Habeas Corpus in 2012, one (1) Petition for Writ of Habeas Corpus in 2011, and one (1) Emergency Special Action in 2007, which was subsequently dismissed. Notably, in 2014, Maisano filed five (5) Petitions for Writ of Habeas Corpus/Petition for Special Action within a period of four (4) months.

In addition, in his Petition for Writ of Habeas Corpus filed in CV201401440, Maisano states "[t]his Petitioner has filed 4000 cases in U.S. Dist. Ct; from 6-6-13 – 2-20-14. All everyone of those cases are now at issue in this action. Welcome to my world." Upon a cursory and summary review of matters filed by Maisano in the U.S. District Court, this estimate appears fairly accurate. After a review of the Petitions filed in this Court, they are incoherent and seek relief that cannot be granted, i.e., requests to immediately remove case to the Arizona Supreme Court.

Below is a summary of the cases filed by Maisano in 2014:

- On May 1, 2014, Maisano filed an "Emergency Writ of Habeas Corpus" but does not allege any facts showing he is entitled to immediate release. On May 9, 2014, the Court denied the Petition.
   - On May 29, 2014, Maisano filed an "Emergency Notice of Appeal State Court of Appeals." On June 6, 2014, the Court treated the Motion as a request to reconsider and denied the motion. The Court noted that if Maisano desired an Appeal, the appropriate pleading must be filed.
   - On June 19, 2014, Maisano filed a "2nd Emergency Notice of Appeal to: State Court of Appeals." The Clerk of the Court then transmitted the record to the Arizona Court of Appeals, Division II for review.
   - On September 23, 2014, the Court of Appeals issued an Order dismissing the appeal for Maisano's failure to comply with the Court of Appeals' August 26, 2014 Order. (CV201401187)

- On June 4, 2014, Maisano filed a "Writ of Habeas Corpus" and attached nearly 700 pages of attachments. In this particular Writ, Maisano states "[t]his Petitioner has filed 4000 cases in U.S. Dist. Ct; from 6-6-13 – 2-20-14. All everyone of those cases are now at issue in this action. Welcome to my world." He further asserts that he has been awaiting movement to a medical unit and has been moved to worse conditions.
   - On June 19, 2014, before any ruling had been made, Maisano filed "Notice of Appeal to State Supreme Court." The Clerk of the Court then transmitted the record to the Arizona Court of Appeals, Division II for review.
   - Once on appeal, Maisano claimed that the Court of Appeals "lacked venue" and that the case "must be moved to the Arizona Supreme

Administrative Order No. _____

Court." On September 12, 2014, the Court of Appeals interpreted Maisano's assertions as a withdrawal of the appeal and dismissed the appeal.

- o On September 26, 2014, Maisano then filed an "Order to Show Cause" in this Court to address why this matter has not been moved to the Arizona Supreme Court; however, this Court did not have jurisdiction insofar as a Mandate had not yet been issued.
- o On November 26, 2014, the Court of Appeals issued the Mandate to this Court and the matter was returned to this Court's jurisdiction. (CV201401440)

- On June 20, 2014, Maisano filed a "Petition: Writ of Habeas Corpus" requesting to be "set free from the oppressive respondents."
  - o On September 5, 2014, Maisano filed a "Notice of Appeal: Move Action Forthwith To: Arizona State Supreme Court." The Court denied his Petition insofar as no ruling/judgment had been rendered on the Petition and directed the Petition to the appropriate division for review.
  - o On September 26, 2014, Maisano filed a "Request this Action be Moved Forthwith To: Arizona Supreme Court" and asserted that the Court is "dysfunctional" and that the matter be moved to the Arizona Supreme Court.
  - o After a recusal, this matter was reassigned on December 10, 2014. (CV201401569)

- On August 13, 2014, Maisano filed an "Emergency Special Action" in which he asserted that he has been denied proper medical/dental care. On December 10, 2014, this matter was reassigned. (CV201401948)

- On August 13, 2014, Maisano filed an "Emergency Special Action" in which he asserted that he has been denied access to the Courts and legal counsel. On October 1, 2014, Maisano filed a "Request This Case Moved Forthwith to AZ. Sup. Ct.;" however, such request is entirely improper.[1]
  - o On December 12, 2014, the Court ordered that a filing fee be applied to Maisano's filing or Maisano would need to apply for a deferral of fees; otherwise, the matter would be dismissed without prejudice.

Based on a review of these matters, and in light of his conduct in other courts, this Court finds Maisano to be a vexatious litigant. The Court may issue an order limiting such a litigant's ability to file future lawsuits, motions, and requests for relief to the extent necessary to curtail the improper conduct. The Court finds

---

[1] Moreover, as a result of Maisano's multiple filings and legal actions, the October 1, 2014 Request was not associated with the proper file until recently.

Administrative Order No. _____

the orders set out below to be the least restrictive orders that will adequately address Maisano's established pattern of abuse.

Given all of the circumstances, IT IS ORDERED as follows:

1. Maisano may not file any new causes of action after the date of this order without leave of the Civil Presiding Judge or his/her designee.
2. Maisano may not file any new pleading, motion or any other document in any non-criminal case in which judgment concluding the case has been entered without leave of the Civil Presiding Judge or his/her designee.[2]

Any motion for leave to file shall be captioned "Application Pursuant to Court Order Seeking Leave to File." Maisano must either cite this order in his application, or attach as an exhibit a copy of this order.

If approval for filing a new action is granted, the Clerk of Court may accept subsequent filings in that cause number from Maisano.

Dated this ___6th___ day of February, 2015

Hon. Stephen F. McCarville, Presiding Judge

Original: Filed with the Clerk of the Superior Court
Copies To:   Superior Court Judges
             Clerk of the Superior Court
             Hon. Stephen F. McCarville, Presiding Judge
             Hon. Kevin D. White, Associate Presiding Judge
             Hon. Daniel A. Washburn, CV201401949
             Hon. Lawrence M. Wharton, CV201401187
             Hon. Karen J. Stillwell, CV201401948, CV201401440, V201401569
             Rick Lewis, Court Administrator
             Dale Maisano

---

[2] Maisano is not required to seek leave of Court before filing a "Notice of Appeal" to the Arizona Court of Appeals.

FILED
TONI HELLON
CLERK, SUPERIOR COURT
8/3/2016 2:52:55 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. CATHERINE M WOODS

CASE NO.    **C20145242**

DATE:    August 3, 2016

LARRY ELEM
    Plaintiff

VS.

CLARENCE W DUPNIK, ET AL.
    Defendant(s)

---

**O R D E R**

---

**IN CHAMBERS RE: PLAINTIFF'S MOTION TO REOPEN CASE AND WAIVE SERVICE OF PROCESS FEES AND COURT FEES**

The Court has reviewed the Plaintiff's Motion referenced above, filed June 27, 2016.

The Court also has reviewed and considered the entire Court file. Plaintiff's Motion presents a successive request that the Court already has carefully considered and denied on five previous occasions dating to November 2015. In addition, and much more troubling, Plaintiff's Motion reflects an attempt to perpetrate a fraud upon the Court in order to obtain relief that previously was requested and denied on multiple occasions. Plaintiff presented his June 27, 2016 Motion to a judicial officer who is not assigned to this case, and he attached to it a manipulated copy of a Court Order dated June 1, 2015, which was issued in a completely separate case, to make it appear that the Order was issued in this case. The assigned judge in this case is quite familiar with the case from which the June 1, 2015 Order issued: *Larry Elem vs. Pima County Jail Law Library et al.*, Pima County Superior Court Case No. C20145320. No such Order was issued in this case. In fact, this case already had been dismissed by the time the June 1, 2015 Order was issued. The clerk of court has not violated any Order issued in this case, and did nothing to impede or prevent Plaintiff from timely and properly pursuing this litigation.

On this record, the Court finds that Plaintiff Larry Elem has engaged in vexatious conduct and he is a vexatious litigant as defined in A.R.S. § 12-3201(f), through his repeated filing of documents or requests for relief that have been the subject of five previous rulings by the Court in the same litigation. He has done so without substantial justification. He is deserving of a heightened level of scrutiny before the Court will accept any future filings. He also is deserving of a sanction pursuant to Rule 11(a), A.R.C.P. for falsely claiming in his

        Maria Mendoza
        Judicial Administrative Assistant

**O R D E R**

| Page 2 | Date: August 3, 2016 | Case No.: | C20145242 |
|---|---|---|---|

Motion that he is entitled to the relief requested due to the clerk of court failing to comply with an Order that never in fact had been issued in this case. Given his status as an inmate and likely having no assets that could be used to pay a monetary sanction, the Court finds the appropriate sanction is to share with the Presiding Judge of this Court, the Presiding Judges of the Civil, Family and Probate benches, and the Clerk of Court the information that Larry Elem has engaged in deceptive and sanctionable practices as a self-represented litigant in this Court.

     **IT IS ORDERED** denying Plaintiff's Motion to Reopen Case and Waive Service of Process Fees and Court Fees.

     **IT IS FURTHER ORDERED** designating Larry Elem a vexatious litigant. Pursuant to § 12-3201(B). Larry Elem may not file any new pleading, motion, or other document in this Court without prior leave of Court.

     **IT IS FURTHER ORDERED** that this Order shall be distributed to the Presiding Judge of this Court, the Presiding Judges of the Civil, Family, and Probate benches of this Court, the Clerk of Court, and the Chief Deputy Clerk of Court.



**HON. CATHERINE WOODS**
(ID: 5857ad74-e1bd-430f-85cc-0e4d3d701e7b)

cc:    Hon. Catherine M Woods
       Hon. Charles V. Harrington
       Hon. James E Marner
       Hon. Jeffrey T. Bergin
       Hon. Kyle Bryson
       Larry Elem
       Case Management Services - Civil
       Clerk of Court - Civil Supervisor
       Clerk of Court - Civil Unit  (Attn: Keith Ylvisaker and Jim Orr)
       Clerk of Court - Under Advisement Clerk
       Chef Deputy Clerk of Court, Greg DeMerritt
       Clerk of Court, Toni Hellon

                                               Maria Mendoza
                                     Judicial Administrative Assistant

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
3/10/2020 5:09:13 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. JANE BUTLER                                    CASE NO.        D20181014

                                                   DATE:           March 06, 2020

WENDY MCCURDY
    Petitioner

and

JENNIFER ENGLISH
    Respondent

---

## R U L I N G

**IN CHAMBERS RULING RE: PETITIONER'S MOTION TO DESIGNATE RESPONDENT AS VEXATIOUS LITIGANT**

    The Court has received and reviewed Petitioner's Motion to Designate Respondent as Vexatious Litigant, Respondent's response to said motion, and Petitioner's Reply to Respondent's response.

    Respondent, currently a self-represented party, is highly litigious filing numerous pleadings, petitions, and motions. The issue is whether respondent's behavior rises to the level of a vexatious litigant as outlined in the Arizona statute.

**Vexatious Litigant:**

    A.R.S. § 12-3201 outlines the requirements for a finding that a party is a vexatious litigant. The statute states as follows:

    **A.** In a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant.
…
    **C.** A pro se litigant is a vexatious litigant if the court finds the pro se litigant engaged in vexatious conduct.
…
    **E.** For the purposes of this section:
        1. "Vexatious conduct" includes any of the following:
            (a) Repeated filing of court actions solely or primarily for the purpose of harassment.
            (b) Unreasonably expanding or delaying court proceedings.

_____
Krystina Johnson
Judicial Administrative Assistant

**R U L I N G**

(c) Court actions brought or defended without substantial justification.

(d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.

(e) A pattern of making unreasonable, repetitive and excessive requests for information.

(f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

2. "Without substantial justification" has the same meaning prescribed in § 12-349.

A.R.S. § 12-3201. A.R.S. § 12-349 defines "without substantial justification" as follows, "that the claim or defense is groundless and is not made in good faith." The litigant's conduct need only fall within just one of the definitions of vexatious conduct (a-f).

The Arizona Court of Appeals has adopted the *De Long* principles: "(1) to satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (3) the court must make 'substantive findings as to the frivolous or harassing nature of the litigant's actions' and (4) the order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Madison v. Groseth*, 230 Ariz. 8, 14 (App. 2012). The "plaintiff's claims must not only be numerous, but patently without merit." *Id.*

A vexatious litigant finding is rare. The litigant must be more than just litigious, their claims must also lack merit. The Respondent in this case has filed over fifty (50) different *pro se* pleadings, motions, or requests with this Court over the last year and a half. This is in addition to the filings that were made on her behalf through counsel.

**(b) Unreasonably expanding or delaying court proceedings.**

A party "unreasonably expand[s] or delay[s] court proceedings" by filing pleadings with claims that have already expressly been ruled on by the court. *See Willis v. Dentists Benefits Ins. Co.*, No. 1 CA-CV 16-0390 (App. 2017) (**NOT REPORTED**)[1]. Where the trial court repeatedly explains to a party that their claims have no merit and they continue to press those claims with the court the party can be deemed a vexatious litigant. *Id.*

---

[1] The Court has reviewed A.R.S. Sup. Ct. Rule 111(c)(1)(C) and has determined that there is a dearth of precedential Arizona case law regarding vexatious litigants. This Court relies on A.R.S. § 12-3201 and *Madison v. Groseth*, 230 Ariz. 8, 14 (App. 2012), but as needed cites to non-reported opinions per Rule 111 as persuasive authority.

_____
Krystina Johnson
Judicial Administrative Assistant

**R U L I N G**

The Respondent has unreasonably expanded or delayed Court proceedings. Most notable is Respondent's Petition for Conciliation. While Respondent is psychologically and practically the second parent of Benjamin, she is not a legal parent. Her power of attorney over Benjamin was always revocable and the lack of a second parent adoption from Benjamin's birth to the present has been well established. Respondent has continually filed motions referencing Benjamin despite being informed that this action was a divorce without children and that she could file for third party visitation. Respondent's inability or unwillingness to proceed with a divorce without children as ordered and instructed by this Court has unreasonably expanded and delayed the Court proceedings. Respondent's claims are patently without merit, despite how heartbreaking her situation may be. It is clear that Respondent has been harmed by the United States' denial of same-sex marriages prior to *Obergefell*, but she has been treated the same as any other parent who had a non-biological child out of wedlock and failed to establish parental rights before the filing of the divorce petition. *See Doty-Perez v. Doty-Perez*, 241 Ariz. 372, 373, 388 P.3d 9, 10 (Ct. App. 2016).

Respondent does not have to remain a legal stranger and has been instructed by this Court to file a third-party visitation petition regarding Benjamin. This Court is permitted to allow Respondent to do that and at the same time curtail her meritless pleadings by designating her a vexatious litigant with leave to file a third-party visitation petition at any time going forward but no other motions without leave of Court.

This Court has attempted to use other methods to curtail Respondent's unreasonable behavior such as granting Petitioner's request for attorney's fees where the Court stated:

> Respondent acted unreasonably in the litigation. Specifically, Respondent acted unreasonably by doing the following: asserting claims of constructive trust and unjust enrichment in her response to the Motion for Summary Judgement despite incontrovertible evidence that Petitioner had purchased the properties long before the marriage; asserting without notice, an implied contract claim during oral argument; and by asserting that she would have entered into a stipulation if only offered by Petitioner. (In Chambers Order, June 5, 2019).

Despite this Ms. English continued to file pleadings, motions, requests, and other filings that had no basis in fact or law. Many of her filings are unnecessarily in two parts. Respondent's "Closing Brief" was over two hundred and fifty (250) pages due to her attempt to admit excluded exhibits and Respondent continually attempts to relitigate her parental rights concerning Benjamin.

**(e) A pattern of making unreasonable, repetitive and excessive requests for information.**

Respondent filed interrogatories and a request for production but failed to detail the requests. She then requested "key disclosure" from Petitioner in a Motion to Continue. Throughout the case, Respondent has referenced "unfair practices" by the Petitioner and her counsel alleging they have hidden information and utilized unfair practices. This alone is not enough to meet the vexatious litigant standard.

_____
Krystina Johnson
Judicial Administrative Assistant

**R U L I N G**

| Page 4 | Date: March 10, 2020 | Case No.: D20181014 |
| --- | --- | --- |

**(f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.**

Where a party continues to pursue claims the court has ruled on, despite "the court repeatedly explain[ing] to the contrary," it is within the Court's discretion to designate that party as a vexatious litigant. *See Gainey Ranch Community Assoc. v. Kraft*, No. 1 CA-CV 18-0179 (App. 2019) (**NOT REPORTED**).

The Respondent in this case has filed over fifty (50) different *pro se* pleadings, motions, or requests with this Court over the last year and a half. The Court first decided the matter of attorney's fees on June 5, 2019 in response to a filing by Respondent that had no basis in fact or law. Respondent filed a motion to reconsider as she has done for almost every ruling by this Court. Respondent's exhibits were excluded from trial. She then filed them separately by mailing them to the Court. Exhibits were added to her closing brief, she requested that exhibits then be released to her, and then exhibits were offered with Respondent's "Response to Petitioner's Motion to Designate Respondent a Vexatious Litigant." The issue of exhibits had been litigated and clearly ruled on by the Court and yet Respondent continued to ask for their admission. There is little doubt that Respondent will file a motion for reconsideration to whatever final decision the Court files and then a subsequent, if not simultaneous, appeal.

**Other Vexatious Conduct:**

Respondent in this action has only filed one legal action, Petition for Conciliation. The vexatious litigant statute is to be interpreted based on the plain language of the text. *See Stein v. Sonus USA, Inc.*, 214 Ariz. 200, 3, 150 P.3d 773, 774 (App. 2007) and *Marin v. Wilmot Self-Storage*, LLC, No. 2 CA-CV 2017-0067, 2017 WL 4422410, at *3 (Ariz. Ct. App. Oct. 4, 2017) (**NOT REPORTED**). Both (a) and (c) require multiple actions to be filed, brought, or defended and that has not occurred in this case. Sanctions have not been imposed against Respondent and would not be warranted in this case. Attorney fees were imposed against Respondent for filing motions not based in fact or law and is addressed above.

***De Long* Principles:**

In designating a party as a vexatious litigant, the Court must follow the *De Long* principles adopted in *Madison*. They are as follows:

(1) to satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order,
(2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order,
(3) the court must make 'substantive findings as to the frivolous or harassing nature of the litigant's actions,' and
(4) the order "must be narrowly tailored to closely fit the specific vice encountered."

_____
Krystina Johnson
Judicial Administrative Assistant

**R U L I N G**

| Page  5 | Date:  March 10, 2020 | Case No.:   D20181014 |
|---|---|---|

*Madison*, 230 Ariz. at 14.[2]

In this case, Respondent was afforded notice by opposing counsel's motion and had an opportunity to oppose the order in her response.

