KRISTIN K. MAYES
Attorney General
Firm State Bar No. 14000

Kara Karlson, Bar No. 029407
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, AZ  85004-1592
Telephone (602) 542-8323
Facsimile (602) 542-4385
Kara.Karlson@azag.gov
adminlaw@azag.gov

*Attorneys for Defendant Presiding Judge of Maricopa County Pamela Gates*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Potter, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Robert Meza, et al,<br><br>Defendants. | Case No. 2:25-CV-00663-PHX-DWL<br><br>**JUDGE GATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY** |

Judge Pamela Gates ("Judicial Defendant"), the presiding judge for the Maricopa County Superior Court for the state of Arizona, asks this Court to deny Plaintiff's Motion (Doc. 84) for jurisdictional discovery because the requested discovery is unnecessary, unhelpful, and improper.

**I.    Jurisdictional Discovery Is Unnecessary Here Because Jurisdiction Fails as a Matter of Law.**

Jurisdictional discovery may be allowed to ensure the court has all jurisdictionally relevant facts so it can make the correct decision when the defendant seeks a dismissal based on lack of jurisdiction. *See LNS Enterp. LLC v. Continental Motors, Inc* ("*LNS*").,

22 F.4th 852, 864-66 (9th Cir. 2022).  The burden is on the party seeking jurisdictional discovery to provide specific reasons that jurisdictional discovery would be helpful to the court.  Jurisdictional discovery may be particularly important when "pertinent facts bearing on the question of jurisdiction are controverted" or more facts to establish jurisdiction are necessary.  *Id.* (*quoting Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  However, "a mere 'hunch that [discovery] might yield jurisdictionally relevant facts,' or 'bare allegations in the face of specific denials' are insufficient reasons for a court to grant jurisdictional discovery." *Id.* at 864-65 (internal citations omitted).  The denial of a party's request for jurisdictional discovery is reviewed for abuse of discretion. *Id.* at 858.

The cases Plaintiff relies on in his Motion to support the need for discovery, *LNS* and *Laub*, both demonstrate why jurisdictional discovery is both unnecessary and unhelpful here.  The *LNS* court had to decide whether there were sufficient contacts between out of state corporations and the forum state to allow the court to exercise personal jurisdiction over the defendants. *LNS*, 22 F.4th at 858.  Whether a corporation has sufficient "minimum contacts" or has directed commerce to any given state may be a fact-intensive issue, particularly where, as in *LNS*, some defendants submit controverting declarations with their motions to dismiss. *Id.*  In *Laub*, certain defendants asserted for the first time in a reply brief that there were factual peculiarities that set their land acquisitions outside the federal law upon which federal jurisdiction was based, so plaintiffs requested jurisdictional discovery on that point. *Laub*, 342 F.3d at 1092-93.  The Ninth Circuit held that the district court should have allowed jurisdictional discovery because the facts upon which federal jurisdiction hinged were disputed. *Id.*

The Judicial Defendant's Motion to Dismiss can be decided as a matter of law, and is distinguishable from both *LNS* and *Laub*.  While there are many cases allowing jurisdictional discovery when personal jurisdiction is disputed pursuant to Fed. R. Civ. P. 12(b)(2), the Judicial Defendant disputes subject matter jurisdiction pursuant to Fed. R.

1  Civ. P. 12(b)(1), for which no additional facts are necessary.  Indeed, Plaintiff admits
2  that "the Presiding Judge(s) produced no facts in support of Fed. R. Civ. P. 12(b)(1)
3  jurisdictional dismissal." (Doc. 84 at 8.)  In the limited instances when jurisdictional
4  discovery is allowed, it is generally because "pertinent facts bearing on the question of
5  jurisdiction are controverted."  *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir.
6  2008).  Whether a defendant has minimum contacts is a mixed question of law and fact,
7  including how many contacts the defendant has with the forum state, the nature of those
8  contacts, and additional fact-intensive inquiries.  Unlike personal jurisdiction, subject
9  matter jurisdiction is generally a matter of law, particularly where, as here, the Judicial
10 Defendant did *not* provide controverting facts.

11      Indeed, jurisdictional discovery may be unnecessary even if a defendant provides
12 controverting facts.  For example, the district court's refusal to allow the *LNS* plaintiffs
13 to seek jurisdictional discovery was affirmed despite the fact that those defendants had
14 furnished controverting declarations, because plaintiff's request sought to confirm the
15 extent of "sales, advertisements, and affiliations with service and installation shops in the
16 forum state . . . amounts to a mere 'hunch that [discovery] might yield jurisdictionally
17 relevant facts.'"  *Id.* at 865 (quoting *Boschetto*, 539 F.3d at 1020).  Jurisdictional
18 discovery will produce nothing of use to this Court, which is well equipped to determine
19 whether the Judicial Defendant should be dismissed because of Eleventh Amendment
20 and Judicial Immunity without additional discovery.

