**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)

Hayleigh S. Crawford (Bar No. 032326)
Joshua A. Katz (Bar No. 039449)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Hayleigh.Crawford@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Attorneys for Defendant Arizona Attorney General Kristin K. Mayes*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Robert Meza, et al., <br><br> Defendants. | No. CV25-00663-PHX-DWL <br><br> **ATTORNEY GENERAL'S RESPONSE TO PLAINTIFF'S SECOND MOTION TO TAKE JUDICIAL NOTICE** |

Attorney General Kristin K. Mayes understands Plaintiff to be asking the Court to take judicial notice of the existence and contents of two California statutes and a number of orders designating litigants vexatious from Arizona. *See* 2d Mot. for Jud. Notice (Doc. 85). With that understanding, AG Mayes finds the request unobjectionable. To the extent Plaintiff asks the Court to judicially notice any factual contents of the documents or disputed legal conclusions, AG Mayes opposes that request.

I. **The Court may take judicial notice of Plaintiff's submissions for their existence and contents.**

Federal Rule of Evidence 201 allows courts to take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" and those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is improper when facts are genuinely in dispute. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record …. [b]ut … cannot take judicial notice of disputed facts contained in such public records." (cleaned up)).

Accordingly, the Court may take judicial notice of the California statutes and of their wordings, of the fact that various Arizona litigants have been declared vexatious, of the fact that Arizona courts issued the orders submitted, and of their wordings, none of which is in dispute.

II. **The Court may not take judicial notice of disputed legal claims.**

But to the extent Plaintiff asks the Court to take judicial notice of disputed legal claims, such as "[a] substantial number of applications [of the challenged statute] are unconstitutional," that would be improper. *Contra* Doc. 85, at 13. This is true both as to the statutes and the orders.

Legal conclusions are not susceptible to judicial notice. *See CTC Glob. Corp. v. Huang*, No. 17-02202, 2018 WL 4849715, at *3 (C.D. Cal. Mar. 19, 2018) ("[J]udicial notice under [Federal Rule of Evidence] 201 is for cold, hard, undisputable facts—not law."). Judicial notice of any item is therefore "inappropriate" where the requesting party

1

1  "uses the[] items for their legal, not factual, significance." *Id.* Indeed, such a "request
2  does nothing to move the ball forward … more than mere citation would[.]" *Id.*

3  This is because Rule 201 is not about "judicial notice of law," and "the manner in
4  which law is fed into the judicial process is never a proper concern of the rules of evidence
5  but rather of the rules of procedure." Fed. R. Evid. 201, Advisory Comm. Note to 1972
6  Proposed Rules, Note on Judicial Notice of Law. So, "those matters of law which …
7  have traditionally been treated as requiring pleading and proof" remain "left to the Rules
8  of Civil and Criminal Procedure." *Id.* Facts are sometimes judicially noticed, but law is
9  argued by the parties and determined by the Court. *See id.*, Note to Subdivision (a).

10  Further, courts "may not take judicial notice of findings of facts from another
11  case." *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1012 (S.D. Cal. 2018); *see
12  also Su v. U.S. Postal Serv.*, 730 F. Supp. 3d 1120, 1127 (D. Or. 2024) (courts may not
13  take judicial notice of the truth "of the facts recited" in "documents filed in another court"
14  (citation omitted)). *Cf. United States ex rel. Robinson Rancheria Citizens Council v.
15  Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a state court's
16  "final judgment … and related filings" to determine whether claims had "been raised
17  before and decided by" that court (internal citation omitted)).

18  Accordingly, the Court should not take judicial notice of legal, as opposed to
19  semantic, distinctions between Arizona's statute and those from California. Nor should
20  it take judicial notice of the facts recited in the orders Plaintiff submits, or of his suggested
21  legal conclusions about those cases. Such conclusions need to be argued.

22  In short, as in *Robinson*, the Court should take notice of only the existence of the
23  materials, not of Plaintiff's allegations about them.

24  **III.  The Court should disregard Plaintiff's extraneous arguments.**

25  Much of Plaintiff's memorandum in support of his motion appears to be an effort
26  to offer additional argument in opposition to AG Mayes's motion to dismiss the case, in
27  effect an unauthorized sur-reply. Therefore, the Court should disregard those arguments.
28  *See United States v. Martin*, 555 F. Supp. 3d 821, 825 n.5 (D. Ariz. 2021) ("Because

Martin never fully develops this argument and raises it for the first time in his reply, the Court will not consider it." (citation omitted)); *accord Shields v. Frontier Tech., LLC*, No. 11-1159-PHX-SRB, 2011 WL 13070406, at *1 n.1, *2 ns. 2, 3 (D. Ariz. Oct. 5, 2011) (refusing to consider arguments made in unauthorized sur-reply).

In particular, Part II's flush language (pages 1–10) is a substantive discussion of a Ninth Circuit case, *Ringgold-Lockhart*, and the *Noerr-Pennington* doctrine. *See* 761 F.3d 1057 (9th Cir. 2014); *e.g.*, *BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 524 (2002). Portions of II.A.1 (page 11, paragraph beginning "The plain language") … are substantive argument about California's statutes. And portions of II.B.1 (page 12, paragraph beginning "On motion") are arguments about Plaintiff's overbreadth theory.

To the extent Plaintiff intends these arguments to support taking judicial of legal conclusions, the Court should decline for the reasons discussed above.

## CONCLUSION

The Court may take judicial notice of the materials submitted by Plaintiff for their existence, contents, and wording. But the Court should not take judicial notice of any legal conclusions or genuinely disputed factual claims, nor should the Court take judicial notice of the facts of other cases. The Court should disregard those portions of Plaintiffs' memorandum that are more accurately described as arguments opposing AG Mayes's motion to dismiss than as arguments for judicial notice.

**RESPECTFULLY SUBMITTED** this 30th day of October, 2025.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By /s/ *Joshua A. Katz*
   Hayleigh S. Crawford
      *Deputy Solicitor General*
   Joshua A. Katz
      *Assistant Attorney General*

3

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004

*Attorneys for Defendant Arizona Attorney General Kristin K. Mayes*