Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>                              Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>                              Defendants. | No. 2:25-cv-00663-PHX-DWL<br><br>**REPLY TO SECOND MOTION TO TAKE JUDICIAL NOTICE RE: ATTORNEY GENERAL MAYES' MOTION TO DISMISS** |

Pursuant to the overbreadth doctrine, Plaintiff sued Arizona Attorney General Kris Mayes in her official capacity and the Hon. Pamela Gates in her official _administrative_ capacity as the Presiding Judge of the Maricopa County Superior Court to mount a First Amendment facial challenge to A.R.S. § 12-3201 for violating the Petition Clause in at least "a substantial number of applications". *Moody v. NetChoice, LLC,* 144 S. Ct. 2383, 2397 (2024). (Doc. 14 at 123). Through the instant motion (Doc. 85), Plaintiff asks the Court to judicially notice the statute's factual "applications" as demonstrated via public documents registered on the state's online vexatious litigant list. *See* Doc. 85, Exh. 2.

Presiding Judge Gates entered no objection to the motion. And the record shows she does not dispute that Plaintiff plausibly pled the statute facially violates the First Amendment. (Doc. 67; Doc. 81; Doc. 86). The Presiding Judge instead rests her Fed. R. Civ. P. 12(b)(1) and (6) defenses against *prospective* declaratory and injunctive relief on "judicial immunity" for *past* action taken in an administrative capacity.[1] *See Forrester v. White,* 484 U.S. 219, 227-28, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) ("Judicial immunity only applies to judicial acts, and not to 'the administrative, ... functions that judges may on occasion be assigned by law to perform.' ... Administrative decisions, even though they may be essential to the very functioning of the courts, have not generally been regarded as judicial acts."); *see also Wolfe v. Strankman,* 392 F.3d 358, 366 (9th Cir. 2004) ("Section 1983 only contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity. ... Since [Plaintiff] sued [Judge Gates] in [her] administrative capacity as [Presiding Judge of the Maricopa County Superior Court], we conclude that dismissal is not warranted on the basis of judicial immunity.").

In her response (Doc. 87), Attorney General Mayes does not object to the Court taking "judicial notice of the existence and contents of two California statutes and a number of orders designating litigants vexatious from Arizona. ... Accordingly, the Court may take judicial notice of the California statutes and of their wordings, of the fact that various Arizona litigants have been declared vexatious, of the fact that Arizona courts issued the orders submitted, and of their wordings, none of which is in dispute." (Doc. 87, p. 1). She concludes "[t]he Court may take judicial notice of the materials submitted by Plaintiff for their existence, contents, and wording." (Doc. 87, p. 3). However, the

---

[1] This past administrative action – issuing Administrative Order 2023-159 – was only revealed through this litigation and merely provides factual basis for an additional claim for damages. (Doc. 88, pp. 4, 6, 9-10).

Attorney General seemingly contradicts herself when writing "[t]o the extent Plaintiff asks the Court to judicially notice any factual contents of the documents or disputed legal conclusions, AG Mayes opposes that request." (Doc. 87, p. 1).  Hence, a reply is proper.

REBUTTAL

Plaintiff has demonstrated jurisdictional standing[2] (*see* Doc. 72) to bring Count One where he now seeks to have the Court enter undisputed facts judicially noticeable under Fed. R. Evid. 201, although the Court should also review the public documents containing those facts under the incorporation-by-reference doctrine.

I. The Court Should Grant Plaintiff's Request for Judicial Notice

Attorney General Mayes takes issue with the Court judicially noticing "disputed legal contentions" but nowhere did Plaintiff ask the Court to do so.  Plaintiff merely referenced the legal standards and parameters through which certain facts apply to decide Count One.  In other words, as he was obligated to do, Plaintiff demonstrated that the noticeable facts are relevant to the parties' dispute on Count One.  That dispute involves "[t]he Petition Clause [which] was inspired by the same ideals of liberty and democracy that gave us the ['inseparable'] freedoms [of 'expression'] to speak, publish, and assemble." *McDonald v. Smith,* 472 U.S. 479, 485 (1985).  When it comes to First Amendment facial challenges for overbreadth, such disputes reach beyond the individual plaintiff and state officer defendant parties to include non-parties whose freedoms were

---

[2] *See LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1154-55 (9th Cir. 2000) (When a suit "implicates First Amendment rights, the inquiry tilts dramatically toward a finding of standing"); *see also Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 891 (9th Cir. 2007) ("While the prudential standing doctrine typically prevents us from hearing lawsuits on the basis of injuries to non-parties, the over-breadth doctrine operates as a narrow exception permitting the lawsuit to proceed on the basis of 'a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression'").

already affected by the statute's application. "It has long been recognized that the First Amendment needs breathing space³ and that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society. ... Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973).

