Phil Potter <phillip.t.potter@gmail.com>

---

# PRR Response

---

**Karlson, Kara** <Kara.Karlson@azag.gov>  Tue, Oct 21, 2025 at 3:05 PM
To: Phil Potter <phillip.t.potter@gmail.com>

Mr. Potter:

Judge Gates' public records response is as follows:

1. The Presiding Judge created, or relied on, to "designate" any authority to the Hon. John Blanchard to "designate a pro se litigant a vexatious litigant". *See* A.R.S. § 12-3201(A).

Pursuant to Administrative Order 2014-124 (see attached, it is the Presiding Judge that has the authority to designate a litigant as "vexatious" across the board in the Superior Court. However, a judge in an individual case can issue a minute entry declaring the litigant vexatious in their specific case, and requiring the litigant to seek permission from the judge before filing any further pleadings in the case. The judge then forwards the minute entry to the Presiding Judge for consideration to designate the litigant vexatious across the board.) (Also, see attached minute entry from Judge Blanchard.)

2. Contain, or reference, an "application" from the Hon. John Blanchard to the Presiding Judge to certify Phillip Potter as a vexatious litigant through case CV2022-008626.

See attached minute entry.

3. Contain communications the Hon. Joseph Welty made with any other person regarding the previously referenced "application".

The only communications are attorney and judicial work product emails between me and Judge Welty or his staff when I drafted the A.O. declaring Phillip Potter as a vexatious litigant. (Protected by Supreme Court Rule 123(d)(4) and (e)(9).

4. Reference, or contain communications the Hon. Joseph Welty and/or the Hon. Pamela Welty made with any other person regarding, Administrative Order 2023-159.

Same answer as to number 3 above.

--

# Kara Karlson

Senior Litigation Counsel

State Government Division-Elections



Arizona Attorney General Kris Mayes

15 S 15th Ave

Phoenix, AZ 85007

Desk: 602-542-8118

Kara.Karlson@azag.gov

http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**2 attachments**

 **Admin Order 2014-134 Vexatious Litigants.pdf**
14K

 **Potter vexatious minute entry.pdf**
210K

Clerk of the Superior Court
*** Electronically Filed ***
02/27/2023 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-008626   02/24/2023

HONORABLE JOHN L. BLANCHARD

CLERK OF THE COURT
Y. Rodriguez/S. Brown
Deputy

PHILLIP POTTER

PHILLIP POTTER
2301 N 66TH ST
SCOTTSDALE AZ  85257

v.

ARIZONA HOUSE OF REPRESENTATIVES, et al.

KEVIN E O'MALLEY

DEREK FLINT
TIMOTHY A NELSON
JUDGE BLANCHARD
JUDGE WELTY

MINUTE ENTRY

    The Court has reviewed and fully considered *Defendants' Joint Motion To Designate Plaintiff As Vexatious Litigant*, filed December 12, 2022, as well as Plaintiff's Response, and Defendants' Reply.  The Court also carefully reviewed the parties' filings and the Court's minute entries and orders in this matter, together with the pleadings, minute entries, and orders in the several other litigation matters cited by Defendants and Plaintiff.  The Court held an evidentiary hearing on the Joint Motion on February 23, 2023.  At the hearing, the Court took judicial notice of the litigation matters referenced by Defendants and admitted into evidence (and reviewed) Plaintiff's nine exhibits.  For the Reasons set forth below the Motion is granted.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-008626                                                02/24/2023

**Factual Background**

Plaintiff's complaint in this matter is a public records lawsuit under A.R.S. § 39-121 *et seq*. Plaintiff has alleged that Defendants are, among other things, withholding public records that would demonstrate a conspiracy of public corruption. Plaintiff's pursuit of these records is tied to his suspicion of a conspiracy involving these Defendants and several other parties that are/were parties in several other actions he has initiated.

His initial lawsuit was filed in 2001 against his ex-wife, her family members, and individuals related to their divorce proceedings (CV2021-005501). Each of Plaintiff's lawsuits suggests a conspiracy among his ex-wife, several government actors, and other parties. At the evidentiary hearing, Plaintiff alleged that he discovered that his ex-wife was involved in these corrupt activities during their marriage. He testified that he believes the public records he is seeking here will expose that public corruption conspiracy and allow him to revive and pursue claims against his ex-wife, her family, and others. Stated differently, this current action is a necessary step towards his ongoing campaign against his ex-wife and others.

