KRISTIN K. MAYES
Attorney General
Firm State Bar No. 14000

Kara Karlson, Bar No. 029407
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, AZ  85004-1592
Telephone (602) 542-8323
Facsimile (602) 542-4385
Kara.Karlson@azag.gov
adminlaw@azag.gov

*Attorneys for Defendant Presiding Judge of Maricopa County Pamela Gates*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Philip Potter, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Robert Meza, et al,<br><br>Defendants. | Case No. 2:25-CV-00663-PHX-DWL<br><br>**JUDGE GATES' RESPONSE TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE** |

Judge Pamela Gates ("Judicial Defendant"), presiding judicial officer in the Maricopa County Superior Court for the state of Arizona, recognizes that Plaintiff Philip Potter asks this Court to take judicial notice of: a state statute, a state supreme court rule, a press release from the state court, the docket from CV2022-008626, and correspondence between Plaintiff and Judicial Defendant's counsel regarding a public records request. (Doc. 90.)  Some of these documents may be amenable to judicial notice pursuant to Fed. R. Evid. 201, but most are not.  Moreover, none of the arguments in Plaintiff's Motion to Take Judicial Notice Re: Presiding Judge Gates' Motion to Dismiss ("Motion") are subject to judicial notice.  For these reasons, the Judicial

Defendant requests that this Court, to the extent it is helpful, take judicial notice of the documents that are susceptible to judicial notice, and deny the remainder of the Motion.

### I. This Court May Take Judicial Notice of Certain Exhibits, but Cannot Use Them to Draw the Inferences Plaintiff Argues.

Rule 201 of the Federal Rules of Evidence allows courts to take judicial notice of "a fact that is not subject to reasonable dispute" if that fact "1) is generally known within the trial court's territorial jurisdiction; or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This rule explains, however, that it does not contemplate judicial notice of a "legislative fact." *Id.* (a). Legal conclusions are not susceptible to judicial notice. *Id.*, Advisory Comm. Note to 1972 Proposed Rules, Note on Judicial Notice of Law (explaining that "the manner in which law is fed into the judicial process is never a proper concern of the rules of evidence but rather of the rules of procedure.").

Accordingly, Plaintiff's attached exhibits to fall into three categories: 1) Facts subject to judicial notice; 2) Legal authorities not subject to judicial notice; and 3) Facts that do not qualify for judicial notice. Judicial notice is appropriate for the first category, but not the others.

*First*, judicial notice is appropriate for generally accessible public records that are not subject to dispute. The state court docket in CV 2022-008626 (Doc. 90-4) and the state court press release (Doc. 90-3) are "not subject to reasonable dispute" and were obtained "from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also, e.g.*, *Kuhn v. Three Bell Capital*, 698 F.Supp.3d 1119, 1123 (N.D. Cal. 2023) (explaining the court took judicial notice of court orders showing separate proceedings because those records were "clearly noticeable under Rule 201."). Consequently, this Court may take judicial notice of Exhibits 3 (Doc. 90-3) and 4 (Doc. 90-4).

*Second*, the court is the final arbiter of what the law is, and thus judicial notice of legal authorities is unnecessary. *See CTC Glob. Corp. v.* Huang, No. 17-02202, 2018

1  WL 4849715, at *3 (C.D. Cal. Mar. 19, 2018) (explaining that judicial notice is
2  "inappropriate" when it can do "nothing to move the ball forward . . . more than mere
3  citation would[.]").  This Court may consider any legal authorities it considers germane
4  to this case—including A.R.S. § 12-109 and Rule 92 of the Rules of the Arizona
5  Supreme Court—without taking judicial notice.  *See* Fed. R. Evid. 201(a) (explaining
6  that Rule 201 applies to "adjudicative fact only, not a legislative fact.").  Therefore,
7  while there is nothing preventing this Court from considering A.R.S. § 12-109 (Doc. 90-
8  1) or Rule 92 of the Arizona Supreme Court (Doc. 90-2), the Court is not required to do
9  so by judicial notice.  Fed. R. Evid. 201(a).

10  *Third*, correspondence between Plaintiff and Judicial Defendant's counsel is not
11  subject to judicial notice because the matters discussed go to the heart of the controversy
12  and are disputed.  "[A] court cannot take judicial notice of disputed facts contained in []
13  public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir.
14  2018).  While the Judicial Defendant does not dispute that Exhibits 5 (Doc. 90-5) and 6
15  (Doc. 90-6) are the Plaintiff's public records request and response regarding this case,
16  they do not meet the standard for documents of which this Court may take judicial
17  notice.

