Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
| Plaintiff, | |
| v. | **PLAINTIFF'S AFFIDAVIT IN SUPPORT OF SECOND MOTION FOR NOTICED TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Robert Meza, et al., | |
| Defendants. | |

I, Phillip Potter, hereby depose and state as follows:

1. I submit this affidavit pursuant to 28 U.S.C. § 1746 in support of Plaintiff's December 12, 2025 Second Noticed for Noticed Temporary Restraining Order and Preliminary Injunction (Doc. 94).  *See* Attachment 1.

2. The statements set forth in this affidavit (the "Affidavit") are based on my own personal knowledge and investigation unless stated otherwise.  These statements are true to the best of my knowledge and belief as of the date I signed this Affidavit.

3. I am the Plaintiff in the above-captioned action.

4. Attorney General Kris Mayes, in her official capacity, and Presiding Judge Pamela Gates, in her official administrative capacity, separately filed Fed. R. Civ. P. 12(b)(1) and (6) motions (Doc. 38 and Doc. 67, respectively).

5. Presiding Judge Gates asked the Court to take judicial notice of "Administrative Order 2013-159" (Doc. 67, p. 9, n.1) which:

    a. has a caption that contains no judicial case number and no "v." but reads, "IN THE MATTER OF PROHIBITING PHILLIP POTTER FROM FILING ANY LAWSUIT IN MARICOPA COUNTY WITHOUT OBTAINING PRIOR PERMISSION FROM THE COURT";

    b. includes the phrase, "Judge Blanchard's referral is a result of his order designating Mr. Potter a vexatious litigant in the case of *Phillp Potter v. Arizona House of Representatives, et. al.,* CV2022-008626";

    c. includes the phrase, "the Court (Presiding Judge Joseph Welty) finds that Mr. Potter has engaged in vexatious conduct by filing claims or requests for relief that have been subject to previous rulings in previous litigation; has unreasonably expanded court proceedings; and has brought court actions without 'substantial justification' as defined in A.R.S. § 12-349", roughly corresponding to A.R.S. §§ 12-3201(E)(1)(f), (b), and (c), respectively;

    d. includes instructions to Plaintiff framed as an order aimed at Plaintiff, "IT IS THEREFORE ORDERED as follows: 1. Mr. Potter may not file any new causes of action as a pro se litigant after the date of this order without leave of the Civil Presiding Judge or his/her designee. 2. Mr. Potter may not file any further pleading or motion in any of his current lawsuits as a pro se litigant without first seeking leave from the judicial officer assigned to that lawsuit. 3. Any motion for

leave to file any lawsuit, pleading or motion shall be captioned 'Application Pursuant to Court Order Seeking Leave to File.' Mr. Potter must either cite this order in his application, or attach as an exhibit a copy of this order. 4. Any request for fee waiver or deferral may only be granted by the Civil Presiding Judge or his/her designee.";

      e. is electronically signed by "Honorable Joseph C. Welty, Presiding Judge" and "DATED this 2nd day of November, 2023"; and

      f. indicates "COPIES" were sent to:

"Hon. Jeffrey Fine, Clerk of the Superior Court
  Hon. Danielle Viola, Civil Department Presiding Judge
  Hon. John Blanchard
  Raymond L. Billotte, Judicial Branch Administrator
  Luke Emerson, Civil Department Administrator
  Jessica Fotinos, Office of the Clerk of the Superior Court
  Phillip Potter
  Brett W. Johnson, Esq., Snell & Wilmer, L.L.P.
  Timothy A. Nelson, Esq., The Nelson Law Group, PLLC
  Kevin E. O'Malley, Esq., Gallagher & Kennedy, P.A.
  Hannah H. Porter, Esq., Gallagher & Kennedy, P.A."

    8. I never received, and never saw, Administrative Order 2023-159 before it was referenced in two motions to dismiss filed by other defendants in July 2025 (Doc. 51; Doc. 52; Doc. 54, Affid.).

