Phil Potter <phillip.t.potter@gmail.com>

## PRR Response
6 messages

**Karlson, Kara** <Kara.Karlson@azag.gov>  Tue, Oct 21, 2025 at 3:05 PM
To: Phil Potter <phillip.t.potter@gmail.com>

Mr. Potter:

Judge Gates' public records response is as follows:

1. The Presiding Judge created, or relied on, to "designate" any authority to the Hon. John Blanchard to "designate a pro se litigant a vexatious litigant". *See* A.R.S. § 12-3201(A).

Pursuant to Administrative Order 2014-124 (see attached, it is the Presiding Judge that has the authority to designate a litigant as "vexatious" across the board in the Superior Court. However, a judge in an individual case can issue a minute entry declaring the litigant vexatious in their specific case, and requiring the litigant to seek permission from the judge before filing any further pleadings in the case. The judge then forwards the minute entry to the Presiding Judge for consideration to designate the litigant vexatious across the board.) (Also, see attached minute entry from Judge Blanchard.)

2. Contain, or reference, an "application" from the Hon. John Blanchard to the Presiding Judge to certify Phillip Potter as a vexatious litigant through case CV2022-008626.

See attached minute entry.

3. Contain communications the Hon. Joseph Welty made with any other person regarding the previously referenced "application".

The only communications are attorney and judicial work product emails between me and Judge Welty or his staff when I drafted the A.O. declaring Phillip Potter as a vexatious litigant. (Protected by Supreme Court Rule 123(d)(4) and (e)(9).

4. Reference, or contain communications the Hon. Joseph Welty and/or the Hon. Pamela Welty made with any other person regarding, Administrative Order 2023-159.

Same answer as to number 3 above.

--

## Kara Karlson

Senior Litigation Counsel

State Government Division-Elections



Arizona Attorney General Kris Mayes

15 S 15th Ave

Phoenix, AZ 85007

Desk: 602-542-8118

Kara.Karlson@azag.gov

http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**2 attachments**

 **Admin Order 2014-134 Vexatious Litigants.pdf**
14K

 **Potter vexatious minute entry.pdf**
210K

---

**Phil Potter** <phillip.t.potter@gmail.com>                                                                             Mon, Oct 27, 2025 at 8:36 AM
To: "Karlson, Kara" <Kara.Karlson@azag.gov>

Ms. Karlson,
First, for purposes of clarity, are you saying that records (emails, written correspondence, etc.) documenting the "application" consist solely of the attached Minute Entry?  It would seem that if a trial court judge "forwards" a Minute Entry to a Presiding Judge, then there would be an email string or some other record of that correspondence.

Second, Judge Gates says she "drafted the A.O."  But she cites "judicial work product" to withhold documents without explanation, detail or affidavit.  My understanding is that judicial work product refers to a deliberative privilege, which is a qualified privilege that can be overcome under certain circumstances, many of which, if not all, are present here.  As with every public records request, any denial must identify every withheld document and provide specificity justifying each record withheld.  In the federal context, I'm told this takes the form of a "Vaughn Index" with affidavits and document-by-document particularized explanations as to why an exemption or privilege applies.  Here in Arizona, the state supreme court in *Fann v, Kemp* (2022) described that index as a "privilege log" which must be provided "when a party claims a privilege or work-product protection and withholds information or documents" as part of a public records request.  That court went on to write that state officials "must identify in a privilege log the information or document(s)

being withheld and describe the nature of the item in a manner that - without revealing information that is itself privileged or protected - will enable other parties to assess the claim.'" I asked the Presiding Judge(s) to prepare an index of all withheld records in my September 9, 2025 request. Please let me know if the Presiding Judge(s) will be providing that privilege log for all "emails between [Judge Gates] and Judge Welty or his staff" and for all other responsive documents.

Finally, can you confirm that Judge Welty searched for responsive documents, and concurs with Judge Gates' October 21, 2025 response?

Thanks for your help with this.
Regards,
Phillip Potter

[Quoted text hidden]

---

**Phil Potter** <phillip.t.potter@gmail.com>  Mon, Nov 3, 2025 at 11:27 AM
To: "Karlson, Kara" <Kara.Karlson@azag.gov>

Ms. Karlson,
Ariz. R. Sup. Ct. 123(f)(4)(B) states "(i) .. If access to any record is denied for any reason, the custodian shall explore in good faith with the applicant alternatives to allow access to the requested records, including redaction of confidential information; and (ii) If unsuccessful, the custodian shall meet with the judge having immediate, supervisory responsibility for the daily operations of the respective court, to determine if an alternative means of access to the records may be provided for the applicant.  Thereafter, as soon as practicable, the judge shall inform the applicant if the denial is affirmed.  Reviews of the foregoing denial and all other denials shall be conducted in accordance with the provisions of paragraph (f)(5)".  Ariz. R. Sup. Ct. 123 (f)(5), in turn, holds that "(A) Any applicant who is denied access to or copies of any record, bulk data, or compiled data pursuant to this rule, shall be entitled to an administrative review of that decision by the presiding judge.  The request for review must be filed in writing with the custodian who denied the request within 10 business days of a denial made under paragraph (f)(4) above. The custodian shall forward the request for review, a statement of the reason for denial, and all relevant documentation to the presiding judge or a designee within 5 business days of receipt of the request for review.  The presiding judge or designee shall issue a decision as soon as practicable considering the nature of the request and the needs of the applicant, but not more than 10 business days from the date the written request for review was received."

