IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>　　　　　　Defendants. | No. 2:25-cv-00663-PHX-DWL<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR NOTICED TEMPORARY RESTRAINING ORDER** |

  The Court, having considered the sufficiently developed record including the First Amended Complaint (Doc. 14) and Plaintiff's Second Motion for Noticed Temporary Restraining Order and Preliminary Injunction (Doc. 94), finds Plaintiff has demonstrated the need for a Temporary Restraining Order.  He is enduring ongoing irreparable injuries from the operation of a constitutionally questionable statute.  In addition, Attorney General Kris Mayes and Presiding Judge Pamela Gates credibly threaten to enlarge those deprivations via civil, criminal, and criminal enforcement of A.R.S. § 12-3201, the state's vexatious litigant statute.  Pertinent here, both state officers expressly refused to disavow enforcement of the statute against Plaintiff on November 28, 2025. (Doc. 94, pp. 1-3).  The First Amendment cannot tolerate civil or criminal enforcement of A.R.S. § 12-3201 as any form of A.R.S. §§ 13-2810, 13-2921, 13-3601 or 13-3602 predicate.  Absent

injunctive relief, Plaintiff faces incarceration and the loss of access to his child from a combination of statutorily sanctioned public and private enforcers for exercising a fundamental right. The "credible threat" element is met for a pre-enforcement injury. (Doc. 94, pp. 1, 4). Plaintiff has standing. (Doc. 94, pp. 2-4). No state officer defendant can claim sovereign immunity. (Doc. 94, pp. 1-3). The Court has Article III standing.

On the merits, Plaintiff has at least raised "serious questions" on a First Amendment claim sufficient to grant the requested relief on two fronts. (Doc. 94, pp. 4-16). *First*, he argues § 12-3201(B) mandates a permanent blanket injunction for "any" § 12-3201(E) infraction and, thus, violates the First Amendment. This is because the provision functions as a "content based" "prior restraint" on core petitioning which is not "narrowly tailored" and serves no justifiable "government interest". (Doc. 94, p. 14). Plaintiff contends § 12-3201(B) is "content based" because the regulation "cannot be justified without reference to the content of the regulated speech' [or petitioning]." *Reed v. Town of Gilbert,* Ariz., 576 U.S. 155, 164 (2015). In other words, a state court would have to read the "content" of any pleading, motion, or other paper before deciding if the filing is permitted. Content based regulations are subject to the rigors of strict scrutiny where the burden shifts to the Government to prove the challenged statute is "narrowly tailored" and justifiably meets a "compelling government interest". *Id*. Likewise, "[a]ny system of prior restraints of [First Amendment] expression comes to this Court bearing a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 70 (1963). The Court need not delve deeply into the "content based" or "prior restraint" analysis because there are no conditions under which § 12-3201(B) could be considered "narrowly tailored", which is a necessary condition required regardless of what level of scrutiny applies. The challenged provision states a "pro se litigant who is

1  designated a vexatious litigant may not file a new pleading, motion or other document
2  without prior leave of the court.".  That plain language is quite expansive, permanently
3  applies to all ongoing and future litigation whether a litigant appears as plaintiff or
4  defendant, and leaves no room for judicial discretion or tailoring.  Critically, the blanket
5  injunctive language applies to the filing of any "new pleading" which, by definition,
6  presents core petitioning safeguarded by the Petition Clause.  Plaintiff presents a colorable
7  First Amendment claim that the challenged statute is not narrowly tailored.  He qualifies
8  for a preliminary injunction. *See Fellowship of Christian Athletes v. San Jose Unified
9  Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 694-95 (9th Cir. 2023) (en banc) ("'Irreparable harm
10 is relatively easy to establish in a First Amendment case' because the party seeking the
11 injunction 'need only demonstrate the existence of a colorable First Amendment claim.'");
12 *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014) ("[B]y establishing
13 a likelihood that [the challenged statute] violates the U.S. Constitution, Plaintiff[] ha[s]
14 also established that both the public interest and the balance of the equities favor
15 [injunctive relief].").

*Second*, Plaintiff argues §§ A.R.S. 12-3201(E)(1)(a)-(f) defining "vexatious
conduct" are a collection of provisions void for overbreadth because they "prohibit or
otherwise regulate" constitutionally protected activities "in every application".  *Moody v.
NetChoice, LLC*, 603 U.S. 707, 721-724 (2024). (Doc. 94, p. 5-14).  Presiding Judge
Gates does not defend the statute's merits. (Doc. 94, p. 5).  Attorney General Mayes alone
counters that §§ 12-3201(E)(1)(a)-(f) do not reach or "'encompass constitutionally
protected speech or activities" because "there is no constitutional right to file frivolous
litigation.' *Wolfe*, 486 F.3d at 1125"; a quote she traces to "*Bill Johnson's Restaurants,
Inc.*, 461 U.S. at 743 ("[B]aseless litigation is not immunized by the First Amendment

