Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
|---|---|
| Plaintiff, | |
| v. | **NOTICE FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S SECOND MOTION FOR NOTICED TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Robert Meza, et al., | |
| Defendants. | |

Per Preliminary Order instructions, Plaintiff provides this "Notice of Expedited Consideration" which "set[s] forth the grounds warranting accelerated resolution" (Doc. 13, p. 6). He has asked the Court to issue a temporary restraining order ("TRO") and to schedule preliminary injunction ("PI") proceedings (Doc. 94) in this case of public concern involving a First Amendment facial challenge to A.R.S. § 12-3201. (Doc. 14).

GROUNDS WARRANTING ACCELERATED RESOLUTION

After the opposing party has been given notice, courts may grant a TRO when the Fed. R. Civ. P. 65 movant can show an "immediate" or "urgent" threat that he may

otherwise suffer "substantial" imminent or actual injuries. *Washington v. Trump*, 847 F.3d 1151, 1168-69 (9th Cir. 2017) (per curiam). Beginning with the "substantial" injury component, an "irreparable" injury is a "substantial" injury where "separated families ... [or any other] deprivation of constitutional rights 'unquestionably constitutes irreparable injury'". *Id*. As to the "urgent" or "immediate" threat component, an "immediate" threat is shown when a state officer has issued a prior threat or a new threat to cause irreparable injuries, or has taken actions which caused the movant to suffer "ongoing" irreparable injuries. *Id*. Pertinent here, each member of a statutorily authorized "combination" of state officers and private persons can be sued for injunctive relief per *Ex parte Young*, 209 U.S. 123 (1908) if any member has threatened to cause, or has caused, irreparable injuries. *See Isaacson v. Mayes*, 84 F.4th 1089, 1101 (9th Cir. 2023) ("The combination of these potential threats from [state officers] and private parties" makes every member of the "combination" an *Ex parte Young* "proper defendant" to be sued for injunctive relief).

Plaintiff meets every TRO requirement (Doc. 94, pp. 5-17). He gave Attorney General Kris Mayes and Presiding Judge Pamela Gates sufficient notice of the TRO/PI motion on November 24, 2025. Four days later, those defendants expressly refused to disavow administrative, civil, and criminal enforcement of the challenged statute against Plaintiff.[1] (Doc. 94, p. 1). The Attorney General and Presiding Judge are indisputably

---

[1] The Court previously questioned whether Plaintiff had demonstrating standing after Attorney General Mayes took the ambiguous defense position that while her "prosecution is unlikely, any such prosecution would be more likely to come from a county attorney" (Doc. 38, p. 9-10), suggesting Plaintiff had not shown a "credible threat" sufficient to fear an imminent ("pre-enforcement") injury. (Doc. 47, pp. 6-13). The Attorney General tried to place the burden on Plaintiff to demonstrate credible threat but the Ninth Circuit requires state officers to overcome a presumption of enforcement by expressly disavowing enforcement of a challenged statute. (Doc. 57; Doc. 94, p. 1). *See S.F. Cnty. Democratic Cent. Comm. v. Eu*, 826 F.2d 814, 822 & n. 15 (9th Cir.1987). The Attorney General's express refusal to disavow enforcement against Plaintiff – stated clearly for the first time

members of a statutorily authorized "combination" of private persons and state officers that (1) has previously attempted to civilly and criminally prosecute Plaintiff (Doc. 14 at 56-60, 92-97); (2) once again threaten administrative, civil, and criminal enforcement with their express refusal to disavow enforcement (Doc. 94, p. 1); and (3) have caused Plaintiff to suffer ongoing actual irreparable injuries via administrative enforcement of § 12-3201 in the form of a non-judicial "administrative order" (Doc. 94, pp. 1-3).  Critically, these imminent and actual injuries confirm Plaintiff has standing (Doc. 94, pp. 2-4, 17), no state officer can claim sovereign immunity (Doc. 94, pp. 1-3, 17) or judicial immunity (Doc. 94, p. 5, n.3), and § 12-3201 reaches constitutionally protected activities (Doc. 94, pp. 6-13) such that Plaintiff's claim must be decided on the merits (Doc. 94, pp. 5-15).

## DATES OF IMMIMENT EVENTS

The Preliminary Order also instructs movants to "identify the dates of the imminent events pertinent to the request." (Doc 13, p. 6).  Plaintiff will file three written motions absent leave of the court in state cases FC2020-090224, CV2021-005501, and CV2021-013210 from December 19-26, 2025, and will then file other papers in the form of replies to those motions – all after the Attorney General and Presiding Judge have refused to disavow enforcement of the challenged statute. (Doc. 14 at 98; Doc. 94, p. 1).

