IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, | No. CV-25-00663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Meza, et al., | |
| Defendants. | |

*Pro se* Plaintiff initiated this action in February 2025.  (Doc. 1.)  As relevant here, Count One of Plaintiff's operative pleading raises a "First Amendment Facial Challenge" to A.R.S. § 12-3201, which is Arizona's vexatious litigant statute.  (Doc. 14 ¶¶ 113-207.)  Plaintiff previously filed a motion for a temporary restraining order and preliminary injunction that would bar Arizona Attorney General Kris Mayes ("AG Mayes") from enforcing § 12-3201 against him (Doc. 23) but the Court denied that motion in a June 20, 2025 order, concluding that (1) it was unlikely Plaintiff had standing to pursue a pre-enforcement challenge against AG Mayes; and (2) at any rate, Plaintiff was unlikely to succeed on the merits of his challenge (Doc. 47).

Now pending before the Court is Plaintiff's second motion for temporary restraining order and preliminary injunction ("Second TRO/PI Motion").  (Doc. 94.)[1]  In that motion, "based on new and newly discovered jurisdictional facts," "Plaintiff moves the Court to

---

[1]    Also pending before the Court are several motions to dismiss, for judicial notice, for jurisdictional discovery, and to strike.  (Docs. 38, 51, 52, 57, 58, 64, 67, 84, 85, 90.)  The Court is aware of these motions and will rule on them in due course.

1    enjoin [AG] Mayes and [the Presiding Judge of the Maricopa County Superior Court] from

2    civilly, criminally or administratively enforcing A.R.S. § 12-3201 until the [present] case

3    is complete." (*Id.* at 1, 3-4.)  For the reasons that follow, the motion is denied.

### DISCUSSION

5         Plaintiff argues there are "new and newly discovered jurisdictional facts" that

6    warrant granting his request for injunctive relief.  (Doc. 94 at 1.)  Those purported new

7    facts are: (1) Administrative Order 2023-159, issued by the Presiding Judge, declaring

8    Plaintiff vexatious in all cases in Arizona (which was issued before Plaintiff filed his

9    operative pleading, but which Plaintiff claims not to have known about until recently) (*id.*

10   at 1-2); (2) "documents and admissions from [the Presiding Judge] . . . as part of an Ariz.

11   R. Sup. Ct. 123(f) public records request" (*id.* at 2-3); and (3) AG Mayes's and the

12   Presiding Judge's recent rejection of Plaintiff's request not to enforce A.R.S. § 12-3201

13   against him "until the [present] case is complete" (*id.* at 3).  According to Plaintiff, these

14   new facts create a "developed record . . . which show[s] no state officer is entitled to

15   sovereign immunity, and Plaintiff has standing to sue the state officers as *Ex parte Young*

16   'proper defendants.'"  (*Id.* at 3.)

17        The overarching problem with Plaintiff's motion is that the June 20, 2025 order

18   denied Plaintiff's initial motion for injunctive relief for two independent reasons: (1) failure

19   to establish a likelihood of standing; and (2) failure to establish a likelihood of success on

20   the merits.  The purported new facts referenced in Plaintiff's motion are only relevant, if

21   at all, to the first issue.  To the extent Plaintiff's motion also includes new or rehashed

22   arguments regarding the second issue, it is simply a motion for reconsideration.

23        Local Rule 7.2(g) governs motions for reconsideration.  Under LRCiv 7.2(g)(2),

24   "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than

25   fourteen (14) days after the date of the filing of the Order that is the subject of the motion."

26   *Id.*  Thus, Plaintiff's request for reconsideration of the merits analysis in the June 20, 2025

27   order is untimely.  Furthermore, under LRCiv 7.2(g)(1), "[t]he Court will ordinarily deny

28   a motion for reconsideration of an Order absent a showing of manifest error or a showing

of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Id.* The merits-based arguments set forth in Plaintiff's Second TRO/PI Motion (Doc. 94 at 7-15) are not based on new facts or new legal authorities and do not, in any event, establish that the merits analysis in the June 20, 2025 order was manifestly erroneous.

Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for a temporary restraining order and preliminary injunction (Doc. 94) is **denied**.

Dated this 16th day of December, 2025.

_____
Dominic W. Lanza
United States District Judge