Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
|---|---|
| Plaintiff, | |
| v. | **MOTION FOR RECONSIDERATION RE: ROBERT MEZA AND KARRIN TAYLOR ROBSON** |
| Robert Meza, et al., | |
| Defendants. | (Oral Argument Requested) |

A motion for reconsideration may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Such motions may be filed within twenty-eight days of entry of an appealable decision. *See Am. Ironworks & Erectors*, *Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898-99 (9th Cir. 2001). Local Rules requires these motions be filed within fourteen days where a non-final decision being rendered. LRCiv. 7.2(g). Based on "clear error", Plaintiff timely asks the Court to reconsider its Order dismissing Robert Meza and Karrin Taylor Robson. (Doc. 100).

I. The Court Should Reconsider

Plaintiff filed a 42 U.S.C. § 1983 damages claim and associated state claims against Former State Representative Robert Meza and Karrin Taylor Robson. In a non-final decision, the Court dismissed for *Noerr-Pennington* immunity, finding Plaintiff had a sufficient opportunity to present all of the coordinated false factual statements and material omissions Meza and Taylor Robson made in an A.R.S. § 39-121, *et seq*. public records case. Accordingly, the third sham litigation exception to the *Noerr-Pennington* doctrine did not apply. (Doc. 100, pp. 47-51).

A. Legal Standard

A motion for "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

B. There Was Clear Error Applying The *Noerr-Pennington* Doctrine

The Court found Meza and Taylor Robson enjoyed *Noerr-Pennington* immunity for two reasons. First, the first sham litigation exception did not apply "because "a winning lawsuit is by definition not a sham." ... The FAC itself recognizes that the

1

Arizona state court issued an order granting Robson's and Meza's motion to designate Plaintiff vexatious." (Doc. 100, p. 47). As the Ninth Circuit recently explained, a "motion" is not a "lawsuit" for *Noerr-Pennington* purposes, and motions do not go into considerations or calculations under the "first" or "second" sham litigation exception. *Relevant Grp., LLC v. Nourmand*, 116 F.4th 917, 930-931 (9th Cir. 2024). Furthermore, Mr. Meza and Ms. Taylor Robson did not have a "winning lawsuit" in the public records statutory mandamus action requiring state officers, and private persons in actual possession of a state officer's public records, to make public records available for inspection. *See Fann v. Kemp in and for the County of Maricopa*, 515 P. 3d 1275 (2022). Plaintiff succeeded in forcing the two recalcitrant defendants to disclose several documents withheld prior to litigation. (Doc. 14 at 67-75). Those documents show communications between former State Representative Meza and Ms. Taylor Robson as well as copies of a $5,000 check Ms. Taylor Robson provided a Medicaid-approved nonprofit organization knowing those funds would be passed onto Meza, as other knowledgeable corporate representatives and persons seeking political Meza favor had done. Plaintiff plausibly alleged these facts, including with accompanying exhibits. (Doc. 14 at ¶¶ 67-75). Further, Meza and Taylor Robson alleged Plaintiff harassed them through litigation in violation of A.R.S. § 12-3201(E)(1)(a) but the district court did not rule in their favor on those allegations, and the Court of Appeals affirmed the denial.[1] The allegations which supposedly affected them failed. Regardless, the Court should correct the record to make its findings consistent with Ninth Circuit precedent regarding how "motions" are not "lawsuits" for *Noerr-Pennington* purposes.

---

[1] Plaintiff was ultimately judged to have only filed A.R.S. § 12-3201(E)(1)(c) groundless actions upon court review of active litigation, although Plaintiff later obtained non-nuisance financial settlements proving those actions were not groundless. (Doc. 49-1).

Second, the Court found Meza's and Taylor Robson's litigation conduct did not deprive state courts of their legitimacy, meaning the third sham litigation exception did not apply. (Doc. 14 at ¶ 230, n. 38). Plaintiff contends Meza's rampant frauds, committed both inside and outside of courts, were characterized not just by false representations but also by material omissions. (Doc. 14 at ¶¶ 1-98). This case presents facts and circumstances where "plaintiff[] will not have personal knowledge of all of the underlying facts [and may not be able to] attribute particular fraudulent conduct to each defendant." (Doc. 14 at ¶ 99, n.24). The Court, however, dismissed on the basis that Plaintiff was aware, or somehow could have been sufficiently aware, of Meza's full gambit of omissions and representations. The Ninth Circuit has determined the third sham exception triggers when a plaintiff "has alleged intentional misrepresentations to the court, and fraud upon the court through the suppression of evidence" that results in a negative judicial outcome, which is the situation here. *Kearney v. Foley & Lardner, LLP* (590 F.3d 638, 673-674 (9th Cir. 2009). Such allegations "quite clearly fell within the third [] sham litigation exception". *Id*. And the question of whether Plaintiff "could have done more to discover" all of Meza's false statements and material omissions "is a question of fact not properly dealt with at the pleading stage". *Id* at 648. The Ninth Circuit has held a "district court erred in holding the sham litigation exception did not apply to [such] allegations, and remand[ed] for consideration of her federal claims." *Id*. The same standard and outcome should apply here. Indeed, there is no way for anybody, including Plaintiff, to know the totality of Meza's false statements and material omissions given that misconduct spans more than seven years and was entered into numerous court proceedings, including proceedings to which Plaintiff was not party. (Doc. 14 at ¶ 22). This is a prime case where Mr. Meza and Ms. Taylor Robson "use[d] administrative and

judicial proceedings so as to deny [Plaintiff] 'free and unlimited access' to those tribunals," such that "the machinery of the agencies and the courts was effectively closed." *California Motor Transport v. Trucking Unlimited*, 404 U.S. 508, 511 (1972). The third sham litigation exception could not be more applicable.[2] To conclude otherwise is clear error.

II. Requested Relief

Plaintiff asks the Court to reconsider, modify any decision to reflect that a "motion" is not a "lawsuit" for *Noerr-Pennington* purposes, and deny Meza's and Robson's combined motion to dismiss on all claims.

DATED this 20th day of January 2026.

By: //s//
Phillip Potter
Plaintiff
Pro Se

---

[2] The Court also erred to take judicial notice of a court entry and accept the facts therein as true to decide the dismissal motion ("the Arizona Superior Court stated that it "carefully reviewed the parties' filings and the Court's minute entries and orders in this matter, together with the pleadings, minute entries, and orders in the several other litigation matters cited by Defendants and Plaintiff"). (Doc. 100, pp. 49-51). "[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion." *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001). The Court took these factual statements as true and incorporated them into its ruling when time has definitively proven those statements wrong, including the fact that Plaintiff ultimately won three lawsuits which "the Arizona Supreme Court reviewed ... in this matter, together with other pleadings, minute entries, and orders in several other [active] matters" to erroneously conclude those actions were groundless when, in fact per final judgments, they were ultimately proven meritorious and victorious. (Doc. 49-1). Plaintiff's allegations are to be taken as true on the pleadings, and defendants are not entitled to their "version of the facts at the pleading stage". *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Any favorable ruling Meza received were the fruits of fraud which "deprive[d] the litigation of its legitimacy." *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998).