**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>                    Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>                    Defendants. | No. CV-25-00663-PHX-DWL<br><br>**ORDER** |

After being declared a vexatious litigant in Arizona state court, Plaintiff (who is proceeding *pro se*) filed this action, asserting an array of claims against five Defendants: (1) Arizona Attorney General Kris Mayes ("AG Mayes"); (2) the Presiding Judge of the Maricopa County Superior Court; (3) former Arizona State Senator and State House Member Robert Meza ("Meza"); (4) former Arizona Board of Regents member and gubernatorial candidate Karrin Taylor Robson ("Robson"); and (5) Alane Ortega ("Ortega"), the attorney of Plaintiff's ex-wife. On January 6, 2026, the Court issued a lengthy order that dismissed all of Plaintiff's claims but granted limited leave to amend. (Doc. 100.)

Plaintiff has now filed three motions for reconsideration of that order. (Docs. 101-03.)[1] Plaintiff's requests for oral argument are denied because argument would not assist

---

[1] The Court notes that LRCiv 7.2(g)(1) provides for the filing of a "motion for reconsideration *of an Order*." *Id.* (emphasis added). Plaintiff filed three motions for reconsideration, all directed at the Court's order at Doc. 100. Under LRCiv 7.2(e)(1), a motion for reconsideration of an Order "may not exceed seventeen (17) pages." By filing three separate motions (which collectively exceed 17 pages) for reconsideration of one order, Plaintiff has attempted an end-run around the Local Rules. The motions for

the decisional process.  For the reasons that follow, all three motions are denied.

**LEGAL STANDARD**

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).  Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted).  "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs.  Nor is reconsideration to be used to ask the Court to rethink what it has already thought."  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citations omitted).  *See also FTC v. Noland*, 2022 WL 901386, *3 (D. Ariz. 2022) ("Local Rule 7.2(g) . . . [creates] essentially the same standard a district court outside the District of Arizona . . . would apply when resolving a reconsideration motion under Rule 54(b).") (citation omitted); 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54 (June 2025 update) ("Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. . . . While the Rule 59(e) scheme does not directly control a trial court's ability to review interlocutory orders, courts have looked to its common-sense guideposts because the same general principles apply in both settings.  In sum, trial courts will exercise their discretion to reconsider interlocutory rulings only when there is a good reason to do so, including (but not limited to) the existence of newly discovered evidence that was not previously available, an intervening change in the controlling law, or a clear error rendering the initial decision manifestly unjust.") (footnotes omitted).

**DISCUSSION**

As an initial matter, large sections of Plaintiff's motions for reconsideration reiterate

---

reconsideration could be denied on this basis alone.  LRCiv 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of this Local Rule, . . . the Court may dispose of the motion summarily.").

- 2 -

arguments that Plaintiff already raised in response to the motions to dismiss or raise new arguments or citations that Plaintiff could have raised when responding to the motions to dismiss. Such arguments are not properly raised in a motion for reconsideration. *Motorola*, 215 F.R.D. at 582. Nevertheless, Plaintiff's arguments for reconsideration also independently fail for several other reasons, set forth below.

I.     AG Mayes

Plaintiff contends that the Court committed "clear error" when it dismissed Counts One and Two against AG Mayes for lack of standing. (Doc. 101 at 1.)

### A.     **Count One**

Count One asserted a "First Amendment Facial Challenge to A.R.S. § 12-3201," Arizona's vexatious litigant statute. (Doc. 14 ¶¶ 113-207.) In the challenged order, the Court concluded that Plaintiff lacked standing in relation to AG Mayes because (1) "A.R.S. § 12-3201 itself provides no method of enforcement (civil or criminal) that would implicate AG Mayes" (Doc. 100 at 27), and (2) to the extent Plaintiff's theory was that his plan to violate A.R.S. § 12-3201 might expose him to prosecution under other statutes, "Plaintiff has not identified, nor has the Court located, any authority that would allow him to invoke the pre-enforcement framework where the statute he seeks to challenge on constitutional grounds is not the statute under which he fears criminal prosecution" (*id.* at 31).

In his motion for reconsideration, Plaintiff argues that *Am. Encore v. Fontes*, 152 F.4th 1097 (9th Cir. 2025)—which was decided after Plaintiff responded to AG Mayes's motion to dismiss—"confirm[s] Plaintiff's standing to challenge a state civil law based on credible fear of criminal prosecution under a separate criminal statute." (Doc. 101 at 2.) But Plaintiff misinterprets *American Encore*. At issue in *American Encore* were two provisions of the 2023 Election Procedures Manual ("EPM"): the Canvass Provision and the Speech Provision. 152 F.4th at 1105. The plaintiffs challenged "these provisions as violative of the First and Fourteenth Amendments." *Id.* Importantly, the EPM "has the force of law," and "any violation of an EPM rule is punishable as a class two misdemeanor." *Id.* at 1106 (citation omitted). As relevant here, the Ninth Circuit affirmed

"the district court's conclusion that Plaintiffs have standing to seek a preliminary injunction enjoining the Speech Provision." *Id.* at 1123. But unlike here, the plaintiffs in *American Encore* were not attempting to raise a preenforcement challenge to the Speech Provision by claiming they feared prosecution under other statutes. Indeed, the Ninth Circuit held that the "[p]laintiffs have shown that there is a credible or substantial risk of enforcement *of the Speech Provision* against them," and "[p]oll workers may call the police or remove individuals from voting centers *based on the Speech Provision alone.*" *Id.* at 1119 (emphasis added). "Ultimately, the touchstone of our inquiry is whether Plaintiffs have adduced enough evidence to show that there is a realistic threat that *the law in question* may be enforced against them." *Id.* at 1118 (emphasis added). *American Encore* does not alter or contradict the Court's determination that Plaintiff lacks standing to assert a preenforcement challenge against AG Mayes in relation to A.R.S. § 12-3201 based on his claimed fear of prosecution under other statutes.

