Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>               Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>               Defendants. | No. 2:25-cv-00663-PHX-DWL<br><br>**MOTION FOR<br>ADMINISTRATIVE STAY**<br><br>(Expedited Consideration Requested) |

     Plaintiff asks the Court to issue a partial administrative stay covering the portion of its January 6, 2026 dismissal order (the "Order", Doc. 100) affecting Count One.

PERTINTENT PROCEDURAL BACKGROUND

     Count One involves a First Amendment facial challenge to A.R.S. § 12-3201. (Doc 14). Arizona Attorney General Kris Mayes, in her official capacity, and Presiding Judge Pamela Gates, in her official administrative capacity, are named as defendants. Plaintiff moved for a temporary restraining order ("TRO") and preliminary injunction

("PI") (Doc. 23) while the Presiding Judge delayed voluntarily accepting service. Attorney General Mayes responded to the TRO and PI motion (Doc. 37) and then quickly filed a combined Fed. R. 12(b)(1) and (6) motion (Doc. 38).  On June 20, 2025, the Court tentatively denied the TRO without conducting additional PI proceedings. (Doc. 47). Thereafter, Presiding Judge Gates voluntarily accepted service (Doc. 62) and filed her combined Fed. R. 12(b)(1) and (6) motion which rested on judicial immunity. (Doc. 67). Motion practice regarding judicial notice followed.  Plaintiff then filed a second motion for TRO and PI based on what he believed were new jurisdictional facts and judicially noticeable facts going to the merits. (Doc. 94).  The Court emphatically denied that motion (Doc. 96) which Plaintiff appealed as an appealable interlocutory order.  28 U.S.C. § 1292(a)(1).  Plaintiff immediately moved for injunctive relief pending appeal in the Ninth Circuit, which is now fully briefed in Ninth Circuit No. 25-7977.  Critically, in the circuit court, Presiding Judge Gates expressly acknowledges that she does not challenge Plaintiff's standing and does not challenge the merits of Count One; essentially conceding § 12-3201 violates the First Amendment. (Doc. 102).  Further, the Opening Brief has been filed.  Attorney General Mayes' and Presiding Judge Gates' Response Briefs are due February 13th.  Meanwhile, the district court issued the Order during appellate proceedings.  In a January 28th appellate motion, which Presiding Judge Gates did not join, Attorney General Mayes has requested the appeal be dismissed as moot due to the Order being issued.

ARGUMENT

I. The Court Should Issue a Partial Stay

In the Ninth Circuit, Attorney General argues the appeal has become moot because the district court "lack[s] the equitable powers to issue an injunction based on [those]

claims no longer in the complaint." In other words, she contends this Court cannot grant an injunction arising from dismissed claims. Plaintiff has many defenses to that questionable argument, but the argument presumes this Court will not administratively stay the effect and operation of the Order, and that the Ninth Circuit also would not stay the Order if requested.[1] A partial administrative stay suspending the Order going to Count One would allow the district court to procedurally maintain its "equitable powers" while avoiding any duplicative expenditure of judicial resources until the circuit decides whether (1) Plaintiff has standing to sue Attorney General Mayes, and (2) Presiding Judge Gates' administrative acts classify as judicial acts for immunity purposes. A partial stay thus preserves the status quo between the parties, conserves judicial resources at all levels, and expedites the case. The Court should grant the stay.

A. Legal Standard

The Ninth Circuit "resolved which standard applies to administrative stay motions." *Nat'l Urban League v. Ross*, 977 F. 3d 698, 701 (9th Cir. 2020). The "touchstone is the need to preserve the status quo" while substantive proceedings can be fully adjudicated, including so that substantive motions on "appeal can be considered on the merits." *Id*.

B. An Administrative Stay Is Warranted

District courts possess inherent authority to administer their dockets, including to issue administrative stays. They also possess broad powers to tailor relief under their inherent authority and under procedural rules. *See e.g.*, FRCP 1 ("These rules ... should be construed, administered, and employed by the court and the parties to secure the just,

---

[1] Ninth Circuit rules require any stay first be requested in the district court; a requirement this motion fulfills.

speedy, and inexpensive determination of every action and proceeding."); FRCP 62 (Permitting stays of interlocutory orders and judgments, including those on appeal).

### 1. An Administrative Stay Preserves The Status Quo

The requested administrative stay preserves the status quo where Plaintiff can continue to exercise his First Amendment rights and facially challenge an allegedly unconstitutional statute, while the stay has no detrimental effect on Attorney General Mayes or Presiding Judge Gates. In sum, a partial stay merely "freezes" the status quo so the Ninth Circuit can efficiently conduct appellate proceedings.

### 2. An Administrative Stay Conserves Judicial Resources

Should the circuit finds Plaintiff has standing to sue the Attorney General and/or the Presiding Judge, and determines, as Plaintiff and the Presiding Judge seem to agree, that A.R.S. § 12-3201 violates the First Amendment then most, if not all, dismissal motions and defenses resolve. For instance, the Court would have supplemental jurisdiction over state claims involving Alane Ortega. Furthermore, issuing a partial administrative stay conserves appellate resources and expedites those proceedings while ensuring the parties will not have to reproduce the same motions and briefings in the circuit at a later date. The stay also saves the Ninth Circuit from having to rule on functionally the same motion to stay the Order.

## II. Requested Relief

Plaintiff asks the Court to issue a partial administrative stay of the Order, staying and suspending its effect and operation as the Order goes to Count One until after the Ninth Circuit concludes its proceedings.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DATED this 29th day of January 2026.

By: <u>//s//</u>
  Phillip Potter
  Plaintiff
  Pro Se