Phillip Potter
2301 N. 66th Street
Scottsdale, Arizona 85257
Phone: 480.459.0310
E-Mail: phillip.t.potter@gmail.com
Plaintiff
Pro Se

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Phillip Potter, | No. 2:25-cv-00663-PHX-DWL |
|---|---|
| Plaintiff, | |
| v. | **NOTICE FOR EXPEDITED CONSIDERATION OF MOTION FOR ADMINISTRATIVE STAY** |
| Robert Meza, et al., | |
| Defendants. | |

Per Preliminary Order instructions, Plaintiff provides this "Notice of Expedited Consideration" which "set[s] forth the grounds warranting accelerated resolution" (Doc. 13, p. 6). He has asked the Court to issue a partial administrative stay of its January 6, 2026 Order (the "Order", Doc. 100) going to Count One, which is a First Amendment facial challenge to A.R.S. § 12-3201, and involves Arizona Attorney Kris Mayes and Presiding Judge Pamela Gates as defendants. (Doc. 14). The requested administrative stay would suspend the effect and operation of this portion of the Order.

GROUNDS WARRANTING ACCELERATED RESOLUTION

As the motion (Doc. 106) details, the Court's denial of a temporary restraining

order and preliminary injunction (Doc. 96) are on appeal, which now includes a fully briefed request for injunctive relief during the pendency of appeal.  On January 28, 2026 Attorney General Mayes moved for the circuit to dismiss on the basis that the non-final Order removed the Court's "equitable powers".  Granting the requested administrative stay would allow the district court to retain its equitable powers and permit the appeal to proceed without impediment or delay.  Critically, Presiding Judge Gates concedes the merits on appeal that § 12-3201 violates the First Amendment, meaning if the circuit finds Plaintiff has standing then Count One likely resolves absent any additional or duplicative expenditure of judicial resources either in the district court or in the circuit court.

## DATES OF IMMIMENT EVENTS

Yesterday was the first significant event while Plaintiff anticipates he will be able to respond to the appellate motion to dismiss by February 1st.  That said, out of caution, Plaintiff will be forced to request the Ninth Circuit stay the Order's effect and operation should the district court deny or delay past February 3rd.  On that day, out of caution, Plaintiff will ask the circuit to stay the Order having fulfilled the circuit's procedural requirements to first request the stay in the district court.

## CONCLUSION

The requested stay merely preserves the status quo between the parties and serves judicial economy.

DATED this 29th day of January 2026.

By: //s//
Phillip Potter
Plaintiff
Pro Se