**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant Alane Ortega*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>        Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>        Defendant. | Case No. 2:25-cv-00663-PHX-DWL<br><br>**ALANE ORTEGA'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendant Alane Ortega moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the Second Amended Complaint for lack of subject matter jurisdiction.

## I. Introduction

In his Second Amended Complaint ("SAC"), Plaintiff Potter alleges that all named parties are citizens of Arizona. SAC [Doc. 104] at 34–36 ¶¶ 99–104. As a result, this Court cannot have subject matter jurisdiction over any state law claims under 28 U.S.C. § 1332 because there is not complete diversity of citizenship.

Nor does this Court have federal question jurisdiction over Potter's claims against Ortega because Potter does not assert any federal claims <u>against her</u> – he asserts only state law claims for abuse of process and aiding and abetting abuse of process by former Defendants Meza and Robson. SAC at 67–72. As a result, this Court does not have federal question jurisdiction over Potter's claims against Ortega.

Potter alleges that this Court has subject matter jurisdiction over these claims because they are "factually intertwined" with his federal claims against the other defendants. *See* SAC at 37–38 ¶¶ 106–07. He appears to be asking the Court to exercise its discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

The statute, however, requires more than that state claims be "factually intertwined" with federal questions within the same action. Because Potter's state claims against Ortega do not meet the requirements for the Court to exercise supplemental jurisdiction, the Court should dismiss them.

And as set forth below, Potter has been deemed a vexatious litigant in Maricopa County Superior Court. Potter is trying to circumvent that order by filing this action.

## II. Facts

### A. Background

Ortega is a family law attorney in Arizona. *See* SAC at 35 ¶ 102. She represents Potter's ex-wife, Defendant Doctor, in a long-running family court proceeding between her and Potter and in other suits later filed by Potter against Doctor. *See* SAC at 19 ¶ 58.n and 19–20 ¶ 59 (initial and subsequent representation), 69–70 ¶ 260 (listing later cases).

In 2023, the presiding judge of the Maricopa County Superior Court issued an order finding Potter to be a vexatious litigant and requiring Potter to obtain leave from relevant judicial authorities before he could file pleadings or other papers with the state court in that county. *See* Doc. 52-1 (the order). Ortega requests that the Court take judicial notice of the order. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (The Court may take judicial notice of "undisputed matters of public record including documents on file in federal or state courts." (citation omitted)).

### B. Allegations Against Ortega

Potter reasserts his Arizona common-law claims against Ortega of abuse of process, *see* SAC at 69–71 ¶¶ 255–65, and aiding and abetting Defendants Meza's and Robson's alleged abuse of process, *see id.* at 71–72 ¶¶ 266–75.

Potter makes the following factual allegations against Ortega:

SILENCE LAW GROUP

1.    Ortega is the daughter-in-law of a non-profit organization's founder and "made [the founder] aware" that Potter "was on the cusp of filing a civil suit that would expose" the "Scheme" Potter alleges Defendant Meza carried out to secure public funds for certain organizations in return for covert payments. SAC at 5 ¶ 15; *see also* SAC at 2 ¶ 1 (summarizing the alleged "Scheme").

2.    Defendant Doctor engaged Ortega to represent her in 2020. SAC at 19 ¶ 58.n and 19–20 ¶ 59.

3.    Defendant Meza somehow "helped" Defendant Doctor "to secure Ortega as counsel" and "'helped' Ortega with litigation thereafter." SAC at 20 ¶ 60.b.

4.    Ortega objected to consolidation of two civil cases filed by Potter. SAC at 21–22 ¶ 60.c n.14.

5.    Ortega represents Defendant Doctor in another suit Potter filed against Doctor alleging malicious prosecution. SAC at 19–20 ¶ 59.

6.    Ortega conspired with Meza's counsel by phone and email and a "series of communications" to "intimidate" Potter and "discredit and damage him via factual misrepresentations" in court filings so as to "prevent criminal investigations into" Defendants Meza and Doctor and "maintain secrecy and prevent investigations into the Scheme." SAC at 30 ¶ 83; *see also* SAC at 3 ¶ 5 (describing referenced "second object" of the "Scheme").

7.    Ortega filed unsuccessful A.R.S. § 12-3201.A (vexatious litigant) motions against Potter in a civil case and referred to those motions in another civil case. SAC at 30 ¶ 84.

8.    In the family court litigation in which Ortega represents Defendant Doctor, Ortega sought Potter's disclosure of his communications with an FBI agent and the Department of Homeland Security "to intimidate [Potter] and unlawfully learn details about [a] federal investigation." SAC at 30–31 ¶ 85.

9.    In the family court litigation, Ortega withheld required production of records "for the unlawful purpose of concealing financial information" required for a child support

SILENCE LAW GROUP

determination but that "implicated" Defendants Doctor's and Meza's participation in the "Scheme" and sought a protective order limiting the use of financial information used in the litigation to keep it away from "[g]overnment investigators" and to intimidate Potter with the threat of sanctions and being in contempt. SAC at 31–32 ¶¶ 87–89.

10. Ortega made improper objections and improperly instructed Doctor during a deposition in the child-support and custody litigation "to obstruct investigations and conceal information implicating [Defendants Doctor and Meza] in the Scheme." SAC at 32 ¶ 90.

11. Ortega "instructed" Defendant Doctor "to present" a vexatious litigant order from the child-support and custody litigation to the Arizona Secretary of State "seeking to have the State identify [Potter] as a" perpetrator of domestic violence and to "delay, block, and/or limit financial documents production which might prove financial crimes." SAC at 32–33 ¶¶ 92–93.

