1  **KRISTIN K. MAYES**
   **Attorney General**
2  (Firm State Bar No. 14000)
3
4  Hayleigh S. Crawford (Bar No. 032326)
   Joshua A. Katz (Bar No. 039449)
5  Office of the Arizona Attorney General
   2005 N. Central Avenue
6  Phoenix, AZ 85004-1592
   (602) 542-3333
7  Hayleigh.Crawford@azag.gov
   Joshua.Katz@azag.gov
8  ACL@azag.gov
9
10 *Attorneys for Defendant Arizona Attorney*
   *General Kristin K. Mayes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Phillip Potter, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>Defendants. | No. CV25-00663-PHX-DWL<br><br>**ARIZONA ATTORNEY GENERAL'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendant Arizona Attorney General Kristin K. Mayes ("AG Mayes") moves to dismiss the Second Amended Complaint.

**BACKGROUND**

This case arises out of Plaintiff's designation as a vexatious litigant under A.R.S. § 12-3201. Plaintiff's First Amended Complaint raised, among other claims, a "First Amendment Facial Challenge" to the vexatious litigant statute (Count One) and a "First Amendment Facial Challenge" to A.R.S. § 13-2921, Arizona's harassment statute (Count Two).

AG Mayes moved to dismiss Counts One and Two of the First Amended Complaint. Specifically, as relevant here, AG Mayes argued that (1) Plaintiff lacked standing to assert his challenge against the vexatious litigant statute because he failed to allege a credible fear of prosecution; (2) Plaintiff lacked standing to challenge the harassment statute because Plaintiff lacks any injury connected to the statute; and (3) Plaintiff's "void for vagueness attack" on the harassment statute failed because of the presence of an intent requirement. Doc. 38 (June 3, 2025).

On January 6, 2026, the Court granted AG Mayes's motion. Order, Doc. 100. With respect to Count One (regarding the vexatious litigation statute), the Court determined that Plaintiff lacked standing and dismissed without leave to amend. With respect to Count Two, the Court determined that Plaintiff failed to "meet his burden of establishing that he has standing to pursue a pre-enforcement challenge" to the harassment statute's constitutionality. Doc. 100 at 36. Specifically, the Court identified the following deficiencies:

First, Plaintiff failed to establish that his anticipated course of conduct is "proscribed by a statute," both because:

(a) the complaint failed to include information about the expected content and frequency of Plaintiff's anticipated court filings, such that his anticipated course

1

of conduct would be "'repeated[]' and/or 'would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed'"; and

(b) "it is unclear whether the act of filing court papers would qualify as 'conduct that is directed at a specific person,'" particularly given the lack of specificity of Plaintiff's allegations regarding his intended course of conduct. {Doc. 100 at 31–32.}

And second, Plaintiff failed to allege facts demonstrating a credible threat of prosecution because:

(a) "Plaintiff has not established that his amorphous plan to file unspecified papers in pending lawsuits even qualifies as conduct that would 'violate the law in question'";

(b) the complaint "does not allege that AG Mayes has threatened to prosecute Plaintiff under § 13-2921," nor is AG Mayes's failure to disavow enforcement relevant where the AG does not believe the harassment statute is applicable; and

(c) Plaintiff fails to allege any instance in which AG Mayes or any other prosecutor "has brought criminal harassment charges against a defendant solely based on the act of filing papers in a pending lawsuit (or filing court papers in violation of a vexatious-litigant order)." {Doc. 100 at 34–35.}

The Court therefore ruled that Plaintiff lacked pre-enforcement standing and dismissed Count Two. But "because Count Two [was] dismissed at least in part based on insufficiently detailed factual allegations" and Plaintiff is pro se, the Court "err[ed] on the side of caution and grant[ed] leave to amend as to that claim." Doc. 100 at 66. However, the Court gave Plaintiff "leave to amend *solely to address the deficiencies identified*" in its order. *Id.* ¶ 1 (emphasis added).

Plaintiff timely filed his Second Amended Complaint.[1] SAC, Doc. 104 (Jan. 20, 2026). The Second Amended Complaint contains seven added allegations.

