**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>    Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>    Defendants. | No. CV-25-00663-PHX-DWL<br><br>**ORDER** |

  Plaintiff, who is proceeding *pro se*, initiated this action in February 2025. (Doc. 1.) Count One of Plaintiff's First Amended Complaint ("FAC") asserted a First Amendment facial challenge to A.R.S. § 12-3201, Arizona's vexatious litigant statute, under which Plaintiff has been deemed a vexatious litigant. (Doc. 14.) Count One named Arizona Attorney General Kris Mayes ("AG Mayes") and the Presiding Judge of the Maricopa County Superior Court ("the Presiding Judge") as defendants. (*Id.*) On January 6, 2026, the Court issued an order that, among other things, dismissed Count One. (Doc. 100.) Now pending before the Court is Plaintiff's motion for an "administrative stay" of the portion of the January 6 order that dismissed Count One. (Doc. 106.)[1] For the reasons that follow, Plaintiff's motion is denied.

**RELEVANT BACKGROUND**

  During the course of this litigation, Plaintiff twice sought a temporary restraining order ("TRO") and preliminary injunction to enjoin the enforcement of A.R.S. § 12-3201

---

[1] Plaintiff also filed a request for expedited consideration of his motion. (Doc. 107.)

1 against him, but in orders issued on June 20, 2025 and December 16, 2025, the Court denied both motions. (Docs. 47, 96.) On December 19, 2025, Plaintiff filed a notice of interlocutory appeal regarding the denial of his second TRO motion. (Doc. 97.)

On January 6, 2026, the Court issued a lengthy order that, among other things, dismissed Count One without leave to amend. (Doc. 100.) The Court concluded that Plaintiff lacked standing in relation to AG Mayes and that there existed no Article III case or controversy between Plaintiff and the Presiding Judge. (*Id.* at 27, 31, 61.)

On January 20, 2026, Plaintiff moved for reconsideration of the portion of the January 6 order dismissing Count One against AG Mayes (Doc. 101) and the portion of the January 6 order dismissing Count One against the Presiding Judge (Doc. 102).

On January 23, 2026, the Court denied the motions for reconsideration. (Doc. 105.)

On January 28, 2026, AG Mayes asked the Ninth Circuit to dismiss Plaintiff's interlocutory appeal as moot in light of the subsequent dismissal of Count One. (Doc. 106 at 2.)

On January 29, 2026, Plaintiff moved for an administrative stay. (Doc. 106.)

**DISCUSSION**

Plaintiff seeks an "administrative stay" of the dismissal of Count One because he believes such a stay will enable him to avoid the dismissal, on mootness grounds, of his pending interlocutory appeal regarding the denial of his second TRO motion. (Doc. 106.)

As an initial matter, an "administrative stay" is not the correct tool to achieve the objective Plaintiff seeks to achieve here. The usual circumstance in which a litigant seeks an "administrative stay" is when the litigant wishes to appeal an adverse ruling, has filed a motion for stay pending appeal in an effort to preserve the status quo during the pendency of that appeal, and needs some court to issue an additional (albeit short-lived) injunction preserving the status quo until the motion for stay pending appeal can be adjudicated. *See, e.g., Oregon v. Trump*, 154 F.4th 1161, 1164 (9th Cir. 2025) ("An administrative stay is intended to minimize harm while an appellate court deliberates [on a motion for stay pending appeal] and lasts no longer than necessary to make an intelligent decision on the

motion for stay pending appeal. Given its limited nature, an administrative stay does not constitute in any way a decision as to the merits of the motion for a stay pending appeal. And we defer weighing the *Nken* factors until the motion for stay pending appeal is considered.") (cleaned up); *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019) ("A temporary stay in this context (sometimes referred to as an administrative stay) is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits."). *See also United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) ("Administrative stays . . . freeze legal proceedings until the court can rule on a party's request for expedited relief. Deciding whether to grant a stay pending appeal requires consideration of the four *Nken* factors, which include an assessment of the applicant's likelihood of success on the merits. That is not always easy to evaluate in haste, and an administrative stay buys the court time to deliberate.") (cleaned up). Here, however, Plaintiff has not asked any court to issue a stay pending appeal of the January 6 order. Thus, an "administrative stay" would serve no purpose.

At any rate, even if Plaintiff's motion was intended to function as a request for a stay pending appeal, it would fail. "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion . . . [that] is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (cleaned up). The first two factors "are the most critical." *Nken*, 556 U.S. at 434. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

Under the first *Nken* factor, "a petitioner must show, at a minimum, that she has a

1  substantial case for relief on the merits," although the movant need not show "that success
2  is more likely than not." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).
3  Plaintiff has not satisfied this factor here for the reasons stated in the orders denying his
4  TRO requests (Docs. 47, 96), as well as the order dismissing Count One (Doc. 100). *See*
5  *also In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 2012 WL 1252671, *2 (D. Ariz.
6  2012) ("Even if the Court were to consider the Order dismissing Plaintiff's claims to be a
7  final order denying an injunction, an injunction pending an appeal would not be appropriate
8  in this case. . . . Plaintiffs' argument that they are likely to succeed on the merits or that
9  there are serious questions going to the merits is essentially a Motion for
10 Reconsideration. . . . The Court declines to reiterate its reasoning for dismissing the
11 [complaint].").

12      Although the analysis could end there, the remaining *Nken* factors further counsel
13 against relief. Under the second *Nken* factor, an applicant must show "that there is a
14 *probability* of irreparable injury if the stay is not granted." *Lair*, 697 F.3d at 1214. Here,
15 Plaintiff's overarching purpose in seeking a stay is to preserve his pending interlocutory
16 appeal from the December 2025 order denying his second TRO motion. (Doc. 96.)
17 However, Plaintiff did not pursue an interlocutory appeal from the June 2025 order denying
18 his first TRO motion. (Doc. 47.) His failure to do so undermines the notion that the
19 preservation of his current appeal is necessary to avoid probable irreparable harm. *Cf.*
20 *Oakland Trib., Inc. v. Chron. Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's
21 long delay before seeking a preliminary injunction implies a lack of urgency and
22 irreparable harm"); *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir.
23 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing
24 the propriety of relief").

25      As for the third *Nken* factor, a stay would injure AG Mayes and the Presiding Judge
26 by forcing them to continue expending legal fees on an interlocutory appeal that would
27 otherwise be mooted by the January 6 order. *See, e.g.*, *Koppula v. Jaddou*, 72 F.4th 83, 84
28 (5th Cir. 2023) ("This is an appeal from the denial of a preliminary injunction. While this

1  appeal was pending, the district court subsequently dismissed Plaintiffs' claims.
2  Accordingly, we must dismiss this appeal as moot.") (citations omitted); *SEC v. Mount*
3  *Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982) (dismissal of underlying claim
4  moots a pending appeal from the denial of a preliminary injunction premised on that claim).
5  The same considerations inform the analysis under the fourth *Nken* factor.
6      Accordingly,
7      **IT IS ORDERED** that Plaintiff's motion for an administrative stay (Doc. 106) is
8  **denied**.
9      Dated this 3rd day of February, 2026.

*[signature]*
Dominic W. Lanza
United States District Judge

- 5 -