**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>           Plaintiff,<br><br>v.<br><br>Robert Meza, et al.,<br><br>           Defendants. | No. CV-25-00663-PHX-DWL<br><br>**ORDER** |

In his First Amended Complaint ("FAC"), *pro se* Plaintiff sued five different defendants (AG Mayes, the Presiding Judge, Meza, Robson, and Ortega) and asserted five causes of action. (Doc. 14.) However, in an order issued on January 6, 2026, the Court dismissed the FAC in full. (Doc. 100.) The order also authorized Plaintiff to file a Second Amended Complaint ("SAC") but clarified that the scope of leave to amend was quite narrow—Plaintiff was only authorized to amend his claim in Count Two against AG Mayes and to reassert his claims in Counts Four and Five against Ortega. (*Id.* at 66-67.) Additionally, "[t]he changes shall be limited to attempting to cure the deficiencies that led to the dismissal of Count Two." (*Id.* at 67.)

On January 20, 2026, Plaintiff filed the SAC. (Doc. 104.) It reasserts all five of the claims that appeared in the FAC and identifies, as defendants, all five of the individuals named as defendants in the FAC. Four of the five defendants named in the SAC (everyone but the Presiding Judge) have now filed motions to strike and/or dismiss the SAC. (Docs. 108, 109, 110, 112.)

1   The Court finds it unnecessary to wait for some of those motions to become fully briefed before taking action. *See generally* Fed. R. Civ. P. 1. Because the SAC reasserts Counts One and Three (as well as Counts Four and Five as against Meza and Robson) and continues to name the Presiding Judge, Meza, and Robson as defendants, it disregards the limited scope of leave to amend specified in the January 6, 2026 order. The Court will therefore dismiss those claims and defendants. *See, e.g.*, *Strifling v. Twitter Inc.*, 2024 WL 54976, *1 (N.D. Cal. 2024) ("[C]ourts in this district consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend."); *Legrama v. Fremont Inv. & Loan*, 2011 WL 2791130, *2 (N.D. Cal. 2011) ("First American contends that because the Court dismissed each of the foregoing claims without leave to amend, Plaintiffs' reassertion of such claims renders them immaterial and impertinent and they should be stricken from the Amended Complaint. The Court agrees."). Additionally or alternatively, those claims and defendants remain subject to dismissal for the same reasons specified in the January 6, 2026 order.

As for AG Mayes, although Plaintiff's failure to file a redlined version of the SAC indicating how it differs from the FAC, *see* LRCiv 15.1, makes it difficult to determine whether the changes in the SAC are, in fact, limited to attempting to cure the deficiencies that led to the dismissal of Count Two, AG Mayes does not seek dismissal of the SAC on this basis. (Doc. 110.) Moreover, AG Mayes provides, as an exhibit to her motion to dismiss, a document that seemingly identifies those changes. (Doc. 110-2.) The Court will therefore allow the SAC to stand as to AG Mayes and rule on her motion to dismiss in due course after it becomes fully briefed. Likewise, the Court will allow the SAC to stand as to Ortega and rule on her motion to dismiss in due course after it becomes fully briefed.

Accordingly,

**IT IS ORDERED** that:

1.  Counts One and Three of the SAC are **stricken and dismissed** without leave to amend. Counts Four and Five of the SAC are **stricken and dismissed** as against Meza and Robson without leave to amend.

2. The Presiding Judge, Meza, and Robson are **dismissed** as defendants.

3. Robson's motion to dismiss (Doc. 109) is **denied as moot**.

4. Meza's motion to dismiss (Doc. 112) is **denied as moot**.

Dated this 4th day of February, 2026.

_____
Dominic W. Lanza
United States District Judge