# Attachment B



Assistant's Direct Line: (602)340-7272

Due to COVID-19, the State Bar may have limited or delayed access to mail. You must respond via email to Kelly.Flood@staff.azbar.org and Jennifer.Smith@staff.azbar.org in addition to placing a hard copy of your response in the mail.

Via email, only, to: mludwig@jshfirm.com

April 14, 2021

**PERSONAL AND CONFIDENTIAL**

Michael A. Ludwig
Jones Skelton & Hochuli PLC
40 N. Central Ave., Ste. 2700
Phoenix, AZ  85004-4498

Re: File No:        20-0824
    Complainant: Justin Fernstrom Esq.
    Your Client:    Alane Michelle Ortega

Dear Mr. Ludwig:

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona has entered, in the above-referenced matter, the enclosed Order of Admonition with Probation.

An Admonition with Probation is a sanction that is generally imposed in cases where the conduct is of a nature that does not necessitate formal disciplinary proceedings, but requires some remedial activity. Please refer to the Order for specific language of the Admonition. The Order contains a Probation term of one (1) year. Probation includes remedial programs that will be overseen by the State Bar's Compliance Monitor.

Your client will be responsible for the costs of any program your client is required to complete as terms of probation.

Pursuant to Arizona Supreme Court Rule 55(c)(4)(B), your client has ten (10) days from the service of the enclosed Order in which to appeal and demand that formal proceedings be instituted. If your client rejects the Order it will be vacated and proceedings will be instituted before the Presiding Disciplinary Judge pursuant to Supreme Court Rule 58. Those procedures include the filing of a complaint, answer, discovery and a hearing on the merits. At the conclusion of the hearing, the hearing panel, consisting of the Presiding Disciplinary Judge, an attorney member and a public member, will impose a sanction for any violation proven at a hearing. There is no limitation on the sanction that may be imposed at that time.

Should your client decide to demand the institution of formal disciplinary proceedings and a finding of one or more violations is made, your client will be responsible for the costs of the formal proceedings. The Court's schedule of costs can be found at http://www.azbar.org/CostSchedule/; costs may be imposed in this matter pursuant to Supreme Court Rule 60.

Costs of discipline have been assessed in this order. If your client accepts the Order, please forward payment in that amount by **May 14, 2021. An invoice has been included for your convenience.**

Should you have any questions regarding this matter, please contact me at the number above.

Sincerely,


/s/Kelly J. Flood
Kelly J. Flood
Staff Bar Counsel

KJF/js

Enclosure

BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA

Filed
April 14, 2021
/s/ Sandra Montoya

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA,<br><br>ALANE MICHELLE ORTEGA<br>Bar No. 025719<br><br>Respondent. | No. 20-0824<br><br>ORDER OF ADMONITION WITH PROBATION, (CLE), AND COSTS |

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on April 9, 2021, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation and Respondent's Response.

By a vote of 9-0-0, the Committee finds probable cause exists that Respondent violated the following Rules of the Supreme Court of Arizona: Rule 42, Ariz. R. Sup. Ct, ERs, 1.2, 1.3, 3.1, 3.2, 3.4(c), and 8.4(d). Respondent is admonished for pursuing claims that she knew or should have known had no merit, for failing to act diligently in several cases in several forums, for disclosing the names of minor children in court filings and then failing to comply with a court order to remedy the disclosures, and for unnecessarily expending the resources of courts and parties, in violation of Rule 42, Ariz. R. Sup. Ct, ERs, 1.2, 1.3, 3.1, 3.2, 3.4(c), and 8.4(d).

**IT IS THEREFORE ORDERED** issuing an Order of Admonition with Probation for Respondent's conduct pursuant to Rules 55(c)(1)(D) and 60(a)(4), Ariz. R. Sup. Ct.

**IT IS FURTHER ORDERED** that pursuant to Rules 55(c)(1)(D) and 60(a)(5), Ariz. R. Sup. Ct., Respondent is placed on Probation under the following terms and conditions:

1) The probation period will begin at the time this Order is served upon Respondent, and will conclude one (1) year from that date.

2) Respondent shall participate in and successfully complete the following programs:

    a) CLE: In addition to annual MCLE requirements, Respondent shall complete the following Continuing Legal Education ("CLE") program(s): "2018 Civil Practice and Procedure Symposium," for an additional 6.75 hours of CLE within 1 year from the date of service of this Order. Respondent shall provide the State Bar Compliance Monitor with evidence of completion of the program(s) by providing a copy of handwritten notes and certificate of completion. Respondent should contact the Compliance Monitor at 602-340-7258 to make arrangements to submit this evidence. Respondent will be responsible for the cost of the CLE.

3) Respondent shall commit no further violations of the Rules of Professional Conduct.

4) Respondent shall report, in writing, compliance with the terms of probation to the State Bar's Phoenix Office.

5) If Respondent fails to comply with any of the foregoing conditions and the State Bar receives information about non-compliance, bar counsel shall report material violations to the Presiding Disciplinary Judge, who may hold a hearing to determine if the terms of probation have been violated and to determine if an additional sanction should be imposed. In a probation violation hearing, the State Bar must prove a violation by preponderance of the evidence.

**IT IS FURTHER ORDERED,** pursuant to Rule 60(b), Ariz. R. Sup. Ct., that Respondent shall pay the costs and expenses of these proceedings, as set forth in the attached Statement of Costs and Expenses, within thirty (30) days from the date of service of this Order.

2

**PURSUANT** to Rules 60(a)(4) and 70(a)(2), Ariz. R. Sup. Ct., this order will be entered in the Respondent's permanent record at the State Bar and is not confidential. Pursuant to Rule 48(k)(3), Ariz. R. Sup. Ct., it may be considered by the Attorney Discipline Probable Cause Committee, the Presiding Disciplinary Judge, a Hearing Panel, or the Supreme Court in recommending or imposing discipline in a subsequent disciplinary proceeding against Respondent.

### NOTICE OF RIGHT

Parties may not file motions for reconsideration of this Order.

**PURSUANT** to Rule 55(c)(4)(B), Ariz. R. Sup. Ct., within ten (10) days of service of this Order, Respondent has the right to demand that a formal proceeding be instituted and issuance of an Order to Vacate this Order of Admonition with Probation, whereupon this Order will be vacated and the matter disposed of in the same manner instituted before the Presiding Disciplinary Judge. This demand shall be filed with the Attorney Disciplinary Probable Cause Committee of the Supreme Court of Arizona, 1501 W. Washington, Suite 104, Phoenix, AZ 85007-3231 with a copy to the State Bar of Arizona. The demand must comply with Rule ARCAP 8(c).

**DATED** this 13 day of April, 2021.

*Lawrence F. W.*
Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona