**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

*Attorneys for Defendant Alane Ortega*

SILENCE LAW GROUP

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, | Case No.  2:25-cv-00663-PHX-DWL |
| Plaintiff, | |
| v. | **DEFENDANT ALANE ORTEGA'S MOTION TO STRIKE THE EXHIBITS FROM PLAINTIFF'S RESPONSE TO HER MOTION TO DISMISS** |
| Robert Meza, et al., | |
| Defendant. | (Hon. Dominic W. Lanza) |

Defendant Alane Ortega requests that the Court exercise its inherent authority to strike and seal the exhibits from Plaintiff's response, [Doc. 114-1] and [Doc. 114-2], to her most recent Motion to Dismiss, [Doc. 108] ("Motion").

**I.      Facts**

Plaintiff attached two exhibits to his Response to Defendant's Motion ("Response"), [Doc. 114]: [Doc. 114-1] and [Doc. 114-2]. Plaintiff asked the Court to take judicial notice of the facts within the exhibits "[t]o aid in its decision" of whether to grant his request to hold an evidentiary hearing about the request to take judicial notice of Administrative Order 2023-159 (the "Order"), cited throughout the briefing of the motions to dismiss in this action.

Exhibit A is Plaintiff's response to a motion in a state court case. The response itself contains exhibits including personal financial information of persons uninvolved in

this litigation. Exhibit B is comprised of documents related to a judicial proceeding involving Ortega unrelated to this litigation. Plaintiff introduced the exhibits in a footnote that includes details about that judicial proceeding.

## II.    Argument

District courts have the inherent power to control their dockets, which "includes the power to strike items from the docket as a sanction for litigation conduct." *Ready Transportation., Inc. v. AAR Mfg.*, 672 F.3d 402, 404–05 (9th Cir. 2010). This Court recently cited the analysis of *Ready Transportation* to use its inherent authority to strike and seal motions and an exhibit as a sanction for using the Court's filing system for an improper purpose. The Court found the motions and exhibit to be "unrelated to the issues" and concluded they were "being used as vehicles to vent a private spite against various judges" and were being filed as "personal attacks" rather than "legal documents." *See Edwards v. Coury*, No. CV-25-01964-PHX-JAT, 2025 WL 2468645, at *1 (D. Ariz. Aug. 27, 2025).

Here, Plaintiff's exhibits are entirely irrelevant to the question of whether the Court should grant his request for an evidentiary hearing, the reason he claims for attaching them. Plaintiff attaches Exhibit A in reckless disregard of the irrelevant personal financial information it contains of multiple persons uninvolved in this litigation. Exhibit B serves no other purpose than to harass and embarrass Ortega. The footnote introduction to Exhibit B recites details of the exhibit in the body of Plaintiff's response. Like the stricken motions and exhibit in *Ready Transportation*, the exhibits and the introduction to Exhibit B are nothing more than vehicles to vent Plaintiff's spite and are more personal attacks than legal documents.

## III.    Conclusion

The Court should use its inherent power, as it did in *Ready Transport*, to strike and seal Exhibits A and B, [Doc. 114-1] and [Doc. 114-2], to Plaintiff's Response, as well as the footnote introduction to Exhibit B, Resp. at 10 n.2

SILENCE LAW GROUP

beginning with the text, "This would not be the first time . . . .," as a sanction for Plaintiff's use of the Court's filing system for an improper purpose.

RESPECTFULLY SUBMITTED this 17 day of March, 2026.

**Silence Law Group PLLC**

_/s/ Trevor Cook_

Jeffrey Silence

Trevor Cook

_Attorneys for Defendant Alane Ortega_

SILENCE LAW GROUP

3