**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant Alane Ortega*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>                  Plaintiff,<br><br>      v.<br><br>Robert Meza, et al.,<br><br>                  Defendant. | Case No.  2:25-cv-00663-PHX-DWL<br><br>**REPLY IN SUPPORT OF ALANE ORTEGA'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Hon. Dominic W. Lanza) |

The Court should grant Defendant Alane Ortega's Motion to Dismiss Second Amended Complaint, [Doc. 108] (the "Motion"). The Court should also deny Plaintiff's request for an evidentiary hearing on the request in the Motion for judicial notice of Administrative Order 2023-159 (the "Order").

**I.    Argument**

    **A.    Plaintiff Does not Show—or Even Argue—That the State Law Claims Against Ortega Form Part of the Same Case or Controversy as His Remaining Federal Claim Against Attorney General Mayes.**

In her Motion, Ortega summarized the facts alleged against her in Plaintiff's Second Amended Complaint ("SAC"). *See* Resp. Mot. [Doc. 108] at 2–4. She argued that none of her alleged actions have any bearing on the constitutionality of Arizona's statutory definition of criminal harassment. *Id.* at 6:25–7:5.

SILENCE LAW GROUP

Plaintiff's Response ignores Ortega's argument against this Court's supplemental jurisdiction over the claims against her. The Response does not cite a single factual allegation from the SAC or attempt to explain how any of those allegations and his remaining claim of a statute's constitutionality against a different defendant "derive from a common nucleus of operative fact" and would be expected to be tried in one judicial proceeding. *See Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape and Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). He cannot because the claims do not form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367. The Court, therefore, does not have supplemental jurisdiction over the state tort claims against Ortega and should grant her Motion.

**B.      Plaintiff Does not Show Why the Court Should Decline to Exercise Supplemental Jurisdiction.**

Ortega explained in her Motion how the Court, even if it found supplemental jurisdiction over the state-law claims against her, could decline to exercise it based on 28 U.S.C. § 1367(c). *See* Mot. at 7:6–16.  In response, Plaintiff simply asserts the opposite with no further argument, *id.* at 6:18–7:6, while referencing both a claim for aiding and abetting an alleged tortfeasor who is no longer party to this action, *id.* at 6:22–23, and dismissed claims as "predominating" over the claims against Ortega, *id.* at 6:25–26.

Even if the Court found supplemental jurisdiction, it should decline to exercise it for the reasons stated in the Motion and unrebutted in the Response.

**C.      The Court Should Deny Plaintiff's Request for Evidentiary Hearing.**

Plaintiff asks to be heard before the Court takes judicial notice of the Order because "he disputes every fact contained in that administrative order, . . . [the] order [is] erroneous," and it was obtained as part of an effort to manipulate proceedings for tactical advantage in another case. Resp. at 8:9–12.

The Court already took notice of the Order after noting that Plaintiff cited it in his briefing and did not dispute it. *See* [Doc. 100] at 15:25–16:2, 19:3–17. The Court also

2

affirmed that it "d[id] not take judicial notice of the truth of any of the statements contained in" the Order. *Id.* at 19 n.11. This is consistent with the principle that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment but may not take notice of the disputed facts within them. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The Court should deny Plaintiff's request for a hearing because he already had the opportunity to be heard on the issue and neither disputed the Order nor sought a hearing about its judicial notice. And the Court notices the Order without taking notice of the statements contained therein, so Plaintiff's specific arguments for opposing its judicial notice are moot.

### D.    Ortega Objects to Abusive Exhibits

Plaintiff attaches two exhibits to his Response and asks the Court to take judicial notice "of undisputed facts that Ms. Ortega has referenced [the Order] while participating in state court motion practice that asks Plaintiff to be arrested." Resp. at 9 n.2. Plaintiff asks the Court to notice the exhibits "[t]o aid in its decision" of whether to hold an evidentiary hearing on "what facts can be properly gleaned from the pursuit and grant of [the Order], and how those facts were established to issue the order." Resp. at 9:3–8 and n.2.

Exhibit A is Plaintiff's response to a motion in a state court case that includes exhibits containing personal financial information of persons uninvolved in this litigation. Exhibit B is comprised of documents related to a judicial proceeding involving Ortega unrelated to this litigation. Neither exhibit is relevant to the Court's decision of whether to take notice of the Order. The exhibits appear to be included only to harass and embarrass Ortega in reckless disregard of any concern for the persons mentioned in Exhibit A. These exhibits should be struck and removed from the record.

SILENCE LAW GROUP

3

**II.    Conclusion**

The Court should grant Defendant Alane Ortega's Motion to Dismiss Second Amended Complaint for the reasons stated therein and deny Plaintiff's request for a hearing.

RESPECTFULLY SUBMITTED this 17th day of March, 2026.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook

*Attorneys for Defendant Alane Ortega*

SILENCE LAW GROUP