**KRISTIN K. MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Hayleigh S. Crawford (Bar No. 032326)
Joshua A. Katz (Bar No. 039449)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Hayleigh.Crawford@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Attorneys for Defendant Arizona Attorney*
*General Kristin K. Mayes*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Robert Meza, et al.,<br><br>Defendants. | No. CV25-00663-PHX-DWL<br><br><br>**AG'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

Plaintiff's First Amended Complaint failed to establish standing, and so the Court did not reach the question of whether to dismiss for failure to state a claim. The Court gave Plaintiff leave to amend solely to plead additional facts supporting standing. But the Second Amended Complaint (SAC) added only a handful of allegations, none sufficient to support standing. Plaintiff does not dispute this. Instead, he argues for a lower pleading requirement. This also fails. And finally, even if Plaintiff had standing, the SAC fails to state a claim on the merits. The Court should dismiss with prejudice.

## ARGUMENT

### I. The Response confirms that the SAC does not sufficiently allege facts supporting standing to sue AG Mayes.

As AG Mayes showed in her motion (Doc. 110 at 5), Plaintiff still lacks standing to challenge Arizona's harassment statute because his SAC does not add sufficient facts to plead injury-in-fact. Plaintiff is proceeding on a pre-enforcement theory of standing. But he fails to allege facts showing that his conduct is "proscribed by a statute" or that he is under a "credible threat of prosecution." *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014) (citation omitted).

Plaintiff does not respond by identifying any allegations in the SAC establishing either of these elements of pre-enforcement standing. Instead, he attempts to get around the obligation to plead facts supporting standing through incorrect and irrelevant legal arguments. As the party asserting jurisdiction, however, plaintiff bears the burden of establishing standing. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting "party asserting jurisdiction" bears the burden); *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011) ("[S]tanding is a necessary component of subject matter jurisdiction."). Because Plaintiff cannot show standing, the Court lacks jurisdiction and should dismiss.

### A. The SAC does not establish *Driehaus* requirement two.

As AG Mayes explained (at 6), Plaintiff fails to establish the second *Driehaus* requirement because, by pleading no facts about his anticipated filings, he cannot show them to be even "proscribed by" the harassment statute. *See Arizona v. Yellen*, 34 F.4th

1

841, 849 (9th Cir. 2022). Plaintiff does not dispute this point. Instead, he first tries to lower the pleading bar, and next restates his theory that all litigation is harassment, so no facts are needed. *See* Doc. 115 at 6. Both are legally incorrect and thus the SAC does not establish the second *Driehaus* requirement.

### 1.    Plaintiff's factual allegations remain insufficient.

The SAC lacks any facts demonstrating the content of Plaintiff's planned filings, or why they would be harassing. Without facts, he cannot explain how his conduct will be "harassing" under A.R.S. § 13-2921, and therefore fails to show how his conduct is "arguably proscribed by the statute." *Driehaus*, 573 U.S. at 162 (cleaned up).

Plaintiff does not contest the insufficiency of his factual allegations. Instead, he argues for a lower bar. He observes that he need not "admit to violating a law in order to have standing to challenge it." Doc. 115 at 4 (quoting *Yellen*, 34 F.4th at 849). Therefore, he suggests, he need not make specific allegations about his filings.

Although a "plaintiff who wishes to challenge the constitutionality of a law" need not "confess that he will in fact violate that law," *Driehaus*, 573 U.S. at 163, Plaintiff is not therefore absolved of the obligation to plead "all requisite steps" in violating the statute, *Yellen*, 34 F.4th at 849. It means only that a plaintiff need not plead actual guilt. *See Driehaus*, 573 U.S. at 163.This is neatly illustrated by *Driehaus*, where the plaintiffs contested the illegality of their actions but that had not stopped officials from "finding probable cause" that the same acts as those they planned "violated the law" in the past. *Id*. In addition, the pleading was sufficient to give "every reason to think that similar speech in the future will result in similar" proceedings. *Id*. In other words, the plaintiffs were free to deny that their actions amounted to a crime, but still needed to plead those actions.

Here, Plaintiff pled no facts about his proposed filings. That is not what *Yellen* and *Driehaus* consider sufficient.

