**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

*Attorneys for Defendant Alane Ortega*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Robert Meza, et al.,<br><br>　　　　　　Defendant. | Case No.  2:25-cv-00663-PHX-DWL<br><br>**DEFENDANT ALANE ORTEGA'S REPLY IN SUPPORT OF HER MOTION TO STRIKE**<br><br>(Hon. Dominic W. Lanza) |

The Court should grant Ortega's Motion to Strike the two exhibits and their accompanying introductory text in his Response to Defendant Alane Ortega's Motion to Dismiss. Those items serve no legitimate purpose. Plaintiff seeks only to harass and embarrass Ortega. Nor were Plaintiff's filing authorized to be filed by any statute, rule, or court order. The Court should exercise its rules-based and inherent authority to strike and seal the items at issue.

## I.　Facts

The exhibits and their accompanying introductory text requested to be stricken in the Motion (the "Irrelevant Items") were presented by Plaintiff as supposed aids to the Court's consideration of whether to set an evidentiary hearing about "what facts can be properly gleaned from" an administrative order the Court judicially noticed (the "Order"). *See* Doc. 114 at 10 n.2 and accompanying text (presenting Irrelevant Items); Doc. 100 at

16:3, 19:3–17 (taking judicial notice). Attachment A, Doc. 114-1, is Plaintiff's response to a motion in a state court case and contains exhibits including personal financial information of persons uninvolved in this litigation. Attachment B, Doc. 114-2, is comprised of documents related to a judicial proceeding involving Ortega unrelated to this litigation and is introduced in the briefing with details about that judicial proceeding.

## II.    Argument

Plaintiff's request for this hearing was improper for at least two reasons. First, he raised it in a response brief to a motion to dismiss. Second, he ignored that the Court explicitly did "*not* take judicial notice of the truth of any of the statements contained in [the Order]." Doc. 100 at 19 n.11 (emphasis added). His only reason for requesting a hearing on the Court's noticing the Order was because "he [Plaintiff] disputes every fact contained in [the Order]," Doc. 114 at 9:9–12, a moot point given that the Court did not notice the truth of any of the statements within it.

Even if Plaintiff's request for the hearing were proper, the Irrelevant Items are irrelevant to the request. Plaintiff does not explain how "evidence that Ms. Ortega has full knowledge of every element of her client's past and ongoing criminal activities, including intent to defraud," Doc. 114 at 10:11–12, has any relevance to his improper request for a hearing about the Court's non-existing notice of the factual statements of the Order. Nor does he explain how Ortega's professional history has anything to do with the factual content of the Order or what bearing it has on the Court's nonexistent taking notice of it.

The Irrelevant Items are indeed irrelevant. They have no bearing on either of Plaintiff's arguments against Ortega's Motion to Dismiss or his arguments for his improper request for an evidentiary hearing. The only conceivable purpose for their inclusion in this unrelated filing is to harass and embarrass Ortega.

No statute, rule, or court order authorizes Plaintiff to file exhibits entirely irrelevant to the briefing they accompany—couched within an improper request unrelated to *both* the briefing and the exhibits—that flaunt nonparties' financial information and seek to embarrass a defendant. FRCP 26(b) requires that discovery (and by extension pleadings)

SILENCE LAW GROUP

bear relevance to the parties' claims and defenses. The exhibits and their introductory text, therefore, should be stricken and sealed.

Plaintiff devotes most of his Response to Ortega's Motion to Strike reciting the standards for sealing judicial records, but that standard does not apply here. Ortega is not seeking to file the Irrelevant Items under seal. Instead, she argues they are improper such that they should not be part of the record of this case. But Plaintiff already filed them, and they are now judicial records.

If the Court finds their filing was improper and they should be struck, then it should also seal them for the same reasons—as it did in *Edwards v. Coury*, No. CV-25-01964-PHX-JAT, 2025 WL 2468645 (D. Ariz. Aug. 27, 2005)—regardless of whether they are otherwise publicly available.

## III.    Conclusion

The Court should grant Ortega's Motion to Strike or use its discretion to strike and seal the Irrelevant Items regardless of the technical disposition of Ortega's Motion.

RESPECTFULLY SUBMITTED this 7th day of April, 2026.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook
*Attorneys for Defendant Alane Ortega*

3