**KRISTIN K. MAYES**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Hayleigh S. Crawford (Bar No. 032326)
Joshua A. Katz (Bar No. 039449)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Hayleigh.Crawford@azag.gov
Joshua.Katz@azag.gov
ACL@azag.gov

*Attorneys for Defendant Arizona Attorney*
*General Kristin K. Mayes*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Potter, individually and on behalf of all others similarly situated<br><br>                    Plaintiffs,<br><br>v.<br><br>Robert Meza, et al.,<br><br>                    Defendants. | No. CV25-00663-PHX-DWL<br><br><br>**ATTORNEY GENERAL'S RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY** |

Plaintiff's two notices of supplemental authority are meant to bolster his case for standing. [1]  But neither of the cases cited changed the requirements for standing.  They simply repeat existing law, and AG Mayes has explained that existing law does not imbue Plaintiff with standing.

### I.    *Imperial Sovereign Court* restates the requirements for pre-enforcement standing without changing them.

Plaintiff's first notice of supplemental authority (Doc. 119) discusses *Imperial Sovereign Court of Montana v. Knudsen*, No. 23-3581 (9th Cir. Mar. 13, 2026).  In *Imperial Sovereign Court*, several plaintiffs brought pre-enforcement challenges to different sections of a recently passed statute, claiming it violated their First Amendment rights.  Slip op. at 2.  The Ninth Circuit found that at least one plaintiff for each challenged section had standing because they satisfied the three *Driehaus* requirements.  *Id.* at 15–19.  As Plaintiff notes (at 1), the case dealt with laws so new they lacked a "history of enforcement."  *Id.* at 12.  In that context, the Ninth Circuit reiterated that failure to disavow is sufficient to establish a credible threat.  *Id.*  The harassment statute is not so new as to lack a history of enforcement.

The challenged law there prohibited publicly funded schools and libraries from hosting certain performances.  *Id.* at 6.  The defendants included the state Attorney General and other officers.  *Id.* at 8.  Rejecting the argument that the defendants, specifically, had not interfered with proscribed conduct, the court stated "when a statute distributes enforcement authority across multiple actors … the threat of [] enforcement is properly analyzed as a collective assessment of the threat posed by all the potentially enforcing authorities, together."  *Id.* at 21–22 (emphasis omitted) (quoting *Matsumoto v. Labrador*, 122 F.4th 787, 798 (9th Cir. 2024)).  But that applies only where multiple actors can enforce the law.  The other official Plaintiff has identified, the Arizona

---

[1] Plaintiff states his notices relate to Counts 1 and 2 of his complaint.  On Count 1, he claims *Chiles v. Salazar* helps him on the merits.  But Count 1 has been dismissed without leave to amend, so AG Mayes considers only Count 2 and limits her response to standing.

Secretary of State, does not enforce the harassment law.  *See* AG Mayes's Reply ISO MTD (Doc. 118), at 4–6.

**II.     *Chiles* does not relax requirements to show a credible threat of enforcement.**

Plaintiff's second notice of supplemental authority (Doc. 120) discusses *Chiles v. Salazar*, No. 24-539, 607 U.S. ___ (Mar. 31, 2026).  In *Chiles*, the statute at issue prohibited speech the plaintiff had already engaged in before the statute, and the plaintiff pleaded she would have continued this same type of speech if not for the new statute. *Chiles*, slip op. at 4.  The lower courts noted that State authorities refused to disavow bringing enforcement actions against the plaintiff.  *Id.* at 4–5.  The state defendant suggested that the plaintiff did not have standing to bring a pre-enforcement challenge because the plaintiff did not show "a credible threat that the State will enforce its law against her."  *Id.* at 5 n.*.  The Supreme Court held that the plaintiff had standing.  *Id.* The Court reasoned that the State "fought this suit through three courts over three years, and … expressly declined to disavow enforcement against [the plaintiff]."  *Id.*

Colorado's "halfhearted[] contest[]" to standing had little to support it.  *Id.*  The plaintiff had already violated the law and the state had not disavowed enforcement.  Aside from a "late-breaking construction of its law" Colorado did not dispute that the plaintiff's actions would be subject to enforcement.  *Id.*  While AG Mayes will not disavow enforcing Arizona's harassment statute, she has made clear through her briefing in this matter that it does not apply to the act of filing papers in court without more, nor to "unauthorized court filings."  *See* Order (1/6/2026), Doc. 100, at 35.

**RESPECTFULLY SUBMITTED** this 8th day of April, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


By  /s/ *Joshua A. Katz*
     Hayleigh S. Crawford
     *Deputy Solicitor General*
     Joshua A. Katz
     *Assistant Attorney General*
     Office of the Arizona Attorney General
     2005 N. Central Ave.
     Phoenix, Arizona 85004

*Attorneys for Defendant Arizona Attorney*
     *General Kristin K. Mayes*