**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Phillip Potter,<br>Plaintiff,<br>v.<br>Alane Ortega, et al.,<br>Defendants. | No. CV-25-00663-PHX-DWL<br>**ORDER** |

In Count Two of his First Amended Complaint, *pro se* Plaintiff asserted a pre-enforcement First Amendment facial challenge to A.R.S. § 13-2921, Arizona's harassment statute, and named AG Mayes as the sole defendant in relation to that claim. (Doc. 14 ¶¶ 208-14.) In a January 6, 2026 order, the Court granted AG Mayes's motion to dismiss Count Two but also granted Plaintiff limited leave to amend. (Doc. 100 at 31-36, 66.) Plaintiff then filed a Second Amended Complaint reasserting Count Two against AG Mayes (Doc. 104 ¶¶ 208-20), AG Mayes filed another motion to dismiss Count Two (Doc. 110), and Plaintiff filed a motion for a preliminary injunction premised on Count Two (Doc. 124). On July 20, 2026, the Court issued a 45-page order that granted AG Mayes's motion to dismiss, denied Plaintiff's motion for a preliminary injunction, and dismissed Count Two without leave to amend. (Doc. 125.) That same day, the Clerk entered judgment. (Doc. 126.)

Now pending before the Court is Plaintiff's motion for reconsideration of the July 20, 2026 order, which he characterizes as a Rule 59(e) motion to alter or amend the

judgment. (Doc. 127.) For the reasons that follow, the motion is denied.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Id.* "Although the text of Rule 59(e) does not identify the standard for evaluating such a motion, the view prevailing in the circuits is that motions to alter or amend the judgment are generally appropriate only in four situations: (1) to correct a manifest error of fact or law; (2) to incorporate newly discovered and previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening change in controlling law." *Gonzalez v. US Hum. Rts. Network*, 2024 WL 149979, *4 (D. Ariz. 2024) (cleaned up). *See generally Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (agreeing that these are the "four basic grounds upon which a Rule 59(e) motion may be granted"). "[T]he rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (cleaned up).

These standards are not satisfied here. For the most part, Plaintiff's motion simply reiterates arguments the Court previously considered and rejected after careful consideration. But "a Rule 59(e) motion is not an opportunity for a party to get a 'second bite at the apple' in order to re-argue an issue already presented to the court . . . . Nor should a motion for reconsideration be used to ask the court to rethink what it has already thought through." *Romo v. City of Los Angeles*, 2024 WL 5227411, *1 (C.D. Cal. 2024), *report and recommendation adopted*, 2024 WL 5220883 (C.D. Cal. 2024) (citations omitted). In a related vein, although Plaintiff places heavy emphasis on the Arizona Supreme Court's April 2026 decision in *Hernandez v. Loarca*, 587 P.3d 1266 (Ariz. 2026), and suggests that *Hernandez* qualifies as "the new controlling law" (Doc. 127 at 14), Plaintiff ignores that he cited *Hernandez* in his motion for preliminary injunction (Doc. 124) and that the Court discussed *Hernandez* at length in the July 20, 2026 order (Doc. 125 at 21, 23, 24, 30 n.11, 31, 34 n.14). As a result, this is not a situation involving the sort of intervening change in the law contemplated by Rule 59(e). Finally, it appears that

Plaintiff's motion also includes some new arguments he seeks to raise for the first time, such as the argument that A.R.S. § 13-2921 does not necessarily require "repeated" conduct. (Doc. 127 at 2-3.) Although this was one of the grounds for dismissal identified in the January 6, 2026 order (Doc. 100 at 32) and in AG Mayes's motion to dismiss Count Two of the SAC (Doc. 110 at 3-4, 7), Plaintiff did not address it in his response to AG Mayes's motion to dismiss (Doc. 115).[1] "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 127) is **denied**.

Dated this 28th day of August, 2026.

Dominic W. Lanza
United States District Judge

---

[1] In addition to being an improper new argument raised for the first time in a motion for reconsideration, this argument also fails on the merits. It is true that § 13-2921(A) defines harassment as either "knowingly and repeatedly commit[ting] an act or acts that harass another person" or "knowingly commit[ting] any one of" five enumerated acts. However, Plaintiff has never asserted that he intends to commit one of those enumerated acts, which are: "(1) Contacts or causes a communication with another person by verbal, electronic, mechanical, telegraphic, telephonic or written means. 2. Continues to follow another person in or about a public place after being asked by that person to desist. 3. Surveils or causes a person to surveil another person. 4. Makes a false report to a law enforcement, credit or social service agency against another person. 5. Interferes with the delivery of any public or regulated utility to another person." Instead, Plaintiff alleged that his "intended course of conduct" was simply "to file pleadings, court papers, and other documents in active litigation." (Doc. 104 ¶ 216.) Thus, Plaintiff's intended course of conduct only potentially implicated the first prong of § 13-2921(A), which requires "repeated[]" acts.

[2] The same can be said for Plaintiff's argument that AG Mayes's disavowal cannot be a "mere litigation position." (Doc. 127 at 9.) AG Mayes argued in her motion to dismiss that "the Court already found AG Mayes not to have disavowed enforcement . . . [and] noted . . . AG Mayes's position is tantamount to disavowal of enforcement of *Plaintiff's specific theory*." (Doc. 110 at 11-12, citations omitted.) Although the case Plaintiff cites in his pending motion for the proposition that a disavowal cannot be made as part of a litigation position is from 2024 (Doc. 127 at 9), Plaintiff did not raise it in his response to AG Mayes's motion to dismiss (Doc. 115).