Respondent has filed the following pleadings:

1. **Motion for New Trial (Rule 83) 9/4/18:** Relitigates "marriage like relationship" prior to *Obergefell*. Relitigates issues concerning son, Benjamin. Relitigates jurisdiction from the Respondent's motion to dismiss that was denied. Relitigates the admission of conversations made via Petitioner's and Respondent's shared email.

2. **Respondent's Reply to Petitioner's Response to the Motion for New Trial 9/19/18:** Respondent again requests to reopen the case so she can provide evidence that has been excluded by the Court. Respondent relitigates her status as a legal parent to Benjamin. Relitigates jurisdiction.

3. **Notice of Service of Non-Uniform Interrogatories and Request for Production 10/15/18**: a notice was filed without interrogatories or detailed list of production requested.

4. **Separate Statement of Facts in Support of Response to Motion for Summary Judgment 3/13/19**: relitigates jurisdiction and parental rights as to Benjamin. Relitigates property dispute.

5. **Motion to Continue 7/29/19**: requests "key disclosure" from Petitioner.

6. **Response to Petitioners Motion In Limine (Exhibit Preclusion) 8/27/19**: relitigates sale of Respondent's alleged property via Craigslist.

7. **Motion for Reconsideration of Ruling 6-5-19 Award of Atty's Fee & Costs 9/6/19**: relitigates ownership of property. Attempts to admit exhibits or backdoor evidence.

8. **Petition for Interim Attorney's Fees 9/6/19**.

9. **Verified Motion for Temp. Orders for Spousal Maintenance.**

10. **Request for OTA Hearing Date 9/24/19:** relevance unknown, denied in late mid-trial.
    a. In Chambers Order October 2, 2019: Respondent failing to serve Petitioner's counsel with copies of numerous motions despite certificate of service asserting otherwise.

11. **Petition for Conciliation 12/2/19**: filed in the middle of trial.

12. **Answer/Response to Motion for Release of Fund 12/4/19**: relitigates finances.

13. **Motion for Change of Judge 12/6/19**: relitigates entire case, i.e. parental rights.

14. **Notice of Intent to File a Reply, Objection to Any Ruling Made Prior to Reply Made Prior to Reply Being Filed and Request to Set Evidentiary Hearing 12/11/19:**
    a. **Affidavit of the Respondent in Support of Motion for Change of Judge for Cause:** relitigates all of Respondent's prior motions, pleadings, and requests.

---

[2] By declaring Lynaugh a vexatious litigant without explicitly setting forth appropriate consequences—i.e., narrowly-tailored restrictions on her future filings in the FED action—the court did not comply with the fourth requirement of Madison. Such restrictions, as well as the court's other findings, must be included in a written order or judgment to satisfy due process and permit effective appellate review given that the mere designation of "vexatious litigant" might effectively bar Lynaugh's right of access to the court. *12th St. Prop. Tr. v. Lynaugh*, No. 1 CA-CV 17-0183, 2019 WL 1076220, at *2 (Ariz. Ct. App. Mar. 7, 2019) (**NOT REPORTED**)

_____
Krystina  Johnson
Judicial  Administrative  Assistant

**R U L I N G**

15. **Respondent's Motion to Compel Production of Documents in Relation to Petitioner's Motion to Release Funds 12/13/19:** Repeated request for documentation from Petitioner and re-litigation of disparity of income.

16. **Request for Order to Appear Hearing 12/27/19:** repeated request for OTA.

17. **Respondent's Motion Under ARS Rule 40 C/D for hearing to Continue Respondent's Presentation of Essential Facts 12/27/19:** attempt to again admit evidence that was excluded in trial.

18. **Sealed Envelope Exhibits Filed as Attachments to Respondent's Response to Petitioner's Motion to Release Funds 12/30/19:** attempt to backdoor exhibits.

19. **Respondent's Motion for Reconsideration 12/31/19:** relitigates change of judge motion and parental rights.

20. **Motion to Continue 1/2/20:** request for more time to file closing arguments to obtain trial transcript. Unreasonable delay.

21. **Motion for Reconsideration 1/10/20:** attempt to relitigate and to backdoor evidence.

22. **Respondent's Reply to Petitioner's Response to Motion to Continue 1/10/20:** repeats request to continue, references income inequality after Court has already waived fees.

23. **Request for Order to Appear Hearing 1/10/20:** third request for OTA.

24. **Motion for Clarification 1/14/20:** relitigate the separation of assets. Relitigate the admission of exhibits.

25. **Motion for Extending Time for Filing Written Closing Arguments 1/22/20:** unreasonable expansion/delay of litigation.

    a. **Stipulated Agreement for Extension 1/24/20:** STIPULATE TO EXTEND.

26. **Motion for Reconsideration of Respondent's Motion for Clarification 1/30/20:** relitigate clarification motion.

27. **Respondent's Written Closing Arguments Statement of Facts 2/5/20:** unreasonable expansion of the proceeding, closing was filed in three parts.

28. **Respondent's Closing Brief 2/5/20:** over 250 pages long. Attempt to backdoor evidence. Relitigates award of attorney fees.

29. **Respondent's Written Closing Arguments Part II 2/6/20:** additional 36 pages. Backdoor evidence and untimely filed.

30. **Respondent's Motion for Finding of Contempt of Court Part One of Two 2/7/20:** relitigate property issues and sale of property.

31. **Respondent's Motion for Injunctive Relief for Contempt-Improper Sale and Transfer of Property by Petitioner Part II 2/10/20:** same as above. Unreasonable expansion of case.

32. **Motion for Reconsideration of the Ruling of 2/10/20 Striking the 2nd Part of Respondent's Written Closing A 2/20/20:** relitigates extension of time for trial transcripts.

33. **Response to Petitioners Motion to Strike 2/21/20:** relitigates issues concerning exhibits.

34. **Response to Petitioner's Motion to Designate the Respondent as Vexatious Litigant 2/21/20:** relitigates disparity between the parties, allegations regarding behavior of Petitioner and her counsel.

35. **Petition for Release of Respondent's Exhibits A-EK 2/24/20:** attempt to backdoor evidence.

Krystina Johnson
Judicial Administrative Assistant

**R U L I N G**

| Page 7 | Date: March 10, 2020 | Case No.: D20181014 |

36. **Response to Petitioner's Motion to Designate the Respondent as Vexatious Litigant Part II 2/24/20:** unreasonable extension of the motion. Goes beyond the issue of vexatious litigant. Respondent refers to Petitioner wearing a diamond ring in pictures. The response itself demonstrates why Respondent is vexatious.

37. **Respondent's Motion to Dismiss with Prejudice or Default for Fraud on the Court by the Petitioner filed March 4, 2020.** Alleged fraud by Petitioner due to identity theft and voter fraud, and 87 separate points of fraud.

38. **Respondent's Demand for a Jury Motion filed March 9, 2020.** Requesting a jury provided either by the Court or Respondent.

As summarized in the list above, the COURT FINDS that Respondent's claims are meritless and harassing.

The COURT FURTHER FINDS that an order narrowly tailored *in the current divorce matter* only will appropriately limit Respondent's vexatious conduct without offending Constitutional principles of procedural fairness.

THEREORE, IT IS ORDERED **finding that Respondent is a vexatious litigant.**

IT IS FURTHER ORDERED that Respondent shall not file any more pleadings, motions or requests for relief in this divorce action without a Court order accepting a proposed filing filed by the family law division Judge.

IT IS FURTHER ORDERED that Respondent may file a petition for third party rights at any time.

IT IS FURTHER ORDERED that the assigned Family Law division shall be responsible for reviewing any proposed document Respondent attempts to file.

IT IS FURTHER ORDERED that the Clerk's office **shall not** file any document by Respondent until further ordered from the Court.

/s/
**HON. JANE BUTLER**
(ID: ca3d416e-2e8d-4c2e-9398-691d1b0a55d8)

cc:   Hon. Dean Christoffel
      Hon. Kyle Bryson
      Lisa C McNorton, Esq.
      Jennifer English
      Case Management Services - Civil
      Case Management Services - Family Law
      Clerk of Court - Civil Supervisor - Jim Orr
      Clerk of Court - Gary Harrison
      Clerk of Court - Imaging Supervisor

                                          Krystina Johnson
                                    Judicial Administrative Assistant

**SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI**

| WENDY SCHNEIDER FISHER, | Case No. V1300DO201580241 | FILED |
|---|---|---|
| Petitioner, | | DATE: MAR 1 3 2019 |
| -vs- | RULING | 12:13 O'Clock P. M. |
| KYLE THANIEL FISHER, | | DONNA MCQUALITY, CLERK |
| Respondent. | | BY: K. DARGIE |
| | | Deputy |

| HONORABLE DAVID L. MACKEY | BY: Rosie Flores, Judicial Assistant |
|---|---|
| DIVISION 1 | DATE: March 12, 2019 |

The Court was assigned this case on February 12, 2019 based upon the Petitioner's Verified Motion to Recuse Trial Judge for Cause filed on February 8, 2019. The Court has now reviewed the file including the following additional requests by the Petitioner to remove the Honorable Chris L. Kottke:

1.   Petitioner's Motion For Recusal Of Judge Chris L. Kottke filed on December 11, 2018. The Petitioner makes general allegations of bias and prejudice based upon Judge Kottke's rulings in the case. The motion was unclear whether the Petitioner was requesting Judge Kottke recuse himself based upon the allegations or whether the Petitioner was requesting the motion be determined by the Presiding Judge. The Respondent filed a Response on December 17, 2018. The Response points out the Petitioner's failure to comply with Arizona law and the untimely nature of her request in light of Judge Kottke's involvement in the case. Based upon a new Administrative Order 2018-38 Judge Kottke reassigned the case to the Honorable Debra R. Phelan on January 7, 2019. That assignment has been vacated as Judge Phelan recused given her prior involvement in this case as a family court advisor.

The Court finds that Petitioner's allegations are not supported with specific citations to the record, are insufficient as a matter of law as the Petitioner is protesting Judge Kottke's rulings and are untimely based upon Judge Kottke's involvement in this case.

**IT IS ORDERED** the Court declines to grant the Petitioner any relief based upon her Motion For Recusal Of Judge Chris L. Kottke filed on December 11, 2018.

2.   Petitioner's Notice Of Incoming Recusal Of Judge Chris L. Kottke filed on January 31, 2019. The notice includes a police report and suggests Judge Kottke had something to do with the

information in the report. This Judge can find no connection between the information in the police report and any allegations of bias or prejudice against Judge Kottke. The Respondent filed a Motion To Strike and a Request For Sanctions on February 4, 2019. The Court finds good cause to grant the Motion To Strike and will leave a decision on sanctions to the Judge who is able to fully hear the pending issues involving the parties.

**IT IS ORDERED** any relief requested in the Petitioner's Notice Of Incoming Recusal Of Judge Chris L. Kottke filed on January 31, 2019 is **DENIED** as there is no legal or factual basis provided for any relief.

**IT IS FURTHER ORDERED** the Respondent's Motion To Strike filed on February 4, 2019 is **GRANTED** and the Petitioner's Notice Of Incoming Recusal Of Judge Chris L. Kottke filed on January 31, 2019 is **STRICKEN** as it does not comply with Arizona law, is irrelevant and is baseless.

**IT IS FURTHER ORDERED** a Judge who ultimately determines the legal issues pending between the parties is authorized to consider the Respondent's Request For Sanctions filed on February 4, 2019.

3.    The Court now turns to the most recent Petitioner's Verified Motion To Recuse Trial Judge For Cause filed on February 8, 2019. The Petitioner again complains of Judge Kottke's legal rulings and the rulings impacts upon her. The Petitioner challenges Judge Kottke's interpretation of the facts as she believes she is the only person who can correctly determine the facts. The Petitioner's insistence that only she is right and everyone else is wrong is not consistent with the administration of justice. Furthermore, her interpretation reverses the roles of an unbiased Judge and a biased party to the litigation. The Respondent filed a Response To And Motion To Restrict Public Access on February 15, 2019. The Respondent correctly points out the issues with the Petitioner's Verified Motion. The Court agrees that the Verified Motion is untimely given the timing of events alleged by the Petitioner. However, the Court has considered the merits of the Petitioner's allegations.

"[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *State v. Ellison*, 213 Ariz. 116, 129, 140 P.3d 899 (2006). *Accord, State v. Henry*, 189 Ariz. 542, 546, 944 P.2d 57 (1997). "It is generally conceded that the bias and prejudice necessary to disqualify a judge must arise from an extra-judicial source and not from what the judge has done in his participation in the case." *State v. Greenway,* 170 Ariz. 155, 163, 823 P.2d 22 (1991).

V1300DO201580241
*Fisher v. Fisher*
*March 12, 2019*
*Page 3*

The Petitioner's Verified Motion fails to raise any issues of bias or prejudice on behalf of Judge Kottke that arise from anything other than a review of the file and a consideration of the evidence presented in this case. Therefore, the Petitioner's allegations are insufficient to warrant a hearing and are insufficient as a matter of law to warrant any relief.

**IT IS ORDERED** the Petitioner's Verified Motion To Recuse Trial Judge For Cause filed on February 8, 2019 is **DENIED**.

The Respondent has requested that the Petitioner's Verified Motion To Recuse Trial Judge For Cause filed on February 8, 2019 be restricted from public access given the frivolous allegations contained therein. The Court finds good cause to grant such a request and finds that the public's right to access to such information should be limited given the nature of the information set forth in the Verified Motion and the Respondent's privacy rights.

**IT IS ORDERED,** unless further ordered by the Court, the Clerk of Court shall restrict access to the Petitioner's Verified Motion To Recuse Trial Judge For Cause filed on February 8, 2019 and remove it from public access. The Clerk of Court shall provide access to the Verified Motion only to Judges of the Superior Court, the parties and their Counsel.

This Court is concerned that the Petitioner will continue to demonstrate that she believes she is correct and that everyone else is wrong unless they agree with her. The Petitioner's actions since December 11, 2018 have demonstrated that she will continue to file improper, unsupported and inappropriate pleadings to obtain her way in this case. Such conduct has no place in the peaceful and timely resolution of domestic disputes. The Court finds that the Petitioner's conduct in this case of repeatedly filing requests to remove a judge are primarily filed for the purpose of harassment, are filed to unreasonably expand and delay court action, are brought without substantial justification, demonstrate a pattern of making unreasonable, repetitive and excessive requests for relief and demonstrate the repeated filing of requests which have been the subject of previous rulings by this court.

Therefore, the Court finds that it is appropriate to declare the Petitioner a vexatious litigant pursuant to A.R.S. §12-3201. Given that determination, the Court finds that it is appropriate to order that the Petitioner shall not file any pleadings in this case without first obtaining leave of the Judge assigned to this case. Furthermore, the Court finds that it is appropriate to order that the Petitioner shall not file a motion to recuse a judge, a motion to change a judge as a matter of right or a motion to remove a judge for cause without first obtaining leave from this Presiding Judge or his designee.

**IT IS ORDERED** the Petitioner is declared a vexatious litigant pursuant to A.R.S. §12-3201. Therefore, the Court **ORDERS** as follows:
1. The Petitioner shall not file any pleadings in this case without first obtaining leave of the Judge assigned to hear this case.

*V1300DO201580241*
*Fisher v. Fisher*
*March 12, 2019*
*Page 4*

**2.** The Petitioner shall not file a motion to recuse a judge, a motion to change a judge as a matter of right or a motion to remove a judge for cause without first obtaining leave from this Presiding Judge or his designee.

**IT IS FURTHER ORDERED** this case is returned to the Honorable Chris L. Kottke, Division Pro Tem B for further proceedings and the Court notes a number of pending motions which will be addressed by Judge Kottke.

cc:    Honorable Chris L. Kottke, Division PTB- w/file
Donna McQuality, Clerk of Court (e)
Robert L. Frugé, Law Offices of Robert L. Frugé, PC (e)
Wendy Fisher, 15907 N. 19th Drive, Phoenix, AZ 85023
Front Counter Supervisor (e)
Heather Diaz (e)

FILED
JAMES W. GIACOMINO
CLERK, SUPERIOR COURT
8/27/2025 4:15:27 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. GREG SAKALL

CASE NO.    C20221368

DATE:    August 27, 2025

DONALD EDWARD GAGE
    Plaintiff

VS.

NORTHERN PIPELINE CONSTRUCTION,
ZURICH AMERICAN INSURANCE CO, and
INDUSTRIAL COMMISSION OF ARIZONA
    Defendants

## R U L I N G

**IN CHAMBERS:**

Pending before the Court is Defendant Northern Pipeline and Zurich American Insurance Company's Motion to Declare Donald Gage a Vexatious Litigant. Plaintiff has not filed a timely opposition.

Consistent with Administrative Order No. 2019-09, Pima County Superior Court, this Division—as the division assigned to this case—makes the determination of whether Plaintiff is a vexatious litigant.

"A pro se litigant is a vexatious litigant if the court finds the pro se litigant engaged in vexatious conduct." A.R.S. § 12-3201(C). Vexatious conduct is defined as including the following:

(a) Repeated filing of court actions solely or primarily for the purpose of harassment.
(b) Unreasonably expanding or delaying court proceedings.
(c) Court actions brought or defended without substantial justification.
(d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.
(e) A pattern of making unreasonable, repetitive and excessive requests for information.
(f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

                                              Teresa Mayou
                                  Judicial Administrative Assistant

**RULING**

| Page 2 | Date:  August 27, 2025 | Case No.:    C20221368 |

A.R.S. § 12-3201(E)(1). As to § 12-3201(E)(1)(c), "without substantial justification" means "the claim or defense is groundless and is not made in good faith." A.R.S. §§ 12-3201(E)(2); 12-349(F).

Upon review of the Clerks' file, the Court finds and orders as follows:

Plaintiff filed this action on April 12, 2022, as a self-represented litigant.

On December 13, 2022, the Court granted ICA's Motion to Dismiss. On February 17, 2023, the Court granted Northern Pipeline and Zurich American's Rule 12(c) Motion, and entered a Rule 54(c) Judgment against Plaintiff on March 14, 2023.

Repeatedly throughout this case before the Rule 54(c) judgment was issued, the Court repeatedly admonished Plaintiff to comply with the rules. *See, e.g.,* August 22, 2022 In Chambers Orders; September 16, 2022 Ruling; November 1, 2022 Ruling; January 19, 2023 In Chambers Order; February 28, 2023 In Chambers Order; March 3, 2023 In Chambers Order.