21      Plaintiff admits that the Judicial Defendant's Motion to Dismiss does not cite to
22 or rely on any extraneous documents or records.  However, Plaintiff claims to need to
23 take jurisdictional discovery because, allegedly the Judicial Defendant "provided the
24 narrative of a 'factual' attack." (Doc. 84 at 6.)  Plaintiff does not explain what the
25 "narrative" is, nor did he provide any examples of specific controverting facts from the
26 Judicial Defendant's Motion to Dismiss that would make discovery helpful.  The
27 Administrative Order 2023-159 ("AO") is already part of the record here.  Discovery
28

into the innerworkings of the court, including communications between judges, is unnecessary to determine whether the AO designating Plaintiff a vexatious litigant is a judicial function.

The Judicial Defendant relied entirely upon facts in the record for her Motion to Dismiss briefing. Indeed, the "Background" in the Motion to Dismiss consists of two bullet points summarizing allegations pulled directly from Plaintiff's First Amended Complaint. (Doc. 67 at 2.) To the extent that Plaintiff believes that the Reply supporting the Judicial Defendant's Motion to Dismiss discusses the legal effect of the vexatious litigant order, that is a function of the terms of the order itself and the statute under which it is issued. *See* (Doc. 81 at 3-4) (explaining that the entry of the vexatious litigant order limits what filings the clerk can accept from a designated vexatious litigant). No discovery is necessary to explain the obvious consequence of the AO. Moreover, Plaintiff has made the AO part of the record, the authority, effect, and limitations of which are delineated by the statute, not factual developments. No discovery is necessary to explain this part of the Judicial Defendant's Reply.

Finally, the requested discovery and proposed order show that this discovery request is not designed to help this Court determine the contours of its jurisdiction, but is an expedition to gather information to support Plaintiff's merits argument. Consider the scope and nature of the records requested: "all administrative records and court records . . . created, or relied on, to 'designate'" Plaintiff a vexatious litigant in CV2022-008626; communications between judicial officers who are not party to this suit to make that designation; and any documents "which contain, or reference, communications . . . made in any capacity with any other person regarding [the AO]." (Doc. 84-1.) This is improper for jurisdictional discovery, because if the Judicial Defendant is entitled to Eleventh Amendment or Judicial Immunity, as precedent such as *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39-41 (2021), holds, then this discovery violates the principles of federalism provided by the Constitution. *Id.* (explaining the limitation on

federal judicial authority and holding that "state-court judges are not proper defendants."). There is no need for discovery, and it will not assist this Court in deciding whether it has jurisdiction. Plaintiff's Motion for jurisdictional discovery should be denied because discovery is unnecessary.

## II. The Discovery Requested Is Inappropriate.

Parties cannot propound discovery on judicial officers in all but the most grievous and rare circumstances. A judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him or her in the performance of their official duties. *United States v Morgan,* 313 U.S. 409, 422 (1941); *Fayerweather v. Ritch,* 195 U.S. 276, 306-307 (1904); *Grant v Shalala,* 989 F.2d 1332, 1344-45 (3rd Cir. 1993). Only under extraordinary circumstances, such a strong showing of improper behavior by a judge toward a party, or where circumstances overwhelm the presumption of regularity may jurisdictional discovery be ordered against judges. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402 (1971).

Plaintiff has not—and cannot—make the requisite showing. In more than one hundred pages of filings in this Court, including his First Amended Complaint (Doc. 14), Response to the Judicial Defendant's Motion to Dismiss (Doc. 79), and the instant Motion (Doc. 84), Plaintiff's allegations against the Judicial Defendant fall far short of the kinds of allegations required to overcome the presumption of regularity, and he does not affirmatively allege (nor can he) that the Judicial Defendant has engaged in any improper behavior against him.

Indeed, if circumstances sufficient to warrant discovery against the Judicial Defendant existed, then it would be personal to a specific judicial officer because it would be based upon their personal behavior. But Plaintiff has made statements and stipulated to facts that prove neither the original judicial officer, nor the current Judicial Defendant, engaged in anything short of exemplary ethical conduct. Plaintiff admits that he "seeks facts to demonstrate that A.R.S. § 12-3201 facially violates the First

Amendment." (Doc. 84 at 4 n.1.) The entirety of Plaintiff's Motion goes to the merits of his claim—whether Arizona's vexatious litigant statute complies with the Constitution—not improper behavior by the Judicial Defendant. (*See generally* Doc. 84.) Plaintiff may pursue a claim to vindicate what he believes to be a violation of his rights, but he cannot raise this claim against the Judicial Defendant, and is likewise unable to use this suit as a vehicle to seek discovery against the Judicial Defendant. Plaintiff's Motion for jurisdictional discovery should be denied because discovery in this instance, and to this extent, is improper.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion seeking jurisdictional discovery from the Judicial Defendant and other judges of the Maricopa County Superior Court should be denied.

Respectfully submitted this 23rd day of October, 2025.

Kristin K. Mayes
Attorney General

 /s/ *Kara Karlson*
Kara Karlson
Senior Litigation Counsel
*Attorney for Defendant Judge Pamela Gates*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 23rd day of October, 2025 I filed the forgoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing and mailed the motion to the pro se plaintiff, Philip Potter.

Phillip Potter
2301 N. 66th St.
Scottsdale, AZ 85257
Phillip.t.potter@gmail.com

 /s/Monica Quinonez