With requisite "breathing space" afforded Petition Clause "freedoms" in mind, the facts that Plaintiff asks the Court to judicially notice are "[a]djudicative facts [which] are simply the facts of the particular case. ... Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication." Fed. R. Evid. 201 Notes of Advisory Committee; *see also Ellis v. Weasler Eng'g Inc.,* 258 F.3d 326, 334 n.11 (5th Cir. 2001) (An adjudicative fact is a "controlling or operative fact, rather than a background fact; a fact that concerns the parties to a judicial or administrative proceeding

---

[3] Once again, the Supreme Court has repeatedly established that all First Amendment freedoms require sufficient "breathing space" to their "fruitful exercise", meaning here that the Petition Clause protects all court petitioning and conduct incidental to petitioning unless the underlying lawsuit is "both objectively baseless *and* subjectively motivated by an unlawful purpose" – a legal standard which must be read in the conjunctive. (Doc. 14 at 125, 213; Doc. 49, pp. 11-13; Doc. 79, pp. 15-17; Doc. 85, pp. 1-10). *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524, 531, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006) ("*BE & K* made this breathing room protection explicit"); *United States v. Koziol,* 993 F.3d 1160, 1171 (9th Cir. 2021) ("requiring both objective baselessness and an improper motive ... ensure[s] citizens may enjoy the right of access to the courts"); *see also McDonald*, 472 U.S. at 486 ("except in the most extreme circumstances citizens cannot be punished for exercising this right [to petition the Government for redress] 'without violating those fundamental principles of liberty and justice which lie at the base of all civil and political institutions,'").

and that helps the court or agency determine how the law applies to those parties." ). The Court should reject the Attorney General's objection and take judicial notice.

II. The Court Should Incorporate The Documents Into the Complaint By Reference

Regardless of whether there exists any legitimate basis for Attorney General Mayes' apparent objection that the "factual contents of the documents" are legislative facts, not adjudicative facts, the Court should enter those documents into the case record under the incorporation-by-reference doctrine to decide Fed. R. Civ. P. 12(b)(6) dismissal motions on Count One.  Indeed, "[n]o rule deals with judicial notice of 'legislative' facts [which] are those [facts] which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body. ... In determining the content or applicability of a rule of domestic law, the judge is unrestricted in his investigation and conclusion." Fed. R. Evid. 201 Notes of Advisory Committee.  Because the operative complaint refers to, and relies on, the challenged statute's "applications", the Court should enter the documents under the "incorporation-by-reference" doctrine which has an important "role[] to play at the pleading stage". *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018).  "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id* at 1002.   Under this doctrine, documents may be incorporated "into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id*; *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) ("documents ... not physically attached to the complaint, ... may be considered if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them").  Those public documents are "not contested" and there can be no dispute that the documents

"form[] the basis" for the claim that § 12-3201 violates the Petition Clause in at least a "substantial number of applications" per *Moody*. Consequently, the Court should incorporate those documents into the complaint by reference regardless of whether it also decides to take judicial notice. *See* Fed. R. Civ. P. 1 ("These rules ... should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## CONCLUSION

The Court should judicially notice all undisputed facts as Plaintiff requests and to which neither the Attorney General nor the Presiding Judge object. Furthermore, the Court should enter into the record all provided documents registered in the state's vexatious litigant list under the incorporation-by-reference doctrine to expeditiously decide the Count One dismissal motions. (Doc. 38; Doc. 67). Plaintiff defeated the Attorney General's Fed. R. Civ. P. 12(b)(1) defense when, faced with the prospect of limited jurisdictional discovery (Doc. 58), the Attorney General conceded all elements necessary to make her a "proper defendant". (Doc. 72). Therefore, Plaintiff has standing to bring Count One for prospective relief against Attorney General Mayes per *Broadrick* and other First Amendment precedent. He also has jurisdictional standing against Presiding Judge Gates as she cannot carry her burden to demonstrate judicial immunity per *Burns v. Reed,* 500 U.S. 478, 486–87 (1991) ("The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity"). Judicially noticing the undisputed facts and incorporating by reference the forementioned documents into the complaint provide factual evidence which demonstrates that 85% of vexatious litigant injunctions issued per § 12-3201 violate the Petition Clause, meaning a substantial number of the law's applications are unconstitutional.

DATED this 6th day of November 2025.

By: <u>//s//</u>
Phillip Potter
Plaintiff
Pro Se