The Joint Motion (at pages 3-12) summarizes in detail the litigation activity of Plaintiff. At the evidentiary hearing, Defendants discussed the pleadings and events in CV2021-005501, CV2021-013201, CA-CV 22-0441 (appeal from CV2021-013210), and CV2022-014146. A review of the orders in those matters paints a troubling picture. All these cases revolve around Plaintiff's public corruption allegations dating back to his ex-wife and the divorce proceedings. The summary of Plaintiff's claims includes many examples of frivolous motions, disregarding court orders, re-hashed positions that were rejected by the courts, and plain attempts to harass parties and/or unnecessarily expand litigation matters. For example, the Court in CV2021-013210 (against his wife and 21 other defendants) concluded that Plaintiff's action, "clearly arising out of a family court matter run amok – constitutes a transparent effort to harass any person or entity even remotely associated with his estranged wife and her family." The Court ordered that the defendants need not respond to Plaintiff's filings unless directed to do so by the Court. The Court sanctioned Plaintiff. The Court has granted motions to strike his pleadings, finding they contained gratuitously inflammatory and irrelevant allegations against parties. Plaintiff has repeated these stricken allegations in subsequent filings.

While the core public corruption allegations remain throughout, Plaintiff's various lawsuits have added new parties over time as he has expanded his efforts to pursue his conspiracy theories. He has sued his ex-wife, her family, family-law attorneys, medical providers, Arizona Public Service, insurance companies, a member of the Arizona House of Representatives, the Arizona House of Representatives, and several others. He has stated in open court his intention to revive his claims against at least some of these parties if he is successful in obtaining the public records he believes are being withheld.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-008626 02/24/2023

This Court granted each Defendant their separate Motions to Dismiss on November 16, 2022. Plaintiff has indicated that he intends to appeal.

The Court is mindful that requiring court approval for any filing will place a burden on Plaintiff to demonstrate a factual and legal basis for future filings. But that is what is needed in this case.

**Analysis**

Arizona law provides for designation of a party as a vexatious litigant. The applicable statute states:

**12-3201. Vexatious litigants; designation; definitions**

A. In a noncriminal case, at the request of a party or on the court's own motion, the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant.

B. A pro se litigant who is designated a vexatious litigant may not file a new pleading, motion or other document without prior leave of the court.

C. A pro se litigant is a vexatious litigant if the court finds the pro se litigant engaged in vexatious conduct.

D. The requesting party may make an amended request at any time if the court either:

1. Determined that the party is not a vexatious litigant and the requesting party has new information or evidence that is relevant to the determination, even if there is not a pending case in the court.

2. Did not rule on the original request during the pendency of the action, even if there is not a pending case in the court.

E. For the purposes of this section:

1. "Vexatious conduct" includes any of the following:

(a) Repeated filing of court actions solely or primarily for the purpose of harassment.

(b) Unreasonably expanding or delaying court proceedings.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-008626                                                                                    02/24/2023

      (c) Court actions brought or defended without substantial justification.

      (d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.

      (e) A pattern of making unreasonable, repetitive and excessive requests for information.

      (f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

      2. "Without substantial justification" has the same meaning prescribed in section 12-349.

      The cases filed by Plaintiff allege causes of action that are unsupported by facts as alleged, argue legal positions that are not founded in the law or reasonable interpretations of the law, re-argue the same positions repeatedly with no regard for rulings of the Court, and promote abuse of process. The common thread to Plaintiff's litigation tactics in his cases is the common link of some connection or another to his attenuated and contentious divorce case.

      Based upon the Court's review of the arguments made by the parties in this motion and the relevant case law cited by the Defendant,

      **THE COURT FINDS** that Plaintiff Phillip Potter has engaged in vexatious conduct per Arizona Revised Statutes § 12-3201 by: repeated filing of court actions without substantial justification; and repeatedly filing documents or requests for relief that have been the subject of previous rulings by the court in similar litigation.

      **IT IS ORDERED** that Plaintiff Phillip Potter may not file any new pleading, motion or other document in this case or any other pending civil action without prior leave of the judge assigned to that case.

      **IT IS FURTHER ORDERED** that any request to file any new pleading, motion or other document in this case or any other pending civil action shall attach a copy of this order with the request.

      **IT IS ORDERED** referring this matter to the Honorable Joseph Welty, Presiding Judge, Maricopa County Superior Court to consider issuing an administrative order designating Phillip Potter as a vexatious litigant.