18  While these exhibits may be producible in response to a public records request
19  according to Arizona's broad public records law, A.R.S. §§ 39-121, *et seq.*, Arizona
20  public records law is not determinative of the contours of the Federal Rules of Evidence.
21  Indeed, this correspondence was created by the Plaintiff and the Judicial Defendant,
22  upon his request, *after* the Motion to Dismiss briefing was completed but *before* this
23  Court rendered a final determination of that motion.  Accordingly, these documents do
24  not provide additional facts necessary for this Court's jurisdictional inquiry, which must
25  exist when a plaintiff files his complaint.  *See, e.g.*, *FDA v. All. for Hippocratic*
26  *Medicine*, 602 U.S. 367, 380-81 (2024) (describing all standing elements in terms of
27  existing or immediately impending, including the requirement that an injury-in-fact must
28

be "actual or imminent, not speculative—meaning that the injury must have already occurred or be likely to occur soon."). Furthermore, Plaintiff urges that this correspondence is necessary to demonstrate that the Judicial Defendant's Motion to Dismiss has "no evidentiary support," which is disputed. (Doc. 90 at 11.) Rule 201(b), however, does not allow for the judicial notice of disputed facts. For these reasons, Plaintiff's request for this Court to take judicial notice of Exhibits 5 (Doc. 90-5) and 6 (Doc. 90-6) should be denied.

## II.     The Court Should Disregard the Remainder of the Motion as Improper.

The Judicial Defendant had been open to stipulating to a Motion for Judicial Notice of Exhibits 3 (Doc. 90-3) and 4 (Doc. 90-4), as she has here, but could not stipulate to a motion and exhibits which will not assist this Court in ruling on the fully-briefed motions already before the court, nor agree to a motion that repeats previous arguments and improperly responds to prior filings.

Plaintiff's Motion is a surreply in disguise, and for that reason the argument in the Motion should be rejected as improper. *Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 WL 1640495 (D. Ariz. April 2, 2020) ("[S]ur-replies are highly disfavored and permitted only in extraordinary circumstances" when valid, exceptional reasons exist for the court to exercise its discretion) (citation omitted)). For example, Plaintiff takes two full pages reasserting his argument that the Judicial Defendant is not entitled to judicial immunity, rather than explain why this Court should take judicial notice of any facts. (Doc. 90 at 1-3.) Then Plaintiff attacks the Judicial Defendant's Motion to Dismiss (Doc. 67), asserting the same argument about facial or factual motions to dismiss that he raised in his Response to Joseph Welty's Motion to Dismiss First Amended Complaint (Doc. 79 at 4), his Motion to Take Limited Jurisdictional Discovery from Presiding Judge Pamela Gates (Doc. 84 at 6), and Reply to Motion to Take Limited Jurisdictional Discovery from Presiding Judge Pamela Gates (Doc. 88). This repetitive

1  argument, outside of the filings allowed by the Federal Rules of Civil Procedure, is
2  improper and this Court should ignore this argument for that reason.
3        Plaintiff also uses this Motion to claim that the Court should not take judicial
4  notice of Administrative Order 2023-159 ("AO") because "no part of the complaint
5  relies on it." (Doc. 90 at 4.) Plaintiff did not raise this argument against Judicial Notice
6  of the AO in his Response to the Judicial Defendant's Motion to Dismiss. (Doc. 79.)
7  Instead, Plaintiff urged this Court to allow him to add new claims to his Complaint based
8  on the AO. (*Id.* at 16-17.) For these reasons, this Court should find that Plaintiff waived
9  the argument, if the Court chooses not to ignore the arguments in this Motion.

## CONCLUSION

For the foregoing reasons, this Court may take judicial notice of Exhibits 3 and 4 (Docs. 90-3, 90-4), but should not take judicial notice of the remaining exhibits, nor any of the argument in the Motion.

Respectfully submitted this 24th day of November, 2025.

      Kristin K. Mayes
      Attorney General

      /s/ *Kara Karlson*
      Kara Karlson
      Senior Litigation Counsel
      *Attorney for Defendant Judge Pamela Gates*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 24th day of November, 2025 I filed the forgoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing and mailed the motion to the pro se plaintiff, Philip Potter.

Phillip Potter
2301 N. 66th St.
Scottsdale, AZ 85257
Phillip.t.potter@gmail.com

 /s/Monica Quinonez