    9. Attorney General Mayes gave no indication she was aware of Administrative Order 2023-159 in her June 3, 2025 motion to dismiss (Doc. 38).

    10. Administrative Order 2023-159 cites state cases CV2021-005501, CV2021-013210, CV2021-01789, and CV2022-014146 in that document's "Attachment A", but none of those cases had reached finality in February 2023.  All were active at the time.

    11. I eventually secured favorable settlements in cases CV2021-005501, CV2021-

013210, and CV2021-017889 so, as a matter of law, those cases were not objectively baseless, and certainly not both objectively baseless and subjectively motivated by an unlawful purpose. *See USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 810-11 (9th Cir. 1994) ("Only if the suit is found to be objectively baseless does the court proceed to examine the litigant's subjective intent."); *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 60 n.4 (1993) (Absent fraud, a "winning lawsuit is by definition a reasonable effort at petitioning for redress"). (Doc. 49, Affid.; Doc 14 at 76).

12. I truthfully represented facts and did not fraudulently obtain settlement in case CV2021-005501, CV2021-013210 or CV2021-017889.

13. On September 9, 2025, I filed an official request with Presiding Judge Pamela Gates, through attorney Kara Karlson, to make copies of public records in the judge's control and custody available for inspection pursuant to Ariz. R. Sup. Ct. 123(f).

14. Therein, I requested copies of documents as referenced in Plaintiff's December 11, 2025 Second Noticed Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 94, pp. 2-3).

15. On October 21, 2025, Ms. Karlson responded to that public records request and cited "attorney and judicial work product emails between [Judge Gates] and Judge Welty or his staff" to withhold production. *See* Attachment 2.

16. On October 27, 2025, I emailed Ms. Karlson: "Your client responded to my September 9, 2025 public records request on October 21, 2025 []. Therein, the Hon. Pamela Gates, pointed to 'Administrative Order 2014-134'. That administrative order describes a 'process'. As a supplemental records request subject to the same considerations as the September 9th request, could you please have your client provide

records documenting (1) the development and implementation of Administrative Order 2014-134; (2) communications any Presiding Judge made with trial court judges and/or staff regarding Administrative Order 2014-134; and (3) that Administrative Order 2014-134 was submitted to the Arizona Supreme Court for review and approval?"

17. Administrative Order 2014-134 describes a "process" to find litigants vexatious pursuant to A.R.S. § 12-3201 applicable only to the Maricopa County Superior Court. *See* Attachment 2.

18. It is my understanding that administrative orders which go to local court procedures require Arizona Supreme Court review and approval, but nothing indicates the state's highest court reviewed or approved Administrative Order 2014-134.

19. Ms. Karlson responded to my October 27, 2025 email on November 7, 2025, stating that the "supplemental" request "is still in process".

20. On December 1, 2025, I emailed Ms. Karlson as follows: "On November 7th you communicated that records disclosure was 'in process'. Could you please let me know if I will be receiving any additional responsive records as well as a privilege log?"

21. As of the date I signed this Affidavit, Ms. Karlson has not responded to my December 1, 2025 email, has not provided a "privilege log", and has not provided any other "in process" responsive documents.

22. Over the next two weeks and throughout January 2026 and February 2026, I will file multiple court papers in ongoing cases FC2020-090224, CV2021-005501, and CV2021-013210 in preparation for scheduled evidentiary hearings and oral arguments.

23. Each of those three court cases have been deemed well-founded lawsuits per trial courts, appellant courts, and defendants who sought settlement when presented with documents and other direct evidence supporting my claims.

24. I will not seek prior leave of the court before filing papers.

25. Ms. Karlson's prolonged non-responsiveness to emails, along with Presiding Judge Gates' reluctance to promptly provide easily accessible records and refusal to provide a legally required privilege log, as well as the Attorney General's express refusal to disavow enforcement of A.R.S. § 12-3201 collectively cause me to credibly fear administrative, civil, and criminal enforcement of that statute for exercising my fundamental right to petition the courts.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on December 12, 2025.

*/s/ Phillip Potter*
Phillip Potter