Is it safe to assume from the lack of response that Judge Gates, as the records custodian, has denied my request for responsive documents and a privilege log, and that no additional responsive records are forthcoming?  If so, please accept this email as notice that I'd like an administrative review of that denial which I believe would need to be conducted by the Arizona Supreme Court Chief Justice under these circumstances which also involve a matter of significant public concern regarding the state legislature and a gubernatorial candidate.
Regards,
Phillip Potter

[Quoted text hidden]

---

**Karlson, Kara** <Kara.Karlson@azag.gov>  Fri, Nov 7, 2025 at 11:09 AM
To: Phil Potter <phillip.t.potter@gmail.com>

Mr. Potter:

Your public records request has not been denied.  The first one was fulfilled with the responsive documents you

received.  The supplement that you sent me is still in process.

As to your motion for judicial notice, due to the fact that there a number of new allegations that go well outside the complaint, there are a number of legal conclusions that are the province of the court rather than the parties, among other reasons, we cannot stipulate to the motion.

Thank you,

--

## Kara Karlson

Senior Litigation Counsel

State Government Division-Elections



Arizona Attorney General Kris Mayes

15 S 15th Ave

Phoenix, AZ 85007

Desk: 602-542-8118

Kara.Karlson@azag.gov

http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

[Quoted text hidden]

---

**Phil Potter** <phillip.t.potter@gmail.com>  Fri, Nov 7, 2025 at 12:03 PM
To: "Karlson, Kara" <Kara.Karlson@azag.gov>

Ms. Karlson,
Your client admits responsive documents exist but were withheld for express reasons of "judicial work product".  Again, the Presiding Judge provided no privilege log despite a requirement to do so per well-established precedent.  Hence, my records request was not "fulfilled" and an administrative review is needed.  Once more, it would be much easier on all involved to simply produce the privilege log as the law requires.  In addition, stipulations do not go to "allegations", by definition.  That said, you're welcome to identify which controlling facts and which applicable law your client will stipulate to so that we can conserve judicial resources for those non-issues, and ask the Court to decide any residual issues where a legitimate dispute exists.  Thank you.
Regards,
Phillip Potter
[Quoted text hidden]

**Phil Potter** <phillip.t.potter@gmail.com>　　　　　　　　　　　　　　　　Mon, Dec 1, 2025 at 3:52 PM
To: "Karlson, Kara" <Kara.Karlson@azag.gov>

Ms. Karlson,
On November 7th you communicated that records disclosure was "in process".  Could you please let me know if I will be receiving any additional responsive records as well as a privilege log?
Regards,
Phillip Potter

[Quoted text hidden]

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | | |
|---|---|---|
| IN THE MATTER OF VEXATIOUS LITIGANT REQUESTS | ) ) ) ) | ADMINISTRATIVE ORDER NO. 2014-134 |

     WHEREAS, the Legislature passed and the Governor signed House Bill 2021, which allows a presiding judge to designate a pro se litigant as a vexatious litigant and place limitations on the filing of new actions, pleadings, and motions,

     **IT IS ORDERED** adopting the following process, effective January 1, 2015, for requests to designate a litigant as vexatious:

1. If the request to declare a litigant vexatious is specific to the case in which the request was filed, such as the litigant is repeatedly filing motions in a specific case to harass another party in the case, the judge assigned to that case shall retain the request, hold any hearing necessary, and issue a ruling on the vexatious litigant request relating to that case.

2. If the request to declare a litigant vexatious is filed in multiple cases, the motion shall be handled by the judge assigned to the case with the lowest case number. The judge shall hold any hearing necessary. If the judge believes it may be appropriate to declare the litigant vexatious for future cases, the judge may issue a minute entry which provides the facts as found by the judge and refer it to the Presiding Judge for consideration of whether to issue a vexatious litigant administrative order.

3. If the request to declare the litigant vexatious is not related to a specific case but is simply filed as a standalone request, the clerk will assign it a case number and the presiding judge will assign it to a judge for consideration. The judge shall hold any hearing necessary. If the judge believes it may be appropriate to declare the litigant vexatious for future cases, the judge may issue a minute entry which provides the facts as found by the judge and refer it to the Presiding Judge for consideration of whether to issue a vexatious litigant administrative order.

4. If a judge has a case in which he or she believes the litigant should be declared vexatious for future cases, the judge may provide notice to the litigant via minute entry of the possibility of a vexatious litigant order, provide the litigant an opportunity to respond, hold any hearing deemed necessary by the judge, then issue a minute entry which provides the facts as found by the

judge and may refer it to the Presiding Judge for consideration of whether to issue a vexatious litigant administrative order.

Dated this 19th day of November, 2014.

/s/ Norman J. Davis

_____

Norman J. Davis
Presiding Judge

Original:     Clerk of the Superior Court

Copies:      Superior Court Judges and Commissioners
             Hon. Michael K. Jeanes, Clerk of the Superior Court
             Raymond L. Billotte, Judicial Branch Administrator