right to petition."); *accord Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007)". (Doc. 38, pp. 5, 12; Doc. 94, pp. 7-14). The dispute boils down to the question of how to define the scope of the Petition Clause when it comes to petitioning courts for redress of grievances. Plaintiff points to the *BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 530-31 (2002) decision where the Supreme Court clarified the exact phrase in *Bill Johnson's* upon which the Attorney General's defense relies. The nation's highest court explained that it "never held that the entire class of objectively baseless litigation may be enjoined or declared unlawful []. Instead, in cases like *Bill Johnson's* ..., our holdings limited regulation to suits that were both objectively baseless *and* subjectively motivated by an unlawful purpose". *Id* (emphasis original). These words are compelling and seemingly dispositive. After all, courts "must follow the Supreme Court precedent that directly controls." *Fidelity Exploration and Prod. Co. v. U.S.*, 506 F.3d 1182, 1186 (9th Cir.2007). The only question is whether the *Wolfe* statement that "there is no constitutional right to file frivolous litigation" provides binding precedent distinct from *BE & K*. "[F]rivolous" litigation is litigation that "is both baseless and made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996). And "baseless" litigation is litigation "without legal or factual basis; groundless". Black's Law Dictionary (7th Ed, 1999). As the Supreme Court pointed out in *BE & K*, baseless litigation exists in "class[es]". Frivolous litigation is a subset class of baseless litigation brought "without a reasonable and competent inquiry". Under that objective "reasonable[ness]" standard, "frivolous" litigation can be viewed as negligently baseless litigation. Frivolous litigation can be understood as objectively baseless litigation that no reasonable attorney would have filed suit given a proper inquiry. The Supreme Court demanded more than negligence be demonstrated before court petitioning falls

outside the Petition Clause's scope. Akin to the "falsity" and "actual malice" standard for defamation defamation involving public figures, *New York Times Co. v. Sullivan*, 376 U.S. 279-280, 285 (1964), the Supreme Court held that a "subjectively motivated unlawful purpose" must also be shown before baseless litigation becomes statutorily actionable. In other words, an objectively baseless (i.e. frivolous) suit must be knowingly or intentionally brought for an unlawful purpose.

   This Court need not reconcile any potential discrepancy between *Wolfe* and *BE & K* because, in truth and in law, no discrepancy exists or could exist. The *Wolfe* phrase regarding "frivolous litigation" is *dicta* "made in passing" and therefore not binding, especially in the face of on-point Supreme Court precedent. *See In re Magnacom Wireless, LLC,* 503 F.3d 984, 993-94 (9th Cir.2007) ("In our circuit, statements made in passing, without analysis, are not binding precedent."); *see also United States v. Johnson,* 256 F.3d 895, 915 (9th Cir.2001) (en banc) (Kozinski, J., concurring) ("Of course, not every statement of law in every opinion is binding on later panels. Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case."). Attorney General Mayes offers no deeper defense of the challenge statute beyond her "no constitutional right to file frivolous litigation" defense, apparently conceding §§ 12-3201(E)(1)(a)-(f) do not pass constitutional muster under the *BE & K* conjunctive legal standard. Plaintiff therefore also presents a colorable First Amendment claim that §§ 12-3201(E)(1)(a)-(f) are overbroad "in every application" per *Moody*. Stripped of either § 12-3201(B) or (E) for overbroadly violating the Petition Clause and the statute would hold no sway over any self-represented litigant. Accordingly:

5

    IT IS HEREBY ORDERED that Plaintiff's Second Motion for Noticed Temporary Restraining Order and Preliminary Injunction is GRANTED, as follows:

(1)     The Court prohibits the Hon. Pamela Gates, in her official administrative capacity as Presiding Judge of the Maricopa County Superior Court, from administratively enforcing any aspect of A.R.S. § 12-3201 against Plaintiff pending further orders in this case. This includes a prohibition against (a) maintaining Plaintiff's name on any "Vexatious Litigant List" for violating any A.R.S. § 12-3201 provision; or (b) issuing or maintaining any administrative order involving Plaintiff under A.R.S. § 12-3201.

(2)     The Court prohibits Kris Mayes, in her official capacity as Attorney General, from civilly enforcing any aspect of A.R.S. § 12-3201 against Plaintiff pending further orders in this case. For clarity, the Attorney General is prohibited from bringing an A.R.S. § 13-3602 petition for a Domestic Violence Order of Protection against Plaintiff based on any alleged A.R.S. § 12-3201 "vexatious conduct" or for violating any A.R.S. § 12-3201(B) injunctive order.

(3)     The Court prohibits Kris Mayes, in her official capacity as Attorney General, from criminally enforcing any aspect of A.R.S. § 12-3201 against Plaintiff pending further orders in this case. For clarity, the Attorney General is prohibited from investigating or pursuing a criminal indictment against Plaintiff for violations of A.R.S. §§ 13-2810 Interfering With Judicial Proceedings, 13-2921 Harassment or A.R.S. § 13-3601 Domestic Violence or any other A.R.S. Title 13 crime based on any alleged A.R.S. § 12-3201 "vexatious conduct" or violation of any A.R.S. § 12-3201(B) injunctive order.

DATED this _____ day of _____, 2025.

_____
The Hon. Dominic W. Lanza
United States District Judge