## CONCLUSION

Absent relief, Plaintiff faces the threat of irreparable injuries including the loss of access to his child and criminal indictment for exercising his fundamental right to petition in three active cases deemed "well-founded" by trial courts, appellate courts, and defendants who settled when presented documents and other facts supporting Plaintiff's

---

on November 28th – establishes the presence of a credible, immediate threat *and* makes Attorney General Mayes an Ex *parte Young* "proper defendant".

claims. (Doc. 14 at 61-76, 242; Doc. 49, Affid.; Doc. 94, p. 4). The threat that Attorney General Mayes and Presiding Judge Gates will cause irreparable (i.e., "substantial") injuries is "immediate". Plaintiff should not be forced to "bet the farm" when the Court can grant injunctive relief and prevent these state officers from enforcing a facially unconstitutional statute given Plaintiff's plan to engage in conduct proscribed by that statute. *Peace Ranch, LLC v. Bonta,* 93 F.4th 482, 487 (9th Cir. 2024). Plaintiff endures ongoing irreparable injuries caused by Presiding Judge Gates' refusal to rescind a non-judicial administrative order and refusal to remove Plaintiff's name from an online vexatious litigant list. He is also enduring the immediate threat of pre-enforcement irreparable injuries in the form of civil and criminal prosecution from Attorney General Mayes. Plaintiff has standing to bring both state officers to suit, and the Court has Article III jurisdiction. Tellingly, the Presiding Judge offers no Fed. R. Civ. P. 12(b)(6) merits defense. (Doc. 94, p. 5). The Attorney General's merit defense relies on the unsupported legal contention that "baseless litigation is not immunized by the First Amendment right to petition" and "there is no constitutional right to file frivolous (i.e., objectively baseless) litigation" (Doc. 94, p. 7). Attorney General Mayes asks the Court to believe all "baseless litigation" is unconstitutional despite the Supreme Court's contrary holding "that we have never held that the entire class of objectively baseless litigation may be enjoined or declared unlawful ... Instead, ..., our holdings limited regulation to suits that were both objectively baseless *and* subjectively motivated by an unlawful purpose". *BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 530-31 (2002) (emphasis original) (Doc. 94, pp. 7-9). A.R.S. § 12-3201 reaches constitutionally protected activities (Doc. 94, pp. 5-15). Plaintiff at least raised "serious questions" going to the merits (Doc. 94, pp. 5-17) given the Arizona supreme court's binding construal of § 12-3201(E) which found judicial

considerations for subjective motives provisions are "separate" from, and not "moored" to, any consideration for the underlying suit's objective baselessness. (Doc. 94, pp. 9-14). Put another way, "in every application", each § 12-3201(E)(1)(a)-(f) provision "prohibits or otherwise regulates" constitutionally protected core court "petitioning activities" and "conduct incidental to a petition" per *Sosa v. DIRECTV, Inc.,* 437 F.3d 923 (9th Cir. 2006) and *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024). (Doc. 94, pp. 6-14).  In addition, § 12-3201(B) functions as a presumptively unconstitutional "content based" "prior restraint" on a First Amendment right where that restraint is not "narrowly tailored" and is not justified by any "substantial" or "compelling" "government interest".  (Doc. 94, p. 15).  Plaintiff has raised "a colorable First Amendment claim" entitling him to temporary and preliminary injunctive relief. (Doc. 94, pp. 5-17).

          DATED this 15th day of December 2025.

          By: <u>//s//</u>
               Phillip Potter
               Plaintiff
               Pro Se

<u>CERTIFICATE OF SERVICE</u>

Plaintiff hereby certifies that on December 15, 2025, he electronically delivered the attached documents via the PACER system to the District of Arizona Clerk's Office at:

401 W. Washington St.
Suite 130
SPC 1
Phoenix, AZ 85003
602-322-7200

Copies of the same documents were electronically transmitted this same day via the PACER CM/ECF system to all parties, including to:

Joshua Katz
Hayleigh Crawford
Office of the Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004-1592
602-542-5025
*Attorneys for Defendant Arizona Attorney General Kris Mayes*

Kara Karlson
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004-1592
(602) 542-8323
*Attorney for Defendant Presiding Judge Pamela Gates*

Brett W. Johnson
Derek C. Flint
Charlene A. Warner
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
*Attorneys for Defendant Karrin Taylor Robson*

1

2  Timothy Nelson
   24 West Camelback
3  Suite A#541
   Phoenix, Arizona 85013
4  Telephone: 602.421.2681
   Facsimile: 602.456.9982
5  *Attorney for Defendant Robert Meza*

6
   Trevor Cook
7  Jeffrey Silence
   20235 N. Cave Creek Rd.
8  Ste 104 # 460
   Phoenix, AZ 85024
9
   Telephone: (602) 932-8358
10 *Attorneys for Defendant Alane Ortega*

11

12 By: __//s//__
   Phillip Potter
13 Plaintiff
14 Pro Se

15

16

17

18

19

20

21

22

23

24

25

26