### B. Count Two

Count Two asserted a "First Amendment Facial Challenge to A.R.S. § 13-2921," Arizona's harassment statute. (Doc. 14 ¶¶ 208-214.) In the challenged order, the Court concluded that Plaintiff had "failed to establish that his anticipated course of conduct is 'proscribed by a statute'" and also failed to establish a credible threat of enforcement. (Doc. 100 at 31-36.) As for whether his anticipated conduct is "proscribed by a statute," Plaintiff argues in his reconsideration motion that the Court was required to accept his interpretation of the harassment statute so long as it was arguable. (Doc. 101 at 15.) But the challenged order did not reject Plaintiff's interpretation of the harassment statute; rather, it found that Plaintiff had not alleged sufficient facts to support that the conduct in which he intends to engage would even qualify as a statutory violation under his proffered interpretation. As for the credible threat of enforcement, Plaintiff again relies on *American Encore* and argues that allegations that state officials "collectively" can prosecute him is sufficient to demonstrate his standing as to AG Mayes. (*Id.* at 16.) However, in *American Encore*, the Secretary (unlike here) was named as a defendant and had also delegated

"enforcement authority" of the Speech Provision to others. *Am. Encore*, 152 F.4th at 1118-19. In any event, the challenged order granted leave to amend "because Count Two is being dismissed at least in part based on insufficiently detailed allegations." (Doc. 100 at 66.)

II.  Presiding Judge

The only claim asserted against the Presiding Judge was Count One, the First Amendment facial challenge to Arizona's vexatious litigant statute. The Court concluded that "although Plaintiff purports to sue the Presiding Judge in his administrative capacity, no Article III controversy exists because the challenged actions taken by the Presiding Judge were adjudicatory. . . .  This determination makes it unnecessary to reach the Presiding Judge's remaining arguments regarding sovereign immunity and judicial immunity." (Doc. 100 at 61.) Nevertheless, Plaintiff's motion for reconsideration largely argues that the Presiding Judge does not enjoy sovereign immunity or judicial immunity. (Doc. 102.) These arguments for reconsideration do not address the grounds on which the Court decided the Presiding Judge's motion to dismiss. Plaintiff's arguments, therefore, do not provide a basis for reconsideration.[2]

III.  Robson and Meza

In Count Three, Plaintiff asserted a § 1983 claim for First Amendment retaliation against Robson and Meza. (Doc. 14 ¶¶ 215-37.) In Counts Four and Five, Plaintiff asserted state-law claims for abuse of process and aiding and abetting abuse of process. (*Id.* ¶¶ 238-69.) In the challenged order, the Court dismissed Counts Three through Five against Robson and Meza, concluding that those claims "are barred by the *Noerr-Pennington* doctrine" because they seek to hold Robson and Meza liable for protected petitioning activity—i.e., the prosecution of their motion to have Plaintiff deemed a vexatious litigant. (Doc. 100 at 50.) Plaintiff's motion for reconsideration identifies two reasons why this

---

[2]  In a footnote, Plaintiff also argues that because the Presiding Judge did not join in AG Mayes's merits arguments in the parties' appellate briefing related to the denial of Plaintiff's second TRO motion, the Presiding Judge's "merits position . . . qualifies as 'newly discovered evidence' justifying independent grounds for reconsideration." (Doc. 102 at 6 n.3.) Even if that were true, any "admission" by the Presiding Judge concerning the merits wouldn't change the ruling on jurisdiction.

- 5 -

was "clear error." (Doc. 103 at 1.) First, Plaintiff argues that the Court found that "Plaintiff had a sufficient opportunity to present all of the coordinated false factual statements and material omissions Meza and Taylor Robson made in an A.R.S. § 39-121, *et seq.* public records case," which provided the foundation for the determination that "the third sham litigation exception to the *Noerr-Pennington* doctrine did not apply." (Doc. 103 at 1.) But this is not an accurate representation of the challenged order, which explained that Plaintiff's attempt to invoke the third sham litigation exception failed "for several reasons," the first of which was that Plaintiff failed to allege "misrepresentations that Meza and Robson made to the superior court *in connection with their prosecution of [the vexatious litigant] motion.*" (Doc. 100 at 47.) Thus, Plaintiff's argument that he couldn't have been aware of all of the material omissions made by Robson and Meza over the last "seven years" and in "numerous court proceedings, including proceedings to which Plaintiff was not party" (Doc. 103 at 3) does not compel reconsideration.

Second, Plaintiff argues that a "'motion' is not a 'lawsuit' for *Noerr-Pennington* purposes," so the fact that Robson and Meza successfully prosecuted the vexatious litigant *motion* is of no moment to the first sham litigation exception. (Doc. 103 at 2.) Plaintiff cites *Relevant Grp., LLC v. Nourmand*, 116 F.4th 917 (9th Cir. 2024), but Plaintiff's cited passages from that case address the second sham litigation exception—i.e., a series of lawsuits. Plaintiff nowhere alleged or argued that the second sham exception applies. In any event, the concept of a "winning lawsuit" was raised in the parties' briefing on Robson's and Meza's joint motion dismiss, and Plaintiff has not cited any new law or facts that warrant reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for reconsideration (Docs. 101, 102, 103) are **denied**.

Dated this 23rd day of January, 2026.

Dominic W. Lanza
United States District Judge

- 6 -