12. Ortega introduced "address confidentiality program authorization cards" as exhibits to motions in a discovery dispute in the family court litigation to serve "that unlawful purpose" identified in the previous paragraph. SAC at 33 ¶ 94.

### C. Dismissal of Claims

The Court has dismissed Potter's original Count One against Secretary Mayes and Presiding Judge Welty, and Counts Three, Four, and Five against Meza and Robson without leave to amend. *See* Doc. 100 at 66:15–67:3. The Court also dismissed Count Two against Mayes and Four and Five against Ortega but gave Potter "limited grant of leave to amend as to Count [Two]" and reassert his claims against Ortega. *See* Doc. 100 at 66:3–12, 66:15–18, 66:26–27, 67:8–13.

Thus, Potter's only live federal claim in his SAC is his constitutional challenge of Arizona's criminal harassment statute, A.R.S. § 13-2921, naming Secretary Mayes as defendant. *See* SAC at 57–60 ¶¶ 208–20.

### III.     Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action for "lack of subject-matter jurisdiction." "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, [courts] take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankeman*, 392 F.3d 358, 362 (9th Cir. 2004), *overruled on other grounds by Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024). However, "in ruling on a 12(b)(1) jurisdictional challenge, a court may look beyond the complaint and consider extrinsic evidence." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal courts' "supplemental jurisdiction" is codified in 28 U.S.C. § 1367, which provides for district courts' supplemental jurisdiction over all claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." State law claims are part of the same "case" as federal claims when "they derive from a common nucleus of operative fact" and would be expected to be tried in one judicial proceeding. *See Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape and Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). Even when this standard is met, A district court "may decline to exercise supplemental jurisdiction over a claim . . . if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c).

5

### IV. The Remaining Federal Claim Against Mayes Does not Arise from the Same Common Nucleus of Operative Facts as the State-Law Claims Against Ortega.

Potter reasserts only Arizona common law claims against Ortega: abuse of process and aiding and abetting abuse of process allegedly committed by Meza and Robson. *See* SAC at 67 ¶¶ 244–45, 69–71 ¶¶ 255–65 (abuse of process); SAC at 71–72 ¶¶ 266–75 (aiding and abetting Meza and Robson). And the only remaining federal question, should the Court find it sufficiently pleaded, is the constitutionality of Arizona's statutory definition of criminal harassment. *See* SAC at 57–60 ¶¶ 208–20.

First, because all claims against Meza and Robson have been dismissed, Potter's SAC alleges no federal question conferring supplemental jurisdiction over Potter's aiding and abetting claim against Ortega, and it should therefore be dismissed.

As for Potter's abuse of process claim, the elements of an Arizona claim for abuse of process are "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Fappani v. Bratton*, 243 Ariz. 306, 309 ¶ 9 (App. 2017).

Only two acts by which Potter alleges Ortega abused process arguably involve the challenged statute defining criminal harassment: that Ortega entered "address confidentiality program authorization cards" as exhibits in a filing in the family court case, SAC at 33 ¶ 94, 70 ¶ 260, and that she "instructed" Doctor to present an order naming Potter a vexatious litigant "to the Arizona Secretary of State" when enrolling in the address confidentiality program under A.R.S. §§ 41-161 through -169, SAC at 32 ¶ 92. The first act was, or could have been, addressed by the court in the family court case. Potter is seeking to relitigate these issues while circumventing the order restraining him from filing any further vexatious actions in Arizona state courts.

But regardless of whether these issues are res judicata or whether Potter is circumventing the vexatious litigant order, the Court does not have supplemental jurisdiction over them. Potter alleges no facts sufficient to show that his abuse-of-process claim derives from the same nucleus of operative fact as his remaining federal-question

1 claim or that the two claims—against different defendants—would be expected to be tried in the same judicial proceeding. None of <u>Ortega's actions</u> have any bearing on the constitutionality of Arizona's criminal harassment statute. And the constitutionality of Arizona's criminal harassment statute ultimately has no bearing on whether Ortega abused process even to the extent she relied on that statute to allegedly abuse process.

Even if the Court determined it had supplemental jurisdiction over the claims against Ortega, it should decline to exercise it for the reasons identified in § 1367(c). First, to adjudicate Potter's abuse of process claim the factfinder will have to resolve factually intensive complex questions of intent and what constitutes "judicial process" under Arizona law. *See* 28 U.S.C. § 1367(c)(1) (novel or complex issues of State law).

Second, a ruling on the constitutionality of Arizona's statutory definition of criminal harassment will not decide the abuse of process claim against Ortega, which claim could be decided equally or more effectively in a separate proceeding. In that way, the state abuse of process claim substantially predominates over the remaining federal question claim as to Ortega. *See* 28 U.S.C. § 1367(c)(2) (state claim predominating over federal).

Third, if the Court again dismisses the remaining federal claim, it should again dismiss the state claims against Ortega under § 1367(c)(3). *See* Doc. 100 at 64:10–28. The *Cohill* factors cited by the Court still obtain: minimal duplication of effort because this case is less than a year old with no trial date set, at least equal convenience of Superior Court as a forum, and fairness, federalism, and comity served by allowing Arizona courts to address Arizona claims. *See Gesell v. City of Cottonwood*, No. CV-24-08090-PC-DWL, 2025 WL 928885, at *13 (D. Ariz. March 27, 2025).

### V.     Conclusion

The Court should find it has no supplemental jurisdiction over Potter's Arizona claims against Ortega and dismiss them without leave to amend. Alternatively, the Court should decline to exercise supplemental jurisdiction over the claims and dismiss them without leave to amend.

7

1  RESPECTFULLY SUBMITTED this 2nd day of February, 2026.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook

*Attorneys for Defendant Alane Ortega*