Three of the new allegations relate to Plaintiff's claim that "state officers read A.R.S. § 13-2921 to invoke civil and criminal penalties for petitioning the judicial branch on the basis that the opposing party voices distress." Doc. 104 ¶ 218. In support, the Second Amended Complaint contains a new allegation that the Arizona Secretary of State "has accepted" that "[P]laintiff violated A.R.S. §§ 13-2921 and 13-3602[2] when filing court papers absent leave of the court … and that [P]laintiff's conduct qualifies him as an A.R.S. §§ 13-2921 and 13-3602 perpetrator." Doc. 104 ¶ 212. It contains a new allegation that AG Mayes "declared in a written motion her belief that Plaintiff's litigation conduct reached § 13-2921." Doc. 104 ¶ 214. And it contains an allegation that she (through counsel) "expressly refused to disavow … enforcement against Plaintiff for conduct proscribed under A.R.S. § 12-3201(B), including as an A.R.S. § 13-2921 violation." Doc. 104 ¶ 215.

The fourth new allegation is that Plaintiff's "former spouse filed numerous court papers and hearings [sic] … pointing to Plaintiff's vexatious litigant label to argue that she was enduring harassment." Doc. 104 ¶ 213.

The three remaining "new" allegations are bald legal assertions that Plaintiff's conduct is "arguably proscribed," Doc. 104 ¶ 216, that AG Mayes "maintain[s] a connection to the … enforcement of A.R.S. § 13-2921," Doc. 104 ¶ 217, and that the Court's January 6, 2026 order "confirms the statute's vagueness," Doc. 104 ¶ 219.

Notably, the Second Amended Complaint does *not* contain any new allegations about Plaintiff's anticipated filings, except the case numbers in which they will be filed. Doc. 104 ¶ 216. Specifically, it does not address whether Plaintiff's anticipated conduct

---

[1] A copy of the Second Amended Complaint with additions and rewordings highlighted is attached as **Exhibit 1**. Items slightly reworded or moved are highlighted in green, while additions are highlighted in blue. Changed paragraph numbers are not highlighted.

[2] A.R.S. § 13-3602 deals with orders of protection for domestic violence victims. Plaintiff alleges (Doc. 104 ¶¶ 56–57) that his ex-wife secured such an order against him.

3

would be "repeated" (aside from identifying more than one case in which he plans to file papers). *See* Doc. 100 at 32 (noting this deficiency in the First Amended Complaint). It does not include allegations showing that his planned conduct would "cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed." *See id.* (same). It does not address whether his filings will be "designed to trigger actions directed at" any particular person. *See id.* at 33 (quoting *Raber v. Wagner*, 571 P.3d 902, 906 (Ariz. Ct. App. 2025) to show the conduct may not be "directed at" anyone).

Nor does the Second Amended Complaint contain any new allegations establishing that Plaintiff faces a credible fear of prosecution. Specifically, it does not contain facts sufficient to allege a "specific warning or threat to initiate proceedings." S*ee id.* at 34 (quoting *Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022)). Instead, it contains allegations regarding the Secretary of State's interpretation. Doc. 104 ¶ 212; *see* Doc. 100 at 34–35 (explaining that the "Secretary of State is not a prosecutor and is not responsible for initiating and pursuing harassment prosecutions"). And despite ample opportunity, the Second Amended Complaint does not identify a single case, from any jurisdiction, of a vexatious litigant (or anyone) being prosecuted for harassment solely as a result of filing papers without leave. *See* Doc. 100 at 35–36.

## LEGAL STANDARD

**Rule 12(b)(1).** Presumptively, "a cause lies outside [the Court's] limited jurisdiction" until the "party asserting jurisdiction" establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party bringing a case in federal court must demonstrate federal jurisdiction. *See Sw. Ctr. for Biological Diversity v. FERC*, 967 F. Supp. 1166, 1172 (D. Ariz. 1997)

"Article III standing is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). Article III standing requires concrete, particularized injury that is actual or imminent, fairly traceable to the challenged action, and redressable by a favorable ruling. *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013).

**Rule 12(b)(6).** When deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (cleaned up). But "[c]onclusory allegations of law and unwarranted inferences" will not spare a complaint from dismissal. *Id.* A court may dismiss under this rule for either the "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (citation omitted).