2

### 2.    Litigation is still not harassment under Arizona law.

In addition to arguing for a lowered pleading bar, Plaintiff continues his attempt to avoid pleading specific facts at all by maintaining that "all litigation is harassment under the statute, at least if a counterparty feels distress." Doc. 110 at 8; *see* Doc. 100 at 33 n.17 (Court describing Plaintiff's theory in similar terms).[1]

The Court has already rejected this argument. *See* Doc. 100 at 32. So have the Arizona courts. *See State v. Musser*, 977 P.2d 131, 132–33 ¶ 7 (Ariz. 1999) (similar statute did not criminalize "threatening to institute lawful civil proceedings"); *State v. Brown*, 85 P.3d 109, 110, 115–16 ¶¶ 1, 20 (Ariz. Ct. App. 2004) (Pelander, P.J.) (harassment statute did not sweep in "delivery of bad news" or other ordinary conduct).

Plaintiff dismisses (at 6) the Arizona cases cited above because they reviewed a previous version of the statute. He suggests that a 2022 amendment changed the scope of the law, making earlier interpretations of that scope irrelevant to him now. Not so. The relevant portion of the scope remains the same, so cases like *Brown* remain relevant.

In particular, Plaintiff points to the mens rea requirement. In the prior version, the statute required conduct "with intent … or with knowledge." A.R.S. § 13-2921(A) (2008). Following the 2022 amendments, the statute now requires that a person act "knowingly." *Id.* § 13-2921(A) (2022); *see also* Ariz. H.R. B. Summ., 2022 Reg. Sess., S.B. 1633 (July 7, 2022), provision 1. Thus, both versions apply to a person who acts with a "knowing" mental state. *Brown* and related cases held that conduct similar to Plaintiff's did not satisfy the statute, which contained a "with knowledge" mens rea prong. Because the current statutory language still requires "knowing" action, these cases continue to demonstrate that Plaintiff's conduct here does not come within the statute. Consequently, if filing papers was not harassment under the pre-2022 statute per *Brown*, it still is not harassment now under the 2022 version.

---

[1] Nowhere in Plaintiff's response does he contest this understanding of his position.

3

Perhaps for that reason, *Brown* and *Musser* continue to be cited by Arizona courts. *See, e.g.*, *State v. Martinez*, No. 24-0100, 2025 WL 560361, at \*4–5 ¶¶ 26–28 (Ariz. Ct. App. Feb. 20, 2025) (quoting and citing *Brown* in rejecting First Amendment challenge to similar statute); *State v. Snyder*, No. 23-0038, 2024 WL 342301, at \*5 ¶¶ 21–22 (Ariz. Ct. App. Jan. 30, 2024) (same, but for harassment statute).

### B. *Driehaus* requirement three is not met, either.

Because Plaintiff fails to satisfy the second *Driehaus* requirement, he does not have standing, and the SAC should be dismissed. However, even if Plaintiff had met the second *Driehaus* requirement, AG Mayes also demonstrated (at 10–12) that he fails to satisfy the third *Driehaus* requirement. He fails to allege facts sufficient to show the three factors courts consider in applying this requirement, namely: (1) the existence of a "concrete plan"; (2) a "specific warning or threat to initiate proceedings"; and (3) "the history of past prosecution or enforcement under the challenged statute." *Yellen*, 34 F.4th at 850 (citation omitted); *see also* Doc. 100 at 34 n.18 (framework still applies to evaluate the third *Driehaus* requirement (*contra* Doc. 115 at 10)).

Nothing in Plaintiff's response changes this result. Plaintiff does not point to allegations establishing any of these factors. Instead, he turns to a recent Ninth Circuit case that he argues expands the universe of potential complainants whose actions would permit him to sue AG Mayes. It does not, and even if it did, he still fails to point to such an individual even on his own terms.

### 1. Plaintiff's response confirms that he cannot show a specific threat or warning of enforcement.

Plaintiff does not attempt to show any threat or warning from AG Mayes herself. Instead, he claims (at 5) the Secretary of State has "enforced" the statute against him. As he explains it, the Secretary did this by granting address confidentiality to his ex-wife, who presented his vexatious litigant designation as evidence of harassment. Doc. 115 at 3–4 n.2. Therefore, he maintains, the Secretary accepts his theory that litigation is harassment, and this means he faces prosecution.

This is flawed for three reasons. First, ensuring someone else's confidentiality is not enforcement against Plaintiff. Second, the Secretary's actions do not indicate agreement with Plaintiff's theory, because granting address confidentiality does not carry the same standards as a criminal prosecution. And third, any acceptance by the Secretary of Plaintiff's theory would be irrelevant, as the Secretary is not a prosecutor and cannot prosecute violations of the statute.