Even after judgment was issued over 29 months ago, Plaintiff has not relented, and continues to file meritless filings. *See, e.g.,* September 18, 2023 In Chambers Ruling; September 26, 2023 In Chambers Ruling; March 20, 2024 In Chambers Order.

Plaintiff has even sought a Writ of Garnishment for $750 billion against Zurich American on July 11, 2024, which necessitated a response by Northern Pipeline and Zurich American.

In September 2024, he filed an untimely Notice of Cross-Appeal and an untimely Notice of Appeal seeking to appeal the March 2023 judgment. Division Two of the Arizona Court of Appeals promptly dismissed the appeals.

In October 2024, Plaintiff filed multiple motions including a request for a discovery conference. See, e.g., February 7, 2025, In Chambers Order.

In March 2025, Plaintiff again made filings in this case—three years after judgment. The Court denied the motion, and admonished Plaintiff that "if he insists on filing similar frivolous motions, the Court may consider designating Plaintiff a vexatious

_____
Teresa Mayou
Judicial Administrative Assistant

**RULING**

| Page 3 | Date: August 27, 2025 | Case No.: | C20221368 |

litigant under A.R.S. § 12-3201." *See* March 25, 2025 In Chambers Order.

Nonetheless in April 2025, Plaintiff filed another Application for Writ of Garnishment seeking $750 billion "x 3" against the Defendants who had previously prevailed in the litigation. On May 28, 2025, another Division of this Court denied the Application.

In June 2025, Plaintiff again filed a motion which this Court denied as frivolous. It again cautioned Plaintiff about the potential consequences of filing frivolous motions. *See* June 10, 2025 In Chambers Order.

The Court finds that Plaintiff Donald Gage has engaged in vexatious conduct by repeated filings solely or primarily for the purpose of harassment, and continuing to file motions and filings without substantial justification, and repeated filings of documents that have been the subject of previously rulings in this case. A.R.S. § 12-3201(E)(1)(a), (c), (f).

The Court finds Plaintiff Donald Gage is a vexatious litigant as defined by A.R.S. § 12-3201(C).

As such, the Court GRANTS the Motion, and ORDERS that Donald Gage "may not file a new pleading, motion or other document without prior leave of the court." A.R.S. § 12-3201(B).

/s/
**HON. GREG SAKALL**
(ID: f0785336-0e66-432c-80fa-4b1b467db0bc)

Hon. Danelle B. Liwski
Hon. Scott McDonald
Kristin Wrobel, Esq.
Donald Edward Gage
Clerk of Court - Civil Supervisor
Clerk of Court - Civil Unit
James Giacomino

Teresa Mayou
Judicial Administrative Assistant

Filed on 9/22/2025 1:21:43 PM

# IN THE SUPERIOR COURT
## MOHAVE COUNTY, STATE OF ARIZONA

**HONORABLE MEGAN MCCOY**      **CHRISTINA SPURLOCK, CLERK OF SUPERIOR COURT**
**DIVISION: I   COURTROOM: 301**      **BY: D. RAMOS, DEPUTY CLERK**
**DIGITALLY RECORDED**      **HEARING DATE: SEPTEMBER 22, 2025**

---

**In re the Matter of:**

**ARTHUR NICHOLAS GARNICA,**

      **Petitioner,**

**VS**

**REBECCA LYNN BALMOREZ,**

      **Respondent.**

**CASE NO:   DO-2023-01103**

**EVIDENTIARY HEARING**

**START:  8:49 a.m.**

**APPEARANCES:** None.

This is the time set for an Evidentiary Hearing in this matter; neither party is present.

The Court reviews the file for the record and notes that the Respondent was aware of today's hearing and that nothing has been filed regarding her non-appearance at today's hearing.

The Court further finds an unsigned proof of service in the file, and notes that today's hearing was held on a petition that the Respondent filed in less than the one-year time lapse since previous orders were made.

The Court states its findings for the record, including the finding that the Respondent did not wait the full year from the previous orders to file a motion and does not have jurisdiction to modify at this time.

**IT IS ORDERED** dismissing the Petition for Modification and Request for Temporary Orders.

**IT IS ORDERED** that the previous orders shall remain in place, as there is no other matter left pending.

**IT IS ORDERED** that this case shall be closed and adjudicated.

The Court reviews the file for the record further, noting the issue of the Respondent being a Vexatious Litigant.

The Court states its findings for the record, including such findings that the Respondent is a vexatious litigant, has failed to appear, and has repeated requests and filings in this matter.

The Court does bar this litigant from making any filing with this Superior Court without the express permission of the presiding judge.

The Court recesses at 8:55 a.m.

Filed on 9/22/2025 1:21:43 PM

cc:

ARTHUR GARNICA *
Petitioner

REBECCA LYNN BALMOREZ *
Respondent

THERESA WHITE *
Domestic Relations Clerk

HONORABLE MEGAN MCCOY *
Division I

2:10 **FILED**
O'Clock ___P___.M.

**SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| In the Matter of the Guardianship and Conservatorship of:<br><br>ALICE D. HICKEY,<br><br>An Adult. | Case No. S1300GC202380024<br><br>**ORDER** |

JAN 26 2024

DONNA McQUALITY, Clerk

By: ___J HARSHMAN___

| | |
|---|---|
| **HONORABLE LINDA WALLACE** | **BY:** Melissa Crouse, Judicial Assistant |
| **DIVISION PRO TEM B** | **DATE:** January 26, 2024 |

The Court reviewed:

1.  Petitioner's "Motion for Order Determining Pro Se Litigant James Darryl Hickey a Vexatious Litigant and Requesting Entry of a Prefiling Order" ("Motion"),
2.  James Hickey' "Motion to Strike Motion for Order Determining Pro Se Litigant James Darryl Hickey a Vexatious Litigant and Requesting Entry of a Prefiling Order" ("Response"),
3.  Petitioner's "Reply in Support of Motion for Order Determining Pro Se Litigant James Darryl Hickey a Vexatious Litigant and Requesting Entry of a Prefiling Order" ("Reply"), and
4.  James Hickey's "Response to Reply in Support of Motion for Order Determining Pro Se Litigant James Darryl Hickey a Vexatious Litigant and Requesting Entry of a Prefiling Order" ("Sur-reply")

**I.    Motion to Strike v. Response.**

As an initial matter, the Response does not meet the requirements of a motion to strike. The Response does not cite to an authority whereby striking the Motion is authorized, and it exceeds the page limit of motion to strike. Instead, the Response addresses the arguments of the Motion, and appears to be a response to the Motion.

Therefore, the Court DENIES the Response to the extent that it is a motion to strike. The Court finds that the Response shall be treated as a response to the Motion.

1

## II.    Sur-reply.

Sur-replies are not allowed without the Court's permission.  Ariz.R.Civ.Pro. R. 7.1(a).  James Hickey's sur-reply was filed without permission.  Therefore, the document was an inappropriate filing.

**IT IS ORDERED** striking the sur-reply from the record and directing the Clerk to retain it in the file.

## III.    Vexatious Litigant Designation Authority.

The Court has both statutory authority and inherent authority to deem a litigant as vexatious.  ARS § 12-3201, *Madison v. Groseth*, 230 Ariz. 8, 14, ¶ 17, 279 P.3d 633, 639 (App. 2012).  Additionally, under the Arizona Rules of Probate Procedure, the Court may require a person to obtain the court's permission to file future pleadings and other papers in a probate or other cases if the court finds that a person has engaged in repetitive filings or vexatious conduct. Ariz.R.Probate Pro. R. 35(c).

Access to courts is a fundamental right, so vexatious litigant orders should be entered sparingly. *Id.* (citing *DeVries v. State*, 219 Ariz. 314, 321-22, ¶¶ 22-23, 198 P.3d 580, 587-88 (App. 2008), *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).) Prior to designating a litigant as vexatious, the Court must: 1) allow the litigant notice and an opportunity to oppose the order, 2) list all filings that form the basis of the order, 3) make findings regarding the litigant's actions as frivolous and/or harassing in nature, and 4) tailor the order to fit the specific "vice." *Madison*, 230 Ariz. at 14, ¶ 18, 279 P.3d at 639.

## IV.    Opportunity to Oppose the Order

By order dated November 2, 2023, this Court directed James Hickey to file a response to the Motion no later than November 21, 2023.  James Hickey filed the Response on November 13, 2023.  The Court finds that James Hickey had an opportunity to oppose an order for vexatious litigant designation.

## V.    Filings that Form the Basis of the Order

The Motion lists many documents filed by James Hickey in the request to deem him a vexatious litigant.  However, some of these documents were not filed with the Court, although they were delivered to Petitioner's counsel.  The Court finds that Petitioner spent significant time to discern what documents were actually filed and needed a response, which was an unreasonable act by James Hickey.

The Court notes the following documents *actually* filed into the case by James Darryl Hickey that are frivolous, harassing in nature, or show a disregard for procedural rules:

2

1. June 19, 2023, "Omnibus Motion Extending Time Ariz R. Civ. P 6 Rule 6(b)(1)(b) Permissive Joinder Ariz. Civ. P Rule 20(2)(A)(b) Motion to Order Cease and Desist Rule 7.1(A)(1) Ariz. R. Civ P. Pro-Se."

2. June 28, 2023, "Motion to Supplement Omnibus Motion Per Rule 15(A)(1)(B)."

3. July 13, 2023, "Movant's Reply to Response to Omnibus Motion."

4. July 31, 2023, "ARCP 7.1.17(G)(2) Motion: ARPPR 19 Pursuant to: Injunction ARS § 14-12203(A)(2)(b)(ii)."

5. August 7, 2023, "Motion: Objection to Petition/Proceedings (APPR) Rule 5(A)(b)(C) & Rule 15(e) (ARCP) 7.1.(A)(1.) To: Dismiss."

6. August 9, 2023, "Motion: For 'Case Status' Pro Se Ex Parte Omnibus Motion ARCP 7.1.ARPPR 19(A)(1) Jurisdiction Objection: To Petition/Dismiss."

7. August 24, 2023, "Motion: ARCP Rule 59 – Pro Se."

8. October 16, 2023, "Response to Petitioner: Motion for Default Judgment Pursuant to Ariz.R.Civ.P.55."

9. November 2, 2023, "Motion for Case Status-Exparte Pro-se."

10. November 30, 2023, "Response to Reply in Support of Motion for Order Determining Pro Se Litigant James Darryl Hickey a Vexatious Litigant and Requesting Entry of a Prefiling Order."

## VI.    James Hickey's Listed Filings Are Frivolous and/or Harassing in Nature.

The enumerated filings by James Hickey listed above are deemed frivolous and/or harassing in nature. They significantly increased the cost of this litigation to the Petitioner, unnecessarily. Theses filings by James Hickey comprise vexatious filing.

## VII.    James Hickey is Deemed a Vexatious Litigant in this Guardianship Case, Only.

Pursuant to ARS § 12-3201, Ariz.R.Probate Pro. R. 35(c), and this Court's inherent authority, James Hickey is a vexatious litigant. However, his vexatious conduct is only within the present guardianship matter. Therefore, it is appropriate to deem James Hickey a vexatious litigant only for filings within the present guardianship case.

**IT IS THEREFORE ORDERED** James Hickey is deemed a vexatious litigant for this matter only. James Hickey shall not file a new pleading, motion or other document without prior leave of the Court.

No further matters remain pending, and this order is entered under R. 54(c), ARCP.

Dated: 1·26·2024

Honorable Linda Wallace

Judge of the Superior Court

cc:    William Macdonald – H & M Law PLLC – (e)

James Hickey – ASPC-CACRF, PO Box 9600, Florence, AZ 85132 # 091950

Appeals Clerk (e)

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| **DIVISION 2** | **DONNA McQUALITY, CLERK** |
| **HONORABLE JOHN D. NAPPER** | **BY: H. Richardson, Deputy** |
| **CASE NO.  P1300CV201800284** | **DATE: October 15, 2018** |

**FILED**
Date: <u>October 15, 2018</u>
<u>5:00</u> O'Clock <u>P.</u>M.
DONNA McQUALITY, CLERK
BY: <u>H. Richardson</u>
DEPUTY

| **TITLE:** | **COUNSEL:** |
|---|---|
| SHARON HOLMES,<br>                Plaintiff | Plaintiff, *In Pro Per*<br>P.O. Box 1260<br>Mayer, Arizona 86333 |
| -vs-<br>ANTHONY WALLACE, et al.<br>                Defendant | Defendant, *In Pro Per*<br>P.O. Box 1461<br>Mayer, Arizona 86333 |

| **HEARING ON:** | **NATURE OF PROCEEDINGS** | **COURT REPORTER** |
|---|---|---|
| ORAL ARGUMENT | | LISA STEINMEYER |

**START TIME: <u>3:10 p.m.</u>**

APPEARANCES:      Sharon Holmes, Plaintiff / Counter Defendant
                          Anthony Wallace, Defendant
                          Carrie Burlington, Defendant

This is the date and time set for Oral Argument on Respondent's Motion to Declare Defendant as a Vexatious Litigant.

The Court notes Plaintiff originally filed this as a FED action and that claim was dismissed based on her failure to appear at two hearings set by the Court. There was an answer that was filed by Defendant's which included a counterclaim and the is pending before the Court. Defendant's also filed the Motion to Declare Plaintiff as a Vexatious Litigant in response, Plaintiff attempted to file a counter claim for essentially slander and liable and was done in response to the Motion to Declare her as a vexatious litigant.

The Court further notes procedurally the only thing pending before the Court is the counter claim that was filed by Defendant's.

Carrie Burlington, Anthony Wallace and Sharon Holmes are sworn and presents testimony.

Ms. Holmes provides the Court with a copy of the Injunction Against Harassment granted by the Mayer Justice Court on March 5, 2018.

The Court moves for the copy of the Injunction Against Harassment to be marked as Exhibit <u>1</u>. There being no objection. Exhibit <u>1</u> is admitted.

Mr. Wallace requests to return a debit card from Plaintiff that was to be used to deposit his rent money to her bank account.

Plaintiff accepts the debit card from Mr. Wallace.

Discussion ensues as to what time the hearings were set that Plaintiff failed to appear.

P1300CV201800284
10/15/2018
Page 2

The Court **DOES FIND** based on the evidence presented in this case and has determined Plaintiff / Counter Defendant is a vexatious litigant pursuant to A.R.S. § 12-3201 and she has unreasonably expanded or delayed the Court proceedings. The Court set multiple hearings in this matter and she failed to appear multiple times. The Court **DOES FIND** the allegations in one of the pleadings was that the Court was setting hearings on non-business hours and that was not supported by any record that is in existence. Plaintiff has filed two FED actions, both were dismissed, and, in this case, she filed a detainer action on property at this time, she legally does not own. Plaintiff knows she does not own it, but she's been filing pleadings in another case related to the fact that she no longer owns the property. Plaintiff has no basis to have filed the detainer action in this case and was filed after an injunction against harassment had been obtained by Defendant's against Plaintiff. There is a pattern of making unreasonable filing of court actions without substantial justifications. The counterclaim in this case alleged slander which there was no evidence to support that.

**IT IS ORDERED**
- Plaintiff is a vexatious litigant in relation to Defendant's, before she is able to file another pleading against or involving Defendant's she needs to file a motion for permission of the Court to file the pleading and attach a copy of the pleading that she intends to file and the Court will rule and make a determination.
- Dismissing the counter claim filed by Defendant's, without objection.
- The Clerk's office note that prior to accepting a pleading from Plaintiff against Defendant's a pleading needs be filed with the Court and the Court will approve as to whether or not it will be filed.

**END TIME: 3:58 p.m.**

cc:   Honorable John D. Napper - Division 2 (e)
      Charlie VanLandingham (e)
      Heather Diaz (e)
      Jonathan Derois (e)

FILED
TONI HELLON
CLERK, SUPERIOR COURT
12/13/2017 10:57:43 AM
By: Gabrielle Evarola

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. LISA I ABRAMS                      CASE NO.   SP20151002

COURT REPORTER:   Digitally Recorded    DATE:         December 12, 2017
                  Courtroom - 763

SHAWN K KURTTI                          In Proper Person
     Petitioner

and

SARA HOLLENBECK                         J.M. Stanlee West-Watt, Esq.
     Respondent                         Counsel for Respondent

## M I N U T E   E N T R Y

**RESPONDENT'S MOTION TO HAVE PETITIONER DECLARED A VEXATIOUS LITIGANT SUBJECT TO MANDATE OF A.R.S. §12-3201// RESPONDENT'S MOTION TO ENFORCE COURT ORDER REGARDING CHILD'S INDIVIDUAL COUNSELING//PENDING MATTERS**

Both parties are present.

The Court notes the purpose of the hearing set this date.

Shawn K Kurtti and Sara Hollenbeck are sworn.

***Regarding the Respondent's Motion to Enforce Court Order Regarding Child's Individual Counseling:***

Counsel and the Petitioner argue their positions to the Court.

Ms. West-Watt avows that the Respondent has ongoing contact with Casa de los Ninos and that Casa de los Ninos has told the Respondent that they do not record child therapy sessions unless they are training or observing the therapists.

For the reasons set forth on the record,

IT IS ORDERED as follows:

1. The Order regarding the minor child to continue to participate in therapy, following the recommendation of Dr. Chiverton entered May 19, 2017 is affirmed.

2. Dr. Chiverton's recommendation is that the minor child engaged in therapy through Casa de los Ninos. The minor child shall be enrolled in therapy.

3. The minor child's sessions shall not be audio or video recorded unless recommended by the therapist.

                                        Gabrielle Evarola
                                        Deputy Clerk

# MINUTE ENTRY

| Page 2 | Date: December 12, 2017 | Case No.: SP20151002 |

In event that the Petitioner refuses consent,

The Court shall address the issue at a contempt hearing.

***Regarding the Respondent's Motion to Have Petitioner Declared a Vexatious Litigant Subject to Mandate of A.R.S. §12-3201:***

Counsel and the Petitioner argue their positions to the Court.

IT IS ORDERED that the Clerk of the Court shall seal the filings filed in September 2017 by the Petitioner, to be opened upon order of the Superior Court Judge only.

For the reasons set forth on the record,

IT IS ORDERED as follows:

1. The Respondent's Motion to Have Petitioner Declared a Vexatious Litigant Subject to Mandate of A.R.S. §12-3201 is GRANTED in accordance with Administrative Order 2015-06 and the statue.

2. Commencing this date, the Petitioner shall provide the Clerk of the Court the original paperwork.

3. The Clerk of the Court shall deliver the original paperwork to Division 63.

4. Upon reviewing the original paperwork, the Court shall issue an In Chambers Order to determine if the original paperwork shall be filed. In the event that the Court determines that the original paperwork services no legitimate purpose, the original paperwork shall be returned to the Petitioner.