## ARGUMENT

The question before the Court is whether Plaintiff's Second Amended Complaint addresses the deficiencies identified in the Court's prior order dismissing Count Two for lack of pre-enforcement standing. It does not. Plaintiff still lacks standing to challenge the harassment statute because he has not shown injury-in-fact.

But even if Plaintiff had standing, Count Two also fails on the merits. As a matter of law, Plaintiff fails to state a claim that Arizona's harassment statute violates the First Amendment or is unconstitutionally vague.

### I. The Second Amended Complaint fails to cure the standing deficiencies identified by the Court.

Plaintiff brings a pre-enforcement challenge to Arizona's harassment statute, A.R.S. § 13-2921. To demonstrate standing, Plaintiff must satisfy the injury-in-fact requirement. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *see Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 48 (1997) (federal courts may not "adjudicate challenges to state measures absent a showing of actual impact on the challenger"). In a pre-enforcement challenge, that requires Plaintiff to allege "(1) an intention to engage in a course of conduct arguably affected with a constitutional interest; (2) but proscribed by a statute; and (3) there exists a credible threat of prosecution thereunder." *Driehaus*, 573 U.S. at 159 (cleaned up). Plaintiff's amendments to his Second Amended Complain fail

to address the deficiencies that doomed his First Amended Complaint and thus Plaintiff still fails the second and third *Driehaus* requirements.

### A. Second *Driehaus* Requirement: Plaintiff's anticipated course of conduct is not proscribed by the harassment statute.

Plaintiff cannot satisfy the second *Driehaus* requirement here because his anticipated conduct is not even arguably proscribed by the harassment statute.

In his First Amended Complaint, Plaintiff alleged that he planned to violate his vexatious litigant order by filing papers without leave of the appropriate court. *See* Doc. 100 at 32 (Court describing allegations). The Court found that pleading insufficient, and noted (Doc. 100 at 33 n.17) that his arguments amounted to a claim that all court filings are harassment.

In the Second Amended Complaint, Plaintiff has added the more specific allegation that the Secretary of State has "accepted" that he "violated A.R.S. §§ 13-2921 and 13-3602 when filing court papers absent leave of the court." Doc. 104 ¶ 212. And that his ex-wife "filed numerous court papers and hearings … pointing to Plaintiff's vexatious litigant label to argue that she was enduring harassment." Doc. 104 ¶ 213. But his pleading remains insufficient to show a course of conduct arguably proscribed by the challenged statute. That is because, first, he has not added sufficient factual allegations to establish that his course of conduct specifically will be harassing. Second, he cannot meaningfully plead that all litigation is harassment because Arizona courts reject that claim.

A person commits "harassment" under A.R.S. § 13-2921(A) if that "person knowingly and repeatedly commits an act or acts that harass another person" or commits one of several enumerated acts (not including filing papers without leave) in a harassing manner. In turn, to "harass", under the statute, is to commit "conduct that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed and the conduct in fact seriously alarms, annoys, humiliates or mentally distresses the person." *Id.* (E).

6

Plaintiff has not shown his anticipated conduct would be proscribed by the statute because he does not allege facts showing what that conduct would be or why it would be illegal.

To begin, Plaintiff alleges he will file pleadings, court papers, and other documents in active litigation without leave of the appropriate court. Doc. 104 ¶ 216. The Court held that did not satisfy the second *Driehaus* requirement because it did not show his conduct would be repeated or "cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed." Doc. 100 at 32 (quoting A.R.S. § 13-2921(A), (E)). The Second Amended Complaint contains no new information about the content or frequency of the filings other than the case numbers in which they will be filed, and so suffers the same defects. *See* Doc. 104 ¶¶ 212–13, 216.

The Second Amended Complaint does expand on the Secretary of State's alleged "accept[ance]" of Plaintiff's theory that filing papers is or may be harassment. Doc. 104 ¶ 212. But as the Court already noted (Doc. 100 at 34–35), that "acceptance" is not relevant, so expanding on it is of no moment. The Secretary of State's analysis in allowing a person to participate in the address confidentiality program does not show anyone would or will be distressed by his filings. It is simply an administrative determination, made by neither a prosecutor nor a court. *See* A.R.S. §§ 41-121, -121.02 (duties of Secretary of State and Department of State); Doc. 100 at 34–35 (explaining that the "Secretary of State is not a prosecutor and is not responsible for initiating and pursuing harassment prosecutions").