Plaintiff does not contest these three points, either. Instead, he now maintains that the Secretary of State's supposed finding that Plaintiff committed harassment is a "credible threat" giving standing to sue "all state officers and private parties authorized to enforce the challenged statute." Doc. 115 at 6–7 (citing *Am. Encore v. Fontes*, 152 F.4th 1097, 1118 (9th Cir. 2025)). Thus, Plaintiff claims he has standing to sue AG Mayes because she "civilly and criminally enforces the challenged statute." *Id.* at 7.

This, per Plaintiff, follows from the Ninth Circuit's decision in *American Encore*, holding that courts should look to the collective threat posed by the "universe of potential complainants" under the third *Driehaus* requirement. 152 F.4th at 1118 (cleaned up).

This misreads *American Encore*. There, organizational and individual plaintiffs sued the Secretary of State, alleging that certain rules in the Election Procedures Manual might be criminally enforced against them. *Id.* at 1105–06. The court found the third requirement satisfied "by virtue of the enforcement authority delegated by the Secretary to election workers." *Id.* at 1118. The election workers were required to use the challenged provision to identify "disruptive persons" who must be "remove[d] … from the voting location." *Id.* at 1119. When an individual was to be removed, the workers were instructed to "call the police." *Id.* Thus, there was a "credible threat of adverse government action." *Id.* at 1118.

Plaintiff appears to place AG Mayes here in the position of the Secretary in *American Encore*. Not so. AG Mayes has not "delegated" any "enforcement authority" to the Secretary. *Cf. id.* So, AG Mayes and the Secretary have no relationship like that between the Secretary and the poll workers. Furthermore, the poll workers were obligated

to call the police, but the Secretary has no corresponding obligation or authority.  *See* Doc. 110 at 12.

Plaintiff's reliance (at 6, 8) on the Ninth Circuit's *Isaacson v. Mayes* decision similarly fails.  There, the Ninth Circuit held that AG Mayes's express disavowal of enforcing a statute did not fatally undermine a credible threat of prosecution.  84 F.4th 1089, 1100 (9th Cir. 2023).  Critically, in *Isaacson*, at least one county attorney indicated an intent to enforce the statute in question despite AG's Mayes's advice not to.  *Id.* at 1100–01.  This county prosecutor's understanding and threatened enforcement was enough to cause the plaintiffs "to fear … they … will be targeted." *Id.*  Furthermore, there was a "credible threat that the [statute in question] will be civilly enforced" by state agencies who said they would "comply with the laws that are in effect." *Id*.

As discussed in AG Mayes's motion (at 12), no similar facts exist here.

Adopting Plaintiffs' theory would allow suit against any official, with or without authority to enforce the law, if another official (even one without any enforcement authority) takes any action at all tangentially related to the law, even if it is not an enforcement action.  Plaintiff does not dispute the capaciousness of his theory; he embraces it (at 8).  He argues that AG Mayes "would need to document that every potential complainant disavows enforcement, or she would need to possess the authority to control all potential complainants" to deprive Plaintiff of standing.  *Id.*  But, Plaintiff continues, even this is not enough to deprive him of standing because "no state constitutional provision or statute gives [AG Mayes] such authority." *Id.*  This limitless theory of standing is not the law.

**2.    The statute is not too new for its history to guide the inquiry.**

As AG Mayes previously stated, Plaintiff fails to point to any case in which AG Mayes or some other Arizona prosecutor has brought charges against a defendant under the harassment statute for solely filing court papers.  Doc. 110 at 12.  Plaintiff responds that the statute is too new for its history to guide the step three inquiry.  Doc. 115 at 8–9.  But, as discussed, the changes in 2022 are not relevant here.  Any instance that could be

prosecuted now, under the "knowingly" standard, could have been prosecuted before 2022, under the disjunctive standard. Yet Plaintiff has not presented one.

***

Overall, nothing in Plaintiff's response challenges the conclusion that he lacks standing to bring a pre-enforcement challenge to the harassment statute. Plaintiff still fails to plead sufficient facts to show how his proposed conduct is proscribed by the statute. Plaintiff still fails to show a credible threat of prosecution by any state actor under the harassment statute. And his attempts to evade this requirement do not reflect the law.

## II. The Response confirms that the harassment statute is neither unconstitutionally vague nor violative of the First Amendment.

Even if Plaintiff had standing, the Court should still dismiss the case because the Complaint "lack[s] … a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (citation omitted).