***Regarding Other Issues:***

For the reasons set forth on the record,

IT IS ORDERED that the parties shall abide by all Court Orders.

The Respondent is admonished to make the minor child available for a brief phone call around 7:30 PM when she has the minor child.

IT IS ORDERED that the Respondent shall comply with the Court Order entered on May 19, 2017.

The Court notes that Petitioner's Motion for Contempt of Court Hearing against Respondent Violating Custody Order/Parenting Time/Parental Alienation Deprivation of Parental Rights was filed and is not set for a hearing.

Ms. West-Watt indicates that she shall file a response to the Motion.

The Petitioner indicates that he filed a Motion for Contempt of Court against Respondent for Violating Custody Order Parental Alienation Deprivation of Parental Rights, which has not been set for a hearing.

The Court, counsel and the Petitioner confer regarding the matter.

Gabrielle Evarola
Deputy Clerk

**M I N U T E    E N T R Y**

| | | |
|---|---|---|
| Page 3 | Date: December 12, 2017 | Case No.:  SP20151002 |

The Court notes it shall consider the Respondent's Motion to Dismiss as response pleadings.

IT IS ORDERED that a Hearing re: Petitioner's Motion for Contempt of Court Hearing Against Respondent Violating Custody Order/Parenting time/Parental Alienation Deprivation of Parental Rights and Petitioner's Motion for Contempt of Court against Respondent for Violating Custody Order Parental Alienation Deprivation of Parental Rights are set on February 06, 2018, at 9:00 AM, in Division 63. Estimated time for hearing is one hour.

In the event there are more than fifteen exhibits, counsel/parties shall make arrangements with the Clerk's Office to have them pre-marked one week prior to hearing by calling (520) 724-8279.

***LATER IN CHAMBERS:***

IT IS ORDERED that the following shall be filed under seal and maintained in the legal file, to be opened upon order of the Superior Court Judge only:

1. Petitioner's Notice of 7th Supplemental Disclosure to Respondent filed on September 8, 2017.
2. Petitioner's Motion for Contempt of Court against Respondent for Violating Custody Order Parental Alienation Deprivation of Parental Rights filed on September 27, 2017.

/s/

**HON. LISA ILKA ABRAMS**
(ID: fb6413f3-30c9-418e-830a-7c58d6b86235)

cc:    Hon. Lisa I Abrams
       J.M. Stanlee West-Watt, Esq.
       Shawn K Kurtti
       Clerk of Court - Civil Supervisor
       Clerk of Court - Exhibits Supervisor
       Clerk of Court - Imaging Supervisor
       Clerk of Court - Legal Records Supervisor

Gabrielle  Evarola
Deputy Clerk

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
04/08/2024  1:22PM
BY: BCHAMBERLAIN
DEPUTY

## SUPERIOR COURT, STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| LIZABETH D. ROZUM, | **Case No.** P1300CV202200349 |
| Plaintiff, | |
| | **ORDER** |
| vs. | |
| JEAN DETJEN; JENNIFER SPIERS; JOHN DOES A-Z; JANE DOES A-Z; BLACK CORPORATIONS 1-5; WHITE LLCs 1-5; GREY PARTNERSHIPS 1-5, | |
| Defendants. | |

| | |
|---|---|
| **HONORABLE JOHN NAPPER** | **BY:** Felicia L. Slaton, Judicial Assistant |
| **DIVISION 2** | **DATE:** April 8, 2024 |

The Court has received and reviewed the *Motion in Limine re Court Proceedings and Character Evidence* and the *Response*. Accordingly,

**IT IS ORDERED** granting the *Motion in Limine re Court Proceedings and Character Evidence*.

The Court has also reviewed the *Motion in Limine re Disqualifyng* [sic] *the Final Wisconsin Judgment and Findings*, the *Amended Motion in Limine re Disqualifyng* [sic] *the Final Wisconsin Judgment and Findings*, the *Notice of Second Amended Motion in Limine re Disqualifyng* [sic] *the Final Wisconsin Judgment and Findings*, and the *Response*. Accordingly,

**IT IS ORDERED** denying the *Motion in Limine re Disqualifying the Final Wisconsin Judgment and Findings* and *Amended Motions*.

The Court has also reviewed the *Notice of Recent Filings by Plaintiff Regarding Motion in Limine; and Notice of Obsolete and Non-Impartial Scheduling Order; and Request for Status Conference* and the *Objection*. Accordingly,

**IT IS ORDERED** denying the *Notice of Recent Filings by Plaintiff Regarding Motion in Limine; and Notice of Obsolete and Non-Impartial Scheduling Order; and Request for Status Conference*.

The Court has also reviewed the *Notice of Clerk of the Court Wrongy* [sic] *Filing Plaintiff's Motions and; Notice of Defendants Perjury and Refusal to Answer Complaints Items 57 - 61; and Motion to Compel Defendants to Answer Items #56 - 61*. Accordingly,

**IT IS ORDERED** denying the *Motion to Compel Defendants to Answer Items #56 – 61*.

*P1300CV202200349*
*April 8, 2024*
*Page 2*

The Court has also reviewed the *Motion to Compel SC Audit and Accounting Solutions and Defendants to Comply with Subpoena*, the *Amended Motion to Compel SC Audit and Accounting Solutions and Defendants to Comply with Subpoena*, the *Response and Opposition*, and the *Reply*. Accordingly,

**IT IS ORDERED** denying the  *Motion to Compel SC Audit and Accounting Solutions and Defendants to Comply with Subpoena* and the *Amended Motion*.

The Court has also reviewed the *Motion to Order Defendants in Contempt for Refusal to Comply with the Directives of Subpoena and for Obstructing Justice; and Request to Cancel the Motion Hearing to Compel Discovery Due to Subpoena Non-Complinace* [sic] *and Due to Improper Filing of Plaintiffs Motions*, the *Supplement to Motion*, the *Response and Opposition*, and the *Reply*. Accordingly,

**IT IS ORDERED** denying the *Motion to Order Defendants in Contempt for Refusal to Comply with the Directives of Subpoena and for Obstructing Justice; and Request to Cancel the Motion Hearing to Compel Discovery Due to Subpoena Non-Complinace* [sic] *and Due to Improper Filing of Plaintiffs Motions*, and the *Supplement to Motion*.

The Court has also reviewed the *Notice to the Court of Falsified Information Including a Confirmation of a Request for an Alternative Dispute Resolution Hearing and Request the Court Follow Through With Scheduling the ADR Hearing*, the *Amended Notice*, and the *Supplemental Objection to Plaintiff's Notice of Falsified Information*. Accordingly,

**IT IS ORDERED** denying the *Notice to the Court of Falsified Information Including a Confirmation of a Request for an Alternative Dispute Resolution Hearing and Request the Court Follow Through With Scheduling the ADR Hearing*, and the *Amended Notice*.

The Court has also reviewed the *Notice Regarding January 30, 2024, Court Orders Amending the Scheduling Order and Request for Relief*. The Court notes the discovery issues were addressed at the hearing on March 6, 2024. Accordingly,

**IT IS ORDERED** the Court will take no action on the *Notice* as it is moot.

Based upon the voluminous and repetitive filings, and excessive requests, the Court finds the Plaintiff has shown to be a vexatious litigant pursuant to A.R.S. §12-3201. Accordingly,

**IT IS ORDERED** Plaintiff is a vexatious litigant pursuant to A.R.S. §12-3201 and is prohibited from filing any new pleading, motion, other documents or complaints in the Yavapai County Superior Court without prior leave of this Court.

*P1300CV202200349*
*April 8, 2024*
*Page 3*

The Court also notes there are currently pending motions in this matter that are not fully briefed. Accordingly,

**IT IS ORDERED** Plaintiff shall be allowed to file replies to the currently pending motions only.

cc:    Lizabeth D. Rozum – 530 1ˢᵗ St., Prescott, AZ 86301
       Ryan O'Neal/Paul A. Loucks – DeConcini McDonald Yetwin & Lacy, P.C. (e)
       Charlotte VanLandingham (e)
       Brenda Holley (e)

FILED
JAMES W. GIACOMINO
CLERK, SUPERIOR COURT
7/7/2025 4:57:59 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. MICHELLE METZGER                          CASE NO.      D20201386

                                                            DATE:         July 07, 2025

TREVOR LINDSAY
       Petitioner

and

SHANIQUE MARAGH
       Respondent

---

## R U L I N G

**IN-CHAMBERS RULING REGARDING MOTION TO DESIGNATE RESPONDENT A VEXATIOUS LITIGANT**

### MOTION TO DESIGNATE RESPONDENT A VEXATIOUS LITIGANT

In October 2022, Petitioner first asked the Court to designate the Respondent a vexatious litigant. The Court denied that request, but stated it would reconsider for future matters if enforcement actions were filed for an improper purpose. Petitioner has now renewed that request. The Court has considered Petitioner's Motion to Designate Respondent as a Vexatious Litigant and Respondent's response.

ARS 12-3201 outlines the requirements for a finding that a party is a vexatious litigant:

A. In a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant.

B. A pro se litigant who is designated a vexatious litigant may not file a new pleading, motion or other document without prior leave of the court.

C. A pro se litigant is a vexatious litigant if the court finds the pro se litigant engaged in vexatious conduct.

D. The requesting party may make an amended request at any time if the court either:

   1. Determined that the party is not a vexatious litigant and the requesting party has new information or evidence that is relevant to the determination, even if there is not a pending case in court.

   2. Did not rule on the original request during the pendency of the action, even if there is not a pending case in the court.

E. For the purposes of this section:

                                          _____Denise Lopez_____
                                          Judicial Administrative Assistant

**R U L I N G**

1. "Vexatious conduct" includes any of the following:

(a) Repeated filing of court actions solely or primarily for the purpose of harassment.

(b) Unreasonably expanding or delaying court proceedings.

(c) Court actions brought or defended without substantial justification.

(d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.

(e) A pattern of making unreasonable, repetitive and excessive requests for Information.

(f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

2. "Without substantial justification" has the same meaning prescribed in section 12-349.

ARS 12-349 defines "without substantial justification" as follows, "that the claim or defense is groundless and is not made in good faith." The litigant's conduct need only fall within just one of the definitions of vexatious conduct (a-f).

The Arizona Court of Appeals has adopted the *DeLong* principles: "(1) to satisfy due process the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (2) the court must make 'substantive findings as to the frivolous or harassing nature of the litigant's actions' and (4) the order 'must be narrowly tailored to closely fit the specific vice encountered.'" *Madison v. Groseth,* 230 Ariz. 8, 12 (App.2012). The "plaintiff's claims must not only be numerous, but patently without merit." *Id.*

Respondent has a long history of filing pleadings with claims that have been previously ruled on by the court.

The Decree in this matter was entered November 29, 2021. Petitioner filed a Motion to Modify Child Support on December 27, 2021 to account for the change in parenting time. At a hearing on May 16, 2022, the Court ordered that Respondent begin making child support payments. Respondent apparently left her employment at that point.

On July 21, 2022, Respondent filed a Request to Enforce Legal Decision-Making ("LDM") and Parenting Time and a Motion to Enforce re: medical payments. Petitioner responded to the allegations and

Denise Lopez
Judicial Administrative Assistant

**R U L I N G**

Page  3                                   Date:  July 07, 2025                                   Case No.:  D20201386

asserted that they were all unfounded and asked that the Court designate Respondent a vexatious litigant.

On August 17, 2022, Respondent filed a Petition to Modify Child Support (titled "Child Support Modification – Additional Information" and a Supplement to her Request to Enforce Modify LDM and Parenting Time. The Court ordered that the parties exchange uncovered medical expense lists on August 26, 2022.

On September 20, 2022, Respondent filed another Petition to Modify Child Support.

Respondent's Motions to Enforce were denied in the Court's UA ruling on October 21, 2022. The Court also denied Petitioner's request for attorney's fees and to designate Respondent a vexatious litigant, but with leave to reconsider if the enforcement actions are filed for an improper purpose in the future.

On November 11, 2022, Petitioner filed a Motion for Contempt and Enforcement stating that Respondent had one made one child support payment since the order was entered in July.

On November 18, 2022, the Court issued a UA that listed out all of the claimed unreimbursed medical bills and found that Petitioner owed Respondent a total of $183.44. The Court further instructed the parties to arrange with the provider to pay their percentage directly. If a parent fails to pay the provider within 30 days, the other parent may pay and seek reimbursement from the parent who failed to pay. Request for reimbursement was to be by providing the request with documentation within 180 days by email or parenting app. The other parent then must reimburse within 45 days. The Court reiterated that "any party requesting reimbursement for medical expenses, must provide to the other party, and this Court, documentation showing that all information set forth [above] was sent to the other party in a timely manner."

On December 15, 2022, Respondent filed a Motion for Contempt and Enforcement regarding an order that Petitioner owed Respondent an award of past care and support on September 10, 2021.

In the Court's Under Advisement on February 21, 2023, Respondent's Motion to Modify Child Support was granted, reducing her monthly payment. On February 23, 2023, Respondent filed a Motion for Clarification and the Court denied that motion, as Respondent was asking for legal advice.

The Court issued an Under Advisement on April 7, 2023 granting Petitioner's Motion to Enforce that

_____Denise Lopez_____
Judicial Administrative Assistant

**RULING**

Page 4                          Date: July 07, 2025                          Case No.: D20201386

was filed November 11, 2022 and granted a partial award of attorney's fees against Respondent.

Respondent filed a Request for Order to Appear regarding child support arrears on April 12, 2023. She then filed a Notice of Intent to Relocate Minor Child on August 3, 2023.

At a hearing on August 8, 2023, the parties entered into a Rule 69 agreement regarding each of their outstanding balances on past care and arrears.

On September 18, 2023, the Court issued an Order stating that Respondent must file a Petition to Relocate that complies with the Statutes and Rules.

On September 22, 2023, Respondent filed a Petition for Relocation and Modification of Parenting Time.

On October 10, 2023, Respondent filed a Petition for Modification of Child Support, claiming disability.

In DV20231797, Respondent attempted to get an Ex Parte Order of Protection ("OOP") on October 23, 2023 with allegations dating back to 2020. The Judge denied the OOP at that time. Respondent returned to court the next day and made the same allegations, but the OOP was granted under DV20231807. The OOP was later dismissed at a contested hearing on December 5, 2023. At that same hearing, the Court quashed a Subpoena that Respondent had served on him. The Court also ordered, based on Respondent's allegation that Petitioner did not actually have another child, that Petitioner disclose his child's birth certificate.

The Court issued its Under Advisement on August 5, 2024 denying Respondent's request to relocate. The Court also found it was appropriate to attribute Respondent's prior income, as her claims of disability were unfounded. The Court noted that "the only recent medical documentation submitted by Mother was the May 2, 2024 report from Banner Health which indicate surgery was not required and that Mother has no limitations on her activity at that point." The Court also found that Petitioner did, in fact, have another child. Finally, the Court found that Respondent had acted unreasonably and awarded a nominal award.

On August 8, 2024, Petitioner filed a Petition to Modify LDM so that he may keep the minor child enrolled in his autism care childcare center, as Respondent was stating that she planned to remove the child from their care and enroll him in Kindergarten, against their recommendation. At a hearing on that Petition on September 4, 2023, the Court granted Respondent's Motion to Continue and granted Petitioner leave to amend

_____Denise Lopez_____
Judicial Administrative Assistant

**R U L I N G**

Page  5                                   Date: July 07, 2025                    Case No.:  D20201386

the petition. Respondent filed a Motion to Dismiss on October 10, 2024, arguing for dismissal since Petitioner had not amended his Petition. Respondent also included several other arguments, asking the Court to make rulings regarding LDM and school choice.

Respondent filed another Petition for Modification of Child Support on December 2, 2024 with the same argument regarding disability as previously pled and ruled on three months prior.

On December 13, 2024, Respondent filed a "Motion for Educational Needs/IEP," which the Court construed to be a Response to Petitioner's motion regarding school choice. The Court heard this motion on February 26, 2025 and entered temporary orders granting the parties joint LDM (with no final decision-maker) and ordered that the child continue to attend his current school. After that hearing, Respondent immediately filed a Request to Enforce re: Medical Payments that did not comply with the earlier order regarding requests for reimbursement.

Petitioner filed his Motion to Designate Respondent a Vexatious Litigant on March 5, 2025. Petitioner filed a Motion to Dismiss Respondent's Motion for Enforcement, or in the Alternative Motion for a More Definitive Statement on March 17, 2025. At a hearing on March 20, 2025, the Court ordered that Respondent file an amended motion for enforcement by April 3rd. Respondent filed her Response to the Motion to Designate on March 26, 2025 and her Amended Request to Enforce re: Medical Payments on April 4th. Respondent included a list, but no documentation of the bills and whether her attempts to get reimbursed were in compliance with the Court's earlier orders. Additionally, in Petitioner's Response, he provided an extensive breakdown of all of the bills and showed that Petitioner had overpaid Respondent $23.11 for the uncovered medical bills to date.

At a hearing on Respondent's Motion for Modification of Child Support, the Court found that the same exact documentation provided from May 2, 2024 was the only documentation provided almost a year later. The Court also found that all of the issues Respondent presented to the Court were previously litigated, including the issue of Petitioner's overtime.

On April 16, 2025, Respondent filed a "Motion for Petitioner to Pay Fees for Document (Immigration) for Minor Child.

<br>

_____Denise Lopez_____
Judicial Administrative Assistant

**R U L I N G**

<table>
<tr><td>Page  6</td><td>Date:  July 07, 2025</td><td>Case No.:  D20201386</td></tr>
</table>

This Court issued its Under Advisment regarding school choice on May 19, 2025, granting Petitioner's request to keep the child at his current school until they recommend that he is ready for Kindergarten.

Pursuant to ARS 12-3201(E)(1), the Court makes the following findings regarding Respondent's vexatious conduct:

(b) Unreasonably expanding or delaying court proceedings

A party "unreasonably expand[s] or delay[s] court proceedings by filing pleadings with claims that have already been expressly ruled on by the court. See *Willis v. Dentists Benefits Ins. Co.*, No 1 CA-CV 16-0390 (App. 2017)(NOT REPORTED). Where the trial court repeatedly explains to a party that their claims have no merit and they continue to press those claims with the court the party can be deemed a vexatious litigant. *Id.*

**THE COURT FINDS** that Respondent has unreasonably expanded or delayed court proceedings. Here, the Court has given Respondent ample notice that her positions were unreasonable and many without merit. The Court twice awarded Petitioner attorneys fees and warned Respondent that further improper motions could result in a vexatious designation. Despite this, Respondent's repeated, meritless filings and arguments have continued. As a result, the Court and Petitioner have been forced to expend resources hearing and defending against these motions.