Similarly, Plaintiff has added allegations related to his ex-wife's court filings and hearings, alleging that she argued for the theory he presents now. Doc. 104 ¶ 213. But those allegations, standing alone, do not establish anything about the content of the harassment statute or whether his actions are proscribed by it.

For the same reasons, Plaintiff's new allegations also do not establish that his filings will be "directed at" any particular person. *See* A.R.S. § 13-2921(E). As the Court noted, filings are seemingly "directed at" the relevant court. *See* Doc. 100 at 32–33. To

establish that they are directed at a third party, the Court held, Plaintiff must show that the papers will seek action from the courts directed at that third party. *Id.* (citing *Hernandez v. Loarca*, 571 P.3d 371, 372, 374–75 (Ariz. Ct. App. 2025)). Plaintiff's Second Amended Complaint still contains no allegations explaining what action he will seek from the courts in which he files papers, or against whom he would ask the courts to take that action. *See id.*

To be sure, Plaintiff baldly asserts that "[r]easonable persons experience distress when brought to suit." Doc. 104 ¶ 211. But the Court need not accept this legal conclusion "even if cast in the form of factual allegations." *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (citation and quotation marks omitted).

The same is true of Plaintiff's conclusory legal statements in ¶¶ 216–19 alleging that his course of conduct is proscribed by statute, that AG Mayes has power to enforce the statute, and that the Court's uncertainty "whether the act of filing court papers would qualify as 'conduct that is directed at a specific person,' as required under § 13-2921(E)" "confirms the statute's vagueness." Doc. 104 ¶ 219 (quoting Doc. 100 at 32–33).

In short, nothing relevant has changed here.

Plaintiff's real theory, in any case, is that all litigation is harassment under the statute, at least if a counterparty feels distress. *See* Doc. 100 at 33 n.17 (noting Plaintiff's theory is not limited to vexatious litigants filing without leave); Doc. 104 ¶¶ 211 ("Reasonable persons experience distress when brought to suit."), 218 ("Arizona state officers read A.R.S. § 13-2921 to invoke civil and criminal penalties for petitioning the judicial branch on the basis that the opposing party voices distress[.]"). But this is a theory Arizona courts have rejected. This Court is bound by the Arizona Supreme Court's interpretation of the statute, and by that of Arizona's appeals courts unless there is reason to think the Arizona Supreme Court would decide differently. *See Arizonans for Off. Eng.*, 520 U.S. at 48; *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996). Here, there is relevant precedent from both state courts.

First, the Arizona Supreme Court in *State v. Musser* held that a similar statute did not reach litigation conduct. 977 P.2d 131, 132–33 ¶ 7 (Ariz. 1999). In *Musser*, a criminal defendant convicted under Arizona's telephone harassment statute[3] argued that statute criminalized such protected activities as "threatening to institute lawful civil proceedings." *Id.* at 132 ¶ 7. But the Court found that an "impermissible application[] of the statute" that lay "considerably beyond that which the legislature intended." *Id.* at 133 ¶ 7. It followed that, for purposes of an overbreadth claim, there was no "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Id.* (quoting *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984).

Second, in *State v. Brown*, the Arizona Court of Appeals rejected the argument that the harassment statute challenged here sweeps in ordinary conduct such as "delivery of bad news, or delivery of a disturbing message regardless of fault, the firing of an employee, … , [or] the publication of information in a newspaper." 85 P.3d 109, 110, 115–16 ¶¶ 1, 20 (Ariz. Ct. App. 2004) (Pelander, P.J.) (cleaned up). The criminal defendant there, in support of a vagueness defense, argued that such actions are "alarming and annoying" and "a reasonable person might be alarmed or annoyed by the prospect of war or economic losses," but the court rejected that argument. *Id.* None of these, the court reasoned, are "undertaken with an 'intent to harass,' as the statute requires." *Id.* at 116 ¶ 21. Litigation is, as a rule, no more undertaken with an intent to harass than are the activities discussed in *Brown*. It follows that the fact of filing papers, with no more detail, cannot itself be harassment.