As AG Mayes demonstrated in her motion (at 14–17), Arizona's harassment statute is neither unconstitutionally vague nor violative of the First Amendment, including its Petition Clause. The law is not "impermissibly vague in all of its applications" because it does not "cause persons of common intelligence necessarily to guess at its meaning and to differ as to its application." *United States v. Makowski*, 120 F.3d 1078, 1080 (9th Cir. 1997) (cleaned up); *see* Doc. 110 at 16–17. It does not facially violate the First Amendment because legitimate applications far outweigh any hypothetical unconstitutional applications. Doc. 110 at 14–16.

Plaintiff offers three responses. But none call any of these conclusions into question. The first two relate to vagueness. The first takes the Court's own language out of context. The second overreads the 2022 amendment. And the third, relating to First Amendment protections, misstates AG Mayes's analysis.

7

**A.    Plaintiff's unclear allegations do not establish a lack of clarity in the statute.**

First, Plaintiff (at 12) looks to a fragment of a court order to manufacture vagueness.  According to Plaintiff, the Court's admitted lack of clarity on whether his course of action would be harassing means that the definition of harassment is itself vague. Doc. 115 at 12.  But the Court's lack of certainty was about the allegations in the First Amended Complaint, not the law.

The Court's discussion related to the second *Dreihaus* requirement.  The Court first concluded that the Complaint failed to show a repeated course of conduct, or one that "would cause a reasonable person to be seriously alarmed, annoyed, humiliated, or mentally distressed." Doc. 100 at 32 (quoting A.R.S. § 13-2921).  Then the Court went on to state that "even if the FAC had included information about the expected content and frequency of Plaintiff's anticipated court filings, it is unclear whether the act of filing court papers would qualify as 'conduct that is directed at a specific person,' as required under § 13-2921(E)." *Id.* at 32–33.  "[A]t least *based on the lack of allegations in the FAC* on this point" the Court found it unclear whether this "fact-specific" test was met. *Id.* at 33–34 (emphasis added).

The language Plaintiff quotes, then, was about Plaintiff's unclear allegations, not any lack of clarity in the law.  That does not suggest the law is vague.

Moreover, even if the Court had found the law unclear as to Plaintiff's novel theory, a law is not vague simply because a far-flung hypothetical lacks an immediate answer.  Every law can be given a hypothetical application in which some question is less than perfectly clear.  The vagueness doctrine does not demand "mathematical certainty," "even when a law implicates First Amendment rights." *Cal. Tchrs. Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1150 (9th Cir. 2001) (citation omitted).

**B.    The harassment statute puts potential offenders on notice.**

Second, as discussed at 3 above, Plaintiff (at 14) makes much of a 2022 change to the mens rea language of the harassment statute.  That change changed the previous "with

intent … or with knowledge" standard to "knowingly." *See* Ariz. H.R. B. Summ., 2022 Reg. Sess., S.B. 1633 (July 7, 2022), provision 1.

Plaintiff appears to argue this abrogated Arizona case law such that the statute now applies to such commonplace interactions as "any delivery of bad news." C*f. Brown*, 85 P.3d at 115 ¶ 20 (holding the opposite prior to the amendment). Plaintiff's theory is untenable, for four independent reasons.

First, it is illogical. As explained above, anyone convicted under the present "knowingly" standard could have been convicted under the older "with intent … or with knowledge" standard because both the old and new standards include knowing conduct. The amendment, then, cannot lead to violations without notice.

Second, it is unlikely Arizona courts would agree with Plaintiff. *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996). The "narrowing construction" adopted in *Brown* remains strong evidence the law is "readily subject" to such a reading. *See Cal. Tchrs. Ass'n*, 271 F.3d at 1151 (statute not vague if "readily subject to a narrowing construction by the state courts" (citation omitted)).

Illustratively, the law has been "challenged since" the 2022 amendments, Plaintiff's claims to the contrary notwithstanding. Doc. 115 at 14. In *Snyder*, just to take the most recent example, a defendant charged with harassment raised an as-applied First Amendment challenge to the law. 2024 WL 342301, at *4 ¶ 18. Citing *Brown*, the court noted it had "already approved Arizona's harassment statutes." *Id.* at *5 ¶ 21.

Third, the legislature is unlikely to have made such a sweeping change without any mention in the legislative history. *Cf., e.g.*, Ariz. H.R. B. Summ., 2022 Reg. Sess., S.B. 1633 (July 7, 2022); Ariz. F. Sheet, 2022 Reg. Sess. S.B. 1633 (May 10, 2022).