(c) Court actions brought or defended without substantial justification

**THE COURT FINDS** that Respondent has brought and defended court actions without substantial justification. Notably are the two Orders of Protection filed within one day of each other, despite the first being denied and the second being dismissed, with the Court finding that Respondent had not met her burden to justify Respondent having to contest the allegations. Also without substantial justification was Respondent's attempts to remove the child from his school/childcare that specializes in autism. The school had repeatedly told the parents that their child was not ready to be enrolled in Kindergarten at a Public School. The Court believes it is possible that Respondent was attempting to make this change because it would be more convenient to her, knowing that it was not in her child's best interest. The Court found the same regarding her attempt to relocate – that while moving closer to her family in Florida would benefit her life, it was not in her child's best interests.

(f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by

_____<br>
Denise Lopez<br>
Judicial Administrative Assistant

**R U L I N G**

the court in the same litigation.

**THE COURT FINDS** that Respondent has engaged in repeated filings and requests for relief that have been the subject of previous rulings by the court in the same litigation. As referenced above, Respondent filed a Motion to Modify Child Support using the exact same arguments and documentation that were plead and ruled on three months prior. Respondent has also continued to file improper motions for enforcement and is not abiding by the Court's clear orders on the procedure for claiming reimbursement of medical bills.

**THEREFORE IT IS ORDERED** finding that Respondent is a vexatious litigant.

**THE COURT FURTHER FINDS** that an order narrowly tailored in the current divorce matter only will appropriately limit Respondent's vexatious conduct without offending Constitutional principles of procedural fairness.

**IT IS FURTHER ORDERED** that Respondent shall not file any more pleadings, motions or requests for relief in this divorce action without a Court order accepting a proposed filing filed by the family law division Judge. The assigned family law division Judge will be responsible for reviewing any proposed document Respondent would like to file. **THEREFORE, IT IS ORDERED** that the *Clerk's office shall not file any document by Respondent in this divorce case unless submitted by the Court.*

**THE COURT ORDERS** that Respondent utilize the following procedure in order to obtain permission to file pleadings in the divorce matter:

1. Respondent will submit a signed, dates (and verified if required by Rule) pleading in a sealed envelope to this division. She will place the case caption and number of the outside of the envelope and indicate that the envelope is to be delivered to the assigned Judge's chambers.
2. Respondent will include a self-addressed, stamped envelope in the sealed envelope.
3. Of the Court gives permission for Respondent to file the pleading, and the pleading is ready for filing, the Court will file the pleading with the Clerk's office and mail a confirmed copy back to Respondent. Respondent will be responsible for serving the conformed copy on the opposing party/counsel pursuant to the Arizona Rules of Family Law Procedure.
4. If the Court does not give permission, the pleading will be sent back to Respondent with a statement indicating that permission was denied.

_____Denise Lopez_____
Judicial Administrative Assistant

**R U L I N G**

5.  Failure to follow this procedure will result in the Court rejecting Respondent's pleading.

The Court will now address the current pending motions before the Court.

## <u>AMENDED REQUEST TO ENFORCE SUPPORT</u>

As previously stated, Respondent filed this motion April 4, 2025, one day after the Court's deadline. Petitioner filed his response April 29th. **THE COURT FINDS** that Petitioner's breakdown of expenses is accurate and ORDERS that Respondent owes $23.11 to satisfy his overpayment.

**IT IS FURTHER ORDERED** that Respondent consult the Court's November 18, 2022 Under Advisement and follow the procedure outlined for claims for reimbursement for uncovered medical expenses.

## <u>ATTORNEY'S FEES</u>

Petitioner has requested attorney's fees for the filing of his response. An award of attorney fees and costs is governed by A.R.S. § 25-324. Section 25-324 provides as follows:

A.  The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceedings under this chapter or chapter 4, article 1 of this title.  On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions.  The court may make these findings before, during or after the issuance of a fee award.

B.  If the court determines that a party filed a petition under one of the following circumstances, the court shall award reasonable costs and attorney fees to the other party:

1.  The petition was not filed in good faith.

2.  The petition was not grounded in fact or based on law.

3.  The petition was filed for an improper purpose, such as to harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party.

_____Denise Lopez_____
Judicial Administrative Assistant

**R U L I N G**

Page 9            Date: July 07, 2025            Case No.: D20201386

C. For the purpose of this section, costs and expenses may include attorney fees, deposition costs and other reasonableness expenses as the court finds necessary to the full and proper presentation of the action, including any appeal.

D. The court may order all amounts paid directly to the attorney, who may enforce the order in the attorney's name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.

**THE COURT FINDS** that there is no substantial financial disparity between the parties.

**THE COURT FINDS** that Respondent has taken an unreasonable position in this repeatedly filing Motions for Enforcement re: Medical Bills and not following the procedure outlined by the Court. Petitioner has incurred attorney's fees and costs because of Respondent's unreasonable actions. **IT IS THEREFORE ORDERED** granting Respondent's request for attorney fees and costs at to this motion.

**THE COURT ORDERS** Petitioner to file his Affidavit RE: Attorney's Fees and Costs regarding this motion no later than August 4, 2025. Respondent will have until August 14, 2025 to file her response, if any, to the Attorney's Fees Affidavit using the procedure ordered above.

## MOTION FOR PETITIONER TO PAY FEES FOR IMMIGRATION DOCUMENT

The Court **DENIES** this Petition, as it does not comply with the Arizona Rules of Family Law Procedure. It does not appear to be a Motion to Modify or Enforce pursuant to ARFLP 91, as there is no allegation that there was ever an order regarding payment of immigration documents.

**IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of this Order that is not expressly granted above.

_/s/_

**Hon. Michelle Metzger**
(ID: 906f7054-eb99-46e1-b2a4-0818fd22826b)

Denise Lopez
Judicial Administrative Assistant

**RULING**

Page 10        Date: July 07, 2025        Case No.: D20201386

cc:    Hon. Michelle Metzger
      Sean M Thrush, Esq.
      Shanique Maragh
      Clerk of Court - Imaging Supervisor
      Court Services - Family Law

 

                                            __Denise Lopez__
                                      Judicial Administrative Assistant

FILED
TONI HELLON
CLERK, SUPERIOR COURT
2/8/2017 9:39:36 AM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. SARAH R SIMMONS

CASE NO.    C20155817

DATE:    February 08, 2017

MEL M MARIN
    Plaintiff

VS.

AMERICAN SELF STORAGE, ET AL.
    Defendant(s)

---

## R U L I N G

**CIVIL RULING**

### Procedural Background

On December 19, 2016, Defendant Wilmot Self Storage, LLC filed a motion to dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted. Additionally, Defendant requests this Court to declare Plaintiff, Mel Marin, a vexatious litigant as defined in A.R.S. §12-3201. Two other Defendants, Mario Teran and Edward V. Lacambra, filed their joinders in Defendant Wilmot Self Storage, LLC's motion to dismiss on January 6, 2017 and December 21, 2016 respectively.

Plaintiff filed his response entitled "Provisional opposition in the event Defendants' motion is considered sufficient to be a motion to dismiss" on January 25, 2017. In his response Plaintiff opposes Defendants' motion and repeats the allegations and arguments from his complaint. Defendants filed a reply on January 30, 2017 reasserting the statute of limitations as a primary basis for the dismissal.

### 1. Motion to Dismiss

The Arizona Rules of Civil Procedure allow a party to file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." A.R.C.P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the Court must take all of the material allegations of the pleadings of the non-moving party as true. *Sierra Madre Development, Inc. v. Via Entrada Townhouses Association*, 20 Ariz. App. 550, 514 P.2d 503 (1973). *See also Lerner v. DMB Realty, LLC*, 234 Ariz. 397, 322 P.3d 909 (App. 2014) (holding that the Court should assume the truth of the well-pled factual allegations in the complaint and infer all reasonable

Ekaterina Sokolova
Law Clerk

**R U L I N G**

| Page 2 | Date: February 08, 2017 | Case No.: C20155817 |
|---|---|---|

inferences therefrom). However, mere conclusory statements are insufficient. *Peterson v. Newton*, 232 Ariz. 593, 595, 307 P.3d 1020, 1022 (App. 2013). *See also Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, 189 P.3d 344, 346 (2008) (holding that mere conclusory statements are insufficient to state a claim upon which relief can be granted). Thus, dismissal under Rule 12(b)(6) is appropriate, "if, as a matter of law, Plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof." *Lerner*, 234 Ariz. 397, 401, 322 P.3d 909, 913.

 In their motion to dismiss, Defendants argue that Plaintiff's complaint must be dismissed for two reasons. Firstly, Defendants argue that Plaintiff's complaint contains conclusory statements, rather than factual allegations. Secondly, Defendants assert that all of the Plaintiff's claims are barred by applicable statutes of limitation. In his opposition, Plaintiff argues that (1) statutes of limitation have not started to run and/or (2) statutes of limitation have been tolled.

 To determine whether Plaintiff's claims are barred by the applicable statutes of limitation, this Court will analyze each of the claims separately. Plaintiff's claims, listed in his complaint, may be enumerated as follows: (1) violation of the automatic stay under the United States Bankruptcy Code, (2) violation of Section 1983 of the Civil Rights Act of 1871, (3) conversion, (4) interference with an economic advantage, and (5) wrongful death action.

  *a. Violation of the Bankruptcy Stay*[1]

 In his first cause of action, Plaintiff alleges that Defendants violated an automatic stay in a federal bankruptcy action when Defendants sent an eviction notice to Plaintiff in January 2007[2]. If no limitation is specifically set in a statute, A.R.S. §12-550 requires Plaintiff to initiate an action within four years after the cause of action accrues. ("Actions other than for recovery of real property for which no limitation is otherwise prescribed shall be brought within four years after the cause of action accrues, and not afterward.") In Arizona, a cause of action accrues "when the Plaintiff knows, or in the exercise of reasonable diligence should have known, of the Defendant's . . . conduct, (citation omitted) or when the Plaintiff is first able to sue." *Sato v. Van Denburgh*, 123 Ariz. 225, 227, 599 P.2d 181, 183 (1979).

 Here, Plaintiff alleges that Defendant violated the automatic stay in January 2007. Plaintiff filed his complaint on December 28, 2015. The statute of limitations deadline expired in January 2011. Therefore,

---

[1] This cause of action would more properly have been brought in the Bankruptcy Court.
[2] *See* Plaintiff's First Amended Complaint ¶20-211

Ekaterina Sokolova<br>
Law Clerk

**R U L I N G**

| | | |
|---|---|---|
| Page 3 | Date: February 08, 2017 | Case No.: C20155817 |

Plaintiff's claim of Defendant's violation of the bankruptcy stay is barred and Defendants' motion to dismiss with prejudice on this issue is **GRANTED**.

 b. *Violation of the Civil Rights Act under § 1983*

Plaintiff further alleges that Defendants have violated his civil rights under Section 1983 of the Civil Rights Act of 1871 by sending him a notice of eviction.[3] "In order to succeed under § 1983, Plaintiff must establish two elements: (1) that the conduct complained of was committed by a person acting under color of state law and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution of the United States." *Wittmer v. Peters*, 904 F.Supp. 845, 849 (C. D. Ill. 1995). Because § 1983 has no internal statute of limitation; the statutes of limitations are borrowed from the Forum's state law. *Harrington v. City of Nashua*, 610 F.3d 24, 28 (1st Cir. 2010) (citing *Owens v. Okure*, 488 U.S. 235, 239 (1989)).

Here, Plaintiff did not articulate the rights, privileges or immunities, if any, or how or when such deprivation occurred. Mere conclusory statement "Plaintiff has been injured by deprivation of his civil rights" is insufficient. Thus, Plaintiff failed to state a claim under § 1983. In addition, Plaintiff's rights, if any, would be actions created by statute. The statute of limitations for actions created by statute is one year. A.R.S. 12-541(5). Plaintiff's cause of action under this portion of his complaint fails to state a claim on which relief can be granted and is barred by the statute of limitations.

 c. *Conversion*

Plaintiff claims that he has been deprived of his right to property when his property was sold by Defendants without prior notice. The applicable statute of limitations, set forth in A.R.S. §12-542 (5), requires Plaintiff to initiate the lawsuit within two years after the accrual of this cause of action. *See Tissicino v. Peterson*, 211 Ariz. 416, 420, 121 P.3d 1286, 1290 (App. 2005) (holding that "an owner forfeits the legal right to regain possession and control of personal property from one who adversely controls it after the passage of two years"). Plaintiff alleges that the sale was conducted sometime before June 17, 2009[4]. Therefore, Plaintiff had until June 2011 to file an action for violation of his rights. Therefore, this claim is barred by the applicable statute of limitations.

---

[3] *Id.* at ¶27 -30
[4] *Id.* at ¶33

Ekaterina Sokolova
Law Clerk

R U L I N G

Page 4             Date: February 08, 2017             Case No.:   C20155817

#### d. *Interference with economic advantage*

To establish a viable tortious interference claim, Plaintiff must show: (1) a valid contract or business expectancy existed; (2) the interferer had knowledge of such business contracts or expectancy; (3) there was intentional interference causing a breach of the contract or business expectancy; and (4) resultant damages. *Neonatology Associates, Ltd. V. Phoenix Perinatal Associates Inc.*, 216 Ariz. 185, 187, 164 P.3d 691, 693 (App. 2007). In the present case, Plaintiff has not pled facts to show any of the required elements. Additionally, tortious interference with a contract is subject to two-year statute of limitations. *Vales v. Kings Hill Condominium Ass'n.*, 211 Ariz. 561, 567, 125 P.3d 381, 387 (App. 2005) (citing *Clark v. Airesearch Mfg. Co. of Arizona, Inc., a Div. of Garrett Corp.* 138 Ariz. 240, 673 P.2d 984 (App. 1983). Events that Plaintiff alleges give rise to his claim occurred at the time of an alleged conversion, sometime before June 17, 2009. Therefore, in addition to failing to state a claim, Plaintiff's action is barred by the applicable statute of limitations.

#### e. *Wrongful death action*

Under Arizona law, "when death of a person is caused by a wrongful act, neglect or default . . . the person who . . . would have been liable if death had not ensued shall be liable to an action for damages." A.R.S. §12-611. The statute requires Plaintiff to show a causation element between his parents' death and Defendants' actions. No such causation was pled by Plaintiff. On the contrary, the court's record contains a case[5] filed by Plaintiff against Defendant Tilton & Solot Law Office. The case was filed on December 28, 2015, the same date as the present action. In that case, Plaintiff alleges that the law office and other named Defendants are responsible for his father's death, which occurred on November 3, 2008. Plaintiff specifically alleges that Defendants' negligence resulted in the loss of income that his father required.[6] The court's record contains another case filed by Plaintiff, *Marin v. Sparks*, under the case number C20155815. The case also was filed on December 28, 2015. In that case, Plaintiff alleges that Defendant Sparks's negligence resulted in the loss of income that his father needed.[7] Wrongful death actions are subject to the three-year statute of limitations. The action for wrongful death accrues upon the person's death or at such time when the Plaintiff knew or by the exercise of reasonable diligence should have known of the Defendant's conduct. *See Anson v. American Motors Corp.*, 155 Ariz. 420, 747 P.2d 581 (App. 1987). Plaintiff's father died on November 3, 2008. Thus, the cause

---

[5] Case C20155812
[6] *See* Plaintiff's First amended complaint (in case C20155812), 8/25/2016, ¶62.

                                <u>Ekaterina  Sokolova</u>
                                      Law Clerk

**R U L I N G**

Page 5                           Date: February 08, 2017                    Case No.:   C20155817

of action for wrongful death accrued on November 3, 2008. Plaintiff had until November 3, 2011 to pursue his claim and this lawsuit was filed in 2015. This claim likewise is barred by the statute of limitations.

### a. Doctrine of Equitable Tolling

Arizona courts have recognized a doctrine of equitable tolling. The standard used by the Arizona courts states that "Plaintiffs may sue after the statutory time period for filing a complaint has expired, if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."*McCloud v. State, Ariz. Dept. of Public Safety*, 217 Ariz. 82, 87, 170 P.3d 691, 696 (App. 2007). The threshold necessary to trigger equitable tolling is very high. *Id.* at 88, 697. Mere excusable neglect does not justify relief from the applicable statute of limitations. *Porter v. Spader*, 225 Ariz. 424, 429, 239 P.3d 743, 748 (App. 2010).

Here, Plaintiff argues that statutes of limitation must be tolled because his father was involved in a bankruptcy proceeding. However, the automatic stay in bankruptcies applies only to the claims of creditors and not to those of debtors. *See Madison v. Groseth*, 230 Ariz. 8, ft.5, 279 P.3d 633 (App. 2012) ("we decide the automatic stay does not apply because this appeal concerns an action initiated and maintained by the debtor")(quoting *In re White,* 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995) (holding the automatic bankruptcy stay is inapplicable to lawsuits initiated by the debtor)). Therefore, the equitable doctrine of tolling for the reasons cited by Plaintiff is not applicable in the instant case.

Additionally, this Court's record contains a case, C20104778, initiated by Plaintiff on June 18, 2010. The first amended complaint filed in that case by Plaintiff on August 15, 2011 contains the same allegations and the same arguments against the same defendants. That case was dismissed by Judge Kenneth Lee's order dated September 01, 2011. In his order, Judge Lee stated:

"Since there is no allegation that the storage unit was contracted under Plaintiff's father name, the discussion of the father's bankruptcies is irrelevant. No copies of the storage unit contract have been attached to the Complaint or the proposed Amended Complaint. No copies of the bankruptcy order the Plaintiff references have been attached to the Complaint or the proposed Amended Complaint. Under the current and proposed allegations of the Plaintiff, the Defendant is entitled to a dismissal of this action. This dismissal is without prejudice to file another motion to file an Amended Complaint."

---

[7] *See* Plaintiff's First amended complaint (in case C20155815), 09/09/2016, ¶54.

                                        Ekaterina  Sokolova
                                            Law Clerk

**R U L I N G**

| | | |
|---|---|---|
| Page 6 | Date: February 08, 2017 | Case No.: C20155817 |

Based on the foregoing, Plaintiff had a full chance to litigate his claims back in 2010 when he filed his complaint in case C20104778. Consequently, Plaintiff's claims are now barred by the applicable statutes of limitation.

Defendants' motion to dismiss Plaintiff's entire complaint with prejudice is **GRANTED**.