Quoting *Musser*, the court held that this interpretation, like that offered in *Musser*, would "require the state and the courts to expand the statute's reach considerably beyond

---

[3] "At the time of Musser's conviction, the telephone harassment statute made it unlawful 'for any person, with intent to terrify, intimidate, threaten, harass, annoy or offend, to use a telephone ... [to] threaten to inflict injury or physical harm' to persons or their property." *Musser*, 977 P.2d at 131 ¶ 3 n.1 (quoting then-A.R.S. § 13-2916.A) (alterations in original).

9

that which the legislature intended" and that such a prosecution would be a "misuse of the statute." *Id.* at 116 ¶ 21 (quoting *Musser*, 977 P.2d at 131 ¶¶ 6, 7). Thus, it rejected this "impermissibly broad interpretation." *Id.* (citation omitted).

***

Plaintiff has not articulated factual allegations establishing that his specific anticipated conduct will be criminal harassment. And under Arizona law, litigation is not (as Plaintiff claims) criminal harassment. He has, therefore, not articulated a plan to engage in proscribed activity.

### B. Third *Driehaus* Requirement: Plaintiff fails to show a credible threat of prosecution.

Plaintiff's failure to show the second *Driehaus* requirement is fatal to standing. But even if he had shown the second, Plaintiff also fails to show the third *Driehaus* requirement.

When analyzing this third requirement, courts in the Ninth Circuit "consider (1) whether the plaintiffs have articulated a concrete plan to violate the law in question; (2) whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings; and (3) the history of past prosecution or enforcement under the challenged statute." *Arizona v. Yellen*, 34 F.4th 841, 850 (9th Cir. 2022) (cleaned up); *see* Doc. 100 at 34 n.18 (*Yellen* illustrates that the Ninth Circuit's older framework still applies to evaluate the third *Driehaus* element).

The Second Amended Complaint fails to add allegations demonstrating any of these three subfactors. In particular: (1) Plaintiff has not added sufficient concreteness to his plans; (2) Plaintiff continues not to show a specific warning from AG Mayes to initiate proceedings against him; and (3) Plaintiff still presents no history of past prosecution under the harassment statute for the sole act of filing court papers.

#### 1. Plaintiff has not articulated a concrete plan to violate the statute.

Plaintiff has not made a showing on the first subfactor for the reasons the Court already identified—because his "amorphous plan to file unspecified papers in pending

lawsuits" may not "even qualif[y] as conduct that would 'violate the law in question.'" Doc. 100 at 34. Aside from adding the allegations addressed above, Plaintiff has made no attempt to resolve this deficiency.

### 2. AG Mayes has not communicated a specific warning to initiate proceedings against Plaintiff.

Plaintiff has also not made a showing on the second subfactor because AG Mayes has not "communicated a specific warning or threat to initiate proceedings." *Tingley*, 47 F.4th at 1068 (cleaned up). Here, as in his First Amended Complaint, Plaintiff does not allege that AG Mayes made a specific warning or threat, as required. Instead, Plaintiff now alleges that AG Mayes stated in a motion that Plaintiff's conduct reached the harassment statute, and that both she and county prosecutors could prosecute this conduct under Arizona's vexatious litigant statute. Doc. 104 ¶ 214. Plaintiff further alleges that AG Mayes has refused to disavow enforcement against Plaintiff. Doc. 104 ¶ 215.

Presumably, Plaintiff is referring to AG Mayes's Motion to Dismiss, Doc. 38, at 17. There, AG Mayes cited a state court order summarizing Plaintiff's behavior as "plain attempts to harass parties and/or unnecessarily expand litigation matter." *Id.* (quoting Minute Entry (2/27/2023), Ex. 2 to AG Mayes's Resp. to Mot. for Prelim. Relief (Doc. 37-2 at 2). But that motion was neither a charging document nor a threat to prosecute Plaintiff. One argument supporting the motion was that, even if Plaintiff had standing because he harassed others—even if his litigation conduct resulted in charges—the law would still not be vague. That is hardly a threat or warning. *See also* Doc. 100 at 35 (AG Mayes's "filings in this lawsuit indicate that she does not believe the harassment statute applies to unauthorized court filings"). And the state court order referenced past conduct, not anticipated conduct. *See* Doc. 37-2 at 2. Plaintiff does not allege that his past conduct amounts to criminal harassment.