Fourth, the law retains a scienter requirement, now "knowingly."[2] Such requirements "mitigate[] … vagueness." *Makowski*, 120 F.3d at 1081. This case, in fact,

---

[2] A person acts knowingly "with respect to conduct or to a circumstance described by a statute defining an offense" when that person "is aware or believes that [his] conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(10)(b).

illustrates how scienter requirements function to ensure violators are not taken by surprise. *See United States v. Wyatt*, 408 F.3d 1257, 1261 (9th Cir. 2005) (vagueness doctrine ensures offenders have notice).

Aside from specific enumerated acts not relevant here (A.R.S. § 13-2921(A)(1–5)), a person commits the offense of harassment only if the person:

> (1) acts in a way that is "directed at a specific person and [] would cause a reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed," § 13-2921(E);
>
> (2) the conduct "in fact seriously alarms, annoys, humiliates or mentally distresses the person" at whom it is directed, *id.*; and
>
> (3) knowing both of the above, the violator nonetheless engages in the conduct "repeatedly," § 13-2921(A).

None of this can reasonably take the violator by surprise.

### C.    The Response does not rehabilitate Plaintiff's First Amendment challenge.

Finally, AG Mayes previously explained (at 15) that the law is not overbroad because most filings that are harassing would also be unprotected. *See Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024).

Plaintiff appears to disown any overbreadth claim. Doc. 115 at 15 n.4. The only response he attempts on any claim other than vagueness challenges only the presence of a "significant or compelling government interest," which is not the test for overbreadth and appears only in AG Mayes's intermediate scrutiny analysis. *See id.* It appears Plaintiff agrees, then, that the statute is not overbroad.

AG Mayes's constitutional scrutiny analysis is relevant to determining the legitimate sweep of the law, *Moody*, 603 U.S. at 723, and also applies "even setting aside the facial nature of the challenge." Doc. 110 at 15. Looking at the law's potential application to harassing filings that are also protected speech, AG Mayes explained that such applications are subject to, and survive, intermediate scrutiny. *Id.* at 15–16 (citing

and quoting *Jacobs v. Clark Cnty. School Dist.*, 526 F.3d 419, 434 (9th Cir. 2008)).  They survive, in part, because of the "important" and "substantial" state interest in preventing the courts being overrun with abusive filings, wasting valuable judicial resources.  *Id.*; s*ee World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082–83 (9th Cir. 1987) (that a policy is "necessary for the functioning of the state judicial system … demonstrates an important state interest" (citation omitted)).  The state also has an interest in maintaining the public's trust in the courts, by not turning courts into arms of harassment campaigns.  *See Wolfe v. George*, 486 F.3d 1120, 1126 (9th Cir. 2007) (mentioning state "interest in protecting defendants from harassment by frivolous litigation").

Plaintiff responds that this interest is neither significant nor compelling, equating it to one in not permitting "upsetting" speech.  Doc. 115 at 15 n.4.  Not so.  The interests in judicial resources and reputation AG Mayes cites are not fairly characterized as avoiding upset.  Neither do Plaintiff's two citations move the needle.  *Snyder v. Phelps*, a case about speech on public property concerning matters of public concern, is cited for the unobjectionable proposition that "speech cannot be restricted simply because it is upsetting." 562 U.S. 443, 458 (2011).  That puts the cart before the horse.  And *Reges v. Cauce* simply notes that college students do not have the "power to restrict their professors' academic speech in the name of avoiding distress."  162 F.4th 979, 1002 (9th Cir. 2025) (discussing dissent).  Neither case calls into question the sufficiency of the state's interest in the functioning of its courts.

## CONCLUSION

Plaintiff's SAC fails to correct any of the deficiencies the Court previously noted, and the Response does not change that.  As Plaintiff has had ample opportunity to plead the requisite facts, and has not, leave to amend would be futile, and the SAC should be dismissed with prejudice.

11

**RESPECTFULLY SUBMITTED** this 20th day of March, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


By  /s/ *Joshua A. Katz*
    Hayleigh S. Crawford
    *Deputy Solicitor General*
    Joshua A. Katz
    *Assistant Attorney General*
    Office of the Arizona Attorney General
    2005 N. Central Ave.
    Phoenix, Arizona 85004

*Attorneys for Defendant Arizona Attorney*
    *General Kristin K. Mayes*