**2. Application to deem Plaintiff a Vexatious Litigant**

At the request of a party, a self-represented litigant may be designated a vexatious litigant. A.R.S. 12-3201 (A). This statute provides a list of conduct that is deemed vexatious. One of the conducts, relevant to the present case is "repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation." *Id.* at (E)(c).

"Arizona courts possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth*, 280 Ariz. 8, 14, 279 P.3d 633, 639 (App. 2012). However, access to the Court is a fundamental Constitutional right of every individual. *See Bounds v. Smith*, 430 U.S. 817 (1977). The principles that must be observed by the Court when ordering pre-filing restrictions were set forth in the Ninth Circuit decision in *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990). Those principles are: "(1) to satisfy due process, the litigant must be afforded notice and an opportunity to oppose the order, (2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order, (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) the order must be narrowly tailored to closely fit the specific vice encountered." *Madison,* 280 Ariz. at 14, 279 P.3d at 639.

In footnote 9, the *Madison* Court provided courts with additional guidance clarifying that "in applying the latter two principles relating to identifying a vexatious litigant and fashioning an appropriate remedy, the Ninth Circuit has held a court can derive guidance from considering the following factors: (1) the litigant's history of litigation and the nature of prior lawsuits, (2) the litigant's motive in filing new lawsuits, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to others or unduly burdened the court, and (5) whether different sanctions would adequately protect other parties and the court." *Id.* ft. 9

Ekaterina Sokolova
Law Clerk

**R U L I N G**

a. *Notice and opportunity to oppose the order*

Defendants filed their application to deem Plaintiff a vexatious litigant along with their motion to dismiss on December 19, 2016. Due to Plaintiff's failure to keep his address up to date with the Court, Plaintiff failed to respond timely. However, in order to ensure that Defendant was afforded due process this Court issued a notice, dated January 17, 2017 to the parties, notifying them that the Plaintiff's address on file is not current. In addition, the Court has forwarded all of the materials filed by the Defendants to the Plaintiff's current address as well as granted an extension of the response deadline. Plaintiff filed his response on January 25, 2017. On January 12, 2017, Plaintiff filed an opposition to Defendants' motion to dismiss and application to deem Plaintiff a vexatious litigant, which was denied in the Court's ruling dated January 17, 2017.

b. *A listing of all cases and motions leading to the entry of this order*

- Pima County case number C20155817 (present case) – Defendants' motion to dismiss granted on the day of this Ruling.

- Pima County case number C20104778 – same allegations as in the case above. Complaint dismissed for failure to state a claim upon which relief can be granted.

- Pima County case number C20155815 –allegations of negligence, fraud and wrongful death, which Plaintiff repeatedly includes in all of his complaints filed in Pima County. Hearing on the motion to Dismiss scheduled for February 13, 2017.

- Pima County case number C20155812 – same/similar allegations as in complaint in case C20155815, listed above. Complaint dismissed for failure to state a claim upon which relief may be granted.

- United States District Court for the District of Arizona case number CIV13-01091 TUC RCC – Mr. Marin filed a complaint alleging various claims for violation of a bankruptcy stay, conversion, tortious interference with economic advantage, wrongful death, and civil rights violations. Chief United States District Judge Raner C. Collins, in his order dated September 18, 2013, stated "Plaintiff has brought a number of claims and appeals in the state and district courts of Arizona, as well as the Ninth Circuit Court of Appeals . . . This Court, like the Ninth Circuit, has limited resources and the incessant and invariably frivolous filings of Marin inevitably detract from its ability to efficiently manage its docket

Ekaterina  Sokolova
Law Clerk

**R U L I N G**

and administer justice. Plaintiff's extensive litigation history demonstrates a pattern of forcing the Court to expend substantial resources in reviewing his pleadings, which invariably turn out to utterly lack merit."

- United States District Court for the District of Arizona case number CV 07-388 TUC DCB, Westlaw citation 2007 WL 4287832. In its decision, the Court notes that it is a 22nd case filed in the District Court related to a bankruptcy proceeding, which Plaintiff has tried on numerous occasions and in numerous ways to challenge. The Judge further states that in CV 05-775 TUC JMR, the Honorable Judge Roll rejected the legal theory Plaintiff urges in his Complaint and determined that Plaintiff's argument lacks merit. The Court cautioned Plaintiff regarding the use of courts in a vexatious manner.

- United States District Court, Southern District of California case number 11cv1610 AJB (JMA). The judgment dated December 20, 2012 states "It is hereby ordered that Plaintiff's Complaint be, and it hereby is, dismissed with prejudice. Insomuch as Plaintiff's case is dismissed, it is ordered that Plaintiff's Motion to Proceed IFP be, and it hereby is, denied as moot. It is further ordered that Plaintiff be deemed a vexatious litigant."

- United States District Court for the Southern District of California *Marin v. Wells Fargo, N.A.*, 2016 WL 6875891 (S.D. Cal. 2016). In its decision, the Court stated "The Court notes that Plaintiff has an extensive history of litigation." In footnote 1, the Court listed all the cases where Mr. Marin has been a Plaintiff. The list exceeds fifty cases.

c. *Substantive findings of the frivolous/harassing nature of the litigant's actions*

The Court finds as follows:

1. Plaintiff has been previously declared a vexatious litigant by the Court of Appeals of Ohio, 11th District in case 2012 WL 1593230[8] and by the United States District Court for Southern District of California in case number 11cv1610 AJB (JMA)[9].

2. Plaintiff has filed claims, essentially identical in terms of the allegations made and relief requested, against Defendants in this case in the following:

---

[8] *See Marin v. Wells Fargo, N.A.*, 2016 WL 6875891 (S.D. Cal. 2016)
[9] *See* Defendants' attached Exhibit B

Ekaterina  Sokolova

Law Clerk

**RULING**

Page 9            Date: February 08, 2017            Case No.:  C20155817

- Pima County Superior Court, case number C20104778, filed on June 18, 2010.

- US District Court, for the District of Arizona case number CV 07-388 TUC DCB, (*Marin v. American Self-Storage,* 2007 WL 4287832, (2007)).

- US District Court, for the District of Arizona case number CV 13-01091 TUC RCC, Complaint filed on September 5, 2013

3. Plaintiff has filed frivolous and meritless cases against various parties throughout the country. In the majority these cases, Plaintiff is able to get a waiver of the filing fees, as he did in the present case (waiver of fees granted on May 26, 2016).

4. Plaintiff's practice of filing repetitive lawsuits against these and other Defendants is abusive, harassing and contrary to the interests of justice. Additionally, this practice significantly wastes judicial time and resources on matters that have been long resolved, as well as requires significant expenses to the parties that are required to defend such frivolous suits.

5. Lesser sanctions including dismissal, and/or awards or attorney's fees in favor of opposing parties have proven to be ineffective measures to end Plaintiff's abusive and harassing behavior.

     *d.*   *Narrowly tailored order to closely fit the specific vice encountered*

Defendants filed an application to deem Plaintiff a vexatious litigant. Based on this Court's findings, the Court concludes that an order enjoining Mr. Marin from filing any future lawsuits in Pima County against Defendants, without leave of the Presiding Judge of the Pima County Superior Court, is warranted and appropriate under the circumstances. This order is sufficiently narrow to address the abusive and harassing behavior that has been demonstrated by Plaintiff's lawsuits against Defendants.

Therefore,

**IT IS ORDERED** that Plaintiff Mel M. Marin is found to be a vexatious litigant in his actions against Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff Mel M. Marin is enjoined from filing any lawsuit, in which he is self-represented, in any Arizona Superior Court or any Arizona Justice Court against any Defendant in this action, including any current or former employee or agent of American Self-Storage and Wilmot Self-Storage,

           _____Ekaterina  Sokolova_____
                     Law Clerk

**R U L I N G**

| Page 10 | Date: February 08, 2017 | Case No.:    C20155817 |

LLC, without prior approval of the Presiding Judge or the Presiding Judge's appointee of the county in which Plaintiff desires to file suit.

**IT IS FURTHER ORDERED** that no Arizona Superior Court Clerk or Justice Court Clerk shall accept from Plaintiff for filing any future lawsuit against any Defendant in this action, including any current or former employee or agent of American Self-Storage and Wilmot Self-Storage, LLC, without prior approval of the Presiding Judge or the Presiding Judge's appointee of the county in which Plaintiff desires to file suit.

**IT IS FURTHER ORDERED** that Plaintiff shall present a copy of this order to the clerk of any court in which he desires to file any lawsuit against any current or former employee or agent of American Self-Storage and Wilmot Self-Storage, LLC.

_/s/_

**HON. SARAH R. SIMMONS**
(ID: 42a5a889-21d9-4e4d-9f54-33fb135b9e25)

cc:    Hon. Kyle Bryson
       Karl Macomber, Esq.
       Renae Nachman, Esq.
       Mel M Marin PRO PER
       Case Management Services - Civil

Ekaterina  Sokolova
Law Clerk

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
11/1/2024 4:29:11 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. CYNTHIA T. KUHN                              CASE NO.        C20232864

                                                 DATE:          November 01, 2024

MARK W MCCUNE
    Plaintiff

VS.

GMACM 2004 HE-1 TRUST,
NOVA HOMES,  and
COMPUTER SHARE
    Defendants

---

## R U L I N G

**UNDER ADVISEMENT RULING RE: DEFENDANT'S MOTION TO DESIGNATE MARK W. MCCUNE A VEXATIOUS LITIGANT**

    Pending before the Court is Defendant Wells Fargo, N.A., as indenture trustee for Gmacm 2004 HE-1 Trust's ("Wells Fargo") Motion to Designate Mark W. McCune a Vexatious Litigant, filed February 5, 2024, and deferred until oral argument repeatedly rescheduled at Plaintiff's requests. The matter is fully briefed, and the Court finally heard oral argument on the motion on October 25, 2024. After oral argument, review of the Parties' briefings, and prior litigation referenced herein, the Court **GRANTS** the motion as follows.

### I.  BACKGROUND AND PROCEDURAL HISTORY

    This matter arrives to the Court by way of Plaintiff Mark W. McCune's ("McCune") Quiet Title Complaint, filed June 26, 2023. McCune's Complaint seeks to quiet title to property located at 2131 N. Frannea Drive Tucson, AZ 85712. McCune asserts that he is 100% the sole owner of the property. McCune initially named the following defendants in his Complaint: Josephine Salmon, Janet Spears, Aldrige Pite LLC., Western Progressive, Mr. Karcthner (sic), State of Arizona Department of Property, Nova Homes, Wells Fargo Bank, National Association, Gmacm 2004 he-1 Trust, ComputerShare, Ocwen Loan Servicing, Solomon Krotzer, PHH Mortgage, John and Jane Does 1-10, and ABC Corporations 1-10. On September 25, 2023, this Court issued its "In Chambers Order Re: Plaintiff's Emergency Motion to Change the Caption of the Case due to Clerical Error; Emergency Motion to Not Dismiss Quiet Title Action Complaint" wherein it dismissed Defendants Josephine Salmon, Janet Spears, Western Progressive, Mr. Karcthner, State of Arizona, Nova Homes, Wells Fargo Bank, N.A., Computer Share, PHH Mortgage, and Aldrige Pite, LLP. Thereafter on

                                                              _____
                                                   Albert Mauseth
                                                     Law Clerk

RULING

November 29, 2023, Western Progressive, Solomon Krotzer, PHH Mortgage, and Wells Fargo filed their Motion to Dismiss and Motion to Designate Mark W. McCune a Vexatious Litigant citing years of previous litigation regarding the subject property and identical legal issues. On January 24, 2024, this Court noting the September 25, 2023, dismissal of Western Progressive, Solomon Krotzer, PHH Mortgage, and Wells Fargo, denied the two motions as moot.

On January 16, 2024, McCune filed his Amended Complaint No. 3 seeking to quiet title at the subject property and naming Gmacm 2004 he-1 Trust, Nova Home Loans, and Computershare as the three named Defendants. Thereafter on February 5, 2024, Wells Fargo refiled its Motion to Dismiss and Motion to Designate Mark W. McCune a Vexatious Litigant citing the Parties' long legal history as grounds for both. On March 26, 2024, McCune filed his "Response and Opposition to Mr. Norman's [Wells Fargo's counsel] Feb 5th Motion to Dismiss and Motion to Declare me Vexatious." On April 5, 2024, Wells Fargo filed its Reply In Support of the Trust's Motion to Designate Mark W. McCune a Vexatious Litigant.

## II. LEGAL STANDARD

Arizona courts have two independent sources to designate a party as a vexatious litigant. The first stems from the Court's inherent authority and is not statutory dependent. *See Madison v. Gorseth*, 230 Ariz. 8, 14 ¶ 17 (Ct. App. 2012). The second source is codified in A.R.S. § 12-3201 which sets out enumerated grounds to declare a party vexatious. A.R.S. § 12-3201(A) provides that "[i]n a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant to be a vexatious litigant." In order for a pro se litigant to be deemed vexatious, the court must find that the litigant "engaged in vexatious conduct." A.R.S. § 12-3201(C). Vexatious conduct includes:

(1) repeated filing of court actions solely or primarily for the purpose of harassment,

(2) unreasonably expanding or delaying court proceedings,

(3) court actions brought or defended without substantial justification,

(4) engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant,

(5) a pattern of making unreasonable, repetitive and excessive requests for information, and/or

(6) repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation. A.R.S. § 12-3201(E)(1)(a-f).

Regardless of whether the vexatious finding is ordered pursuant to the court's inherent authority or

Albert Mauseth
Law Clerk

RULING

pursuant to A.R.S. § 12-3201, both constitute pre-filing restrictions. *See Contreras v. Bourke*, 2024 WL 3733792 (Ct. App. 2024). Pre-filing restrictions limit an individual's fundamental right for access to courts and therefore to comply with due process must abide by the following principles:

(1) the litigant must be afforded notice and an opportunity to oppose the order,

(2) the court must create an adequate record for appellate review that includes a listing of all cases and motions leading the court to enter the order,

(3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions and

(4) the order must be narrowly tailored to closely fit the specific vice encountered.

*Madison*, 230 Ariz. at 14 ¶ 18 (2012).

## III. ANALYSIS

### A. Authority to Make Vexatious Litigant Determination

As a preliminary matter this division has the authority to determine whether a pro se litigant is vexatious as defined by A.R.S. § 12-3201 and thereby does not need to refer this matter to the presiding judge or other judicial officer. *See* Arizona Superior Court In and For the County of Pima Administrative Order No. 2018-09. In the present matter, Wells Fargo seeks to designate McCune a vexatious litigant arguing that he satisfies the requirements to be deemed vexatious under any and all of the enumerated grounds. Wells Fargo cites the Parties' extended years long litigation history all which revolves around the subject property and the deed of trust thereon.

### B. Subject Loan Litigation History

Wells Fargo asserts and prior Courts have concluded the following: McCune's mother, Louis A. Knott ("Knott"), executed a Home Equity Line of Credit ("HELOC") Loan which had a credit limit of $100,000 along with a Deed of Trust secured by the subject property. Before passing away in 2006, Knott had withdrawn her entire credit limit. From 2006 to 2011, the personal representative of Knott's estate made the monthly payments towards the HELOC. In 2011, McCune acquired title to the subject property and thereafter did not make any payments towards the HELOC. In response to the default on the HELOC, Western Progressive (substitute trustee) recorded a notice of trustee's sale. The Trustee Sale was scheduled to take place in mid-September 2016.

Albert Mauseth
Law Clerk

### 1.    C20164303 McCune v. Wells Fargo Bank *et al*.

In 2016, McCune filed a Complaint with this Court challenging the Trustee Sale in C20164303. That matter was dismissed roughly two years later on February 12, 2018, wherein the Court found insufficient service of process and a lack of personal jurisdiction due to McCune's failure to issue a proper summons. During the pendency of C20164303 the Court issued a Preliminary Injunction which precluded any sale of the subject property. Shortly before C20164303 was dismissed and the injunction therein lifted, on January 30, 2018, McCune initiated Chapter 7 bankruptcy proceedings which further prevented the Trustee Sale. McCune's bankruptcy proceedings were eventually dismissed thereby lifting the stay.

### 2.    CV-19-00525 McCune v. PHH Mortgage and C20195500 Mark McCune v. PHH Mortgage *et al*.

On October 30, 2019, McCune filed a Complaint in CV-19-00525 in the United States District Court for the District of Arizona wherein he contested the validity of the loan and sought a temporary restraining order to enjoin any trustee sale. Only a couple of days later on November 1, 2019, McCune filed a Complaint with this court in C20195500 also contesting the validity of the loan and seeking a temporary restraining order. On April 8, 2024, McCune's federal case CV-19-00525 was dismissed with prejudice wherein the court clarified Wells Fargo's role as trustee for the trust and found the debt to be valid, in default, and owing $140,444.87. This dismissal was later affirmed by the United States Courts of Appeals for the Ninth Circuit on August 24, 2021. Similarly, McCune's request for a temporary restraining order against Nova Home Loans, PHH Mortgage, and Western Progressive was denied in his state court proceedings C20195500.

### 3.    4:21-bk-06099-SHG In Re: Mark Wade McCune and 4:22-ap-00018-SHG McCune v. Salmon *et al*.

Shortly before the federal appellate court affirmed the dismissal, on August 6, 2021, McCune filed another bankruptcy proceeding (4:21-bk-06099-SHG) along with an adversarial proceeding (4:22-ap-00018-SHG) with the United States Bankruptcy Court District of Arizona. In his adversarial proceeding McCune again challenged the validity of the loan. McCune's adversarial proceedings were dismissed on July 20, 2022, wherein the Bankruptcy Court ruled that McCune could not challenge the validity of the loan due to claim preclusion. Roughly a year later on May 19, 2023, the Bankruptcy court lifted the automatic stay in 4:21-bk-06099-SHG. Due to the stay being lifted, a Trustee Sale was noticed for June 6, 2023.

Albert Mauseth
Law Clerk

**4.  C20232405 McCune v. Salmon *et al*.**

On May 30, 2023, McCune filed a Complaint with this Court in C20232405 wherein he again contested the validity of the loan. McCune also filed a request for temporary restraining order which was granted on June 5, 2023, the court scheduled an evidentiary hearing to determine whether a preliminary injunction would be granted. The court in an order dated June 19, 2023, denied McCune's request for a preliminary injunction citing McCune's previous years of litigation regarding the same legal issues. The state court in C20232405 additionally dissolved the previously granted temporary restraining order.

**5.  C20232864 McCune v. Gmacm 2004 HE-1 Trust, *et al*.**

On June 26, 2023, McCune filed his Complaint with this division (C20232864) seeking to quiet his title again challenging the validity of the loan.