As to disavowal, the Court already found (Doc. 100 at 35) AG Mayes not to have disavowed enforcement, en route to *granting* her motion to dismiss. *See id.* ("AG Mayes has, understandably, not categorically disavowed a future prosecution of Plaintiff for

11

harassment or domestic violence[.]"). And, as the Court noted there, AG Mayes's position is tantamount to disavowal of enforcement on *Plaintiff's specific theory*. *Id.* (quoting AG Mayes as stating "[T]hose are simply not the right statutes for the situation." (emphasis omitted)). AG Mayes's declining to disavow enforcement of a different statute no longer relevant to the case changes none of that.

Finally, Plaintiff's allegation (Doc. 104 at ¶ 212) that the Arizona Secretary of State has "accepted" his understanding of the harassment statute would be irrelevant even if anything followed from that Office's decision to allow Plaintiff's ex-wife to participate in the address confidentiality program. The Secretary of State is not a prosecutor and has no authority to prosecute violations of the harassment statute. *See* A.R.S. §§ 41-121, -121.02 (duties of Secretary of State and Department of State). Also irrelevant is the fact, standing alone, that his ex-wife argued for that definition in court. *See* Doc. 104 ¶ 213.

### 3. Plaintiff presents no history of past prosecution under the harassment statute for filing court papers.

Plaintiff has not satisfied the third subfactor because he still fails to "identify any case in which AG Mayes, some other Arizona prosecutor, or even some prosecutor in some other jurisdiction has brought criminal harassment charges against a defendant solely based on the act of filing papers in a pending lawsuit (or filing court papers in violation of a vexatious-litigant order)." Doc. 100 at 35. The Court found this omission meant Plaintiff did not satisfy the third subfactor. *Id.* The same remains true—the Second Amended Complaint contains not one example of such a criminal prosecution, vexatious litigant or no.

\*\*\*

In short, Plaintiff lacks standing to challenge the harassment statute for two reasons. First, Plaintiff has not shown that his conduct is proscribed by the statute. Second, Plaintiff is under no credible threat of prosecution under the statute. At bottom, just as in the First Amended Complaint, Plaintiff has alleged merely the "existence of a proscriptive statute." *Libertarian Party of L.A. Cnty. v. Bowen*, 709 F.3d 867, 871 (9th

Cir. 2013) (citation omitted).  That is "insufficient to satisfy the 'case or controversy' requirement." *Id.* (citation omitted).

While the Ninth Circuit has acknowledged that "when the threatened enforcement effort implicates First Amendment rights, the inquiry tilts dramatically toward a finding of standing," Plaintiff's allegations here do not meet his burden to show he has standing to pursue a pre-enforcement challenge of the harassment statute. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000).

Furthermore, Plaintiff has had sufficient opportunity to correct these deficiencies and been unable to do so.  As discussed above, no state of affairs can turn the filing of papers without leave, standing alone, into harassment, any more than any other conduct that may be upsetting.  Accordingly, the Court should dismiss without leave to amend.

## II. In addition, Plaintiff's challenge to the harassment statute fails to state a claim.

Plaintiff lacks standing to challenge the harassment statute.  But even if he had standing, his claims are meritless and should be dismissed.

In deciding a 12(b)(6) motion, the Court must "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Kwan*, 854 F.3d at 1096 (cleaned up).  But "[c]onclusory allegations of law and unwarranted inferences" do not receive this presumption of truth. *Id.*  A court must dismiss once shown either the "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Johnson*, 534 F.3d at 1121–22.

"[H]arassment" under A.R.S. § 13-2921(A) occurs when a "person knowingly and repeatedly commits an act or acts that harass another person" or commits one of several enumerated acts (not including filing papers without leave) in a harassing manner.  In turn, to "harass" is, under the statute, to commit "conduct that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed and the conduct in fact seriously alarms, annoys, humiliates or mentally distresses the person." *Id.* (E).  And a person acts "knowingly"

"with respect to conduct or to a circumstance described by a statute defining an offense" when that person "is aware or believes that [his] conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(9)(b).  Thus, a person is guilty of harassment only if he knows his repeated conduct is as described in subsection (E).