McCune responds to Wells Fargo's Vexatious Litigant motion asserting he is not vexatious. McCune's argues that Mr. Norman, Wells Fargo's attorney, has committed fraud on the court because he does not actually represent Wells Fargo and instead is secretly working for PHH Mortgage. McCune further asserts that Wells Fargo, N.A., as Indenture Trustee for Gmacm 2004 He-1 Trust is a fictious entity which was created by Ocwen Financing and PHH Mortgage to foreclose on his house. McCune again continues to challenge the validity of the loan asserting that Mr. Norman, Esq., among others have continually committed fraud on the courts.

Wells Fargo replies in support of its motion asserting that since the filing of their motion McCune has filed multiple frivolous motions not only in this matter but also in his forcible detainer and entry proceeding (C20235154). Moreover, Wells Fargo asserts that McCune's lawsuits constitute harassment because McCune does not dispute these lawsuits contemplate the same real property and loan but continues to make legally and factually inaccurate arguments that have been rejected or clarified in previous cases. Wells Fargo asserts that an order designating McCune a vexatious litigant is warranted to end McCune's incessant and harassing litigation.

**C.  Vexatious Conduct**

The Court agrees with Defendant that McCune at the very least qualifies as a vexatious litigant under A.R.S. § 12-3201(E)(1)(c). A litigant is deemed to be a vexatious litigant if the court finds that the litigant engaged in "vexatious conduct." A.R.S. § 12-3201(C). Vexatious conduct includes bringing or defending court actions without substantial justification. A.R.S. § 12-3201(E)(1)(c). Without substantial justification is defined as having the same meaning prescribed by A.R.S. § 12-349. A.R.S. § 12-3201(E)(2). A.R.S. § 12-349(F) defines the term as bringing a claim or defense that is groundless and not made in good faith.

                                        _____
                                              Albert Mauseth
                                              Law Clerk

R U L I N G

### 1. Groundlessness

Arizona courts have interpreted groundless to mean where "the proponent can present no rational argument based on the evidence or law in support of that claim." *Rogone v. Correia*, 236 Ariz. 43, 50 ¶ 22 (Ct. App 2014). The Court finds that Plaintiff's lawsuits filed after the April 2020 dismissal in CV-19-00525 were groundless. As referenced above, McCune initiated a lawsuit in the United States District Court for the District of Arizona against PHH Mortgage wherein he contested the validity of the loan and roles of Wells Fargo, N.A., PHH Mortgage and Western Mortgage. McCune included with his Complaint a request for a temporary restraining order which was granted. Thereafter, McCune filed a request for a preliminary injunction which the Court heard March 11, 2020, and denied. The Court then proceeded to rule on Defendant's Motion to Dismiss and granted the motion finding that the subject loan is in default; as of January 2, 2020, the amount due and owing was $140,444.87; PHH Mortgage and Wells Fargo are trustees and do not hold a debt over the property; and the GMACM 2004 HE-1 trust is the entity that holds the debt (April 8, 2020 Order in CV-19-00525-TUC-CKJ). McCune then initiated bankruptcy proceedings on August 6, 2021 (4:21-bk-06099-SHG) and in conjunction with these bankruptcy proceedings, despite the April 8, 2020, District Court ruling,  filed his Adversarial Complaint on January 31, 2022. In his Adversarial Complaint, McCune argued among other things that his mother paid off the loan before passing away, evidence shows that no loan ever existed on the property, and the loan was improperly/illegally assigned and not properly recorded. These arguments attempt to attack the validity of the loan which the District Court already found to be valid, in default, and owing in the amount of $140,444.87. Moreover, on May 30, 2023, McCune filed his Complaint with this Court in C20232405 wherein he again attempts to attack the validity of the loan reasserting much of the same arguments. Finally, on June 26, 2023, McCune filed his Quiet Title Complaint with this division wherein he again challenges the validity of the loan against many of the same defendants on the same argument rejected by the District Court. The Court therefore finds McCune's adversarial proceedings (4:22-ap-00018-SHG) and two state court proceedings (C20232405 and C20232864) were groundless.

### 2. Absence of Good Faith

As to the absence of good faith component, Arizona courts have defined the absence of good faith in this context to mean a claim that is: "(1) groundless and (2) the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Arizona Republican Party v. Richer*, 547 P.3d 356, 367, ¶ 38 (2024). The Court finds that the District Court's April 8, 2020, ruling explicitly put McCune on notice of the legal and factual deficiencies and his repeated reuse of these rejected arguments with

Albert Mauseth
Law Clerk

no new evidence or renovated legal arguments show his absence of good faith. Additionally, the Court notes the timing of these lawsuits to delay the trustee sale and finds that this also evidences an absence of good faith. The Court therefore finds that McCune's adversarial proceedings (4:22-ap-00018-SHG) and two state court proceedings (C20232405 and C20232864) were brought without substantial justification and constitute vexatious conduct on McCune's part.

### D. *Madison* Factors

The Court finding that McCune engaged in vexatious conduct will now analyze the four principles established by *Maidson, supra*, to ensure no violation of his due process. The Court finds that McCune was provided with adequate notice and an opportunity to oppose the motion. Wells Fargo filed the pending motion on February 5, 2024, McCune filed his Response in opposition to the motion on March 26, 2024. After numerous requests for continuance form Plaintiff,[1] the Court heard oral argument on the motion on October 25, 2024, wherein each side was awarded ample time to address the merits of the motion. The Court in consideration of this motion has reviewed the following cases: (1) C20164303 Marc McCune v. Wells Fargo Bank *et al*., (2) CV-19-00525 Marc McCune v. PHH Mortgage, (3) C20195500 Mark McCune v. PHH Mortgage *et al*., (4) 4:21-bk-06099-SHG In Re: Mark W. McCune, (5) 4:22-ap-00018-SHG Mark Wade McCune v. Joseph E. Salmon *et al*., and (6) C20232405 Mark McCune v. Josephine Salmon *et al*. The Court has also reviewed the Complaints filed in this action (C20232864). The Court finds that McCune engaged in frivolous/groundless conduct in bringing multiple court actions based on legal and factual arguments that had been rejected previously.

Finally, the Court finds that a narrowly tailored pre-filing restriction on McCune is warranted and necessary. McCune has continued to pursue legal arguments that he fails to support with law and or evidence.

---

[1] Oral argument was originally scheduled for May 17, 2024, at 3:30 p.m. by In Chambers Order issued May 1, 2024. On May 7, 2024, McCune filed his "Emergency Motion to Extend Time of May 17th, 2024, for 30 days to June 17th 2024" which was granted by In Chambers Order issued May 10, 2024. On June 13, 2024, McCune filed his "Emergency Motion to Extend Time of June 21, 2024, hearing for 30 days to July 17th 2024 due to Covid and Eviction" which was granted by In Chambers Order issued June 14, 2024. On July 24, 2024, McCune filed his "Emergency Motion to Extend Time of August 9th, 2024, hearing for 20 days to August 29, 2024, due to Continued Extreme Illness and Eviction and Loss of Belongings" which was granted by In Chambers Order issued July 26, 2024. On August 19, 2024, McCune filed his "Emergency Dual Motion (1) Motion to have Hearing on August 30 against Mr. Harndens Attorney Fees and Allow Witness to Appear Telephonically" and "(2) Motion to Extend Time of Hearing 25 days and have a Separate Hearing to Oppose Mr. Norman Motions to Declare Me Vexatious, etc, Extend aug 30th to Sept 24th" which was granted in part by In Chambers Order issued on August 21, 2024. On September 4, 2024, McCune filed his "Emergency Motion to Vacate Sept 20th 2024 Oral Argument hearing and Set a date for a 3 hr Evidentiary Hearing" and a day later on September 5, 2024, filed his "2nd Emergency Motion to Set a 3 hr Evidentiary And Authentication Rule 901 Hearing, and Response to Mr. Normans Sept 4th filing." The Court by In Chambers Order issued September 6, 2024, affirmed oral argument being held on September 20, 2024. At the September 20, 2024, hearing the Court had insufficient time to address the vexatious litigant motion and continued oral argument until October 25, 2024.

Albert Mauseth

Law Clerk

R U L I N G

Page 8        Date: November 01, 2024        Case No.:     C20232864

McCune has pursued these claims in multiple actions located in multiple forums despite being on notice of the frivolity of the arguments. These lawsuits require the Trust to incur costs and attorney's fees in defending against arguments that have been ruled on. Consequently, a narrowly tailored remedy is appropriate.

The Court finds that all of McCune's vexatious conduct relates to the subject property, the HELOC loan associated with the subject property, and the foreclosure and legal proceedings arising as a result of the HELOC loan. A vexatious litigant order imposing pre-filing restrictions "must be narrowly tailored to closely fit the specific vice encountered." *Madison*, 230 Ariz. at 14 ¶ 18. The Court therefore finds that a narrowly tailored order limiting the pre-filing restrictions to potential cases dealing with the subject property, the HELOC loan, the related lawsuits, and the foreclosure is appropriate and fits the specific vice encountered.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant Wells Fargo, N.A., as Indenture Trustee for GMACM Home Equity Loan Trust 2004 HE-1 Motion to Designate Mark W. McCune a Vexatious Litigant, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff Mark W. McCune is enjoined from filing any pro se lawsuit in any Arizona Superior Court regarding the property located at 2131 N. Frannea Drive Tucson, AZ 85712, the HELOC loan associated with 2131 N. Frannea Drive Tucson, AZ 85712, any of the lawsuits dealing with the subject property or HELOC loan, and the trustee sale and/or foreclosure without prior approval of the Presiding Judge or the Presiding Judge's appointee of the county in which McCune desires to file suit.

**IT IS FURTHER ORDERED** that within 15 days of this order, Plaintiff shall provide a copy of this order to opposing counsel or, if the opposing party is not represented, directly to the opposing party, and the assigned judge in any case Plaintiff currently has pending before any Arizona Superior Court. Plaintiff shall file a statement with this Court confirming compliance with this requirement **on or before November 22, 2024.**

/s/
HON. CYNTHIA T. KUHN
(ID: 2d0f6abb-07c2-4bc8-a247-8302f25fe86b)

LAST PAGE DISTRIBUTION ONLY

                            Albert Mauseth
                            Law Clerk

R U L I N G

| Page  9 | Date:  November 01, 2024 | Case No.: | C20232864 |

cc:    Hon. Danelle B. Liwski  (Presiding Judge)
       Michael P Harnden, Esq.
       Robert W. Norman Jr, Esq.
       Mark W McCune
       Case Management Services - Civil
       Clerk of Court - Appeals Unit
       Clerk of Court - Civil Supervisor
       Clerk of Court - Civil Unit
       Clerk of Court - Under Advisement Clerk

_____
Albert Mauseth
Law Clerk

**SUPERIOR COURT, STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI**

| ROBERT B. RECKMEYER, | Case No. P1300DO201200632 | **FILED** |
|---|---|---|
| Petitioner, | **ORDER: UNDER ADVISEMENT** | DATE: **AUG 1 0 2015** |
| -vs- | | 3:33  O'Clock ___P___ .M. |
| DEBORAH S. POMEROY, | | **DONNA McQUALITY, CLERK** |
| Respondent. | | BY: **K MORTENSON** |
| | | Deputy |

| **HONORABLE DAVID L. MACKEY** | **BY:**   Rosie Flores |
|---|---|
| | Judicial Assistant |
| **DIVISION 1** | **DATE:** August 7, 2015 |

After the hearing on July 14, 2015, the Court indicated that an order would issue based upon the Court's finding that Respondent Deborah Sue Pomeroy is a vexatious litigant pursuant to A.R.S. §12-3201. Although the Court indicated that an administrative order was appropriate, the Court finds that the order declaring the Respondent a vexatious litigant at this time should be limited to this case only. Therefore, the Court issues this Order in this case only.

The Court finds that the Respondent Deborah Sue Pomeroy is a vexatious litigant in this case pursuant to A.R.S. §12-3201 as Ms. Pomeroy has engaged in the repeated filing of court actions primarily for the purpose of harassment as she did not like the Court's rulings and did not properly seek appellate review of those decisions. In addition, Ms. Pomeroy's actions unreasonably expanded and delayed court proceedings. Ms. Pomeroy's actions were brought without substantial justification. Finally, Ms. Pomeroy repeatedly filed documents or request for relief that have been the subject of previous rulings by the court in the same litigation.

Courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth*, 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). A.R.S. §12-3201 which was recently passed by the Arizona Legislature and signed into law by the Governor, recognizes the Court's inherent authority to curtail vexatious litigation.

The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira*, 188 Ariz. 252, 934 P.2d 816 (App. 1997). Filing abuses are normally controlled by rules of professional responsibility applicable to attorneys and by imposition of attorney fees or other monetary sanctions. Unfortunately, these tools are ineffective when dealing with a self-represented litigant.

**IT IS ORDERED** declaring that the Respondent Deborah Sue Pomeroy is a vexatious litigant in this case pursuant to A.R.S. §12-3201.

**IT IS ORDERED** Respondent Deborah Sue Pomeroy is precluded from filing any documents in this case without first obtaining leave of the Court from the Judge assigned to this case.

*P1300DO201200632*
*Reckmeyer vs. Pomeroy*
*August 7, 2015*
*Page 2 of 2*

**IT IS ORDERED** that any motion for leave to file a document with the Court shall be captioned "Application Pursuant to Court Order Seeking Leave to File" and the Respondent shall cite this order in the application or attach a copy.

DATED THIS _7th_ DAY OF _August_, 2015

HONORABLE DAVID L. MACKEY

cc:    Jeffrey Adams, Esq., The Adams Law Firm, Attorney for Petitioner (e)
       Deborah Sue Pomeroy, Respondent (address protected)
       Donne McQuality, Clerk of the Superior Court (e) + (n)

FILED
TONI HELLON
CLERK, SUPERIOR COURT
3/7/2018 3:30:38 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. LAURIE B SAN ANGELO

CASE NO.      SP20170042

DATE:         March 07, 2018

DAVID QUINTERO
    Petitioner

and

KIMMIE HADLEY
    Respondent

---

## R U L I N G

**IN CHAMBERS RULING**

### Motion to Find Pro Petitioner Vexatious

    On December 18, 2018, Respondent filed a Motion to Find Pro Se Petitioner Vexatious.  It was referred to the Presiding Judge for review pursuant to A.R.S. § 12-3201, and designated to this Division for ruling. Ruling on this issue was stayed pending a ruling by the Presiding Judge on Petitioner's Motion to Change Judge for Cause filed January 23, 2018. The Presiding Judge issued his Ruling denying the Motion to Change Judge for Cause and referring the matter back to this Division on February 12, 2018.  On February 7, 2018, Petitioner filed a Motion to Strike Find Pro Se Petitioner Vexatious, which the Court considers as the Petitioner's Response to the Motion to Find Pro Se Litigant Vexatious. The Court has since considered the pleadings filed in this matter, the parties' arguments, and the applicable law. After significant deliberation, the Court makes the following findings and enters the following orders:

    1.    The Petitioner has filed approximately fifteen pleadings since the Court's Under Advisement Ruling of July 31, 2017. He requested a new judge in his Motion for Reconsideration; that request was denied as untimely. He filed two Notices of Change of Judge as a matter of right, both of which were denied as untimely. He has filed for a Change of Judge for Cause in three different pleadings; all have been denied. He has filed "Notices" that are not based on applicable law, or procedure; he filed a modification for child support, not based on applicable law or a substantial change of circumstances, as required; and he has filed numerous pleadings that contain and repeat his allegations against the mother as an attempt to challenge the findings of

Bernice Sandoval
Judicial Administrative Assistant

**RULING**

Date: March 07, 2018                    Case No.:  SP20170042

the Court.

2. The applicable statute is A.R.S. § 12-3201. As mentioned above, the presiding judge has designated this Division to designate the Petitioner vexatious. To designate a pro se litigant vexation, the Court must find that the pro se litigant engaged in vexations conduct.

3. Vexatious conduct is defined in A.R.S. § 12-3201(E)(1) and includes any of the following:

   (a)   Repeated filing of court actions solely or primarily for the purpose of harassment.

   (b)   Unreasonably expanding or delaying court proceedings.

   (c)   Court actions brought or defended without substantial justification.

   (d)   Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.

   (e)   A pattern of making unreasonable, repetitive and excessive requests for information.

   (f)   Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

4. The Court finds that the Petitioner, as a pro se litigant, has engaged in vexations conduct. He has filed repeated pleadings in which he recites the reasons that he believes that the mother is unfit, abusive or negligent, none of which the Court found. He repeats the allegations that he has made against the mother, including the same details or facts, in many of his pleadings. All of these pleadings are designed to harass and disparage the mother, while attempting to persuade the Court to change its legal decision-making and parenting time orders.

5. His three Motions to disqualify this Division for cause have unreasonably expanded the court proceedings. His Petition to Modify Child Support, likewise, expanded the proceedings unnecessarily.

6. The Petition to Modify Child Support, as well as many of the legal points in his "Notices" to the Court were brought without substantial justification, as they were not based in the applicable law nor did they comply with the Rules of Family Law Procedure.

7. As found above, the Petitioner has filed documents or requests for relief that were the subject of previous rulings by the Court.

IT IS THEREFORE ORDERED designating the Petitioner, David Quintero, a vexatious litigant. Commencing this date, the Petitioner shall provide the Clerk of the Court the original paperwork. The Clerk of the Court shall deliver the original paperwork to Division 60. Upon reviewing the original paperwork, the Court

Bernice Sandoval
Judicial Administrative Assistant

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
01/20/2022  4:13PM
BY: KLANE
DEPUTY

1  Robert A. Riether (SBN 032336)
   **WRIGHT, FINLAY & ZAK, LLP**
2  7785 W. Sahara Avenue, Suite 200
3  Las Vegas, NV 89117
   Telephone: (702) 475-7964
4  Facsimile: (702) 946-1345
5  Email: rriether@wrightlegal.net

6  *Attorneys for Defendants, Ocwen Loan*
   *Servicing, LLC and Wells Fargo Bank, N.A. as*
7  *Trustee for Option One Mortgage Loan Trust*
   *2007-4, Asset-Backed Certificates, Series 2007-*
8  *4*

9           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10              **IN AND FOR THE COUNTY OF YAVAPAI**

11                                          | Case No. V1300CV202180146
12  Marc Spector; Syri K. Hall; Loan Number
    7141770516,
13           Plaintiffs,                    | **ORDER GRANTING DEFENDANTS'**
14      vs.                                 | **MOTION TO DISMISS**
                                            | **PLAINTIFFS' COMPLAINT FOR**
15  Ocwen Loan Servicing, LLC; Wells Fargo  | **LACK OF SERVICE AND DEEM**
16  Bank, N.A. as Trustee for Option One    | **PLAINTIFFS VEXATIOUS**
    Mortgage Loan Trust 2007-4, Asset-      | **LITIGANTS**
17  Backed Certificates, Series 2007-4,
18           Defendants.