### A. The statute does not violate the First Amendment.

A.R.S. §13-2921 does not facially violate the First Amendment.  Although he does not elaborate, Plaintiff's theory appears to be that filing court papers is or may be harassment, so the law violates the right to petition.  *See* Doc. 104 ¶¶ 212 (alleging the Secretary of State "accepted" that "filing court papers absent leave of the court in active litigation" "qualifies him as an A.R.S. § 13-2921 and 13-3602 perpetrator"); 218 (alleging "state officers read A.R.S. § 13-2921 to invoke civil and criminal penalties for petitioning the judicial branch").[4]  For three independent reasons, this theory does not work.

First, as discussed, Part I.A, pp. 8–9, Arizona appellate courts reject this theory. *See Brown*, 85 P.3d at 110 ¶ 1 (rejecting First Amendment and vagueness challenges to the statute).  Ordinary conduct such as delivering bad news is not criminal harassment even if repeated because it is not "undertaken with an 'intent to harass,' as the statute requires." *Id.* at 115–16 ¶ 21; *see also Musser*, 977 P.2d at 132–33 ¶¶ 5–7 (rejecting First Amendment challenge to similar statute).

That alone is fatal to Plaintiff's claim, which rests on the premise that the very act of filing papers (either in general, or at least when a vexatious litigant files without leave) is harassment, and thus the statute interferes with the right to petition.  *See* Doc. 104 ¶ 211; *see also* Doc. 100 at 33 n.17 (noting Plaintiff's arguments imply all litigation is harassment).  As discussed, even if filing papers can be harassing, the papers would need

---

[4] Some of these allegations go both to standing and the merits.  The Court gave leave to amend only as to standing and so should not consider these allegations if it reaches the merits. *See, e.g.*, *Concerned Citizens for a Safe Cmty. v. Off. of Fed. Det. Tr.*, No. 09-01409, 2011 WL 2971000, at *2 (D. Nev. July 19, 2011) (striking new claims from second amended complaint where plaintiff had leave to amend only as to standing).  Here, the allegations of course cannot be struck, but they should only be considered as to standing.

to independently satisfy the statute. *Brown*, 85 P.3d at 116 ¶ 21 (requiring individual showing of intent before statute is satisfied). Their being filed by a vexatious litigant without leave would not suffice. While harassing papers can get one designated vexatious, it does not follow that later filings are also harassing, as shown by the fact that they may be filed if the appropriate court grants leave.

Second, a facial First Amendment challenge (for overbreadth) requires a showing that the statute "prohibits a substantial amount of protected speech relative to its plainly legitimate sweep." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (citation omitted). Here, any specific filing that is harassing is likely not protected by the First Amendment. *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 743 (1983) ("[B]aseless litigation is not immunized by the First Amendment right to petition."); *accord Cantwell v. Connecticut*, 310 U.S. 296, 309–10 (1940) ("Resorts to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution.); *Thorne v. Bailey*, 846 F.2d 241, 243 (4th Cir. 1988) ("[P]rohibiting harassment is not prohibiting speech[.]" (cleaned up)). Even if some protected filings could slip in, they would not be "substantial" compared to the larger group of unprotected harassing filings.

Third, even setting aside the facial nature of the challenge, it remains true that, to the extent the statute could sweep in any protected conduct, the statute is content-neutral. So, it is subject only to intermediate scrutiny, which it survives.

Even assuming some harassing litigation "possesses sufficient communicative elements to bring the First Amendment into play," *Texas v. Johnson*, 491 U.S. 397, 404 (1989), the statute restricts it only in a content-neutral manner. The harassing nature of a filing would not depend on what point of law or claim of fact it advances, only that it is knowingly "directed at a specific person," "would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed," and, "in fact, seriously alarms, annoys, humiliates or mentally distresses the person." A.R.S. § 13-2921(A), (E).

1   And content-neutral laws are subject to intermediate scrutiny. *Jacobs v. Clark Cnty.*
2   *School Dist.*, 526 F.3d 419, 434 (9th Cir. 2008).