19

20
21      This Court having reviewed Defendants, Ocwen Loan Servicing, LLC and Wells Fargo

22  Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates,

23  Series 2007-4 (collectively "Defendants") Motion to Dismiss Plaintiffs' Complaint for Lack of

24  Service and Deem Plaintiffs Vexatious Litigants ("Motion") filed October 28, 2021, Plaintiffs'
25
26  "Answer" [Opposition] filed November 23, 2021, Defendants' Reply in Support of the Motion

27  filed November 29, 2021, Plaintiffs' erroneously filed sur-reply in support of their Opposition

28

                                        1

filed December 20, 2021 (the "Sur-Reply"), and Defendants' Motion to Strike the Sur-Reply filed December 27, 2021,  and good cause appearing therefore;

   **IT IS HEREBY ORDERED** that Defendant's Motion is **GRANTED**;

   **IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Sur-Reply is **GRANTED;**

   **IT IS FURTHER ORDERED** that Plaintiff's Complaint, and all claims therein, is **DISMISSED** with prejudice;

   **IT IS FURTHER ORDERED** that Plaintiffs Marc Spector and Syri Hall are deemed vexatious litigants and, consequently, may not file a new pleading, motion or other document with the Superior Court of Arizona, Yavapai County without prior leave of the court.  A.R.S. 12-3201(B).

   **IT IS SO ORDERED.**

eSigned by WALLACE,  LINDA  01/20/2022 16:11:24 wyg5Dviq
_____
Hon. Linda Wallace

cc:   Marc Spector and Syri Hall – 2205 Edgewood Drive, Sedona, AZ 86336
      Robert A. Riether – Wright Finlay & Zak, LLP (e)
      Brenda Holley – Verde Court Coordinator (e)
      Charlie Van Landingham – Prescott Court Coordinator (e)

Electronic Service List

Robert Riether <rriether@wrightlegal.net>

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
01/20/2022 4:13PM
BY: KLANE
DEPUTY

1  Robert A. Riether (SBN 032336)
   **WRIGHT, FINLAY & ZAK, LLP**
2  7785 W. Sahara Avenue, Suite 200
3  Las Vegas, NV 89117
   Telephone: (702) 475-7964
4  Facsimile: (702) 946-1345
5  Email: rriether@wrightlegal.net

6  *Attorneys for Defendants, Ocwen Loan*
   *Servicing, LLC and Wells Fargo Bank, N.A. as*
7  *Trustee for Option One Mortgage Loan Trust*
   *2007-4, Asset-Backed Certificates, Series 2007-*
8  *4*

9           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10          **IN AND FOR THE COUNTY OF YAVAPAI**

11  |  |  |
    | --- | --- |
    | Marc Spector; Syri K. Hall; Loan Number 7141770516, | Case No. V1300CV202180146 |
    | Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SERVICE AND DEEM PLAINTIFFS VEXATIOUS LITIGANTS** |
    | vs. | |
    | Ocwen Loan Servicing, LLC; Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4, | |
    | Defendants. | |

20          This Court having reviewed Defendants, Ocwen Loan Servicing, LLC and Wells Fargo

22  Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates,

23  Series 2007-4 (collectively "Defendants") Motion to Dismiss Plaintiffs' Complaint for Lack of

24  Service and Deem Plaintiffs Vexatious Litigants ("Motion") filed October 28, 2021, Plaintiffs'

26  "Answer" [Opposition] filed November 23, 2021, Defendants' Reply in Support of the Motion

27  filed November 29, 2021, Plaintiffs' erroneously filed sur-reply in support of their Opposition

1

filed December 20, 2021 (the "Sur-Reply"), and Defendants' Motion to Strike the Sur-Reply filed December 27, 2021,  and good cause appearing therefore;

**IT IS HEREBY ORDERED** that Defendant's Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Sur-Reply is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, and all claims therein, is **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs Marc Spector and Syri Hall are deemed vexatious litigants and, consequently, may not file a new pleading, motion or other document with the Superior Court of Arizona, Yavapai County without prior leave of the court.  A.R.S. 12-3201(B).

**IT IS SO ORDERED.**

eSigned by WALLACE,  LINDA  01/20/2022 16:11:24 wyg5Dviq
_____
Hon. Linda Wallace

cc:    Marc Spector and Syri Hall – 2205 Edgewood Drive, Sedona, AZ 86336
       Robert A. Riether – Wright Finlay & Zak, LLP (e)
       Brenda Holley – Verde Court Coordinator (e)
       Charlie Van Landingham – Prescott Court Coordinator (e)

Electronic Service List

Robert Riether <rriether@wrightlegal.net>

2

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
03/02/2021 9:59AM
BY: KAKENDRICK
DEPUTY

**SUPERIOR COURT, STATE OF ARIZONA IN AND FOR THE COUNTY OF YAVAPAI**

| | |
|---|---|
| PETER STROJNIK,<br><br>        Plaintiffs,<br><br>vs.<br><br>PRESCOTT HOTEL GROUP, LLC dba RESIDENCE INN BY MARRIOTT PRESCOTT; MARRIOTT INTERNATIONAL, INC., MARRIOTT INTERNATIONAL FRANCHISING, LLC,<br><br>        Defendants. | **Case No.**  P1300CV202100126<br><br>**ORDER RE: REQUEST FOR PERMISSION TO FILE VERIFIED COMPLAINT**<br><br>**AND**<br><br>**ORDER DECLARING A VEXATIOUS LITIGANT** |

| | |
|---|---|
| **HONORABLE JOHN NAPPER** | **BY:**  Rosie Flores, Judicial Assistant |
| **DIVISION 2** | **DATE:** March 2, 2021 |

The Court has received and reviewed Plaintiff's Request for Permission to File Verified Complaint on February 9, 2021.

The Court has also reviewed the multiple cases filed by Mr. Peter Strojnik.

The Court finds that the Plaintiff Peter Strojnik is a vexatious litigant pursuant to A.R.S. §12-3201 as Mr. Strojnik has engaged in the repeated filing of court actions.

Courts "possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison v. Groseth*, 230 Ariz. 8, 15, 279 P.3d 633, 639 (App. 2012). A.R.S. §12-3201 which was recently passed by the Arizona Legislature and signed into law by the Governor, recognizes the Court's inherent authority to curtail vexatious litigation.

The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those cases filed by litigants willing to follow court rules and those meritorious cases that deserve prompt judicial attention. *See Acker v. CSO Chevira*, 188 Ariz. 252, 934 P.2d 816 (App. 1997). Filing abuses are normally controlled by rules of professional responsibility applicable to attorneys and by imposition of attorney fees or other monetary sanctions. Unfortunately, these tools are ineffective when dealing with a self-represented litigant.

**IT IS ORDERED** declaring that the Plaintiff Peter Strojnik a vexatious litigant pursuant to A.R.S. §12-3201.

**IT IS ORDERED** Plaintiff Peter Strojnik is precluded from filing any documents in any of the following cases V1300CV202080186, V1300CV202080202, P1300CV202000781, P1300CV202000856, P1300CV202000905, V1300CV202080257 and P1300CV202100126 without first obtaining leave of the Court from the Judge assigned to the case.

*P1300CV202100126*
*Strojnik vs. Prescott Hotel Group, LLC*
*March 2, 2021*
*Page 2 of 2*

**IT IS ORDERED** that any motion for leave to file a document with the Court shall be captioned "Application Pursuant to Court Order Seeking Leave to File" and the Plaintiff shall cite this order in the application or attach a copy.

**IT IS THEREFORE ORDERED,** the Request for Permission to File Verified Complaint is **DENIED**.

cc:    Peter Strojnik- 7847 N. Central Avenue, Phoenix, AZ 85020
       Honorable Michael P. McGill, Division 1 (CV202000781 and CV202000905)
       Honorable Linda Wallace, Division PTB (CV202080202, CV202080186, CV202080257)

**FILED**
Date: 07/09/2021
5 o'clock P.M.
**Donna McQuality,
Clerk**
By: L. WILLIAMS
**Deputy**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| **DIVISION 2** | **DONNA McQUALITY, CLERK** |
| **HONORABLE JOHN D. NAPPER** | **BY: L. WILLIAMS, Deputy Clerk** |
| **CASE NO. P1300PB201700254** | **DATE: July 9, 2021** |

**TITLE:**

In the Matter of the:
HELEN FRANCES TESTA SEPARATE PROPERTY
TRUST; THE HELEN F. TESTA INSURANCE
TRUST; THE HELEN FRANCES TESTA
IRREVOCABLE TRUST.,

| **HEARING ON:** | **NATURE OF PROCEEDINGS** | **COURT REPORTER** |
|---|---|---|
| EVIDENTIARY HEARING | | FTR GOLD |

**START TIME: 9:01 a.m.**

APPEARANCES:    Hans Clugston, Counsel for the Petitioner
Cynthia Bennett, Petitioner/Trustee
Louis Testa, Objector/Respondent

This is the date and time for an Evidentiary Hearing.

Discussion ensues regarding a previously denied Motion to Dismiss filed by the Respondent.

Counsel for the Petitioner requests the Court grant the Petition in this matter based upon the Respondent's lack of disclosure.

Counsel for the Petitioner moves for the admission of Exhibits 1 through 17. The Respondent objects.

Objection overruled Exhibits 1 through 17 are admitted.

The Court takes Judicial Notice of Exhibits 1 through 17 as part of the Court's file.

Cynthia Bennett is sworn and presents testimony.

Louis Testa is sworn and presents testimony.

The Court finds:
- The Respondent has demonstrated himself to be a vexatious litigant in this matter.
- The Respondent has unreasonably caused unnecessary expenses to the administration of the Trust, the litigation of the civil case, and today's litigation.

**IT IS ORDERED:**
- The Respondent shall not file into the probate matter or any related civil matter without further order of the Superior Court.
- **Reverting** to the findings made by Judge Mackey on March 23, 2020.

P1300PB201700254
July 9, 2021
Page 2 of 2

- **Reaffirming** the previously agreed upon distribution of assets from March 23, 2020.
- Counsel may file an Application for Attorney's Fees and costs.
- **Directing** Counsel to prepare a form of judgment for the Court's signature upon review.

**END TIME: <u>10:29 a.m.</u>**

The Honorable John D. Napper
JUDGE OF THE SUPERIOR COURT

c:    John D. Napper – Division 2 (e)
      Hans Clugston, PLLC (e)
      Louis Testa – 1405 W. Ridge Road, Prescott, AZ 86305
      Charlie VanLandingham (e)
      Heather Diaz (e)

FILED
TONI HELLON
CLERK, SUPERIOR COURT
4/27/2018 3:10:01 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. BRENDEN J GRIFFIN                    CASE NO.    C20180031

                                         DATE:       April 27, 2018

MELINDA GABRIELLA VALENZUELA
    Plaintiff

VS.

COII WALLACE, et al.
    Defendants

---

## O R D E R
### IN CHAMBERS RE AMENDING VEXATIOUS LITIGANT ORDER

On April 20, 2018, this Court issued an Order designating Plaintiff as a vexatious litigant. The Court amends and restates its previous order (only to the effect that it removes language ordering the Clerk of the Court to put systems in place to reject any filings from Plaintiff). This order supersedes and replaces the Court's previous order as follows:

On its own motion, THE COURT FINDS that the Plaintiff Melinda Gabriella Valenzuela ("Valenzuela") is a vexatious litigant. *See* A.R.S. § 12-3201 (authorizing such a finding); *Madison v. Groseth*, 230 Ariz. 8, 14 (App. 2012) (noting the Court's inherent authority to make such a finding).

### THE COURT BASES THIS FINDING ON THE FOLLOWING:

The Court takes judicial notice that four other Arizona courts have previously found in their respective jurisdictions/venues that Valenzuela is a vexatious litigant. *See* Maricopa County Superior Court Administrative No. Order 2006-0052; Pinal County Superior Court Administrative Order No. 2009-0043; Yuma County Superior Court Administrative Order (October 2010); and, Arizona District Court Injunction Order (August 17, 2004) (CV 04-0698-PHX).

The Court recently found that Valenzuela is a vexatious litigant as to three lawsuits Valenzuela filed that are currently pending here in Pima County. *See* Pima County case nos. C20173511, C20175616, and C20175617 (Order dated April 9, 2018: Valenzuela "has engaged in vexatious conduct including repeated filing of court actions solely or primarily for the purpose of harassment, bringing court actions without substantial justification, and repeated filing of documents that have been the subject of previous rulings by the court ... .").

                                                               _____
                                                            A. S.
                                      Judicial Administrative Assistant

**O R D E R**

Besides those three lawsuits, Valenzuela has filed 17 other lawsuits currently pending here. And Valenzuela filed at least 35 lawsuits here that have been previously closed.

**Therefore, THE COURT ORDERS that, from today forward:**

1.  Valenzuela must not file anything (motion, document, etc.) in any currently-pending non-criminal lawsuit in Pima County Superior Court, unless Valenzuela first gets prior permission from this Court.[1]

2.  Valenzuela must not file any new self-represented (*pro se*) lawsuit (action, matter, etc.) in Pima County Superior Court, unless Valenzuela first gets prior permission from this Court.

**THE COURT ALSO ORDERS that, to get this Court's prior permission, Valenzuela must:**

a.  File a document entitled "Motion for Permission to File" and include on the first page of the Motion:

1.  A note that Valenzuela is a "vexatious litigant"; and

2.  An additional note that the Motion should be sent to the Pima County Superior Court Presiding Judge; and

b.  Attach to the Motion the original of whatever document(s) Valenzuela seeks permission to file; and

c.  Explain in the Motion why Valenzuela should be allowed to file the attached proposed filing.

The Presiding Judge (or designee) will decide whether to give Valenzuela permission to file the proposed filing.

This Order includes anything that Valenzuela attempts to file using any known aliases, including: Quennel Devon Glover, Enrique Gabrielle Mendez, Jasmine Sky Martinez, Enrique Gabrielle Mendez Valenzuela, and Melinda G Valenzuela.

---

[1]    As of April 20, 2018, these case numbers include: C20173511, C20174656, C20175384, C20175616, C20175617, C20180027, C20180031, C20180503, C20180504, C20180506, C20180583, C20180949, C20181176, C20181860, C20181868, C20181872, C20181873, C20181874, C20181875, and C20181876.

_____
A. S.
Judicial Administrative Assistant

**O R D E R**

| Page 3 | Date: April 27, 2018 | Case No.: C20180031 |

This Order doesn't apply to any criminal case or prevent Valenzuela from filing anything in a non-criminal case where Valenzuela has a defendant status (*e.g.*, where somebody is suing or making a claim against Valenzuela).

*/s/*

**HON. BRENDEN J. GRIFFIN**
(ID: 115903ac-88f4-4106-b0d0-cc704d2cf0ea)

cc:    Hon. Kyle Bryson (Pima County Superior Court Presiding Judge
       Hon. Jeffrey T. Bergin (Presiding Judge – Civil Bench)
       Michael E. Gottfried, Esq.
       Melinda Gabriella Valenzuela, ADC#172770, ASPC-Lewis, PO Box 70, Buckeye AZ 85326
       Clerk of Court - Civil Supervisor
       DOC (1 certified)

A. S.
Judicial Administrative Assistant

FILED
TONI HELLON
CLERK, SUPERIOR COURT
4/21/2015 12:46:55 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. CHRISTOPHER P STARING                    CASE NO.    C229771

                                              DATE:       April 21, 2015

HUGH DOWNS and
JOANNE DOWNS
       Plaintiffs

VS.

RUTH WESTPHAL
       Defendant

---

## R U L I N G

**IN CHAMBERS RE:    LETTERS TO  THE CLERK OF THE SUPERIOR COURT
DATED MARCH 6, 2015 THROUGH APRIL 13, 2015**

Dr. Westphal has submitted the following documents to the Clerk of the Court for filing:

1. Letter dated March 6, 2015 with 3 copies of a document entitled, "Nul Tiel Record Nullifies Lawsuit/Case and Judgment" (document is dated February 6, 2015;

2. Letter dated March 16, 2015 with 3 copies of a document entitled, "Plaintiff's Lawsuit/Case Lacks Merit---Law Demands Dismissal of Illegal, Fraudulent Case and Judgment".

3. Three copies of a document dated March 20, 2015, entitled, "Lack of Legal Standing by the Plaintiff Nullifies Lawsuit/Case".

4. Letter dated April 13, 2015 with 3 copies of a document entitled, "Violation of Arizona Public Records Law Nullifies Lawsuit/Case and Judgment".

For the reasons set forth in prior orders, these documents will be returned to Dr. Westphal, without any further action or consideration.  *See also Downs v Weshphal*, 78 F.3d 1252, 1256 (7th Cir. 1996) (noting the fact the Arizona case was already over).

The Court notes that A. R. S. §12-3201(C) refers to vexatious litigation conduct and includes conduct such as:

1. Repeated filing of court actions solely or primarily for the purpose of harassment;

2. Unreasonably expanding or delaying court proceedings; and …

6. Repeated filing of documents or requests for relief that have been the subject of previous filings by the court in the same litigation.

                                              _____
                                              Susan Foster
                                              Judicial Administrative Assistant

**R U L I N G**

Per A.R.S. §12-3201(A), the Court may designate a pro se litigant as vexatious.   Here, given the record in this case, including a continuing pattern of such filings, a vexatious litigant finding is warranted.   Notably, A.R.S. §12-3201(B) provides:  "A pro se litigant who is designated a vexatious litigant may not file a new pleading, motion or other document without prior leave of the court."   Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ruth Westphal is designated a **vexatious litigant** pursuant to A.R.S. § 12-3201.

**IT IS FURTHER OREDERED** that Dr. Westphal may not file a new pleading, motion or other document without prior leave of the court.  This division shall not take any further action on any submissions by Dr. Westphal in this matter, including , but not limited to, those listed above, unless Dr. Westphal obtains prior leave for filing from the Presiding Judge of Pima County Superior Court.

**IT IS FURTHER OREDERED** that the Clerk of Court return to Dr. Westphal all documents submitted by Dr. Westphal in this matter, including all current submissions.

/s/
**HON. CHRISTOPHER P. STARING**
(ID: d6410cb9-1cf0-4e6b-a795-374d20ca63b1)

cc:     Hon. Sarah Simmons
        Carl M. Tootle, Esq.
        Ruth Westphal
        Clerk of Court - Legal Records Supervisor

Susan Foster
Judicial Administrative Assistant