3   Intermediate scrutiny requires that a law (1) "further[] an important or substantial
4   government interest"; (2) "the governmental interest is unrelated to the suppression of
5   free expression"; and (3) "the incidental restriction on alleged First Amendment freedoms
6   is no greater than is essential to the furtherance of that interest." *Id.* (quoting *Turner*
7   *Broadcasting Sys., Inc. v. FCC*, 512 U.S. 622, 661–62 (1994)).

8   Here, that test is easily satisfied.

9   (1) The state has an interest in not allowing its court system to become a messenger
10  for messages designed, not to further justice, but to alarm or annoy others. *See World*
11  *Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1083 (9th Cir. 1987)
12  (listing "functioning of the state judicial system" as an "important state polic[y]").

13  (2) That is not a suppressive interest, but rather one in the functioning of the court
14  system (and, more broadly, to a harmonious society). *See id; accord Juidice v. Vail*, 430
15  U.S. 327, 335 (1977) (recognizing state interest in the contempt process "through which
16  it vindicates the regular operation of its judicial system").

17  (3) Any incidental impact on the ability to petition is exactly what is essential to
18  prevent such conduct, because the law only restricts conduct that it intended to, and does,
19  anger or annoy others, when engaged in knowingly and repeatedly. A.R.S. § 13-2921
20  (A), (E). Legitimate litigation conduct is not harassment, and so is not caught up.

21  Therefore, the law survives intermediate scrutiny and does not violate the First
22  Amendment's petition clause.

### B.     The statue is not unconstitutionally vague.

24  "A law is void for vagueness if it is impermissibly vague in all of its applications"
25  and "cause[s] persons of common intelligence necessarily to guess at its meaning and to
26  differ as to its application." *United States v. Makowski*, 120 F.3d 1078, 1080 (9th Cir.
27  1997) (cleaned up). But "a statute will not be ruled void for vagueness when it is

sufficient to give the particular defendant notice that his conduct is illegal." *United States v. Goyette*, 458 F.2d 992, 993 (9th Cir. 1972).

Here, Plaintiff's claim rests on a misconception about what the law criminalizes. A.R.S. § 13-2921 does not criminalize all acts satisfying subsection (E) of the statute. Instead, it criminalizes only "knowingly and repeatedly commit[ting] an act or acts that harass another person" and "knowingly commit[ting] any one of" specified acts, "in a manner that harasses." *Id.* (A). Such "scienter requirement[s]" may "mitigate [any] vagueness," *Makowski*, 120 F.3d at 1081 (citation omitted), because they "limit[] the discretion of law enforcement" and prevent prosecution of those who lack notice. *United States v. Wyatt*, 408 F.3d 1257, 1261 (9th Cir. 2005); *see Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 503 n.21 (1982). Here, a litigant's conduct can only be criminal harassment if the litigant is aware that his conduct both would disturb a reasonable person and is likely to disturb the person it is directed at. Such a person would, from the statute, have reasonable notice that his conduct is illegal.

This further dispels Plaintiff's idea that all litigation is, under the statutory definition, harassment. Doc. 104 ¶¶ 210–11; *see Brown*, 85 P.3d at 115–16 ¶¶ 20–21 (intent requirements in (A) kept statute from criminalizing various common interactions, such as "delivery of bad news," an interpretation that would "exceed[] [the statute's] valid reach" (citation omitted)). And that is the basis of his vagueness challenge.

## CONCLUSION

Plaintiff neither establishes federal jurisdiction nor states a valid claim for relief. Amendment would be futile as Plaintiff's reading of the harassment statute is fundamentally flawed. The Court should dismiss the Second Amended Complaint with prejudice.

**RESPECTFULLY SUBMITTED** this 3rd day of February, 2026.

**KRISTIN K. MAYES
ATTORNEY GENERAL**

By  /s/ *Joshua A. Katz*
　　Hayleigh S. Crawford
　　*Deputy Solicitor General*
　　Joshua A. Katz
　　*Assistant Attorney General*
　　Office of the Arizona Attorney General
　　2005 N. Central Ave.
　　Phoenix, Arizona 85004

*Attorneys for Defendant Arizona Attorney General Kristin K. Mayes*